IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYSTA LEONA SUSMAN, as Legal Guardian of SHANE ALLEN LOVELAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOODYEAR TIRE & RUBBER COMPANY, et al., <br><br> Defendants. | CIVIL ACTION NO.: 2:17-cv-03521 |

**MEMORANDUM OF LAW IN SUPPORT OF
THE GOODYEAR TIRE & RUBBER COMPANY'S
MOTION TO TRANSFER THE ACTION TO
THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA**

# TABLE OF CONTENTS

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................... 2

ARGUMENT ................................................................................................................................ 3

    A.    This Action Initially Could Have Been Brought In The District Of Nebraska. ............................................................................................................... 4

    B.    The Balance of Public and Private Interest Factors, and the Interest of Justice, Favor Transfer to the District of Nebraska. ................................................ 4

        1.    The Private Interest Factors Strongly Favor Transfer to the District of Nebraska. ............................................................................................... 5

            a.    Location Of The Operative Facts ....................................................... 5

            b.    Plaintiffs' Choice of Forum ................................................................ 6

            c.    Defendant's Choice of Forum ............................................................. 7

            d.    Convenience Of The Parties ............................................................... 8

            e.    The Convenience Of The Witnesses And The Availability Of Process To Compel Unwilling Witnesses ........................................ 9

            f.    Location Of Documents And Ease Of Access To Other Sources Of Proof ............................................................................. 10

        2.    The Public-Interest Factors Also Strongly Favor Transfer to the District of Nebraska. ......................................................................... 11

            a.    The Local Interest In Deciding Controversies At Home .............. 11

            b.    Trial Efficiency And The Interest Of Justice ................................ 12

            c.    Familiarity With The Governing Law ......................................... 12

CONCLUSION .......................................................................................................................... 13

# TABLE OF AUTHORITIES

Page

**CASES**

*Adams v. Norfolk S. Ry. Co.*,
    No. 16-4135, 2016 WL 6568092 (E.D. Pa. Nov. 4, 2016) .................................................. 8

*Bouldin v. Drudge*,
    No. 17-89, 2017 WL 590266 (E.D. Pa. Feb. 14, 2017) ..................................... 5, 7, 10, 12

*Buckeye Pennsauken Terminal LLC v. Dominique Trading Corp.*,
    150 F. Supp. 3d 501 (E.D. Pa. 2015) ............................................................................... 6

*Connors v. R & S Parts & Servs., Inc.*,
    248 F. Supp. 2d 394 (E.D. Pa. 2003) ........................................................................... 4, 6

*Coppola v. Ferrellgas, Inc.*,
    250 F.R.D. 195 (E.D. Pa. 2008) ............................................................................. passim

*Herbert Ltd P'ship v. Elec. Arts Inc.*,
    325 F. Supp. 2d 282 (S.D.N.Y. 2004) ............................................................................ 11

*In re E. Dist. Repetitive Stress Injury Litig.*,
    850 F. Supp. 188 (E.D.N.Y. 1994) ................................................................................ 11

*In re United States*,
    273 F.3d 380 (3d Cir. 2001) ............................................................................................ 4

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (1995) ................................................................................................ passim

*Lindley v. Caterpillar, Inc.*,
    93 F. Supp. 2d 615 (E.D. Pa. 2000) ......................................................................... 6, 7, 8

*McCraw v. GlaxoSmithKline*,
    No. 12-2119, 2014 WL 211343 (E.D. Pa. Jan. 17, 2014) ............................................... 9

*McLaughlin v. GlaxoSmithKline, L.L.C.*,
    No. 12-3272, 2012 WL 4932016 (E.D. Pa. Oct. 17, 2012) ......................................... 5, 6

*McMillan v. Weeks Marine, Inc.*,
    No. 02-6741, 2002 WL 32107617 (E.D. Pa. Dec. 2, 2002) ............................................ 6

*Nat'l Prop. Investors VIII v. Shell Oil Co.*,
    917 F. Supp. 324 (D.N.J. 1995) .................................................................................... 12

*Robinson v. Home Depot U.S.A., Inc.*,
    No. 14-1152 2015 WL 630303 (W.D. Pa. Feb. 12, 2015) .............................................. 7

# TABLE OF AUTHORITIES
(continued)

Page

*Sikirica v. Nationwide Ins. Co.*,
 416 F.3d 214 (3d Cir. 2005) ................................................................................ 2

*Solomon v. Cont'l Am. Life Ins. Co.*,
 472 F.2d 1043 (3d Cir. 1973) .............................................................................. 6

*Stewart Org., Inc. v. Ricoh Corp.*,
 487 U.S. 22 (1988) .......................................................................................... 3, 4

*Synthes, Inc. v. Knapp*,
 978 F. Supp. 2d 450 (E.D. Pa. 2013) ......................................................... 4, 5, 12

*Wagner v. Olympus Am., Inc.*,
 No. 15-6246, 2016 WL 3000880 (E.D. Pa. May 25, 2016) ................................ 5

*Waldman v. Del. Park, L.L.C.*,
 No. 00-1136, 2000 WL 33416863 (D.N.J. May 19, 2000) ................................. 8

*Wilson v. TA Operating, LLC*,
 No. 13-1093, 2014 WL 1053589 (E.D. Pa. Mar. 19, 2014) (Restrepo, J.) .... passim

**STATUTES**

28 U.S.C. § 1391(b)(2) ............................................................................................ 4

28 U.S.C. § 1404(a) ......................................................................................... passim

**OTHER AUTHORITIES**

E.D. Pa. Apr. 12, 2017 ............................................................................................ 8

EISENBERG ROTHWEILER WINKLER EISENBERG & JECK, http://www.erlegal.com (last
 visited July 24, 2017) ......................................................................................... 3

FED. R. CIV. P. 45(c)(1)(A) .................................................................................... 10

FED. R. CIV. P. 45(c)(1)(B) .................................................................................... 10

United States District Courts—National Judicial Caseload Profile,
 http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2017
 .pdf .................................................................................................................... 12

## PRELIMINARY STATEMENT

Defendant The Goodyear Tire & Rubber Company ("Goodyear") respectfully submits this memorandum of law in support of its motion to transfer the action to the United States District Court for the District of Nebraska. Such transfer is appropriate because the action originally could have been brought in the District of Nebraska, and the factors enumerated in 28 U.S.C. § 1404(a) and considered in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (1995) favor transfer.

This action concerns a motor vehicle accident that occurred in Nebraska. It is brought by two residents of Nebraska against Goodyear, a corporation that is organized under the laws of and maintains its principal place of business in Ohio.[1] Because the accident occurred in Nebraska and plaintiffs were treated for their alleged injuries in Nebraska, many (if not all) of the eyewitnesses and physical evidence related to that accident are located in Nebraska, and no eyewitnesses or physical evidence are located in the Eastern District of Pennsylvania.

Notwithstanding the overwhelming connection between plaintiffs' claims and the State of Nebraska—and the lack of any connection to the Commonwealth of Pennsylvania—plaintiffs chose to file suit in Philadelphia. However, as detailed below, their choice of forum is entitled to little (or no) deference, *see Wilson v. TA Operating, LLC*, No. 13-1093, 2014 WL 1053589, at *2 (E.D. Pa. Mar. 19, 2014) (Restrepo, J.), and the action should thus be transferred. Plaintiffs reside in Nebraska, where their claims arose, where they were treated, where eyewitnesses reside, and where physical evidence is located. *See Jumara*, 55 F.3d at 879 (reciting private

---

[1] Plaintiffs also named Goodycar Tire & Rubber Company (the "Supposed Pennsylvania Entity") and Goodwear Tire & Rubber Company ("Goodwear") as defendants, but they have not filed proof of service upon them. Upon information and belief, any attempt to serve those defendants would be futile. As explained in Goodyear's notice of removal, the Supposed Pennsylvania Entity does not exist, and Goodwear was fraudulently joined in an attempt to defeat federal jurisdiction.

interest factors to be considered under 28 U.S.C. § 1404(a)). Moreover, the District of Nebraska has a greater interest than the Eastern District of Pennsylvania in resolving the action. *See id.* (reciting public interest factors to be considered under 28 U.S.C. § 1404(a)).

## STATEMENT OF FACTS

On May 1, 2017, plaintiffs commenced this action in the Philadelphia Court of Common Pleas by Writ of Summons.[2] A Complaint was filed on July 18, 2017. Thereafter, Goodyear timely removed the action. *See* Notice of Removal, Dkt. No. 1.[3]

The Complaint is bereft of facts indicating where plaintiffs' claims arose. They state only that:

> On or about May 1, 2015, Shane Loveland and Jacob Summers were passengers in a 2003 Chevrolet Silverado SC1 pickup truck [(the "Vehicle")] when the vehicle's right rear tire [(the "Subject Tire")] suffered a tread separation. As a result of the tread separation, the vehicle operator was unable to maintain a straight line of travel and the Chevrolet Silverado left the roadway, crossed into the median and caused a rollover. . . .

(Compl., ¶ 10.) However, a contemporaneous police report reveals that the accident occurred in Nebraska. (*See* Bott Decl., Ex. A, Police Report at 1.) That report also establishes that both plaintiffs were transported to Good Samaritan Hospital in Kearney, Nebraska. (*See id.* at 1-2.) Both they and the Vehicle's driver, Larry Blair, may have been intoxicated. (*See id.* at 2 ("Drug use [wa]s suspected from all three . . . since methamphetamine was found at the scene.").)[4] The

---

[2] Thereafter, plaintiffs twice requested the reissuance of the Writ of Summons.

[3] The time to remove the action runs from service of the Complaint, and not from service the earlier- served) Writ of Summons. "[A] writ of summons alone [is not] the 'initial pleading' that triggers the 30-day period for removal . . . ." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005).

[4] Surprisingly, the plaintiffs have not raised any claims against Mr. Blair or the vehicle's owner, Dandee Construction ("Dandee"). Both Mr. Blair and Dandee reside in Nebraska. (Bott Decl., Ex. A, Police Report at 1.) Goodyear may seek contribution from either Mr. Blair or Dandee, or both, if facts produced in discovery justify such impleader.

police report also identifies two eyewitnesses: Rob Gibson and Mary K. Gibson. Upon information and belief, both Mr. Gibson and Ms. Gibson reside in Nebraska. (*See* Risk Decl., ¶¶ 6-7.)

In the summer of 2015, the Vehicle, the Subject Tire, and the Vehicle's other tires (the "Companion Tires") were placed in a storage facility in Omaha, Nebraska. (Bott Decl., ¶ 6.) Upon information and belief, the Vehicle remains there. (*See id.*) However, the Subject Tire and some or all of the Companion Tires were moved to Tucson, Arizona in or about November 2015, for examination by the company that insured the Vehicle. (*Id.* at ¶¶ 7-8.) It is unclear whether the tires remain in Arizona or were returned to Nebraska. (*Id.* at ¶ 8.) However, upon information and belief, they are not in Philadelphia. (*Id.* at ¶ 9.)

Plaintiffs have not pleaded facts establishing a link between their claims and this judicial district. It thus appears that the action was commenced in Philadelphia based only on the location and convenience of one of plaintiffs' co-counsel, who maintains offices in both New Jersey and Pennsylvania. *See* EISENBERG ROTHWEILER WINKLER EISENBERG & JECK, http://www.erlegal.com (last visited July 24, 2017).[5]

## ARGUMENT

Put simply, this case does not belong here. For the convenience of the parties and witnesses, and in the interests of justice, the Court should grant Goodyear's motion and transfer this action to the District of Nebraska pursuant to 28 U.S.C. § 1404(a).

The decision to transfer an action from one judicial district to another rests in the Court's sound discretion. *See, e.g., Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The party seeking transfer must demonstrate that: (1) the action could have been brought in the proposed

---

[5] A Texas attorney, Kyle Farrar, has also identified himself as co-counsel for plaintiffs. Mr. Farrar has not entered an appearance in the action.

transferee forum; (2) the proposed transfer will be more convenient for the parties and witnesses; and (3) the proposed transfer will be in the interest of justice. *See* 28 U.S.C. § 1404(a); *Jumara*, 55 F.3d at 879; *Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 458 (E.D. Pa. 2013). That party, however, "is not required to show 'truly compelling circumstances'" for the change of venue. *Connors v. R & S Parts & Servs., Inc.*, 248 F. Supp. 2d 394, 396 (E.D. Pa. 2003) (quoting *In re United States*, 273 F.3d 380, 388 (3d Cir. 2001)). It need only show that with "'all relevant things considered, the case would be better off transferred to another district.'" *Id.* (quoting *United States*, 273 F.3d at 388).

### A. This Action Initially Could Have Been Brought In The District Of Nebraska.

The federal venue statute provides that a civil action may be brought in (among other places) "a judicial district in which a substantial part of the events . . . giving rise to the cause of action occurred . . . ." 28 U.S.C. § 1391(b)(2).

Plaintiffs, who both reside in Nebraska, allege in the Complaint that they were injured when the Subject Tire suffered a tread separation, the Vehicle's operator lost control, and the Vehicle rolled over. (Compl., ¶ 10.) All of those events occurred in Nebraska. (Bott Decl., Ex. A, Police Report at 1 (establishing location of accident).) Thus, the action clearly could have been brought in the District of Nebraska.

### B. The Balance of Public and Private Interest Factors, and the Interest of Justice, Favor Transfer to the District of Nebraska.

"Section 1404 is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org.*, 487 U.S. at 29. "[C]ourts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of the parties, convenience of the witnesses, or interests of justice)." *Jumara*, 55 F.3d at 879. Instead, "[w]hile there is no definitive formula or

4

list of the factors to consider," *id.*, courts consider private interest factors, including: whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the availability of compulsory process for the attendance of witnesses; the location of evidence; the plaintiff's forum preference; and the defendant's preference. *See id.*; *see also Synthes*, 978 F. Supp. 2d at 458; *Bouldin v. Drudge*, No. 17-89, 2017 WL 590266, at *2-3 (E.D. Pa. Feb. 14, 2017). Courts also consider public interest factors, including: the local interest in deciding local controversies at home; in diversity cases, the familiarity of the trial judge with the applicable state law; and the relative administrative difficulty in the two fora resulting from court congestion. *See Jumara*, 55 F.3d at 879; *Synthes*, 978 F. Supp. 2d at 458; *Wilson*, 2014 WL1053589, at *3.

Here, as detailed below, the balance of both the private and public interests, including the interest of justice, weighs in favor of transferring this action to the District of Nebraska.

    **1.**    **The Private Interest Factors Strongly Favor Transfer to the District of Nebraska.**

           **a.**    **Location Of The Operative Facts**

Typically, "the most appropriate venue is . . . where a majority of events giving rise to the claim arose." *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 198 (E.D. Pa. 2008). In a products liability action, that is the venue "where the allegedly defective product was used and injury occurred." *Id. See also Wagner v. Olympus Am., Inc.*, No. 15-6246, 2016 WL 3000880, at *4 (E.D. Pa. May 25, 2016) (citation, internal quotation marks, and brackets omitted) ("In products liability cases, the state with the most significant contacts and relationship to the liability issue is the plaintiff's home state."); *McLaughlin v. GlaxoSmithKline, L.L.C.*, No. 12-3272, 2012 WL 4932016, at *4 (E.D. Pa. Oct. 17, 2012) ("The 'operative facts' of a product liability action are deemed to occur where the allegedly defective product was used and injury occurred.").

Here, plaintiffs allege that the Subject Tire suffered a tread separation, that the driver lost control of the Vehicle, and that they suffered injury. (Compl., ¶ 10.) It is indisputable that those events occurred in Nebraska, and not in Pennsylvania. (Bott Decl., Ex. A, Police Report at 1 (establishing location of accident).) Moreover, the accident was investigated by Nebraska police. (See id.) Accordingly, this factor weighs strongly in favor of transfer to the District of Nebraska. See Connors, 248 F. Supp. 2d at 396 (where "accident occurred in New Jersey and was investigated by New Jersey State Police," this private interest factor weighed in favor of transfer out of the Eastern District of Pennsylvania); see also Coppola, 250 F.R.D. at 198.

    **b.**    **Plaintiffs' Choice of Forum**

A plaintiff's choice of forum is usually entitled to some weight. *See, e.g., Lindley v. Caterpillar, Inc.*, 93 F. Supp. 2d 615, 617 (E.D. Pa. 2000). "However, when the plaintiff does not live or work in this jurisdiction, the significance of this preference is minimized." *Id.* "Moreover, [the plaintiffs's] preference is also given less weight when 'none of the operative facts occurred' in [their] chosen forum.'" *Wilson*, 2014 WL 1053589, at *2 (quoting *McMillan v. Weeks Marine, Inc.*, No. 02-6741, 2002 WL 32107617, at *1 (E.D. Pa. Dec. 2, 2002)). *See also Buckeye Pennsauken Terminal LLC v. Dominique Trading Corp.*, 150 F. Supp. 3d 501, 509 (E.D. Pa. 2015). As noted above, plaintiffs reside outside of this judicial district (*i.e.*, in Nebraska (*see* Compl., ¶¶ 2-4)), and none of the "operative facts" occurred here (*see id.* at ¶ 10). *See also Coppola*, 250 F.R.D. at 198 ("The "operative facts" of a products liability action are deemed to occur where the allegedly defective product was used and injury occurred."); *McLaughlin*, 2012 WL 4932016, at *4 (same).

The apparent reason that plaintiffs commenced the action in Philadelphia was the location of one of their co-counsel, which "'is not a factor to be considered' in evaluating a motion to transfer. *Wilson*, 2014 WL 1053589, at *2 (quoting *Solomon v. Cont'l Am. Life Ins. Co.*, 472

6

F.2d 1043, 1047 (3d Cir. 1973)). Thus, plaintiffs' choice of forum should be given little or no weight, and it should have little or no effect on the transfer analysis. *See id.; see also Coppola*, 250 F.R.D. at 199 (citation and internal quotation marks omitted) (noting that "the convenience of counsel is not a factor that is relevant in deciding a motion brought under 28. U.S.C. § 1404(a)"); *Lindley*, 93 F. Supp. 2d at 617 ("While the plaintiff[s'] attorney is located in Philadelphia, that fact alone is not relevant in ruling on a motion for transfer of venue.").

Plaintiffs may argue in opposition that they will incur additional costs if they are forced to litigate the action in the District of Nebraska, as they may need to retain new counsel. But that is the risk they assumed when they chose to commence the action in Philadelphia, over 1,300 miles from the venue that is actually related to their claims. *See Robinson v. Home Depot U.S.A., Inc.*, No. 14-1152 2015 WL 630303, at *4 (W.D. Pa. Feb. 12, 2015).

### c. Defendant's Choice of Forum

The Court must also consider Goodyear's choice of forum. *See Jumara*, 55 F.3d at 879; *see also Bouldin*, 2017 WL 590266, at *2 (considering and giving weight to defendants' preferred forum); *Wilson*, 2014 WL 1053589, at *2 (noting that defendant's choice of forum was a factor that the court "must consider"). For each of the reasons set forth above—including the location of the accident, the location of forensic evidence, and the location of plaintiffs' medical information—Goodyear prefers that the action be transferred to the District of Nebraska. That preference favors transfer.[6]

---

[6] The Supposed Pennsylvania Entity does not exist, so it cannot express any opinion on transfer. Goodwear, which was fraudulently joined only in an attempt to defeat federal jurisdiction, also appears to be unable to express an opinion on transfer. Upon information and belief, Goodwear no longer exists; it has not filed any documents with the Pennsylvania Department of State since 1919, and it has not provided that Department with either a current list of officers or a registered agent for service of process.

7

### d. Convenience Of The Parties

Goodyear is an Ohio corporation with its principal place of business in Akron, Ohio. Decl. of Daniel T. Young, ¶¶ 4-5, *Susman v. Goodyear Tire & Rubber Co.*, Civil Action No. 17-1682 (E.D. Pa. Apr. 12, 2017), ECF No. 1-3. Upon information and belief, no Goodyear employee with knowledge of the supposed bases for plaintiffs' claims—*i.e.*, the "design, manufacture, and marketing" of the Subject Tire (Compl., ¶ 11; *see id.* at ¶¶ 13-15, 19, 21, 23-25, 29)—resides or works either this judicial district or the District of Nebraska.[7] Because those employees will have to travel either here or to Nebraska, their inconvenience does not weigh against transfer. *See Lindley*, 93 F. Supp. 2d at 618.

By contrast, plaintiffs reside in Nebraska (Compl., ¶¶ 3-5), and they allege "significant" injuries. (Compl., ¶ 10.) Based on those injuries, they may find it either physically or financially difficult to travel to Philadelphia. *Cf. Waldman v. Del. Park, L.L.C.*, No. 00-1136, 2000 WL 33416863, at *6 (D.N.J. May 19, 2000) (finding that "relative physical and financial condition of the parties" weighed in favor of litigation in plaintiffs' home district, as "Plaintiff has alleged that she suffered severe and permanent injuries and . . . continues to receive physical therapy" in that district). It thus appears that plaintiffs would be *convenienced* by the proposed transfer, which would save them time and money, and would allow them to continue their uninterrupted medical treatments.[8] *See Adams v. Norfolk S. Ry. Co.*, No. 16-4135, 2016 WL 6568092, at *3 (E.D. Pa. Nov. 4, 2016) (concluding that it would be more convenient for plaintiff to pursue his

---

[7] That is so because the tire was designed in Ohio and manufactured in Alabama. (*See* Lawrence Decl., ¶ 6.)

[8] Transfer to the District of Nebraska may be less convenient for plaintiffs' counsel. But, as discussed above, inconvenience to plaintiffs' counsel's is irrelevant to the transfer analysis. *See Wilson*, 2014 WL 1053589, at *2; *Coppola*, 250 F.R.D. at 199; *Lindley*, 93 F. Supp. 2d at 617.

action in his home district, and transferring action); *McCraw v. GlaxoSmithKline*, No. 12-2119, 2014 WL 211343, at *5 (E.D. Pa. Jan. 17, 2014) (noting, where plaintiffs resided in the potential transferee district, that "Plaintiffs' convenience, despite Plaintiffs' opposition to the motion, is better suited by transfer").

Based on plaintiffs' allegations of severe injury, and the related "relative physical and financial condition" of the parties, *Jumara*, 55 F.3d at 879, this factor weighs in favor of transfer to the District of Nebraska.

### c. The Convenience Of The Witnesses And The Availability Of Process To Compel Unwilling Witnesses

"The next private factor—the convenience of material witnesses—is a particularly significant factor in a court's decision whether to transfer." *Coppola*, 250 F.R.D. at 199. However, courts assign different weights to different kinds of witnesses. "Fact witnesses who possess firsthand knowledge of the events giving rise to the lawsuit, have traditionally weighed quite heavily in the balance of convenience analysis." *Id.* (citation, internal quotation marks, and brackets omitted). On the other hand, "expert witnesses or witnesses who are retained by a party to testify carry little weight because they are usually selected because of their reputation and special knowledge without regard to their residences and are presumably well compensated for their attendance, labor and inconvenience, if any." *Id.* (citation and internal quotation marks omitted).

Most if not all of the witnesses with first-hand knowledge of the accident and the scope of plaintiffs' injuries reside in or near Nebraska. The police report identifies two eyewitnesses, whose testimony may be critical to determining the actual cause of the Vehicle's roll-over (and, resultantly, plaintiffs' alleged injuries): Rob Gibson and Mary K. Gibson. (*See* Bott Decl., Ex. A, Police Report at 2.) Upon information and belief, both Mr. Gibson and Ms. Gibson reside in the

State of Nebraska. (*See* Risk Decl., ¶¶ 6-7.) The police report also identifies the Vehicle's owner, Dandee, which is located in Kearney, Nebraska. (*See* Bott Decl., Ex. A, Police Report at 1.) Dandee employees may be required to testify about the Vehicle's and the Subject Tire's maintenance history. Other Nebraska residents, including police officers who responded to the accident and EMTs and Good Samaritan Hospital staff who treated plaintiffs, may also be required to testify about the extent to which the Vehicle's driver was intoxicated at the time of the accident, the extent to which plaintiffs were intoxicated, and the scope and severity of plaintiffs' alleged injuries. (*See id.* at 2 ("Drug use is suspected from all three occupants since methamphetamine was found at the scene.").)

The fact that these witnesses reside in Nebraska is critical. They cannot be compelled to attend a trial in the Eastern District of Pennsylvania, *see* FED. R. CIV. P. 45(c)(1)(A), but they may be compelled to attend a trial in the District of Nebraska, *see* FED. R. CIV. P. 45(c)(1)(B) ("A subpoena may command a person to attend a trial . . . within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . would not incur substantial expense."). This strongly favors transfer to the District of Nebraska. *See Bouldin*, 2017 WL 590266, at *3 (noting that "the availability of compulsory process for the attendance of witnesses favors transfer").

    f.  **Location Of Documents And Ease Of Access To Other Sources Of Proof**

Much of the physical evidence related to plaintiffs' accident is located in the District of Nebraska. As noted above, the Vehicle is located in Omaha, Nebraska, and both the Subject Tire and Companion Tires are either in Arizona or Nebraska. (Bott Decl., ¶¶ 7-9.) Upon information and belief, none of the physical evidence related to that accident resides in this judicial district. (*Id.* at ¶ 9.)

Moreover, many of the documents related to both the accident and plaintiffs' alleged injuries—including drug tests, results of other medical tests, other medical reports, and financial records—are in Nebraska. Because those records are in another forum, transfer is warranted. *See Herbert Ltd P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 289 (S.D.N.Y. 2004). "Common sense suggest that retaining this case" in the Eastern District of Pennsylvania "imposes some incrementally greater burden, however slight, on" Goodyear "to copy or transport documents that [it] would not incur if the case proceeded in" the District of Nebraska." *Id.*

\* \* \*

Five private interest factors favor transfer, and the last—plaintiffs' choice of forum, which appears to have been motivated by the location of their attorneys—is entitled to little or no weight. Thus, in sum, the private interest factors strongly favor transfer to the District of Nebraska.

    2.    **The Public-Interest Factors Also Strongly Favor Transfer to the District of Nebraska.**

        a.    **The Local Interest In Deciding Controversies At Home**

This Court should recognize the "local interest in deciding local controversies at home," which favors transfer to the District of Nebraska. *Jumara*, 55 F.3d at 873. As noted above, this case involves a motor vehicle accident and alleged injuries that were sustained in Nebraska, where they attracted local media attention. (*See* Bott Decl., Exs. B-D.) "'When an action involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale where it may be a matter of local attention, rather than in a remote location where it will be learned of only by report.'" *Coppola*, 250 F.R.D. at 201 (quoting *In re E. Dist. Repetitive Stress Injury Litig.*, 850 F. Supp. 188, 195 (E.D.N.Y. 1994)).

11

Moreover, the Court should recognize the undue burden that denial of transfer would impose upon local citizenry. "Trial in this district will impose jury service upon citizens who have no connection to the dispute or the parties. The Eastern District of Pennsylvania has no interest in this case. There are no individuals, parties or witnesses residing here." *Bouldin*, 2017 WL 590266, at *3 (finding that public interest factors weighed in favor of transfer); *see also Nat'l Prop. Investors VIII v. Shell Oil Co.*, 917 F. Supp. 324, 330 (D.N.J. 1995) ("The burden of jury duty should not be placed on citizens with a remote connection to the lawsuit.").

### b. Trial Efficiency And The Interest Of Justice

The relative congestion of the court dockets leans in favor of transfer to the District of Nebraska because its docket is less congested. *Synthes*, 978 F. Supp. 2d at 462. As of March 31, 2017, over 7,600 cases were pending in this judicial district, whereas only 1080 were pending in the District of Nebraska. *See* United States District Courts—National Judicial Caseload Profile, http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2017.pdf.[9]

### c. Familiarity With The Governing Law

This factor is neutral. This Court routinely engages in choice-of-law analysis and applies the laws of states other than Pennsylvania. *See, e.g., Coppola*, 250 F.R.D. at 203 ("Federal judges are frequently called upon to apply the laws of other states and basic products liability principles are not so complicated as to advocate heavily in favor of transfer.").

\* \* \*

---

[9] The Eastern District of Pennsylvania admittedly employs more judges than the District of Nebraska. Nevertheless, each judge in this district carries a greater caseload than the judges in the District of Nebraska.

Two of the three pertinent public interest factors favor transfer, and the other is neutral. Thus, the public interest factors, like the private interest factors, strongly favor transfer to the District of Nebraska.

## CONCLUSION

For all of the reasons stated above, Goodyear respectfully asks the Court to exercise its discretion and transfer this action to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1404(a).

Dated: August 8, 2017

Respectfully submitted,

/s/ Justin Kerner
Jayne A. Risk
*jayne.risk@dlapiper.com*
Justin Kerner
*justin.kerner@dlapiper.com*
**DLA PIPER LLP (US)**
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
Phone: (215) 656-3300
Fax: (215) 656-3301

*Attorneys for Defendant,*
*The Goodyear Tire & Rubber Company*

## CERTIFICATE OF SERVICE

I certify that on August 8, 2017, I have served a true and correct copy of the foregoing Motion upon the following counsel for Plaintiffs:

Daniel J. Sherry, Jr., Esquire
EISENBERG, ROTHWEILER, WINKLER, EISENBERG & JECK, P.C.
1634 Spruce Street
Philadelphia, PA 19103

DATED: August 8, 2017 /s/ Justin Kerner
Justin Kerner

*Attorney for Defendant,*
*Goodyear Tire & Rubber Company*