

DLA Piper **LLP (US)**
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
www.dlapiper.com

Jayne Risk
Jayne.Risk@dlapiper.com
**T** 215.656.3300
**F** 215.606.2045

August 21, 2017
*VIA CM/ECF*

The Honorable Joel H. Slomsky, District Judge
United States District Court for the Eastern District of Pennsylvania

    Re:    *Susman, et al. v. The Goodyear Tire & Rubber Company, et al.* **(No. 2:17-cv-03521)**
           Plaintiffs' Motion to Stay Proceedings the Pending Motion to Transfer (ECF No. 2)

Dear Judge Slomsky:

    We represent Defendant The Goodyear Tire & Rubber Company ("Goodyear"), which, on August 8, 2017, filed the pending motion to transfer the above-captioned action to the United States District Court for the District of Nebraska (ECF No. 2). Please accept this letter in lieu of a formal response to plaintiffs' "Motion to Stay Responsive Briefings to The Goodyear Tire & Rubber Company's Motion to Transfer," which was filed this morning (ECF No. 5).

    Plaintiffs seek a stay to avoid a deadline of which they have been aware for nearly two weeks: *i.e.*, the deadline for their response (if any) to Goodyear's transfer motion, tomorrow, August 22, 2017. Their eleventh-hour attempt to sidestep that deadline should be rejected. Plaintiffs offer no reason why they cannot file a response to Goodyear's motion and only thereafter seek a stay of the proceedings.

    Notably, plaintiffs offer no authority that supports their position. In fact, the Order attached to their motion as Exhibit "B"—from *Newton v. Corry Motor Sports, Inc.*, No. 16-2389—supports Goodyear's position. In that case, several defendants removed and then immediately moved to dismiss the action. There, unlike here, plaintiffs (represented by, *inter alia*, Mr. Sherry) first filed timely opposition to defendants' motions **and only thereafter** moved to stay a decision upon them. Mr. Sherry should have taken the same action here. He has failed to do so.[1]

    In sum, plaintiffs should either timely file a response to Goodyear's motion, or they should be deemed to have forfeited their opportunity to file such a response. If no response is filed, then Goodyear's motion should be granted as unopposed.

                                                                                             Very truly yours,

                                                                                             /s/ Jayne Risk

                                                                                             Jayne Risk, Esq.

---

    [1] The other cases plaintiffs cite, *Frey v. Grumbine's RV* (Middle District of Pennsylvania Civil Action No. 10-1457) and *Fleming v. First Liberty Mutual Insurance Co.* (Middle District of Pennsylvania Civil Action No. 06-1374), lend them no aid. In both, the defendants removed and immediately moved to dismiss the action. In response, and **before their opposition to the defendants' motions were due**, plaintiffs moved for remand and sought a stay. Here, of course, plaintiffs have not filed a remand motion.