IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVAVIA

| | | |
|---|---|---|
| RYSTA LEONA SUSMAN, as Legal Guardian of SHANE ALLEN LOVELAND, ET AL., | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO.: 2:17-cv-03521 |
| v. | § § | |
| GOODYEAR TIRE & RUBBER COMPANY, et al., Defendants. | § § § | |

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF
THEIR MOTION TO STAY RESPONSIVE BRIEFINGS TO THE GOODYEAR TIRE AND
RUBBER COMPANY'S MOTION TO TRANSFER

Plaintiffs RYSTA LEONA SUSMAN as Legal Guardian of SHANE ALLEN LOVELAND, et al, respectfully file this Reply Brief in Support of their Motion to Stay the Responsive Briefings to the August 8, 2107 Motion to Transfer filed by The Goodyear Tire and Rubber Company (hereafter "Goodyear").

**I.   REPLY**

In a solitary page opposition letter, Goodyear contends that this Honorable Court, for some as-yet-unexplained reason, should not stay briefings pertaining to Goodyear's Motion to Transfer which was filed by Goodyear immediately after removing this case to federal court, even though Plaintiff is filing a Motion to Remand.  In opposing Plaintiffs' routine Motion to Stay, Goodyear bizarrely castigates Plaintiffs' counsel by way of contending that Plaintiffs, who have thirty (30) days to file a Motion to Remand from the date of Removal (i.e. August 7, 2017), should have, for an as yet-undescribed-reason, proactively expedited that timeline so that the Motion to Remand would be pending before this Honorable Court prior to Plaintiffs filing their Motion to Stay proceedings relating to a Motion to Transfer that was filed by Goodyear the day

after the case was removed (August 8, 2017).[1] Such invective, which was offered by Goodyear *sans* any legal support, *sans* any respect for judicial economy, and, *inter alia*, *sans* any specific examples of prejudice if Plaintiffs' routine Motion to Stay is granted, is obviously devoid of merit.

Additionally, Goodyear asserts that the immediate case presents a scenario that is different than Newton, wherein Judge McHugh entered a routine order staying proceedings on a motion to transfer until the issue of Remand was addressed. Judge McHugh's unambiguous order was previously attached to Plaintiffs' initial Motion to Stay; however, for convenience, a copy of the associated motion to stay that was filed in Newton is attached to this Reply Brief as Exhibit "A". This Honorable Court will note that the same arguments found to be persuasive by Judge McHugh are replicated in Plaintiffs' initial Motion to Stay in this case (i.e. judicial economy). See Exhibit "A". Accordingly, Goodyear has provided no meritorious argument as to why Plaintiffs' Motion to Stay should not be granted thereby placing judicial consideration of arguments pertaining to transfer on hold until such time as the Motion to Remand is addressed. This routine approach saves both judicial and party resources because if Remand is granted, the topic of federal transfer to a different court need not be addressed. To the extent Remand is denied, no party is prejudiced by having, at that time, arguments pertaining to transfer considered by this Honorable Court. Simply put, Goodyear's apparent desire to have a different District Court evaluate the topic of Remand is not an appropriate basis to deny routine relief. See, e.g., Exhibit "A" to Plaintiffs' Initial Motion to stay; see also Brinkman v. Schweizer Aircraft Corp., 2011 WL 863499, at *2 (N.D.Cal.,2011) ("Defendants then filed their motion to transfer the action to the District of Oregon on October 28, 2010. Plaintiffs moved to remand the action to

---

[1] Plaintiffs' Motion to Remand will be filed on or before Friday, August 25, 2017, which is well before the September 6, 2017 deadline.

state court on November 12, 2010, and defendants filed their opposition to the motion on February 7, 2011. The court stayed defendants' motion to transfer pending the resolution of plaintiff's motion to remand.").

## II    CONCLUSION

For all aforementioned and previously-filed reasons, Plaintiffs respectfully request that this Honorable Court grant their Motion to Stay.

                Respectfully submitted,

                **EISENBERG, ROTHWEILER,**
                **WINKLER, EISENBERG & JECK, P.C.**

By:    /S/   Daniel J. Sherry, Jr.
          DANIEL J. SHERRY, JR., ESQUIRE
          (DJS8190)
          1634 Spruce Street
          Philadelphia, PA 19103
          (215) 546-6636
          Daniel@erlegal.com
          Attorney for Plaintiffs

DATED August 22, 2017

## VERIFICATION

The undersigned having read the attached pleading, verified that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit.  Signer verified that he has read the within pleading and that it is true and correct to the best of the signer's knowledge, information and belief.  This Verification is made subject to the penalties relating to the unsworn falsification to authorities.

                                **EISENBERG, ROTHWEILER,**
                                **WINKLER, EISENBERG & JECK, P.C.**

By:    /S/   Daniel J. Sherry, Jr.
           DANIEL J. SHERRY, JR., ESQUIRE
           Attorney for Plaintiffs

DATED August 22, 2017