# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE KEVIN NEWTON and PAMELA NEWTON, h/w | : : : |
| | : Civ. Action No. 2:16-cv-02389-GAM |
| v. | : : |
| CORRY MOTOR SPORTS, INC., et al | : : |

## ORDER

AND NOW, this _____ day of _____, 2016, upon consideration of Plaintiffs Dale Kevin Newton and Pamela Newton's Motion to Stay the Briefing Associated with the Party-Defendants' May 23, 2016 Motions to Dismiss and any response in opposition thereto, it is hereby ORDERED and DECREED that Plaintiffs' Motion is GRANTED.

It is further ORDERED and DECREED that all briefing regarding the May 23, 2016 Motions to Dismiss is STAYED pending the outcome of Plaintiffs' June 3, 2016 Motion to Remand.

BY THE COURT

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE KEVIN NEWTON and PAMELA NEWTON, h/w | : :  :  Civ. Action No. 2:16-cv-02389-GAM |
| v. | : : |
| CORRY MOTOR SPORTS, INC., et al | : : |

**PLAINTIFFS' MOTION TO STAY THE RESPONSIVE BRIEFING ASSOCIATED WITH THE PARTY-DEFENDANTS' MAY 23, 2016 MOTIONS TO DISMISS**

Plaintiffs Dale Kevin Newton and Pamela Newton, h/w (hereinafter "Plaintiffs') file this Motion to Stay the responsive briefings to the May 23, 2016 Motions to Dismiss filed by the party-defendants, and in support thereof, state as follows:

1. On May 23, 2016 - seven days after this case was removed to federal court - the party defendants filed Motions to Dismiss. True and correct copies of the Motions to Dismiss are attached hereto, respectively, as Exhibits "A" and "B".

2. On June 3, 2016, Plaintiffs filed a Motion to Remand this case, well in advance of the thirty day deadline (given that Defendant Polaris Industries, Inc. filed the Notice of Removal on May 16, 2016). A true and correct copy of the Motion to Remand, *sans* exhibits, is attached hereto as Exhibit "C".

3. It is respectfully submitted that, in the interests of judicial economy and efficiency, this Honorable Court should stay the responsive briefings to the party-defendants' Motions to Dismiss (both of which seek a transfer of this case to the Western District of Pennsylvania along with boilerplate requests that the case, for an unspecified rationale, be dismissed with prejudice after the statute of limitations has expired) until such time that this Court addresses the merits of Plaintiffs' Motion to Remand (i.e. determining whether this Court

possess subject matter jurisdiction). This is because the Motions to Dismiss will be rendered moot if this Honorable Court determines that it lacks subject matter jurisdiction and remands this case.

4. Federal courts in Pennsylvania routinely grant this type of a requested stay when confronted with pending Rule 12 Motions to Dismiss and a pending Motion to Remand. See, e.g., Frey v. Grumbine's RV, 2011 U.S. Dist. LEXIS 15341, 2-3 (M.D. Pa. Feb. 16, 2011)(plaintiff's motion to stay briefing associated with the party-defendants' Motion to Dismiss was granted while a Motion to Remand was pending); see also Fleming v. First Liberty Mut. Ins. Corp., 2007 U.S. Dist. LEXIS 103628 (M.D. Pa. Aug. 9, 2007)(plaintiff's motion to stay briefing associated with the party-defendants' Motion to Dismiss was granted while a Motion to Remand was pending).

5. There is a clear rationale behind granting stays associated with responsive briefings to pending Motions to Dismiss when a Motion to Remand is similarly pending is obvious - if Remand is granted, the Rule 12 Motion is correspondingly rendered moot. See, e.g., Collier v. Nat'l Penn Bank, 2013 U.S. Dist. LEXIS 185043 (E.D. Pa. Mar. 28, 2013).

6. Accordingly, Plaintiffs respectfully request that this Honorable Court enter the attached proposed order, and in so doing, stay the responsive briefings to the pending Motions to Dismiss.

7. Moreover, in the event that Remand is denied, Plaintiffs warrant that they will file their responsive briefings within fourteen (14) days of the order denying Remand, which is consistent with briefing schedules following a denial of Remand. See, e.g, Frey, 2011 U.S. Dist. LEXIS 15341, 3-4 (M.D. Pa. Feb. 16, 2011)(fourteen days after Remand was denied, the plaintiff

filed her opposition to the motion to dismiss).

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter the attached proposed order.

>Respectfully submitted,
>
>**EISENBERG, ROTHWEILER,
>WINKLER, EISENBERG & JECK, P.C.**
>
>BY: /s/ Daniel J. Sherry, Jr.,
>STEWART J. EISENBERG, ESQUIRE
>NANCY J. WINKLER, ESQUIRE
>DANIEL J. SHERRY, JR. ESQUIRE
>(DJS8190)
>1634 Spruce Street
>Philadelphia, PA 19103
>(215)546-6636
>Daniel@erlegal.com
>Attorneys for Plaintiffs

DATED: June 3, 2016

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE KEVIN NEWTON and PAMELA NEWTON, h/w | :<br>:<br>: Civ. Action No. 2:16-cv-02389-GAM |
| v. | :<br>: |
| CORRY MOTOR SPORTS, INC., et al | :<br>: |

PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO STAY RESPONSIVE BRIEFINGS TO THE
PARTY-DEFENDANTS' PENDING MOTIONS TO DISMISS

Plaintiffs Dale Kevin Newton and Pamela Newton, h/w (hereinafter "Plaintiffs') file this Memorandum of Law in Support of their Motion to Stay the responsive briefings to the May 23, 2016 Motions to Dismiss filed by the party-defendants.

I. **MATTER BEFORE THE COURT**

Presently before this Honorable Court is Plaintiffs' Motion to Stay the responsive briefings to Rule 12 Motions to Dismiss filed by the party-defendants on May 23, 2016. Plaintiffs have filed this Motion to Stay on the basis that there is a Motion to Remand pending, and Pennsylvania federal courts routinely enter relief staying responsive Rule 12 briefing when a timely Motion to Remand has been filed and is likewise pending.

II. **PROCEDURAL BACKGROUND AND LEGAL ARGUMENT**

On May 23, 2016 - seven days after this case was removed to federal court - the party defendants filed Motions to Dismiss. True and correct copies of the Motions to Dismiss are attached hereto, respectively, as Exhibits "A" and "B". Thereafter, on June 3, 2016, Plaintiffs filed a Motion to Remand this case, well in advance of the thirty day deadline (given that Defendant Polaris Industries, Inc. filed the Notice of Removal on May 16, 2016). A true and

correct copy of the Motion to Remand, *sans* exhibits, is attached hereto as Exhibit "C". It is respectfully submitted that, in the interests of judicial economy and efficiency, this Honorable Court should stay the responsive briefings to the party-defendants' Motions to Dismiss (both of which seek a transfer of this case to the Western District of Pennsylvania along with boilerplate requests that the case, for an unspecified rationale, be dismissed with prejudice after the statute of limitations has expired) until such time that this Court addresses the merits of Plaintiffs' Motion to Remand (i.e. determining whether this Court possess subject matter jurisdiction). This is because the Motions to Dismiss will be rendered moot if this Honorable Court determines that it lacks subject matter jurisdiction and remands this case.

Federal courts in Pennsylvania routinely grant this type of a requested stay when confronted with pending Rule 12 Motions to Dismiss and a pending Motion to Remand. See, e.g., Frey v. Grumbine's RV, 2011 U.S. Dist. LEXIS 15341, 2-3 (M.D. Pa. Feb. 16, 2011)(plaintiff's motion to stay briefing associated with the party-defendants' Motion to Dismiss was granted while a Motion to Remand was pending); see also Fleming v. First Liberty Mut. Ins. Corp., 2007 U.S. Dist. LEXIS 103628 (M.D. Pa. Aug. 9, 2007)(plaintiff's motion to stay briefing associated with the party-defendants' Motion to Dismiss was granted while a Motion to Remand was pending). There is a clear rationale behind granting stays associated with responsive briefings to pending Motions to Dismiss when a Motion to Remand is similarly pending is obvious - if Remand is granted, the Rule 12 Motion is correspondingly rendered moot. See, e.g., Collier v. Nat'l Penn Bank, 2013 U.S. Dist. LEXIS 185043 (E.D. Pa. Mar. 28, 2013). Accordingly, Plaintiffs respectfully request that this Honorable Court enter the attached proposed order, and in so doing, stay the responsive briefings to the pending Motions to Dismiss.

Moreover, in the event that Remand is denied, Plaintiffs warrant that they will file their responsive briefings within fourteen (14) days of the order denying Remand, which is consistent with briefing schedules following a denial of Remand. See, e.g, Frey, 2011 U.S. Dist. LEXIS 15341, 3-4 (M.D. Pa. Feb. 16, 2011)(fourteen days after Remand was denied, the plaintiff filed her opposition to the motion to dismiss).

## III. CONCLUSION

For all aforementioned reasons, Plaintiffs respectfully request that this Honorable Court enter the attached proposed order.

> Respectfully submitted,
>
> **EISENBERG, ROTHWEILER,**
> **WINKLER, EISENBERG & JECK, P.C.**
>
> BY: /s/ Daniel J. Sherry, Jr.,
> STEWART J. EISENBERG, ESQUIRE
> NANCY J. WINKLER, ESQUIRE
> DANIEL J. SHERRY, JR. ESQUIRE
> (DJS8190)
> 1634 Spruce Street
> Philadelphia, PA 19103
> (215)546-6636
> Daniel@erlegal.com
> Attorneys for Plaintiffs

DATED: June 3, 2016

3

## VERIFICATION

The undersigned, having read the attached pleading, verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. Signer verifies that he has read the within pleading and that it is true and correct to the best of the signer's knowledge, information, and belief. This Verification is made subject to the penalties relating to unsworn falsification to authorities.

                                        **EISENBERG, ROTHWEILER,**
                                        **WINKLER, EISENBERG & JECK, P.C.**

                                    BY: /s/   Daniel J. Sherry, Jr.
                                          DANIEL J. SHERRY, JR., ESQUIRE
                                          Attorney for Plaintiffs

DATED: June 3, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE KEVIN NEWTON and PAMELA NEWTON, h/w | : : : : Civ. Action No. 2:16-cv-02389-GAM |
| v. | : : |
| CORRY MOTOR SPORTS, INC., et al | : : |

It is certified that a copy of the foregoing Motion to Stay was served upon opposing counsel on the date noted below via electronic filing and U.S. first class mail addressed as follows:

Clem C. Trischler, Esquire
Pietragallo Gordon Alfano Bosick $ Raspanti, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219

James D. Cella, Esquire
Conrad James Benedetto, Esquire
McCormick & Priore, P.C.
Four Penn Center, Suite 800
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103

EISENBERG, ROTHWEILER,
WINKLER, EISENBERG & JECK, P.C.

BY: /s/ Daniel J. Sherry, Jr.
     DANIEL J. SHERRY, JR., ESQUIRE
     Attorney for Plaintiffs

DATED: June 3, 2016