*Accessory and Garage Journal*, it states that "Goodwear Tire Company is building a factory in Red Wing, Minn…H. Scott Ewers is president, and the other officers are: Vice President, G.W. Frabson; secretary, Frank E. Oberg."[6]

During the mid-1920s, Goodyear undertook a marketing campaign that appears to be designed to merge the Goodyear and Goodwear brand names in the public consciousness. For example, in the 2004 edition of *Warman's Americana & Collectibles*, a price is listed for a porcelain collectible entitled "Goodyear Service Station, Goodyear means Goodwear, 1920s."[7] Plaintiff also discovered print advertising and vintage signs with this slogan, as shown below:

 

---

[6] *See* Exhibit 5, Excerpt from The Accessory and Garage Journal, Volume 6, 1916, p. 20, https://books.google.com/books?id=7B5aAAAAYAAJ
[7] *See* Exhibit 6, Excerpt from Warman's Americana & Collectibles (11th Ed, 2004), page 224, https://books.google.com/books?id=4er4MhgPBPAC

In short, it appears that Ohio Goodyear is the entity responsible for registering a Pennsylvania-based subsidiary as part of its efforts to do business in the Commonwealth. When Goodyear registered an entity in Pennsylvania, that corporation gained all rights, privileges and responsibilities of a natural person citizen of the Commonwealth. While the evolution of the company's name is not reflected in the existing record, the Pennsylvania entity originally which used the brand name "Goodwear" was registered as "Goodyear Tire & Rubber Company" by the Pennsylvania Secretary of State as of April 17, 2017.[8] During subsequent years up to the present, Goodyear has continually conducted business in Pennsylvania, all while the maintaining the benefits of having a domestic subsidiary registered in the Commonwealth.

As part of Ohio Goodyear's removal, it attached a May 12, 2017 Pennsylvania Department of State document purporting to correct the April 17, 2017 certification (which is attached as Exhibit "8"), and stating the correct name of the domestic entity is Goodwear Tire and Rubber Company. This document was created after Ohio Goodyear was served with the original lawsuit and after the Praecipe for Issuance of a Writ of Summons for the instant lawsuit was filed. Accordingly, to believe that Ohio Goodyear is not related to Goodwear, one must believe that the Pennsylvania Secretary of State unilaterally and unprovoked decided to change a typo that has existed since 1919 less than a month after it issued a certification of existence.

II.     **Goodyear Tire & Rubber Company**

Ohio Goodyear also premises its removal on the assertion that Goodyear Tire and Rubber Company (Pennsylvania Goodyear) does not exist. Remand is the appropriate action in a case involving differing allegations and "uncertainties surrounding the identity and citizenship" of a party. *MCP Trucking, LLC v. Speedy Heavy Hauling, Inc.*, 2014 WL 5002116, 2 (D. Colo. Oct. 6,

---

[8] *See* Exhibit 7, April 17, 2017 Certification of Department of State.

2014), *citing Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir.2001). "Removal statutes are construed narrowly and, as such, the uncertainties surrounding the citizenship of [a party] must be resolved in favor of remand." *Id., see also Kunzman v. Deutsche Bank Nat'l Trust Co.*, 2011 WL 4055286, 2 (D. Colo. Sept. 12, 2011) ("Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand."); *McDaniel v. Loya*, 304 F.R.D. 617, 625 (D.N.M. 2015) ("[A]mbiguities should be resolved in favor of remand.")

Plaintiffs have produced records from the Pennsylvania Secretary of State showing Pennsylvania Goodyear does in fact exist (or at least did in April of 2017). Further, on May 31, 2017, Ohio Goodyear's counsel sent plaintiffs' counsel a letter which began "[t]his law firm represents The Goodyear Tire & Rubber Company in the above-referenced action. As you know, we also represented the Goodyear Tire & Rubber Company in a related and recently dismissed federal action, captioned *Susman, et al. v, Goodyear Tire & Rubber Company,* Civil Action No. 17-1682 (E.D. Pa.)."[9] Accordingly, Ohio Goodyear's counsel has represented that 1) there is a Pennsylvania Goodyear, and that 2) they represented the Pennsylvania Goodyear before, and now represent the Ohio Goodyear. At a minimum, there are uncertainties surrounding the existence of a Pennsylvania Goodyear that require remand. This Court "must deny such jurisdiction if not affirmatively apparent on the record." *Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 Fed.Appx. 775, 778 (10th Cir.2005). "The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

---

[9] *See* Exhibit 9, May 31, 2017 correspondence.

## CONCLUSION

Plaintiffs' Complaint seeks damages from a duly registered Pennsylvania corporation. The corporation is not fraudulently joined, but rather a viable cause of action has been pled. For these reasons, Plaintiffs respectfully request that this Honorable Court grant their Motion to Remand.

Respectfully submitted,

BY: /s/ Daniel J. Sherry, Jr.
DANIEL J. SHERRY, JR., ESQUIRE
EISENBERG, ROTHWEILER, WINKLER, EISENBERG &
JECK, P.C.
1634 Spruce Street
Philadelphia, PA 19103
Phone: 215.546.6636
Fax: 215.546.0118

*Attorney for Plaintiff*

DATED: August 23, 2017