## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both Individually and as Legal Guardian of SHANE ALLEN LOVELAND, and JACOB SUMMERS, | CIVIL ACTION NO.: 2:17-cv-03521 |
| Plaintiffs, | |
| v. | |
| THE GOODYEAR TIRE & RUBBER COMPANY C/O CORPORATION SERVICE COMPANY, | |
| THE GOODYEAR TIRE & RUBBER COMPANY, | |
| THE GOODYEAR TIRE & RUBBER COMPANY d/b/a GOODYEAR TIRE & RUBBER COMPANY, | |
| THE GOODYEAR TIRE & RUBBER COMPANY d/b/a GOODWEAR TIRE & RUBBER COMPANY, | |
| GOODWEAR TIRE & RUBBER COMPANY, | |
| GOODWEAR TIRE & RUBBER COMPANY d/b/a THE GOODYEAR TIRE & RUBBER COMPANY, | |
| GOODWEAR TIRE & RUBBER COMPANY d/b/a GOODYEAR TIRE & RUBBER COMPANY, | |
| GOODYEAR TIRE & RUBBER COMPANY, | |
| GOODYEAR TIRE & RUBBER COMPANY d/b/a THE GOODYEAR TIRE & RUBBER COMPANY, | |
| AND | |
| GOODYEAR TIRE & RUBBER COMPANY d/b/a GOODWEAR TIRE & RUBBER COMPANY, | |
| Defendants. | |

## THE GOODYEAR TIRE & RUBBER COMPANY'S
## OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.  BACKGROUND ................................................................................................. 1

    A.   The facts underlying the actions ............................................................... 1

    B.   First, plaintiffs erroneously sued "Goodyear Tire & Rubber Company," a non-existent entity................................................................................................. 2

    C.   Plaintiffs then brought suit against "The Goodyear Tire & Rubber Company," "Goodwear Tire & Rubber Company," and, again, the non-existent entity referred to as "Goodyear Tire and Rubber Company." ................. 4

    D.   The one true defendant, The Goodyear Tire & Rubber Company, timely removed the second lawsuit to this Court .............................................. 5

III. ARGUMENT ...................................................................................................... 7

    A.   No Pennsylvania business entity known as "Goodyear Tire & Rubber Company" exists, so its presence in the caption does not defeat federal jurisdiction ....................................................................................... 8

    B.   "Goodwear Tire & Rubber Company" was fraudulently joined, and its joinder to this action cannot destroy diversity jurisdiction................................. 10

        1.   Plaintiffs are wrong to suggest that "fraudulent joinder" does not apply to forum defendants. ................................................................ 11

        2.   Plaintiffs have no reasonable basis in fact for their claims against "Goodwear Tire & Rubber Company." ................................................. 13

        3.   Plaintiffs' failure to serve "Goodwear Tire & Rubber Company" further demonstrates that it was fraudulently joined................................ 16

IV.  CONCLUSION ................................................................................................. 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bahalim v. Ferring Pharm., Inc.*,
   No. 16-8335, 2017 WL 118418 (N.D. Ill. Jan. 12, 2017) .......................................................12

*Batoff v. State Farm Ins. Co.*,
   977 F.2d 848 (3d Cir. 1992) ....................................................................................1, 7, 14, 17

*Blech v. Ford Motor Co.*,
   No. 03-6204, 2004 WL 1047649 (E.D. Pa. May 6, 2004) ......................................................12

*Boyer v. Snap-on Tools Corp.*,
   913 F.2d 108 (3d Cir. 1990) ...................................................................................................18

*Brazell v. Waite*,
   525 F. App'x 878 (10th Cir. 2013) ......................................................................................8, 10

*In re Briscoe*,
   448 F.3d 201 (3d Cir. 2006) ........................................................................................... *passim*

*Carter v. Hitachi Koki U.S.A., Ltd.*,
   445 F. Supp. 2d 597 (E.D. Va. 2006) .....................................................................................17

*Chesapeake & Ohio Ry. Co. v. Cockrell*,
   232 U.S. 146 (1914) ..........................................................................................................11, 16

*Couzens v. Donohue*,
   854 F.3d 508 (8th Cir. 2017) ..................................................................................................12

*Crawford v. Goodyear Tire & Rubber Company*,
   Civil Action No. 02-8989 ..........................................................................................................3

*Davis v. OneBeacon Ins. Grp.*,
   721 F. Supp. 2d 329 (D.N.J. 2010) ......................................................................................8, 10

*Ekeya v. Shriners Hosp. for Children, Portland*,
   --- F. Supp. 3d ----, 2017 WL 2929373 (D. Or. 2017) ...........................................................11

*Fed. Trade Comm'n v. Cohn*,
   2 F.T.C. 216 (1920) .................................................................................................................16

*Griggs v. State Farm Lloyds*,
   181 F.3d 694 (5th Cir. 1999) ..................................................................................................17

*Jallad v. Madera*,
    No. 16-4795, 2016 WL 6600036 (E.D. Pa. Nov. 18, 2016), *appeal dismissed* ...................... 12

*Martin v. Goodyear Tire & Rubber Company*,
    Civil Action No. 99-80 ............................................................................................... 3

*McGlade v. Goodyear Tire & Rubber Company*,
    Civil Action No. 03-4542 ....................................................................................... 3, 13

*Moore v. Johnson & Johnson*,
    907 F. Supp. 2d 646 (E.D. Pa. 2012) ....................................................................... 12

*Moreaux v. State Farm Mut. Auto Ins. Co.*,
    2009 WL 1559761 (W.D. La. June 3, 2009) ............................................................ 17

*Morris v. Nuzzo*,
    718 F.3d 660 (7th Cir. 2013) ................................................................................... 12

*Navarro Sav. Ass'n v. Lee*,
    446 U.S. 458 (1980) ................................................................................................... 8

*Pettyjohn v. Goodyear Tire & Rubber Company*,
    Civil Action No. 91-2681 ........................................................................................... 3

*Rarick v. Federated Serv. Ins. Co.*,
    852 F.3d 223 (3d Cir. 2017) ................................................................................. 1, 18

*Sargent v. Cassens Corp.*,
    No. 06-1042, 2007 WL 1673289 (S.D. Ill. June 7, 2007) ......................................... 12

*Selfridge v. Bos. Sci. Corp.*,
    No. 12-2035, 2013 WL 1390680 (S.D.W.V. Apr. 4, 2013) ....................................... 17

*Slaske v. I-Flow Corp.*,
    No. 09-3963, 2010 WL 2516574 (D.N.J. June 11, 2000) .......................................... 12

*Smith v. Texaco*,
    No. 86-1563, 1986 WL 6554 (E.D. Pa. June 5, 1986) ............................................... 8

*Snider v. Sterling Airways, Inc.*,
    No. 12-3054, 2013 WL 159813 (E.D. Pa. Jan. 15, 2013) .......................................... 12

*Stiglich v. Chattem, Inc.*,
    No. 12-1858, 2012 WL 5403437 (D.N.J. Nov. 5, 2012) ............................................ 12

*Wecker v. Nat'l Enameling & Stamping Co.*,
    204 U.S. 176 (1907) ................................................................................................... 7

*Wexler v. Jensen Pharm., Inc.*,
No. 15-3518, 2015 WL 6159101 (C.D. Cal. Oct. 20, 2015)....................................................17

*Wilson v. Republic Iron & Steel Co.*,
257 U.S. 92 (1921).........................................................................................................11, 16

**Statutes**

28 U.S.C. §§ 1332......................................................................................................................1, 6, 7

28 U.S.C. § 1441..........................................................................................................................7, 11

28 U.S.C. §§ 1446.............................................................................................................................7

**Other Authorities**

Charles Alan Wright, et al., Federal Practice and Procedure § 3723,
n.107 & ......................................................................................................................................13

Fed. R. Evid. 901 ...........................................................................................................................15

## I.       INTRODUCTION

In actions for legal relief, federal courts have a "'virtually unflagging obligation'" to exercise the jurisdiction given to them. *E.g.*, *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 225 (3d Cir. 2017) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). And a plaintiff cannot undermine that obligation by pleading claims against nominal (*i.e.*, non-existent) defendants, or otherwise against parties "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant . . . ." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) (citation and internal quotation marks omitted). *See also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). But that is precisely the issue in this case.

The Goodyear Tire & Rubber Company ("the Company") properly removed this action to this Court pursuant to 28 U.S.C. §§ 1332(a) (regarding diversity jurisdiction) and 1446 (regarding procedure for removal), and no exception to this Court's jurisdiction applies. Plaintiffs' efforts to defeat federal jurisdiction by naming one non-existent entity and fraudulently joining another are without merit, and their motion to remand should be denied.

## II.      BACKGROUND

### A.       The facts underlying the actions

This is the second of two actions that plaintiffs have filed based on the exact same set of facts. In May 2015, Nebraska residents Shane Loveland and Jacob Summers were passengers in a pickup truck driven by non-party and fellow Nebraska resident Larry Blair. (Kerner Decl., Ex. M, Compl., ¶ 10.) Blair lost control of the truck, resulting in a single-vehicle accident in Shelton, Nebraska, after the vehicle's right rear tire (the "Tire") suffered a tread separation. (*Id. See also* Kerner Decl., Ex. A, Police Report at 1.) Following the accident, Loveland and Summers were transported to and treated at a hospital in Kearney, Nebraska. (Kerner Decl., Ex. A, Police

1

Report at 1.) Both they and Blair may have been intoxicated at the time. (*See id.* at 2 ("Drug use [wa]s suspected from all three . . . since methamphetamine was found at the scene.").)

**B.      First, plaintiffs erroneously sued "Goodyear Tire & Rubber Company," a non-existent entity.**

Plaintiffs' first Complaint (the "First Complaint"), filed in the Philadelphia Court of Common Pleas under Case No. 170500306 on March 8, 2017, raised claims for negligence, strict liability, and breach of warranty against "Goodyear Tire & Rubber Company" (*See generally* Kerner Decl., Ex. B, First Compl.) In the First Complaint, plaintiffs' claims were grounded in the design, manufacture, and warranty of the Tire. (*E.g.*, *id.* at ¶ 10.) Plaintiffs alleged that "Goodyear Tire & Rubber Company," which was alleged to be a "domestic Pennsylvania business entity," had designed, manufactured, sold, and warranted the Tire. They further alleged that "Goodyear Tire & Rubber Company," despite being a supposed Pennsylvania business entity, could be served at the address of Goodyear's corporate headquarters, *i.e.*, 100 Innovation Way in Akron, Ohio. (*Id.* at Caption, ¶ 5.) Plaintiffs thereafter mailed the Summons and Complaint to the Company, at its corporate headquarters, in a package addressed to "Goodyear Tire & Rubber Company." (*See* Kerner Decl., Ex. C, Exs. A & B to Notice of Removal of First Action.)

Because plaintiffs served papers upon the Company, the Company believed that plaintiffs had simply (and mistakenly) dropped the leading article from its name—*i.e.*, the "The" from "**The** Goodyear Tire & Rubber Company." (*See* Kerner Decl., Ex. C, Notice of Removal of First Action at 1 (filed on behalf of "The Goodyear Tire & Rubber Company (sued as 'Goodyear Tire & Rubber Company' . . .)").) The Company thus removed the action to this Court, filed an Answer to the Complaint, and moved to transfer the Nebraska-based action to the United States District Court for the District of Nebraska. Each filing was unambiguously made on behalf of the

2

Company, *i.e.*, "**The** Goodyear Tire & Rubber Company." (*See id.* (emphases added); *see also* Kerner Decl., Ex. E, Answer to First Action Compl., at 1 (emphasis added) (filed on behalf of "The Goodyear Tire & Rubber Company . . . *sued as* 'Goodyear Tire & Rubber Company'"); Kerner Decl., Ex. F, First Action Transfer Mot., at 1 (filed on behalf of "The Goodyear Tire & Rubber Company . . . improperly named as 'Goodyear Tire & Rubber Company'").[1]

Notably, through those filings and related correspondence, plaintiffs were put on notice of several material facts:

(1) the Company is an Ohio corporation; it is incorporated under the laws of Ohio and maintains its principle place of business in Akron, Ohio. The Company is ***not*** a "domestic" Pennsylvania entity. (*See* Kerner Decl., Ex. D, Decl. of Daniel T. Young filed in Support of Notice of Removal of First Action [hereinafter Young Decl.], ¶¶ 4-6.)

(2) No domestic Pennsylvania business entity known as "Goodyear Tire & Rubber Company" exists. Pennsylvania Department of State records previously indicating otherwise were erroneously based on century-old documents related to an entity named "Good**wear** Tire & Rubber Company" that apparently had incorporated in Pennsylvania in 1919. (*Id.* at ¶ 7. *See also id.*, Exs A & B to Young Decl.; Kerner Decl., Ex. H, 5/31/2017 Letter from Jayne Risk, Esq. to the Honorable Joel Slomsky, at 1.) In

---

[1]     The Company had good reason to believe that plaintiffs had simply (and mistakenly) dropped the leading article from its name. Unfortunately, it would not have been the first time that it was improperly sued as "Goodyear Tire & Rubber Company." *See, e.g.*, *McGlade v. Goodyear Tire & Rubber Company*, Civil Action No. 03-4542; *Crawford v. Goodyear Tire & Rubber Company*, Civil Action No. 02-8989; *Martin v. Goodyear Tire & Rubber Company*, Civil Action No. 99-80; *Pettyjohn v. Goodyear Tire & Rubber Company*, Civil Action No. 91-2681. The Company thus included in its Answer a statement denying the allegation that it was a domestic Pennsylvania business entity, and stating plainly that it is an Ohio corporation. (*See* Kerner Decl., Ex. E, Answer to First Action Compl., at ¶ 5.)

May 2017, those records were corrected by the Pennsylvania Department of State, as reflected on its website. (*See* Kerner Decl., ¶ 21 & Ex. Q.)

(3) the Company unequivocally admitted that it—as contrasted with any other individuals or entities, including the supposed Pennsylvania business entities "Goodyear Tire & Rubber Company" and "Goodwear Tire & Rubber Company"—designed, manufactured, and sold the Tire. (Kerner Decl., Ex. G, Decl. of Jay Lawrence Filed in Support of Transfer Motion [hereinafter Lawrence Decl.], ¶¶ 5-6.)

On May 18, 2017, plaintiffs stipulated to the dismissal of the first action. In so doing, they recognized that the Company (*i.e.*, "**The** Goodyear Tire & Rubber Company") was "[t]he only entity that ha[d] appeared" in the action. (Kerner Decl., Ex. I, Stipulation of Dismissal at 1.)

### C.    Plaintiffs then brought suit against "The Goodyear Tire & Rubber Company," "Goodwear Tire & Rubber Company," and, again, the non-existent entity referred to as "Goodyear Tire and Rubber Company."

Plaintiffs commenced a second action (the "Second Action") on May 1, 2017, by filing a Praecipe to Issue a Writ of Summons while the first action was still pending in this Court. (*See generally* Kerner Decl., Ex. J, Praecipe to Issue Writ of Summons.) In that filing, plaintiffs named as defendants:

- The Goodyear Tire & Rubber Company;

- The Goodyear Tire & Rubber Company d/b/a Goodyear Tire & Rubber Company;

- The Goodyear Tire & Rubber Company d/b/a Goodwear Tire & Rubber Company;

- Goodwear Tire & Rubber Company;

- Goodwear Tire & Rubber Company d/b/a The Goodyear Tire & Rubber Company;

- Goodwear Tire & Rubber Company d/b/a Goodyear Tire & Rubber Company;

- Goodyear Tire & Rubber Company;

4

- Goodyear Tire & Rubber Company d/b/a The Goodyear Tire & Rubber Company; and

- Goodyear Tire & Rubber Company d/b/a Goodwear Tire & Rubber Company.

(*Id.* at Caption.) Plaintiffs mailed nine copies of the Summons and Praecipe—one addressed to each of the entities above—to the Company's corporate headquarters in Akron, Ohio. The Company accepted service in its own name but rejected service as to the other eight entities, noting that: (1) it did not do business as and could not accept service under the "d/b/a" of either "Goodyear Tire & Rubber Company" or "Goodwear Tire & Rubber Company"; and (2) it was not authorized to accept service on behalf of either "Goodyear Tire & Rubber Company" or "Goodwear Tire & Rubber Company." (*See* Kerner Decl., Ex. K, 5/20/2017 Letter from The Goodyear Tire & Rubber Company to Daniel J. Sherry, Jr., Esq. at 1-2.)

Plaintiffs then extended the time to attempt to serve original process on "Goodyear Tire & Rubber Company" and "Goodwear Tire & Rubber Company" by filing three Praecipes to Reissue the Summons, on May 31, 2017, June 29, 2017, and July 28, 2017. (*See* Kerner Decl., Ex. L, Common Pleas Docket Sheet.) Despite those extensions, plaintiffs never filed proof of service upon either of those entities.

**D.    The one true defendant, The Goodyear Tire & Rubber Company, timely removed the second lawsuit to this Court.**

The Complaint in the Second Action, filed on July 18, 2017, is largely the same as the first. (*See generally* Ex. M, Compl.) Plaintiffs again raise claims premised on the design, manufacture, and marketing of the Tire. (*See generally* Kerner Decl., Ex. M, Compl.) Despite the Company's earlier admission that it alone designed, manufactured, and sold the Tire (Kerner Decl., Ex. G, Lawrence Decl., ¶¶ 5-6), plaintiffs raise those claims against the Company and also against both "Goodyear Tire & Rubber Company" and "Goodwear Tire & Rubber Company," each allegedly doing business in its own name and the names of the others. Plaintiffs allege that

5

both "Goodyear Tire & Rubber Company" and "Goodwear Tire & Rubber Company" are active, domestic Pennsylvania business entities.

Plaintiffs later attempted to serve the Complaint in the Second Action on "Goodyear Tire & Rubber Company" and "Goodwear Tire & Rubber Company" by mail to the Company's corporate headquarters. The Company rejected plaintiffs' attempted service of the Complaint in the same manner it earlier rejected plaintiffs' attempted service of the Summons and Praecipe. (*See* Kerner Decl., Ex. N, 8/4/2017 Letter from The Goodyear Tire & Rubber Company to Daniel J. Sherry, Jr., Esq. at 1-2.)

On August 1, 2017, the Company removed the Second Action to this Court (*see generally* Kerner Decl., Ex. O, Notice of Removal of Second Action), premising this Court's exercise of jurisdiction on 28 U.S.C. § 1332(a), based on the fact that the parties are completely diverse and the amount in controversy exceeds $75,000. The Company also noted that plaintiffs' claims against "Goodyear Tire & Rubber Company" and "Goodwear Tire & Rubber Company" do not defeat the exercise of jurisdiction, for two reasons. First, "Goodyear Tire & Rubber Company" is a nominal defendant; as reflected in the Pennsylvania Department of State's records, both as they appeared on April 12, 2017 (when Daniel Young swore out his declaration) and as they appear today, no Pennsylvania business entity named "Goodyear Tire & Rubber Company" exists. (*See* Kerner Decl., Ex. D, Young Decl., ¶ 7; *see also* Kerner Decl., Ex. P, 5/12/07 Letter from Pennsylvania Department of State (demonstrating that earlier records indicating the existence of "GOODYEAR TIRE & RUBBER COMPANY" were "due to a typographical error in the Department of State's database").) Second, "Goodwear Tire & Rubber Company" was fraudulently joined to this action for the sole purpose of attempting to defeat federal jurisdiction.

As detailed below, plaintiffs have no basis, let alone a reasonable basis, for asserting the claims alleged here against that entity.

## III.   ARGUMENT

"Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be . . . vigilant to protect the right to proceed in federal court." *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185 (1907). Thus, "a defendant may still remove an action if . . . defendants were fraudulently named or joined solely to defeat federal jurisdiction." *Briscoe*, 448 F.3d at 216 (internal quotation marks omitted).

The Company has the right to maintain this action (the second of its kind) in federal court. All of the procedural and jurisdictional prerequisites to the exercise of subject matter jurisdiction have been satisfied; the action was timely removed, all appropriate papers were appended to the removal notice, plaintiffs and the Company are completely diverse, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332(a), 1441, 1446.[2] Plaintiffs do not challenge those bases for removal. Instead, they argue that, by pleading against "Goodyear Tire & Rubber Company" and "Goodwear Tire & Rubber Company," they have invoked the exception to diversity jurisdiction set forth in 28 U.S.C. § 1441(b)(2), the so-called "forum defendant" rule. However, that exception does not apply here. That is so because: (1) "Goodyear Tire & Rubber Company" does not exist; and (2) "Goodwear Tire & Rubber Company" has been fraudulently joined. Because plaintiffs named each of those entities "solely to defeat federal

---

[2]     The bases for those averments appear in Goodyear's Notice of Removal (Ex. O to the Kerner Declaration) at Paragraphs 13-21, 24, and 33-39. Critically, none of those averments are at issue, as none were challenged by plaintiffs' motion. Thus, Goodyear's discussion is limited to the averments challenged by plaintiffs.

jurisdiction," the Company was right to remove the action, and the action should proceed in federal court. *Briscoe*, 448 F.3d at 216.[3]

> A.     **No Pennsylvania business entity known as "Goodyear Tire & Rubber Company" exists, so its presence in the caption does not defeat federal jurisdiction.**

The supposed Pennsylvania business entity "Goodyear Tire & Rubber Company" does not exist, and plaintiffs' claims against that non-existent entity have no bearing on the propriety of removal. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 462 (1980) (noting that the citizens upon whom jurisdiction is grounded "must be real and substantial," and instructing federal courts to "disregard nominal or formal parties and rest jurisdiction only upon the citizenship of the real parties to the controversy"). Because "Goodyear Tire & Rubber Company" is a "nominal" entity—*i.e.*, because it is not a real party to the controversy—its supposed citizenship has no bearing on this Court's jurisdiction over this action. *See Davis v. OneBeacon Ins. Grp.*, 721 F. Supp. 2d 329, 337 (D.N.J. 2010) ("Because the Court concludes, on the record before it, that OneBeacon is a non-existent entity, removal to this Court need not depend upon OneBeacon's . . . citizenship."); *see also Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013); *Smith v. Texaco*, No. 86-1563, 1986 WL 6554, at *1 (E.D. Pa. June 5, 1986) (demonstrating that the court would disregard the citizenship of a nonexistent entity so long as competent evidence of non-existence appeared in the record).

In their opening brief, plaintiffs gloss over several material facts relevant to their claims against "Goodyear Tire & Rubber Company." First and foremost, the records maintained by the Pennsylvania Department of State, which are available online, unequivocally demonstrate that no

---

[3]     Of course, following denial of plaintiffs' remand motion, the action should not proceed in this district. Instead, based upon both the public and private interest factors that strongly favor transfer, it should be transferred to the United States District Court for the District of Nebraska. (*See generally* Transfer Mot., ECF No. 2; Mem. in Supp. of Transfer Mot., ECF No. 2-1.)

such Pennsylvania business entity exists. When one searches the Pennsylvania Department of State's website for *any* active entity whose name includes the words "Goodyear Tire & Rubber Company," only *one* entry appears: the entry for the Company, *i.e.*, "**The** Goodyear Tire & Rubber Company," an *Ohio* company registered to do business in Pennsylvania only as a "*Foreign*" corporation. (*See* Kerner Decl., ¶ 21 & Ex. Q.)

Plaintiffs attempt to sidestep evidence of the non-existence of "Goodyear Tire & Rubber Company" by introducing an April 17, 2017 Certification from the Agency, indicating that a Pennsylvania business entity known as "Goodyear Tire & Rubber Company" exists. (Pls.' Br. at 7 (citing Ex. 7 thereto).) However, they acknowledge—as they must—that that Certification was erroneously issued. (*Id.*) On May 12, 2017, the Pennsylvania Department of State issued a letter stating plainly that the Certification was issued in error, as the result of a "typographical error." (*See* Kerner Decl., Ex. P, 5/12/07 Letter from Pennsylvania Department of State.)

Plaintiffs' remaining arguments are specious. First, it is irrelevant that the Pennsylvania Department of State did not recognize its error before plaintiffs filed the complaint in the First Action. That pleading is not at issue here. Proof of the non-existence of "Goodyear Tire & Rubber Company" was available *months* before plaintiffs commenced this action in state court in July 2017, and neither the information on the Pennsylvania Department of State's website nor the letter it issue have ever been refuted or called into question in any way.

Second, plaintiffs are wrong to suggest that counsel ever represented that a Pennsylvania business entity known as "Goodyear Tire & Rubber Company" exists. As detailed above, each defense pleading and motion in the first action was filed on behalf of the Company: *i.e.*, on behalf of "**The** Goodyear Tire & Rubber Company" (including the phrase "sued as" or "improperly named as 'Goodyear Tire & Rubber Company'"). (*See* Kerner Decl., Ex. C, Notice

of Removal of First Action at 1; Kerner Decl., Ex. E, Answer to First Action Compl. at 1; Kerner Decl., Ex. F, First Action Transfer Mot., at 1.)[4]

In most cases, it is extremely difficult for a party to disprove a negative. Here, however, the Company has introduced affirmative and unequivocal proof of the nonexistence of "Goodyear Tire & Rubber Company." Plaintiffs fail to refute this evidence, because they cannot. Accordingly, "Goodyear Tire & Rubber Company" should be recognized for what it is—a non-existent, "nominal" defendant, and plaintiffs' arguments against jurisdiction, based on the supposed citizenship of that nominal defendant, should be disregarded. *See Brazell*, 525 F. App'x at 884; *Davis*, 721 F. Supp. 2d at 337.

**B.**   **"Goodwear Tire & Rubber Company" was fraudulently joined, and its joinder to this action cannot destroy diversity jurisdiction.**

Plaintiffs' claims against "Goodwear Tire & Rubber Company," like its claims against "Goodyear Tire & Rubber Company," constitute a transparent attempt to defeat federal jurisdiction, as that entity was fraudulently joined only because of its supposed Pennsylvania citizenship. A party is fraudulently joined whenever a plaintiff lacks a "'reasonable basis in fact or a colorable ground supporting the claim against the joined defendant, *or* no real intention in good faith to prosecute the action against the defendants . . . .'" (Pls.' Br. at 3 (quoting *Batoff*, 977 F.2d at 851) (emphasis added).) Both of those prongs support a finding of fraudulent joinder here.

---

[4]   Moreover, the letter that they now cite, indicating that the undersigned counsel now previously "represented the Goodyear Tire & Rubber Company" (Pls.' Br. at 8), does not demonstrate otherwise. Plaintiffs' argument hinges on counsel's failure to capitalize the letter "t" in the word "the." (*See id.*)

1.    **Plaintiffs are wrong to suggest that "fraudulent joinder" does not apply to forum defendants.**

As a threshold matter, Plaintiffs are wrong to suggest that the "fraudulent joinder" rule does not apply to fraudulently joined forum defendants. Indeed, the Supreme Court of the United States has unambiguously spoken to this issue, stating that the "right of removal cannot be defeated by the *fraudulent joinder of a resident defendant* having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). "So, when in such a case a resident defendant is joined with the nonresident, the joinder, even although fair upon its face, may be shown by a petition for removal to be only a fraudulent device to prevent a removal . . . ." *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914).

Moreover, the forum defendant rule itself contains a carve-out for improperly joined defendants.  That exception to federal jurisdiction applies only "if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is sought." 28 U.S.C. § 1441(b)(2) (emphasis added). *See also Ekeya v. Shriners Hosp. for Children, Portland*, --- F. Supp. 3d ----, 2017 WL 2929373, at *6 (D. Or. 2017) (examining statutory language and concluding that fraudulent joinder doctrine applies to forum defendants).

Recent case law from courts in this circuit also confirms the point. In *Yellen v. Teledne Continental Motors, Inc.*, the district court examined the history and purpose of the fraudulent joinder rule, and it distilled "[t]he fraudulent joinder line of cases" down "to a simple principle: a court cannot permit a plaintiff to join a straw-man defendant solely to deprive removal-eligible defendants of a federal forum to which they are otherwise entitled." 832 F. Supp. 2d 490, 503 (E.D. Pa. 2011). Then, based on that principle, the *Yellen* court concluded that there was "no reason why a plaintiff should not be foreclosed from improperly invoking the forum defendant rule to shield itself from removal." *Id.* Since *Yellen* was decided, every court in this Circuit that

11

has considered that court's analysis and decided the issue has agreed. *See, e.g.*, *Jallad v. Madera*, No. 16-4795, 2016 WL 6600036, at *3 (E.D. Pa. Nov. 18, 2016), *appeal dismissed*.[5] And those courts do not stand alone. *See, e.g.*, *Couzens v. Donohue*, 854 F.3d 508, 513 (8th Cir. 2017) ( *Moore v. Johnson & Johnson*, 907 F. Supp. 2d 646, 662 (E.D. Pa. 2012); *Blech v. Ford Motor Co.*, No. 03-6204, 2004 WL 1047649, at *2 (E.D. Pa. May 6, 2004); *Slaske v. I-Flow Corp.*, No. 09-3963, 2010 WL 2516574, at *1 (D.N.J. June 11, 2000).

Plaintiffs' misguided, contrary argument rests on two district court cases decided in Illinois. (*See* Pls.' Br. at 2.) Those decisions do not bind this court, and, in light of the great weight of case law discussed above, they should not be considered. Indeed, other courts within that same Circuit align with *Yellen*. *See, e.g.*, *Bahalim v. Ferring Pharm., Inc.*, No. 16-8335, 2017 WL 118418, at *2-3 (N.D. Ill. Jan. 12, 2017) (recognizing that forum defendants were fraudulently joined and denying plaintiffs' remand motion)[6]; *Sargent v. Cassens Corp.*, No. 06-1042, 2007 WL 1673289, at *2-7 (S.D. Ill. June 7, 2007) (dismissing fraudulently joined forum defendants and denying plaintiff's remand motion).

Thus, this Court should recognize fraudulent joinder applies here and, for the reasons that follow, conclude that "Goodwear Tire & Rubber Company" was fraudulently joined.

---

[5]    *See also Snider v. Sterling Airways, Inc.*, No. 12-3054, 2013 WL 159813, at *3 n.5 (E.D. Pa. Jan. 15, 2013); *Stiglich v. Chattem, Inc.*, No. 12-1858, 2012 WL 5403437, at *2 (D.N.J. Nov. 5, 2012).

[6]    Plaintiffs also cite *Morris v. Nuzzo*, 718 F.3d 660, 668-71 (7th Cir. 2013), wherein the Seventh Circuit Court of Appeals recognized but declined to resolve the issue. In *Bahalim*, the United States District Court for the Northern District of Illinois analyzed the *Morris* decision and aligned with *Yellen*.

### 2.   Plaintiffs have no reasonable basis in fact for their claims against "Goodwear Tire & Rubber Company."

The Company, as the party asserting fraudulent joinder, has the burden of persuasion. *Yellen*, 832 F. Supp. 2d at 503. To support that burden, the Company may introduce and raise argument upon evidence outside the pleadings, including affidavits and other documentary evidence. *See Briscoe*, 448 F.3d at 218-21; *see also* CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3723, n.107 & accompanying text (4th ed. 2017). Plaintiffs concede that point, noting that an unequivocal statement that Goodyear is not affiliated with "Goodwear Tire & Rubber Company" would resolve the issue. (*See* Pls.' Br. at 4.)

The Company has satisfied that burden here by introducing unequivocal proof that plaintiffs' claims are premised on a Tire designed, manufactured, sold, and warranted by the Company, without the input or assistance of the entity plaintiffs refer to as "Goodwear Tire & Rubber Company." In support of removal, the Company introduced the Affidavit of Daniel T. Young, who stated:

> To the best of my knowledge and belief, The Good**year** Tire & Rubber Company is not and never has been related to a Pennsylvania business entity known as "Good**wear** Tire & Rubber Company," does not do business as "Goodwear Tire & Rubber Company," and has not permitted "Goodwear Tire & Rubber' Company to do business as The Goodyear Tire and Rubber Company.

(*See* Kerner Decl., Ex. D, Young Decl., ¶ 7.) Since removal, Mr. Young has further stated:

> 7.   To the best of my knowledge and belief, The Good**year** Tire & Rubber Company is not and never has been related to a Pennsylvania business entity known as "Good**wear** Tire & Rubber Company," does not do business as "Goodwear Tire & Rubber Company," and has not permitted "Goodwear Tire & Rubber Company" to do business as The Goodyear Tire & Rubber Company.
>
> 8.   The Goodyear Tire & Rubber Company is not related to, is not and has not been associated with, and has no affiliation whatsoever with that supposed Pennsylvania business entity—no trademark agreements, no licensing agreements, no business dealings, and certainly no agreement that one can do business as or otherwise represent the other.

9.     I have reviewed the Complaint filed in this matter, and I understand that each of plaintiffs' claims rest on the design, manufacture, sale, or warranty of the tire at issue (*i.e.*, the tire identified in plaintiffs' Complaint)—activities undertaken by The Goodyear Tire & Rubber Company, and not at all by either of the supposed Pennsylvania business entities named as defendants in this matter.

10.     The Goodyear Tire & Rubber Company designed the tire at issue, and it did so without the input or assistance of the supposed Pennsylvania business entity plaintiffs refer to as "Goodwear Tire & Rubber Company."

11.     The Goodyear Tire & Rubber Company manufactured the tire at issue, and it did so without the input or assistance of the supposed Pennsylvania business entity plaintiffs refer to as "Goodwear Tire & Rubber Company."

12.     The Goodyear Tire & Rubber Company sold the tire at issue, and it did so without the input or assistance of the supposed Pennsylvania business entity plaintiffs refer to as "Goodwear Tire & Rubber Company."

13.     The Goodyear Tire & Rubber Company warranted the tire at issue, and it did so without the input or assistance of the supposed Pennsylvania business entity plaintiffs refer to as "Goodwear Tire & Rubber Company."

14.     To the best of my knowledge, the supposed Pennsylvania entity that plaintiffs refer to as "Goodwear Tire & Rubber Company" does not exist and, in any event, it played ***no role*** in any of the activities that underlie each of the claims raised in this action.

(Young Decl., ¶¶ 7-14.)  Those facts conclusively and unequivocally demonstrate that the entity plaintiffs refer to as "Goodwear Tire & Rubber Company" has no real connection—indeed, no connection at all—to this controversy, and, thus, "there is no reasonable basis in fact or colorable ground supporting" plaintiffs' allegations that "Goodwear Tire & Rubber Company" could be held liable for the alleged faulty design, manufacture, or sale of the Tire, or for its express warranty.[7] *Briscoe*, 448 F.3d 216 (citation and internal quotation marks omitted). *See also Batoff*, 977 F.2d at 851.

---

[7]     That declaration also demonstrates that plaintiffs do not have a reasonable basis for raising claims against "Goodyear Tire & Rubber Company" because the Company —as contrasted with any of the other supposed entities named in the Complaint—designed, manufactured, marketed, and warranted the Tire. (*See* Young Decl., ¶ 15.)

The materials cited by plaintiffs do nothing to call those statements into question.[8] They offer no proof that "Goodwear Tire & Rubber Company" had any role whatsoever in the design, manufacture, sale, or warranty of the Tire. At most, the exhibits attached to their motion could be construed as evidence that Company advertisements from the mid-1920s used the slogan "Goodyear means Good Wear," referring to the tread wear of a tire. (*See* Pls.' Br. at 6.) But such advertisements have no bearing whatsoever on the issues at hand. They do not establish a link between the Company and "Goodwear Tire & Rubber Company," they do not serve as the basis for plaintiffs' claims, and, most importantly, they do not (and cannot) countervail the unequivocal statements in the Young Declarations, showing that the Company, not "Goodwear Tire & Rubber Company," has the only real connection to the activities claims plaintiffs have alleged as the cause of their alleged injuries.[9]

The other exhibits appended to plaintiffs' motion are equally unavailing. Those exhibits concern entities other than the Company and "Goodwear Tire & Rubber Company"; they concern "Goodyear Tires Co.," a company that apparently also operated as "Goodwear Tire Company," which built a factory in Minnesota in 1916. Again, those facts have nothing to do with the case at hand. They bear no relation to plaintiffs' claims, and fail to show any relationship between the Company (*i.e.*, The Goodyear Tire & Rubber Company) and "Goodwear Tire & Rubber Company." Indeed, during the early decades of the twentieth century, many different and ***unrelated*** entities traded on the "Goodyear" and "Goodwear" names. For that

---

[8]     None of the exhibits attached to plaintiffs' motion were properly authenticated. *See generally* Fed. R. Evid. 901. Many of plaintiffs' exhibits appear to be materials that were gathered from the internet, with little or no regard given to the source of the exhibit, the trustworthiness of the source, or the context in which the excerpted information was provided.

[9]     Moreover, plaintiffs' presumption that the Company's ad slogans should be taken literally is without merit. Consumers should not assume that Honda-made vehicles will give them "The Power of Dreams," just as Nike, Inc. doesn't actually command people to "Just Do It."

reason, in 1920, the Federal Trade Commission ("FTC") brought suit against "The Good Wear Tire & Tube Co.," a "trade name [that] so closely resembles and simulates the name Goodyear Tire & Rubber Co. as to induce and lead the public into believing that in doing business with the Good Wear Tire & Tube Co. they are dealing with [T]he Goodyear Tire & Rubber Co." *See Fed. Trade Comm'n v. Cohn*, 2 F.T.C. 216, 219 (1920).[10]

In sum, Plaintiffs have no basis—let alone a "reasonable basis in fact or colorable ground"—for their claims against "Goodwear Tire & Rubber Company," which has been shown by unequivocal evidence to be "a straw-man defendant" that was joined "solely to deprive removal-eligible defendants of a federal forum to which they are otherwise entitled." *Yellen*, 832 F. Supp. 2d at 503. Thus, joinder of "Goodwear Tire & Rubber Company" cannot act as a barrier to this Court's exercise of jurisdiction.

### 3. Plaintiffs' failure to serve "Goodwear Tire & Rubber Company" further demonstrates that it was fraudulently joined.

To date, plaintiffs have failed to file proof of service upon "Goodwear Tire & Rubber Company." The Company is aware of only one attempt to serve original process upon that supposed entity: *i.e.*, plaintiffs' attempt to serve "Goodwear Tire & Rubber Company" by mailing the Summons to the Company's corporate headquarters. The Company rejected that attempted service because it does not do business as "Goodwear Tire & Rubber Company" and cannot accept service on behalf of any entity operating under that name. (*See* Kerner Decl., Ex. K, 5/20/2017 Letter from The Goodyear Tire & Rubber Company to Daniel J. Sherry, Jr., Esq. at 1-2.)

---

[10]    The FTC's Complaint, Report, Findings, and Order are not available on Westlaw. For the convenience of plaintiffs and the Court, those materials are appended to the Kerner Declaration at Exhibit P.

Plaintiffs' failure to prove service upon "Goodwear Tire & Rubber Company" in the four months since they commenced the Second Action (despite filing multiple Praecipes for Reissuance of the Summons, on May 31, 2017, June 29, 2017, and July 28, 2017 (*see* Kerner Decl., Ex. L, Common Pleas Docket Sheet) constitutes further proof that "Goodwear Tire & Rubber Company" was fraudulently joined to this action. It demonstrates that plaintiffs have "no real intention in good faith to prosecute the action against" that defendant." *Batoff*, 977 F.2d at 851. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (concluding that defendant was fraudulently joined where plaintiff made no meaningful effort to serve that defendant); *Wexler v. Jensen Pharm., Inc.*, No. 15-3518, 2015 WL 6159101, at *3 n.2 (C.D. Cal. Oct. 20, 2015) ("Plaintiff's counsel's failure to serve" the defendant "undermines their assertion that Plaintiff's claims" against the defendant "are sound."); *Selfridge v. Bos. Sci. Corp.*, No. 12-2035, 2013 WL 1390680, at *7 n.1 (S.D.W.V. Apr. 4, 2013) (noting that plaintiffs' "[f]ailure to serve in-state defendants can be indicative of fraudulent joinder"); *Moreaux v. State Farm Mut. Auto Ins. Co.*, 2009 WL 1559761, at *3-4 (W.D. La. June 3, 2009) (collecting cases); *Carter v. Hitachi Koki U.S.A., Ltd.*, 445 F. Supp. 2d 597, 601-02 (E.D. Va. 2006) (concluding that plaintiff's failure to serve defendant "suggest[ed] a tactical maneuver designed to destroy diversity jurisdiction").

## IV.     CONCLUSION

Where "federal diversity jurisdiction exists . . . the need for its assertion may well be greatest when the plaintiff tries hardest to defeat it." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citation and internal quotation marks omitted). That is certainly the case here. "Goodyear Tire & Rubber Company" does not exist, and "Goodwear Tire & Rubber Company" (if it exists) was fraudulently joined. Plaintiffs' claims against those supposed Pennsylvania entities should thus be recognized for what they are: a transparent and ineffective attempt to defeat federal jurisdiction and thwart the Company's motion to transfer this action to the forum where it belongs.

For these reasons, the Court should exercise its "'virtually unflagging obligation'" to exercise the jurisdiction given to it. *E.g.*, *Rarick*, 852 F.3d at 225 (quoting *Colo. River*, 424 U.S. at 817). Plaintiffs' motion should be denied, and this case should proceed in federal court.

Respectfully Submitted By:

Dated:  September 5, 2017

*/s/ Justin Kerner* _____
Jayne A. Risk, Esq.
Justin Kerner, Esq.
**DLA PIPER LLP (US)**
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
Phone:    (215) 656-3300
Fax:        (215) 656-3301
jayne.risk@dlapiper.com
justin.kerner@dlapiper.com

*Attorneys for Defendant*
*The Goodyear Tire & Rubber Company*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RYSTA LEONA SUSMAN, as Legal Guardian of SHANE ALLEN LOVELAND, et al.<br><br>Plaintiffs,<br><br>v.<br><br>GOODYEAR TIRE & RUBBER COMPANY, et al,<br><br>Defendant. | CIVIL ACTION NO.: 2:17-cv-03521 |

**<u>PROPOSED ORDER</u>**

**AND NOW**, this _____ day of _____, 2017, upon consideration of plaintiffs'

motion for remand and the briefing thereon, it is **ORDERED** that said motion is **DENIED**.

By the Court:

_____

Slomsky, J.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 5, 2017, I served a true and correct copy of the foregoing brief upon the following counsel for Plaintiffs via CM/ECF:

Daniel J. Sherry, Jr., Esquire
EISENBERG, ROTHWEILER, WINKLER, EISENBERG & JECK, P.C.
1634 Spruce Street
Philadelphia, PA  19103

DATED:  September 5, 2017                 */s/ Justin Kerner*
                                         Justin Kerner, Esq.

                                         *Attorney for Defendant*
                                         *The Goodyear Tire & Rubber Company*