## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| RYSTA LEONA SUSMAN, as Legal Guardian of SHANE ALLEN LOVELAND, et al. <br><br> Plaintiffs, <br><br> v. <br><br> GOODYEAR TIRE & RUBBER COMPANY, et al, <br><br> Defendant. | CIVIL ACTION NO.: 2:17-cv-03521 |

### DECLARATION OF DANIEL T. YOUNG

I, Daniel T. Young, declare:

1.  I am over the age of eighteen (18). Unless otherwise indicated, I have personal knowledge of the matters set forth in this declaration, and I am competent to testify to the following.

2.  I am currently the Assistant Secretary of The Goodyear Tire & Rubber Company. I have been an employee of The Goodyear Tire & Rubber Company since 2007.

3.  By virtue of my tenure with The Goodyear Tire & Rubber Company, I am generally familiar with its United States business operations, its relationship with company-owned and authorized retailers that sell Goodyear tires, and the location of The Goodyear Tire & Rubber Company's businesses, including its manufacturing facilities.

4.  The Goodyear Tire & Rubber Company is incorporated under the laws of the State of Ohio.

5.  The Goodyear Tire & Rubber Company maintains its corporate headquarters, which serves as its principal place of business, at 200 Innovation Way in Akron, Ohio.

6.     The Goodyear Tire & Rubber Company is not domiciled in the Commonwealth of Pennsylvania, and it is not a "domestic" entity in Pennsylvania.

7.     To the best of my knowledge and belief, The Good**year** Tire & Rubber Company is not and never has been related to a Pennsylvania business entity known as "Good**wear** Tire & Rubber Company," does not do business as "Goodwear Tire & Rubber Company," and has not permitted "Goodwear Tire & Rubber Company" to do business as The Goodyear Tire & Rubber Company.

8.     The Goodyear Tire & Rubber Company is not related to, is not and has not been associated with, and has no affiliation whatsoever with that supposed Pennsylvania business entity—no trademark agreements, no licensing agreements, no business dealings, and certainly no agreement that one can do business as or otherwise represent the other.

9.     I have reviewed the Complaint filed in this matter, and I understand that each of plaintiffs' claims rest on the design, manufacture, sale, or warranty of the tire at issue (*i.e.*, the tire identified in plaintiffs' Complaint)—activities undertaken by The Goodyear Tire & Rubber Company, and not at all by either of the supposed Pennsylvania business entities named as defendants in this matter.

10.    The Goodyear Tire & Rubber Company designed the tire at issue, and it did so without the input or assistance of the supposed Pennsylvania business entity plaintiffs refer to as "Goodwear Tire & Rubber Company."

11.    The Goodyear Tire & Rubber Company manufactured the tire at issue, and it did so without the input or assistance of the supposed Pennsylvania business entity plaintiffs refer to as "Goodwear Tire & Rubber Company."

12.     The Goodyear Tire & Rubber Company sold the tire at issue, and it did so without the input or assistance of the supposed Pennsylvania business entity plaintiffs refer to as "Goodwear Tire & Rubber Company."

13.     The Goodyear Tire & Rubber Company warranted the tire at issue, and it did so without the input or assistance of the supposed Pennsylvania business entity plaintiffs refer to as "Goodwear Tire & Rubber Company."

14.     To the best of my knowledge, the supposed Pennsylvania entity that plaintiffs refer to as "Goodwear Tire & Rubber Company" does not exist and, in any event, it played *no role* in any of the activities that underlie each of the claims raised in this action.

15.     I have been informed by counsel that they have confirmed with the Pennsylvania Department of State that the other supposed Pennsylvania business entity named by plaintiffs, "Goodyear Tire & Rubber Company," does not exist. In any event, The Goodyear Tire & Rubber Company designed, manufactured, sold, and warranted the tire at issue without the input or assistance of that supposed Pennsylvania business entity. Further, The Goodyear Tire & Rubber Company has no affiliation whatsoever with that supposed entity— no trademark agreements, no licensing agreements, no business dealings, and certainly no agreement that one can do business as or otherwise represent the other. Outside of plaintiffs' allegations in this lawsuit, I am unaware of any circumstance in which The Goodyear Tire & Rubber Company has ever been associated with a Pennsylvania business entity known as "Goodyear Tire & Rubber Company."

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on September __1__, 2017, in Akron, OH.


*Daniel T. Young*
Daniel T. Young
Assistant Secretary