# Exhibit B

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

MARCH 2017

E-Filing Number: 1703019160

000489

| | |
|---|---|
| **PLAINTIFF'S NAME** <br> RYSTA LEONA. SUSMAN | **DEFENDANT'S NAME** <br> GOODYEAR TIRE & RUBBER COMPANY |
| **PLAINTIFF'S ADDRESS** <br> 304 SHEPPARD AVENUE <br> HILDRETH NE 68947 | **DEFENDANT'S ADDRESS** <br> 200 INNOVATION WAY <br> AKRON OH 44316 |
| **PLAINTIFF'S NAME** <br> SHANE ALLEN. LOVELAND | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** <br> 304 SHEPPARD AVENUE <br> HILDRETH NE 68947 | **DEFENDANT'S ADDRESS** |
| **PLAINTIFF'S NAME** <br> JACOB SUMMERS | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** <br> 823 SOUTH MAIN STREET <br> WILBER NE 68465 | **DEFENDANT'S ADDRESS** |

RECEIVED MAR 1 3 2017 GOODYEAR LAW DEPARTMENT 822

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 3 | 1 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal <br> [ ] Writ of Summons   [X] Transfer From Other Jurisdictions | | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less <br> [X] More than $50,000.00 | [ ] Arbitration <br> [X] Jury <br> [ ] Non-Jury <br> [ ] Other: | [ ] Mass Tort <br> [ ] Savings Action <br> [ ] Petition | [ ] Commerce <br> [ ] Minor Court Appeal <br> [ ] Statutory Appeals | [ ] Settlement <br> [ ] Minors <br> [ ] W/D/Survival |

**CASE TYPE AND CODE**
2P - PRODUCT LIABILITY

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED PRO PROTHY <br> MAR 08 2017 <br> M. BRYANT | IS CASE SUBJECT TO COORDINATION ORDER? <br> YES    NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: RYSTA LEONA SUSMAN , SHANE ALLEN LOVELAND , JACOB SUMMERS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY <br> DANIEL J. SHERRY | ADDRESS <br> EISENBERG ROTHWEILER WINKLER <br> EISENBERG & JECK PC <br> 1634 SPRUCE STREET <br> PHILADELPHIA PA 19103 |
|---|---|
| PHONE NUMBER <br> (215)546-6636 | FAX NUMBER <br> (215)546-0118 |
| SUPREME COURT IDENTIFICATION NO. <br> 201515 | E-MAIL ADDRESS <br> daniel@erlegal.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY <br> *DANIEL SHERRY* | DATE SUBMITTED <br> Wednesday, March 08, 2017, 11:34 am |

FINAL COPY (Approved by the Prothonotary Clerk)

| | |
|---|---|
| EISENBERG, ROTHWEILER, WINKLER,<br>EISENBERG & JECK, P.C.<br>BY: DANIEL J. SHERRY, JR., ESQUIRE<br>ATTORNEY I.D. No. 201515<br>1634 Spruce Street<br>Philadelphia, PA 19103<br>215.546.6636 | ATTORNEY FOR PLAINTIFFS<br> |
| RYSTA LEONA SUSMAN, as Legal Guardian of :<br>SHANE ALLEN LOVELAND<br>304 Sheppard Ave.<br>Hildreth, NE 68947<br><br>and<br><br>JACOB SUMMERS<br>823 S. Main<br>Wilber, NE 68465<br><br>         Plaintiffs<br><br>  v.<br><br>GOODYEAR TIRE & RUBBER COMPANY<br>200 Innovation Way<br>Akron, Ohio 44316<br><br>         Defendant | COURT OF COMMON PLEAS<br><br>PHILADELPHIA COUNT<br><br><br>MARCH TERM, 2017<br><br>NO.<br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

-1-

Case ID: 170300489

## Notice to Defend

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you buy the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si, usted quiere defenderse de estas demandas expuetas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fedcha de la demanda y la notificatioíon. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con tadas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE | "LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTA. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO." |
| LAWYER REFERRAL SERVICE<br>One Reading Center<br>1101 Market Street<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333 | SERVICIO DE REFERENCIA LEGAL<br>One Reading Center<br>1101 Market Street<br>Filadelfia, Pennsylvania 19107<br>Teléfono (215) 238-6333 |

## COMPLAINT

Plaintiffs, Rysta Leona Susman, both Individually and as Personal Representative and Legal Guardian of Shane Allen Loveland, and Jacob Summers, sues Defendant, Goodyear Tire & Rubber Company, a Pennsylvania business corporation under the law of the Commonwealth of Pennsylvania that can be lawfully served with process at the address listed in the Caption.

Case ID: 170300489

# I.
## THE PARTIES

1. This is an action against Defendant Goodyear Tire and Rubber Company in excess of fifty thousand dollars ($50,000,00.00).

2. At all times relevant hereto, Rysta Leona Susman was and is a resident of Franklin County, Nebraska. Rysta Leona Susman is the mother of Shane Allen Loveland and is the Court Appointed Guardian, as reflected in the Caption.

3. At all times relevant hereto, Shane Allen Loveland was a resident of Buffalo County, Nebraska at the time of the accident. He currently resides with his mother, Rysta Leona, at the address set forth in the Caption.

4. At all times relevant hereto, Jacob Summers is an adult citizen who resides at the address set forth in the Caption.

5. Goodyear Tire and Rubber Company (hereafter "Goodyear") is a domestic Pennsylvania business entity, that is actively registered with the Pennsylvania Department of State as a domestic Pennsylvania business entity, that regularly engages in the business of designing and manufacturing and distributing automotive tires including but not limited to the tire at issue in the immediate litigation. Although Goodyear is a domestic Pennsylvania business entity, it can be served at the address set forth in the Caption.

6. Goodyear submitted themselves to the jurisdiction and venue of this Court by regularly conducting business in Philadelphia County, Pennsylvania for which they receive significant revenue.

7. At all times material to the incident, and all material times leading up thereto, Goodyear was acting through their agents, servants and/or employees engaged in their business and acting within the scope of their employment.

## II.
### FACTUAL BACKGROUND

8. Plaintiffs hereby re-allege and incorporate by reference all preceding paragraphs as if set forth in full herein.

9. On or about May 1, 2015, Shane Loveland and Jacob Summers were passengers in a 2003 Chevrolet Silverado SC1 pickup truck when the vehicle's right rear tire suffered a tread separation. As a result of the tread separation, the vehicle operator was unable to maintain a straight line of travel and the Chevrolet Silverado left the roadway, crossed into the median and caused a rollover. During the incident, Shane Loveland sustained significant brain injuries among other injuries. Jacob Summers suffered significant orthopedic injuries.

10. At the time of this accident, the right rear tire on the vehicle was a Goodyear Wrangler HT, LT235/85R16 Load Range "E" bearing DOT MDORNJHV0244 (hereinafter also referred to as the "accident tire" or "subject tire"). The tread of the accident tire separated from the carcass, leading directly to the loss of control of the Chevrolet Silverado SC1. The design, manufacture, and marketing of the accident tire by Goodyear was defective and unreasonably dangerous both from a consumer expectation standard as well as from a risk-utility standard.

### COUNT I
### NEGLIGENCE AGAINST DEFENDANT GOODYEAR

11. Plaintiffs incorporate by reference all of the above Paragraphs as if set forth fully herein.

12. At all relevant times, Goodyear Tire & Rubber Company was in the business of designing, manufacturing and supplying tires for use on public roadways and held themselves out as having special expertise in that industry.

13. The Plaintiffs were foreseeable users of the vehicle with the defective tire manufactured and distributed by Goodyear Tire & Rubber Company. Goodyear Tire had a duty

Case ID: 170300489

not to design, manufacture or market a defective product.

14. The defective tire deviated from industry standards, was marketed without adequate testing and the probability that the tread would separate when used in the manner and for the purpose for which it was intended was known to Goodyear when the defective tire was manufactured and marketed. Accordingly, Goodyear breached its duty.

15. The negligence of Goodyear, as described above, directly and proximately caused Plaintiffs' catastrophic injuries, in that it or they directly and in natural and continuous sequence produced, contributed substantially or enhanced Plaintiffs' injuries.

16. The actions of Goodyear, as set forth above, constitute willful and wanton misconduct in disregard of the rights and safety of Plaintiffs, and warrant the imposition of punitive damages against Goodyear.

WHEREFORE, Plaintiffs demands judgment in their favor against Goodyear for damages in excess of $50,000.00, for compensatory damages, for punitive damages and for costs, and such other relief this Court deems just and for trial by jury on all issues so triable as a matter of right.

## COUNT II
## STRICT LIABILITY AGAINST GOODYEAR

17. Plaintiffs incorporate by reference all of the above Paragraphs as if set forth fully herein.

18. The subject tire was defectively designed, manufactured, and sold by Goodyear pursuant to both a risk-utility standard as well as a consumer expectation standard.

19. The subject tire was defectively marketed by Goodyear.

20. The subject tire was defective and unreasonably dangerous at the time it was designed, manufactured, marketed and distributed by the Defendant Goodyear. The defective tire

came apart while still within its expected tread life-use. The tire at issue failed during its useful tread life as a result of a separation of the tread and upper belt from the lower belt and carcass as a result of manufacturing and design defects, resulting in the subject accident.

21. Aside from foreseeable wear and aging, the subject tire was in the same defective condition at the time of the crash as it was when it left Goodyear's possession. The tire at issue was expected to and in fact reached its consumer market in the defective and unfit condition in which the tire was originally sold. The defective and unreasonably dangerous conditions of the tire were a producing and proximate cause of the incident made the basis of this suit and resulting damages.

22. Technologically and economically feasible safer alternative designs existed that would have remedied the defective condition of the subject tire and prevented or significantly reduced the risk of injury without substantially impairing the utility of the product pursuant to a risk-utility analysis. These safer alternative designs were economically and technologically feasible by the application of existing or reasonably achievable scientific knowledge. The safer alternative designs include, but are not limited to the following:

- (a) **The use of proper belt edge rubber strips or wedges or insulation or wraps;**
- (b) **The proper use of nylon or Kevlar belt reinforcements whether used in strips or caps or belts or full-belt-width plies;**
- (c) **Proper rubber antidegradants including a proper antioxidant package;**
- (d) **Proper innerliners with sufficient lapped splicing and sufficient rubber gauge and sufficient amounts of halobutyl rubber to guard against the permeation of air into the tire:**
- (e) **Other tire aging and separation countermeasures.**

23. Further, the subject tire was defective and unreasonably dangerous because it contained manufacturing defects.

24. Further, the subject tire was defective and unreasonably dangerous because it lacked adequate warnings to consumers and users about the dangers associated with tire aging irrespective or wear and use, including detreads.

25. The aforementioned defects were each proximate causes of the tires failure and resulting injuries of Plaintiffs.

26. The actions of Goodyear as set forth above, constitute willful and wanton misconduct in disregard of the rights and safety of Plaintiffs, and warrant the imposition of punitive damages against Goodyear.

WHEREFORE, Plaintiffs demands judgment in their favor, against Goodyear for damages in excess of $50,000.00, for compensatory damages, for punitive damages and for costs, and such other relief this Court deems just and for trial by jury on all issues so triable as a matter of right.

## COUNT III
### BREACH OF WARRANTY AGAINST GOODYEAR

27. Plaintiffs incorporate by reference all of the above Paragraphs as if set forth fully herein.

28. At all relevant times Goodyear was in the business of designing, manufacturing and supplying tires to the public.

29. Goodyear committed a breach of the warranty of merchantability in that the defective tire was not fit for its ordinary use.

30. The Plaintiffs were persons who would foreseeably be damaged by the breach of warranty of merchantability by the Defendant.

Case ID: 170300489

31. The breach of warranty of merchantability by Goodyear resulted in injuries to Plaintiffs.

WHEREFORE, Plaintiff demands judgment in their favor, against Goodyear for damages in excess of $50,000.00, for compensatory damages, for punitive damages and for costs, and such other relief this Court deems just and for trial by jury on all issues so triable as a matter of right.

                        **Respectfully submitted,**

                        **EISENBERG, ROTHWEILER, WINKLER, EISENBERG & JECK, P.C.**

BY: **/s/ Daniel J. Sherry, Jr.**
       DANIEL J. SHERRY, JR., ESQUIRE
       Attorney for Plaintiff

**DATED: March 8, 2017**

-8-

Case ID: 170300489

## VERIFICATION

Daniel J. Sherry, Jr., Esquire verifies that he is an associate of the law firm of Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C., attorneys for the Plaintiff in the foregoing matter, and that he is authorized to sign this Verification on behalf of said Plaintiff. He has reviewed the facts set forth in the foregoing Complaint and the facts set forth therein are true and correct to the best of his knowledge, information and belief. These statements are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

                                              **EISENBERG, ROTHWEILER, WINKLER,**
                                              **EISENBERG & JECK, P.C.**


                                       BY: **/s/ Daniel J. Sherry, Jr.**
                                              DANIEL J. SHERRY, JR., ESQUIRE
                                              Attorney for Plaintiff

**Date:  March 8 , 2017**

Case ID: 170300489