# Exhibit C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYSTA LEONA SUSMAN, as Legal Guardian of SHANE ALLEN LOVELAND, et al.<br><br>Plaintiffs,<br><br>v.<br><br>GOODYEAR TIRE & RUBBER COMPANY,<br><br>Defendant. | CIVIL ACTION NO.: _____ |

### NOTICE OF REMOVAL

Defendant, The Goodyear Tire & Rubber Company (sued as "Goodyear Tire & Rubber Company, and referred to here as "Goodyear"), by its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, gives notice of the removal of this action from the Court of Common Pleas of Philadelphia County (Case No. 000489) to the United States District Court for the Eastern District of Pennsylvania. Goodyear states the following in support of removal:

**I.     NATURE OF THE ACTION**

1.   Plaintiffs, Rysta Leona Susman (as legal guardian of Shane Allen Loveland) and Jacob Summers, filed a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, naming Goodyear as the sole defendant. (*See generally* Ex. A, Compl.)

2.   Goodyear received service of process on March 13, 2017. (*See id.*, Civil Cover Sheet (stamped received by Goodyear's legal department on March 13, 2017); *see also* Ex. B, Pls.' Aff. of Service at 1.)

3.   In the Complaint, Plaintiffs assert claims against Goodyear for negligence, strict liability, and breach of the warranty of merchantability. (*See* Ex. A, Compl. at 4-8). They allege that Loveland and Summers "were passengers in a . . . pickup truck when the vehicle's right rear

tire suffered a tread separation" and caused the pickup truck to leave the roadway and rollover. (*Id.*, ¶ 9.) Plaintiffs further allege that the tire at issue was manufactured by Goodyear, and "was defective and unreasonably dangerous." (*Id.*, ¶ 10.)

4. Plaintiffs seek multiple forms of relief for each of their claims, including, but not limited to:

(i) compensatory damages "in excess of $50,000";

(ii) punitive damages;

(iii) costs; and

(iv) such other forms of relief as the Court might deem appropriate.

(*Id.* at 5 (WHEREFORE clause); *see also id.* at 7 (same), 8 (same).)

## II. THIS COURT POSSESSES SUBJECT MATTER JURISDICTION OVER THE ACTION PURSUANT TO 28 U.S.C. § 1332.

5. This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . .").

6. It is clear from the face of the Complaint that the amount in controversy exceeds $75,000.

7. Plaintiffs (who are citizens of the State of Nebraska (*see* Ex. A, Compl., ¶¶ 2-4)) and Goodyear (which is a citizen of the State of Ohio (*see* Young Decl., ¶¶ 4-5)) are completely diverse.

8. Removal is proper because all applicable procedural requirements have been satisfied.

2

A. **The Amount In Controversy Exceeds $75,000.**

9. Plaintiffs raise three causes of action based on the allegedly "defective" and "unreasonably dangerous" nature of the tire at issue. (Ex. A, Compl., ¶ 10.)

10. Plaintiffs allege that Mr. Loveland sustained "significant brain injuries" and other injuries, and that Mr. Summers sustained "significant orthopedic injuries." (*Id.*, ¶ 9.)

11. With respect to each of their three claims, they seek (among other things) "***in excess of*** $50,000 for compensatory damages." (*Id.* at 5 (emphasis added) (WHEREFORE clause); *see also id.* at 7 (same), 8 (same).)

12. They also seek punitive damages. (*Id.* at 5 (WHEREFORE clause); *see also id.* at 7 (same), 8 (same).)

13. Diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)

14. From the face of the Complaint, it appears that Plaintiffs seek an amount exceeding $75,000, and that the amount-in-controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a); *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 395, 501 (3d Cir. 2014) (emphasis added) (providing that Plaintiffs—should they choose to challenge subject matter jurisdiction—must prove that their claims "***could not*** exceed the statutory threshold").

B. **The action is between citizens of different States.**

15. Mr. Loveland and Mr. Summers are both citizens of the State of Nebraska. (Ex. A, Compl., ¶¶ 3, 4.)

16. Although Plaintiffs erroneously allege that Goodyear is "a domestic Pennsylvania entity" (*Id.*, ¶ 5), it is in fact a citizen of Ohio, as it is organized under the laws of the State of Ohio and maintains its principal place of business in Akron, Ohio. (*See* Young Decl., ¶¶ 4-5.)

3

*See also, e.g., Moore v. The Goodyear Tire & Rubber Co.*, No. 10-372, 2010 WL 3167583, at *1 (N.D. Tex. Aug. 10, 2010) (demonstrating that Goodyear is incorporated under the laws of Ohio and maintains its principal place of business in Akron, Ohio); *Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 408 F. Supp. 1219, 1222 (D. Colo. 1976) (same).

17. The complete diversity requirement of 28 U.S.C. § 1332(a)(1) is thus satisfied here, as "no plaintiff [is] a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

### C. No exceptions to this Court's jurisdiction apply.

18. The exception to jurisdiction stated in 28 U.S.C. § 1441(b)(2) does not apply here because Goodyear is not a citizen "of the State in which [the] action [wa]s brought." (*See* Young Decl., ¶¶ 4-9 (establishing that Goodyear is a citizen of Ohio, and not a citizen of Pennsylvania).) *See also, e.g., Moore*, 2010 WL 3167583, at *1; *Big O Tire Dealers, Inc.*, 408 F. Supp. at 1222 (D. Colo. 1976).

19. No other jurisdictional exception applies.

### III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

20. This is a civil action within the meaning of the Acts of Congress relating to removal of cases. *See generally* 28 U.S.C. § 1446(a)-(b).

21. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of the March 13, 2017 receipt of the Summons and Complaint by Goodyear. (*See* Ex. A, Civil Cover Sheet; Ex. B, Pls.' Aff. of Service at 1.)

22. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will promptly be filed with the Philadelphia Court of Common Pleas.

4

23. In accordance with 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Goodyear are attached as Exhibit A.

24. The prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met. If any questions arise as to the propriety of the removal of this action, Goodyear requests the opportunity to present a brief, oral argument, and, as necessary, evidence in support of its position that this case is removable to this Court.

**WHEREFORE**, Goodyear removes this case to the United States District Court for the Eastern District of Pennsylvania, being the District for the county in which the action is pending, and respectfully requests that the filing of this Notice of Removal in this Court and with the Philadelphia Court of Common Pleas shall effect removal of this action to this Court, and that no further proceedings be had in this case in the Court of Common Pleas for Philadelphia County.

Dated: April 12, 2017.

Respectfully submitted,

_____
Jayne A. Risk
jayne.risk@dlapiper.com
Justin Kerner
justin.kerner@dlapiper.com
**DLA PIPER LLP (US)**
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
Phone: (215) 656-3300
Fax: (215) 656-3301

*Attorneys for Defendant,*
*Goodyear Tire & Rubber Company*

5

# Exhibit A



info@erlegal.com
PA  P: 215 546 6636  F: 215 546 0118
NJ  P: 856 751 6652  F: 856 489 1975

DANIEL J. SHERRY, ESQUIRE
DANIEL@ERLEGAL.COM
215-546-6636

For life's toughest trials™

March 9, 2017

**VIA CERTIFIED MAIL**
Goodyear Tire & Rubber Company
200 Innovative Way
Akron, OH 44316

RECEIVED
MAR 13 2017
GOODYEAR LAW
DEPARTMENT 822

Re: **Susman v. Goodyear Tire & Rubber Company**
**March Term, 2017; No. 0489**

Dear Sir/Madam:

Enclosed you will find Civil Action Complaint filed against your company as captioned above.

Please be guided accordingly.

Thank you.

Sincerely,

/s/ Daniel J. Sherry

DANIEL J. SHERRY

DJS/pr
Enclosure

Philadelphia
1634 Spruce Street
Philadelphia, PA 19103

New Jersey
1930 Route 70 East, Suite Q-42
Cherry Hill, NJ 08003

Trial Lawyers
erlegal.com
866 569 3400

| Court of Common Pleas of Philadelphia County<br>Trial Division<br>**Civil Cover Sheet** | For Prothonotary Use Only (Docket Number)<br>MARCH 2017    000489<br>E-Filing Number: 1703019160 |
|---|---|
| PLAINTIFF'S NAME<br>RYSTA LEONA. SUSMAN | DEFENDANT'S NAME<br>GOODYEAR TIRE & RUBBER COMPANY |
| PLAINTIFF'S ADDRESS<br>304 SHEPPARD AVENUE<br>HILDRETH NE 68947 | DEFENDANT'S ADDRESS<br>200 INNOVATION WAY<br>AKRON OH 44316  RECEIVED MAR 13 2017 GOODYEAR LAW DEPARTMENT 822 |
| PLAINTIFF'S NAME<br>SHANE ALLEN. LOVELAND | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS<br>304 SHEPPARD AVENUE<br>HILDRETH NE 68947 | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME<br>JACOB SUMMERS | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS<br>823 SOUTH MAIN STREET<br>WILBER NE 68465 | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 3 | 1 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration  [ ] Mass Tort  [ ] Commerce  [ ] Settlement<br>[X] Jury  [ ] Savings Action  [ ] Minor Court Appeal  [ ] Minors<br>[ ] Non-Jury  [ ] Petition  [ ] Statutory Appeals  [ ] W/D/Survival<br>[ ] Other: |

CASE TYPE AND CODE
2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br>MAR 08 2017<br>M. BRYANT | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES    NO |
|---|---|---|

TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: RYSTA LEONA SUSMAN , SHANE ALLEN LOVELAND , JACOB SUMMERS
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>DANIEL J. SHERRY | ADDRESS<br>EISENBERG ROTHWEILER WINKLER<br>EISENBERG & JECK PC<br>1634 SPRUCE STREET<br>PHILADELPHIA PA 19103 |
|---|---|
| PHONE NUMBER   FAX NUMBER<br>(215)546-6636   (215)546-0118 | |
| SUPREME COURT IDENTIFICATION NO.<br>201515 | E-MAIL ADDRESS<br>daniel@erlegal.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>DANIEL SHERRY | DATE SUBMITTED<br>Wednesday, March 08, 2017, 11:34 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**EISENBERG, ROTHWEILER, WINKLER,
EISENBERG & JECK, P.C.
BY: DANIEL J. SHERRY, JR., ESQUIRE
ATTORNEY I.D. No. 201515
1634 Spruce Street
Philadelphia, PA 19103
215.546.6636**

**ATTORNEY FOR PLAINTIFFS**



Filed and Attested by the
Office of Judicial Records
03 MAR 2017 12:43 am

| | |
|---|---|
| RYSTA LEONA SUSMAN, as Legal Guardian of : <br> SHANE ALLEN LOVELAND <br> 304 Sheppard Ave. <br> Hildreth, NE 68947 <br>     and <br> JACOB SUMMERS <br> 823 S. Main <br> Wilber, NE 68465 <br>                           Plaintiffs <br>    v. <br> GOODYEAR TIRE & RUBBER COMPANY <br> 200 Innovation Way <br> Akron, Ohio 44316 <br>                           Defendant | COURT OF COMMON PLEAS <br> PHILADELPHIA COUNT <br><br> MARCH TERM, 2017 <br><br> NO. <br><br><br> **JURY TRIAL DEMANDED** |

-1-

Case ID: 170300489

## Notice to Defend

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you buy the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE<br><br>**LAWYER REFERRAL SERVICE**<br>One Reading Center<br>1101 Market Street<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333 | Le han demandado a usted en la corte. Si, usted quiere defenderse de estas demandas expuetas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fedcha de la demanda y la notificatioíon. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con tadas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTA. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO."<br><br>**SERVICIO DE REFERENCIA LEGAL**<br>One Reading Center<br>1101 Market Street<br>Filadelfia, Pennsylvania 19107<br>Teléfono (215) 238-6333 |

## COMPLAINT

Plaintiffs, Rysta Leona Susman, both Individually and as Personal Representative and Legal Guardian of Shane Allen Loveland, and Jacob Summers, sues Defendant, Goodyear Tire & Rubber Company, a Pennsylvania business corporation under the law of the Commonwealth of Pennsylvania that can be lawfully served with process at the address listed in the Caption.

## I.
### THE PARTIES

1. This is an action against Defendant Goodyear Tire and Rubber Company in excess of fifty thousand dollars ($50,000,00.00).

2. At all times relevant hereto, Rysta Leona Susman was and is a resident of Franklin County, Nebraska. Rysta Leona Susman is the mother of Shane Allen Loveland and is the Court Appointed Guardian, as reflected in the Caption.

3. At all times relevant hereto, Shane Allen Loveland was a resident of Buffalo County, Nebraska at the time of the accident. He currently resides with his mother, Rysta Leona, at the address set forth in the Caption.

4. At all times relevant hereto, Jacob Summers is an adult citizen who resides at the address set forth in the Caption.

5. Goodyear Tire and Rubber Company (hereafter "Goodyear") is a domestic Pennsylvania business entity, that is actively registered with the Pennsylvania Department of State as a domestic Pennsylvania business entity, that regularly engages in the business of designing and manufacturing and distributing automotive tires including but not limited to the tire at issue in the immediate litigation. Although Goodyear is a domestic Pennsylvania business entity, it can be served at the address set forth in the Caption.

6. Goodyear submitted themselves to the jurisdiction and venue of this Court by regularly conducting business in Philadelphia County, Pennsylvania for which they receive significant revenue.

7. At all times material to the incident, and all material times leading up thereto, Goodyear was acting through their agents, servants and/or employees engaged in their business and acting within the scope of their employment.

-3-

## II.
### FACTUAL BACKGROUND

8. Plaintiffs hereby re-allege and incorporate by reference all preceding paragraphs as if set forth in full herein.

9. On or about May 1, 2015, Shane Loveland and Jacob Summers were passengers in a 2003 Chevrolet Silverado SC1 pickup truck when the vehicle's right rear tire suffered a tread separation. As a result of the tread separation, the vehicle operator was unable to maintain a straight line of travel and the Chevrolet Silverado left the roadway, crossed into the median and caused a rollover. During the incident, Shane Loveland sustained significant brain injuries among other injuries. Jacob Summers suffered significant orthopedic injuries.

10. At the time of this accident, the right rear tire on the vehicle was a Goodyear Wrangler HT, LT235/85R16 Load Range "E" bearing DOT MDORNJHV0244 (hereinafter also referred to as the "accident tire" or "subject tire"). The tread of the accident tire separated from the carcass, leading directly to the loss of control of the Chevrolet Silverado SC1. The design, manufacture, and marketing of the accident tire by Goodyear was defective and unreasonably dangerous both from a consumer expectation standard as well as from a risk-utility standard.

### COUNT I
### NEGLIGENCE AGAINST DEFENDANT GOODYEAR

11. Plaintiffs incorporate by reference all of the above Paragraphs as if set forth fully herein.

12. At all relevant times, Goodyear Tire & Rubber Company was in the business of designing, manufacturing and supplying tires for use on public roadways and held themselves out as having special expertise in that industry.

13. The Plaintiffs were foreseeable users of the vehicle with the defective tire manufactured and distributed by Goodyear Tire & Rubber Company. Goodyear Tire had a duty

-4-

Case ID: 170300489

not to design, manufacture or market a defective product.

14. The defective tire deviated from industry standards, was marketed without adequate testing and the probability that the tread would separate when used in the manner and for the purpose for which it was intended was known to Goodyear when the defective tire was manufactured and marketed. Accordingly, Goodyear breached its duty.

15. The negligence of Goodyear, as described above, directly and proximately caused Plaintiffs' catastrophic injuries, in that it or they directly and in natural and continuous sequence produced, contributed substantially or enhanced Plaintiffs' injuries.

16. The actions of Goodyear, as set forth above, constitute willful and wanton misconduct in disregard of the rights and safety of Plaintiffs, and warrant the imposition of punitive damages against Goodyear.

WHEREFORE, Plaintiffs demands judgment in their favor against Goodyear for damages in excess of $50,000.00, for compensatory damages, for punitive damages and for costs, and such other relief this Court deems just and for trial by jury on all issues so triable as a matter of right.

## COUNT II
## STRICT LIABILITY AGAINST GOODYEAR

17. Plaintiffs incorporate by reference all of the above Paragraphs as if set forth fully herein.

18. The subject tire was defectively designed, manufactured, and sold by Goodyear pursuant to both a risk-utility standard as well as a consumer expectation standard.

19. The subject tire was defectively marketed by Goodyear.

20. The subject tire was defective and unreasonably dangerous at the time it was designed, manufactured, marketed and distributed by the Defendant Goodyear. The defective tire

-5-

Case ID: 170300489