# EXHIBIT C (continued)

came apart while still within its expected tread life-use. The tire at issue failed during its useful tread life as a result of a separation of the tread and upper belt from the lower belt and carcass as a result of manufacturing and design defects, resulting in the subject accident.

21. Aside from foreseeable wear and aging, the subject tire was in the same defective condition at the time of the crash as it was when it left Goodyear's possession. The tire at issue was expected to and in fact reached its consumer market in the defective and unfit condition in which the tire was originally sold. The defective and unreasonably dangerous conditions of the tire were a producing and proximate cause of the incident made the basis of this suit and resulting damages.

22. Technologically and economically feasible safer alternative designs existed that would have remedied the defective condition of the subject tire and prevented or significantly reduced the risk of injury without substantially impairing the utility of the product pursuant to a risk-utility analysis. These safer alternative designs were economically and technologically feasible by the application of existing or reasonably achievable scientific knowledge. The safer alternative designs include, but are not limited to the following:

(a) **The use of proper belt edge rubber strips or wedges or insulation or wraps;**

(b) **The proper use of nylon or Kevlar belt reinforcements whether used in strips or caps or belts or full-belt-width plies;**

(c) **Proper rubber antidegradants including a proper antioxidant package;**

(d) **Proper innerliners with sufficient lapped splicing and sufficient rubber gauge and sufficient amounts of halobutyl rubber to guard against the permeation of air into the tire:**

(e) **Other tire aging and separation countermeasures.**

23. Further, the subject tire was defective and unreasonably dangerous because it contained manufacturing defects.

24. Further, the subject tire was defective and unreasonably dangerous because it lacked adequate warnings to consumers and users about the dangers associated with tire aging irrespective or wear and use, including detreads.

25. The aforementioned defects were each proximate causes of the tires failure and resulting injuries of Plaintiffs.

26. The actions of Goodyear as set forth above, constitute willful and wanton misconduct in disregard of the rights and safety of Plaintiffs, and warrant the imposition of punitive damages against Goodyear.

WHEREFORE, Plaintiffs demands judgment in their favor, against Goodyear for damages in excess of $50,000.00, for compensatory damages, for punitive damages and for costs, and such other relief this Court deems just and for trial by jury on all issues so triable as a matter of right.

## COUNT III
## BREACH OF WARRANTY AGAINST GOODYEAR

27. Plaintiffs incorporate by reference all of the above Paragraphs as if set forth fully herein.

28. At all relevant times Goodyear was in the business of designing, manufacturing and supplying tires to the public.

29. Goodyear committed a breach of the warranty of merchantability in that the defective tire was not fit for its ordinary use.

30. The Plaintiffs were persons who would foreseeably be damaged by the breach of warranty of merchantability by the Defendant.

-7-

Case ID: 170300489

8:18-cv-00127-LSC-SMB Doc # 10-6 Filed 09/05/17 Page 4 of 10
Case 2:17-cv-01082-JHS Document 1-1 Filed 04/12/17 Page 11 of 12
Page ID # 264

31. The breach of warranty of merchantability by Goodyear resulted in injuries to Plaintiffs.

WHEREFORE, Plaintiff demands judgment in their favor, against Goodyear for damages in excess of $50,000.00, for compensatory damages, for punitive damages and for costs, and such other relief this Court deems just and for trial by jury on all issues so triable as a matter of right.

                                               **Respectfully submitted,**

                                               **EISENBERG, ROTHWEILER, WINKLER,**
                                             **EISENBERG & JECK, P.C.**

                                    BY: **/s/ Daniel J. Sherry, Jr.**
                                         DANIEL J. SHERRY, JR., ESQUIRE
                                         Attorney for Plaintiff

**DATED:** **March 8, 2017**

## VERIFICATION

Daniel J. Sherry, Jr., Esquire verifies that he is an associate of the law firm of Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C., attorneys for the Plaintiff in the foregoing matter, and that he is authorized to sign this Verification on behalf of said Plaintiff. He has reviewed the facts set forth in the foregoing Complaint and the facts set forth therein are true and correct to the best of his knowledge, information and belief. These statements are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

                                    **EISENBERG, ROTHWEILER, WINKLER,**
                                    **EISENBERG & JECK, P.C.**

                                    BY: **/s/ Daniel J. Sherry, Jr.**
                                        DANIEL J. SHERRY, JR., ESQUIRE
                                        Attorney for Plaintiff

**Date: March 8 , 2017**

Case ID: 170300489

# Exhibit B

EISENBERG, ROTHWEILER, WINKLER,
EISENBERG & JECK, P.C.
BY: DANIEL J. SHERRY, JR., ESQUIRE    ATTORNEY FOR PLAINTIFFS
ATTORNEY I.D. No. 201515
1634 Spruce Street
Philadelphia, PA 19103
215.546.6636

*Filed and Attested by the Office of Judicial Records 24 MAR 2017 04:05 pm P. MARTIN*

| | |
|---|---|
| RYSTA LEONA SUSMAN, as Legal Guardian of SHANE ALLEN LOVELAND <br><br> and <br><br> JACOB SUMMERS <br>                           Plaintiffs <br><br> v. <br><br> GOODYEAR TIRE & RUBBER COMPANY <br>                           Defendant | COURT OF COMMON PLEAS <br> PHILADELPHIA COUNTY <br> MARCH TERM, 2017 <br><br> NO. 0489 |

## AFFIDAVIT OF SERVICE

I, Paula Romano, Paralegal to DANIEL J. SHERRY, JR. ESQUIRE, hereby certify that on March 9, 2017, Plaintiff's Complaint in Civil Action was forwarded to Defendant, Goodyear Tire & Rubber Company by Certified Mail, Return Receipt Requested # 7011 0470 00000 2467 0746. A copy of the signed return receipt indicating acceptance of said Complaint in Civil Action is attached hereto and dated March 13, 2016.

                                                         EISENBERG, ROTHWEILER,
                                                         WINKLER, EISENBERG & JECK, P.C.

                                            By:    ***/s/ Paula Romano***
                                                         Paula Romano, Paralegal to
                                                         DANIEL J. SHERRY, JR., ESQUIRE
DATED: 3/24/17                                     Attorney for Plaintiffs

Case ID: 170300489

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Goodyear Tire + Rubber Co.
200 Innovative Way
Akron, OH 44316

2. Article Number (Transfer from service label): 7011 0470 0000 2467 0746

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X V. Smallwood    ☒ Agent  ☐ Addressee

B. Received by (Printed Name): V. Smallwood
C. Date of Delivery: 3-13-17

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☒ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

Case ID: 170300489

UNITED STATES POSTAL SERVICE
CMM 440
13 MAR '17
PM 5 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Eisenberg, Rothweiler
Winkler, Eisenberg & Jeck, P.C.
1634 Spruce Street
Philadelphia, PA 19103

RTN: PR

Case ID: 170300489

# DECLARATION OF DANIEL T. YOUNG

I, Daniel T. Young, declare:

1. I am over the age of eighteen (18). Unless otherwise indicated, I have personal knowledge of the matters set forth in this declaration, and I am competent to testify to the following.

2. I am currently the Assistant Secretary of The Goodyear Tire & Rubber Company. I have been an employee of the company since 2007.

3. By virtue of my tenure with The Goodyear Tire & Rubber Company, I am generally familiar with its United States business operations, its relationship with company-owned and authorized retailers that sell Goodyear tires, and the location of The Goodyear Tire & Rubber Company's businesses, including its manufacturing facilities.

4. The Goodyear Tire & Rubber Company is incorporated under the laws of the State of Ohio.

5. The Goodyear Tire & Rubber Company maintains its corporate headquarters, which serves as its principal place of business, at 200 Innovation Way in Akron, Ohio.

6. The Goodyear Tire & Rubber Company is not domiciled in the Commonwealth of Pennsylvania, and it is not a "domestic" entity in Pennsylvania.

7. I was recently informed that the website maintained by the Pennsylvania Secretary of State lists "Goodyear Tire and Rubber Company" (as contrasted with Goodyear's correct name, "**The** Goodyear Tire & Rubber Company") as an "active" and "domestic" Pennsylvania corporation. However, the website hosts no documents that might support such a finding. Instead, documents hosted on that website, under the heading of "Goodyear Tire and