# Exhibit D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYSTA LEONA SUSMAN, as Legal Guardian of SHANE ALLEN LOVELAND, et al.<br><br>Plaintiffs,<br><br>v.<br><br>GOODYEAR TIRE & RUBBER COMPANY,<br><br>Defendant. | CIVIL ACTION NO.: 2:17-cv-01682-JHS |

## THE GOODYEAR TIRE & RUBBER COMPANY'S ANSWER TO THE COMPLAINT

Defendant, The Goodyear Tire & Rubber Company (sued as "Goodyear Tire & Rubber Company") ("Goodyear"), submits the following Answer, stating:

1. Goodyear need not respond to the allegations in this paragraph because they do not assert claims against it. To the extent these allegations are deemed factual, Goodyear is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Therefore, they are denied.

2. Goodyear is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Therefore, they are denied.

3. Goodyear is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Therefore, they are denied.

4. Goodyear is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Therefore, they are denied.

5. Goodyear admits only that it "engages in the business of designing and manufacturing and distributing automotive tires." Goodyear denies that it is "a domestic

Pennsylvania entity, that is actively registered with the Pennsylvania Department of State . . . ." By way of further answer, Goodyear is a foreign corporation that is actively registered with the Pennsylvania Department of State as a foreign entity. Goodyear is incorporated under the laws of the State of Ohio and maintains its principle place of business at 200 Innovation Way, Akron, Ohio 44316-0001.

6. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent these allegations are deemed factual, Goodyear denies that it submitted to "the jurisdiction and venue of this Court by regularly conducting business in Philadelphia County, Pennsylvania for which they [sic] receive significant revenue."

7. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure.

8. Goodyear re-alleges and incorporates each of its prior answers to Paragraphs 1-7 as though the same were set forth herein.

9. Goodyear specifically denies that "the tread separation" caused "the vehicle operator" to lose control of the vehicle, and it specifically denies that "the tread separation . . . caused a rollover." Goodyear is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, they are denied.

10. Denied.

11. Goodyear re-alleges and incorporates each of its prior answers to Paragraphs 1-10 as though the same were set forth herein.

12. Goodyear is incorporated as "The Goodyear Tire & Rubber Company." Goodyear admits only that it designs, manufactures, and distributes tires for use on public roadways. To the

extent that the Complaint refers to an entity other than Goodyear—specifically, "Goodyear Tire & Rubber Company"—Goodyear is without knowledge or information sufficient to form a belief as to that company's business or operations. Therefore, such allegations are denied.

13. Goodyear specifically denies that the tire referred to in this paragraph (the "Subject Tire") was defective. The remaining allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent those allegations are deemed factual, and to the extent that the Complaint refers to an entity other than Goodyear—specifically, "Goodyear Tire & Rubber Company" or "Goodyear Tire"—Goodyear is without knowledge or information sufficient to form a belief as to that company's business or operations. Therefore, such allegations are denied.

14. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent those allegations are deemed factual, they are denied.

15. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent those allegations are deemed factual, they are denied.

16. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent those allegations are deemed factual, they are denied.

17. Goodyear re-alleges and incorporates each of its prior answers to Paragraphs 1-16 as though the same were set forth herein.

3

18. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent those allegations are deemed factual, they are denied.

19. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent those allegations are deemed factual, they are denied.

20. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent those allegations are deemed factual, Goodyear is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. They are therefore denied.

21. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent those allegations are deemed factual, Goodyear is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. They are therefore denied.

22. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent those allegations are deemed factual, they are denied.

  a. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent those allegations are deemed factual, they are denied.

  b. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent those allegations are deemed factual, they are denied.

  c. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent those allegations are deemed factual, they are denied.

  d. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent those allegations are deemed factual, they are denied.

  e. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent those allegations are deemed factual, they are denied.

23. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent those allegations are deemed factual, they are denied.

24. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent those allegations are deemed factual, they are denied.

25. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent those allegations are deemed factual, they are denied.

26. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent those allegations are deemed factual, they are denied.

27. Goodyear re-alleges and incorporates each of its prior answers to Paragraphs 1-27 as though the same were set forth herein.

28. Goodyear is incorporated as "The Goodyear Tire & Rubber Company." Goodyear admits ONLY that it designs, manufactures, and supplies tires to the public. To the extent that the Complaint refers to an entity other than Goodyear—specifically, "Goodyear Tire & Rubber Company"—Goodyear is without knowledge or information sufficient to form a belief as to that company's business or operations. Therefore, such allegations are denied.

29. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent those allegations are deemed factual, they are denied.

30. The allegations in this paragraph are conclusions of law to which no response is required by the Federal Rules of Civil Procedure. To the extent those allegations are deemed factual, they are denied.

31. Denied.

## NEW MATTER

By way of further answer, Goodyear asserts the following New Matter in response to the plaintiffs' Complaint:

1. Plaintiffs' Complaint fails, in whole or in part, to state a claim against Goodyear upon which relief can be granted.

2. Plaintiffs' claims may be barred and/or limited, in whole or in part, by applicable statute(s) of limitations.

3. Plaintiffs' claims may be barred and/or limited by the doctrine of waiver.

4. Plaintiffs' claims may be barred and/or limited by the doctrine of estoppel.

5. The events may show that plaintiffs' claims are barred by the doctrine of spoliation.

6. Plaintiffs incurred no damages or injuries as a result of any act(s) or omission(s) by Goodyear.

7. Goodyear believes, and therefore avers, that the injuries and damages alleged by plaintiffs were caused by the acts and/or omissions of persons and/or entities over whom or which Goodyear had no control, as shall be determined during the course of discovery.

8. Any product sold, manufactured, or distributed by Goodyear was not a substantial contributing factor to any injury or damage alleged to have been sustained by plaintiffs.

9. The conduct of individuals and/or entities other than Goodyear – and over whom/which defendant Goodyear had no control – constitute superseding, intervening causes of the incident, injuries, and damages alleged by plaintiffs.

10. Assuming, *arguendo*, that the Subject Tire allegedly involved in this accident was a Goodyear product, then that product was not in the same condition at the time it was allegedly used by plaintiffs as it was at the time it passed out of the control of Goodyear.

11. If a product of Goodyear was involved as alleged, then that product, subsequent to the time that it left the control of Goodyear, may have undergone substantial alteration, abuse, and/or misuse, and such alteration, abuse, and/or misuse may have caused the accident, injuries and/or damages alleged in plaintiffs' Complaint.

12. Goodyear denies that the tire allegedly installed on the vehicle involved in the incident at issue was defective or unreasonably dangerous for its ordinary intended use at the time it left defendants' possession.

13. Plaintiffs' claims may be barred and/or recovery may be limited by virtue of misuse by some or all of the plaintiffs and/or other parties/entities' failure to properly care for or maintain the subject product.

14. Goodyear denies liability in any respect. However, if it is determined to the contrary, and if Pennsylvania law applies to this action, then plaintiffs' causes of action may be barred and/or limited by the provisions of the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. §7102, et seq., and the laws of the Commonwealth of Pennsylvania.

15. Some or all of plaintiffs' alleged injuries and damages are unrelated to the incident that is the subject matter of plaintiffs' Complaint and/or plaintiffs have failed to mitigate some of their alleged damages.

16. If plaintiffs are entitled to receive benefits from the injuries alleged in the Complaint from sources other than a joint tortfeasor, then the amounts of these benefits shall be reduced and/or deducted from any recovery by plaintiffs in this action in accordance with the collateral source rule.

17. Goodyear reserves the right to amend its answer to plaintiffs' Complaint as discovery warrants.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant, The Goodyear Tire & Rubber Company (sued as Goodyear Tire & Rubber Company), respectfully requests that judgment be entered in its favor and against plaintiffs, dismissing with prejudice all claims asserted against it, and that it be awarded its costs, attorney fees, expert witness fees, and such further relief as the Court deems proper.

Dated: April 19, 2017                           Respectfully submitted,


                                                /s/ Jayne Risk
                                                Jayne A. Risk
                                                *jayne.risk@dlapiper.com*
                                                Justin Kerner
                                                *justin.kerner@dlapiper.com*
                                                **DLA PIPER LLP (US)**
                                                One Liberty Place
                                                1650 Market Street, Suite 4900
                                                Philadelphia, PA 19103
                                                Phone: (215) 656-3300
                                                Fax: (215) 656-3301

                                                *Attorneys for Defendant,*
                                                *The Goodyear Tire & Rubber Company*

# CERTIFICATE OF SERVICE

I certify that on April 19, 2017, I have served a true and correct copy of the foregoing Answer upon the following counsel for Plaintiffs:

Daniel J. Sherry, Jr., Esquire
EISENBERG, ROTHWEILER, WINKLER, EISENBERG & JECK, P.C.
1634 Spruce Street
Philadelphia, PA  19103


DATED:  April 19, 2017          /s/ Jayne Risk
                                Jayne Risk

                                *Attorney for Defendant,*
                                *Goodyear Tire & Rubber Company*