# Exhibit L

| | |
|---|---|
| **EISENBERG, ROTHWEILER, WINKLER,** <br> **EISENBERG & JECK, P.C.** <br> **BY: DANIEL J. SHERRY, JR., ESQUIRE** <br> **ATTORNEY I.D. No. 201515** <br> 1634 Spruce Street <br> Philadelphia, PA 19103 <br> 215.546.6636 | **ATTORNEY FOR PLAINTIFFS** <br> *Filed and Attested by the Office of Judicial Records 18 JUL 2017 04:31 pm A. STAMATO* |

---

| | |
|---|---|
| RYSTA LEONA SUSMAN, as Legal Guardian of <br> SHANE ALLEN LOVELAND; <br> 304 Sheppard Ave. <br> Hildreth, Nebraska 68947 <br> <br> and <br> <br> JACOB SUMMERS <br> 823 S. Main <br> Wilber, Nebraska 68465 <br> <br>                      Plaintiffs <br> <br> v. <br> <br> GOODYEAR TIRE & RUBBER COMPANY <br> C/O CORPORATION SERVICE COMPANY <br> 2595 Interstate Drive, Suite 103 <br> Harrisburg, Pennsylvania 17110 <br> <br> and <br> <br> THE GOODYEAR TIRE & RUBBER COMPANY <br> 200 Innovation Way <br> Akron, Ohio 44316 <br> <br> and <br> <br> THE GOODYEAR TIRE & RUBBER <br> COMPANY d/b/a GOODYEAR TIRE AND <br> RUBBER COMPANY <br> 200 Innovation Way <br> Akron, Ohio 44316 <br> <br> and <br> <br> THE GOODYEAR TIRE & RUBBER | COURT OF COMMON PLEAS <br> <br> PHILADELPHIA COUNTY <br> <br> <br> MAY TERM, 2017 <br> <br> NO. 0306 <br> <br> <br> **<u>JURY TRIAL DEMANDED</u>** |

Case ID: 170500306

| | |
|---|---|
| COMPANY d/b/a GOODWEAR TIRE<br>AND RUBBER COMPANY<br>200 Innovation Way<br>Akron, Ohio 44316 | :<br>:<br>:<br>: |
| and | : |
| GOODWEAR TIRE & RUBBER COMPANY<br>200 Innovation Way<br>Akron, Ohio 44316 | :<br>:<br>:<br>: |
| and | : |
| GOODWEAR TIRE & RUBBER COMPANY<br>d/b/a THE GOODYEAR TIRE & RUBBER<br>COMPANY<br>200 Innovation Way<br>Akron, Ohio 44316 | :<br>:<br>:<br>:<br>: |
| and | : |
| GOODWEAR TIRE & RUBBER COMPANY<br>d/b/a GOODYEAR TIRE & RUBBER<br>COMPANY<br>200 Innovation Way<br>Akron, Ohio 44316 | :<br>:<br>:<br>:<br>: |
| and | : |
| GOODYEAR TIRE & RUBBER COMPANY<br>200 Innovation Way<br>Akron, Ohio 44316 | :<br>:<br>:<br>: |
| and | : |
| GOODYEAR TIRE & RUBBER COMPANY<br>d/b/a THE GOODYEAR TIRE & RUBBER<br>COMPANY<br>200 Innovation Way<br>Akron, Ohio 44316 | :<br>:<br>:<br>:<br>: |
| and | : |
| GOODYEAR TIRE & RUBBER COMPANY<br>d/b/a GOODWEAR TIRE & RUBBER<br>COMPANY<br>200 Innovation Way<br>Akron, Ohio 44316 | :<br>:<br>:<br>:<br>: |

Case ID: 170500306

Defendants    :

:
_____

## Notice to Defend

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you buy the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si, usted quiere defenderse de estas demandas expuetas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fedcha de la demanda y la notificatioíon. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con tadas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE | "LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTA. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO." |
| **LAWYER REFERRAL SERVICE**<br>**One Reading Center**<br>**1101 Market Street**<br>**Philadelphia, Pennsylvania 19107**<br>**(215) 238-6333** | **SERVICIO DE REFERENCIA LEGAL**<br>**One Reading Center**<br>**1101 Market Street**<br>**Filadelfia, Pennsylvania 19107**<br>**Teléfono (215) 238-6333** |

## COMPLAINT

Plaintiffs, Rysta Leona Susman, both Individually and as Personal Representative and Legal Guardian of Shane Allen Loveland, and Jacob Summers, sues Defendants, Goodyear Tire & Rubber Company, a Pennsylvania business corporation under the law of the Commonwealth

3

Case ID: 170500306

of Pennsylvania; Goodyear Tire and Rubber Company; Goodyear Tire and Rubber Company d/b/a The Goodyear Tire and Rubber Company; Goodyear Tire and Rubber Company d/b/a Goodwear Tire and Rubber Company, Goodwear Tire and Rubber Company; Goodwear Tire and Rubber Company d/b/a The Goodyear Tire and Rubber Company; Goodwear Tire and Rubber Company d/b/a Goodyear Tire and Rubber Company; The Goodyear Tire and Rubber Company; The Goodyear Tire and Rubber Company d/b/a Goodyear Tire and Rubber Company; and The Goodyear Tire and Rubber Company d/b/a Goodwear Tire and Rubber Company.

## I.
### THE PARTIES

1. This is an action against Defendants, Goodyear Tire & Rubber Company, a Pennsylvania business corporation under the law of the Commonwealth of Pennsylvania, Goodyear Tire and Rubber Company; Goodyear Tire and Rubber Company d/b/a The Goodyear Tire and Rubber Company; Goodyear Tire and Rubber Company d/b/a Goodwear Tire and Rubber Company, Goodwear Tire and Rubber Company; Goodwear Tire and Rubber Company d/b/a The Goodyear Tire and Rubber Company; Goodwear Tire and Rubber Company d/b/a Goodyear Tire and Rubber Company; The Goodyear Tire and Rubber Company; The Goodyear Tire and Rubber Company d/b/a Goodyear Tire and Rubber Company; and The Goodyear Tire and Rubber Company d/b/a Goodwear Tire and Rubber Company in excess of fifty thousand dollars ($50,000,00.00). This action was initiated on May 31, 2017 via a Writ of Summons.

2. At all times relevant hereto, Rysta Leona Susman was and is a resident of Franklin County, Nebraska. Rysta Leona Susman is the mother of Shane Allen Loveland and is the Court Appointed Guardian, as reflected in the Caption.

Case ID: 170500306

3. At all times relevant hereto, Shane Allen Loveland was a resident of Buffalo County, Nebraska at the time of the accident. He currently resides with his mother, Rysta Leona Susman.

4. At all times relevant hereto, Jacob Summers was a resident of Saline County, Nebraska at the time of the accident.

5. Goodyear Tire and Rubber Company; Goodyear Tire and Rubber Company d/b/a The Goodyear Tire and Rubber Company; and Goodyear Tire and Rubber Company d/b/a Goodwear Tire and Rubber Company is a domestic Pennsylvania business entity, that is actively registered with the Pennsylvania Department of State as a domestic Pennsylvania business entity, that regularly engages in the business of designing and manufacturing automotive tires. Goodyear Tire & Rubber Company submitted themselves to the jurisdiction and venue of this Court by regularly conducting business in Philadelphia County, Pennsylvania for which they receive significant revenue.

6. Goodwear Tire and Rubber Company; Goodwear Tire and Rubber Company d/b/a The Goodyear Tire and Rubber Company; and Goodwear Tire and Rubber Company d/b/a Goodyear Tire and Rubber Company is a domestic Pennsylvania business entity, that is actively registered with the Pennsylvania Department of State as a domestic Pennsylvania business entity, that regularly engages in the business of designing and manufacturing automotive tires. Goodwear Tire & Rubber Company submitted themselves to the jurisdiction and venue of this Court by regularly conducting business in Philadelphia County, Pennsylvania for which they receive significant revenue.

7. The Goodyear Tire and Rubber Company; The Goodyear Tire and Rubber Company d/b/a Goodyear Tire and Rubber Company; and The Goodyear Tire and Rubber Company d/b/a Goodwear Tire and Rubber Company is a foreign business entity, that is actively registered with the Pennsylvania Department of State, that regularly engages in the business of designing and manufacturing automotive tires. The Goodyear Tire & Rubber Company submitted themselves to the jurisdiction and venue of this Court by regularly conducting business in Philadelphia County, Pennsylvania for which they receive significant revenue.

8. Goodyear Tire and Rubber Company; Goodyear Tire and Rubber Company d/b/a The Goodyear Tire and Rubber Company; Goodyear Tire and Rubber Company d/b/a Goodwear Tire and Rubber Company, Goodwear Tire and Rubber Company; Goodwear Tire and Rubber Company d/b/a The Goodyear Tire and Rubber Company; Goodwear Tire and Rubber Company d/b/a Goodyear Tire and Rubber Company; The Goodyear Tire and Rubber Company; The Goodyear Tire and Rubber Company d/b/a Goodyear Tire and Rubber Company; and The Goodyear Tire and Rubber Company d/b/a Goodwear Tire and Rubber Company are all ostensible agents of each other and/or were involved in a joint venture.

9. At all times material to the incident, and all material times leading up thereto, Goodyear was acting through their agents, servants and/or employees engaged in their business and acting within the scope of their employment.

## II.
### FACTUAL BACKGROUND

9. Plaintiffs hereby re-allege and incorporate by reference all preceding paragraphs as if set forth in full herein.

10. On or about May 1, 2015, Shane Loveland and Jacob Summers were passengers in a 2003 Chevrolet Silverado SC1 pickup truck when the vehicle's right rear tire suffered a tread separation. As a result of the tread separation, the vehicle operator was unable to maintain a straight line of travel and the Chevrolet Silverado left the roadway, crossed into the median and caused a rollover. During the incident, Shane Loveland sustained significant brain injuries among other injuries. Jacob Summers suffered significant orthopedic injuries.

11. At the time of this accident, the right rear tire on the vehicle was a Goodyear Wrangler HT, LT235/85R16 Load Range "E" bearing DOT MDORNJHV0244 (hereinafter also referred to as the "accident tire" or "subject tire"). The tread of the accident tire separated from the carcass, leading directly to the loss of control of the Chevrolet Silverado SC1. The design, manufacture, and marketing of the accident tire by the defendants, individually, as ostensible agents and acting in joint venture with each other, was defective and unreasonably dangerous both from a consumer expectation standard as well as from a risk-utility standard.

## COUNT I
## NEGLIGENCE AGAINST ALL DEFENDANTS

12. Plaintiffs incorporate by reference all of the above Paragraphs as if set forth fully herein.

13. At all relevant times, the defendants were in the business of designing, manufacturing and supplying tires for use on public roadways and held themselves out as having special expertise in that industry.

14. The Plaintiffs were foreseeable users of the vehicle with the defective tire manufactured and distributed by the defendants. Defendants had a duty not to design, manufacture or market a defective product.

15. The defective tire deviated from industry standards, was marketed without adequate testing and the probability that the tread would separate when used in the manner and for the purpose for which it was intended was known to defendants when the defective tire was manufactured and marketed. Accordingly, defendants breached their duty.

16. The negligence of defendants, as described above, directly and proximately caused Plaintiffs' catastrophic injuries, in that it or they directly and in natural and continuous sequence produced, contributed substantially or enhanced Plaintiffs' injuries.

17. The actions of defendants, as set forth above, constitute willful and wanton misconduct in disregard of the rights and safety of Plaintiffs, and warrant the imposition of punitive damages.

WHEREFORE, Plaintiffs demands judgment in their favor against defendants for damages in excess of $50,000.00, for compensatory damages, for punitive damages and for costs, and such other relief this Court deems just and for trial by jury on all issues so triable as a matter of right.

## COUNT II
## STRICT LIABILITY

18. Plaintiffs incorporate by reference all of the above Paragraphs as if set forth fully herein.

19. The subject tire was defectively designed, manufactured, and sold by the defendants pursuant to both a risk-utility standard as well as a consumer expectation standard.

20. The subject tire was defectively marketed by the defendants.

21. The subject tire was defective and unreasonably dangerous at the time it was designed, manufactured, marketed and distributed by the defendants. The defective tire came

Case ID: 170500306

apart while still within its expected tread life-use. The tire at issue failed during its useful tread life as a result of a separation of the tread and upper belt from the lower belt and carcass as a result of manufacturing and design defects, resulting in the subject accident.

22. Aside from foreseeable wear and aging, the subject tire was in the same defective condition at the time of the crash as it was when it left defendant's possession. The tire at issue was expected to and in fact reached its consumer market in the defective and unfit condition in which the tire was originally sold. The defective and unreasonably dangerous conditions of the tire were a producing and proximate cause of the incident made the basis of this suit and resulting damages.

23. Technologically and economically feasible safer alternative designs existed that would have remedied the defective condition of the subject tire and prevented or significantly reduced the risk of injury without substantially impairing the utility of the product pursuant to a risk-utility analysis. These safer alternative designs were economically and technologically feasible by the application of existing or reasonably achievable scientific knowledge. The safer alternative designs include, but are not limited to the following:

(a) **The use of proper belt edge rubber strips or wedges or insulation or wraps;**

(b) **The proper use of nylon or Kevlar belt reinforcements whether used in strips or caps or belts or full-belt-width plies;**

(c) **Proper rubber antidegradants including a proper antioxidant package;**

(d) **Proper innerliners with sufficient lapped splicing and sufficient rubber gauge and sufficient amounts of halobutyl rubber to guard against the permeation of air into the tire:**

(e) **Other tire aging and separation countermeasures.**

Case ID: 170500306

24. Further, the subject tire was defective and unreasonably dangerous because it contained manufacturing defects.

25. Further, the subject tire was defective and unreasonably dangerous because it lacked adequate warnings to consumers and users about the dangers associated with tire aging irrespective or wear and use, including detreads.

26. The aforementioned defects were each proximate causes of the tires failure and resulting injuries of Plaintiffs.

27. The actions of the defendants, separately and as ostensilble agents and acting in a joint venture with each other, as set forth above, constitute willful and wanton misconduct in disregard of the rights and safety of Plaintiffs, and warrant the imposition of punitive damages.

WHEREFORE, Plaintiffs demands judgment in their favor, against defendants for damages in excess of $50,000.00, for compensatory damages, for punitive damages and for costs, and such other relief this Court deems just and for trial by jury on all issues so triable as a matter of right.

## COUNT III
## BREACH OF WARRANTY

28. Plaintiffs incorporate by reference all of the above Paragraphs as if set forth fully herein.

29. At all relevant times the defendants were in the business of designing, manufacturing and supplying tires to the public.

30. The defendants committed a breach of the warranty of merchantability in that the defective tire was not fit for its ordinary use.

31. The Plaintiffs were persons who would foreseeably be damaged by the breach of warranty of merchantability by the defendants.

32. The breach of warranty of merchantability by the defendants resulted in injuries to Plaintiffs.

WHEREFORE, Plaintiff demands judgment in their favor, against the defendants for damages in excess of $50,000.00, for compensatory damages, for punitive damages and for costs, and such other relief this Court deems just and for trial by jury on all issues so triable as a matter of right.

                                           **Respectfully submitted,**

                                           **EISENBERG, ROTHWEILER, WINKLER, EISENBERG & JECK, P.C.**

BY: _____
                                           DANIEL J. SHERRY, JR., ESQUIRE
                                           Attorney for Plaintiff

**DATED: July 18, 2017**

# VERIFICATION

Daniel J. Sherry, Jr., Esquire verifies that he is an associate of the law firm of Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C., attorneys for the Plaintiff in the foregoing matter, and that he is authorized to sign this Verification on behalf of said Plaintiff. He has reviewed the facts set forth in the foregoing Complaint and the facts set forth therein are true and correct to the best of his knowledge, information and belief. These statements are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

                EISENBERG, ROTHWEILER, WINKLER,
                EISENBERG & JECK, P.C.

                BY: _____
                     DANIEL J. SHERRY, JR., ESQUIRE
                     Attorney for Plaintiff

**Date: July 18, 2017**