# Exhibit O

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both Individually and as Legal Guardian of SHANE ALLEN LOVELAND, and JACOB SUMMERS,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY C/O CORPORATION SERVICE COMPANY,<br><br>THE GOODYEAR TIRE & RUBBER COMPANY,<br><br>THE GOODYEAR TIRE & RUBBER COMPANY d/b/a GOODYEAR TIRE & RUBBER COMPANY,<br><br>THE GOODYEAR TIRE & RUBBER COMPANY d/b/a GOODWEAR TIRE & RUBBER COMPANY,<br><br>GOODWEAR TIRE & RUBBER COMPANY,<br><br>GOODWEAR TIRE & RUBBER COMPANY d/b/a THE GOODYEAR TIRE & RUBBER COMPANY,<br><br>GOODWEAR TIRE & RUBBER COMPANY d/b/a GOODYEAR TIRE & RUBBER COMPANY,<br><br>GOODYEAR TIRE & RUBBER COMPANY,<br><br>GOODYEAR TIRE & RUBBER COMPANY d/b/a THE GOODYEAR TIRE & RUBBER COMPANY,<br><br>AND<br><br>GOODYEAR TIRE & RUBBER COMPANY d/b/a GOODWEAR TIRE & RUBBER COMPANY,<br><br>        Defendants. | CIVIL ACTION NO.: _____ |

## NOTICE OF REMOVAL

Defendant The Goodyear Tire & Rubber Company ("Goodyear"), by its undersigned

counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, gives notice of the removal of this

action from the Court of Common Pleas of Philadelphia County (Case No. 170500306) to the United States District Court for the Eastern District of Pennsylvania. Goodyear states the following in support of removal:

## I.   BACKGROUND

### A.   Plaintiffs' First Action Was Properly Removed to this Court.

1.      This is the second action brought by plaintiffs, Rysta Leona Susman (as legal guardian of Shane Allen Loveland) and Jacob Summers, concerning the same subject tire.

2.      The first action, Philadelphia Court of Common Pleas Case No. 170300489, was commenced on March 8, 2017. In that action, plaintiffs named "Goodyear Tire & Rubber Company."

3.      Goodyear timely removed that action to this Court. *See generally* Notice of Removal. *Susman v. Goodyear Tire & Rubber Co.*, Civil Action No. 17-1682 (E.D. Pa. Apr. 12, 2017), ECF No. 1. Removal was predicated on 28 U.S.C. § 1332(a), as the parties were completely diverse, and the amount in controversy exceeded $75,000.

4.      Goodyear supported its notice of removal with evidence demonstrating that it is a foreign corporation, incorporated under the laws of and maintaining its headquarters in Ohio. *See* Decl. of Daniel T. Young, ¶¶ 4-5, *Susman v. Goodyear Tire & Rubber Co.*, Civil Action No. 17-1682 (E.D. Pa. Apr. 12, 2017), ECF No. 1-3 [hereinafter Young Decl.].

5.      Goodyear also addressed plaintiffs' erroneous reference to "Goodyear Tire & Rubber Company" in the caption, which was predicated on information provided on the Pennsylvania Department of State's website, suggesting that "Goodyear Tire & Rubber Company" was a Pennsylvania resident. *See id.* at ¶¶ 7-9. Goodyear's Declarant, Daniel T. Young, explained that such information was provided in error. The Department of State had

2

mistakenly linked "Goodyear Tire & Rubber Company" to documents showing that a wholly unrelated entity, "Good**wear** Tire & Rubber Company," was incorporated in Allentown, Pennsylvania in 1919. *Id.* at ¶¶ 7-9. Mr. Young explained that the proper name of Goodyear is "**The** Goodyear Tire & Rubber Company," and he further explained that Goodyear "is not and never has been related to 'Good**wear** Tire & Rubber Company.'" *Id.* at ¶ 9.

6.     Following removal, Goodyear promptly filed a motion to transfer the action to the United States District Court for the District of Nebraska. *See generally* Transfer Mot., *Susman v. Goodyear Tire & Rubber Co.*, Civil Action No. 17-1682 (E.D. Pa. Apr. 19, 2017), ECF No. 5.

7.     Plaintiffs did not oppose Goodyear's Transfer Motion. Instead, they filed a motion to remand the action to state court, based on the residence of both "Goodyear Tire & Rubber Company" and "Goodwear Tire & Rubber Company," and in disregard of the evidence that Goodyear had already presented. *See generally* Remand Mot., *Susman v. Goodyear Tire & Rubber Co.*, Civil Action No. 17-1682 (E.D. Pa. Apr. 19, 2017), ECF No. 6.

8.     On May 15, 2017, counsel for Goodyear sent further documentation to plaintiffs' counsel, demonstrating that the Department of State had recognized and corrected its error. (*See* Ex. A, May 15, 2017 E-mail from Justin Kerner to Daniel J. Sherry, Jr., with attachment.)

9.     Neither Goodyear's Transfer Motion nor plaintiffs' Remand Motion were decided. Both were mooted by plaintiff's voluntary dismissal of the action under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *See generally* Stip. of Dismissal Without Prejudice, *Susman v. Goodyear Tire & Rubber Co.*, Civil Action No. 17-1682 (E.D. Pa. May 18, 2017), ECF No.8.

**B.     Plaintiffs' Second Action Is a Transparent Attempt to Fraudulently Join a Pennsylvania Resident, in Order to Defeat Federal Jurisdiction.**

10.     On May 1, 2017—after Goodyear removed the first action, and during the pendency of the Transfer and Remand Motions filed in that action—plaintiffs commenced a

second action in the Philadelphia Court of Common Pleas (Case No. 170500306). (*See generally*
Ex. B, Praecipe to Issue Writ of Summons.) In that first filing, plaintiffs identified the following
entities as defendants:

- The Goodyear Tire & Rubber Company;

- The Goodyear Tire & Rubber Company d/b/a Goodyear Tire & Rubber Company;

- The Goodyear Tire & Rubber Company d/b/a Goodwear Tire & Rubber Company;

- Goodwear Tire & Rubber Company;

- Goodwear Tire & Rubber Company d/b/a The Goodyear Tire & Rubber Company;

- Goodwear Tire & Rubber Company d/b/a Goodyear Tire & Rubber Company;

- Goodyear Tire & Rubber Company[1];

- Goodyear Tire & Rubber Company d/b/a The Goodyear Tire & Rubber Company;
  and

- Goodyear Tire & Rubber Company d/b/a Goodwear Tire & Rubber Company.

(*See generally id.*)[2]

11.  In the Complaint filed in the second action, plaintiffs asserted that the amount in
controversy exceeds $50,000. (*See* Ex. C, Civil Cover at 1.)

12.  On July 18, 2017—after twice asking the Court to reissue the Writ of Summons, to
extend their time in which to serve each of the defendants[3]—plaintiffs filed a Complaint in the

---

[1] Goodyear Tire & Rubber Company also appears in the caption as "Goodyear Tire and
Rubber Company C/O Corporation Service Company."

[2] Although Plaintiffs placed nine defendants in the caption, in reality, they have only
brought suit against three: (1) The Goodyear Tire & Rubber Company (*i.e.*, Goodyear);
(2) Goodyear Tire & Rubber Company (hereafter, "the Supposed Pennsylvania Entity"); and
(3) "Goodwear Tire & Rubber Company" (hereafter, "Goodwear"). Plaintiffs' suggestion that
any of these entities does business as (or are otherwise related) to the others is unfounded. To
date, they have neither provided evidence nor alleged facts that might support that assertion.

second action. (*See generally* Ex. D, Compl.) In that pleading, plaintiffs raise claims against each of the defendants named in their May 2017 Praecipe, and (as detailed below) they seek damages exceeding \$75,000. However, they allege no facts that specifically indicate wrongdoing on the part of the Supposed Pennsylvania Entity and Goodwear—let alone facts to show that they ever existed, still exist, or have a registered agent for service of process—and they evince no intent to seriously pursue claims against those entities.

## II. THIS COURT POSSESSES SUBJECT MATTER JURISDICTION OVER THE ACTION PURSUANT TO 28 U.S.C. § 1332.

13. This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

14. Removal is proper because, as set forth below, all applicable procedural requirements are satisfied.

### A. The Amount In Controversy Exceeds \$75,000.

15. Diversity jurisdiction exists where, *inter alia*, "the matter in controversy exceeds the sum or value of \$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

16. Plaintiffs plainly state that they seek more than \$50,000 in this motor vehicle accident action. (*See* Ex. C, Civil Cover Sheet at 1; Compl., ¶ 1.)

17. Further, plaintiffs allege that Plaintiff Shane Allen Loveland sustained "significant brain injuries" and other injuries in that accident, and that Plaintiff Jacob Summers sustained "significant orthopedic injuries." (Ex. D, Compl., ¶ 10.)

---

[3] Plaintiffs attempted to serve the Supposed Pennsylvania Entity and Goodwear by mailing original service of process to Goodyear's corporate headquarters in Akron, Ohio. Goodyear rejected that attempt, noting that it was not authorized to accept service on behalf of either of those entities.

18.    From the face of their filings, it thus appears that Plaintiffs seek an amount exceeding $75,000 in damages, and that the amount-in-controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a); *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 395, 501 (3d Cir. 2014) (emphasis added) (providing that Plaintiffs—if they choose to challenge subject matter jurisdiction—must prove that their claims "*could not* exceed the statutory threshold").

**B.    The action is between citizens of different States.**

19.    Diversity jurisdiction is properly exercised where, *inter alia*, the action "is between . . . citizens of different states." 28 U.S.C. § 1332(a).

20.    All three plaintiffs are citizens of the State of Nebraska (Ex. C, Civil Cover Sheet at 1; *see also* Ex. D, Compl., ¶¶ 2-4), and all plaintiffs are diverse from all defendants.

21.    Goodyear is a citizen of the State of Ohio. Young Decl., ¶¶ 4-5. *See also, e.g.*, *Moore v. The Goodyear Tire & Rubber Co.*, No. 10-372, 2010 WL 3167583, at *1 (N.D. Tex. Aug. 10, 2010) (demonstrating that Goodyear is incorporated under the laws of Ohio and maintains its principal place of business in Akron, Ohio); *Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 408 F. Supp. 1219, 1222 (D. Colo. 1976) (same).

22.    The Supposed Pennsylvania Entity is a nominal defendant: *i.e.*, one that does not actually exist. As set forth in the first action, Goodyear's true and correct name is "**The** Goodyear Tire & Rubber Company," not "Goodyear Tire & Rubber Company." Young Decl., ¶ 7. And regardless, the Pennsylvania Department of State does not recognize any entity by the name of "Goodyear Tire & Rubber Company." (*See* Ex. A, May 15, 2017 E-mail from Justin Kerner to Daniel J. Sherry, Jr., with attachment.) Thus, the Supposed Pennsylvania Entity's appearance in the caption does not affect this Court's exercise of jurisdiction. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 462 (1980) (noting that the citizens upon whose diversity jurisdiction

is grounded "must be real and substantial," and instructing that federal courts "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of the real parties to the controversy); *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764 (3d Cir. 1991) ("Nominal parties are generally those without a real interest in the litigation.").

23.     Goodwear appears to be a citizen of Pennsylvania. *See, e.g.*, Young Decl., Exs. A & B.

24.     The complete diversity requirement of 28 U.S.C. § 1332(a)(1) is thus satisfied, as "no plaintiff [is] a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

## C.     No exceptions to this Court's jurisdiction apply.

25.     Plaintiffs have named Goodwear in a transparent attempt to defeat federal jurisdiction. Section 1441 of Chapter 28 of the United States Code provides an exception to removal, forbidding it if any named defendant is a citizen "of the State in which [the] action [wa]s brought." 28 U.S.C. § 1441(b)(2).

26.     However, the exception to jurisdiction set forth in Section 1441(b)(2) does not apply here. That is so because Goodwear has been fraudulently joined.

27.     "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

28.     "The fraudulent joinder line of cases distills to a simple principle: a court cannot permit a plaintiff to join a straw-man defendant solely to deprive removal-eligible defendants of a federal forum to which they are otherwise entitled." *Yellen v. Teledne Cont'l Motors, Inc.*, 832

F. Supp. 2d 490, 503 (E.D. Pa. 2011); *see also Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185 (1907) ("Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be . . . vigilant to protect the right to proceed in the Federal Court . . . .").

29.    Goodwear is a straw-man defendant. Plaintiffs have pleaded no facts to implicate Goodwear. Although they raise claims based on the allegedly wrongful design, testing, and manufacture of the subject tire, they have pleaded no facts to suggest that Goodwear participated in any of those activities. That is so for a simple reason: they cannot. *Goodyear has already admitted, based on available information and public records, that it designed and manufactured the subject tire.* Young Decl., ¶ 10.

30.    Moreover, there is no reasonable basis in fact to believe (as plaintiffs imply) that Goodyear does business as Goodwear (or vice-versa), that one is the "ostensible agent" of the other, or that those entities "were involved in a joint venture." (Compl., ¶ 8. *See also id.* at ¶ 27.) To the contrary, as Goodyear demonstrated in the first action, Goodyear "is not and never has been related to" Goodwear. Young Decl., ¶ 9. Plaintiffs have never challenged that evidence, and they cannot overcome it simply by pleading unsupported legal conclusions.

31.    For all of the foregoing reasons, the "forum defendant rule" espoused by Section 1441(b)(2) does not apply here.

32.    No other exception to jurisdiction possibly applies here.

## III.    ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

33.    This is a civil action within the meaning of the Acts of Congress relating to removal of cases. *See generally* 28 U.S.C. § 1446(a)-(b).

34.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because Goodyear received a copy of the Complaint on July 24, 2017. The time to remove the action runs from receipt of the Summons and Complaint, together, and not from the earlier-filed (and earlier-served) Praecipe for Issuance of a Writ of Summons. "[A] writ of summons alone [is not] the 'initial pleading' that triggers the 30-day period for removal . . . ." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005).

35.     Goodyear has not sought consent for removal from the Supposed Pennsylvania Entity because that company does not exist. Accordingly, its consent is not necessary for removal. *Balazik v. Cnty of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995) ("The unanimity rule may be disregarded where . . . a non-joining defendant is . . . [a] nominal party . . . ."); *Isaac v. Mitchell*, No. 08-2505, 2008 WL 2890947, at *1 (E.D. Pa. July 25, 2008) (noting that nominal parties need not consent to removal).

36.     Goodyear has not sought consent for removal from Goodwear because Goodwear was fraudulently joined. As such, its consent is not necessary for removal. *Balazik*, 44 F.3d at 213 n.4 ("The unanimity rule may be disregarded. . . where a defendant has been fraudulently joined."); *Isaac*, 2008 WL 2890947, at *1.[4]

37.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will promptly be filed with the Philadelphia Court of Common Pleas.

38.     In accordance with 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Goodyear are attached as Exhibits B-F.

---

[4] Moreover, in the absence of proof that the Supposed Pennsylvania Entity and Goodwear have been properly served in this action—proof that plaintiffs have failed to provide, as no proofs of service appear on the state docket and no certificate of service is attached to the Complaint—their consent is not a predicate to removal.

9

39.    The prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have thus been met. If any questions arise as to the propriety of the removal of this action, Goodyear requests the opportunity to present a brief, oral argument, and, as necessary, evidence in support of its position that this case is removable to this Court.

**WHEREFORE**, Goodyear removes this case to the United States District Court for the Eastern District of Pennsylvania, being the District for the county in which the action is pending, and respectfully requests that the filing of this Notice of Removal in this Court and with the Philadelphia Court of Common Pleas shall constitute removal of this action to this Court, and that no further proceedings be had in this case in the Court of Common Pleas for Philadelphia County.

Dated: August 7, 2017

Respectfully submitted,

Jayne A. Risk
*jayne.risk@dlapiper.com*
Justin Kerner
*justin.kerner@dlapiper.com*
**DLA PIPER LLP (US)**
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
Phone: (215) 656-3300
Fax: (215) 656-3301

*Attorneys for Defendant*
*The Goodyear Tire & Rubber Company*

10