**DLA Piper LLP (US)**
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania  19103-7300
www.dlapiper.com

Jayne Risk
jayne.risk@dlapiper.com
**T**  215.656.3328
**F**  215.606.3328

September 20, 2017
*Via* CM/ECF

The Honorable Joel Slomsky
United States District Court for the Eastern District of Pennsylvania

    Re:    Civil Action No. 2:17-cv-03521
           *Susman, et al. v. Goodyear Tire & Rubber Company, et al.*

Dear Judge Slomsky:

       We write on behalf of The Goodyear Tire & Rubber Company ("Goodyear") to request that Your Honor strike plaintiffs' Reply Brief (ECF No. 12), which was filed yesterday. Pursuant to Your Honor's Policies and Procedures, reply briefs "may be filed within seven days of service of the opponent's brief in opposition and shall be limited to ten pages." *Judge Slomsky's Scheduling and Motion Policies and Procedures* at 5, *available at* http://www.paed.uscourts.gov/documents/procedures/slopol2.pdf.  Based on the September 5, 2017 service of Goodyear's opposition brief, plaintiffs' reply was due no later than September 12, 2017.  Plaintiffs chose to file their reply a full week after it was due.[1]

       Chambers policies and procedures "are not optional, and are to be followed **to the letter**." *Duchesneau v. Cornell Univ.*, No. 08-4856, 2012 WL 3104384, at *1 (E.D. Pa. July 31, 2012) (emphasis in original).  "'Given the vital purpose such rules serve, litigants ignore them at their own peril.'" *McCann v. Unum Provident*, 921 F. Supp. 2d 353, 358 (D.N.J. 2013) (quoting *Cabán Hernández v. Philip Morris USA, Inc.*, 486 F.3d 1, 7 (1st Cir.2007)).  Because plaintiffs failed to observe those rules, their belated and overlong filing should be stricken from the docket.

       Alternatively, Goodyear requests that the Court treat and consider the remainder of this letter as a brief response to four discrete points:

       *First*, plaintiffs are wrong to continue arguing that a Pennsylvania business entity by the name of "Goodyear Tire & Rubber Company" exists.  (*See, e.g.*, Pls.' Reply at 3.)  Pennsylvania Department of State records unequivocally demonstrate that it does not.  (*See* ECF No. 10-21, May 12, 2017 Ltr. From Pa. Dep't of State at 1 (demonstrating that earlier Subsistence Certificate was issued in error); ECF No. 10-22, Aug. 30, 2017 Search Results From Pa. Dep't of State Website (demonstrating that no such entity exists in the Department's database).)

       *Second*, plaintiffs are wrong to characterize the plain and definite statements of Goodyear's Assistant Secretary Daniel T. Young as "equivocal."  (Pls.' Reply at 4-5.)  That characterization has no basis.  Mr. Young stated upon knowledge and belief that Goodyear "is not and never had been related" to either of the two supposed Pennsylvania business entities at issue, "Goodyear Tire & Rubber Company" and "Goodwear Tire & Rubber Company."  (ECF No. 10-1, Young Decl., ¶ 7.)

---

[1]    Plaintiffs also failed to observe the page limit set forth in Your Honor's Policies and Procedures.



The Honorable Joel Slomsky
September 20, 2017
Page Two

And he further stated, **based on personal knowledge**, that neither of those supposed entities had anything to do with the tire at issue in this lawsuit. (*Id.* at ¶¶ 1, 9-15.)  It is undisputed that Goodyear designed, manufactured, sold, and warranted the tire at issue, and it did so "without the input or assistance" of either of the supposed Pennsylvania business entities at issue. (*Id.* at ¶¶ 11-14, 15.  *See also id.* at ¶ 9 (noting that such activities were "undertaken by The Goodyear Tire & Rubber Company, and not at all by either of the supposed Pennsylvania business entities named as defendants in this matter").)

*Third*, plaintiffs' continued reference to and reliance on the alleged existence of a Pennsylvania business entity known as "Goodwear Tire & Rubber Company" (*see, e.g.*, Pls.' Reply at 5-8) is a red herring.  The century-old advertisements cited in their Reply cannot possibly be construed as proof of a relationship between Goodyear and "Goodwear Tire & Rubber Company" at all, much less at any time *relevant to this lawsuit*.  The tire at issue was not and could not have been designed, manufactured, or sold in the early 1900s.  The advertisements do nothing to overcome Mr. Young's unequivocal statement that Goodyear designed, manufactured, sold, and warranted the tire at issue, and did so "without the input or assistance of the supposed Pennsylvania business entity plaintiffs refer to as 'Goodwear Tire & Rubber Company.'"  (ECF No. 10-1, Young Decl., ¶ 10.  *See also id.* at ¶¶ 9, 11-14.)

*Fourth*, plaintiffs are wrong to suggest that Goodyear accepted service on behalf of the supposed Pennsylvania business entities named as defendants in this lawsuit.  In both the prior action and this action, Goodyear accepted service only on its own behalf.  (*See* Goodyear's Br. at 2-3, 5 (citing rejections of service).)

In sum, there are no "contested issues of substantive fact" in this case.  Plaintiffs offer no evidence to support their suggesting that one non-existent entity ("Goodyear Tire & Rubber Company") and another, which existed a century ago ("Goodwear Tire & Rubber Company") had anything at all to do with the tire at issue.  By contrast, Goodyear has offered uncontroverted proof that it, and it alone, designed, manufactured, sold, and warranted the tire at issue.  Plaintiffs' reply does not address that point, let alone offer evidence to dispute it.  Because neither of the two supposed Pennsylvania business has any "real connection with the controversy," they were fraudulently joined, and their appearance in the caption cannot defeat Goodyear's "right of removal."  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).  *See also Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citation and internal quotation marks omitted) (Where "federal diversity jurisdiction exists . . . the need for its assertion may well be greatest when the plaintiff tries to defeat it.").

For all of these reasons, and for those in Goodyear's opposition brief, this Court should deny plaintiffs' motion to remand this action, which should remain in federal court.



The Honorable Joel Slomsky
September 20, 2017
Page Three

                                                          Very truly yours,

                                                          /s/ Jayne A. Risk, Esq.

                                                          Jayne A. Risk, Esq.

cc:      Daniel J. Sherry, Plaintiffs' Counsel (via e-mail)