# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYSTA LEONA SUSMAN, as Legal Guardian of SHANE ALLEN LOVELAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOODYEAR TIRE & RUBBER COMPANY, et al., <br><br> Defendants. | CIVIL ACTION NO.: 2:17-cv-03521 |

**MEMORANDUM OF LAW IN SUPPORT OF
THE GOODYEAR TIRE & RUBBER COMPANY'S MOTION TO STRIKE
PLAINTIFFS' REPLY IN SUPPORT OF THEIR REMAND MOTION,
<u>OR, ALTERNATIVELY, FOR LEAVE TO RAISE BRIEF SUR-REPLY ARGUMENTS</u>**

I.       **PLAINTIFFS' REPLY BRIEF SHOULD BE STRICKEN.**

On August 23, 2017, plaintiffs filed a Motion to remand this action to the Philadelphia Court of Common Pleas, to which defendant The Goodyear Tire & Rubber Company ("Goodyear") timely responded on September 5, 2017. Pursuant to Your Honor's stated Policies and Procedures, plaintiffs' Reply should have been filed (if at all) "within seven days of service of [Goodyear's] brief in opposition" (*i.e.*, by September 12, 2017) and "limited to ten pages." *Judge Slomsky's Scheduling and Motion Policies and Procedures* at 5, *available at* http://www.paed.uscourts.gov/documents/procedures/slopol2.pdf. Plaintiffs ignored that deadline and filed their Reply on September 19, 2017, a full week after it was due.[1]

Chambers policies and procedures "are not optional, and are to be followed ***to the letter***." *Duchesneau v. Cornell Univ.*, No. 08-4856, 2012 WL 3104384, at *1 (E.D. Pa. July 31, 2012) (emphasis in original). "'Given the vital purpose such rules serve, litigants ignore them at their own peril.'" *McCann v. Unum Provident*, 921 F. Supp. 2d 353, 358 (D.N.J. 2013) (quoting *Cabán Hernández v. Philip Morris USA, Inc.*, 486 F.3d 1, 7 (1st Cir.2007)). Because plaintiffs failed to follow this Court's Policies and Procedures, their Reply should be stricken from the docket.

II.      **ALTERNATIVELY, GOODYEAR REQUESTS LEAVE TO RAISE BRIEF SUR-REPLY ARGUMENTS ADDRESSING PLAINTIFFS' FILING.**

Should the Court deem it appropriate to allow plaintiffs' Reply to remain on the docket, then Goodyear alternatively and respectfully requests that the Court consider the following four Sur-reply arguments, all of which address points raised in plaintiffs' Reply:

---

[1]    The Reply also does not observe the page limit set by the Court.

*First*, plaintiffs are wrong to argue that a Pennsylvania business entity by the name of "Goodyear Tire & Rubber Company" exists. (*See, e.g.*, Pls.' Reply at 3.) Pennsylvania Department of State records unequivocally demonstrate that it does not. (*See* ECF No. 10-21, May 12, 2017 Ltr. From Pa. Dep't of State at 1 (demonstrating that earlier Subsistence Certificate was issued in error); ECF No. 10-22, Aug. 30, 2017 Search Results From Pa. Dep't of State Website (demonstrating that no such entity exists in the Department's database).)

*Second*, plaintiffs' attempts to characterize the plain and definite statements of Goodyear's Assistant Secretary Daniel T. Young as "equivocal" lack any basis. (Pls.' Reply at 4-5.) Mr. Young stated upon knowledge and belief that Goodyear "is not and never had been related" to either of the two supposed Pennsylvania business entities at issue, "Goodyear Tire & Rubber Company" and "Goodwear Tire & Rubber Company." (ECF No. 10-1, Young Decl., ¶ 7.) And he further stated, **based on personal knowledge**, that neither of those supposed entities had anything to do with the tire at issue in this lawsuit. (*Id.* at ¶¶ 1, 9-15.) It is undisputed that Goodyear designed, manufactured, sold, and warranted the tire at issue, and it did so "without the input or assistance" of either of the supposed Pennsylvania business entities at issue. (*Id.* at ¶¶ 11-14, 15. *See also id.* at ¶ 9 (noting that such activities were "undertaken by The Goodyear Tire & Rubber Company, and not at all by either of the supposed Pennsylvania business entities named as defendants in this matter").)

*Third*, plaintiffs' continued reference to and reliance on the alleged existence of a Pennsylvania business entity known as "Goodwear Tire & Rubber Company" (*see, e.g.*, Pls.' Reply at 5-8) is a red herring. The century-old advertisements cited in their Reply cannot possibly be construed as proof of a relationship between Goodyear and "Goodwear Tire & Rubber Company" at all, much less at any time *relevant to this lawsuit*. The tire at issue was not

2

and could not have been designed, manufactured, or sold in the early 1900s. The advertisements do nothing to overcome Mr. Young's unequivocal statement that Goodyear designed, manufactured, sold, and warranted the tire at issue, and did so "without the input or assistance of the supposed Pennsylvania business entity plaintiffs refer to as 'Goodwear Tire & Rubber Company.'" (ECF No. 10-1, Young Decl., ¶ 10. *See also id.* at ¶¶ 9, 11-14.)

*Fourth*, plaintiffs are wrong to suggest that Goodyear accepted service on behalf of the supposed Pennsylvania business entities named as defendants in this lawsuit. In both the prior action and this action, Goodyear accepted service only on its own behalf. (*See* Goodyear's Br. at 2-3, 5 (citing rejections of service).)

In sum, there are no "contested issues of substantive fact" in this case. Plaintiffs offer no evidence to support their suggestion that one non-existent entity ("Goodyear Tire & Rubber Company") and another, which existed a century ago ("Goodwear Tire & Rubber Company"), had anything at all to do with the tire at issue or belong in this case. By contrast, Goodyear has offered uncontroverted proof that it, and it alone, designed, manufactured, sold, and warranted the tire at issue. Plaintiffs' Reply does not address that point, let alone offer evidence to refute it. Because neither of the two supposed Pennsylvania business entities has any "real connection with the controversy," they were fraudulently joined, and their appearance in the caption cannot defeat Goodyear's "right of removal." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Indeed, where "federal diversity jurisdiction exists . . . the need for its assertion may well be greatest when the plaintiff tries to defeat it." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citation and internal quotation marks omitted)

## **CONCLUSION**

For all of the reasons stated above, Goodyear requests that the Court either strike plaintiffs' Reply (ECF No. 12) or consider the Sur-reply arguments set forth above.

Dated: September 26, 2017        Respectfully submitted,

/s/ Justin Kerner
Jayne A. Risk
*jayne.risk@dlapiper.com*
Justin Kerner
*justin.kerner@dlapiper.com*
**DLA PIPER LLP (US)**
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
Phone: (215) 656-3300
Fax: (215) 656-3301

*Attorneys for Defendant*
*The Goodyear Tire & Rubber Company*