

**DLA Piper LLP (US)**
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
www.dlapiper.com

Justin Kerner
justin.kerner@dlapiper.com
T 215.656.2454
F 215.606.2045

November 14, 2017
*VIA CM/ECF*

The Honorable Joel H. Slomsky, District Judge
United States District Court for the Eastern District of Pennsylvania

    Re:    *Susman, et al. v. The Goodyear Tire & Rubber Company, et al.*, **No. 2:17-cv-3521**
           **A further response to questions posed at oral argument**

Dear Judge Slomsky:

    At yesterday's oral argument, Your Honor inquired about the evidentiary basis for denial of the plaintiffs' remand motions in the *Wecker*,[1] *Smoot*,[2] *Weaver*,[3] and *Davis*[4] cases – specifically, whether the courts in those cases allowed jurisdictional discovery or denied the plaintiffs' remand motions on the basis of the defendants' affidavits alone. Upon further review, all of those opinions reveal that the courts at issue relied on affidavits, and none show that those courts – including the Supreme Court of the United States – allowed jurisdictional discovery (or even considered it to be necessary or appropriate):

- In *Wecker*, the Supreme Court of the United States premised its affirmance of the denial of the plaintiff's remand motion on "***the complaint and petition for removal, [and] also the affidavits filed in support of and opposition to the motion for remand***." 204 U.S. at 181 (emphasis added).
- In *Smoot*, the United States Court of Appeals for the Tenth Circuit premised its affirmance of the denial of the plaintiff's remand motion ***on the defendant's affidavit***, showing (*inter alia*) that the fraudulently joined defendant "was in no way connected with the acts of negligence ascribed to him." 378 F.2d at 880. That affidavit was "undisputed." *Id.* at 882.
- In *Weaver*, this Court's opinion was based on public records (*e.g.*, deeds of conveyance) and ***an affidavit from the Conrail Defendants***, demonstrating that "Conrail had 'absolutely no control or right to say how [the trains at issue] were run on those particular tracks . . . after they got rid of them." 2010 WL 2773382, at *9.
- And in *Davis*, the Court relied ***exclusively upon an affidavit from the corporate secretary of Pennsylvania General Insurance Company***—the true defendant to the action, which (unlike the named defendant) had participated in the activities forming the basis of the plaintiff's claims. 721 F. Supp. 2d at 334, 336.

Again this backdrop, jurisdictional discovery is not warranted in this case. The sworn declaration of Goodyear's corporate secretary, Daniel Young, is a sufficient basis upon which the Court may find that

---

[1]     *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176 (1907).
[2]     *Smoot v. Chi. Rock Island & Pac. R.R. Co.*, 378 F.2d 879 (10th Cir. 1967).
[3]     *Weaver v. Conrail, Inc.*, No. 09-5592, 2010 WL 2773382 (E.D. Pa. July 13, 2010).
[4]     *Davis v. OneBeacon Ins. Grp.*, 721 F. Supp. 2d 329 (D.N.J. 2010).



The Honorable Joel H. Slomsky, District Judge
November 14, 2017
Page Two

plaintiffs have no colorable basis or reasonable ground for their claims against "Goodwear Tire & Rubber Company."

Further, the case to which plaintiffs referred for the first time at oral argument – *Duchesneau v. Cornell University*, No. 08-4856, 2009 WL 3152125 (E.D. Pa. Sept. 30, 2009) – is inapposite. That case (unlike this case, and unlike each of the cases cited above) concerned a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2). (*See generally* Civil Action No. 08-4856, in which the complaint was originally filed in federal court.) The analysis in a motion to dismiss is fundamentally different than that of fraudulent joinder here. Even so, in that case, Judge C. Darnell Jones II noted that jurisdictional discovery is generally disallowed where (as here) "the plaintiff's claim is clearly frivolous." *Id.* at *1 n.1 (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003).

Plaintiffs should not be permitted to embark on a jurisdictional fishing expedition when as here they have no facts to support their speculation that the fraudulently joined, supposed Pennsylvania business entity – *i.e.*, "Goodwear Tire & Rubber Company" (which was fraudulently joined) – played any role in the design, manufacture, sale, or warranty of the tire at issue. In fact, all evidence of record is to the contrary, and is unrefuted. Daniel Young stated plainly and unequivocally in his sworn declaration that The Goodyear Tire & Rubber Company designed, manufactured, sold, and warranted the tire at issue, and that the supposed Pennsylvania business entity "Goodwear" had nothing to do with those processes. (*See generally* Young Decl., ECF No. 10-1.) The record thus demonstrates that "Goodwear" "was in no way connected with the acts of negligence ascribed to [it]." *Smoot*, 378 F.2d at 880.

Jurisdictional discovery would serve no purpose here, as the one true defendant to the action – The Goodyear Tire & Rubber Company – has set forth unrefuted evidence that it (and it alone) was responsible for the activities that form the basis for each of plaintiffs' claims. There is no reasonable basis for a claim against "Goodwear," which has been fraudulently joined. For these reasons, and for the reasons set forth in its briefing and at oral argument, The Goodyear Tire & Rubber Company respectfully requests that this Court maintain its jurisdiction over the action.

Very truly yours,

*Justin Kerner*

Justin Kerner, Esq.

Enclosures: copies of the *Wecker*, *Smoot*, *Weaver*, and *Davis* opinions.