# Exhibit A

**Wecker v. National Enameling & Stamping Co., 204 U.S. 176 (1907)**

27 S.Ct. 184, 51 L.Ed. 430, 9 Am.Ann.Cas. 757

KeyCite Yellow Flag - Negative Treatment
Declined to Extend by Mississippi ex rel. Hood v. AU Optronics Corp., U.S., January 14, 2014

27 S.Ct. 184
Supreme Court of the United States.

CONRAD WECKER, Plff. in Err.,

v.

NATIONAL ENAMELING & STAMPING COMPANY and George Wettengel, Defts. in Err.

No. 133.
|
Submitted December 14, 1906.
|
Decided January, 7, 1907.

IN ERROR to the Circuit Court of the United States for the Eastern District of Missouri to review a judgment in favor of defendants in a suit which had been removed to that court, as presenting a separable controversy, from the Circuit Court of the City of St. Louis, in that state. Affirmed.

The facts are stated in the opinion.

West Headnotes (4)

[1]   **Appeal and Error** — Judgment of Dismissal or Nonsuit

A judgment of a federal Circuit Court, rendered after the plaintiff, having unsuccessfully moved to remand the cause to the state court whence it was removed, had elected to stand upon his motion to remand, and refused to recognize the jurisdiction of the federal court, that plaintiff take nothing by the suit, and that the defendants go hence without day and recover their costs against the plaintiff, is final for the purpose of appeal.

23 Cases that cite this headnote

[2]   **Appeal and Error** — Objections as to Affidavits and Bonds

The objection that a federal Circuit Court, on motion to remand a cause to the state court whence it had been removed, should not have determined, upon affidavits, the question of the good faith of the plaintiff in suing jointly in tort a resident employé and his nonresident employer, is not open to the plaintiff in error, who made no objection to the consideration of affidavits in support of the petition for the removal, and himself filed a counter affidavit.

40 Cases that cite this headnote

**Wecker v. National Enameling & Stamping Co., 204 U.S. 176 (1907)**
27 S.Ct. 184, 51 L.Ed. 430, 9 Am.Ann.Cas. 757

[3]   Removal of Cases🔑Improper or Collusive Joinder of Parties

A federal Circuit Court to which a case has been removed as presenting a separable controversy properly refuses to remand the causes to the state court, where the testimony shows that the real purpose of the plaintiff in suing jointly in tort a resident employé and his nonresident employer was to prevent the exercise of the right of removal by the nonresident defendant.

175 Cases that cite this headnote

[4]   Removal of Cases🔑Evidence

Uncontradicted testimony that a resident employé sued jointly in tort with his nonresident employer was merely a draftsman, whose work was confined to making the necessary drawings based on the plans and ideas of others, and that he had nothing to do with planning the apparatus which is alleged to have been so defectively constructed as to have caused the injury complained of, is sufficient to support a conclusion of law that such employé was made a defendant for the sole purpose of preventing the exercise of the right of removal by the nonresident defendant.

60 Cases that cite this headnote

**Attorneys and Law Firms**

**\*\*185 \*177** Messrs. **Edward C. Kehr,** Richard T. Brownrigg, and William L. Mason for plaintiff in error.

Messrs. Robert A. Holland, Jr., Charles P. Wise, George F. McNulty, and James A. Seddon for defendants in error.

**Opinion**

Mr. Justice Day delivered the opinion of the court:

This case is certified here from the circuit court of the United States for the eastern district of Missouri under § 5 of the court of appeals act of March 3, 1891 (26 Stat. at L. 827, chap. 517, U. S. Comp. Stat. 1901, p. 549), upon a question of jurisdiction.

**\*178** Conrad Wecker, the plaintiff below, brought his action in the circuit court of the city of St. Louis, state of Missouri, against the National Enameling & Stamping Company, Harry Schenck, and George Wettengel, undertaking to recover jointly against the National Enameling & Stamping Company, a corporation of the state of New Jersey, and Schenck and Wettengel, residents of the city of St. Louis, state of Missouri. The substance of the complaint is that defendant is a corporation employing the plaintiff in the work of firing, filling, stirring, emptying, and attending certain metal pots used in the melting of grease and lubricant matter in the plant of the defendant corporation; that the grease and lubricant matter was delivered by the corporation to the plaintiff in barrels of great weight,-about 600 pounds each,-and it was the plaintiff's duty in the course of his employment to hoist the same to the top surface of the furnace structure, into which the pots were set, and then to dump the grease and lubricant matter into the pots.

The negligence charged against the defendant corporation consisted in allowing the pots, which were constantly filled with

**Wecker v. National Enameling & Stamping Co., 204 U.S. 176 (1907)**
27 S.Ct. 184, 51 L.Ed. 430, 9 Am.Ann.Cas. 757

hot and boiling lubricants, to remain open and exposed, without covering, railing, device, or means of any character to protect the plaintiff from accidentally slipping or falling into the same while engaged in the service of the corporation in the performance of his duties, and negligently failing to provide and properly place safe and sufficient hoisting apparatus for the use of the plaintiff in his employment in lifting said massed of grease and lubricant to the top of the furnace, and for failing to give the plaintiff instructions as to the proper manner of performing his duty, and thereby unreasonably endangering his safety in said employment. Plaintiff alleges that, by reason of this negligence, while engaged in the performance of his duties on the 12th of November, 1902, on the top of the furnace, he lost his balance and fell into one of the open, unguarded, and unprotected pots containing hot and boiling grease and lubricant, receiving thereby great and painful injuries. *179 Plaintiff below further charged that Schenck and Wettengel were employed by the corporation and charged by it with the superintendence and oversight of the plaintiff in the performance of his duty, and were employed and charged by the corporation with the duty of superintending and properly planning the construction of a furnace, and with the duty of providing for said pots reasonably safe and suitable covering, railing, or other device, and with the duty of providing and properly placing reasonably safe and sufficient hoisting apparatus for lifting the masses of grease and lubricant to the top of the furnace, and were further charged by the corporation with the duty of instructing the plaintiff as to the manner of performing his duties, and charges negligence of Schenck and Wettengel in planning and directing the construction of the furnace structure and providing suitable covers or railings as aforesaid, and providing and placing reasonably safe and sufficient hoisting apparatus, and in giving instructions as to the manner of performing plaintiff's duties, by reason whereof the plaintiff lost his balance and fell into one of the pots as aforesaid, to his great injury; and the complaint charges the joint negligence of the corporation and the defendants Schenck and Wettengel, and avers that his injuries were the result thereof, and prays judgment for damages jointly against the three defendants.

The defendant company filed its petition for a removal of the cause to the circuit court of the United States for the eastern district of Missouri, which petition contained the usual averments as to the character of the suit and the right of removal and diversity of citizenship between the defendant corporation and the plaintiff, and averred that Schenck, one of the codefendants, was also a nonresident of the state of Missouri and a citizen of the state of Illinois, and not served with process; also stated that Wettengel was, at the time of the commencement of the suit and since, a citizen of the state of Missouri; averred a separable controversy between it and the plaintiff as to the alleged negligence and as to the assumption *180 of the risk upon the part of the plaintiff. As to Wettengel, the citizen of Missouri, it was alleged in the removal petition that he was not, at the time **186 of the accident or prior thereto, charged with the superintendence and oversight of the plaintiff, or with the duty of superintending and properly planning the construction of the furnace, or providing a reasonably safe and suitable furnace and pots and railings or other device to protect the plaintiff, and was not charged with the duty of placing reasonably safe and sufficient hoisting apparatus, nor with the duty of instructing the petitioner in respect to his duties, as charged in the complaint, and, after stating that Schenck, like the defendant corporation, was a nonresident of Missouri and a citizen of another state, charged that Wettengel had been improperly and fraudulently joined as a defendant for the purpose of fraudulently and improperly preventing, or attempting to prevent, the defendant from removing the cause to the United States circuit court, and that the plaintiff well knew, at the time of the beginning of the suit, that Wettengel was not charged with the duties aforesaid, and that he was joined as a party defendant to prevent the removal of the cause, and not in good faith.

After removal, plaintiff filed his motion to remand the case to the state court, on the ground that there was not in the case a controversy between citizens of different states, and no separable controversy between the plaintiff and the company within the meaning of the removal act. The court, upon hearing the motion, refused to remand the cause, and afterward, plaintiff electing to stand upon his motion to remand, and refusing to recognize the jurisdiction of the United States court or to proceed with the prosecution of his case therein, upon motion of the defendant the court ordered the case to be dismissed, and rendered judgment that the plaintiff take nothing by the suit, and that the defendants go hence without day and recover their costs against the plaintiff. A bill of exceptions was allowed, and the court also certified that the only question decided by the court in the cause was that the joining *181 of Wettengel as a codefendant with the company was palpably groundless and fictitious, and for the purpose of unlawfully depriving the defendant company of its right to remove the cause to the Federal court for trial; that for this reason the motion to remand was denied; that in deciding the motion the court took into consideration not only the complaint and petition for removal, but also the affidavits filed in support and opposition to the motion to remand; that the plaintiff refused to submit to the jurisdiction of the court and suffered a dismissal of the suit for the want of prosecution; that the question is whether the court had jurisdiction of the action.

In the first ruling upon the motion to remand, the court, in a written opinion, based its refusal upon the ground that the petition of plaintiff clearly showed that there was no joint cause of action against the company and the defendant Wettengel. Subsequently, the judge filed an opinion in which he said that in his former opinion he made no allusion to the affidavits

**Wecker v. National Enameling & Stamping Co., 204 U.S. 176 (1907)**

27 S.Ct. 184, 51 L.Ed. 430, 9 Am.Ann.Cas. 757

tending to show the fictitious and fraudulent joining of Wettengel, and that, in his opinion, the same inevitably showed that the inferences drawn from the allegations of the petition were correct, and that he might properly consider these affidavits in determining the question of removal.

It is urged by counsel for defendants in error that the writ of error should be dismissed because there was no final judgment, and only in a case where a final judgment has been rendered can the question of jurisdiction be certified from a circuit court under § 5 of the court of appeals act. McLish v. Roff, 141 U. S. 661, 35 L. ed. 893, 12 Sup. Ct. Rep. 118, is relied upon, in which it was held that a writ of error could only be taken out after final judgment.

It is true that, after the circuit court of the United States maintained its jurisdiction, the plaintiff could have gone on and tried the case on its merits, and, after judgment, had there been reason for doing so, taken the case to the circuit court of appeals; but, upon refusing to recognize the jurisdiction of *182 the circuit court, final judgment in the action was rendered, that the plaintiff take nothing by the suit and that the defendants go hence without day, and recover their costs against the plaintiff. Whether this judgment would be a bar to another action is not now before us; it is final, so far as the case is concerned, and terminated the action.

Section 5 of the court of appeals act provides that only the question of jurisdiction shall be brought to this court from the circuit court, and that is all that is now before us.

It is contended that this case should have been remanded upon the authority of Alabama Great Southern R. Co. v. Thompson, 200 U. S. 206, 50 L. ed. 441, 26 Sup. Ct. Rep. 161, decided at the last term of this court. In that case it was held that, upon a question of removal, where a plaintiff, in good faith, prosecuted his suit as upon a joint cause of action, and the removal was sought when the complaint was the only pleading in the case, the action as therein stated was the test of removability; and if that was joint in character, and there was no **187 showing of a want of good faith of the plaintiff, no separable controversy was presented with a nonresident defendant, joined with a citizen of the state; in other words, if the plaintiff had, in good faith, elected to make a joint cause of action, the question of proper joinder is not to be tried in the removal proceedings, and that, however that might turn out upon the merits, for the purpose of removal the case must be held to be that which the plaintiff has stated in setting forth his cause of action. And in that case it was said:

'The fact that by answer the defendant may show that the liability is several cannot change the character of the case made by the plaintiff in his pleading so as to affect the right of removal. It is to be remembered that we are not now dealing with joinders which are shown, by the petition for removal or otherwise, to be attempts to sue in the state courts with a view to defeat Federal jurisdiction. In such cases entirely different questions arise, and the Federal courts may, and should, take such action as will defeat attempts to wrongfully *183 deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals.'

And it was further stated in the court's opinion that there was nothing in that case to suggest an attempt to commit a fraud upon the jurisdiction of the Federal court.

Much discussion is had in this case as to whether the alleged cause of action is joint or several in its character, and whether the corporation and Wettengel could be jointly held responsible to the plaintiff upon the allegations of the complaint, but we do not deem it necessary to determine that question.

Upon the authority of the Alabama Great Southern case, supra, and the preceding cases in this court which are cited and applied in the opinion in that case, if the complaint is filed in good faith, the cause of action, for the purposes of removal, may be deemed to be that which the plaintiff has undertaken to make it; but in this case both parties filed affidavits upon the motion to remand, for and against the right to remove.

The petition for removal was sworn to by an agent of the company, and defendant corporation filed the affidavit of one George Eisenmayer, who testified that he was the chief engineer of the company, charged with the planning of new apparatus and the construction and repair thereof for the company, and that Wettengel was employed in the office as a draftsman, with several other persons in a similar capacity; that the sole work of Wettengel was as such draftsman, and that he had nothing to do with selecting plans or approving the same, but took the plans and ideas furnished him and made the necessary drawings for the use of mechanics, and that he had no authority to employ or discharge men or superintend work or give instructions to any of the men as to how they should perform their work. Wettengel's affidavit was also filed, in which he stated that for ten years he had been employed as a draftsman by the defendant company; that his work was performed in the office of the

**Wecker v. National Enameling & Stamping Co., 204 U.S. 176 (1907)**
27 S.Ct. 184, 51 L.Ed. 430, 9 Am.Ann.Cas. 757

company; that he had no duties outside of the office or with the plaintiff; that he had **\*184** no duty of superintendence in connection with him; that he was not charged with any duty of planning or constructing the apparatus which was used in the defendant's plant; that the designing and selection thereof was made by other persons, and that his sole duty was to attend to the mechanical work of drafting, based upon the ideas and plans of others; that he had no discretion whatever as to the sort of appartus to be used in any part of defendant's plant, nor as to the structures mentioned in plaintiff's petition; that he had nothing to do with the planning of the pots, no right to determine what they should be, or whether a railing should be used, nor what sort of hoisting apparatus should be used in connection therewith; that he had no duty in connection with the plaintiff as to how or when he should do his work, and no authority to give him instructions; in short, that his position was merely clerical and his duties confined to the making of drawings to enable mechanics to construct work from plans furnished by others in the employ of the defendant, and that he did not know the plaintiff by name, and did not know what sort of work he was doing or in what portion of defendant's plant he was engaged.

To these affidavits Wecker, the plaintiff, filed a counter affidavit, admitting that Eisenmayer was charged with the general supervision of the work and business of the company at the place plaintiff was employed and received his injury, and stating that just prior to the construction of the furnace structure he heard Eisenmayer direct Wettengel to prepare plans for a furnace to be erected where the one was built shortly after, upon which the plaintiff was at work when he received his injuries, and states his belief that the defendant Wettengel planned and directed the construction of the furnace.

Upon these affidavits the court reached the conclusion that, considered with the **\*\*188** complaint, they showed conclusively an attempt to defeat the jurisdiction of the Federal court by wrongfully joining Wettengel.

The consideration of these affidavits clearly shows that Wettengel's employment was not that of a superior or superintendent, **\*185** or one charged with furnishing designs, for it is not contradicted that he was employed as a draftsman, receiving his instructions from others; nor is there the slightest attempt to sustain the allegations of the petition that Wettengel was a superintendent over the plaintiff, or had any authority to direct his work or to give him instructions as to the manner in which his duty should be performed. The testimony certainly shows no basis for these charges. The affidavit of Wecker, except as to the statement of his belief, admits that Eisenmayer was superintendent, and claims that he heard him direct Wettengel to prepare plans for a furnace structure. This is not inconsistent with the undisputed testimony as to the nature and character of Wettengel's employment in the subordinate capacity of a draftsman.

In view of this testimony and the apparent want of basis for the allegations of the petition as to Wettengel's relations to the plaintiff, and the uncontradicted evidence as to his real connection with the company, we think the court was right in reaching the conclusion that he was joined for the purpose of defeating the right of the corporation to remove the case to the Federal court.

It is objected that there was no proof that Wecker knew of Wettengel's true relation to the defendant, and consequently he could not be guilty of fraud in joining him; but even in cases where the direct issue of fraud is involved, knowledge may be imputed where one wilfully closes his eyes to information within his reach.

It is further objected that the court should not have heard the matter upon affidavits, and should have required testimony, with the privilege to cross-examine; but the plaintiff made no objection to the consideration of affidavits in support of the petition for the removal, and himself filed a counter affidavit. In this state of the record there certainly can be no valid objection to the manner in which the court heard and considered the testimony.

While the plaintiff, in good faith, may proceed in the state **\*186** courts upon a cause of action which he alleges to be joint, it is equally true that the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction.

Reaching the conclusion that the court did not err in holding upon the testimony in this case that the real purpose in joining Wettengel was to prevent the exercise of the right of removal by the nonresident defendant, we affirm the action of the Circuit Court in refusing to remand the case.

Judgment affirmed.

**Wecker v. National Enameling & Stamping Co., 204 U.S. 176 (1907)**
27 S.Ct. 184, 51 L.Ed. 430, 9 Am.Ann.Cas. 757

**All Citations**

204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430, 9 Am.Ann.Cas. 757

**End of Document** © 2017 Thomson Reuters. No claim to original U.S. Government Works.