

**EISENBERG ROTHWEILER**
**WINKLER EISENBERG & JECK**

For life's toughest trials™

info@erlegal.com
PA  P: 215 546 6636   F: 215 546 0118
NJ  P: 856 751 6652   F: 856 489 1975

DANIEL J. SHERRY, JR., ESQUIRE
DANIEL@ERLEGAL.COM
215-546-6636

November 15, 2017

<u>**VIA CM/ECF AND HAND DELIVERY**</u>
The Honorable Joel H. Slomsky
United States District Court for the
Eastern District of Pennsylvania
601 Market Street, Room 13614
Philadelphia, PA  19106-1748

Re:   <u>Susman, et al. v. The Goodyear Tire and Rubber Company, et al.</u>
      No.: 2. 2:17-cv-3521
      **Plaintiffs' Proposed Notice of Videotaped Deposition of Daniel T. Young**

Dear Judge Slomsky:

   Consistent with my representations to Your Honor on November 13, 2017, please find attached to this correspondence a copy of Plaintiffs' proposed Notice of Videotaped Deposition for Daniel T. Young.

   As Your Honor is aware, yesterday, counsel for Defendant The Goodyear Tire and Rubber Company (hereinafter "Goodyear") submitted a multiple page brief.  It was my understanding that Your Honor was interested in receiving citations to purportedly supportive case law, as well as the aforementioned Notice of Videotaped Deposition.  To the extent my recollection is mistaken, and should Your Honor be interested in receiving additional legal argument, Plaintiffs will certainly respond to the assertions raised by Goodyear in its November 14, 2017 brief, including, but not limited to Duchesneau wherein Cornell University's Treasurer was deposed as to the contents of an affidavit after she had submitted said affidavit in support of a Motion to Dismiss.

   Furthermore, it is worth noting that Goodyear, despite never reviewing Plaintiffs' Notice of Videotaped Deposition (as said Notice was not even drafted at the time) nevertheless was comfortable in characterizing the Notice in its November 14, 2017 correspondence as, *inter alia*, "[a] fishing expedition."  Goodyear's speculative and curiously argumentative approach to the Notice notwithstanding, a plain reading of the Notice demonstrates that it is limited in both scope and duration.  Indeed, the Notice refers to the underlying research and beliefs of Mr.



**For life's toughest trials™**

The Honorable Joel H. Slomsky
November 15, 2017
Page 2

Young insofar as said research and beliefs relate to express paragraphs (i.e. Paragraphs 7-9) sworn to by Mr. Young, under the penalty of perjury, in his August 1, 2017 declaration. It is respectfully submitted that eliciting testimony, for a maximum of three and a half hours, as to the basis of statements sworn to by a witness cannot be reasonably characterized as a "fishing expedition". Nevertheless for some as-yet-unstated reason, Goodyear appears to be extremely concerned at the prospect of Mr. Young providing explanatory testimony on relevant topics. However, Goodyear's patent discomfort with the concept of its own employee being deposed about his own sworn statement is obviously not a meritorious rationale to oppose the Notice.

I close by respectfully requesting that Your Honor authorize the Notice of Videotaped Deposition, at which time I will confer with Goodyear's attorneys and select a mutually-agreeable date, and within fourteen (14) days of the completion of Mr. Young's deposition, Plaintiffs will submit a supplemental memorandum in support of their Motion to Remand.

Respectfully submitted,

*Daniel J. Sherry*

DANIEL J. SHERRY, JR.

DJS/nb
Enclosure
cc:    *w/enclosure, via CM/ECF*
       Jayne A. Risk, Esquire