

**DLA Piper LLP (US)**
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
www.dlapiper.com

Justin Kerner
justin.kerner@dlapiper.com
T   215.656.2454
F   215.606.2045

November 15, 2017
*Via CM/ECF*

The Honorable Joel Slomsky
United States District Court for the Eastern District of Pennsylvania

      Re:    Civil Action No. 2:17-cv-03521
               *Susman, et al. v. Goodyear Tire & Rubber Company, et al.*

Dear Judge Slomsky:

      We write on behalf of The Goodyear Tire & Rubber Company ("Goodyear") to object to the proposed "Notice of Videotaped Deposition of Daniel T. Young Directed to Defendant The Goodyear Tire and Rubber Company" plaintiffs filed earlier today (ECF No. 25).  The proposed Notice is sweepingly overbroad as it concerns topics that are irrelevant to the issue at hand—the fraudulent joinder of "Goodwear Tire & Rubber Company" ("Goodwear"), and it further evinces a fundamental misunderstanding of the doctrine of fraudulent joinder, as applied to this case.

      Plaintiffs seek to depose Mr. Young on the bases of the statements made in Paragraphs 7-8 of his August 1, 2017 Declaration (ECF No. 1-2), in which Mr. Young generally disclaimed any relationship between Goodyear and Goodwear.  Critically, and as a threshold issue, Mr. Young's August 1, 2017 Declaration *is not* the evidence of record that is pertinent to this motion.  As Goodyear noted at oral argument, the August 1, 2017 Declaration was offered in support of removal, whereas another, more detailed declaration ("September 1, 2017 Declaration") was offered in opposition to plaintiffs' remand motion.  (*See generally* Sept. 1, 2017 Young Decl. (ECF No. 10-1).)  Despite the fact that it is the evidence of record in this proceeding, plaintiffs continue to turn a blind eye to the September 1, 2017 Declaration.[1]

      The bases for Mr. Young's knowledge of a relationship (or, more accurately, lack thereof) between Goodyear and Goodwear is irrelevant to the fraudulent joinder question pending before the Court.  Indeed, in each of the cases Goodyear cited during oral argument—*i.e.*, *Wecker*,[2] *Smoot*,[3] *Weaver*,[4] and *Davis*[5]—even where the one true defendant had some relationship with the other allegedly fraudulently joined defendant (which Goodyear does not have here), fraudulent joinder was found in each

---

[1]    Indeed, in their opening brief, plaintiffs invited such evidence.  (*See* Pls. Br. at 4 (suggesting that Goodyear might "conclusively state Goodwear is not affiliated with it" to prove "fraudulent joinder").)
[2]    *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176 (1907)
[3]    *Smoot v. Chi. Rock Island & Pac. R.R. Co.*, 378 F.2d 879 (10th Cir. 1967)
[4]    *Weaver v. Conrail, Inc.*, No. 09-5592, 2010 WL 2773382 (E.D. Pa. July 13, 2010).
[5]    *Davis v. OneBeacon Ins. Grp.*, 721 F. Supp. 2d 329 (D.N.J. 2010)



The Honorable Joel Slomsky
November 15, 2017
Page Two

of those cases because ***the fraudulently joined defendant, despite its relationship with the one true defendant, played no role in the activities that formed the basis of the plaintiffs' claims.***[6]

      The relevant question here for fraudulent joinder purposes is ***not*** whether Goodyear ever had a relationship with Goodwear, but whether Goodwear played any role in the activities that underlie plaintiffs' claims—the design, manufacture and sale of the tire at issue—such that plaintiffs could have a "reasonable basis in fact or a colorable ground supporting" a claim against Goodwear.[7] The answer to that question is a resounding "***no***." Mr. Young states plainly in his September 1, 2017 Declaration (the Declaration plaintiffs should be but are not referencing) that Goodwear played ***no role*** whatsoever in each of the design, manufacture, sale, and warranty of the tire at issue. (*See* Sept. 1, 2017 Young Decl. (ECF No. 10-1) ¶¶ 9-13.)

      Plaintiffs' Notice demonstrates their intent to cast a line deep into Goodyear's corporate records, to see what they can hook. Their proposed deposition topics (and the related requests for production, which were not authorized by the Court at oral argument) are overbroad, seek discovery of irrelevant information, and in fact constitute the very sort of jurisdictional fishing expedition that has been explicitly discouraged by the United States Court of Appeals for the Third Circuit. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 110 n.38 (3d Cir. 2015) (quoting *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010)) (requiring plaintiffs to plead "sufficient allegations of [subject matter] jurisdiction in order to prevent 'a fishing expedition . . . under the guise of jurisdictional discovery'").

      Plaintiffs should not be permitted to depose Mr. Young or prolong these proceedings any further. They have no reasonable basis or colorable ground for their claims against Goodwear; nor have they evinced a good faith intent to prosecute the action against Goodwear. Thus, this Court should reject plaintiffs' proposed Notice and maintain its jurisdiction over the action.

Very truly yours,

Justin Kerner, Esq.

---

[6] *Wecker*, 204 U.S. at 185; *Smoot*, 378 F.2d at 882; *Weaver*, 2010 WL 2773382, at *9; *Davis*, 721 F. Supp. 2d at 337.

[7] *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) (citation and internal quotation marks omitted).