## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYSTA LEONA SUSMAN, as Legal Guardian of SHANE ALLEN LOVELAND, et al., <br><br>              Plaintiffs, <br><br>     v. <br><br> GOODYEAR TIRE & RUBBER COMPANY, et al., <br><br>              Defendants. | CIVIL ACTION NO.: 2:17-cv-03521 |

## THE GOODYEAR TIRE & RUBBER COMPANY'S
## RENEWED MOTION TO TRANSFER THE ACTION TO
## THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

Defendant, The Goodyear Tire & Rubber Company ("Goodyear"), hereby moves anew under 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the District of Nebraska.[1] Such transfer is appropriate for two reasons.

First, the action originally could have been brought in that district. Plaintiffs, Nebraska residents, seek damages allegedly resulting from a 2015 motor vehicle accident in Nebraska. Thus, the District of Nebraska is "a judicial district in which a substantial part of the events . . . giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

Second, the factors enumerated in 28 U.S.C. § 1404(a) and considered in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (1995) favor transfer. Put simply, plaintiffs' claims have no tie

---

[1]     Goodyear first moved to transfer this action on August 8, 2017. *See generally* Transfer Mot., ECF No. 2. That motion was denied without prejudice pending disposition of plaintiffs' Remand Motion, which was subsequently denied. *See* 3-9-2018 Order at 1 (denying plaintiffs' Remand Motion), ECF No. 29; *see also* 11-14-2017 Order at 1 n.1 (permitting Goodyear to "file a renewed Motion to Transfer the Action if the Court denies Plaintiff's Motion to Remand and retains jurisdiction over this case"), ECF No. 23.

whatsoever to the Eastern District of Pennsylvania. Plaintiffs reside in Nebraska; the accident at issue occurred in Nebraska; plaintiffs' alleged injuries were suffered (if at all) and treated in a hospital by medical professionals in Nebraska; and eyewitnesses and other evidence are located in Nebraska. In fact, it appears that plaintiffs' only tie to this judicial district is the location of their attorneys. However, it is well-settled that the location and convenience of plaintiffs' counsel is not a factor to be considered under 28 U.S.C. § 1404(a). *See Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973); *Wilson v. TA Operating, LLC*, No. 13-1093, 2014 WL 1053589, at *2 (E.D. Pa. Mar. 19, 2014) (Restrepo, J.).

For these reasons, and as set forth more fully in the accompanying memorandum of law, Goodyear respectfully requests that the Court transfer this action to the United States District Court for the District of Nebraska.

Dated: March 15, 2018

Respectfully submitted,

/s/ Justin Kerner
Jayne A. Risk
*jayne.risk@dlapiper.com*
Justin Kerner
*justin.kerner@dlapiper.com*
**DLA PIPER LLP (US)**
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
Phone: (215) 656-3300
Fax: (215) 656-3301

*Attorneys for Defendant,*
*The Goodyear Tire & Rubber Company*

2