IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RYSTA LEONA SUSMAN, Both individually and as Legal Guardian of Shane Allen Loveland; and JACOB SUMMERS | ) ) ) ) | |
| Plaintiff(s), | ) | 8:18CV127 |
| | ) | |
| v. | ) | |
| | ) | **RULE 26(f) REPORT** |
| THE GOODYEAR TIRE & RUBBER COMPANY | ) ) | |
| Defendant(s). | ) | |

The following attorneys conferred to prepare the Report of Parties' Planning Conference for the above-captioned case:

Kyle W. Farrar, of the law firm KASTER, LYNCH, FARRAR & BALL, LLP and Paul Godlewski, of the firm SCHWEBEL, GOETZ & SIEBEN for Plaintiffs, Rysta Leona Susman, Both individually and as Legal Guardian of Shane Allen Loveland; and Jacob Summers

Edward S. Bott, Jr, of the law firm GREENSFELDER, HEMKER & GALE, P.C., and Jennifer D. Tricker, of the law firm BAIRD HOLM, LLP for Defendant, The Goodyear Tire & Rubber Company

The parties discussed the case and jointly make the following report:[1]

I.  **INITIAL MATTERS:**

   A.  <u>Jurisdiction and Venue</u>:  The defendant

   \_\_\_\_\_ does

   __X__ does not

   contest jurisdiction and/or venue.  If contested, such position is because:

---

[1] Counsel are advised to use caution in filing this report as well as other documents so there is no disclosure of information required by the E-Government Act of 2002 to be kept non-public, such as addresses, phone numbers, social security numbers, etc. If such identifiers are required to be disclosed to opposing parties, you may wish to file redacted versions for the public court file and serve opposing parties with unredacted versions. See NECivR 5.3, available on the court's Website at www.ned.uscourts.gov.

        1)     Jurisdiction:_____

        2)     Venue:_____

B.     <u>Immunity</u>: The defendant

    _____ has raised

    _____ will raise

    __X__ will not raise

    an immunity defense based on_____.

C.     If either jurisdiction or venue is being challenged, or if a defense of immunity will be raised, state whether counsel wish to delay proceeding with the initial phases of discovery until those issues have been decided, and if so, state (i) the earliest a motion to dismiss or transfer will be filed, and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion. _____

D.     Rule 11 Certification: As a result of further investigation as required by Fed. R. Civ. P. 11, after filing the initial pleadings in this case, the parties agree that the following claims and defenses raised in the pleadings do not apply to the facts of this case, and hereby agree the court may dismiss or strike these claims and defenses at this time (an order adopting this agreement will be entered). _____

## II. CLAIMS AND DEFENSES:

A.     <u>Plaintiff's Claims, Elements</u>: The elements of the plaintiff's claims and the elements disputed by defendant are as follows. For each claim, list and number each substantive element of proof. (DO NOT repeat boilerplate allegations from pleadings):

1)     CLAIM ONE: NEGLIGENCE

    Elements:     (1) A legal duty owed by the defendant to the plaintiff, (2) a breach of such duty, (3) causation, and (4) resulting damages.

    Of these elements, defendant disputes the following: All elements.

2)     CLAIM TWO: STRICT LIABILITY

        Elements:    (1) The defendant placed the product on the market for use and knew, or in the exercise of reasonable care should have known, that the product would be used without inspection for defects; (2) the product was in a defective condition when it was placed on the market and left the defendant's possession; (3) the defect is the proximate or a proximately contributing cause of plaintiff's injury sustained while the product was being used in the way and for the general purpose for which it was designed and intended; (4) the defect, if existent, rendered the product unreasonably dangerous and unsafe for its intended use; and (5) plaintiff's damages were a direct and proximate result of the alleged defect.

        Of these elements, defendant disputes the following: All elements.

3)    CLAIM THREE: BREACH OF WARRANTY

        Elements:    (1) The defendant sold the product at issue; (2) that the defendant was a "merchant" with respect to products of that kind at the time of the sale; (3) that the product was not merchantable at the time it was delivered by the defendant; (4) that the plaintiff gave the defendant notice of the breach of the implied warranty within a reasonable time after the plaintiff discovered or should have discovered the breach; (5) that the breach or noncompliance with the implied warranty "was a proximate cause of some damage to the plaintiff"; and (6) the "nature and extent" of the plaintiff's damages.

        Of these elements, defendant disputes the following: All elements.

    B.    Defenses. The elements of the affirmative defenses raised by the pleadings are as follows. List each affirmative defense raised or expected to be raised by the defendant(s), and the substantive elements of proof. (DO NOT repeat boilerplate allegations from pleadings or deny matters on which the plaintiff has the burden of proof):

        1)    DEFENSE ONE: Plaintiff failed to state a claim upon which relief can be granted.

            Elements: Goodyear contends that the Complaint fails to state plausible facts which would support Plaintiffs' theories of recovery against Goodyear.

            Factual Application: The Complaint fails to state a claim for breach of warranty because any such claim is subsumed by Plaintiffs' strict liability claim under Nebraska law. Moreover, the Complaint fails to state a claim

for breach of warranty because it fails to plead notice or that the tire at issue deviated from the standard of merchantability at the time of sale.

Of these elements, the plaintiff disputes the following: Plaintiffs contend the allegations against Goodyear states a plausible claim for recovery.

2)     DEFENSE TWO: Plaintiffs' claims may be barred by the applicable statute of limitations.

Elements: Products liability actions must be commenced within four years next after the date on which the injury or damage complained of occurs, and within ten years after the date the product which allegedly caused the injury or damage was first sold or leased for use or consumption.

Factual Application: Goodyear contends discovery may reveal the tire at issue had been in use for more than the statutory period, and thus, Plaintiffs claims are barred.

Of these elements, the plaintiff disputes the following: This lawsuit was filed prior to any expiration of all statutes of limitation.

3)     DEFENSE THREE: Plaintiffs' claims may be barred and/or limited by the doctrine of waiver.

Elements: Waiver applies where a party has knowledge of an existing right or benefit and intends to relinquish said right.

Factual Application: Goodyear avers that should discovery reveal any alleged defect in the tire at issue, and that Plaintiffs had knowledge of the defect and nevertheless continued use of the tire, Plaintiffs have waived any claims against Goodyear.

Of these elements, the plaintiff disputes the following: Plaintiffs contend there exists no waiver of barring or limiting recovery in this matter.

4)     DEFENSE FOUR: Plaintiffs' claims may be barred and/or limited by the doctrine of estoppel.

Elements: Estoppel applies when there is: (1) conduct which amounts to a false representation or concealment of material facts or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; (3)

knowledge, actual or constructive, of the real facts; (4) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (5) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (6) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel.

Factual Application: Goodyear contends discovery may reveal Goodyear reasonably relied upon false statements or concealments of Plaintiffs, to Goodyear's detriment, and thus, Plaintiffs are estopped from claiming damages arising from the accident.

Of these elements, the plaintiff disputes the following: Plaintiffs contend there are no statements estopping Plaintiffs from recovering in this case.

5) DEFENSE FIVE: If Plaintiffs have failed to retain, maintain, preserve and keep as evidence the products allegedly at issue in this case, Goodyear will raise the legal doctrine of spoliation as an affirmative defense.

Elements: Goodyear is entitled to judgment or a favorable instruction to the extent that Plaintiffs have failed to maintain evidence in their custody and control relating to the tire at issue.

Factual Application: Upon information and belief, Plaintiffs have retained custody and control of the vehicle, the tire at issue, and other relevant evidence and is responsible for preserving and maintaining all such evidence in its control for purposes of this litigation.

Of these elements, the plaintiff disputes the following: Plaintiffs have properly preserved all evidence, in Plaintiffs possession, in this matter

6) DEFENSE SIX: Goodyear avers that Plaintiffs incurred no damages or injuries as a result of any acts or omissions by Goodyear.

Elements: Any damages or injuries sustained by Plaintiffs were caused by acts and/or omissions of persons or entities other than Goodyear, and there is no causal connection between Goodyear's alleged actions and Plaintiffs' claimed damages or injuries.

Factual Application: Any damages or injuries sustained by Plaintiffs were caused by acts and/or omissions of persons or entities other than Goodyear.

Of these elements, the plaintiff disputes the following: Plaintiffs contend the required casual connection will be shown through the evidence obtained in discovery, and presented at trial.

7) DEFENSE SEVEN: Goodyear avers that the injuries and damages alleged by Plaintiffs were caused by the acts and/or omissions of persons and/or entities over whom or which Goodyear had no control.

Elements: Any loss or injury sustained by Plaintiffs was caused by separate acts or omissions outside the control of Goodyear, which severed any causal connection between Goodyear's alleged actions and Plaintiffs' claimed injury or loss.

Factual Application: Any loss or damage sustained by Plaintiffs was caused by independent causes unrelated to products manufactured, sold or distributed by Goodyear and over which Goodyear had no control.

Of these elements, the plaintiff disputes the following: See response to Defense 6.

8) DEFENSE EIGHT: Any product sold, manufactured, or distributed by Goodyear was not a substantial contributing factor to any injury or damage alleged to have been sustained by Plaintiffs.

Elements: Any alleged defect in the tire at issue did not cause or contribute to cause any loss or injury sustained by Plaintiffs.

Factual Application: Any loss or damage sustained by Plaintiffs was caused by independent causes unrelated to products manufactured, sold or distributed by Goodyear and over which Goodyear had no control, and no Goodyear product caused or contributed to cause Plaintiffs' loss or damage.

Of these elements, the plaintiff disputes the following: Plaintiffs contend the subject tire was sold by Goodyear, and was a substantial contributing factor.

9) DEFENSE NINE: The conduct of individuals and/or entities other than Goodyear constitute superseding and/or intervening causes of the incident, injuries, and damages alleged by Plaintiffs.

Elements: Any loss or injury sustained by Plaintiffs was caused by separate and independent acts or omissions of individuals or entities

outside the control of Goodyear, which severed any causal connection between Goodyear's alleged actions and Plaintiffs' claimed injury or loss.

Factual Application: Any loss or damage sustained by Plaintiffs was caused by new and independent, unforeseeable, superseding and intervening causes—over whom/which Goodyear had no control—unrelated to the conduct of, or products manufactured, sold or distributed by, Goodyear.

Of these elements, the plaintiff disputes the following: Plaintiffs contend the evidence will show there was no independent superseding cause that casually related to this accident.

10) DEFENSE TEN: Assuming the Subject Tire allegedly involved in this accident was a Goodyear product, then that product was not in the same condition at the time it was allegedly used by Plaintiffs as it was at the time it passed out of the control of Goodyear.

Elements: Goodyear is not responsible for any after-market manipulations, modifications, installations or changes made to the tire at issue, to the extent that any such changes or modifications caused or contributed to the accident and resulting loss and damage.

Factual Application: To the extent that any changes or modifications were made to the tire at issue after it left the custody and control of Goodyear, Goodyear is not responsible to the extent such modifications caused or contributed to the accident and resulting loss and damage.

Of these elements, the plaintiff disputes the following: Plaintiffs contend the product was in the same condition as it was when it was purchased.

11) DEFENSE ELEVEN: Plaintiffs' claims are barred, in whole or in part, to the extent the product, subsequent to the time that it left the control of Goodyear, underwent substantial alteration, abuse, and/or misuse which caused the accident or injuries alleged by Plaintiffs.

Elements: Goodyear is not responsible for loss or damage that Goodyear demonstrates was caused by Plaintiffs' or a third party's failure to use the product as directed by warning labels, manuals and packaging, to the extent that any such misuse caused or contributed to the accident or any resulting loss or damage.

Factual Application: Goodyear contends discovery may reveal Plaintiffs or the owner or driver of the vehicle failed to properly use the tire or

vehicle as instructed, including failure to use seatbelts and operation of the vehicle under the influence of drugs, which caused or contributed to any alleged product malfunction.

Of these elements, the plaintiff disputes the following: Plaintiffs contend the product was not substantially altered, and was not abused or misused in this case.

12) DEFENSE TWELVE: Goodyear denies that the tire allegedly installed on the vehicle involved in the incident at issue was defective or unreasonably dangerous for its ordinary intended use at the time it left Goodyear's possession.

Elements: Plaintiffs have the burden to prove the product was defective when it left Goodyear's possession, that the defect made the product unreasonably dangerous for its intended use, that the defect was a proximate cause of some damage to Plaintiffs, and the nature and extent of any alleged damage.

Factual Application: Goodyear contends discovery will reveal the tire at issue performed safely and did not create a risk of harm beyond what the ordinary foreseeable user would contemplate. Goodyear further contends the tire at issue was reasonably safe under a risk-utility balancing analysis. Goodyear further contends discovery may reveal the tire was not used in a reasonably foreseeable manner.

Of these elements, the plaintiff disputes the following: Plaintiffs contend the subject tire was defective.

13) DEFENSE THIRTEEN: Plaintiffs' claims may be barred and/or recovery may be limited by virtue of misuse by some or all of the plaintiffs and/or other parties/entities' failure to properly care for or maintain the subject product.

Elements: Goodyear is not responsible for loss or damage that Goodyear demonstrates was caused by Plaintiffs' or other parties/entities' failure to properly care for or maintain the tire as directed by warning labels, manuals and packaging, to the extent that any such misuse caused or contributed to the accident or any resulting loss or damage.

Factual Application: Goodyear contends discovery may reveal Plaintiffs or the owner or driver of the vehicle failed to properly maintain or use the tire or vehicle as instructed, including failure to maintain the tire as directed, failure to use seatbelts and operation of the vehicle under the

influence of drugs, which caused or contributed to any alleged product malfunction.

Of these elements, the plaintiff disputes the following: Plaintiffs contend the evidence will show the tire was properly maintained and used as instructed. Further, Plaintiffs contend the evidence will rebut all allegations contained in Goodyear's factual allegations of Defense 13.

14) DEFENSE FOURTEEN: Any recovery should be reduced or barred in proportion to the degree of percentage of negligence or fault attributable to Plaintiffs.

Elements: Any loss, damage, or injury sustained by Plaintiffs was due to Plaintiffs' own negligence to an extent to bar or limit any claim possessed by Plaintiffs against Goodyear.

Factual Application: The accident report reflects that drug use was suspected from all occupants of the vehicle and that the occupants were not wearing seat belts at the time of the accident.

Of these elements, the plaintiff disputes the following: Plaintiffs contend there is no proportion of liability that should be attributed by Plaintiffs' conduct.

15) DEFENSE FIFTEEN: Plaintiffs' claims are barred because they failed to take reasonable steps to mitigate their alleged damages.

Elements: Plaintiffs have an affirmative duty to take reasonable steps to mitigate or limit the extent of their damages. A defendant is not liable for any damages that could have been prevented if the plaintiff had done so. The failure to mitigate will limit or bar plaintiffs' claims for damages.

Factual Application: Plaintiffs failed to take appropriate steps to minimize their loss before and after the accident.

Of these elements, the plaintiff disputes the following: Plaintiffs contend Defendants have no evidence to rely upon for which to bring this defense.

16) DEFENSE SIXTEEN: Any recovery should be reduced in proportion to any benefits Plaintiffs are entitled to receive for the injuries alleged in the Complaint from another source.

Elements: If Plaintiffs are entitled to receive benefits for the injuries alleged in the Complaint from sources other than a joint tortfeasor, then

the amounts of those benefits shall be reduced and/or deducted from any recovery by Plaintiffs in this action in accordance with the collateral source rule.

Factual Application: If Plaintiffs are entitled to receive benefits for the injuries alleged in the Complaint from third party sources other than a joint tortfeasor, then the amounts of those benefits should be deducted from any recovery to Plaintiffs from Goodyear.

Of these elements, the plaintiff disputes the following: Plaintiffs contend the evidence will support that no reduction would be proper in this case.

17) DEFENSE SEVENTEEN: The tire at issue was in conformity with the generally recognized state of the art at the time that it was designed, manufactured, inspected, packaged, labeled and sold.

Elements: Plaintiffs' claims are barred if the design, testing, and labeling of the product conformed with the generally recognized and prevailing state of the art in the industry at the time the product was first sold by Goodyear to any person not engaged in the business of selling tires.

Factual Application: Goodyear contends that discovery will reveal the design, testing, and labeling of the tire at issue conformed with the generally recognized and prevailing state of art in the industry at the time the tire was first sold by Goodyear to any person not engaged in the business of selling tires.

Of these elements, the plaintiff disputes the following: Plaintiffs contend the evidence will not show the subject tire was designed, tested, and labeled improperly, and defective.

18) DEFENSE SIXTEEN: Plaintiffs' claims are limited and/or barred by the doctrine of assumption of the risk.

Elements: Plaintiffs' claims are barred if Plaintiffs knew of and understood the specific danger, voluntarily exposed themselves to that danger, and Plaintiffs' injuries or damage occurred as a result of their exposure to that danger.

Factual Application: Goodyear contends that discovery may reveal Plaintiffs knowingly assumed the risk of a dangerous situation created by any alleged defect in the tire at issue.

        Of these elements, the plaintiff disputes the following: Plaintiffs contend Defendant has no evidence in which to rely upon to properly bring this defense.

III.    **SETTLEMENT:**

Counsel state:

    \_\_\_\_\_ There have been no efforts taken yet to resolve this dispute.

    \_\_\_\_\_ This dispute has been the subject of efforts to resolve it

        \_\_\_\_\_ prior to filing in court.

        \_\_\_\_\_ after court filing, but before the filing of this report.

    Those efforts consisted of
_____.

    \_\_X\_\_ Counsel have discussed the court's Mediation Plan and its possible application in this case with clients and opposing counsel.

    \_\_X\_\_ Mediation will be appropriate in this case at some point.

    \_\_\_\_\_ Mediation will not be appropriate because _____.

    \_\_\_\_\_ Counsel believe that with further efforts in the future, the case can be settled. The parties will be prepared to discuss settlement, or again discuss settlement, by_____.
Explain. _____

IV.    **CASE PROGRESSION:**

    A.    Do any of the parties believe an initial planning conference would be beneficial and/or should be held before a final scheduling order is entered? \_\_No\_\_
Explain. <u>The parties are happy to convene if the Court deems a conference necessary via telephone or in person.</u>

    B.    Mandatory disclosures required by Rule 26(a)(1), including a statement of how each matter disclosed relates to the elements of the disclosing party's claims or defenses

        \_\_\_\_\_ have been completed.

      __X__ will be completed by. June 7, 2018

C.   Motions to amend the pleadings or to add parties.

1)   The plaintiff

    _____ does

    __X__ does not

anticipate need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by August 8, 2018

2)   The defendant

    __X__ does

    ___ does not

anticipate need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by August 8, 2018.

If more than ninety days are needed, state the reason(s) why such time is necessary._____

D.   Experts.

1)   If expert witnesses are expected to testify at the trial, counsel agree to at least **identify** such experts, by name and address, (i.e., without the full reports required by Rule 26(a)(2)), by December 17, 2018.

2)   Experts and, unless otherwise agreed, expert **reports** shall be served by _____. **Note**: The parties may agree on separate dates for the plaintiff(s) and the defendant(s).

> Plaintiffs request a Plaintiff report disclosure date of January 14, 2019, followed by a Defendant report disclosure date of February 11, 2019, followed by depositions of Plaintiffs' experts, and then subsequent depositions of Defendants' experts .
>
> Defendant requests a Plaintiff report disclosure date of January 14, 2019, followed by depositions of Plaintiffs' experts by March 1, 2019, then a Defendant report disclosure date of April 1, 2019, with depositions to occur by May 17, 2019.

    3)    Motions to exclude expert testimony on *Daubert* and related grounds will be filed by June 17, 2019.

E.    Discovery.

    1)    Written discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by January 11, 2019.

    2)    Depositions, whether or not they are intended to be used at trial, will be completed by May 17, 2019.

    3)    Agreed Discovery Procedures:

        a.    Unique Circumstances. The following facts or circumstances unique to this case will make discovery more difficult or more time consuming: The nature of products liability cases tend to make discovery more voluminous and time consuming than other types of personal injury litigation. Additionally, Defendant believes the case will require a protective order to ensure confidential and/or trade secret information is not disclosed to competitors. Plaintiffs believe the age of the tire and associated documents may obviate the need for a protective order. Accordingly, the Court may be asked to rule upon the need and scope of a protective order prior to meaningful discovery taking place.

Counsel have agreed to the following actions to address that difficulty:
_____.

        b.    Electronic Discovery Provisions: Counsel have conferred regarding the preservation of electronically produced and/or electronically stored information or data that may be relevant--whether privileged or not--to the disposition of this dispute, including:

            (i)    The extent to which disclosure of such data should be limited to that which is available in the normal course of business, or otherwise;

            (ii)    The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;

            (iii)    The format and media agreed to by the parties for the production of such data or information as well as agreed procedure for such production;

(iv)     Whether reasonable measures have been implemented to preserve such data;

(v)     The persons who are responsible for such preservation, including any third parties who may have access to or control over any such information;

(vi)     The form and method of notice of the duty to preserve;

(vii)     Mechanisms for monitoring, certifying, or auditing custodial compliance;

(viii)     Whether preservation will require suspending or modifying any routine business processes or procedures, records management procedures and/or policies, or any procedures for the routine destruction or recycling of data storage media;

(ix)     Methods to preserve any potentially discoverable materials such as voice mail, active data in databases, or electronic messages;

(x)     The anticipated costs of preserving these materials and how such costs should be allocated; and

(xi)     The entry of and procedure for modifying the preservation order as the case proceeds.

The parties agree that:

__X__ No special provisions are needed in respect to electronic discovery. The court should order protection and production of such information in accordance with its usual practice.

_____ As to electronically stored information, the following provisions will be followed by the parties: _____.

c.     <u>Privileged and/or confidential communications and information.</u>

**General practice**: Under the court's general practice, if any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall, for each document, disclose a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity

and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure. The non-producing party may move to compel documents identified on the privilege log. The producing party may also seek a protective order to preserve the privilege or confidentiality of the documents identified.

**Special provisions**. To facilitate an early, efficient, and expeditious resolution of discovery issues which may arise related to documents withheld on the basis of alleged privilege or confidentiality, the parties shall discuss and consider:

(i) Whether the parties anticipate discovery issues or challenges arising from non-disclosure of allegedly confidential information;

(ii) Whether reasonable date ranges should be established after which privilege log entries for privileged or confidential information need not be made; and

(iii) As contemplated by Rule 502(e) of the Federal Rules of Evidence, the need for and terms of any agreement regarding disclosure of privileged attorney-client communications or confidential work product, and whether the parties will seek court approval of any such agreement.

The parties agree that:

\_\_X\_\_ No special provisions are needed regarding discovery of allegedly confidential information. If such issues arise, they will be resolved in accordance with the court's general practice.

\_\_\_\_\_ In addition to, or in lieu of the court's general practice for asserting confidentiality claims and resolving disputes over nondisclosure of allegedly confidential information, the parties agree the following provisions will be followed: _____.

d. The maximum number of interrogatories, including sub-parts, that may be served by any party on any other party is <u>25</u>.

      e.    The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is <u>10 (not including experts)</u>.

      f.    Depositions will be limited by Rule 30(d)(1), except the depositions of _____N/A_____, which by agreement shall be limited as follows: _____.

      g.    The parties stipulate that they will be required to give at least __10__ days' notice of their intention to serve records/documents or subpoenas on third parties prior to issuance. See NECivR 45.1

      h.    Other special discovery provisions agreed to by the parties include: _____.

F.    The following claims and/or defenses may be appropriate for disposition by dispositive motion (motion to dismiss or for summary judgment or partial summary judgment): <u>The parties are unable to answer without discovery at this point.</u>
Motions to dismiss and/or for summary judgment will be filed by <u>June 17, 2019</u>.

G.    Other matters to which the parties stipulate and/or which the court should know or consider:
_____N/A_____.

H.    Consent to Trial Before Magistrate Judge.

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the United States Court of Appeals. If the parties do not presently consent, they may do so at a later time and the case will remain with the assigned United States District Judge or, if not previously assigned, will be randomly assigned to a United States District Judge.

_____ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct any and all further proceedings in this case including the trial, and order the entry of final judgment.

__X__ All parties do not consent at this time.

I.    Trial date.

1)     Jury Trial:

    a.   \_\_\_\_\_ No party has timely demanded a jury trial.

    b.   __X__ A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

    c.   \_\_\_\_\_ A party has demanded a jury trial, and the parties disagree on whether trial by jury is available in this case. A motion to strike the (plaintiff's/defendant's) demand for jury trial will be filed no later than _____.

    d.   \_\_\_\_\_ Having previously demanded a jury trial, the plaintiff now waives jury trial. The defendant will file a demand for jury trial within \_\_\_\_\_ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

    e.   \_\_\_\_\_ Having previously demanded a jury trial, the defendant now waives jury trial. The plaintiff will file a demand for jury trial within \_\_\_\_\_ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

2)     This case will be ready for trial before the court by: __August 2019__. If more than eight months are required, state the special problems or circumstances that necessitate that much time for trial preparation.

    <u>The nature of products liability cases tend to make discovery more voluminous and time consuming than other types of personal injury litigation. Additionally, Defendant believes the case will require a protective order to ensure confidential and/or trade secret information is not disclosed to competitors. Plaintiffs believe the age of the tire and associated documents may obviate the need for a protective order. Accordingly, the Court may be asked to rule upon the need and scope of a protective order prior to meaningful discovery taking place</u>

3)     The estimated length of trial is __15__ days.

Dated: __May 23, 2018__

_____    _____
Counsel for Plaintiff(s)                          Counsel for Defendant(s)

CERTIFICATE OF SERVICE

  I hereby certify that on May 23, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Rule 26(f) Report, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: _____.

            s/ Edward S. Bott, Jr.

                (Rev. 12/1/16)