# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., </br></br>   Plaintiffs, </br></br>v. </br></br>THE GOODYEAR TIRE & RUBBER COMPANY, </br></br>   Defendant. | Case No. 8:18-cv-00127 |

### THE GOODYEAR TIRE & RUBBER COMPANY'S MOTION FOR LEAVE TO AMEND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

The Goodyear Tire & Rubber Company ("Goodyear"), by and through its counsel, pursuant to Federal Rule of Civil Procedure 15.1, Nebraska Civil Rule 15.1, and this Court's Initial Progression Order (ECF No. 56), hereby moves for leave to amend its affirmative defenses to Plaintiffs' Complaint. In support of this motion, Goodyear respectfully states as follows:

1. This lawsuit arises from an automobile accident that occurred on May 1, 2015, outside of Shelton, Nebraska. Plaintiffs allege the accident occurred as a result of a failure of a Goodyear tire on the vehicle involved.

2. On or about July 18, 2017, this case was filed in the Court of Common Pleas of Philadelphia County. The case was subsequently removed to the United States District Court for the Eastern District of Pennsylvania.

3. On or about August 11, 2017, Goodyear filed its Answer to the Complaint in the United States District Court for the Eastern District of Pennsylvania. Goodyear's Answer included sixteen (16) affirmative defenses.

1

2

4. On or about March 22, 2018, the United States District Court for the Eastern District of Pennsylvania ordered, pursuant to a stipulation of the parties, that the case be transferred to the United States District Court for the District of Nebraska.

5. On or about April 6, 2018 and April 12, 2018, the undersigned counsel entered their appearances on behalf of Goodyear. (ECF Nos. 42, 46.)

6. On May 23, 2018, Plaintiffs and Goodyear filed their Rule 26(f) Report. (ECF No. 55.) On or about May 21, 2018, while the parties were preparing the report, Goodyear advised Plaintiffs that it would move to amend its affirmative defenses to incorporate two additional affirmative defenses. The Rule 26(f) Report contains the affirmative defenses which Goodyear now seeks to add. (ECF No. 55, pp. 10-11.)

7. On or about May 24, 2018, this Court entered its Initial Progression Order. (ECF No. 56.) In this Order, the Court set August 8, 2018, as the deadline to amend pleadings.

8. Consistent with the parties' Rule 26(f) Report and the Initial Progression Order deadlines, Goodyear now seeks leave to amend its affirmative defenses to add the following additional affirmative defenses:

   a. Plaintiffs' claims are limited and/or barred because the tire at issue was in conformity with the generally recognized state of the art at the time that it was designed, manufactured, inspected, packaged, labeled, and sold; and
   b. Plaintiffs' claims are limited and/or barred by the doctrine of assumption of the risk. (ECF No. 55, p. 10.)

9. Goodyear also seeks to amend its fourteenth affirmative defense (comparative fault) to eliminate the reference to Pennsylvania's Comparative Negligence Act and the laws of the Commonwealth of Pennsylvania, and to incorporate references to applicable Nebraska law as follows:

   a. Goodyear denies liability in any respect. However, if it is determined to the contrary, ~~and if Pennsylvania law applies to this action,~~ then plaintiffs' causes of action may be barred and/or limited by ~~the provisions of the Pennsylvania~~

2

> ~~Comparative Negligence Act, 42 Pa. C.S.A. §7102, et seq., and the laws of the Commonwealth of Pennsylvania, or by similar Nebraska laws~~ <u>Nebraska's comparative negligence law, Neb. Rev. Stat. § 25-21, 185 et seq., and the laws of the State of Nebraska</u>.

10. Goodyear also seeks to amend its fifteenth affirmative defense (failure to mitigate) to incorporate applicable Nebraska law as follows:

> a. Some or all of plaintiffs' alleged injuries and damages are unrelated to the incident that is the subject matter of plaintiffs' Complaint, and/or plaintiffs have failed to mitigate some of their alleged damages. <u>Plaintiffs' failure to mitigate includes, *inter alia*, failure to wear seat belts. Accordingly, plaintiffs' claims are limited by Neb. Rev. Stat. § 60-6,273.</u>

11. Federal Rule of Civil Procedure 15 states in pertinent part: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FRCP 15(a)(2). The Court has substantial discretion in ruling on a motion for leave to amend under Rule 15(a)(2). *Wintermute v. Kansas Bankers Sur. Co.,* 630 F.3d 1063, 1067 (8th Cir. 2011).

12. Goodyear's request for leave to amend is made in compliance with the Court's Initial Progression Order. This request is made in good faith and does not prejudice Plaintiffs in this matter.

13. Goodyear reached out to Plaintiffs' counsel to inquire as to whether Plaintiffs intend to oppose Goodyear's Motion. As of the time of this filing, Goodyear has not received a response.

WHEREFORE, The Goodyear Tire & Rubber Company respectfully requests that the Court grant its Motion to Amend Affirmative Defenses and grant Goodyear leave to file the attached proposed pleading (Exhibit A[1]), and deem the same filed as of the date of the Court's Order, and for such other relief as the Court deems just and appropriate under the circumstances.

---

[1] The proposed amendments to Goodyear's original affirmative defenses are underlined in the attached proposed pleading. See Exhibit A.

3

1747431

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 8th day of August, 2018, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Edward S. Bott, Jr.

4