IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> THE GOODYEAR TIRE & RUBBER COMPANY, <br><br> Defendant. | Case No. 8:18-cv-00127 |

**THE GOODYEAR TIRE & RUBBER COMPANY'S**
**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

The Goodyear Tire & Rubber Company ("Goodyear") submits the following First Amended Answer and Affirmative Defenses, stating:

1. Goodyear need not respond to the allegations in this paragraph because they do not assert claims against it. To the extent these allegations are deemed factual, Goodyear admits only that this action was instituted against the named defendants by Writ of Summons, which was filed on May 31, 2017. All remaining allegations are denied, and strict proof thereof is demanded.

2-4. Goodyear is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs. They are therefore denied.

5. These allegations constitute conclusions of law and are directed to a party other than Goodyear. Therefore, no response is necessary. To the extent a response is deemed necessary, Goodyear, upon information and belief, denies that "Goodyear Tire & Rubber Company" is "a domestic Pennsylvania business entity … that regularly engages in the business of designing and manufacturing automotive tires." Upon information and belief, no such

**EXHIBIT A**

"domestic Pennsylvania business entity" exists. By way of further answer, Goodyear specifically denies that a "domestic Pennsylvania business entity" by the name of "Goodyear Tire & Rubber Company" does business as or is otherwise affiliated with Goodyear, the proper name of which is "The Goodyear Tire & Rubber Company."

6. These allegations constitute conclusions of law and are directed to a party other than Goodyear. Therefore, no response is necessary. To the extent a response is deemed necessary, Goodyear, upon information and belief, denies that "Goodyear Tire & Rubber Company" ("Goodyear") is "a domestic Pennsylvania business entity . . . that regularly engages in the business of designing and manufacturing automotive tires." Upon information and belief, Goodyear was incorporated in Allentown, Pennsylvania in 1919, and, since then, it has filed no corporate documents with the Pennsylvania Department of State; for that reason, the Department of State considers it to be a "County Orphan." By way of further answer, Goodyear specifically denies that any "active" and "domestic Pennsylvania business entity" by the name of "Goodyear Tire & Rubber Company" does business as or is otherwise affiliated with Goodyear, the proper name of which is "The Goodyear Tire & Rubber Company."

7. These allegations constitute conclusions of law to which no response is necessary. To the extent a response is deemed necessary, these allegations are admitted in part and denied in part. Goodyear admits that it is a foreign corporation, incorporated under the laws of the State of Ohio, with its principle place of business at 200 Innovation Way, Akron, Ohio 44316-0001, and it admits that it is actively registered with the Pennsylvania Department of State as a foreign entity. Goodyear denies that it does business as either "Goodyear Tire & Rubber Company" or "Goodwear Tire & Rubber Company." By way of further answer, and pursuant to the U.S. Supreme Court's recent decision in *Bristol-Myers Squibb Co. v. Superior Court of California,*

*San Francisco County,* 137 S. Ct. 1773 (2017), Goodyear also denies that Pennsylvania courts may exercise specific jurisdiction over it in this matter.

8. These allegations constitute conclusions of law to which no response is necessary. To the extent a response is deemed necessary, they are denied, and strict proof thereof is demanded.

9. These allegations constitute conclusions of law to which no response is necessary. To the extent a response is deemed necessary, they are denied, and strict proof thereof is demanded.

9. This is a paragraph of incorporation to which no response is necessary. To the extent a response is deemed necessary, Goodyear incorporates its Answers to Paragraphs 1-9.[1]

10-11. Goodyear is without knowledge or information sufficient to form a belief as to the truth of these allegations. They are therefore denied.

## Count I

12. This is a paragraph of incorporation to which no response is necessary. To the extent a response is deemed necessary, Goodyear incorporates its Answers to Paragraphs 1-11.

13-17. The allegations in this paragraph are conclusions of law to which no response is necessary. To the extent a response is deemed necessary, and to the extent these allegations are directed to parties other than Goodyear, Goodyear is without information or knowledge sufficient to form a belief as to their truth or falsity. To the extent they are directed to Goodyear, they are denied, and strict proof thereof is demanded at trial.

---

[1] The Complaint includes two consecutive paragraphs that are both numbered 9. For the sake of consistency, Goodyear has mirrored that numbering system in this Amended Answer.

## COUNT II

18. This is a paragraph of incorporation to which no response is necessary. To the extent a response is deemed necessary, Goodyear incorporates its Answers to Paragraphs 1-17.

19-27. The allegations in this paragraph, including all subparts, are conclusions of law to which no response is necessary. To the extent a response is deemed necessary, and to the extent these allegations are directed to parties other than Goodyear, Goodyear is without information or knowledge sufficient to form a belief as to their truth or falsity. To the extent they are directed to Goodyear, they are denied, and strict proof thereof is demanded at trial.

## COUNT III

28. This is a paragraph of incorporation to which no response is necessary. To the extent a response is deemed necessary, Goodyear incorporates its Answers to Paragraphs 1-17.

29-32. The allegations in this paragraph, including all subparts, are conclusions of law to which no response is necessary. To the extent a response is deemed necessary, and to the extent these allegations are directed to parties other than Goodyear, Goodyear is without information or knowledge sufficient to form a belief as to their truth or falsity. To the extent they are directed to Goodyear, they are denied, and strict proof thereof is demanded at trial.

## NEW MATTER

By way of further answer, Goodyear asserts the following New Matter in response to the Complaint:

1. The Complaint fails, in whole or in part, to state a claim against Goodyear upon which relief can be granted.

2. Plaintiffs' claims may be barred and/or limited, in whole or in part, by applicable statute(s) of limitations.

3. Plaintiffs' claims may be barred and/or limited by the doctrine of waiver.

4. Plaintiffs' claims may be barred and/or limited by the doctrine of estoppel.

5. Plaintiffs' claims may be barred and/or limited by the doctrine of spoliation.

6. Plaintiffs incurred no damages or injuries as a result of any act(s) or omission(s) by Goodyear.

7. Goodyear believes, and therefore avers, that the injuries and damages alleged by plaintiffs were caused by the acts and/or omissions of persons and/or entities over whom or which Goodyear had no control, as shall be determined during the course of discovery.

8. Any product sold, manufactured, or distributed by Goodyear was not a substantial contributing factor to any injury or damage alleged to have been sustained by plaintiffs.

9. The conduct of individuals and/or entities other than Goodyear—over whom/which defendant Goodyear had no control—constitutes a superseding, intervening cause of the incident, injuries, and damages alleged by plaintiffs.

10. Assuming, *arguendo,* that the Subject Tire allegedly involved in this incident was a Goodyear product, then that product was not in the same condition at the time of the incident as it was at the time it passed out of Goodyear's control.

11. Assuming, *arguendo,* that a Goodyear product was involved as alleged, then that product, subsequent to the time that it left Goodyear's control, may have undergone substantial alteration, abuse, and/or misuse, and such alteration, abuse, and/or misuse may have caused the accident, injuries and/or damages alleged in the Complaint.

12. Goodyear denies that the tire allegedly installed on the vehicle involved in the incident at issue was defective or unreasonably dangerous for its ordinary intended use at the time it left Goodyear's possession.

13. Plaintiffs' claims may be barred and/or recovery may be limited by virtue of misuse by some or all of the plaintiffs and/or others' failure(s) to properly care for or maintain the Subject Tire.

14. Goodyear denies liability in any respect. However, if it is determined to the contrary, then plaintiffs' claims may be barred and/or limited by <u>Nebraska's comparative negligence law, Neb. Rev. Stat. § 25-21, 185 et seq., and the laws of the State of Nebraska</u>.

15. Some or all of plaintiffs' alleged injuries and damages are unrelated to the incident that is the subject matter of plaintiffs' Complaint, and/or plaintiffs have failed to mitigate some of their alleged damages. <u>Plaintiffs' failure to mitigate includes, *inter alia*, failure to wear seat belts. Accordingly, plaintiffs' claims are limited by Neb. Rev. Stat. § 60-6, 273.</u>

16. If plaintiffs are entitled to receive benefits from the injuries alleged in the Complaint from sources other than a joint tortfeasor, then the amounts of these benefits shall be reduced and/or deducted from any recovery by plaintiffs in this action in accordance with the collateral source rule.

17. <u>Plaintiffs' claims are limited and/or barred because the tire at issue was in conformity with the generally recognized state of the art at the time that it was designed, manufactured, inspected, packaged, labeled, and sold.</u>

18. <u>Plaintiffs' claims are limited and/or barred by the doctrine of assumption of the risk.</u>

19. Goodyear reserves the right to amend its amended answer to the Complaint as discovery warrants.

WHEREFORE, having fully answered the Complaint Goodyear respectfully requests that judgment be entered in its favor and against plaintiffs, and that it be awarded its costs, attorney

fees, expert witness fess, and such further relief as the Court deems proper.

Dated:  August 8, 2018                      Respectfully submitted,

                                            GREENSFELDER, HEMKER & GALE, P.C.

                                            By:   /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO  63102
(314) 241-9090
Fax:  (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE  68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this 8th day of August, 2018, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                            /s/ Edward S. Bott, Jr.

1729931