IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 8:18-cv-00127<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF VIDEOTAPED DEPOSITION

**TO:**

Kyle W. Farrar
Kaster, Lynch, Farrar & Ball, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
Schwebel, Goetz & Sieben, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
Fraser, Stryker Law Firm
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

YOU ARE HEREBY NOTIFIED, pursuant to Federal Rules of Civil Procedure, the attorneys for The Goodyear Tire & Rubber Company will take the testimony of **Larry Blair** upon oral examination **February 7, 2019 at 10:00 a.m.** at:

Nebraska Department of Correctional Services
Diagnostic & Evaluation Center
3220 West Van Dorn St.
Lincoln, NE 68522

Said deposition will be recorded by stenographic and videographic means, and will

continue until it is adjourned. This deposition is for the purpose of discovery, for use as evidence at trial, and/or for any other legal purpose under the Federal Rules of Civil Procedure.

                GREENSFELDER, HEMKER & GALE, P.C.

By:   /s/Edward S. Bott, Jr.
       Edward S. Bott, Jr.
       Clark W. Hedger
       Juliane M. Rodriguez
       10 South Broadway, Suite 2000
       St. Louis, MO 63102
       (314) 241-9090
       Fax: (314) 345-5465
       esb@greensfelder.com
       ch1@greensfelder.com
       jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

2

1772653

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true and accurate copy of the foregoing was served by electronic mail and U.S. mail, postage prepaid, this 19th day of December, 2018, to:

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

                                                /s/Edward S. Bott, Jr.

- Wednesday through Friday visiting is a maximum of 4 adults. The adults may bring minors with them as long as they are on the inmates approved visiting list.
- Saturday and Sunday there is a maximum of 4 visitors including children.

## New Visitors

- New visitors must be approved on the inmates visiting list.
- They must have a VALID form of identification with them.
- Valid forms of ID include: State ID or license, Federal ID, and Passport with shift supervisor permission.
- Explain all rules of the visiting room to them including the dress code.
- New minors visiting must have a birth certificate with them.
- If the minor is visiting with someone other than their parent or guardian, they must have a signed and notarized permission slip from the parent or guardian stating the child's name, the parent's name, the person they are visiting with, and that they are visiting the NDCS. The notary must be on the same page.
- For new minors, photocopy (987) the birth certificate and permission slip (if applicable) and place the copes in the file titled: "need to scan."

## Dress Code

### *** NOTE CHILDREN 10 AND UNDER DO NOT FOLLOW THIS DRESS CODE!!!***

- No shorts, short skirts, leggings, jeggings, tights, skinny jeans, destressed jeans.
- No cleavage, no see through shirts even with a shirt under them, no drugs, gang, alcohol, or prison references. No shirts that show midriff or back.
- Sweats are allowed as long as they are clean and in good taste.
- Undergarments must be worn!
- No khaki pants AND shirt.
- No hoodies or hooded shirts.

## Baby Necessities

- 4 diapers
- Reasonable amount of wipes
- One simple plastic toy. No toys with noise. No balls, books, stuffed, metal, or wind-up toys.
- Children 5 and under may have a toy.
- One blanket.

- One pacifier.
- 1 change of clothes.
- 2 clear bottles or one sippy cup for children 3 and under.

## Rules for minors

- Children must be held at all times. They cannot wander around the visiting room or be in the floor.
- Children 3 years and younger may sit on an inmate's lap.
- Children must be seated at all times.
- If a child is noisy to the point that they are disruptive to other visits, inform the parent to quiet the child down or their visit could be terminated.
- Any child not allowed in the visiting room, may sit in the lobby as long as they are 14 and older.

## Items for adults

- 1 plastic comb.
- 1 handkerchief.
- 1 watch
- Appropriate jewelry
- Religious medallion or headgear
- Glasses
- Authorized medical appliances
- Inhalers and nitro tablet

## Rules for visiting

- At the beginning and end of a visit, there may be a brief hug and kiss.
- During the visit holding hands is the only physical contact allowed.
- Visitors must stay facing forward in their seats so officers can see what's going on at all times.
- No corporal punishment of children or inmates.
- No groping or fondling of any kind.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEBRASKA

| | |
|---|---|
| Rysta Leona Susman, et al. <br> *Plaintiff* <br> v. <br> The Goodyear Tire & Rubber Company <br> *Defendant* | Civil Action No. 8:18-cv-00127 |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Larry Blair, DCS ID 88416, c/o NDCS Diagnostic & Evaluation Center, 3220 West Van Dorn St., Lincoln, NE 68522

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: NDCS Diagnostic & Evaluation Center <br> 3220 West Van Dorn St., Lincoln, NE 68522 | Date and Time: <br> February 7, 2019, at 10:00 a.m. |
|---|---|

The deposition will be recorded by this method: steno and video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/19/2018

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ <br> *Signature of Clerk or Deputy Clerk* | /s/ Edward S. Bott, Jr. <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* The Goodyear Tire & Rubber Company , who issues or requests this subpoena, are:
Edward S. Bott, Jr., Greensfelder, Hemker & Gale, P.C., 10 S. Broadway, Suite 2000, St. Louis, MO 63102
esb@greensfelder.com; 314/241-9090

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).