IN THE U.S. DISTRICT COURT FOR NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, BOTH INDIVIDUALLY AND AS NATURAL MOTHER OF SHANE ALLEN LOVELAND, A PROTECTED PERSON, SHANE ALLEN LOVELAND, A PROTECTED PERSON BY AND THROUGH HIS TEMPORARY GUARDIAN AND CONSERVATOR, JOHN SAUDER, and JACOB SUMMERS,<br><br>    Plaintiff,<br><br>vs.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY,<br><br>    Defendant. | CASE NO. CI 8:18-CV-00127<br><br>**PETITION TO INTERVENE FOR PURPOSES OF MODIFYING THE EXISTING PROTECTIVE ORDER TO AVOID DUPLICATION OF DISCOVERY IN A SIMILAR CASE FILED BY PLAINTIFFS IN BUFFALO COUNTY, NEBRASKA CONCERNING THE SAME TIRE, TRUCK, AND ACCIDENT THAT IS THE SUBJECT OF THIS SUIT.** |

COMES NOW, Kearney Towing and Repair Center, Inc. ("Kearney") and, pursuant to Fed. R. Civ. P. 24(b), as well as Fed. R. Civ. P. 26(b)(3) and 26(c), hereby moves to intervene in this litigation for purposes of modifying the Protective Order currently in place (see Doc. No. 66) so as to facilitate efficient discovery that avoid duplication of efforts to obtain written materials and depositions in a related litigation filed by the same Plaintiffs against Kearney in the District Court for Buffalo County, Nebraska (Case No. CI 19-0158) (hereafter the "Kearney litigation").

As support for this Motion, Kearney has submitted to Magistrate Judge Bazis the Discovery Dispute Form; Kearney has also attached hereto a Certificate of Good Faith as set forth in Exhibit 11.

**Legal Basis for Petition**

Fed. R. Civ. P. 24(b) provides for permissive intervention. It is to be construed liberally with all doubts resolved in favor of permitting intervention. *Jochims v. Isuzu Motors, Ltd.*, 148 F.R.D. 624, 626 (S.D. Iowa 1993). Permissive intervention is a matter within the sound discretion of the district court, and its order will not be disturbed except upon a showing of clear abuse. *Id.* Rule 24(b) intervention is the proper method to modify a protective order. *Id.* at 627.

Permissive intervention to litigate a claim on the merits under Rule 24(b) requires: (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and

1

fact between the movant's claim or defense and the main action. *Jochims* at 627. However, when a party does not intend to litigate a claim on the merits, an independent jurisdictional basis is not required. *Id.* As for timeliness there is no bright line rule and the matter is left the court's sound discretion. *Id.* (noting that even post-judgment intervention to modify a protective order is not a rare occurrence). Also, "when a collateral litigant seeks permissive intervention solely to gain access to discovery subject to a protective order, no particularly strong nexus of fact or law need exist between the two suits." *Id.*

As it pertains to documents used in court proceedings, these rules are purposefully liberal to facilitate the right to access information rising under the common law and the First Amendment to the United States Constitution. Due to the strong policy favoring access to information, the burden of proof is on the party which seeks to overcome the presumption of access to demonstrate that "the interest of secrecy outweighs the presumption." *Id.* at 629. This requires a "showing of extraordinary circumstances." *Id.*

> With regards to the standard for modifying a Protective Order its is uniformly held that:
>
> where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification. Once such prejudice is demonstrated, however, the district court has broad discretion in judging whether that injury outweighs the benefits of any possible modification of the protective order.

*Id.* at 630. The benefit from modification of the protective order is the saving of time and expense which may be achieved by avoiding duplicative discovery.

To that end, it has been held that Fed. R. Civ. P. 26(c) permits protective orders to be issued "for good cause shown" to protect litigants from burdensome and oppressive discovery." *Id.* at 631. And so it has been held:

> As a general proposition, pre-trial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings. This presumption should operate all with all the more force when litigants seek to use discovery in aid of collateral litigation on similar issues, for in addition to the abstract virtues of sunlight as a disinfectant, access in such cases *materially eases the tasks of courts and litigants and speeds up what may otherwise be a lengthy process…*

*Id.* The same standards and analysis has been repeatedly referenced and adopted among courts considering the issue. See *Wolhar v. General Motors Corp.*, 712 A.2d 646 (1997)

2

(allowing intervening plaintiffs access to studies completing by GM so they can use those studies in similar litigations against GM); *Flynt v. Lombardi*, 782 F.3d 963 (8th Cir. 2015).

With regards to depositions, Fed. R. Civ. P. 26(b)(2)(C) the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive…" Pursuant to Fed. R. Civ. P. 26(c)(1) a party may move for a protective order in the court where the action is pending or in the court for the district where the deposition will be taken. For good cause the court can issue an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense. Protections allowed by the rule include "specifying terms, including time and place…for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B).

**Facts**

1. On or about August 7, 2017, Plaintiffs Rysta Leona Susman, Shane Allen Loveland, John Sauder, and Jacob Summers filed a complaint against Defendant, Goodyear Tire and Rubber Company alleging:

    a. On or about May 1, 2015, Shane Loveland and Jacob Summers were passengers in a 2003 Chevrolet Silverado SC1 pickup truck when the vehicle's right rear tire suffered a tread separation. As a result of the tread separation, the vehicle operator was unable to maintain a straight line of travel and the Chevrolet Silverado left the roadway, crossed into the median and caused a rollover. During the incident, Shane Loveland sustained significant brain injuries among other injuries. Jacob Summers suffered significant orthopedic injuries.

        See Ex. 1, Goodyear Complaint ¶ 10.

    b. At the time of this incident, the right rear tire on the vehicle was a Goodyear Wrangler HT, LT235/85R16 Load Range "E" bearing DOT MDORNJHV0244 (hereinafter also referred to as the "accident tire" or "subject tire"). The tread of the accident tire separated from the carcass, leading directly to the loss of control of the Chevrolet Silverado SC1. The design, manufacture, and marketing of the accident tire by the defendants, individually, as ostensible agents and acting in joint venture with each other, was defective and unreasonably dangerous both from a consumer expectation standard as well as from a risk-utility standard.

        See Ex. 1, Goodyear Complaint ¶ 11.

2. Plaintiffs asserted claims of negligence, strict liability, and breach of warranty against Goodyear. *Id.*

3. In the Answer, Goodyear denied the facts alleged above. Ex. 2, Goodyear Answer ¶ 3.

4. Goodyear also pled multiple affirmative defenses including:

    a. Goodyear believes, and therefore avers, that the injuries and damages alleged by plaintiffs were caused by the acts and/or omissions of persons and/or entities over whom or which Goodyear had no control, as shall be determined during the course of discovery.

       Ex. 2, Goodyear Answer ¶ 7.

    b. Any product sold, manufactured, or distributed by Goodyear was not a substantial contributing factor to any injury or damage alleged to have been sustained by plaintiffs.

       Ex. 2, Goodyear Answer ¶ 8.

    c. The conduct of individuals and/or entities other than Goodyear—over whom/which defendant Goodyear had no control—constitutes a superseding, intervening cause of the incident, injuries, and damages alleged by plaintiffs.

       Ex. 2, Goodyear Answer ¶ 9.

    d. Assuming, arguendo, that the Subject Tire allegedly involved in this incident was a Goodyear product, then that product was not in the same condition at the time of the the incident as it was at the time it passed out of Goodyear's control.

       Ex. 2, Goodyear Answer ¶ 10.

    e. Assuming, arguendo, that a Goodyear product was involved as alleged, then that product, subsequent to the time that it left Goodyear's control, may have undergone substantial alteration, abuse, and/or misuse, and such alteration, abuse, and/or misuse may have caused the accident, injuries and/or damages alleged in the Complaint.

       Ex. 2, Goodyear Answer ¶ 11.

    f. Plaintiffs' claims may be barred and/or recovery may be limited by virtue of misuse by some or all of the plaintiffs and/or others' failure(s) to properly care for or maintain the Subject Tire.

       Ex. 2, Goodyear Answer ¶ 13.

    g. If plaintiffs are entitled to receive benefits from the injuries alleged in the Complaint from sources other than a joint tortfeasor, then the amounts of these benefits shall be reduced and/or deducted from any recovery by plaintiffs in this action in accordance with the collateral source rule.

      Ex. 2, Goodyear Answer ¶ 14.

5. Upon information and belief, Goodyear considers Kearney to be a "tortfeasor" whose conduct would negate or reduce Goodyear's liability for any of the reasons stated in paragraphs 7 through 14 of Goodyear's Answer.

6. On or about April 12, 2019, Plaintiffs, Rysta Leona Susman, Shane Allen Loveland, John Sauder, and Jacob Summers filed the attached Complaint in the District Court for Buffalo County, Nebraska.

7. In the Complaint against Kearney, Plaintiffs presented virtually the same factual allegations that were used in the Goodyear Complaint, including:

   a. On or about May 1, 2015, Shane Loveland and Jacob Summers were passengers in a 2003 Chevrolet Silverado SC1 pickup truck when the vehicle's right rear tire suffered a tread separation. As a result of the tread separation, the vehicle operator was unable to maintain a straight line of travel and the Chevrolet Silverado left the roadway, crossed into the median and caused a rollover (the "accident"). During the incident, Shane Loveland sustained a significant permanent brain injury, along with other significant permanent personal injuries. Plaintiff Summers suffered significant personal injuries.

      Ex. 3, Kearney Complaint ¶ 7.

   b. At the time of this incident, the right rear tire on the vehicle was a Goodyear Wrangler HT, LT235/85R16 Load Range "E" bearing DOT MDORNJHV0244 (hereinafter also referred to as the "accident tire" or "subject tire"). The tread of the accident tire separated from the carcass, leading directly to the loss of control of the Chevrolet Silverado SC1.

      Ex. 3, Kearney Complaint ¶ 8.

8. Plaintiffs further allege:

   a. Kearney Towing inspected, mounted, installed and balanced the used tires that were on the subject 2003 Chevrolet Silverado SC1 truck occupied by Plaintiff Loveland and Plaintiff Summers at the time of the accident.

      Ex. 3, Kearney Complaint ¶ 9.

   b. At the time Defendant Kearney Towing installed the used tires that were on the 2003 Chevrolet Silverado SC1truck at the time of the accident, the tires were 20 years of age in that they were manufactured in 1994.

      Ex. 3, Kearney Complaint ¶ 10.

    c. Kearney Towing breached its duties and was negligent in the manner in which they inspected the subject vehicle's used tires and by installing said used tires on the 2003 Chevrolet Silverado SC1 truck represented to Plaintiffs, and each of them, that the subject tire was safe, when, in fact, it was not in a reasonably safe condition for foreseeable users, including Plaintiffs.

    Ex. 3, Kearney Complaint ¶ 14.

9. Similar to its claims against Goodyear, Plaintiffs pled claims for negligence and breach of warranty as against Kearney. Ex. 3, Kearney Complaint ¶ 14.

10. Similar to Goodyear, Kearney denied Plaintiffs' factual allegations. Ex. 4, Kearney's Answer ¶ 6-11.

11. Similar to Goodyear, Kearney alleged affirmative defenses including: Plaintiffs' contributory negligence, the comparative negligence of parties not joined in the suit, assumption of the risk, state-of-the art, misuse, failure to mitigate damages, estoppel, waiver, and latches. Ex. 4, Kearney Answer ¶¶ 1-18.

12. Kearney's Answer was timely filed on May 15, 2019. *Id.*

13. On or about July 11, 2019, Goodyear served Notices of its intent to serve subpoenas for the depositions of Kearney's Rule 30(b)(6) Representative, as well as two of Kearney's employees for purposes of the Goodyear litigation. See Ex. 6 – 9.

14. Plaintiffs have expressed a desire to seek secondary depositions of the exact same Kearney representative and Kearney employees at a later date in its collateral litigation against Kearney. See Exhibit 10, email exchanges.

**Analysis**

Because this Petition in Intervention only seeks modification of an existing Protective Order, not litigation on the merits, there is no requirement that Kearney establish "an independent ground for jurisdiction."

There is also little doubt that this Motion is timely. It was filed less than three months after Kearney timely filed its Answer. Ex. 4. And, the Goodyear case is far from reaching the trial stages. See Doc. No. 77 (scheduling trial for Jan. 21, 2020). Considering that even post-judgment Motions

6

to Intervene for purposes of modifying protective orders are often timely, timeliness should not be a barrier to modifying the existing Protective Order (Doc. No. 66) pursuant to this Petition.

As for there being common questions of law and fact, this is the case of a collateral litigant, Kearney, seeking permissive intervention to gain access to discovery subject to a protective order in the Goodyear litigation. Accordingly, no particularly strong nexus of fact or law is required between the two suits. Nonetheless, this is a situation where there is a strong nexus of fact and law between the two suits. Plaintiffs have alleged nearly identical facts in pursuit of these two separate litigations. Both suits involve negligence and breach of warranty claims arising from the alleged use of the same tire, on the same truck, and allegedly resulting in the same auto accident. Both Defendants deny that their conduct was the cause of the subject accident. Goodyear seems to be asserting as a defense to the claim filed against it that Kearney's actions were the cause of the accident due to Kearney's conduct in installing an aged tire on the pickup, which is nearly identical to the claims asserted by Plaintiffs against Kearney.

Modification of the Protective Order when there is such a clear nexus of fact and law will facilitate the open exchange of written discovery between the parties to these related litigations and will prevent duplicative depositions in the collateral case. This is consistent with the strong and well-established policy of saving time and expense which may be achieved by avoiding duplicative discovery. This is the same policy expressed, adopted, and implemented in Fed. R. Civ. P. 26(b)(2)(C) and Fed. R. Civ. P. 26(c)(1). To that end, the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative…"

Thus, for good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1), Kearney requests that the court modify the paragraph 1 of the Protective Order as follows, adding the bolded language:

1. <u>Applicability of Order.</u> This Order will govern the handling of documents, depositions, deposition exhibits, interrogatory responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure or which is voluntarily produced without regard to the use of the Federal Rules of Civil Procedure by or from any party, person, or entity in connection with the Litigation (this information hereinafter referred to as "Discovery Material"). **As used in this Protection Order "Litigation" or "action" includes the above referenced case, as well as the case titled:** *Susman, et. al. v. Kearney Towing & Repair Center,* **Case No. CI 19-0158.** As used herein "producing Party" or "Disclosing Party" shall refer to the parties to **these actions** that give testimony or product documents or other information, and "Receiving Party" shall refer to the parties to this action that receive such information...

7

This requested modification places Kearney in a position they would otherwise reach only after repeating the same written discovery already completed by Plaintiffs and Goodyear in this litigation. This modification would materially ease the tasks of courts and litigates to the Kearney case so they do not have to redo the discovery already completed in the Goodyear case. This modification would speed up what may otherwise be a lengthy process.

Kearney also requests that the Court include a term in the Protective Order specifying that the depositions of Kearney's Rule 30(b)(6) Representative and its employees or agents shall not take place until Plaintiffs certify that they are ready to proceed with the depositions for purposes of using them in both litigations. Plaintiffs must prepare for said deposition and make such a certification by the close of discovery in this litigation. This term will avoid placing an undue burden upon Kearney and prevent them from being subject to duplicative depositions concerning the same tire, installation, and accident, while still respecting the rights of Plaintiffs and Goodyear to pursue discovery from Kearney for this litigation.

**WHEREFORE** Kearney hereby petitions to intervene for the limited purpose of seeking a modification of the existing Protective Order, Doc. No. 66. Kearney further hereby moves for the following modifications to the Protective Order:

1. Paragraph 1 of the Protective Order be modified as follows (new language is in bold):

    Applicability of Order. This Order will govern the handling of documents, depositions, deposition exhibits, interrogatory responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure or which is voluntarily produced without regard to the use of the Federal Rules of Civil Procedure by or from any party, person, or entity in connection with the Litigation (this information hereinafter referred to as "Discovery Material"). **"Litigation" or "action" includes the above referenced case, as well as the case titled:** *Susman, et. al. v. Kearney Towing & Repair Center,* **Case No. CI 19-0158.** As used herein "Producing Party" or "Disclosing Party" shall refer to the parties to **the Litigation** that give testimony or produce documents or other information, and "Receiving Party" shall refer to the parties to this action that receive such information...

2. The following term be added to the existing Protective Order:

    No deposition of Kearney's Rule 30(b)(6) Representative and Kearney's employees cannot be held until Plaintiffs certify that they are ready to proceed with the depositions for purposes of using them in both litigations. Plaintiffs shall prepare for said deposition and make such a certification by the close of discovery in this litigation.

8

Kearney further requests any other relief the Court deems just or necessary.

                                                Respectfully submitted,

                                                KEARNEY TOWING & REPAIR CENTER, INC.,
                                                A NEBRASKA CORPORATION

By: _____
Stephen G. Olson, II, #18949
Kristina J. Kamler, #24082
ENGLES, KETCHAM, OLSON & KEITH, P.C.
1350 Woodmen Tower
1700 Farnam Street
Omaha, Nebraska 68102
(402) 348-0900 (Telephone)
(402) 348-0904 (Facsimile)
solson@ekoklaw.com
kkamler@ekoklaw.com

## NOTICE OF HEARING

     YOU ARE HEREBY NOTIFIED THAT the above matter will come for hearing on the _____ day of _____, 201_, before the Honorable Laurie Smith-Camp, Douglas County Courthouse, at _____ _.m. or as soon thereafter as counsel may be heard.

9

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 19, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Michael F. Coyle
Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
mcoyle@fraserstryker.com
**Attorney for Plaintiff**

Paul E. Godlewski
Schwebel Goetz & Sieben, P.A.
5120 IDS Center
80 S. 8th Street, #5120
Minneapolis, MN 55402
pgodlewski@schwebel.com
**Attorney for Plaintiffs**

Skip Edward Lynch
Kaster Lynch Farrar & Ball LLP
1010 Lamar, Suite 1600
Houston, TX 77002
Skip@thetirelawyers.com
**Attorney for Plaintiffs**

Kyle Farrar
Farrar & Ball LLP
1010 Lamar, Suite 1600
Houston, TX 77002
Kyle@fbtrial.com
**Attorney for Plaintiffs**

William R. Ogden
1117 Herkimer Street
Houston, TX 77008
bill@fbtrial.com
**Attorney for Plaintiffs**

Edward S. Bott, Jr.
Clark Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
esb@greensfelder.com
chl@greensfelder.com
jrodriguez@greensfelder.com
**Attorneys for Defendant**

Jennifer D. Tricker
Woodmen Tower
1700 Farnam Street
Omaha, NE 68102
jtricker@bairdholm.com
**Attorney for Defendant**

          /s/ Kristina J. Kamler