Filed in Buffalo District Court
*** EFILED ***
Case Number: D09CI190000158
Transaction ID: 0008678460
Filing Date: 05/15/2019 02:50:06 PM CDT

IN THE DISTRICT COURT OF BUFFALO COUNTY, NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, BOTH INDIVIDUALY AND AS NATURAL MOTHER OF SHANE ALLEN LOVELAND, A PROTECTED PERSON, SHANE ALLEN LOVELAND, A PROTECTED PERSON BY AND THROUGH HIS TEMPORARY GUARDIAN AND CONSERVATOR, JOHN SAUDER, AND JACOB SUMMERS,<br><br>Plaintiffs,<br><br>vs.<br><br>KEARNEY TOWING & REPAIR CENTER, INC., A NEBRASKA CORPORATION,<br><br>Defendant. | CASE NO.: CI 19-0158<br><br>ANSWER OF DEFENDANT KEARNEY TOWING & REPAIR CENTER, INC. |

COMES NOW, Defendant Kearney Towing & Repair Center, Inc. and hereby Answers the allegations in Plaintiffs' Complaint, as follows:

## I. THE PARTIES

1. This Defendant is without sufficient information to admit or deny the allegations in paragraph 1 of the Complaint and, therefore, denies the same.

2. This Defendant is without sufficient information to admit or deny the allegations in paragraph 2 of the Complaint and, therefore, denies the same.

3. This Defendant is without sufficient information to admit or deny the allegations in paragraph 3 of the Complaint and, therefore, denies the same.

4. This Defendant admits that it is a domestic Nebraska corporation, duly authorized to conduct business in the State of Nebraska and regularly engages in the business of selling, inspecting, and installing automotive tires and automotive component parts. This Defendant denies the remainder of the allegations in Paragraph 4 of the Complaint; this Defendant specifically denies that it sold, inspected, or installed the tire at issue in the subject litigation.

## II. JURISDICTION & VENUE

5. This Defendant denies the allegations in paragraph 5 of the Complaint.

EXHIBIT 4

### III. FACTUAL BACKGROUND

6. In response to paragraph 6 of the Complaint, this Defendant incorporates by reference its Answer to paragraphs 1 through 4 of the Complaint, as if fully set forth herein.
7. This Defendant denies paragraph 7 of the Complaint.
8. This Defendant denies paragraph 8 of the Complaint.
9. This Defendant denies paragraph 9 of the Complaint.
10. This Defendant denies paragraph 10 of the Complaint.
11. This Defendant denies paragraph 11 of the Complaint.

### COUNT I
### NEGLIGENCE AGAINST DEFENDANT KEARNEY TOWING

12. In response to paragraph 12 of the Complaint, this Defendant incorporates by reference its Answer to Paragraphs 1 through 11 of the Complaint, as if fully set forth herein.
13. This Defendant denies paragraph 13 of the Complaint.
14. This Defendant denies paragraph 14 of the Complaint.
15. This Defendant denies paragraph 15 of the Complaint.
    a. This Defendant denies paragraph 15(a) of the Complaint.
    b. This Defendant denies paragraph 15(b) of the Complaint.
    c. This Defendant denies paragraph 15(c) of the Complaint.
    d. This Defendant denies paragraph 15(d) of the Complaint.
    e. This Defendant denies paragraph 15(e) of the Complaint.
    f. This Defendant denies paragraph 15(f) of the Complaint.
    g. This Defendant denies paragraph 15(g) of the Complaint.
    h. This Defendant denies paragraph 15(h) of the Complaint.
16. This Defendant denies paragraph 16 of the Complaint.

### COUNT II
### BREACH OF CONTRACT AGAINST DEFENDANT KEARNEY TOWING

17. In response to paragraph 17 of the Complaint, this Defendant incorporates by reference its Answer to Paragraphs 1 through 16 of the Complaint, as if fully set forth herein.
18. This Defendant denies paragraph 18 of the Complaint.
19. This Defendant denies paragraph 19 of the Complaint.

## AFFIRMATIVE DEFENSES

1. This Defendant affirmatively alleges that this court may not be the proper venue for the trial of this matter because Plaintiffs have also filed suit against Goodyear Tire Co., Case No. 8:18-CV-00127 U.S. District Court of Nebraska; it is possible that the U.S. District for Nebraska may exercise supplemental jurisdiction over this matter, in which case it would be improper to proceed in this Court.

2. This Defendant affirmatively alleges that it did not manufacture, sell, or assemble the tire in question and, therefore, cannot be liable under a product liability theory, even if the same is couched in a negligence or breach of contract cause of action.

3. This Defendant affirmatively alleges that it had no dealings with Plaintiffs and was not in privity of any contract with Plaintiffs.

4. This Defendant affirmatively alleges that the owner of the truck, the driver of the truck, and the manufacturer/seller of the tire are necessary and/or indispensable parties to this litigation; therefore, this Court is without jurisdiction to resolve this controversy.

5. This Defendant affirmatively alleges that this claim is barred by the applicable statute of limitations.

6. This Defendant affirmatively alleges that Plaintiffs' own negligence significantly contributed to this incident and did so in an amount that bars and/or reduces their recovery under Nebraska's contributory negligence statute.

7. This Defendant affirmatively alleges that Plaintiffs failed to use their seatbelt and, therefore, failed to mitigate their damages as contemplated in Neb. Rev. Stat. § 60-6,273.

8. This Defendant affirmatively alleges that Plaintiffs' damages, if any, were caused by the negligence of a third-party over which this Defendant had no control, including but not limited to Plaintiffs' employer and/or the driver of the truck on the date of this incident. The negligence of such individuals must be compared to that of this Defendant and any award to Plaintiffs must be reduced based upon the negligence of such individuals pursuant to Nebraska's Comparative Negligence statutes.

9. This Defendant affirmatively alleges that this incident was an unavoidable consequence for which no one was at fault.

10. This Defendant affirmatively alleges that Plaintiffs assumed the risk of riding in a vehicle that was of significant age with tires of significant age.

11. This Defendant affirmatively alleges the tire that is the subject of this litigation was state-of-the art at the time it was sold.

12. This Defendant affirmatively alleges that the tire was misused by Plaintiffs or some other party over which this Defendant had no control.

13. This Defendant affirmatively alleges that Plaintiffs have not been damaged to the extent alleged.

14. This Defendant affirmatively alleges that Plaintiffs failed to mitigate their damages, if any.

15. This Defendant affirmatively alleges that Plaintiffs damages are too speculative to be awarded.

16. This Defendant affirmatively alleges that this action is barred by the judicial estoppel doctrine due to statements made in other proceedings.

17. This Defendant affirmatively alleges that this action is barred by the doctrines of estoppel, waiver, and latches.

18. Res judicata and collateral estoppel based upon the Goodyear and any workers compensation cases filed by Plaintiffs bar and/or reduce Plaintiffs recovery in this action; these doctrines may also limit the issues to be tried in this case.

### JURY DEMAND

This Defendant requests a trial by jury as to all issues set forth in Plaintiffs' Complaint.

**WHEREFORE**, having fully responded to Plaintiffs' Complaint, this Defendant respectfully requests the same be dismissed and any other relief the Court deems appropriate.

        KEARNEY TOWING & REPAIR CENTER, INC.,
        A Nebraska Corporation, Defendant

By: _____
Stephen G. Olson, II, #18949
Kristina J. Kamler, #24082
ENGLES, KETCHAM, OLSON & KEITH, P.C.
1350 Woodmen Tower
1700 Farnam Street
Omaha, Nebraska 68102
(402) 348-0900
(402) 348-0904 (Facsimile)
solson@ekoklaw.com
kkamler@ekoklaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on May 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Michael F. Coyle
Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
mcoyle@fraserstryker.com
**Attorney for Plaintiffs**

                                      /s/ Stephen G. Olson, II

# Certificate of Service

I hereby certify that on Wednesday, May 15, 2019 I provided a true and correct copy of the Answer to the following:

Loveland,Shane,Allen represented by Coyle,Michael,F (Bar Number: 18299) service method: Electronic Service to mcoyle@fraserstryker.com

Summers,Jacob, represented by Coyle,Michael,F (Bar Number: 18299) service method: Electronic Service to mcoyle@fraserstryker.com

Kearney Towing & Repair Center service method: No Service

Susman,Rysta,Leona represented by Coyle,Michael,F (Bar Number: 18299) service method: Electronic Service to mcoyle@fraserstryker.com

Signature: /s/ Olson,Stephen,G,II (Bar Number: 18949)

EXHIBIT 4