ENGLES KETCHAM
OLSON KEITH P.C.

P 402.348.0900   1350 Woodmen Tower
F 402.348.0904   Omaha, Nebraska 68102
E mail@ekoklaw.com   ekoklawfirm.com

OMAHA, NEBRASKA - DES MOINES, IOWA

Albert M. Engles  .  NE, IA
Dan H. Ketcham  .  NE, IA, AZ
Stephen G. Olson, II  .  NE, IA
Robert S. Keith  .  NE, IA
Karen Bailey  .  NE, IA
Jason A. Kidd  .  NE, IA
L. Tyler Laflin  .  NE, IA, SD Michael
L. Moran . NE, IA
_____
Justin K. Burroughs  .  NE, IA, MO, IL
Kristina J. Kamler  .  NE, IA, IL
Garrett A. Lutovsky  .  NE, IA
L. Paige (Purdy) Hall  .  NE, IA, LA
Marc H. Chedel  .  NE, IA
Alexis M. Wright  .  NE, IA
Alexander Struck . NE
Jacob A. Enenbach . NE, IA
Alberto P. Hernandez, Jr. . NJ, NE
David M. Lehan . NE
Keith Graham . IA
Kevin M. Gambee . NE, IA, OR
Andrea A. Montoya . NE, IA
Connor W. Orr . NE, IA Jered
B. Campbell . NE

July 1, 2019

**CORRECTED VERSION**

**VIA EMAIL: mcoyle@fraserstryker.com**
Michael F. Coyle
Fraser, Stryker Law Firm 500
Energy Plaza
409 South 17th Street
Omaha, NE 68102

**VIA EMAIL: skip@thetirelawyers.com; kyle@fbtrial.com**,
Skip Lynch
Kyle W. Farrar
Kaster, Lynch Law Firm
1010 Lamar
Suite 1600
Houston TX 77002

**VIA EMAIL: pgodlewski@schwebel.com;**
Paul Godlewski
Schwebel, Goetz Law Firm
80 South 8th Center
Suite 5120 IDS Center
Minneapolis, MN 54402

|  |  |  |
|---|---|---|
| Re: | Insured: | Kearney Towing & Repair Center, Inc. |
|  | Claimant: Shane Loveland and Jacob Summers Claim No.: |  |
|  | KBPL 19040003 |  |
|  | Date of Loss: | May 1, 2015 |

Dear Counsel,

 As you know, the Rule 30(b)(6) Deposition of my client, Kearney Towing & Repair Center, Inc., has been scheduled for **July 9, 2019** in Kearney, Nebraska in a related case that your clients, Rysta Susman, Shane Loveland, and Jacob Summers, have filed against Goodyear Tire Co. *Susman, et. al. v. The Goodyear Tire & Rubber Company*, U.S. District Court for Nebraska, Case No. 8:18-cv-00127.

To avoid placing an undue burden on my client and subjecting my client to multiple depositions concerning the same car accident, tire, and tire installation, we are asking that you be prepared to ask all questions that you have of my client during the **July 9, 2019** deposition. We will consider efforts to repeat this deposition at a later date as being

*June 27, 2019 Page 2 o*

EXHIBIT 10

*f 2*

duplicative, unduly burdensome, and driven by an improper motive. To ensure proper notice and scope of the deposition, we are also filing a Notice for this deposition in the case you filed against my client, Kearney Towing, Inc. Should you have any questions, comments, or concerns regarding this matter, please feel free to contact me.

    Very truly yours,

    ENGLES, KETCHAM, OLSON & KEITH, P.C.

    Kristina J. Kamler

EXHIBIT 10

| | |
|---|---|
| **From:** | Kristina Kamler |
| **To:** | Edward S. Bott; Kyle Farrar; Penny Bartholomew; milstrup@schwebel.com; pgodlewski@schwebel.com; Skip@thetirelawyers.com; kprchal@bairdholm.com; jtricker@bairdholm.com |
| **Cc:** | Judy Mitchell; Rhonda L. VanOsdale; Mark Bankston |
| **Subject:** | RE: Kearney Towing & Repair Ctr re Loveland, Shane - Claim No: KBPL19040003 |
| **Date:** | Wednesday, July 17, 2019 4:50:00 PM |
| **Attachments:** | Bazis Discovery Dispute Form-79431.docx<br>image001.png |

Hi Kyle,

Have you had a chance to review the discovery dispute form? Will you please advise note your position on the matters stated therein?

Thank you!

Kristina J. (Pfeifer) Kamler
Attorney at Law
Engles, Ketcham, Olson & Keith P.C.
1700 Farnam Street
Woodmen Tower, Suite 1350
Omaha, NE 68102
(402) 938-4883 direct line
(402) 348-0900 operator line
(402) 348-0904 fax

NOTICE: The information in this e-mail and any files attached are intended only for the addressee and may contain attorney - client confidential or privileged material or work product. If you believe you have received this communication in error, please notify the sender by return e-mail or notify the sender at one of the above telephone numbers. Any interception, review, retransmission, dissemination, or other use of this information by persons or entities other than the intended recipient is expressly prohibited.

---

**From:** Edward S. Bott <esb@greensfelder.com>
**Sent:** Thursday, July 11, 2019 3:27 PM
**To:** Kristina Kamler <kkamler@ekoklaw.com>; Kyle Farrar <kyle@fbtrial.com>; Penny Bartholomew <pbartholomew@ekoklaw.com>; milstrup@schwebel.com; pgodlewski@schwebel.com; Skip@thetirelawyers.com; kprchal@bairdholm.com; jtricker@bairdholm.com
**Cc:** Judy Mitchell <jmitchell@ekoklaw.com>; Rhonda L. VanOsdale <rlv@greensfelder.com>; Mark Bankston <mark@fbtrial.com>
**Subject:** RE: Kearney Towing & Repair Ctr re Loveland, Shane - Claim No: KBPL19040003

**Kristina,**

**I have attached your Discovery Dispute form with a statement of Goodyear's position to the two issues.**

EXHIBIT 10

**Edward S. Bott, Jr.**
Greensfelder, Hemker & Gale, P.C.
10 South Broadway, Suite 2000
St. Louis, Mo. 63102
Phone - (314) 516-2690
Fax - (314) 241-4245



*"We earn our reputation from the companies we keep."®*
CONFIDENTIAL & PRIVILEGED TRANSMISSION
The message included with this e-mail and any attached document(s) contains information from the law firm of GREENSFELDER, HEMKER & GALE, P.C. which may be confidential and/or privileged.  This information is intended to be for the use of the intended recipient.  If you are not the intended recipient, note that any disclosure, photocopying, distribution or use of the contents of this e-mail information is prohibited.  If you have received this e-mail in error, please notify us by a reply to this email and promptly delete or destroy the transmission or attachments.  Opinions, conclusions and other information in this message that do not relate to the official business of Greensfelder, Hemker & Gale, P.C.  shall be understood as neither given nor endorsed by it.

---

**From:** Kristina Kamler [mailto:kkamler@ekoklaw.com]
**Sent:** Tuesday, July 09, 2019 11:40 AM
**To:** Kyle Farrar; Edward S. Bott; Penny Bartholomew; milstrup@schwebel.com; pgodlewski@schwebel.com; Skip@thetirelawyers.com; kprchal@bairdholm.com; jtricker@bairdholm.com
**Cc:** Judy Mitchell; Rhonda L. VanOsdale; Mark Bankston
**Subject:** RE: Kearney Towing & Repair Ctr re Loveland, Shane - Claim No: KBPL19040003

Hi Kyle and Ed,

It appears we are at an impasse on this issue and need to seek the Court's guidance. I plan to do this through a Motion to Intervene in the Goodyear case so as to obtain a modification of the existing protection order. See the attached case that authorizes such a procedure. I've also attached Judge Bazis's discovery dispute form. Ed and Kyle will you please fill out the section concerning the responding party's position as it pertains to my request to avoid duplicative and cumulative depositions of my clients for these two cases.

In addition, I've previously verbally discussed the production of materials from the Goodyear case for the Kearney case with Mr. Bott.  Mr. Bott objected based upon the existing Protective Order. I anticipate a similar response will be made by Plaintiffs in response to our written discovery requests for the Kearney case and a subpoena that is formally being issued this week to Goodyear requesting the same materials. So, if you would both state your position as to modifying the protective order so as to allow the production of the materials from the Goodyear case for the Kearney case, I would appreciate it.

I would like to try to get the Motion to Intervene and Supporting Brief filed early next week. So, if

EXHIBIT 10

you will please confirm your positions on this form and return it to me by Friday, July 12th, I would appreciate it.

Thank you!

Kristina J. (Pfeifer) Kamler
Attorney at Law
Engles, Ketcham, Olson & Keith P.C.
1700 Farnam Street
Woodmen Tower, Suite 1350
Omaha, NE 68102
(402) 938-4883 direct line
(402) 348-0900 operator line
(402) 348-0904 fax

NOTICE: The information in this e-mail and any files attached are intended only for the addressee and may contain attorney - client confidential or privileged material or work product. If you believe you have received this communication in error, please notify the sender by return e-mail or notify the sender at one of the above telephone numbers. Any interception, review, retransmission, dissemination, or other use of this information by persons or entities other than the intended recipient is expressly prohibited.

---

**From:** Kyle Farrar <kyle@fbtrial.com>
**Sent:** Tuesday, July 9, 2019 7:51 AM
**To:** Kristina Kamler <kkamler@ekoklaw.com>; Edward S. Bott <esb@greensfelder.com>; Penny Bartholomew <pbartholomew@ekoklaw.com>; milstrup@schwebel.com; pgodlewski@schwebel.com; Skip@thetirelawyers.com; kprchal@bairdholm.com; jtricker@bairdholm.com
**Cc:** Judy Mitchell <jmitchell@ekoklaw.com>; Rhonda L. VanOsdale <rlv@greensfelder.com>; Mark Bankston <mark@fbtrial.com>
**Subject:** RE: Kearney Towing & Repair Ctr re Loveland, Shane - Claim No: KBPL19040003

This does not change my position. The idea that you can force me to take your clients deposition at the outset of the case before you respond to discovery is not what is meant by there is no sequence to discovery.

There are significant fundamental differences between a products liability case and a negligence case. The issues simply are not the same. Also, there are procedural differences, such as under the rules I would not be allowed to lead your witness in the federal court case and obviously would in the state court case.

I simply cannot agree to one deposition to cover two cases wherein the issues at significantly different.

EXHIBIT 10

**From:** Kristina Kamler <kkamler@ekoklaw.com>
**Sent:** Monday, July 8, 2019 7:03 PM
**To:** Kyle Farrar <kyle@fbtrial.com>; Edward S. Bott <esb@greensfelder.com>; Penny Bartholomew <pbartholomew@ekoklaw.com>; milstrup@schwebel.com; pgodlewski@schwebel.com; Skip@thetirelawyers.com; kprchal@bairdholm.com; jtricker@bairdholm.com
**Cc:** Judy Mitchell <jmitchell@ekoklaw.com>; Rhonda L. VanOsdale <rlv@greensfelder.com>
**Subject:** RE: Kearney Towing & Repair Ctr re Loveland, Shane - Claim No: KBPL19040003

Hi Kyle,

There is authority for my position in the plain and unambiguous language of Fed. R. Civ. P. 26(b)(3), which provides:

> (C) *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is <u>unreasonably cumulative or duplicative</u>, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

The Nebraska Discovery Rules are patterned after the federal rules and discovery issues in Nebraska court are often resolved based upon the federal rules. Nonetheless, the Nebraska discovery rules plainly provide that "methods of discovery may be used in any sequence and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery." Neb. R. Disc. 6-326(d). Nebraska Courts have broadly interpreted this rule to state that there is no objection based upon the "sequence" of discovery so your objection to not having written discovery from my client prior to the deposition of my client would most likely not be well received in Nebraska. So, to make a long story short, this is the basis for my objection to a subpoena that would be issued in the product liability case you filed against Goodyear concerning the tire involved in the incident. And, if necessary, I will file a motion for a protective order in the negligent inspection/installation case (concerning the same allegedly defective tire) you filed against my client in the Nebraska state court, citing the same authority.

For what it's worth, our responses to your written discovery requests are due on or about July 28, 2019. So if we could agree to do this deposition in mid to late August you should have ample time to review those materials and be prepared so as to address that concern that you've previously identified.

Overall, these two cases that you've filed against Goodyear (a product liability case concerning the tire) and my client, Kearney Towing (an alleged negligent inspection/installation of the same tire), revolve around the exact same tire, tire installation, and auto accident. My client disputes having any liability for your clients' injuries, so it does not seem unreasonable (based upon the rules cited

EXHIBIT 10

above) to ask that you be prepared to ask my client all questions you want to ask them at one deposition for both cases, set for a date agreed upon by all three parties to these two litigations that you choose to file separately in separate courts, even though you could have joined them in one action to alleviate this issue.

So, now that I've identified the authority to support my position, will you reconsider your position on this matter and perhaps aim for one mutually agreed upon date to address my concerns? It would negate the need for two separate hearings in two separate courts concerning the exact same matter.

Thank you!

Kristina J. (Pfeifer) Kamler
Attorney at Law
Engles, Ketcham, Olson & Keith P.C.
1700 Farnam Street
Woodmen Tower, Suite 1350
Omaha, NE 68102
(402) 938-4883 direct line
(402) 348-0900 operator line
(402) 348-0904 fax

NOTICE: The information in this e-mail and any files attached are intended only for the addressee and may contain attorney - client confidential or privileged material or work product. If you believe you have received this communication in error, please notify the sender by return e-mail or notify the sender at one of the above telephone numbers. Any interception, review, retransmission, dissemination, or other use of this information by persons or entities other than the intended recipient is expressly prohibited.

---

**From:** Kyle Farrar <kyle@fbtrial.com>
**Sent:** Monday, July 8, 2019 3:04 PM
**To:** Kristina Kamler <kkamler@ekoklaw.com>; Edward S. Bott <esb@greensfelder.com>; Penny Bartholomew <pbartholomew@ekoklaw.com>; milstrup@schwebel.com; pgodlewski@schwebel.com; Skip@thetirelawyers.com; kprchal@bairdholm.com; jtricker@bairdholm.com
**Cc:** Judy Mitchell <jmitchell@ekoklaw.com>; Rhonda L. VanOsdale <rlv@greensfelder.com>
**Subject:** RE: Kearney Towing & Repair Ctr re Loveland, Shane - Claim No: KBPL19040003

I will never agree to this request. Mr. Loveland is permanently and catastrophically injured. Everyone agrees he requires 24/7 care for the remainder of his life. I just don't think sitting for two depositions that are in separate cases is too much to ask given the gravity of the injuries.

Do you have any authority for your position? Which court do you plan on making your objection? I am unclear how the Federal Court can require me to take the deposition in state court and am likewise unclear how the state court can prohibit Goodyear from subpoenaing your client.

EXHIBIT 10

**From:** Kristina Kamler <kkamler@ekoklaw.com>
**Sent:** Monday, July 8, 2019 10:08 AM
**To:** Edward S. Bott <esb@greensfelder.com>; Penny Bartholomew <pbartholomew@ekoklaw.com>; Kyle Farrar <kyle@fbtrial.com>; milstrup@schwebel.com; pgodlewski@schwebel.com; Skip@thetirelawyers.com; kprchal@bairdholm.com; jtricker@bairdholm.com
**Cc:** Judy Mitchell <jmitchell@ekoklaw.com>; Rhonda L. VanOsdale <rlv@greensfelder.com>
**Subject:** RE: Kearney Towing & Repair Ctr re Loveland, Shane - Claim No: KBPL19040003

Thank you for the update Ed.

For what its worth, we will object to any deposition of my clients, unless and until, Plaintiff is in agreement that the deposition is for both the Goodyear and Kearney cases. We are and will be taking the position that my client should not be subjected to duplicative depositions concerning the same tire, installation, and accident. I cannot speak for Plaintiffs' counsel as to when they will be prepared to take that deposition. But, I'm hoping we can get ahead of this issue by communicating openly about it before another deposition date is proposed.

Kristina J. (Pfeifer) Kamler
Attorney at Law
Engles, Ketcham, Olson & Keith P.C.
1700 Farnam Street
Woodmen Tower, Suite 1350
Omaha, NE 68102
(402) 938-4883 direct line
(402) 348-0900 operator line
(402) 348-0904 fax

NOTICE: The information in this e-mail and any files attached are intended only for the addressee and may contain attorney - client confidential or privileged material or work product. If you believe you have received this communication in error, please notify the sender by return e-mail or notify the sender at one of the above telephone numbers. Any interception, review, retransmission, dissemination, or other use of this information by persons or entities other than the intended recipient is expressly prohibited.

**From:** Edward S. Bott <esb@greensfelder.com>
**Sent:** Monday, July 8, 2019 9:03 AM
**To:** Penny Bartholomew <pbartholomew@ekoklaw.com>; Kyle@fbtrial.com; milstrup@schwebel.com; pgodlewski@schwebel.com; Skip@thetirelawyers.com; kprchal@bairdholm.com; jtricker@bairdholm.com
**Cc:** Kristina Kamler <kkamler@ekoklaw.com>; Judy Mitchell <jmitchell@ekoklaw.com>; Rhonda L. VanOsdale <rlv@greensfelder.com>
**Subject:** RE: Kearney Towing & Repair Ctr re Loveland, Shane - Claim No: KBPL19040003

This confirms that the deposition(s) tentatively set for July 9 will not be taken on that date.  I am working with Mr. Farrar to identify a date in the coming weeks that will work for us and when he and I agree on a date(s) we will contact you to get a date that is acceptable to you and your clients.  As we have discussed, I will want to depose Kearney's corporate representative and also the technicians who's initials appear on the work order from June 2014 or who were in anyway involved in

EXHIBIT 10

communications with Dandee regarding the installation of those tires.

Best regards,
Ed

Sent from Mail for Windows 10

---

**From:** Penny Bartholomew
**Sent:** Tuesday, July 2, 2019 2:03 PM
**To:** Kyle@fbtrial.com; milstrup@schwebel.com; pgodlewski@schwebel.com; Skip@thetirelawyers.com; kprchal@bairdholm.com; Edward S. Bott; jtricker@bairdholm.com
**Cc:** Kristina Kamler; Judy Mitchell
**Subject:** Re: Kearney Towing & Repair Ctr re Loveland, Shane - Claim No: KBPL19040003

Dear Counsel,

Attached please find a letter and corresponding attachments regarding the above-referenced matter.

Sent on behalf of Kristina J. Kamler.

Best regards,


Penny L. Bartholomew
Legal Assistant

ENGLES, KETCHAM, OLSON, & KEITH, PC
1700 Farnam Street
1350 Woodmen Tower
Omaha, NE  68102
402.348.0900 phone
402.348.0904 fax
pbartholomew@ekoklaw.com

NOTICE: The information in this e-mail and any files attached are intended only for the addressee and may contain attorney - client confidential or privileged material or work product. If you believe you have received this communication in error, please notify the sender by return e-mail or notify the sender at one of the above telephone numbers. Any interception, review, retransmission, dissemination, or other use of this information by persons or entities other than the intended recipient is expressly prohibited.

EXHIBIT 10