IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RYSTA LEONA SUSMAN, Both Individually and as Legal Guardian of Shane Allen Loveland; and JACOB SUMMERS | ) ) ) ) | |
| Plaintiff(s), | ) | **8:18CV127** |
| | ) | |
| v. | ) | |
| | ) | |
| THE GOODYEAR TIRE & RUBBER COMPANY | ) ) | |
| Defendant(s). | ) | |

**PLAINTIFFS' RESPONSE TO KEARNEY TOWING AND REPAIR CENTER, INC.'S PETITION TO INTERVENE FOR PURPOSES OF MODIFYING THE EXISTING PROTECTIVE ORDER TO AVOID DUPLICATION OF DISCOVERY IN A SIMILAR CASE FILED BY PLAINTIFFS IN BUFFALO COUNTY, NEBRASKA CONCERNING THE SAME TIRE, TRUCK, AND ACCIDENT THAT <u>IS THE SUBJECT OF THIS SUIT</u>**

Kearney's Motion to Intervene seeks two forms of relief. First, Kearney seeks access to confidential discovery materials produced in this case. With respect to this request, Plaintiffs take no position. Kearney's second request is for this Court to enjoin the Plaintiffs from taking a deposition of Kearney's corporate representative in a separate state court action against Kearney, styled *Susman, et. al. v. Kearney Towing & Repair Center*, Case No. CI 19-0158, pending in the District Court for Buffalo County, Nebraska. Plaintiff opposes this request because it is not authorized under Fed. R. Civ. P. 26 and because it would violate the Anti-Injunction Act and All Writs Act. Moreover, the depositions are not duplicative, would be subject to differing procedural rules, and are proportional to the

1

needs of the case. For these reasons argued below, the Court should deny Kearney's request to enjoin the state court deposition.

## ARGUMENT

### I. Rule 26 does not Empower this Court to Limit Discovery in the State Court Lawsuit.

Kearney claims that "with regards to depositions," this Court is empowered to prohibit a deposition in a state court action under the authority of Rule 26. Kearney quotes the Rule, noting the Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive…" *See* Fed. R. Civ. P. 26(b)(2)(C). Yet under Rule 26(c)(1), a party may only move for a protective order in the district court where the action is pending or in the district court from which the subpoena issued. *See, e.g., Kearney v. Jandernoa,* 172 F.R.D. 381, 383 n.4 (N.D.Ill.1997) (noting that "a protective order under Rule 26(c) can be sought/determined in the court where the underlying action is pending, as well as the court from which the subpoena issued"); *see also Kruse, Inc. v. United States*, No. 1:99–CV–428, 2000 WL 35516935, at *2 (N.D.Ind. Sept. 29, 2000) ("Rule 26…allows either the court in which the action is pending, or the court where a deposition subpoena was issued, to issue a protective order."). Here, this

2

Court is not the court in which the action is pending, nor is it the court from which the subpoena issued. As such, Rule 26 does not empower this Court to enjoin the deposition.[1]

## II. The Court Cannot Enjoin the Depositions or Issue a Protective Order Governing the State Court Action Due to the Limitations of the Anti-Injunction Act and All Writs Act.

The Anti-Injunction Act provides that federal courts may not enjoin state court proceedings except in three distinct circumstances: "where congressionally authorized, where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Castano v. American Tobacco Co.*, 879 F.Supp. 594, 597 (E.D.La.1995). In *Castano,* the court applied these principles when refusing to enjoin a deposition in a state court action. *Id.* The Supreme Court has explained in applying the Anti-Injunction Act that state court discovery may only be enjoined when "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic C.L.R.R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970). Here, taking the deposition of Kearney's corporate representative in the state court action has no effect on this Court's disposition of the pending lawsuit against Goodyear.

Turning to the All Writs Act, this Court may not enjoin conduct that is "not shown to be detrimental to the court's jurisdiction." *ITT Community Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir.1978). Orders under the All Writs Act must be "directed at

---

[1] Nor would Kearney be entitled to relief pursuant to Rule 30, which requires leave of court prior to deposing a person where "the deponent has already been deposed in the case." *See* Fed. R. Civ. P. 30(a)(2)(A)(ii); *see also Dennis v. Progressive Northern Insurance Insurance Co.*, 2017 WL 10379584, at *1 (W.D.Okla. 2017) ("Huff acknowledges that he has not previously been deposed *in this case*, but has been deposed in a related action.").

3

conduct, which, left unchecked, would have the practical effect of diminishing the court's power to bring the litigation to a natural conclusion." *Id*. Here, Kearney has "not shown that [Kearney's] deposition would diminish the effect of bringing the present litigation to its conclusion." *Castano*, 879 F.Supp. at 598; *see also United States ex rel. Grubbs v. Kanneganti*, 2007 WL 9718264, at *3 (E.D.Tex.2007) ("The Court finds that Dr. Groves has not sufficiently established that the deposition noticed in the state court proceeding would be detrimental to its jurisdiction in this case or that his deposition would diminish the effect of bringing the present litigation to its conclusion.").

The principles of federalism and the limited jurisdiction granted to this Court by Congress strictly limit its ability to encroach on state court lawsuits. Kearney's Motion to Intervene did not provide this Court with any cases in which a federal court enjoined a routine deposition in a state court action. The simple reason is that none exist. Kearney's request invites this Court to exceed the limited authority granted to it, "especially under the directive that the All Writs Act be narrowly construed and in light of the Anti-Injunction Act's provision that this Court refrain from enjoining any state proceeding except in very limited and extraordinary circumstances." *Id.* Thus, this Court should find "that this is not a situation in which it has statutory authority to grant the relief requested, and that any objections to the subpoenaed deposition are better left to the presiding state court." *Id.*

### III. The Depositions are not Duplicative and do not Merit this Court's Intervention.

Even if this Court had the authority to enjoin the state court deposition, it should decline to do so because the depositions are not duplicative. Kearney is not a defendant in

4

this action. In the deposition noticed by Goodyear in this case, Plaintiffs' questioning will be aimed at establishing facts relevant to this action – *i.e.*, their claim of fault against Goodyear. In the state court action, Plaintiffs' questioning will focus on the negligence of Kearney. There are two distinct purposes for the depositions, each informed by the circumstances of the lawsuits in which they will be taken. The depositions will also be taken under different procedural circumstances. Kearney is not a party to this case, and in the federal deposition, Plaintiffs will arguably not be permitted to lead the witness. This is obviously not true in the state court action. Moreover, Kearney's allegation of burden from two depositions minimizes the gravity of this case in which Shane Loveland's life-care-plan exceeds $15,000,000. Given the damages alleged, Plaintiffs deserve their full day in both courts.

Even in deposition disputes where only federal courts are implicated, "[j]udges in districts other than that in which the case is pending 'possess discretion to defer to the judge handling the case on the merits.'"*Laclede Professional Products, Inc. v. Sultan Dental Products Ltd.,* No. M8–85(LMM), 1999 WL 92545 (S.D.N.Y. Feb. 18, 1999), *quoting Matter of Orthopedic Bone Screw Prods. Liab. Litig.,* 79 F.3d 46, 48 (7th Cir.1996). This is because the court in which the case is pending "is better positioned to consider the implications of a discovery motion that could ultimately affect future discovery issues as well as the evidence at trial." *Accor North America, Inc. v. Oakleaf Waste Management, LLC*, 2008 WL 5115285, at *1 (D.Conn.2008). Deferring to the Court handling the case on the merits also serves "the interests of judicial economy and uniformity of discovery rulings." *Id.* This is especially true when the moving party "does

not point to any burden or prejudice that would result from litigating its motion" in the district where the action is pending. *Id.*

## CONCLUSION

Kearney's request to prohibit a state court deposition is not authorized under Fed. R. Civ. P. 26. Additionally, its request would violate the Anti-Injunction Act and All Writs Act. Moreover, the depositions are not duplicative, would be subject to differing procedural rules, and are proportional to the needs of the case. For these reasons, the Court should deny Kearney's request to enjoin the state court deposition.

Respectfully submitted,

**KASTER, LYNCH, FARRAR, & BALL, L.L.P.**

By: _____

Kyle Wayne Farrar *(Pro Hac Vice)*
Kaster, Lynch, Farrar & Ball, LLP
Texas Bar No. 24038754
1010 Lamar, Suite 1600
Houston, TX 77002
(713) 221-8300 (Telephone)
(713) 221-8301 (Facsimile)
kyle@fbtrial.com

*and*

Paul Godlewski *(Pro Hac Vice)*
SCHEWEBEL, GOETZ & SIEBEN, P.A.
5120 IDS Center
80 S. 8th Street, #5120
Minneapolis, Minnesota 55402
612.377.7777
612.333.6311 (Fax)
pgodlewski@schwebel.com

6

        and

        Michael F. Coyle
        Fraser Stryker Law Firm
        409 South 17th Street
        Suite 500, Energy Plaza
        Omaha, NE 68102
        mcoyle@fraserstryker.com

        *Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE (CM/ECF)

     I HEREBY CERTIFY that on August 2, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Edward S. Bott, Jr
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Ste 2000
St. Louis, MO 63102
esb@greensfelder.com
ch1@greensfelder.com
jrodriquez@greensfelder.com
Jennifer D. Tricker
1700 Farnam Street, Ste 1500
Omaha, NE 68102
jtricker@bairdholm.com

**Attorneys for Defendant Goodyear Tire & Rubber Company**

and

Kristina Kamler
Engles, Ketcham, Olson, Keith P.C.
1350 Woodmen Tower
Omaha, NE 68102
kkamler@ekoklaw.com

**Attorney for Intervenor Kearney Towing and Repair Center Inc.**