IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., | ) ) ) ) | |
| | ) | Case No. 8:18-cv-00127 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE GOODYEAR TIRE & RUBBER COMPANY, | ) ) | ORAL ARGUMENT REQUESTED |
| | ) | |
| Defendant. | ) | |

**THE GOODYEAR TIRE & RUBBER COMPANY'S
BRIEF IN OPPOSITION TO NON-PARTY KEARNEY TOWING
AND REPAIR CENTER, INC.'S PETITION TO INTERVENE
FOR PURPOSES OF MODIFYING THE EXISTING PROTECTIVE ORDER**

The Goodyear Tire & Rubber Company ("Goodyear") hereby submits the following

Brief in Opposition to Kearney Towing and Repair Center, Inc.'s ("Kearney") Petition to

Intervene for Purposes of Modifying the Existing Protective Order (ECF No. 95).

**INTRODUCTION**

Kearney is attempting to intervene in this case to obtain confidential and trade secret

documents of Goodyear to use in defense of a case where Goodyear is not a party and has no

ability to control how those documents would be used. This Court entered a Protective Order in

this case more than a year ago, and the parties have conducted discovery pursuant to its terms.

One such provision is that the information and documents disclosed would be used "in Susman,

et al. v. The Goodyear Tire & Rubber Company, ***and shall not be used for any other purpose***

***whatsoever***." (ECF No. 66, Protective Order, ¶ 6 (emphasis added)). Kearney now seeks a

modification of the Protective Order to allow Kearney unfettered access to Goodyear's

confidential documents and information for use in a case where Goodyear is not a party and

1

would have no ability to oversee and enforce compliance with the Order to protect its trade secrets.

Kearney bears the burden of proof to show that intervening circumstances have obviated or eliminated any potential prejudice to Goodyear by modification of the Protective Order. Kearney has come forward with no evidence satisfying this burden. On the contrary, allowing Kearney to become a part of this Court's Protective Order based on its conclusory allegations that discovery in both cases will be duplicative would expose Goodyear to significant risk of breach of the Protective Order in the Buffalo County case. In light of the significant risk of competitive harm to Goodyear if the Protective Order is modified, this Court should deny Kearney's Petition to Intervene for Purposes of Modifying the Existing Protective Order.

## FACTUAL & PROCEDURAL BACKGROUND

On July 18, 2017, Plaintiffs brought the present case against Goodyear in the Court of Common Pleas of Philadelphia County. The case was subsequently removed to the United States District Court for the Eastern District of Pennsylvania, and pursuant to a stipulation of the parties, the case transferred here, to the United States District Court for the District of Nebraska. In this case, Plaintiffs allege the accident at issue occurred when the vehicle's right rear tire experienced a tread separation and resulted in a single vehicle accident, and the vehicle's right rear tire was manufactured by Goodyear. Plaintiffs' Complaint contains three counts against Goodyear: negligence, strict liability, and breach of warranty.

On June 18, 2018, Goodyear filed its Unopposed Motion for Entry of a Confidentiality Agreement and Protective Order. (ECF No. 65.) On June 19, 2018, the Court granted the Motion and entered the Protective Order that had been agreed to by the parties. (ECF No. 66.) The Protective Order governs the handling of documents in this litigation and calls for two tiers

2

of confidentiality designations as follows:

> <u>Confidential Information</u>.  For purposes of this Order, Confidential Information is any information that a party believes in good faith to be confidential information, including trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in all applicable Federal Rules of Civil Procedure and the Defend Trade Secrets Act.

> <u>Confidential Information – Heightened Protection</u>.  For purposes of this Order, Confidential Information requiring Heightened Protection is Confidential Information that a party believes in good faith requires further restrictions, consistent with the Federal Rules of Civil Procedure.

(*Id.*, ¶¶ 4, 5.)  The parties are able to designate discovery materials pursuant to these two tiers of confidentiality by using the following legends:

> **"CONFIDENTIAL – THIS DOCUMENT PRODUCED UNDER COURT ORDER FOR USE IN SUSMAN, ET AL. v. THE GOODYEAR TIRE & RUBBER COMPANY, AND SHALL NOT BE USED FOR ANY OTHER PURPOSE WHATSOEVER"**
> or
> **"CONFIDENTIAL – HEIGHTENED PROTECTION – THIS DOCUMENT PRODUCED UNDER COURT ORDER FOR USE IN SUSMAN, ET AL. v. THE GOODYEAR TIRE & RUBBER COMPANY, AND SHALL NOT BE USED FOR ANY OTHER PURPOSE WHATSOEVER"**

(*Id.*, ¶ 6a.)  Goodyear has used these legends in its production of thousands of pages of confidential and heightened confidential information related to load range E tires and the tire at issue in this case.

On or about April 12, 2019, Plaintiffs commenced a separate lawsuit against Kearney in the District Court for Buffalo County, Nebraska (hereinafter "the Buffalo County case"). Plaintiffs allege the same accident, but do not name Goodyear as a party to the Buffalo County case.  Kearney is the only defendant, and Plaintiffs' Buffalo County Complaint contains two counts against Kearney: negligence with respect to the inspection of the vehicle and installation of used tires, and breach of contract for the sale, installation, and assembly of tires that would be

fit for their intended use and for failing to provide appropriate instructions regarding the use of the tires.

On July 22, after Kearney filed its Petition to Intervene for Purposes of Modifying the Protective Order, Kearney sent counsel for Goodyear a Notice of Intention to Serve Rule 34A Records Subpoena.   (See Notice of Intention and accompanying Subpoena Duces Tecum directed to Goodyear, attached hereto as **Exhibit 1**.)   The subpoena contains twenty-one (21) overbroad and repetitive discovery requests directed to Goodyear, seeking, *inter alia*, all discovery responses, documents, and expert discovery produced to Goodyear or issued by Goodyear in the case before this Court.   (*Id.*)

Despite its intention to obtain documents from Goodyear through a third party subpoena in the Buffalo County case, Kearney seeks intervention in this case to modify the existing Protective Order (ECF No. 66) as follows:

> 1.   <u>Applicability of Order</u>.   This Order will govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure or which is voluntarily produced without regard to the use of the Federal Rules of Civil Procedure by or from any party, person, or entity in connection with the Litigation (this information hereinafter referred to as "Discovery Material").   **As used in this Protection Order "Litigation" or "action" includes the above referenced case, as well as the case titled: *Susman, et al. v. Kearney Towing & Repair Center*, Case No. CI 19-0158.**   As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties to ~~this action~~ **these actions** that give testimony or produce documents or other information, and "Receiving Party" shall refer to the parties to this action that receive such information...

(ECF No. 95, p. 7.)   Kearney's request to modify the Protective Order should be denied because Kearney has failed to meet its burden of proof and because of the serious risk such modification presents to the protection of Goodyear's confidential information.

**ARGUMENT**

**I.     Kearney's Reliance on *Jochims I* Is Contrary To Applicable Law.**

Kearney's entire motion relies on *Jochims v. Isuzu Motors, Ltd.,* in which the issue before the court was "whether counsel for other plaintiffs involved in similar litigation against Isuzu in other jurisdictions may intervene in this litigation, post-trial, to seek modification of the protective order and obtain copies of discovery obtained by Jochims pursuant to a stipulated protective order."  (ECF No. 95, pp. 1-2, *citing Jochims,* 148 F.R.D. 624 (S.D. Iowa May 24, 1993) (hereinafter *Jochims I*)).   Kearney's reliance on the May 24, 1993 *Jochims I* opinion with respect to modification of the existing Protective Order is misplaced.  In *Jochims II,* defendant Isuzu challenged the magistrate judge's May 1993 order, and the district court issued its own separate opinion, finding "[p]ortions of the order modifying the protective order are clearly erroneous and contrary to law, and the order must be modified.  Further, portions of the Amended Protective Order are contrary to law and must accordingly be modified."  *Jochims v. Isuzu Motors, Ltd.*, 151 F.R.D. 338, 342 (S.D. Iowa Sept. 16, 1993) (hereinafter *Jochims II*).

**II.     Kearney Has The Burden of Proof In Its Motion for Modification.**

In *Jochims II,* the district court acknowledged "[t]he first issue to be resolved is whether the burden was correctly placed upon Isuzu on the issue of the appropriateness of a modification of a protective order where intervention is sought for that purpose."  *Jochims II,* 151 F.R.D. at 342.  The burden adopted in *Jochims I* and relied on by Kearney in its brief "would place the burden on Isuzu [here, Goodyear] to make a showing of tangible prejudice to substantial rights."  *Id.*  The *Jochims II* court rejected this, relying on an Eighth Circuit case to place the burden on the intervening third party:

> The magistrate judge concluded that Isuzu did not make a "compelling showing"
> to preclude access to the protected documents.  To the extent that this placed upon

5

Isuzu the burden to meet the "compelling government interest" test articulated in First Amendment cases, it is inconsistent with the Eighth Circuit's view of the common law right of access.

* * *

[T]he Eighth Circuit recognized that the initial showing of good cause for entry of a protective order under Fed.R.Civ.P. 26(c) is on the party seeking protection. However, when an attempt is made to amend or lift that protection, there must be a showing that intervening circumstances have obviated or eliminated any potential prejudice to the protected party. I believe that *Bagley*'s requirement of a showing of intervening circumstances implicitly places the burden of making the showing on the party seeking to amend or lift the protective order. This standard is fully applicable to a petition by plaintiffs in other litigation, such as intervenors.

*Jochims II,* 151 F.R.D. at 341-42 (citing *Iowa Beef Processors, Inc. v. Bagley,* 601 F.2d 949 (8th Cir. 1979)) (ultimately finding the intervenor did not "show[] that intervening circumstances have obviated or eliminated potential prejudice to Isuzu by amending the protective order").

Indeed, the United States District Court in the District of Nebraska acknowledges that "[t]he burden is on the party seeking to modify the protective order to demonstrate good cause for why the modification is necessary." *Tama Plastic Indus. v. Pritchett Twine & Net Wrap, LLC*, No. 8:12CV324, 2014 WL 4825173, at *1 (D. Neb. Sept. 26, 2014) (denying motion to modify where defendants did not provide the specificity necessary to make a showing of good cause or intervening circumstances.)

### III.   Kearney Failed to Meet Its Burden Because It Has Not Shown the Presence of Any Intervening Circumstances That Would Eliminate Potential Prejudice to Goodyear.

Kearney's sole basis for modification of the protective order is that modification "will facilitate the open exchange of discovery between the parties to these related litigations and will prevent duplicative depositions in the collateral case," and this would "sav[e] time and expense... by avoiding duplicative discovery."  (ECF No. 95, p. 7.)  Kearney's argument is wholly insufficient to meet its burden of establishing intervening circumstances that eliminate any

6

potential prejudice to Goodyear.

The fact that another case was filed with some common facts, but based on different legal theories and involving different parties, does not eliminate any potential prejudice to Goodyear. Goodyear's documents regarding the design or manufacture of the tire are not relevant to the claims or defenses in the Buffalo County case. Goodyear entered into the Protective Order in this litigation to protect its confidential proprietary and commercial information. Goodyear produced documents in reliance on the existing Protective Order, documents which contained a legend stating the documents were confidential and were "**PRODUCED UNDER COURT ORDER FOR USE IN SUSMAN, ET AL. v. THE GOODYEAR TIRE & RUBBER COMPANY, AND SHALL NOT BE USED FOR ANY OTHER PURPOSE WHATSOEVER.**" The documents produced include confidential and highly confidential documents related to the design, manufacture, testing, modifications to design, and claims history of load range E tires. Goodyear's tire design process is highly proprietary and trade secret. The information produced in this case includes tire specification information, which is among Goodyear's most valuable assets and is data that Goodyear keeps carefully guarded. The disclosure of confidential Goodyear documents would put Goodyear at a significant competitive disadvantage in the development of its tires. Additionally, certain documents produced in this case contain confidential information related to prior claims and litigation involving Goodyear, and the disclosure of these documents could put Goodyear at a disadvantage in its ability to litigate future cases. Goodyear has compelling reasons to protect its confidential documents from disclosure, and Kearney's desire to avoid duplicative discovery does not eliminate those reasons. *See, e.g., Rogers v. Proctor & Gamble Co.,* 107 F.R.D. 351, 353-354 (E.D. Mo. 1985) ("[E]fficiency and avoidance of repetitive discovery are valid concerns, but the basis for the

7

protective order in the present case is still valid, and therefore the order will not be lifted.").

Importantly, Goodyear is not a party to Kearney's case in Buffalo County. This is a completely different situation than the cases relied on by Kearney in its motion, which involve a third party intervening to modify a protective order *where the protected party was a party in both cases*. *See Jochims v. Isuzu Motors, Ltd.*, 148 F.R.D. 624, 625 (S.D. Iowa), *modified,* 151 F.R.D. 338 (S.D. Iowa 1993) (intervenor was plaintiff involved in litigation against same defendant Isuzu in another jurisdiction); *Wolhar v. Gen. Motors Corp.,* 712 A.2d 464, 466 (Del. Super. Ct. 1997) (intervenor was plaintiff in another case against same defendant GM who sought to gain access to a specific document). There are no claims against Goodyear in that case, and Goodyear does not have access to the pleadings or discovery that has been exchanged between Kearney and Plaintiffs. As one court has explained:

> A court should be hesitant to modify protective orders for matters unrelated to the litigation in front of it because otherwise, in the long run, parties may begin to distrust protective orders. Discovery, in turn, will become more complicated and expensive and settlements will be more difficult. A natural feeling of unfairness arises when the rules are modified during the middle of the game, especially without very good cause. Second, modifying protective orders for other litigation involves re-litigation over issues that have nothing to do with the lawsuit in front of the court. This burdens both the court and the parties. Such modifications involve the court in a controversy with which it is not familiar and over which it lacks control. The court in which the matter is pending will be in a better position to make rulings and the third party will have greater control when it is directly involved in that controversy. For these reasons, alternative means of obtaining the information should be sought prior to attempting to modify a protective order entered in another case.

*SmithKline Beecham Corp. v. Synthon Pharm., Ltd.*, 210 F.R.D. 163, 166–67 (M.D.N.C. 2002) (internal citations omitted). Indeed, if Kearney was to have complete access to the discovery from the present case so that Kearney may utilize it in the Buffalo County case, Goodyear would be unable to monitor the use and dissemination of its documents, and there would be a greater risk of unauthorized disclosure of Goodyear's confidential or highly confidential materials. In

light of the significant risk of competitive harm to Goodyear and the failure of Kearney to show these risks would be eliminated, Kearney's motion to modify should be denied.

## CONCLUSION

For each of the foregoing reasons, Goodyear respectfully requests that the Court deny Non-Party Kearney's Petition to Intervene For the Purposes of Modifying the Existing Protective Order.

## REQUEST FOR ORAL ARGUMENT

Kearney has failed to meet its burden to establish a modification to the existing Protective Order is warranted, and should not be given an opportunity to raise such arguments for the first time in a Reply Brief.  In the event the Court is inclined to recognize any such arguments in Reply, Goodyear requests an opportunity to present oral argument for the purpose of being able to respond to Kearney's Reply arguments, address any questions of the Court, and argue for the protection of Goodyear's highly confidential and competitively valuable trade secrets.  Estimated time for argument is thirty (30) minutes.

Dated: August 2, 2019    GREENSFELDER, HEMKER & GALE, P.C.

By: /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO  63102
(314) 241-9090
Fax:  (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com
AND
BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE  68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

## CERTIFICATE OF SERVICE

   I hereby certify that I have on this 2nd day of August, 2019, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

          /s/ Edward S. Bott, Jr.

1808970

10