*EXHIBIT 1*

IN THE DISTRICT COURT OF BUFFALO COUNTY, NEBRASKA,

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as natural mother of SHANE ALLEN LOVELAND, a protected person, SHANE ALLEN LOVELAND, a protected person by and through his temporary guardian and conservator, JOHN SAUDER, and JACOB SUMMERS,<br><br>Plaintiffs,<br><br>vs.<br><br>KEARNEY TOWING & REPAIR CENTER, INC., A NEBRASKA CORPORATION,<br><br>Defendant. | CASE NO. CI 19-0158<br><br><br><br><br><br><br><br>**NOTICE OF INTENTION TO SERVE RULE 34A RECORDS SUBPOENA** |

Pursuant to Discovery Rule 34A you are hereby notified that 10 days after the date of the mailing of this Notice the undersigned will issue and serve the attached subpoena or subpoenas on the individuals or entities indicated thereon.

The items requested, person or entity served, and the time and place for production or inspection are as set forth on each of the attached subpoenas.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies a true copy of the foregoing document was served upon each of the attorneys of record of all adverse parties in this action, and directly upon all parties not represented by counsel, by electronic mail.
Dated this 20th day of July, 2019

    KEARNEY TOWING & REPAIR CENTER, INC.,
    A Nebraska Corporation, Defendant

    By: _____
    Stephen G. Olson, II, #18949
    Kristina J. Kamler, #24082
    ENGLES, KETCHAM, OLSON & KEITH, P.C.
    1350 Woodmen Tower
    1700 Farnam Street
    Omaha, Nebraska 68102
    (402) 348-0900 Facsimile: (402) 348-0904
    solson@ekoklaw.com
    kkamler@ekoklaw.com

IN THE DISTRICT COURT OF BUFFALO COUNTY, NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as natural mother of SHANE ALLEN LOVELAND, a protected person, SHANE ALLEN LOVELAND, a protected person by and through his temporary guardian and conservator, JOHN SAUDER, and JACOB SUMMERS,<br><br>Plaintiffs,<br><br>vs.<br><br>KEARNEY TOWING & REPAIR CENTER, INC., A NEBRASKA CORPORATION,<br><br>Defendant. | CASE NO. CI 19-0158<br><br><br><br><br><br>**SUBPOENA DUCES TECUM** |

TO: Good Year Tire Company
200 Innovation Way
Akron, OH 44316

Pursuant to authority granted in Neb. Rev. Stat. § 25-1273 and Nebraska Discovery Rule 34A effective December 12, 2001, **YOU ARE HEREBY COMMANDED** to appear before, or mail photocopies of the below listed records to Stephen G. Olson, Attention: Judy Mitchell, Engles, Ketcham, Olson & Keith, P.C., 1350 Woodmen Tower, 1700 Farnam Street, Omaha, NE 68102, a law firm within and for the State of Nebraska, on or before 10:00 a.m. on August 28, 2019, in the above-captioned matter.

**YOU ARE FURTHER COMMANDED** to have and bring with you, or mail, the following records in your possession including, but not limited to:

1. True and accurate copies of all statements in your possession from any witnesses or individuals alleged to have knowledge of facts relevant to the matters alleged in the Complaint filed in the case titled *Susman, et. al. v. Goodyear,* U.S. District Court, Case No. 8:18-cv-00127.

2. True and accurate copies of any photographs or videotapes in your possession of the vehicle or tires involved in the accident that is the subject of the case titled *Susman,*

2

*et. al. v. Goodyear,* U.S. District Court, Case No. 8:18-cv-00127, both prior to the accident and after the accident, as well as any photographs of the accident scene.

3. True and accurate copies of any statement from any Kearney Towing and Repair employee, representatives, agents, or officers concerning the tire, installation of the tire, or inspection of the tire involved in the incident that is the subject of the case titled *Susman, et. al. v. Goodyear,* U.S. District Court, Case No. 8:18-cv-00127.

4. True and accurate copies of any contracts/agreements between Kearney Towing and Repair, Inc. and Dandee Construction, this requests includes any statements discussing any alleged oral agreements between these two parties.

5. True and accurate copies of any statement from any Dandee Construction employee, representatives, agents, or officers concerning the tire, installation of the tire, or inspection of the tire involved in the incident that is the subject of the case titled *Susman, et. al. v. Goodyear,* U.S. District Court, Case No. 8:18-cv-00127.

6. True and accurate copies of any diary, journal, or notes made by any Goodyear employee, technician, or engineer relating to the subject matter of the lawsuit titled *Susman, et. al. v. Goodyear,* U.S. District Court, Case No. 8:18-cv-00127.

7. True and accurate copies of any and all written discovery responses (including all Answers to Interrogatories, Responses to Requests for Production, and Responses to Requests for Admissions) produced to you or by you in the case titled *Susman, et. al. v. Goodyear,* U.S. District Court, Case No. 8:18-cv-00127.

8. True and accurate copies of any and all documents produced to you in response to a subpoena issued by you or opposing counsel in the case titled: *Susman, et. al. v. Goodyear,* U.S. District Court, Case No. 8:18-cv-00127.

9. True and accurate copies of all accident reports or notes, correspondence, or other writing relating to investigations by any law enforcement agency, governmental entity, expert, or insurance company with respect to the accident that is the subject of the case titled *Susman, et. al. v. Goodyear,* U.S. District Court, Case No. 8:18-cv-00127.

10. True and accurate copies of any reports or memoranda of any experts you intend to call as expert witnesses at the trial of the matter titled *Susman, et. al. v. Goodyear,* U.S. District Court, Case No. 8:18-cv-00127.

11. True and accurate copies of the CV, fee schedule, trial testimony list for any expert you intend to call as a witness at the trial of the matter titled *Susman, et. al. v. Goodyear,* U.S. District Court, Case No. 8:18-cv-00127.

12. True and accurate copies of any facts or data considered by any experts you intend to call as witnesses during the case titled *Susman, et. al. v. Goodyear,* U.S. District Court, Case No. 8:18-cv-00127. See Fed. R. Civ. P. 26 2010 Amendment Comments, which confirm this is an appropriate scope for this request.

13. True and accurate copies of all diagrams, maps, photographs, videotapes, drawings, or illustrations you intend to introduce into evidence at the trial of the matter titled *Susman, et. al. v. Goodyear,* U.S. District Court, Case No. 8:18-cv-00127.

14. True and accurate copies of each and every document or item of evidence you intend to introduce into evidence at the trial of the matter titled *Susman, et. al. v. Goodyear,* U.S. District Court, Case No. 8:18-cv-00127.

15. True and accurate copies of any and all expert witness reports, CV's, fee schedules, or trial testimony lists produced to you by the Plaintiffs in the case titled *Susman, et. al. v. Goodyear,* U.S. District Court, Case No. 8:18-cv-00127.

16. True and accurate copies of any expert witness files produced by Plaintiff to you for the litigation titled *Susman, et. al. v. Goodyear,* U.S. District Court, Case No. 8:18-cv-00127.

17. True and accurate copies of records of any health care provider in your possession regarding any injuries sustained Plaintiffs, Shane Allen Loveland and Jacob Summers in the incident that is the subject of the case titled *Susman, et. al. v. Goodyear,* U.S. District Court, Case No. 8:18-cv-00127.

18. True and accurate copies of any reports provided by any experts or health care professionals that you intend to call as expert witnesses to testify in the case titled *Susman, et. al. v. Goodyear,* U.S. District Court, Case No. 8:18-cv-00127.

19. True and accurate copies of any and all writings (including but not limited to correspondence, pay logs, invoices, personnel files, pay stubs, etc.) concerning Shane Allen Loveland or Jacob Summers' claims for lost wages, lost of income, or lost earning capacity as a result of the incident that is the subject of the lawsuit titled *Susman, et. al. v. Goodyear,* U.S. District Court, Case No. 8:18-cv-00127.

20. True and accurate copies of any and surveillance photos, videos, or reports concerning the post-accident activities of Shane Allen Loveland or Jacob Summers.

21. True and accurate copies of any payments or agreements between you and any other person, party, entity, or insurance company with respect to case titled *Susman, et. al. v. Goodyear,* U.S. District Court, Case No. 8:18-cv-00127.

**Before completing the enclosed request, please contact the requesting party if the cost for responding the enclosed Subpoena Duces Tecum is expected to exceed $100.00.**

A copy of Rule 34A is attached to this subpoena in compliance with Nebraska Discovery Rule 34(A)(3). Pursuant to Nebraska Discovery Rule 34A, a Notice of this Subpoena was previously sent to all parties as follows or they have expressly waived such notice:

| Name of Party/Attorney | | Date Notice Sent or Waived |
|---|---|---|
| Michael F. Coyle<br>Fraser, Stryker, PC, LLC<br>500 Energy Plaza<br>409 South 17 Street<br>Omaha, NE 68102<br>**Attorney for Plaintiffs** | Paul E. Godlewski<br>Schwebel Goetz & Sieben, P.A.<br>5120 IDS Center<br>80 S. 8th Street, #5120<br>Minneapolis, MN 55402<br>pgodlewski@schwebel.com<br>**Attorney for Plaintiffs** | Saturday, July 20, 2019 |
| Skip Edward Lynch<br>Kaster Lynch Farrar & Ball LLP<br>1010 Lamar, Suite 1600<br>Houston, TX 77002<br>Skip@thetirelawyers.com<br>**Attorney for Plaintiffs** | Kyle Farrar<br>Farrar & Ball LLP<br>1010 Lamar, Suite 1600<br>Houston, TX 77002<br>Kyle@fbtrial.com<br>**Attorney for Plaintiffs** | |

I have hereby issued this Subpoena pursuant to authority granted in Neb. Rev. Stat. § 25-1273 on July 30, 2019. **HEREOF FAIL NOT UNDER PENALTY OF THE LAW.**

                                        KEARNEY TOWING & REPAIR CENTER, INC.,
                                        A Nebraska Corporation, Defendant

                                        By: _____

CERTIFIED MAIL
RETURNED RECEIPT REQUESTED
                                        Stephen G. Olson, II, #18949
                                        Kristina J. Kamler, #24082
                                        ENGLES, KETCHAM, OLSON & KEITH, P.C.
                                        1350 Woodmen Tower
                                        1700 Farnam Street
                                        Omaha, Nebraska 68102
                                        (402) 348-0900 (Telephone)
                                        (402) 348-0904 (Facsimile)
                                        solson@ekoklaw.com
                                        kkamler@ekoklaw.com

# RULE 34A
## DISCOVERY FROM A NONPARTY WITHOUT A DEPOSITION

**(a)** **Procedure.**

    (1) *Scope.* Any party may, by subpoena without a deposition:

(A) require the production for inspection, copying, testing, or sampling of designated books, papers, documents, tangible things, or electronically stored information (including writings, drawings, graphs, charts, photographs, sound recordings, and other data compilations from which information can be obtained, translated if necessary by the owner or custodian into reasonably usable form) that are in the possession, custody, or control of a person who is not a party and within the scope of Rule 26(b); or

(B) obtain entry upon designated land or other property within the scope of Rule 26(b) that is in the possession or control of a person who is not a party for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon.

(2) *Notice.* A party intending to serve a subpoena pursuant to this rule shall give notice in writing to every other party to the action at least 10 days before the subpoena will be issued. The notice shall state the name and address of the person who will be subpoenaed, the time and place for production or entry, and that the subpoena will be issued on or after a stated date. A designation of the materials sought to be produced shall be attached to or included in the notice.

    Such notice may be given by a party other than a plaintiff at any time. Such notice may not be given by a plaintiff until the time at which Rule 30(a) would permit a plaintiff to take a deposition.

(3) *Issuance.* A subpoena may be issued pursuant to this rule, either by a request to the clerk of the court or by an attorney authorized to do so by statute, at any time after all parties have been given the notice required by subsection (2). The subpoena shall identify all parties who were given notice that it would be issued and the date upon which each of them was given notice. A subpoena pursuant to this rule shall include or be accompanied by a copy of this rule.

(4) *Time, manner, and return of service.* A subpoena pursuant to this rule shall be served either personally by any person not interested in the action or by registered or certified mail not less than 10 days before the time specified for compliance. The person making personal service shall make a return showing the manner of service to the party for whom the subpoena was issued.

**(b)         Protection of Other Parties.**

(1)     *Objection Before Issued.*  Before the subpoena is requested or issued any party may serve a written objection on the party who gave notice that it would be issued.  The objection shall specifically identify any intended production or entry that is protected by an applicable privilege, that is not within the scope of discovery, or that would be unreasonably intrusive or oppressive to the party.  No subpoena shall demand production of any material or entry upon any premises identified in the objection.  If the objection specifically objects that the person served with the subpoena should not have the option to deliver or mail copies of documents or things directly to a party, the subpoena shall not be issued unless all parties to the lawsuit mutually agree on the method for delivery of the copies.

(2)     *Order*.  The party who gave notice that a subpoena would be issued may apply to the court in which the action is pending for an order with respect to any discovery for which another party has served a written objection.  Upon hearing after notice to all parties the court may order that the subpoena be issued or not issued or that discovery proceed in a different manner, may enter any protective order authorized by Rule 26(c), and may award expenses as authorized by Rule 37(a)(4).

(3)     *Protective* Order.  After a subpoena has been issued any party may move for a protective order under Rule 26(c).

**(c)         Protection of the Person Served with a Subpoena.**

(1)     *Avoiding Burden and Expense.*  A party or an attorney who obtains discovery pursuant to this rule shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court by which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings of the person subject to the subpoena and reasonable attorney fees.

(2)     *Responding to the Subpoena.*

(A)     A person served with a subpoena pursuant to this rule shall permit inspection, copying, testing, or sampling either where the documents or tangible things are regularly kept or at some other reasonable place designated by that person.  If the subpoena states that the person served has an option to deliver or mail legible copies of documents or things instead of inspection, that person may condition the preparation of the copies on the advance payment of the reasonable cost of copying.

(B)     A person served with a subpoena pursuant to this rule may, within 10 days after service of the subpoena, serve upon the party for whom the subpoena was issued a written objection to production of any or all of the designated materials or entry upon the premises.  If objection is made, the party for whom the subpoena was issued shall not be entitled to production of the materials or entry upon the premises except pursuant to an order of the court.  If an objection has been made, the party for whom the subpoena was issued may, upon notice to all other parties and the person served with the subpoena, move at any time in the district court in the county in which the subpoena is served for an order to compel compliance with the subpoena.  Such an order to compel production or to permit entry shall protect any person who is not a party or an officer of a party from significant expense resulting from complying with the command.

(3)     *Protections.*  On timely motion, the Court by which a subpoena was issued shall quash or modify the subpoena if it:

8

(A)     fails to allow reasonable time for compliance.

(B)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(C)     subjects a person to undue burden.

**(d)    Duties in Responding to Subpoena.**

(1)     *Production*.  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     *Objection*.  When information subject to a subpoena is withheld on an objection that it is privileged, not within the scope of discovery, or otherwise protected from discovery, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the party who requested the subpoena to contest the objection.

**(e)    Coordination.**

(1)     *Copies.*  If the party for whom the subpoena was issued creates or obtains copies of documents or things, that party shall make available a duplicate of such copies at the request of any other party upon advance payment of the reasonable cost of making the copies.

(2)     *Inspection.*  If a notice of intent to serve a subpoena designates that the subpoena will require entry upon land or other property for the purposes permitted by subsection (1)(B), any other party shall, upon request to the party who gave the notice, be named in the subpoena as also attending at the same time and place.

Comment to Rule 34A

Authority to issue a subpoena pursuant to this rule is governed by Neb. Rev. Stat. § 25-1273 (Supp. 2001).  The procedure is similar to the practice for nonparty nondeposition discovery under Fed. R. Civ. P. 45, with certain topics such as the time of prior notice and coordination of the disclosure more specifically defined.  This procedure is optional, so a party may elect to use a deposition or any other available discovery procedure instead.

Adopted December 12, 2001.