IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RYSTA LEONA SUSMAN, Both Individually and as Legal Guardian of Shane Allen Loveland; and JACOB SUMMERS | ) ) ) ) | |
| Plaintiff(s), | ) | **8:18CV127** |
| | ) | |
| v. | ) ) | **PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT** |
| THE GOODYEAR TIRE & RUBBER COMPANY | ) ) | |
| Defendant(s). | ) | |

Plaintiffs file this Motion for Summary Judgment regarding certain affirmative defenses raised by Defendant Goodyear Tire & Rubber Company.

## BACKGROUND

Plaintiffs brought suit due to injuries suffered by Shane Loveland and Jacob Summers, two passengers in a work truck on which the right-rear Goodyear tire catastrophically failed due to tread separation. Mr. Loveland suffered a brain injury requiring 24-hour care, and Mr. Summers suffered severe orthopedic injuries. In its Answer to the lawsuit, Goodyear raised several affirmative defenses which either conflict with Nebraska or lack any supporting evidence. Plaintiff therefore seeks summary judgment.

## LEGAL STANDARD

1

Under *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), the party with the burden of proof bears the burden of demonstrating a genuine issue of material fact on summary judgment. The moving party need not expressly negate an element of an affirmative defense. Where the non-movant bears the burden of proving such facts at trial, the movant satisfies its summary judgment burden by "merely demonstrat[ing] an absence of evidentiary support in the record for the non-movant's case." *Wesley v. Gen. Drivers, Warehousemen & Helpers Local,* 745, 660 F.3d 211, 213 (5th Cir. 2011). If the issue is one on which the movant does not bear the burden of proof, and an adequate time for discovery has passed, summary judgment is mandated if the respondent fails to make a showing sufficient to establish the existence of each element essential to its cause of action. *Celotex*, 477 U.S. at 322-23. With this standard in mind, Plaintiffs direct the Court's attention to a lack of evidentiary support for the following affirmative defenses.

**ARGUMENT**

**I.     Goodyear Cannot Assert Comparative Fault or Contributory Negligence.**

Paragraph No. 7 of Goodyear's Answer asserts "that the injuries and damages alleged by plaintiffs were caused by the acts and/or omissions of persons and/or entities over whom or which Goodyear had no control." Paragraph No. 14 of Goodyear's Answer asserts that "plaintiffs' claims may be barred and/or limited by Nebraska's comparative negligence law."

With respect to the Plaintiffs, there can be no contributory negligence because neither Mr. Loveland or Mr. Summers committed any acts or omissions which could have caused the incident. Mr. Loveland and Mr. Summers were merely passengers in the truck. They did not control the tire or the vehicle. It is impossible to find them at fault for what happened.

With respect to the comparative fault of a third-party, Plaintiffs expect that Goodyear will allege negligence by the driver or the owner of the tire. However, the driver of the vehicle was an agent of Mr. Loveland's and Mr. Summers' employer, who also owned the tire. Under Nebraska worker's compensation law, Goodyear cannot seek to apportion fault to Plaintiffs' employer. In examining this issue, the Nebraska Supreme Court stated: "[M]ost courts do not allow a third-party tort-feasor to seek contribution from or argue the comparative negligence of the employer. We agree with the majority rule." *Downey v. Western Community College Area*, 808 N.W.2d 839, 851–52, 282 Neb. 970, 984–85 (Neb.2012). The Court noted that "[b]ecause employers are immune from lawsuits by their employees, most courts are unwilling to reduce the liability of third-party tort-feasors by amounts not recoverable by the employees themselves." *Id. at* 851. The Court held that "[t]o allow a court to apportion tort liability to an employer who, because of workers' compensation, is immune from tort liability is inconsistent with the rationale of [our prior] decisions." *Id.* at 852.

Ten years prior to *Downey,* a Nebraska federal court came to a different conclusion when ruling "whether a third party may assert a contributory negligence

3

crossclaim against an employer." *Windom v. FM Industries, Inc.*, 2002 WL 378525, at *3 (D.Neb.2002). Yet in *Downey,* the Nebraska Supreme Court rejected this ruling as inconsistent with Nebraska law. *Downey*, 808 N.W.2d at 852 ("We disagree with the federal district court's analysis. We do not view the attempt to apportion liability to an employer immune from tort liability as meaningfully different from seeking contribution from an immune employer."). Instead, the Court held Nebraska law maintains that "the defendant may not reduce his or her own liability by apportioning some of the fault to the employer." *Id.* at 853. Therefore, this Court should grant summary judgment as to the issue of comparative fault or contributory negligence.

## II.     Plaintiffs have Stipulated to the 5% Reduction of Damages from a Failure to Use a Seat Belt.

Paragraph No. 15 of Goodyear's Answer alleges a "failure to wear seat belts." Here, it is undisputed that Plaintiffs failed to wear a seat belt. However, Plaintiffs have attached a stipulation[1] in which they "stipulate to a 5–percent reduction in damages as provided in § 60–6,273." *Shipler*, 710 N.W.2d at 832. Under § 60–6,273, "[e]vidence that a person was not wearing an occupant protection system at the time he or she was injured shall not be admissible in regard to the issue of liability or proximate cause but may be admissible as evidence concerning mitigation of damages, except that it shall not reduce recovery for damages by more than five percent." In *Shipler*,

---

[1] Exhibit 1, Plaintiffs' Stipulation.

4

the Nebraska Supreme Court noted that evidence of seat belt use was not admissible when such a stipulation had been made. The Court explained:

> The evidence of seatbelt misuse was not admissible in regard to the issue of liability or proximate cause. This is true whether the seatbelt was misused or not used at all. The trial court's reduction of the jury's award by 5 percent represented the full mitigation of damages available.

*Shipler*, 710 N.W.2d at 833. In light of Plaintiffs' attached stipulation, evidence of seat belt use must be precluded. For this reason, this Court should grant summary judgment with respect to seat belt use, finding as a matter of law that any verdict will be reduced by 5 percent and precluding the assertion of any seat belt defense during trial.

## III. There is no Evidence Supporting an Efficient Intervening Cause.

Paragraph No. 9 of Goodyear's Answer asserts that "[t]he conduct of individuals and/or entities other than Goodyear – over whom/which defendant Goodyear had no control – constitutes a superseding, intervening cause of the incident, injuries, and damages alleged by plaintiffs." Under Nebraska law, "an efficient intervening cause is a new, independent force intervening between the defendant's wrongful act and the plaintiff's injury." *Wedgewood v. U.S. Filter/Whittier, Inc.*, 2011 WL 2150102, at *8 (Neb.App.2011). Most importantly, "an intervening act cuts off a tort-feasor's liability only when the intervening cause is not foreseeable." *Id.* A finding of foreseeability "does not require precision in foreseeing the exact hazard

5

or consequence which happens." *Id.* Such a finding "is sufficient if what occurs is one of the kinds of consequences which might reasonably be foreseen." *Id.*

Here, Goodyear is unable to provide any evidence of an efficient intervening cause. Goodyear cannot identify any new, unforeseeable events which relieve Goodyear of liability for a product defect. As such, the Court should grant summary judgment on this affirmative defense.

**IV.  There is no Evidence of Unforeseeable Misuse.**

Paragraph No. 13 of Goodyear's Answer contends there was "misuse by some or all of the plaintiffs." In Nebraska, "the burden of proof in connection with the defense of misuse is (1) that the plaintiff used the product as claimed by the defendant, (2) that the defendant could not reasonably have foreseen such a use, and (3) that this misuse by the plaintiff was a proximate cause of his own injury." *Wedgewood*, 2011 WL 2150102 at *10. In this case, there has been no evidence revealed in discovery which could support the claim that the injured passengers, Shane Loveland and Jacob Summers, were engaged in unforeseeable misuse of the product. All evidence confirms that Plaintiffs were merely passengers in the vehicle. Defendants' expert reports do not identify any unforeseeable misuse of the product by Mr. Loveland or Mr. Summers.

Nor could Goodyear claim misuse by the driver of the vehicle or the owner of the tire. Here, the driver was an agent of Mr. Loveland's and Mr. Summers' employer, who also owned the tire. As noted above, any alleged negligence by Plaintiffs'

employer is ignored under the worker's compensation statute. Additionally, third-party misuse has never been recognized as a defense to strict liability in Nebraska. *See, e.g., Jameson v. Liquid Controls Corp.*, 618 N.W.2d 637, 646, 260 Neb. 489, 500 (Neb.2000); *Wedgewood*, 2011 WL 2150102 at *10. Finally, even ignoring these legal barriers, all evidence revealed in discovery shows the driver was engaged in ordinary use of the tire in roadway operation. Given the absence of evidence regarding unforeseeable misuse, the Court should grant summary judgment in favor of Plaintiffs.

**V.     There is no Evidence of Substantial Alteration.**

Paragraph No. 11 of Goodyear's Answer contends the failed tire "may have undergone substantial alteration." The terms "'alteration' and 'modification' suggest a change in the physical or chemical characteristics of a product." 171 Am. Jur. Proof of Facts 3d 1 – Alteration of Modification of Product (2018). Moreover, any alleged alteration must be "substantial,"' and "there is general agreement that in order to be 'substantial' a change must relate to the defect that is alleged to be the cause of the plaintiff's injury or damage." *Id.* "When there is no genuine issue of material fact with regard to whether an alteration or modification was substantial, the court may grant summary judgment." *Id.*

Additionally, a defendant may only rely on an alteration when the change to the product is unforeseeable. "Subsequent changes or alterations in the product do not relieve the manufacturer of strict liability if the changes were foreseeable and the

7

changes did not unforeseeably render the product unsafe." *Vanskike v. ACF Industries, Inc.*, 665 F.2d 188, 195 (8th Cir. 1981); *see also Steinmetz v. Bradbury Co., Inc.*, 618 F.2d 21, 23 (8th Cir. 1980) ("Because appellant could foresee the likelihood of unreasonable dangers resulting from the misuse or alteration of the machine, however, appellant cannot escape liability because of the misuse or alteration."). The alteration defense exists to protect a manufacturer when a customer makes a modification to the product that could not be anticipated.

Here, Goodyear is unable to show any alteration to the tire, much less a substantial alteration which relates to the alleged defect. Nor can Goodyear show any unforeseeable alteration. As such, summary judgment should be granted on this affirmative defense.

## VI. There is No Evidence of Assumption of the Risk.

Paragraph No. 15 of Goodyear's Answer asserts "assumption of the risk." In Nebraska, the assumption of the risk doctrine applies a subject standard and includes the elements of whether "the plaintiff (1) knew of the specific danger, (2) understood the danger, and (3) voluntarily exposed himself or herself to the danger that proximately caused the damage." *Jay v. Moog*, 264 Neb. 875, 652 N.W.2d 872, 880-1 (Neb.2002). Under this subjective standard, "assumption of risk is a mental state of willingness." *Cassio v. Creighton University*, 233 Neb. 160, 173, 446 N.W.2d 704, 713 (1989). "When a defendant pleads the affirmative defense of assumption of risk, the defendant has the burden to establish the elements of assumption of the risk before

8

that defense, as a question of fact, may be submitted to the jury." *Everts v. Hardcopf-Bickley*, 257 Neb. 151, 595 N.W.2d 911 (1999). Here, Goodyear is unable to show any evidence that Shane Loveland or Jacob Summers knew of any specific danger or understood that danger, much less that they voluntarily exposed themselves to a danger. Given the absence of evidence showing Plaintiffs consented to a specific danger, the Court should grant summary judgment on this affirmative defense.

## CONCLUSION

Given the lack of supporting evidence for the elements of the above affirmative defenses, this Court should grant summary judgment in favor of Plaintiffs.

Respectfully submitted,

**KASTER, LYNCH, FARRAR, & BALL, L.L.P.**

By: _____

Kyle Wayne Farrar *(Pro Hac Vice)*
Kaster, Lynch, Farrar & Ball, LLP
Texas Bar No. 24038754
1117 Herkimer St.
Houston, TX 77008
(713) 221-8300 (Telephone)
(713) 221-8301 (Facsimile)
kyle@fbtrial.com

*and*

Paul Godlewski *(Pro Hac Vice)*
SCHEWEBEL, GOETZ & SIEBEN, P.A.
5120 IDS Center
80 S. 8th Street, #5120
Minneapolis, Minnesota 55402
612.377.7777
612.333.6311 (Fax)

9

pgodlewski@schwebel.com

and

Michael F. Coyle
Fraser Stryker Law Firm
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE (CM/ECF)

     I HEREBY CERTIFY that on August 12, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Edward S. Bott, Jr
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Ste 2000
St. Louis, MO 63102
esb@greensfelder.com
ch1@greensfelder.com
jrodriquez@greensfelder.com
Jennifer D. Tricker
1700 Farnam Street, Ste 1500
Omaha, NE 68102
jtricker@bairdholm.com