IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RYSTA LEONA SUSMAN, Both individually and as Legal Guardian of Shane Allen Loveland; and JACOB SUMMERS | ) ) ) ) | CASE NO. 8:18CV127 |
| Plaintiff(s), | ) ) ) | **PLAINTIFFS' MOTION TO APPLY OHIO LAW REGARDING PUNITIVE DAMAGES** |
| v. | ) | |
| THE GOODYEAR TIRE & RUBBER COMPANY | ) ) | |
| Defendant(s). | ) | |

Plaintiffs move for a determination that the punitive damages law of Ohio apply to their claim against Goodyear in accordance with the procedure followed in *Fanselow v. Rice, et al,* 213 F. Supp. 2d 1077 (D.Neb.2002).

### FACTUAL BACKGROUND

On May 1, 2015, Nebraska residents Shane Loveland and Jacob Summers were passengers in a work truck when the right-rear tire suffered a tread separation. As a result of the tread separation, the vehicle operator was unable to maintain a straight line of travel and the truck left the roadway, crossed into the median and caused a rollover. Shane Loveland suffered a brain injury requiring 24-hour care, while Jacob Summers suffered significant orthopedic injuries.

The right rear tire on the vehicle was a Goodyear Wrangler HT, LT235/85R16 Load Range "E" bearing DOT# MD0RNJHV244. The failed tire was designed by Defendant Goodyear Tire & Rubber Company in Ohio. Goodyear also maintains its principal place of business in Ohio.

Plaintiffs filed this suit on March 8, 2017 in Philadelphia County, Pennsylvania alleging negligence and strict product liability claims. Goodyear removed the case to Pennsylvania federal court on the basis of diversity jurisdiction. Goodyear then filed a § 1404(a) Motion to Transfer

1

Venue to the District Court of Nebraska for the convenience of the parties and witnesses, which the Pennsylvania federal court granted.

## SUMMARY OF THE ARGUMENT

At issue before this Court is whether it should apply the substantive law of Goodyear's home state as it concerns punitive damages only. As the Court is undoubtedly aware, Nebraska law prohibits the recovery of punitive damages. *Distinctive Printing & Packaging Co. v. Cox,* 232 Neb. 846, 443 N.W.2d 566, 575 (1989). Yet despite Nebraska's prohibition of punitive damages, the Nebraska Supreme Court in *Fanselow* made it clear that Nebraska federal courts may apply the substantive law of a corporate defendant's home state regarding punitive damages. *Fanselow*, 213 F. Supp. 2d at 1085. Such a determination is especially appropriate here, where an analysis of various contacts and public policies of the competing forums weigh heavily in favor of Ohio.

## ARGUMENT

**I.  Upon Transfer Pursuant to 28 U.S.C.A. § 1404(a), the Court Must Apply Pennsylvania Choice of Law Principles.**

As a threshold matter; however, the Court must first determine what state's choice of law principles will apply. When a diversity case is transferred under the venue statutes, "the choice of law depends on the nature of the transfer." *Wisland v. Admiral Beverage Corp.,* 119 F.3d 733, 735 (8th Cir.1997). If a case is transferred pursuant to 28 U.S.C. § 1404(a), "for the convenience of parties [and] in the interest of justice," the transferee court generally applies the law of the transferor court, including the relevant choice-of-law provisions, as if no change of venue had occurred. 28 U.S.C. § 1404(a); *Van Dusen v. Barrack,* 376 U.S. 612, 639, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Ferens v. John Deere Co.,* 494 U.S. 516, 531, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990).

Here, Plaintiff originally filed suit in Pennsylvania State Court. Goodyear subsequently filed a notice of removal. After removing the suit to Pennsylvania federal court, Goodyear then

filed a § 1404(a) Motion to Transfer for venue.[1] In its Motion, Goodyear argued that the district court of Nebraska was the more appropriate venue based on the "convenience of the parties and witnesses, and in the interest of justice."[2] Goodyear later filed a Renewed § 1404(a) Motion to Transfer, per the court's instructions, on the same grounds.[3] On March 22, 2018, the Pennsylvania federal court entered a stipulation transferring this case from the Eastern District of Pennsylvania to the District Court of Nebraska.[4] Therefore, this Court is obligated to apply Pennsylvania choice of law rules because Pennsylvania was the transferor court.

**II.     Pennsylvania Choice of Law Principles Weigh in Favor of Applying Ohio Punitive Damages Law.**

Pennsylvania's choice of law principles adopt a flexible approach "'which permits analysis of the policies and interests underlying the particular issue before the court.'" *Coram Healthcare Corp. v. Aetna U.S. Healthcare, Inc.,* 94 F.Supp.2d 589, 594 (E.D.Pa.1999) (quoting *Griffith v. United Air Lines, Inc.,* 416 Pa. 1, 203 A.2d 796, 805 (1964)). Under this flexible approach, the Court must first determine 1) whether a conflict exists, 2) whether it is a true conflict, and 3) which State has a greater interest in the application of the particular law in conflict, *i.e.* permitting or prohibiting punitive damages.

**A.     A Conflict Exists Regarding Ohio and Nebraska's Punitive Damages Law Because Ohio and Nebraska Treat the Punitive Damages Issue Very Differently.**

A conflict exists when the competing States treat the particular issue of law differently. *Hammersmith v. TIG Ins. Co.,* 480 F.3d 220, 229–30 (3d Cir.2007). As previously explained, Nebraska's Constitution and the respective case law prohibit punitive damages; whereas Ohio law

---

[1] Exhibit 1, Goodyear's § 1404(a) Motion to Transfer.
[2] *Id.* at p. 3 of Goodyear's Memorandum of Law.
[3] Exhibit 2, Goodyear's Renewed § 1404(a) Motion to Transfer. The court instructed Goodyear to refile its Motion to Transfer pending the outcome of a Motion to Remand.
[4] Exhibit 3, Stipulation Transferring Action.

3

permits punitive damages. *See Distinctive Printing & Packaging Co. v. Cox,* 232 Neb. 846, 443 N.W.2d 566, 575 (1989); *but see Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 651. Therefore, a conflict exists because Nebraska and Ohio treat the issue of punitive damages differently.

### B. There is a True Conflict Because Each State Has a Government Policy/Interest That Would Be Impaired by Application of the Other State's Law.

Where a conflict exists, the court moves to the second step and examines the governmental policies underlying each law in order to classify the conflict as a true or false conflict. *Hammersmith,* 480 F.3d at 230. A false conflict occurs where only one state's interests would be impaired. *LeJeune v. Bliss–Salem Inc.,* 85 F.3d 1069, 1071 (3d Cir.1996). A true conflict exists when each jurisdiction has a governmental policy or interest that would be impaired by the application of the other state's law. *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 602, 613–14 (E.D. Pa. 2008).

Here, both Nebraska and Ohio have an interest in prohibiting and allowing punitive damages, respectively. Nebraska has an economic interest in prohibiting punitive damages in order to encourage businesses to incorporate and set up principal offices within the State. On the contrary, Ohio allows punitive damages in order to deter and punish bad conduct while protecting consumers and/or the general public. Specifically, Ohio has a strong interest in deterring Goodyear from engaging in bad conduct that could harm consumers.

The application of Nebraska's law prohibiting punitive damages would impair Ohio's interest in deterring a corporation's bad conduct because a corporation like Goodyear would have less of an incentive to prevent corporate acts or omissions that could ultimately harm the consumer/public. Likewise, the application of Ohio's law allowing punitive damages would impair Nebraska's interest in encouraging economic activity and incentivizing businesses to set up a

4

principal office within the state because of the potential of increased litigation costs. Accordingly, a true conflict exists because both Ohio and Nebraska have government interests that would be impaired by the application of the other's law on punitive damages.

### III. Ohio Punitive Damages Law Should Apply Because Only Ohio Maintains Relevant and Significant Contacts with Goodyear and Only Jurisdictions with Significant Contacts to Corporate Defendants Have an Interest in Applying Their Punitive Damages Law.

Where a true conflict exists, the court then must "determine which state has the 'greater interest in the application of its law.'" *Hammersmith,* 480 F.3d at 231, *quoting Cipolla v. Shaposka,* 439 Pa. 563, 267 A.2d 854, 856 (1970). The Court must assess each state's interest in the specific law in conflict: Ohio's interest in applying Ohio's punitive damages law or Nebraska's interest in applying its law prohibiting punitive damages. To determine the significance of a state's interests, Pennsylvania's choice of law rules require courts to conduct a two-part analysis. First, the court must assess each state's contacts with the incident giving rise to the litigation; *Wolfe v. McNeil-PPC, Inc.*, 703 F. Supp. 2d 487, 492 (E.D. Pa. 2010). Second, the court must examine the extent to which one state rather than another has demonstrated, through its policies and their connection and relevance to the matter in dispute, a priority of interest in the application of its rule of law. *Reyno v. Piper Aircraft Co.,* 630 F.2d 149, 170 (3d Cir.1980); *Kelly v. Ford Motor Co.*, 933 F. Supp. 465, 470–71 (E.D. Pa. 1996).

### A. Ohio has the most significant contacts regarding punitive damages because Goodyear maintains its principal place of business in Ohio and Goodyear's conduct regarding the design of the tire occurred in Ohio.

When assessing the weight and significance of each State's contacts in relation to punitive damages, courts applying Pennsylvania's choice of law rules have turned to the Restatement (Second) of Conflict of Laws for guidance. *See, e.g., Carrick,* 14 F.3d at 909; *Blakesley v. Wolford,* 789 F.2d 236, 239 (3d Cir.1986); *Melville v. American Home Assurance Co.,* 584 F.2d 1306, 1311

5

(3d Cir.1978). This is especially significant because Nebraska courts also follow the Restatement (Second) of Conflict of Laws for guidance. *See Fanselow v. Rice*, 213 F. Supp. 2d 1077, 1080–81 (D. Neb. 2002). Section 145(2) of the Restatement lists the following contacts that should be taken into account when determining which state has the most significant relationship to the events and parties at issue in a tort claim:

- the place where the injury occurred;
- the place where the conduct causing the injury occurred;
- the domicile, residence, nationality, place of incorporation and place of business of the parties; and
- the place where the relationship, if any, between the parties is centered.

Restatement (Second) of Conflicts of Law § 145(2), at 414 (1971). The weight of these contacts must be measured on a qualitative rather than quantitative scale. *Cipolla v. Shaposka,* 439 Pa. 563, 267 A.2d 854, 856 (1970); *Kelly v. Ford Motor Co.*, 933 F. Supp. 465, 468–69 (E.D. Pa. 1996).

It is vital to note that under Pennsylvania choice of law rules, the domicile or residence of the plaintiff and the place where the injury occurred are not relevant contacts when punitive damages are the subject of a conflict of laws. *See Kelly v. Ford Motor Co.*, 933 F. Supp. 465, 469 (E.D. Pa. 1996); *see also Detroit,* 750 F.Supp. at 805; *Walsh v. Ford,* 106 F.R.D. 378, 408 (D.D.C.1985). Instead, the most critical contacts are the place where the alleged punitive conduct occurred and, if dealing with a corporate defendant, the state of incorporation and its principal place of business. *Cavalier,* 1991 WL 125179, at *5 n. 8.

Moreover, comments following § 145 suggest that when analyzing contacts for the purposes of a punitive damages claim, the place where the conduct occurred is especially significant. Comment "c" of § 145 states that "if the primary purpose of the tort rule involved is to

deter or punish misconduct ... the state where the conduct took place may be the state of dominant interest and thus that of most significant relationship." § 145 cmt. c, at 416.

Here, Goodyear will likely argue that Nebraska has the most significant/relevant contacts as it concerns punitive damages because the injury occurred in Nebraska and the Plaintiff is a resident of Nebraska. However, under Pennsylvania choice of law rules, the residence of the plaintiff and the place of injury are not relevant contacts when punitive damages are the subject of a conflict of laws. Here, Goodyear's principal place of business and the place where Goodyear made all of its decisions for the design of the Subject Tire are the critical contacts for purposes of punitive damages. Goodyear is incorporated in Delaware, but maintains its principal place of business in Akron, Ohio.[5] *See* § 145 cmt. e ("[A] corporation's principal place of business is a more important contact than the place of incorporation, and this is particularly true in situations where the corporation does little, or no, business in the latter.").

Further, according to the affidavit of Goodyear's Manager of Product Analysis and engineer for tire development and design, Jay K. Lawrence, the Subject Tire was "designed by the Goodyear Tire & Rubber Company in Akron, Ohio."[6] Plaintiffs bring a defective design claim with respect to the Subject Tire, and they allege reckless refusal to confront the widely acknowledged tread separation crisis in the company's Load Range E tires. All of the alleged conduct took place in Ohio. Ohio therefore maintains the most relevant contacts under Pennsylvania choice of law rules and the factors provided by the § 145 Restatement because any decisions, or indecisions, regarding the Subject Tire's original design or changes to the original design would have been made in Ohio.

---

[5] Exhibit 2, Goodyear's Renewed § 1404(a) Motion to Transfer.
[6] *See* Doc. 30-2, Affidavit of Jay K. Lawrence, at p. 2, ¶ 6.

7

> **B.**     **Ohio has a significant priority of interest in applying its punitive damages law because it advances Ohio's interests in punishing and deterring bad conduct of Ohio corporations such as Goodyear.**

Turning next to the interest analysis component of Pennsylvania's choice of law framework, this Court must examine the extent to which one State rather than another has demonstrated, through its policies and their connection and relevance to the matter in dispute, a priority of interest in the application of its rule of law. *Reyno v. Piper Aircraft Co.,* 630 F.2d 149, 170 (3d Cir.1980) (citing *471 *McSwain v. McSwain,* 420 Pa. 86, 215 A.2d 677, 682 (1966)). In other words, this Court must explore the policies underlying Nebraska and Ohio's respective punitive damages laws and weigh the extent to which each State's policies are advanced. *Kelly v. Ford Motor Co.,* 933 F. Supp. 465, 470–71 (E.D. Pa. 1996).

> **1.**     **Ohio's punitive damages law should apply because only jurisdictions with significant contacts with a defendant have an interest in applying their punitive damages laws.**

As a general rule, "the only jurisdictions concerned with punitive damages are those…with whom the defendants have contacts significant for choice of law purposes." *In re "Agent Orange" Product Liability Litigation*, 580 F. Supp. 690, 705 (E.D.N.Y. 1984). The Eastern District of New York reasoned that States that allow punitive damages have an interest in punishing and deterring future bad behavior of businesses or individuals operating within that State. *In re "Agent Orange" Product Liability Litigation*, 580 F. Supp. 690, 705 (E.D.N.Y. 1984). Specifically at issue, Ohio authorizes the award of punitive damages because of public policy to punish and deter harmful conduct of businesses and individuals with contacts with Ohio. *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 651, 635 N.E.2d 331.

Here, Goodyear's contacts to Ohio demonstrate that Ohio maintains the most significant relationship to Goodyear regarding the issue of punitive damages:

- Goodyear maintains its principal place of business in Ohio;

- Goodyear's conduct of designing a defective tire giving rise to the incident occurred in Ohio;

- Any and all witnesses of Goodyear, with respect to the claims of punitive damages would be located in Ohio;

- Any decisions by those witnesses to implement or omit designs would have been made in Ohio;

Ohio's policies to punish and deter bad behavior of Ohio corporations would be significantly advanced with application of Ohio punitive damages law. Therefore, as the State of Goodyear's principal place of business and the State where Goodyear committed acts and/or omissions giving rise to the incident, Ohio has a strong interest in deterring misconduct of the sort that warrants punitive damages.

   **2. Nebraska has no interest in applying its punitive damages laws to Goodyear because Nebraska's prohibition on punitive damages was intended to protect and benefit Nebraska businesses, not out-of-state corporations like Goodyear.**

While the purpose of imposing punitive damages is to punish and influence defendant behavior, the purpose of disallowing punitive damages is to protect defendants from excessive financial liability. *Agent Orange at 706.* Such protection is thought to encourage entrepreneurial activity through lowering the cost of doing business in the State. *Judge v. American Motors Corp.*, 908 P.2d 1565, 1570-1571 (11th Cir. 1990). However, the policies of a State that disallows punitive damages is only advanced when businesses establish their place of business within the State as a result of the economic advantages. Further, "[t]he legitimate interests of those states [of the plaintiffs' domicile] are limited to assuring that the plaintiffs are adequately compensated for their injuries." *In re "Agent Orange" Product Liability Litigation*, 580 F. Supp. 690, 705 (E.D.N.Y. 1984). As a result, a State with punitive damages prohibitions has no interest in applying its laws

9

to a case in which the only contacts it has with the defendant is that it is the location of the accident and the residence of the plaintiff.

The only contacts to Nebraska are the incident occurred in Nebraska, and the Plaintiffs are domiciled in Nebraska. Based on these contacts, Nebraska has a legitimate interest in ensuring that the Plaintiffs are adequately compensated for their injuries. However, Nebraska does not have an interest in applying its punitive damage prohibition to Goodyear. Goodyear was not incorporated in Nebraska, nor does Goodyear maintain its principal place of business in Nebraska. Further, any punitive conduct giving rise to the incident occurred outside of Nebraska. As such, Nebraska has no interest in protecting Goodyear from punitive damages liability, as such protection would not serve to further policy of providing a business-friendly environment.

## CONCLUSION

Goodyear's contacts with Ohio in this case demonstrate that application of Ohio punitive damages law maintains a priority of interest over Nebraska's law prohibiting punitive damages. Goodyear has its principal place of business in Ohio, the Subject Tire was designed in Ohio, and any decisions or indecisions made by Goodyear employees concerning the Subject Tire's design would have been made in Ohio. Only the application of Ohio punitive damages law will serve Ohio's interests in vindicating harm to society and in deterring Ohio corporations like Goodyear from wrongful conduct.

WHEREFORE Plaintiffs request that this Court order that the substantive law of Ohio concerning punitive damages apply to Defendant Goodyear.

Respectfully submitted,

**KASTER, LYNCH, FARRAR, & BALL, L.L.P.**

By: _____
Kyle Wayne Farrar *(Pro Hac Vice)*
Kaster, Lynch, Farrar & Ball, LLP
Texas Bar No. 24038754
1117 Herkimer St.
Houston, TX 77008
(713) 221-8300 (Telephone)
(713) 221-8301 (Facsimile)
kyle@fbtrial.com

*and*

Paul Godlewski *(Pro Hac Vice)*
SCHEWEBEL, GOETZ & SIEBEN, P.A.
5120 IDS Center
80 S. 8th Street, #5120
Minneapolis, Minnesota 55402
612.377.7777
612.333.6311 (Fax)

pgodlewski@schwebel.com

and

Michael F. Coyle
Fraser Stryker Law Firm
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE (CM/ECF)

    I HEREBY CERTIFY that on August 12, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Edward S. Bott, Jr
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Ste 2000
St. Louis, MO 63102
esb@greensfelder.com
ch1@greensfelder.com
jrodriquez@greensfelder.com
Jennifer D. Tricker
1700 Farnam Street, Ste 1500
Omaha, NE 68102
jtricker@bairdholm.com