# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYSTA LEONA SUSMAN, as Legal Guardian of SHANE ALLEN LOVELAND, et al., | CIVIL ACTION NO.: 2:17-cv-03521 |
| Plaintiffs, | |
| v. | |
| GOODYEAR TIRE & RUBBER COMPANY, et al., | |
| Defendants. | |

## THE GOODYEAR TIRE & RUBBER COMPANY'S
## RENEWED MOTION TO TRANSFER THE ACTION TO
## THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

Defendant, The Goodyear Tire & Rubber Company ("Goodyear"), hereby moves anew under 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the District of Nebraska.[1] Such transfer is appropriate for two reasons.

First, the action originally could have been brought in that district. Plaintiffs, Nebraska residents, seek damages allegedly resulting from a 2015 motor vehicle accident in Nebraska. Thus, the District of Nebraska is "a judicial district in which a substantial part of the events . . . giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

Second, the factors enumerated in 28 U.S.C. § 1404(a) and considered in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (1995) favor transfer. Put simply, plaintiffs' claims have no tie

---

[1]     Goodyear first moved to transfer this action on August 8, 2017. *See generally* Transfer Mot., ECF No. 2. That motion was denied without prejudice pending disposition of plaintiffs' Remand Motion, which was subsequently denied. *See* 3-9-2018 Order at 1 (denying plaintiffs' Remand Motion), ECF No. 29; *see also* 11-14-2017 Order at 1 n.1 (permitting Goodyear to "file a renewed Motion to Transfer the Action if the Court denies Plaintiff's Motion to Remand and retains jurisdiction over this case"), ECF No. 23.

whatsoever to the Eastern District of Pennsylvania. Plaintiffs reside in Nebraska; the accident at issue occurred in Nebraska; plaintiffs' alleged injuries were suffered (if at all) and treated in a hospital by medical professionals in Nebraska; and eyewitnesses and other evidence are located in Nebraska. In fact, it appears that plaintiffs' only tie to this judicial district is the location of their attorneys. However, it is well-settled that the location and convenience of plaintiffs' counsel is not a factor to be considered under 28 U.S.C. § 1404(a). *See Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973); *Wilson v. TA Operating, LLC*, No. 13-1093, 2014 WL 1053589, at *2 (E.D. Pa. Mar. 19, 2014) (Restrepo, J.).

For these reasons, and as set forth more fully in the accompanying memorandum of law, Goodyear respectfully requests that the Court transfer this action to the United States District Court for the District of Nebraska.

Dated: March 15, 2018

Respectfully submitted,

/s/ Justin Kerner
Jayne A. Risk
*jayne.risk@dlapiper.com*
Justin Kerner
*justin.kerner@dlapiper.com*
**DLA Piper LLP (US)**
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
Phone: (215) 656-3300
Fax: (215) 656-3301

*Attorneys for Defendant,*
*The Goodyear Tire & Rubber Company*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RYSTA LEONA SUSMAN, as Legal Guardian of
SHANE ALLEN LOVELAND, et al.,

        Plaintiffs,

      v.

GOODYEAR TIRE & RUBBER COMPANY, et al.,

        Defendants.

CIVIL ACTION NO.: 2:17-cv-03521

# BRIEF IN SUPPORT OF
# THE GOODYEAR TIRE & RUBBER COMPANY'S
# RENEWED MOTION TO TRANSFER THE ACTION TO
# THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

STATEMENT OF FACTS ...................................................................... 2

ARGUMENT ......................................................................................... 3

    A.   This Action Originally Could Have Been Brought In The District Of Nebraska. .................................................................................. 4

    B.   The Balance of Public and Private Interest Factors, as well as the Interest of Justice, Favor Transfer to the District of Nebraska. ................. 5

        1.   The Private Interest Factors Strongly Favor Transfer to the District of Nebraska. .................................................................. 5

            a.   Location Of The Operative Facts ...................................... 5

            b.   Plaintiffs' Choice of Forum ............................................. 6

            c.   Defendant's Choice of Forum ........................................... 8

            d.   Convenience Of The Parties ............................................. 8

            e.   The Convenience Of The Witnesses And The Availability Of Process To Compel Unwilling Witnesses ........................................................................ 10

            f.   Location Of Documents And Ease Of Access To Other Sources Of Proof ................................................... 11

        2.   The Public-Interest Factors Also Strongly Favor Transfer to the District of Nebraska. ...................................................... 12

            a.   The Local Interest In Deciding Controversies At Home ............................................................................. 12

            b.   Trial Efficiency And The Interest Of Justice ................... 13

            c.   Familiarity With The Governing Law .............................. 13

CONCLUSION ..................................................................................... 13

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Adams v. Norfolk S. Ry. Co.,*
No. 16-4135, 2016 WL 6568092 (E.D. Pa. Nov. 4, 2016) .......................................9

*Anderson v. TransUnion,*
No. 17-1813, 2018 WL 3344995 (E.D. Pa. Jan. 9, 2018) ....................................6, 8

*Bouldin v. Drudge,*
No. 17-89, 2017 WL 590266 (E.D. Pa. Feb. 14, 2017) ...........................5, 8, 11, 12

*Buckeye Pennsauken Terminal LLC v. Dominique Trading Corp.,*
150 F. Supp. 3d 501 (E.D. Pa. 2015) .......................................................7

*Connors v. R & S Parts & Servs., Inc.,*
248 F. Supp. 2d 394 (E.D. Pa. 2003) ....................................................4, 6

*Coppola v. Ferrellgas, Inc.,*
250 F.R.D. 195 (E.D. Pa. 2008) ..................................................... *passim*

*Dawood v. LaTouche,*
No. 17-4591, 2018 WL 925007 (E.D. Pa. Feb. 16, 2018) ....................................6, 7

*Gore v. Stryker Corp.,*
No. 09-2987, 2010 WL 3069653 (E.D. Pa. Aug. 4, 2010) (Slomsky, J.) ................................7

*Herbert Ltd P'ship v. Elec. Arts Inc.,*
325 F. Supp. 2d 282 (S.D.N.Y. 2004) .....................................................11

*In re E. Dist. Repetitive Stress Injury Litig.,*
850 F. Supp. 188 (E.D.N.Y. 1994) ........................................................12

*In re United States,*
273 F.3d 380 (3d Cir. 2001) ................................................................4

*Jumara v. State Farm Ins. Co.,*
55 F.3d 873 (1995) ................................................................. *passim*

*Kiker v. SmithKline Beechum Corp.,*
No. 14-1445, 2014 WL 4948624 (E.D. Pa. Oct. 1, 2014) (Slomsky, J.) ................................8

*Lindley v. Caterpillar, Inc.,*
93 F. Supp. 2d 615 (E.D. Pa. 2000) ...................................................6, 7, 9

# TABLE OF AUTHORITIES
(continued)

**Page**

*McCraw v. GlaxoSmthKline,*
No. 12-2119, 2014 WL 211343 (E.D. Pa. Jan. 17, 2014) ........................................9

*McLaughlin v. GlaxoSmithKline, L.L.C.,*
No. 12-3272, 2012 WL 4932016 (E.D. Pa. Oct. 17, 2012) .................................6, 7

*McMillan v. Weeks Marine, Inc.,*
No. 02-6741, 2002 WL 32107617 (E.D. Pa. Dec. 2, 2002) ....................................6

*Nat'l Prop. Investors VIII v. Shell Oil Co.,*
917 F. Supp. 324 (D.N.J. 1995) ..........................................................................12

*Robinson v. Home Depot U.S.A., Inc.,*
No. 14-1152 2015 WL 630303 (W.D. Pa. Feb. 12, 2015) ......................................8

*Sikirica v. Nationwide Ins. Co.,*
416 F.3d 214 (3d Cir. 2005) ..................................................................................2

*Solomon v. Cont'l Am. Life Ins. Co.,*
472 F.2d 1043 (3d Cir. 1973) ................................................................................7

*Stewart Org., Inc. v. Ricoh Corp.,*
487 U.S. 22 (1988) .............................................................................................4, 5

*Susman v. Goodyear Tire & Rubber Co.,*
Civil Action No. 17-1682 (E.D. Pa. Apr. 12, 2017), ECF No. 1-3 .........................8

*Synthes, Inc. v. Knapp,*
978 F. Supp. 2d 450 (E.D. Pa. 2013) ...........................................................4, 5, 13

*Van Dusen v. Barrack,*
376 U.S. 612 (1964) ..............................................................................................1

*Wagner v. Olympus Am., Inc.,*
No. 15-6246, 2016 WL 3000880 (E.D. Pa. May 25, 2016) ....................................6

*Waldman v. Del. Park, L.L.C.,*
No. 00-1136, 2000 WL 33416863 (D.N.J. May 19, 2000) .....................................9

*Wilson v. TA Operating, LLC,*
No. 13-1093, 2014 WL 1053589 (E.D. Pa. Mar. 19, 2014) (Restrepo, J.) .................... *passim*

# TABLE OF AUTHORITIES
(continued)

Page

**STATUTES**

28 U.S.C. § 1391(b)(2) ...................................................................................................4

28 U.S.C. § 1404 ........................................................................................................1, 5

28 U.S.C. § 1404(a) ................................................................................................ *passim*


**OTHER AUTHORITIES**

EISENBERG ROTHWEILER WINKLER EISENBERG & JECK, http://www.erlegal.com
    (last visited July 24, 2017) ......................................................................................3

FED. R. CIV. P. 45(c)(1)(A) .........................................................................................11

FED. R. CIV. P. 45(c)(1)(B) .........................................................................................11

Mem., ECF No. 28 .........................................................................................................1

Order, ECF No. 29 ..........................................................................................................1

United States District Courts—National Judicial Caseload Profile,
    http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile03
    31.2017.pdf ...............................................................................................................13

## PRELIMINARY STATEMENT

Defendant, The Goodyear Tire & Rubber Company ("Goodyear"), respectfully submits this memorandum of law in support of its motion to transfer this action to the United States District Court for the District of Nebraska. Such transfer is appropriate because the action originally could have been brought in the District of Nebraska, and the factors enumerated in 28 U.S.C. § 1404(a) and considered in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (1995) favor transfer. Indeed, such a transfer would serve the very purpose of transfer under 28 U.S.C. § 1404 because it would "prevent the waste of time, energy, and money, and . . . protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

This action concerns a motor vehicle accident that occurred in Nebraska. It is brought by two individuals who are "undisputed[ly] . . . citizens of Nebraska," 3-9-2018 Mem. at 18, ECF No. 28, against Goodyear, a corporation that is organized under the laws of and maintains its principal place of business in Ohio.[1] Because the accident occurred in Nebraska and plaintiffs were treated for their alleged injuries in Nebraska, many (if not all) of the eyewitnesses and physical evidence related to that accident are located in Nebraska. No eyewitnesses or physical evidence are located in the Eastern District of Pennsylvania.

Notwithstanding the overwhelming connection between plaintiffs' claims and the State of Nebraska—and the lack of any connection to the Commonwealth of Pennsylvania—plaintiffs chose to file suit in Philadelphia. However, as detailed below, their choice of forum is entitled to little (or no) deference, *see Wilson v. TA Operating, LLC*, No. 13-1093, 2014 WL 1053589, at *2

---

[1] Plaintiffs also named "Goodyear Tire & Rubber Company" and "Goodwear Tire & Rubber Company" as defendants, but the Court properly concluded that the former was a nominal defendant and the latter fraudulently joined, and both were dismissed from the action. *See generally* 3-9-2018 Mem., ECF No. 28; 3-9-2018 Order, ECF No. 29.

(E.D. Pa. Mar. 19, 2014) (Restrepo, J.), and the action should thus be transferred. Plaintiffs reside in Nebraska, where their claims arose, where they were treated, where eyewitnesses reside, and where physical evidence is located. *See Jumara*, 55 F.3d at 879 (reciting private interest factors to be considered under 28 U.S.C. § 1404(a)). Moreover, the District of Nebraska has a greater interest than the Eastern District of Pennsylvania in resolving the action. *See id.* (reciting public interest factors to be considered under 28 U.S.C. § 1404(a)).

## STATEMENT OF FACTS

On May 1, 2017, plaintiffs commenced this action in the Philadelphia Court of Common Pleas by Writ of Summons.[2] A Complaint was filed on July 18, 2017. Thereafter, Goodyear timely removed the action. *See* 3-9-2018 Mem. at 3-4, ECF No. 28.[3]

The Complaint is bereft of facts indicating where plaintiffs' claims arose. They state only that:

> On or about May 1, 2015, Shane Loveland and Jacob Summers were passengers in a 2003 Chevrolet Silverado SC1 pickup truck [(the "Vehicle")] when the vehicle's right rear tire [(the "Subject Tire")] suffered a tread separation. As a result of the tread separation, the vehicle operator was unable to maintain a straight line of travel and the Chevrolet Silverado left the roadway, crossed into the median and caused a rollover. . . .

(Compl., ¶ 10.) However, a contemporaneous police report reveals that the accident occurred in Nebraska. (*See* Bott Decl., Ex. A, Police Report at 1.) That report also establishes that both plaintiffs were transported to Good Samaritan Hospital in Kearney, Nebraska. (*See id.* at 1-2.) Both they and the Vehicle's driver, Larry Blair, may have been intoxicated. (*See id.* at 2 ( "Drug

---

[2] Thereafter, plaintiffs twice requested the reissuance of the Writ of Summons.

[3] The time to remove the action runs from service of the Complaint, and not from service the earlier- served) Writ of Summons. "[A] writ of summons alone [is not] the 'initial pleading' that triggers the 30-day period for removal . . . ." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005).

use [wa]s suspected from all three . . . since methamphetamine was found at the scene.").)[4] The police report also identifies two eyewitnesses: Rob Gibson and Mary K. Gibson. Upon information and belief, both Mr. Gibson and Ms. Gibson reside in Nebraska. (*See* Risk Decl., ¶¶ 6-7.)

In the summer of 2015, the Vehicle, the Subject Tire, and the Vehicle's other tires (the "Companion Tires") were placed in a storage facility in Omaha, Nebraska. (Bott Decl., ¶ 6.) Upon information and belief, the Vehicle remains there. (*See id.*) However, the Subject Tire and some or all of the Companion Tires were moved to Tucson, Arizona in or about November 2015, for examination by the company that insured the Vehicle. (*Id.* at ¶¶ 7-8.) It is unclear whether the tires remain in Arizona or were returned to Nebraska. (*Id.* at ¶ 8.) However, upon information and belief, they are not in Philadelphia. (*Id.* at ¶ 9.)

Plaintiffs have not pleaded facts establishing a link between their claims and this judicial district. It thus appears that the action was commenced in Philadelphia based only on the location and convenience of one of plaintiffs' co-counsel, who maintains offices in both New Jersey and Pennsylvania. *See* EISENBERG ROTHWEILER WINKLER EISENBERG & JECK, http://www.erlegal.com (last visited July 24, 2017).[5]

## ARGUMENT

This case does not belong in this judicial district. For the convenience of the parties and witnesses, and in the interests of justice, the Court should grant Goodyear's motion and transfer this action to the District of Nebraska pursuant to 28 U.S.C. § 1404(a).

---

[4] Surprisingly, the plaintiffs have not raised any claims against Mr. Blair or the vehicle's owner, Dandee Construction ("Dandee"). Both Mr. Blair and Dandee reside in Nebraska. (Bott Decl., Ex. A, Police Report at 1.) Goodyear may seek contribution from either Mr. Blair or Dandee, or both, if facts produced in discovery justify such impleader.

[5] A Texas attorney, Kyle Farrar, has also identified himself as co-counsel for plaintiffs. However, Mr. Farrar has not entered an appearance in this action.

The decision to transfer an action from one judicial district to another rests in the Court's sound discretion. *See, e.g.*, *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The party seeking transfer must demonstrate that: (1) the action could have been brought in the proposed transferee forum; (2) the proposed transfer will be more convenient for the parties and witnesses; and (3) the proposed transfer will be in the interest of justice. *See* 28 U.S.C. § 1404(a); *Jumara*, 55 F.3d at 879; *Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 458 (E.D. Pa. 2013). That party, however, "is not required to show 'truly compelling circumstances'" for the change of venue. *Connors v. R & S Parts & Servs., Inc.*, 248 F. Supp. 2d 394, 396 (E.D. Pa. 2003) (quoting *In re United States*, 273 F.3d 380, 388 (3d Cir. 2001)). It need only show that with "'all relevant things considered, the case would be better off transferred to another district.'" *Id.* (quoting *United States*, 273 F.3d at 388).

### A. This Action Originally Could Have Been Brought In The District Of Nebraska.

The federal venue statute provides that a civil action may be brought in (among other places) "a judicial district in which a substantial part of the events . . . giving rise to the cause of action occurred . . . ." 28 U.S.C. § 1391(b)(2).

Plaintiffs, who both reside in and are "undisputed[ly . . . citzens of" Nebraska, 3-9-2018 Mem. at 18, ECF No. 28, allege in the Complaint that they were injured when the Subject Tire suffered a tread separation, the Vehicle's operator lost control, and the Vehicle rolled over. (Compl., ¶ 10.) All of those events occurred in Nebraska. (Bott Decl., Ex. A, Police Report at 1 (establishing location of accident).) Thus, the District of Nebraska is the judicial district in which a substantial part (if not all) of the events giving rise to the action occurred, and the action clearly could have been brought in the District of Nebraska.

4

**B.**      **The Balance of Public and Private Interest Factors, as well as the Interest of Justice, Favor Transfer to the District of Nebraska.**

"Section 1404 is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org.*, 487 U.S. at 29. "[C]ourts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of the parties, convenience of the witnesses, or interests of justice)." *Jumara*, 55 F.3d at 879. Instead, "[w]hile there is no definitive formula or list of the factors to consider," *id.*, courts consider private interest factors, including: whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the availability of compulsory process for the attendance of witnesses; the location of evidence; the plaintiff's forum preference; and the defendant's preference. *See id.*; *see also Synthes*, 978 F. Supp. 2d at 458; *Bouldin v. Drudge*, No. 17-89, 2017 WL 590266, at *2-3 (E.D. Pa. Feb. 14, 2017). Courts also consider public interest factors, including: the local interest in deciding local controversies at home; in diversity cases, the familiarity of the trial judge with the applicable state law; and the relative administrative difficulty in the two fora resulting from court congestion. *See Jumara*, 55 F.3d at 879; *Synthes*, 978 F. Supp. 2d at 458; *Wilson*, 2014 WL1053589, at *3.

Here, as detailed below, the balance of both the private and public interests, including the interest of justice, weighs in favor of transferring this action to the District of Nebraska.

     **1.**      **The Private Interest Factors Strongly Favor Transfer to the District of Nebraska.**

         **a.**      **Location Of The Operative Facts**

Typically, "the most appropriate venue is . . . where a majority of events giving rise to the claim arose." *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 198 (E.D. Pa. 2008). In a products liability action, that is the venue "where the allegedly defective product was used and injury

occurred." *Id. See also Wagner v. Olympus Am., Inc.*, No. 15-6246, 2016 WL 3000880, at *4 (E.D. Pa. May 25, 2016) (citation, internal quotation marks, and brackets omitted) ("In products liability cases, the state with the most significant contacts and relationship to the liability issue is the plaintiff's home state."); *McLaughlin v. GlaxoSmithKline, L.L.C.*, No. 12-3272, 2012 WL 4932016, at *4 (E.D. Pa. Oct. 17, 2012) ("The 'operative facts' of a product liability action are deemed to occur where the allegedly defective product was used and injury occurred.").

Here, plaintiffs allege that the Subject Tire suffered a tread separation, that the driver lost control of the Vehicle, and that they suffered injury. Compl., ¶ 10, ECF No. 1. It is indisputable that those events occurred in Nebraska, and not in Pennsylvania. (Bott Decl., Ex. A, Police Report at 1 (establishing location of accident).) Moreover, the accident was investigated by Nebraska police. (*See id.*) Accordingly, this factor weighs strongly in favor of transfer to the District of Nebraska. *See Connors*, 248 F. Supp. 2d at 396 (where "accident occurred in New Jersey and was investigated by New Jersey State Police," this private interest factor weighed in favor of transfer out of the Eastern District of Pennsylvania); *see also Dawood v. LaTouche*, No. 17-4591, 2018 WL 925007, at *2 (E.D. Pa. Feb. 16, 2018) (noting that plaintiff's "residence and the location of the accident weigh heavily in favor of transfer"); *Coppola*, 250 F.R.D. at 198.

### b. Plaintiffs' Choice of Forum

A plaintiff's choice of forum is usually entitled to some weight. *See, e.g.*, *Lindley v. Caterpillar, Inc.*, 93 F. Supp. 2d 615, 617 (E.D. Pa. 2000). "However, when the plaintiff does not live or work in this jurisdiction, the significance of this preference is minimized." *Id.* "Moreover, [the plaintiffs's] preference is also given less weight when 'none of the operative facts occurred' in [their] chosen forum.'" *Wilson*, 2014 WL 1053589, at *2 (quoting *McMillan v. Weeks Marine, Inc.*, No. 02-6741, 2002 WL 32107617, at *1 (E.D. Pa. Dec. 2, 2002)). *See also Anderson v. TransUnion*, No. 17-1813, 2018 WL 3344995, at * (E.D. Pa. Jan. 9, 2018) (giving nonresident

plaintiff's choice of forum no weight because he failed to make "any showing of convenience in keeping th[e] case in Pennsylvania"); *Buckeye Pennsauken Terminal LLC v. Dominique Trading Corp.*, 150 F. Supp. 3d 501, 509 (E.D. Pa. 2015). Indeed, "[w]hen the vast majority of facts giving rise to plaintiff's claim take place in another forum, that weighs heavily in favor of transfer." *Dawood*, 2018 WL 925007, at *2 (citation and internal quotation marks omitted). As noted above, plaintiffs reside outside of this judicial district (*i.e.*, in Nebraska), *see* Compl., ¶¶ 2-4, ECF No. 1, and none of the "operative facts" occurred here, *see id.* at ¶ 10. *See also Coppola*, 250 F.R.D. at 198 ("The 'operative facts' of a products liability action are deemed to occur where the allegedly defective product was used and injury occurred."); *McLaughlin*, 2012 WL 4932016, at *4 (same); *Gore v. Stryker Corp.*, No. 09-2987, 2010 WL 3069653, at *3 (E.D. Pa. Aug. 4, 2010) (Slomsky, J.) (concluding that transfer was appropriate, despite plaintiffs' choice of forum, because plaintiffs resided and accident occurred in another forum).

The apparent reason that plaintiffs commenced the action in Philadelphia was the location of one of their co-counsel, which "'is not a factor to be considered' in evaluating a motion to transfer. *Wilson*, 2014 WL 1053589, at *2 (quoting *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973)). Thus, plaintiffs' choice of forum should be given little or no weight, and it should have little or no effect on the transfer analysis. *See id.*; *see also Coppola*, 250 F.R.D. at 199 (citation and internal quotation marks omitted) (noting that "the convenience of counsel is not a factor that is relevant in deciding a motion brought under 28. U.S.C. § 1404(a)"); *Lindley*, 93 F. Supp. 2d at 617 ("While the plaintiff[s'] attorney is located in Philadelphia, that fact alone is not relevant in ruling on a motion for transfer of venue.").

Plaintiffs may argue in opposition that they will incur additional costs if they are forced to litigate the action in the District of Nebraska, as they may need to retain new counsel. But that

is the risk they assumed when they chose to commence the action in Philadelphia, over 1,300 miles from the venue that is actually related to their claims. *See Robinson v. Home Depot U.S.A., Inc.*, No. 14-1152 2015 WL 630303, at \*4 (W.D. Pa. Feb. 12, 2015).

### c.     Defendant's Choice of Forum

The Court must also consider Goodyear's choice of forum. *See Jumara*, 55 F.3d at 879; *see also Anderson*, 2018 WL 334495, at \*4 (considering and giving weight to defendants' preferred forum); *Bouldin*, 2017 WL 590266, at \*2 (same); *Wilson*, 2014 WL 1053589, at \*2 (noting that defendant's choice of forum was a factor that the court "must consider"). For each of the reasons set forth above—including the location of the accident, the location of forensic evidence, and the location of plaintiffs' medical information—Goodyear prefers that the action be transferred to the District of Nebraska. That preference favors transfer. *See Kiker v. SmithKline Beechum Corp.*, No. 14-1445, 2014 WL 4948624, at \*4 (E.D. Pa. Oct. 1, 2014) (Slomsky, J.) (giving defendant's choice of forum—the state of plaintiffs' residence—weight in *Jumara* analysis)

### d.     Convenience Of The Parties

Goodyear is an Ohio corporation with its principal place of business in Akron, Ohio. Decl. of Daniel T. Young, ¶¶ 4-5, *Susman v. Goodyear Tire & Rubber Co.*, Civil Action No. 17-1682 (E.D. Pa. Apr. 12, 2017), ECF No. 1-3. Upon information and belief, no Goodyear employee with knowledge of the supposed bases for plaintiffs' claims—*i.e.*, the "design, manufacture, and marketing" of the Subject Tire, Compl., ¶ 11; *see id.* at ¶¶ 13-15, 19, 21, 23-25, 29, ECF No. 1—resides or works either this judicial district or the District of Nebraska.[6] Because

---

[6] That is so because the tire was designed in Ohio and manufactured in Alabama. (*See* Lawrence Decl., ¶ 6.)

those employees will have to travel either here or to Nebraska, their inconvenience does not weigh against transfer. *See Lindley*, 93 F. Supp. 2d at 618.

By contrast, plaintiffs reside in Nebraska, Compl., ¶¶ 3-5, ECF No. 1, and they allege "significant" injuries, *id.* at ¶ 10. Based on those injuries, they may find it either physically or financially difficult to travel the 1,300 miles to Philadelphia. *Cf. Waldman v. Del. Park, L.L.C.*, No. 00-1136, 2000 WL 33416863, at *6 (D.N.J. May 19, 2000) (finding that "relative physical and financial condition of the parties" weighed in favor of litigation in plaintiffs' home district, as "Plaintiff has alleged that she suffered severe and permanent injuries and . . . continues to receive physical therapy" in that district). It thus appears that plaintiffs would be ***convenienced*** by the proposed transfer, which would save them time and money, and would allow them to continue their uninterrupted medical treatments.[7] *See Adams v. Norfolk S. Ry. Co.*, No. 16-4135, 2016 WL 6568092, at *3 (E.D. Pa. Nov. 4, 2016) (concluding that it would be more convenient for plaintiff to pursue his action in his home district, and transferring action); *McCraw v. GlaxoSmthKline*, No. 12-2119, 2014 WL 211343, at *5 (E.D. Pa. Jan. 17, 2014) (noting, where plaintiffs resided in the potential transferee district, that "Plaintiffs' convenience, despite Plaintiffs' opposition to the motion, is better suited by transfer").

Based on plaintiffs' allegations of severe injury, and the related "relative physical and financial condition" of the parties, *Jumara*, 55 F.3d at 879, this factor weighs in favor of transfer to the District of Nebraska.

---

[7] Transfer to the District of Nebraska may be less convenient for plaintiffs' counsel. But, as discussed above, inconvenience to plaintiffs' counsel's is irrelevant to the transfer analysis. *See Wilson*, 2014 WL 1053589, at *2; *Coppola*, 250 F.R.D. at 199; *Lindley*, 93 F. Supp. 2d at 617.

       **e.**     **The Convenience Of The Witnesses And The Availability Of Process To Compel Unwilling Witnesses**

"[T]he convenience of material witnesses . . . is a particularly significant factor in a court's decision whether to transfer." *Coppola*, 250 F.R.D. at 199. However, courts assign different weights to different kinds of witnesses. "Fact witnesses who possess firsthand knowledge of the events giving rise to the lawsuit, have traditionally weighed quite heavily in the balance of convenience analysis." *Id.* (citation, internal quotation marks, and brackets omitted). On the other hand, "expert witnesses or witnesses who are retained by a party to testify carry little weight because they are usually selected because of their reputation and special knowledge without regard to their residences and are presumably well compensated for their attendance, labor and inconvenience, if any." *Id.* (citation and internal quotation marks omitted).

Most if not all of the witnesses with first-hand knowledge of the accident and the scope of plaintiffs' injuries reside in or near Nebraska. The police report identifies two eyewitnesses, whose testimony may be critical to determining the actual cause of the Vehicle's roll-over (and, resultantly, plaintiffs' alleged injuries): Rob Gibson and Mary K. Gibson. (*See* Bott Decl., Ex. A, Police Report at 2.) Upon information and belief, both Mr. Gibson and Ms. Gibson reside in the State of Nebraska. (*See* Risk Decl., ¶¶ 6-7.) The police report also identifies the Vehicle's owner, Dandee, which is located in Kearney, Nebraska. (*See* Bott Decl., Ex. A, Police Report at 1.) Dandee employees may be required to testify about the Vehicle's and the Subject Tire's maintenance history. Other Nebraska residents, including police officers who responded to the accident and EMTs and Good Samaritan Hospital staff who treated plaintiffs, may also be required to testify about the extent to which the Vehicle's driver was intoxicated at the time of the accident, the extent to which plaintiffs were intoxicated, and the scope and severity of

10

plaintiffs' alleged injuries. (*See id.* at 2 ("Drug use is suspected from all three occupants since methamphetamine was found at the scene.").)

The fact that these witnesses reside in Nebraska is critical. They cannot be compelled to attend a trial in the Eastern District of Pennsylvania, *see* FED. R. CIV. P. 45(c)(1)(A), but they may be compelled to attend a trial in the District of Nebraska, *see* FED. R. CIV. P. 45(c)(1)(B) ("A subpoena may command a person to attend a trial . . . within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . would not incur substantial expense."). This strongly favors transfer to the District of Nebraska. *See Bouldin*, 2017 WL 590266, at *3 (noting that "the availability of compulsory process for the attendance of witnesses favors transfer").

### f. Location Of Documents And Ease Of Access To Other Sources Of Proof

Much of the physical evidence related to plaintiffs' accident is located in the District of Nebraska. As noted above, the Vehicle is located in Omaha, Nebraska, and both the Subject Tire and Companion Tires are either in Arizona or Nebraska. (Bott Decl., ¶¶ 7-9.) Upon information and belief, none of the physical evidence related to that accident resides in this judicial district. (*Id.* at ¶ 9.)

Moreover, many of the documents related to both the accident and plaintiffs' alleged injuries—including drug tests, results of other medical tests, other medical reports, and financial records—are in Nebraska. Because those records are in another forum, transfer is warranted. *See Herbert Ltd P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 289 (S.D.N.Y. 2004). "Common sense suggest that retaining this case" in the Eastern District of Pennsylvania "imposes some incrementally greater burden, however slight, on" Goodyear "to copy or transport documents that [it] would not incur if the case proceeded in" the District of Nebraska." *Id.*

* * *

Five private interest factors favor transfer, and the last—plaintiffs' choice of forum, which appears to have been motivated by the location of their attorneys—is entitled to little or no weight. Thus, in sum, the private interest factors strongly favor transfer to the District of Nebraska.

### 2. The Public-Interest Factors Also Strongly Favor Transfer to the District of Nebraska.

#### a. The Local Interest In Deciding Controversies At Home

This Court should recognize the "local interest in deciding local controversies at home," which favors transfer to the District of Nebraska. *Jumara*, 55 F.3d at 873. As noted above, this case involves a motor vehicle accident and alleged injuries that were sustained in Nebraska, where they attracted local media attention. (*See* Bott Decl., Exs. B-D.) "'When an action involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale where it may be a matter of local attention, rather than in a remote location where it will be learned of only by report.'" *Coppola*, 250 F.R.D. at 201 (quoting *In re E. Dist. Repetitive Stress Injury Litig.*, 850 F. Supp. 188, 195 (E.D.N.Y. 1994)).

Moreover, the Court should recognize the undue burden that denial of transfer would impose upon local citizenry. "Trial in this district will impose jury service upon citizens who have no connection to the dispute or the parties. The Eastern District of Pennsylvania has no interest in this case. There are no individuals, parties or witnesses residing here." *Bouldin*, 2017 WL 590266, at *3 (finding that public interest factors weighed in favor of transfer); *see also Nat'l Prop. Investors VIII v. Shell Oil Co.*, 917 F. Supp. 324, 330 (D.N.J. 1995) ("The burden of jury duty should not be placed on citizens with a remote connection to the lawsuit.").

### b. Trial Efficiency And The Interest Of Justice

The relative congestion of the court dockets leans in favor of transfer to the District of Nebraska because its docket is less congested. *Synthes*, 978 F. Supp. 2d at 462. As of March 31, 2017, over 7,700 cases were pending in this judicial district, whereas only 1,139 were pending in the District of Nebraska. *See* United States District Courts—National Judicial Caseload Profile, http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2017.pdf. This factor thus weighs in favor of transfer.

### c. Familiarity With The Governing Law

This factor is neutral. This Court routinely engages in choice-of-law analysis and applies the laws of states other than Pennsylvania. *See, e.g.*, *Coppola*, 250 F.R.D. at 203 ("Federal judges are frequently called upon to apply the laws of other states and basic products liability principles are not so complicated as to advocate heavily in favor of transfer.").

* * *

Two of the three pertinent public interest factors favor transfer, and the other is neutral. Thus, the public interest factors, like the private interest factors, strongly favor transfer to the District of Nebraska.

### CONCLUSION

For all of the reasons stated above, Goodyear respectfully asks the Court to exercise its discretion and transfer this action to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1404(a).

Dated: March 15, 2018                    Respectfully submitted,


                                         /s/ Justin Kerner
                                         Jayne A. Risk
                                         *jayne.risk@dlapiper.com*
                                         Justin Kerner
                                         *justin.kerner@dlapiper.com*
                                         **DLA PIPER LLP (US)**
                                         One Liberty Place
                                         1650 Market Street, Suite 4900
                                         Philadelphia, PA 19103
                                         Phone: (215) 656-3300
                                         Fax: (215) 656-3301

                                         *Attorneys for Defendant,*
                                         *The Goodyear Tire & Rubber Company*

# DECLARATION OF JAY K. LAWRENCE

I, Jay K. Lawrence, declare:

1.      I am over the age of eighteen (18). Unless otherwise indicated, I have personal knowledge of the matters set forth in this declaration, and I am competent to testify to the following.

2.      I am the Manager of Product Analysis for The Goodyear Tire & Rubber Company ("Goodyear").  Since 1976, I have been employed by Goodyear in various capacities involving tire technology, including among many others, the design and developmental testing of tires.  Of particular note, from 1999 to 2002, I was the lead engineer in the Passenger and Radial Light Truck Tire Development Teams for Original Equipment Manufacturer tires, and from 2002 through 2007, I was the team leader in the Radial Light Truck Replacement Tire Development Organization.

3.      By virtue of my tenure with Goodyear, I am generally familiar with Goodyear's United States business operations, its relationship with company-owned and authorized retailers that sell Goodyear tires, and the location of Goodyear's businesses, including its manufacturing facilities. I am also able to track tires to their point of origin, using its DOT number.

4.      I understand that this Declaration is offered in support of Goodyear's motion to transfer the action captioned as *Susman, et al. v. Goodyear Tire & Rubber Company, et al.* from the United States District Court for the Eastern District of Pennsylvania to the United States District Court for the District of Nebraska.

5.      I was informed by counsel that plaintiffs have identified a tire bearing the DOT number "MDORNJHV0244." However, I was also informed by counsel that the tire at issue may actually bear DOT number "MD0RNJHV244."

6.      I identified the tire at issue using the second DOT number recited in Paragraph 6, above. Upon information and belief, that tire was designed by The Goodyear Tire & Rubber Company in Akron, Ohio and manufactured by The Goodyear Tire & Rubber Company in Gadsen, Alabama.


I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on August 1, 2017, in Akron, Ohio.


Jay K. Lawrence

## DECLARATION OF EDWARD S. BOTT, JR., ESQ.

I, Edward S. Bott, Jr., Esq., declare:

1.      I am over the age of eighteen (18). Unless otherwise indicated, I have personal knowledge of the matters set forth in this declaration, and I am competent to testify to the following.

2.      I am an attorney licensed and in good standing in the States of Missouri and Illinois. I have represented and currently represent The Goodyear Tire & Rubber Company ("Goodyear") in a variety of product liability actions in the mid-west region, including Nebraska, and at times on a national basis.

3.      I understand that this Declaration is offered in support of Goodyear's motion to transfer the action captioned as *Susman, et al. v. Goodyear Tire & Rubber Company* from the United States District Court for the Eastern District of Pennsylvania to the United States District Court for the District of Nebraska.

4.      I was retained by Goodyear to represent its interests and investigate the accident underlying the litigation, which occurred just a few miles outside of Shelton, Nebraska.

5.      As part of that investigation, I received a copy of a contemporaneous police report. A true and correct copy of that police report is attached here as **Exhibit A**.

6.      Following the accident, the vehicle at issue (the "Vehicle"), the tire at issue (the "Subject Tire"), and the Vehicle's other tires (the "Companion Tires") were moved to a storage facility in Omaha, Nebraska.

7.      Sometime thereafter—in the fall of 2015—I was contacted by a representative of the Vehicle's insurer, by e-mail, who sought permission to move the Subject Tire and

Companion Tires to a facility in Tucson, Arizona for non-destructive testing. A true and correct copy of that correspondence is attached here as **Exhibit B**.

8.      To the best of my knowledge and belief, the Subject Tire and Companion Tires were transported to Tucson, Arizona. I do not know whether they remain there or were returned to storage in Omaha, Nebraska.

9.      However, to the best of my knowledge and belief, the Subject Tire and Companion Tires were not ever destined for and do not currently reside in Philadelphia.

10.     Following the accident underlying this litigation, several local news outlets reported on the accident. I preserved copies of several online reports as .pdf files. True and correct copies of three such files are attached here as **Exhibit C**, **Exhibit D**, and **Exhibit E**.

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on April 2, 2017, in St. Louis, Missouri.

Edward S. Bott, Jr., Esq.

# Exh. "A"

(Page 1 of 2)

8:18-cv-00127-SC-SMB Doc #:106-2 Filed: 08/12/19 Page 28 of 65 - Page ID # 1625
Case 1:17-cv-03521-GH Document 30-4 Filed 08/25/28 Page 2 of 3

215017377
44445

**State of Nebraska**
**Investigator's Motor Vehicle Accident Report**   Sheet 1 of 2

| Total Number of Vehicles | 1 | Agency C15-07916 | HIT & RUN? ☐YES ☒NO | INVESTIGATION MADE AT SCENE? ☒YES ☐NO |

| DATE OF ACCIDENT | 05/01/2015 | M T W T F S | TIME OF ACCIDENT | 0657 | STATE USE ONLY |
| PLACE OF ACCIDENT | COUNTY Hall | POLICE NOTIFIED | 0700 | Amended |
| CITY | | | | 05/06/2015 |

| ROAD ON WHICH ACCIDENT OCCURRED | HIGHWAY NO. INTERSTATE 80 | PRIVATE PROPERTY? YES ☒ | LATITUDE 40.724380 |
| DISTANCE FROM MILEPOST | 2440 | N S E W ☒ | MILEPOST 294.000 | HIGHWAY NO. 80 | ONE-WAY STREET? YES ☒ | LONGITUDE -98.681920 |

IF AT INTERSECTION / IF NOT AT INTERSECTION

| NAME OF INTERSECTING ROADWAY | FT. FEET ☒ MILES | N S E W | OF NEAREST STREET, BRIDGE, RAILROAD CROSSING |
| | | 3.00 | X | SHELTON OVERPASS I-80 |

IF ACCIDENT WAS OUTSIDE CITY LIMITS, INDICATE DISTANCE FROM NEAREST TOWN

| MILES 4.00 | N S E W X | AND MILES 2.00 | N S E W X | OF NEAREST CITY OR TOWN | SHELTON |

| R. WORK ZONE CODES | R1 R2 R3 R4 R5 1 | S. PEDESTRIAN CLASSIFICATION CODES | S1 S2 S3 S4 S5 S5a S5b S6 | DOES ACCIDENT INVOLVE DAMAGE TO STATE DEPT. OF ROADS' PROPERTY? ☐YES ☒NO |

**VEHICLE NO. 1**

| DRIVER LICENSE NO. | H13702183 | STATE (Of License) NE | SEX ☐FEMALE ☒MALE |
| DRIVER | LARRY R BLAIR | PHONE | |
| DRIVER ADDRESS | 224 E 4TH ST, AXTELL, NE 68924 | CITY, STATE, ZIP | DATE OF BIRTH 05/23/1973 | 06 |
| OWNER | DANDEE CONSTRUCTION / DAN BUSER | PHONE 308-627-6660 | LOCAL NO. | 09 |
| OWNER ADDRESS | 305 EAST 8TH STREET, POB 2587, KEARNEY, NE 68848 | CITY, STATE, ZIP | CITATION ☐PENDING ☒NO | CITATION NO. |
| LICENSE PLATE | TE NO. 092396 | YEAR (Plate Expires) 2015 | STATE (Of Plate) NE | 01 |
| VEHICLE | 2003 | MAKE Chevrolet | MODEL SC1 | BODY STYLE Pickup truck | COLOR blue | ESTIMATED DAMAGE ☒TOTALED $ | |
| VEHICLE ID NO. (VIN) | 1GCEC14X33Z115363 | | INSURANCE COMPANY FARM BUREAU | 01 |
| TOWED TO GRAND ISLAND | TOWED BY KRAMER'S | | POLICY NO. 0005CPP000197109 | 75 |

**VEHICLE NO. 2**

| DRIVER LICENSE NO. | | STATE (Of License) | SEX ☐FEMALE ☐MALE |
| DRIVER | | PHONE | LOCAL NO. |
| DRIVER ADDRESS | | CITY, STATE, ZIP | DATE OF BIRTH |
| OWNER | | | LOCAL NO. |
| OWNER ADDRESS | | CITY, STATE, ZIP | CITATION ☐PENDING ☐NO |
| LICENSE PLATE | NO. | YEAR (Plate Expires) | STATE (Of Plate) |
| VEHICLE | YEAR | MAKE | MODEL | ESTIMATED DAMAGE ☐TOTALED $ |
| VEHICLE ID NO. (VIN) | | | INSURANCE COMPANY |
| TOWED TO | TOWED BY | | POLICY NO. |

*(Certified copy stamp: NEBRASKA DEPT OF ROADS — CERTIFIED COPY — Robert A. [signature] — ACCIDENT RECORDS)*

**Complete this section for all injured persons**
(Complete a continuation report, if more than three were injured)

| VEH. # | NAME | DATE OF BIRTH (MM/DD/YYYY) | 1 Seat Position | 2 Eject | 3 Body Region | 4 Safety Dev. | 5 Trans | SEX M/F |
| 1 | LARRY R BLAIR 224 E. 4TH ST., AXTELL, NE 68924 | 05/23/1973 | 01 | 3 | 01 | 2 | 2 | M |
| | LOCAL NO. | MEDICAL FACILITY NAME Good Samaritan Hospital | EMS SERVICE NAME Wood River Rescue Unit | EMS RUN REPORT NO. | | | | |
| 1 | SHANE A LOVELAND 304 SHEPPARD AVE, HILDRETH, NE 68947 | 04/01/1982 | 02 | 3 | 08 | 2 | 2 | M |
| | LOCAL NO. | MEDICAL FACILITY NAME Good Samaritan Hospital | EMS SERVICE NAME Good Samaritan EMS | EMS RUN REPORT NO. | | | | |
| 1 | JACOB S SUMMERS 823 S. MAIN, WILBER, NE 68465 | 12/03/1991 | 03 | 3 | 01 | 2 | 2 | M |
| | LOCAL NO. | MEDICAL FACILITY NAME Good Samaritan Hospital | EMS SERVICE NAME Shelton Volunteer Fire & Rescue | EMS RUN REPORT NO. | | | | |

DR Form 40, Jan 09

THIS FORM REPLACES DR FORM 40, JAN 07
PREVIOUS EDITIONS WILL BE DESTROYED

(Page 2 of 2)

8:18-cv-00127-SC-SMB Doc # 106-2 Filed: 08/12/19 Page 29 of 65 - Page ID # 1626
Case 2:17-cv-03520-JH Document 36-4 Filed 08/25/18 Page 3 of 3



## THE FOLLOWING INFORMATION IS REQUIRED FOR ALL ACCIDENTS
### INDICATE BY DIAGRAM WHAT HAPPENED

AGENCY CASE NO
C15-07916

Indicate North by Arrow

Not To Scale

### DESCRIPTION OF ACCIDENT BASED ON OFFICER'S INVESTIGATION

Vehicle #1 was east bound on I-80 near MM 294 when it blew a rear tire. Vehicle #1 crossed into the median and rolled. Vehicle #1 came to rest on the west bound shoulder. All three occupants of Vehicle #1 were ejected. Passengers #2 and #3 received serious injuries. A legal blood draw was taken from the driver of Vehicle #1. Drug use is suspected from all three occupants since methamphetamine was found at the scene. Kramer's towing removed Vehicle #1. All three occupants were transported to Good Samaritan Hospital in Kearney. Occupant #2 was taken by Air Care and eventually flown to Omaha.

NEBRASKA DEPT. OF ROADS
CERTIFIED COPY
Robert a. Smith
ACCIDENT RECORDS BUREAU

WITNESS NAME: Rob Gibson — PHONE 402-499-5550
WITNESS NAME: Mary K Gibson — PHONE 402-432-0171

Nebraska State Patrol

OFFICER NO. 510

INVESTIGATOR NAME (type or typed): Joe Flasnick

INVESTIGATOR SIGNATURE: Approved by Joel Bergman

DATE OF REPORT 05/06/2015

Exh. "B"

# Rhonda L. VanOsdale

| | |
|---|---|
| **From:** | Edward S. Bott |
| **Sent:** | Friday, November 06, 2015 4:43 PM |
| **To:** | Nancy Cody |
| **Cc:** | Rhonda L. VanOsdale |
| **Subject:** | Fwd: Goodyear Claim - Omaha, NE |
| **Attachments:** | image001.png; image001.png; image001.png; image001.png; image001.png; image001.png |

Nancy - I am sending you this email string FYI and file. I will keep you advised.

Ed

Sent from my iPad

Begin forwarded message:

> **From:** Steve Kirchner <steve.kirchner@fbfs.com>
> **Date:** November 6, 2015 at 11:13:07 AM CST
> **To:** "Edward S. Bott" <esb@greensfelder.com>
> **Subject:** RE: Goodyear Claim - Omaha, NE
>
> Dear Mr. Bott:
>
> I must clarify, only the 3 companion tires and wheels are being sent to the expert for non-destructive examination not the tire of issue. This examination will include demounting the tires from the wheels. The qualified expert who will be doing the demounting and examination is Paul Maurer at NDT & Radiography in Tucson AZ. He will be using the following protocol:
>
> The companion tires will be demounted from the wheels by expert using the following procedure:
> 1. Each tire/wheel will be videotaped.
> 2. The first bead will be broken from the wheel.
> 3. The tire bead will be subjected to a visual and tactile examination for damage. Any damage will be marked on the tire sidewall, and the state of the bead will be recorded using video along the entire 360 degrees of the bead.
> 4. Steps 2 and 3 will be repeated for the second bead.
> 5. The bulb of the valve stem will be subjected to a visual and tactile examination, and any damage noted. The state of the valve stem will be recorded on the video.
> 6. The first bead will be removed from the wheel using tire mounting lubricant as appropriate. The state of the bead will be recorded along the entire 360 degrees of the bead using video.
> 7. Step 6 will be repeated for the second bead.
> 8. The state of the valve stem bulb will be recorded on the video.
>
> In closing, all the tires will be preserved for later inspection by Goodyear in the event of any legal action.
>
> Sorry for the misunderstanding. Please contact me if you have any questions or concerns regarding this matter.
>
> Sincerely,

Steven Kirchner, CIFI, SCLA, AIC
Special Investigation Unit
FBL Financial Group, Inc.
  Farm Bureau Property & Casualty Insurance Company
  Farm Bureau Financial Services
11006 Mockingbird Dr, Omaha, NE 68137
Phone: 402-670-8672
Fax: 515-453-3683
Steve.Kirchner@fbfs.com

CONFIDENTIALITY NOTICE: The material in this e-mail transmission contains information that is private and is intended only for the use of the individual(s) named herein. If you are not the intended recipient, be advised that unauthorized use, disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you have received this transmission in error, please immediately notify the sender by e-mail, and delete the original e-mail message and attachments.

**From:** Edward S. Bott [mailto:esb@greensfelder.com]
**Sent:** Wednesday, November 04, 2015 11:24 AM
**To:** Steve Kirchner <steve.kirchner@fbfs.com>
**Cc:** Julie M. Rodriguez <jrodriguez@greensfelder.com>
**Subject:** RE: Goodyear Claim - Omaha, NE

Mr. Kirchner:

As I understand your email, the companion tires will not be removed from the rims? Or, do you foresee that happening and if so, who will do that? If it is done, I ask that it be done by someone who is qualified and that it be videotaped. Also, please do hold all tires and wheels for later inspection by Goodyear in Akron in the event litigation is filed. And, finally, as you would expect, we do not consent to any examination or "testing" that would materially change the condition of the products as they now exist. Please keep me advised.

Regards,
Ed

**Edward S. Bott, Jr.**
Greensfelder, Hemker & Gale, P.C.
10 South Broadway, Suite 2000
St. Louis, Mo. 63102
Phone - (314) 516-2690
Fax - (314) 241-4245



*"We earn our reputation from the companies we keep."®*
CONFIDENTIAL & PRIVILEGED TRANSMISSION
The message included with this e-mail and any attached document(s) contains information from the law firm of GREENSFELDER, HEMKER & GALE, P.C. which may be confidential and/or privileged. This information is intended to be for the use of the intended recipient. If you are not the intended

recipient, note that any disclosure, photocopying, distribution or use of the contents of this e-mail information is prohibited. If you have received this e-mail in error, please notify us by a reply to this email and promptly delete or destroy the transmission or attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Greensfelder, Hemker & Gale, P.C. shall be understood as neither given nor endorsed by it.

**From:** Steve Kirchner [mailto:steve.kirchner@fbfs.com]
**Sent:** Tuesday, November 03, 2015 2:50 PM
**To:** Edward S. Bott
**Subject:** RE: Goodyear Claim - Omaha, NE

Dear Mr. Bott:

I wanted to update you with our investigation. We are going to remove the 3 companion tires from the vehicle and send all them including the tire at issue to our expert for additional non-destructive examination that includes x-ray and shearography. The removal with be recorded to memorialize the event. Once this has been completed the tires will again be preserved for any non-destructive custodial inspection Goodyear will require at its laboratory in Akron in the event of any legal action. In addition, the vehicle will remain preserved at its present location for future inspection if that is deemed necessary.

Respectfully,

Steven Kirchner, CIFI, SCLA, AIC
Special Investigation Unit
FBL Financial Group, Inc.
  Farm Bureau Property & Casualty Insurance Company
  Farm Bureau Financial Services
11006 Mockingbird Dr, Omaha, NE 68137
Phone: 402-670-8672
Fax: 515-453-3683
Steve.Kirchner@fbfs.com

CONFIDENTIALITY NOTICE: The material in this e-mail transmission contains information that is private and is intended only for the use of the individual(s) named herein. If you are not the intended recipient, be advised that unauthorized use, disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you have received this transmission in error, please immediately notify the sender by e-mail, and delete the original e-mail message and attachments.

**From:** Edward S. Bott [mailto:esb@greensfelder.com]
**Sent:** Wednesday, September 02, 2015 12:48 PM
**To:** Steve Kirchner
**Cc:** Julie M. Rodriguez
**Subject:** RE: Goodyear Claim - Omaha, NE

Thank you Steve for the clarification. This is acceptable.

Ed

**Edward S. Bott, Jr.**
Greensfelder, Hemker & Gale, P.C.
10 South Broadway, Suite 2000
St. Louis, Mo. 63102
Phone - (314) 516-2690
Fax - (314) 241-4245



*"We earn our reputation from the companies we keep."®*
CONFIDENTIAL & PRIVILEGED TRANSMISSION
The message included with this e-mail and any attached document(s) contains information from the law firm of GREENSFELDER, HEMKER & GALE, P.C. which may be confidential and/or privileged. This information is intended to be for the use of the intended recipient. If you are not the intended recipient, note that any disclosure, photocopying, distribution or use of the contents of this e-mail information is prohibited. If you have received this e-mail in error, please notify us by a reply to this email and promptly delete or destroy the transmission or attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Greensfelder, Hemker & Gale, P.C. shall be understood as neither given nor endorsed by it.

---

**From:** Steve Kirchner [mailto:steve.kirchner@fbfs.com]
**Sent:** Wednesday, September 02, 2015 12:42 PM
**To:** Edward S. Bott
**Cc:** Julie M. Rodriguez
**Subject:** RE: Goodyear Claim - Omaha, NE

Dear Mr. Bott:

Please know the black box was not removed from the vehicle and the data was only imagined not downloaded.

The black box is still securely connected to the vehicle under the driver's seat and the data preserved for future inquires.

The vehicle will remain protected at the location where the mutual examination took place until further notice.

I will communicate with you on any future issues that pertain to this.

Sincerely,

Steven Kirchner, CIFI, SCLA, AIC
Special Investigation Unit
FBL Financial Group, Inc.
  Farm Bureau Property & Casualty Insurance Company
  Farm Bureau Financial Services
11006 Mockingbird Dr, Omaha, NE 68137
Phone: 402-670-8672
Fax: 515-453-3683
Steve.Kirchner@fbfs.com

CONFIDENTIALITY NOTICE: The material in this e-mail transmission contains

information that is private and is intended only for the use of the individual(s) named herein.  If you are not the intended recipient, be advised that unauthorized use, disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited.  If you have received this transmission in error, please immediately notify the sender by e-mail, and delete the original e-mail message and attachments.

---

**From:** Edward S. Bott [mailto:esb@greensfelder.com]
**Sent:** Wednesday, September 02, 2015 11:41 AM
**To:** Steve Kirchner
**Cc:** Julie M. Rodriguez
**Subject:** RE: Goodyear Claim - Omaha, NE

Steve:

I understand from Julie that at the inspection yesterday the black box from the vehicle was removed by representatives of a company by the name of Independent Forensics (IFIC).  I did not know this was going to happen.  Had I known, I would have wanted to discuss it with you before hand and may well have had someone present on behalf of Goodyear to have input into how that was done.  I suspect that so long as no data was lost this may end up being not an issue, but I do ask that you let me know what was done with the black box and who has custody.  I also request that no data be downloaded from the black box without prior notice to me and an opportunity for me to discuss that process with a consultant on behalf of Goodyear.  We may want to do that download jointly.

I look forward to hearing from you.

Ed

**Edward S. Bott, Jr.**
Greensfelder, Hemker & Gale, P.C.
10 South Broadway, Suite 2000
St. Louis, Mo. 63102
Phone - (314) 516-2690
Fax - (314) 241-4245



*"We earn our reputation from the companies we keep."®*
CONFIDENTIAL & PRIVILEGED TRANSMISSION
The message included with this e-mail and any attached document(s) contains information from the law firm of GREENSFELDER, HEMKER & GALE, P.C. which may be confidential and/or privileged.  This information is intended to be for the use of the intended recipient.  If you are not the intended recipient, note that any disclosure, photocopying, distribution or use of the contents of this e-mail information is prohibited.  If you have received this e-mail in error, please notify us by a reply to this email and promptly delete or destroy the transmission or attachments.  Opinions, conclusions and other information in this message that do not relate to the official business of Greensfelder, Hemker & Gale, P.C.  shall be understood as neither given nor endorsed by it.

---

**From:** Steve Kirchner [mailto:steve.kirchner@fbfs.com]
**Sent:** Wednesday, August 12, 2015 3:40 PM
**To:** Edward S. Bott
**Subject:** RE: Goodyear Claim - Omaha, NE

Dear Mr. Bott:

To follow-up with our conversation from yesterday. Attached is letter confirming the examination.

Please contact me with any questions or concerns.

Respectfully,

Steven Kirchner, CIFI, SCLA, AIC
Special Investigation Unit
FBL Financial Group, Inc.
  Farm Bureau Property & Casualty Insurance Company
  Farm Bureau Financial Services
11006 Mockingbird Dr, Omaha, NE 68137
Phone: 402-670-8672
Fax: 515-453-3683
Steve.Kirchner@fbfs.com

CONFIDENTIALITY NOTICE: The material in this e-mail transmission contains information that is private and is intended only for the use of the individual(s) named herein. If you are not the intended recipient, be advised that unauthorized use, disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you have received this transmission in error, please immediately notify the sender by e-mail, and delete the original e-mail message and attachments.

**From:** Edward S. Bott [mailto:esb@greensfelder.com]
**Sent:** Monday, August 10, 2015 11:49 AM
**To:** Steve Kirchner
**Cc:** Julie M. Rodriguez
**Subject:** RE: Goodyear Claim - Omaha, NE

Mr. Kirchner:

We should be able to make these dates work. Julie Rodriguez will be attending from my office. I do not yet know who will attend from Goodyear. In preparation for the inspection, can you please provide to me any information you have on the accident. I have the accident report, but that is all. I am particularly interested in anything you have to identify the tire involved, i.e. make, model, DOT number, size, etc. Thank you.

Please confirm the date, time and location where the inspection will begin.

Ed

**Edward S. Bott, Jr.**
Greensfelder, Hemker & Gale, P.C.
10 South Broadway, Suite 2000
St. Louis, Mo. 63102
Phone - (314) 516-2690
Fax - (314) 241-4245



*"We earn our reputation from the companies we keep."*®
CONFIDENTIAL & PRIVILEGED TRANSMISSION
The message included with this e-mail and any attached document(s) contains information from the law
firm of GREENSFELDER, HEMKER & GALE, P.C. which may be confidential and/or privileged.  This
information is intended to be for the use of the intended recipient.  If you are not the intended
recipient, note that any disclosure, photocopying, distribution or use of the contents of this e-mail
information is prohibited.  If you have received this e-mail in error, please notify us by a reply to this
email and promptly delete or destroy the transmission or attachments.  Opinions, conclusions and other
information in this message that do not relate to the official business of Greensfelder, Hemker & Gale,
P.C.  shall be understood as neither given nor endorsed by it.

**From:** Steve Kirchner [mailto:steve.kirchner@fbfs.com]
**Sent:** Tuesday, August 04, 2015 3:47 PM
**To:** Edward S. Bott
**Subject:** RE: Goodyear Claim - Omaha, NE

Dear Mr. Bott:

We would like to do the mutual examination with Representatives of Goodyear present on September 1
and 2 if necessary.   This was as close as we could get to the last two weeks in August.

Plan is to have Dr. John Daws examine the tire; along, with companion tires and vehicle if necessary for
Farm Bureau on Tuesday, September 1, 2015 and Wednesday September 2, 2015 should that be
necessary.  We will look to start the examination at 9:30 AM.  The examination will take place at the
following location:

**Insurance Auto Auction – Omaha Branch**
**14749 Meredyth Plaza**
**Springfield, NE  68059**

I pray that these days will work.

Sincerely,

Steven Kirchner, CIFI, SCLA, AIC
Special Investigation Unit
FBL Financial Group, Inc.
 Farm Bureau Property & Casualty Insurance Company
  Farm Bureau Financial Services
11006 Mockingbird Dr, Omaha, NE 68137
Phone: 402-670-8672
Fax: 515-453-3683
Steve.Kirchner@fbfs.com

CONFIDENTIALITY NOTICE: The material in this e-mail transmission contains
information that is private and is intended only for the use of the
individual(s) named herein.  If you are not the intended recipient, be
advised that unauthorized use, disclosure, copying, distribution, or the

taking of any action in reliance on this information is strictly prohibited. If you have received this transmission in error, please immediately notify the sender by e-mail, and delete the original e-mail message and attachments.

**From:** Edward S. Bott [mailto:esb@greensfelder.com]
**Sent:** Tuesday, July 28, 2015 12:10 PM
**To:** Steve Kirchner
**Subject:** RE: Goodyear Claim - Omaha, NE

Thank you.

**Edward S. Bott, Jr.**
Greensfelder, Hemker & Gale, P.C.
10 South Broadway, Suite 2000
St. Louis, Mo. 63102
Phone - (314) 516-2690
Fax - (314) 241-4245



*"We earn our reputation from the companies we keep."*®
CONFIDENTIAL & PRIVILEGED TRANSMISSION
The message included with this e-mail and any attached document(s) contains information from the law firm of GREENSFELDER, HEMKER & GALE, P.C. which may be confidential and/or privileged. This information is intended to be for the use of the intended recipient. If you are not the intended recipient, note that any disclosure, photocopying, distribution or use of the contents of this e-mail information is prohibited. If you have received this e-mail in error, please notify us by a reply to this email and promptly delete or destroy the transmission or attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Greensfelder, Hemker & Gale, P.C. shall be understood as neither given nor endorsed by it.

**From:** Steve Kirchner [mailto:steve.kirchner@fbfs.com]
**Sent:** Tuesday, July 28, 2015 12:08 PM
**To:** Edward S. Bott
**Subject:** RE: Goodyear Claim - Omaha, NE

Dear Mr. Bott :

I wanted to let you know that I am in receipt of your email. I will follow-up with you as soon as I have discussed the matter with those handling the Claims.

Respectfully,

Steven Kirchner, CIFI, SCLA, AIC
Special Investigation Unit
FBL Financial Group, Inc.
  Farm Bureau Property & Casualty Insurance Company
  Farm Bureau Financial Services
11006 Mockingbird Dr, Omaha, NE 68137
Phone: 402-670-8672
Fax: 515-453-3683

Steve.Kirchner@fbfs.com

CONFIDENTIALITY NOTICE: The material in this e-mail transmission contains information that is private and is intended only for the use of the individual(s) named herein. If you are not the intended recipient, be advised that unauthorized use, disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you have received this transmission in error, please immediately notify the sender by e-mail, and delete the original e-mail message and attachments.

**From:** Edward S. Bott [mailto:esb@greensfelder.com]
**Sent:** Tuesday, July 28, 2015 10:16 AM
**To:** Steve Kirchner
**Subject:** Goodyear Claim - Omaha, NE

Steve:

You and I previously communicated on scheduling the field inspection of the tire involved in this occurrence, the vehicle and the companion tires. As I understand it, you wanted to coordinate a time when you could have your expert and representatives from Goodyear present at the same time for a joint inspection. I have checked with my client, and we would like to attempt to schedule this inspection on a date during the last two weeks in August. As of now, I think most days during those two weeks are available, but that is subject to change as time goes on. It is best that we lock in a date as soon as we can.

As Ms. Cody has indicated to you in earlier email, this field inspection is not a substitute for the non-destructive custodial inspection Goodyear will require of the tire at issue and companion tires at its laboratory in Akron in the event suit is filed.

Thank you for your cooperation. I look forward to hearing from you.

Regards,
Ed

**Edward S. Bott, Jr.**
Greensfelder, Hemker & Gale, P.C.
10 South Broadway, Suite 2000
St. Louis, Mo. 63102
Phone - (314) 516-2690
Fax - (314) 241-4245



*"We earn our reputation from the companies we keep."*®
CONFIDENTIAL & PRIVILEGED TRANSMISSION
The message included with this e-mail and any attached document(s) contains information from the law firm of GREENSFELDER, HEMKER & GALE, P.C. which may be confidential and/or privileged. This information is intended to be for the use of the intended recipient. If you are not the intended recipient, note that any disclosure, photocopying, distribution or use of the contents of this e-mail information is prohibited. If you have received this e-mail in error, please notify us by a reply to this email and promptly delete or destroy the transmission or attachments. Opinions, conclusions and other

information in this message that do not relate to the official business of Greensfelder, Hemker & Gale, P.C. shall be understood as neither given nor endorsed by it.

This email message and any attachments are intended only for the use of the intended recipient, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to this email, and delete or destroy all copies of the original message and attachments thereto. Email sent to or from FBL Financial Group, Inc. and its Affiliates may be retained as required by law, regulation or business practice.

This email message and any attachments are intended only for the use of the intended recipient, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to this email, and delete or destroy all copies of the original message and attachments thereto. Email sent to or from FBL Financial Group, Inc. and its Affiliates may be retained as required by law, regulation or business practice.

This email message and any attachments are intended only for the use of the intended recipient, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to this email, and delete or destroy all copies of the original message and attachments thereto. Email sent to or from FBL Financial Group, Inc. and its Affiliates may be retained as required by law, regulation or business practice.

Exh. "C"



# UPDATE: Conditions of I-80 Rollover Crash Victims

*By: NBC Nebraska*
*Updated: Tue 10:42 AM, May 05, 2015*



**More Stories**
Two People Arrested After Stealing Trooper's Car During Traffic Stop

**SHELTON, Neb. --** 33-year-old Shane Loveland of Hildreth and 24-year-old Jacob Summers of Wilbur, who were involved in last Friday's truck rollover on I-80 near Shelton, remained in critical condition Tuesday.

Meanwhile, the driver of the truck, 42-year-old Larry Blair of Axtell, has been upgraded from serious to good condition.

Loveland and Blair were listed at Good Samaritan while Summers has since been transferred to a different hospital.

On Friday, one of the man was flown to the hospital, and the other two were taken by ambulance.

At the scene, the state patrol told NBC Nebraska the pickup truck was headed eastbound around 6:45 a.m. When the truck was just east of Shelton, at mile marker 294, a tire blew. The truck rolled and landed over on the westbound shoulder.

State patrol says all three men inside the truck were ejected adding that none of them were wearing seatbelts.

One of the men was flown via helicopter to Good Samaritan and the other two were taken by ambulance.

NBC Nebraska is working to gather more information on their conditions and will keep you updated.

Exh. "C"



# UPDATE: Conditions of I-80 Rollover Crash Victims

*By: NBC Nebraska*
*Updated: Tue 10:42 AM, May 05, 2015*



**More Stories**
Two People Arrested After Stealing Trooper's Car During Traffic Stop

**SHELTON, Neb. --** 33-year-old Shane Loveland of Hildreth and 24-year-old Jacob Summers of Wilbur, who were involved in last Friday's truck rollover on I-80 near Shelton, remained in critical condition Tuesday.

Meanwhile, the driver of the truck, 42-year-old Larry Blair of Axtell, has been upgraded from serious to good condition.

Loveland and Blair were listed at Good Samaritan while Summers has since been transferred to a different hospital.

On Friday, one of the man was flown to the hospital, and the other two were taken by ambulance.

At the scene, the state patrol told NBC Nebraska the pickup truck was headed eastbound around 6:45 a.m. When the truck was just east of Shelton, at mile marker 294, a tire blew. The truck rolled and landed over on the westbound shoulder.

State patrol says all three men inside the truck were ejected adding that none of them were wearing seatbelts.

One of the men was flown via helicopter to Good Samaritan and the other two were taken by ambulance.

NBC Nebraska is working to gather more information on their conditions and will keep you updated.

Exh. "D"

 

Thanks for visiting KearneyHub.com. You're entitled to 15 free local articles every 30 days. After reaching 15 local story reads, you can return in a month to read an additional 15 local stories or purchase an affordable subscription.

For info on our subscription programs and what is included in your free articles monthly, click here. If you already have a subscription, click 'Login' at the top of the page if using a desktop computer and follow the prompts to login; if using a

**14** Remaining

**64°**
Clear

Advanced Search
Search our site                          Go

 f 🐦 **ALERTS**

Welcome!  Login | Signup

Subscribe   Print Ads   Special Sections   Contact Us

**News**   Sports   Obituaries   Opinions   Photos/Video   Classifieds   Coupons   Jobs   Marketplace   Contests   E-Paper

# Three hospitalized after I-80 crash near Shelton

Story    Comments

Recommend  0    Tweet  0    g+1  0

Print   Font Size:

2



Posted: Friday, May 1, 2015 7:50 am

**Hub Staff**

SHELTON — Three men were injured early this morning in a one-vehicle crash after a tire blew on a pickup.

At 6:54 a.m. Larry Blair, 42, of Axtell was driving a 2003 Chevrolet Silverado east on Interstate 80 three miles east of Shelton when the tire blew. Blair lost control of the pickup, which went through the median and westbound lanes and rolled several times, a Nebraska State Patrol dispatcher said.

The pickup came to rest on the westbound shoulder of I-80. The westbound driving lanes were closed for about 30 minutes while the scene was being investigated and cleaned up.



In addition to Blair, passengers Jacob Summers, 24, of Wilber and Shane Loveland, 33, of Hildreth were transported to CHI Health Good Samaritan by the Shelton Volunteer Fire Department Emergency Unit and AirCare. None of the men were restrained at the time of the crash. No other vehicles were involved, the dispatcher said.

The men's conditions weren't available late this morning.

**More about** *Shelton*

- ARTICLE: Electrical fire damages Shelton residence (06-26-15)
- ARTICLE: Passenger in Friday's I-80 rollover near Shelton in critical condition (05-04-15)
- ARTICLE: Shelton begins renovations to its 101-year-old library (04-20-15)
- ARTICLE: Gangwish Seed Farm employs teens for summer detasseling (03-31-15)


816 22nd Ave, Ste. 100
Kearney, NE
308.865.2263

**Hub Staff**

Tweets from a list by Kearney Hub
A list of Kearney Hub reporters and accounts.

 **Kearney Hub**    33m
@KearneyHub
USDA prepares for possible return of bird flu this fall: bit.ly/1fnBTYp

 **ABCKearney**    48m
@ABCKearney
Just finished our first July meeting. Kicking off our revitalization plan with key informant interview. We want to hear your stories/ideas!

Retweeted by Amanda Brandt

# LOCAL NEWS VIDEOS

Purple Heart pinning ceremony
Kearney Hub

More videos:

# Exh. "E"

JULY 17-19

JULY 18 CARPENTER BOBBLEHEAD

JULY 17 CANVAS PRINT

JULY 19 WARNER SHIRT

Buy Now
cardinals.com

share your thoughts...

Cargill

Story

# Three Injured in Morning I-80 Crash

*Posted: May 01, 2015 12:52 PM CDT*
*Updated: May 08, 2015 12:52 PM CDT*

By Tanner Kahler, Weekend Producer / Reporter    CONNECT

Near Shelton, NE- Three people were taken to Good Samaritan Hospital in Kearney Friday morning after they were ejected from a vehicle in a roll-over crash on Interstate 80.

According to the Nebraska State Patrol, a 2003 Silverado was east-bound on I-80 when it blew a tire at mile marker 294, lost control, crossed the median and rolled several times before coming to rest in the westbound shoulder.

The driver, Larry Blair, 42, of Axtell is in serious condition with head injuries.

Two passengers in the truck, Jacob Summers, 24, of Wilbur, and Shane Loveland, 33, of Hildreth, were transported with internal injuries. Both are in critical condition.

One of the men was taken by AirCare. The others were taken by ambulance.

Troopers say none of the men were wearing seat-belts.

**Offers and Articles From Around the Web**      ADVERTISEMENT



Here's Why You Should Stop 'Googling' Names



15 Famous Celebs Who Have Committed Horrible...



#1 Predictor Of Diabetic Amputation



15 Famous Celebs Who Have Committed Horrible



33 Actors Who Tragically Died Too Young



These Girls Would Be Stunning If It Weren't For...



New Rule in Missouri Leaves Drivers Furious and...



15 Famous Celebs Who Have Committed Horrible

worldnow

General and ne
Across the Mid
events@nebras
Comments: com

News:
news@nebrask
Phone: 308-743
News Fax: 308-

All content © Copyright 2000 - 2015 Worldnow and NTV. All Rights Reserved.
For more information on this site, please read our Privacy Policy and Terms of Service.

## DECLARATION OF JAYNE ANDERSON RISK, ESQ.

I, Jayne Anderson Risk, Esq., declare:

1.      I am over the age of eighteen (18). Unless otherwise indicated, I have personal knowledge of the matters set forth in this declaration, and I am competent to testify to the following:

2.      I am an attorney licensed and in good standing in the Commonwealth of Pennsylvania and the State of New York. I am a partner in the law firm of DLA Piper LLP (US) ("DLA Piper").

3.      I understand that this Declaration is offered in support of Goodyear's motion to transfer the action captioned as *Susman, et al. v. Goodyear Tire & Rubber Company, et al.* from the United States District Court for the Eastern District of Pennsylvania to the United States District Court for the District of Nebraska.

4.      I, with my law firm, DLA Piper, was retained by Goodyear to represent its interests in this action.

5.      In the course of that representation, I received and reviewed a copy of a police report, detailing the accident underlying this action. A true and correct copy of that police report is attached to the Declaration of Edward S. Bott, Esq. as Exhibit A.

6.      The police report identifies two eyewitnesses: Rob Gibson and Mary K. Gibson.

7.      Upon information and belief, both Mr. Gibson and Ms. Gibson reside and/or work in the State of Nebraska. A true and correct copy of a monitor report on Rob Gibson is attached here as **Exhibit A**. A true and correct copy of a monitor report on Mary K. Gibson is attached here as **Exhibit B**.

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on July 26, 2017, in Philadelphia, Pennsylvania.

_____

Jayne Anderson Risk, Esq.

Exh. "A"

4/4/2017

8:18-cv-00127-LSC-SMB Doc # 106-2 Filed: 08/12/19 Page 52 of 65 - Page ID # 1649
Case 2:17-cv-06521-JHS Document 80-10 Filed 09/19/18 Page 2 of 4



## Mary Kay Gibson
Age: In their 70's

**Monitor Report**

Get full details (/billing/purchase_comp_report/?record_id=9fOyMYbVwdg5OcF0BOgYTccHpvBRvJeUSXsimf0V5JA%3D)

---

☎  (402) 292-3749
LANDLINE PHONE

---

🏠  2408 Pilgrim Dr
Bellevue, NE 68123
DEC 2001 - APR 2017

---

Email   mary.gibson@netins.net

---

Born    January, 1945

(https://maps.google.com/maps?ll=41.101256,-95.946895&z=14&t=m&hl=en-US&gl=US&mapclient=apiv3)

Map data ©2017 Google

---

### PHONE NUMBERS

📱  (402) 813-1365
MOBILE, NEW CINGULAR WIRELESS PCS LLC - IL (AT&T MOBILITY)
**Full phone details (/details/phone/?phone_number=4028131365&type=person_phone_query)**

MOBILE, NEW CINGULAR WIRELESS PCS LLC - IL (AT&T MOBILITY)

---

📱  (308) 325-7363
MOBILE, CELLCO PARTNERSHIP DBA VERIZON WIRELESS - NE (VERIZON WIRELESS)
**Full phone details (/details/phone/?phone_number=3083257363&type=person_phone_query)**

MOBILE, CELLCO PARTNERSHIP DBA VERIZON WIRELESS - NE (VERIZON WIRELESS)

---

### PREVIOUS ADDRESSES

| CONTACT INFO | CRIMINAL RECORDS | 🏠 1512 Thomas Dr Apt 4 | LIENS & JUDGMENTS | PROPERTIES | LICENSES |
|---|---|---|---|---|---|

Bellevue, NE 68005
JUL 1985 - JAN 2003

4/4/2017

Case 2:18-cv-00521-SMB Document 106-2 Filed 08/12/19 Page 53 of 65
8:18-cv-00127-LSC-SMB Document 80-10 Filed 03/19/19 Page 3 of 4 PageID # 1650

Show map

Full address details (/results/address/?
type=person_address_query&address=1512+Thomas+Dr+Apt+4+Bellevue%2C+Ne)

---

## POSSIBLE ASSOCIATES



Lisa Ann Wriglesworth

In their 50's

**View details (/details/contact_report/2LcLlQRs-6J6P2MtHYZRFi_vww8sXmJHoEhmD1uZgOs%3D)**

---



Barbara Ann White

In their 50's

**View details (/details/contact_report/lcS93dVKSdZxhUHoAsg7q8p2d2_o7kgZQu_6jISHBV0%3D)**

---

## Criminal Records

Our Criminal Records include all available details on **Criminal and Traffic Offenses, Arrests, and Warrants** and may contain over 100 different attributes such as:

- **Identifying information** including birth date, gender, hair, eye color, and height
- **Mugshots**, if available on file
- Indication if the person is a **Sex Offender**
- **Offense details** including crime type, location, date, and description
- **Case details** including case type, plea, courts, disposition, sentence, and relevant dates

To see if this person has any Criminal Records associated with their past, unlock their profile by ordering a Background Report today.

Get full details (/billing/purchase_comp_report/?record_id=9fOyMYbVwdg5OcF0BOgYTccHpvBRvJeUSXsimf0V5JA%3D)

---

## Bankruptcies and Foreclosures

Our **Bankruptcy** records may contain over 35 different attributes such as:

- **Bankruptcy details** including type, location, case details, and relevant dates
- **Action type** including petition, discharge, dismissal, or conversion
- **Attorney and law firm** names and addresses
- **Trustee** names and addresses
- **Court** details

Our Foreclosure records may contain over 60 different attributes such as:

- **Property details** including address, size, age, zoning, number of rooms, and value
- **Lender** company, trustee, and plaintiff details
- **Loan** amount and dates
- Assessor's **Parcel number** ID

**CONTACT INFO**

To see if this person has any bankruptcy or foreclosure records associated with their past, unlock their profile by ordering a Background Report today.

Get full details (/billing/purchase_comp_report/?record_id=9fOyMYbVwdg5OcF0BOgYTccHpvBRvJeUSXsimf0V5JA%3D)

## Liens & Judgments

Our **Lien and Judgment** records may contain over 40 different attributes such as:

- **Identifying information** including name, address, and DOB
- **Lien and judgement details** such as amount, filing type, and plaintiff
- **Case details** such as case number, relevant dates, and court contact information
- Relevant **document details** such as document type, recording number, and date

To see if this person has any lien or judgment records associated with their past, unlock their profile by ordering a Background Report today.

Get full details (/billing/purchase_comp_report/?record_id=9fOyMYbVwdg5OcF0BOgYTccHpvBRvJeUSXsimf0V5JA%3D)

## Properties

Our **Property Ownership** records may contain over 70 different attributes on current and historical properties such as:

- **Basic property information** including address, size, year built, and description
- **Tax and assessment information** including assessed, tax, improvement, and total values; number of rooms and baths
- Current **owner details** including owner and seller, type of property, dates
- Related **mortgage** information including lender, amount, interest rate, and term

To see if this person owns any properties, businesses or guns, unlock their profile by ordering a Background Report today.

Get full details (/billing/purchase_comp_report/?record_id=9fOyMYbVwdg5OcF0BOgYTccHpvBRvJeUSXsimf0V5JA%3D)

## Licenses

Our **Licenses and Permits** records may contain:

- **Professional license** details for all US states and territories including type, number, state, status, issue and expiration date
- **Pilot license** records issued by FAA
- **Permits** including hunting permits and concealed weapon permits

To see if this person has any licenses, unlock their profile by ordering a Background Report today.

Get full details (/billing/purchase_comp_report/?record_id=9fOyMYbVwdg5OcF0BOgYTccHpvBRvJeUSXsimf0V5JA%3D)

**Questions or concerns? Get in touch:**

**(800) 991-3077 (tel:8009913077) | support@premium.whitepages.com (mailto:support@premium.whitepages.com)**

All rights reserved. © 2017 Whitepages

Whitepages is designed to help you find and connect with others. Whitepages is not a consumer reporting agency as defined by the **Fair Credit Reporting Act (/help#fcra)**. This means that you cannot use information presented in this website for evaluating a person's eligibility for employment, credit, insurance, housing, and other FCRA governed purposes. We do not verify or evaluate each piece of data, and we make no warranties or guarantees about the accuracy of the information in our Background Reports. You can learn more by accessing our **Terms of Service (/premium_terms_of_service)** and **Privacy Policy (/privacy_policy)**.

| CONTACT INFO | CRIMINAL RECORDS | BANKRUPTCIES | LIENS & JUDGMENTS | PROPERTIES | LICENSES |

Exh. "B"



## Robert Reece Gibson
Age: In their 50's

**Monitor Report**

Get full details (/billing/purchase_comp_report/?record_id=VjA9n-6f0gbtweJJ9f9ZzcxnsKiiUwqbjWc2JMZjFf0%3D)

| | | |
|---|---|---|
| 📱 | **(402) 499-5550**<br>MOBILE PHONE | |
| 🏠 | 19502 Cleveland St<br>Elkhorn, NE 68022<br>JUL 2015 - APR 2017 | |
| Email | rpgibson@aol.com<br><br>yobogib@aol.com<br><br>lkgmuffin@aol.com<br><br>ccrob@web-unwired.net | |
| AKA | Robert J Gibson<br><br>Bob Reece Gibson | |
| Born | November, 1966 | |

(https://maps.google.com/maps?ll=41.288487,-96.223389&z=14&t=m&hl=en-US&gl=US&mapclient=apiv3)   Map data ©2017 Google

## PHONE NUMBERS

| | | |
|---|---|---|
| 📱 | **(402) 202-0978**<br>MOBILE, SPRINT SPECTRUM LP<br>**Full phone details (/details/phone/?phone_number=4022020978&type=person_phone_query)** | |

MOBILE, SPRINT SPECTRUM LP

| CONTACT INFO | CRIMINAL RECORDS | (402) 827-0138<br>UNKNOWN, WINDSTREAM NEBRASKA INC | LIENS & JUDGMENTS | PROPERTIES | LICENSES |
|---|---|---|---|---|---|

Full phone details (/details/phone/?phone_number=4023270118&type=person_phone_query)

UNKNOWN, WINDSTREAM NEBRASKA INC



(402) 486-0301

LANDLINE, WINDSTREAM NEBRASKA INC

Full phone details (/details/phone/?phone_number=4024860301&type=person_phone_query)

LANDLINE, WINDSTREAM NEBRASKA INC

(402) 489-8310

ACTIVELANDLINE, WINDSTREAM NEBRASKA INC

Full phone details (/details/phone/?phone_number=4024898310&type=person_phone_query)

ACTIVELANDLINE, WINDSTREAM NEBRASKA INC

PREVIOUS ADDRESSES



5844 Locust St
Lincoln, NE 68516
NOV 2012 - SEP 2015
**Show map**

Full address details (/results/address/?
type=person_address_query&address=5844+Locust+St+Lincoln%2C+Ne)

8120 Eastwood Dr
Lincoln, NE 68506
DEC 2004 - JUL 2013
**Show map**

Full address details (/results/address/?
type=person_address_query&address=8120+Eastwood+Dr+Lincoln%2C+Ne)



1140 Rosewood Dr
Lincoln, NE 68510
OCT 1995 - DEC 2006
**Show map**

Full address details (/results/address/?
type=person_address_query&address=1140+Rosewood+Dr+Lincoln%2C+Ne)

CONTACT INFO    CRIMINAL RECORDS    BANKRUPTCIES    LIENS & JUDGMENTS

4/4/2017

8:18-cv-00127-LSC-SMB   Doc # 106-2   Filed: 08/12/19   Page 59 of 65   Page ID # 1655
Case 2:17-cv-06521-SHS   Document 30-11   Filed 09/19/19   Page 4 of 9

🏠 5042 R St Apt 1303
Lincoln, NE 68504
FEB 1994 - JAN 2003
Show map

Full address details (/results/address/?
type=person_address_query&address=5042+R+St+Apt+1303+Lincoln%2C+Ne)

🏠 5031 Vine St Apt 405
Lincoln, NE 68504
JUN 1993 - JUN 1993
Show map

Full address details (/results/address/?
type=person_address_query&address=5031+Vine+St+Apt+405+Lincoln%2C+Ne)

🏠 200 Wedgewood Dr
Lincoln, NE 68510
SEP 1991 - AUG 1995
Show map

Full address details (/results/address/?
type=person_address_query&address=200+Wedgewood+Dr+Lincoln%2C+Ne)

| CONTACT INFO | CRIMINAL RECORDS | BANKRUPTCIES | LIENS & JUDGMENTS | PROPERTIES | LICENSES |

🏠  1011 Coachmans Dr
Lincoln, NE 68510
AUG 1989 - SEP 2006
Show map

Full address details (/results/address/?
type=person_address_query&address=1011+Coachmans+Dr+Lincoln%2C+Ne)

🏠  144 Lakewood Dr
Lincoln, NE 68510
AUG 1989 - AUG 1989
Show map

Full address details (/results/address/?
type=person_address_query&address=144+Lakewood+Dr+Lincoln%2C+Ne)

🏠  5031 Vine St
Lincoln, NE 68504
JAN 1989 - JAN 2003
Show map

Full address details (/results/address/?
type=person_address_query&address=5031+Vine+St+Lincoln%2C+Ne)

| CONTACT INFO | CRIMINAL RECORDS | BANKRUPTCIES | LIENS & JUDGMENTS | PROPERTIES | LICENSES |
|---|---|---|---|---|---|

FAMILY MEMBERS

Tonda Lea Pruitt
In their 40's
View details (/details/contact_report/_C0s8GAshWckqqawJh6vJuEnhtBsdgSH-Krtqu0uZzA%3D)

Erica K Marshall
In their 40's
View details (/details/contact_report/l-LTWiCynHzr7VsgY_bY_mmDMXrrvcVduQ5K8HvMYUY%3D)

Roderick R Gibson
In their 40's
View details (/details/contact_report/tYtjfc-z1yTkw5GgZoMDDT_GXvqbygILFr8x8KIF9P0%3D)

Robert Reece Gibson
In their 60's
View details (/details/contact_report/l-QqsQOptuD11oTtN4AQKWkBfF6LF7lLc30-FoAC9FU%3D)

Robert J Gibson
No age info
View details (/details/contact_report/5jhfKivm06gKV_G2sgx9fOl2Yt3kzqjrzHHpuBGo2_w%3D)

Paula M Gibson
In their 50's
View details (/details/contact_report/f3U9eRXFS9MDA7JYx34XtKB3NHt-Lx_FZWwp5h93hyo%3D)

Nancy Ann Gibson
In their 40's
View details (/details/contact_report/_h0igHYyt4jTtDBIDon1lUR9o-jZxTrp7cRTLLuN2QI%3D)

Jane Margaret Gibson
In their 60's
View details (/details/contact_report/WE_LqHyl1r0L05jhkEnoq94--fdsLwUMOv47Sqf31wY%3D)

ASSOCIATED PEOPLE

Paula Ward
In their 50's
View details (/details/contact_report/Kr5Sq9o6A7gpsfOL7cl1KqKSqKCou0PUFpNzhQ7vFAs%3D)

Jena D Carrier
No age info
View details (/details/contact_report/9b4IgiLZZgtK4lm_6Xu6ofp7GyJvCUGIpUfKRAweFx8%3D)

Albert Dale Flowerday
In their 80's
View details (/details/contact_report/Bnel2-eRPcyS_6wHgmvDU-PB0kKpbC6GWGwDqZ8DaN8%3D)

Randall Keith Pruitt
In their 50's
View details (/details/contact_report/fanYVurQI5bgvM_etTb8tYKoXi0xbKATmJJ4ZluPLxY%3D)

| CONTACT INFO | CRIMINAL RECORDS | BANKRUPTCIES | LIENS & JUDGMENTS | PROPERTIES | LICENSES |

**Carol Marlene Flowerday**

In their 70's

**View details (/details/contact_report/71whjSAgNvryaTvqjMcenkHSwNYMMbz_qCamlscEdVU%3D)**

**Sheila A Sterns**

In their 70's

**View details (/details/contact_report/ngqBUCHrkbonYanmqblhpF75Qx5auf-JO4v-_UUfnLo%3D)**

**Mitchell C Kumagai**

In their 90's

**View details (/details/contact_report/Y5KjsMl94NLKTwf04n8LvsXAQrPrOQsZ1f8Cpgn9EWc%3D)**

**Christina M Scharfen**

In their 40's

**View details (/details/contact_report/eEhFDq4JNvOxRKV8b4i7-PJgRXEnCyVNj5fbygFAsfo%3D)**

**Jaren P Rief**

In their 30's

**View details (/details/contact_report/Bkib7uv0vpqfPmbNRYFV2XBaMEcp8rRqMzydfyOJIAY%3D)**

**Craig Edward Olsen**

In their 60's

**View details (/details/contact_report/qQxroQujuxYS8yVz-JifRZtGWIdJNdBhNf5hbVIjZcU%3D)**

**See All**

## POSSIBLE ASSOCIATES

**Robert T Wagner**

In their 60's

**View details (/details/contact_report/daSZcTpkGTV4jRAqDppFCBDPP7a3ePNXfLFhrLK6Ht0%3D)**

**Betty Lou Wagner**

In their 70's

**View details (/details/contact_report/SsrVeXHlqJPwZz7kOGelbw5E_sJiZPYcrHJBBHgVKwI%3D)**

**Robert D Wagner**

In their 80's

**View details (/details/contact_report/D-MI8VgvskMNbM8Ogm9Z1aydbu2BorU4Om4Tmbma9Vo%3D)**

**Margaret M Tvrdy**

In their 40's

**View details (/details/contact_report/o04NFYPrTmwPr__fbzsDWVxSD_RdsOVgFwTizXnPS8g%3D)**

**Leslie J Gwartney**

In their 50's

**View details (/details/contact_report/StW-P5wBdL2XMBtJuXG1Z6kIN9Zop1Xu6x19U-weTu8%3D)**

**Chad E Marshall**

In their 40's

**View details (/details/contact_report/UbuAcXcY8IVr4uiiJlFw-IURG4TcBiKFhQ0akVCQUJU%3D)**

**Nancy M Jones**

In their 70's

**View details (/details/contact_report/LHZTgvqsb-9zE36Ei4FfjqX-L3g6w1Nddi-ETQ7TDtQ%3D)**

| CONTACT INFO | CRIMINAL RECORDS | BANKRUPTCIES | LIENS & JUDGMENTS | PROPERTIES | LICENSES |
| --- | --- | --- | --- | --- | --- |

Broc T Beaver

In their 40's

**View details** (/details/contact_report/7lzKfAv3hXd-kYpBz8ShK1rEysWseeulaqqiQkD7fZo%3D)

Ann Margaret Beaver

In their 40's

**View details** (/details/contact_report/934Ti6JYFBTvPmhyNA-bMpT5lM9sTTzidU-yBXNHJd8%3D)

**See All**

## Criminal Records

Our Criminal Records include all available details on **Criminal and Traffic Offenses, Arrests, and Warrants** and may contain over 100 different attributes such as:

- **Identifying information** including birth date, gender, hair, eye color, and height
- **Mugshots**, if available on file
- Indication if the person is a **Sex Offender**
- **Offense details** including crime type, location, date, and description
- **Case details** including case type, plea, courts, disposition, sentence, and relevant dates

To see if this person has any Criminal Records associated with their past, unlock their profile by ordering a Background Report today.

Get full details (/billing/purchase_comp_report/?record_id=VjA9n-6f0gbtweJJ9f9ZzcxnsKiiUwqbjWc2JMZjFf0%3D)

## Bankruptcies and Foreclosures

Our **Bankruptcy** records may contain over 35 different attributes such as:

- **Bankruptcy details** including type, location, case details, and relevant dates
- **Action type** including petition, discharge, dismissal, or conversion
- **Attorney and law firm** names and addresses
- **Trustee** names and addresses
- **Court** details

Our Foreclosure records may contain over 60 different attributes such as:

- **Property details** including address, size, age, zoning, number of rooms, and value
- **Lender** company, trustee, and plaintiff details
- **Loan** amount and dates
- Assessor's **Parcel number** ID

To see if this person has any bankruptcy or foreclosure records associated with their past, unlock their profile by ordering a Background Report today.

Get full details (/billing/purchase_comp_report/?record_id=VjA9n-6f0gbtweJJ9f9ZzcxnsKiiUwqbjWc2JMZjFf0%3D)

## Liens & Judgments

Our **Lien and Judgment** records may contain over 40 different attributes such as:

- **Identifying information** including name, address, and DOB
- **Lien and judgement details** such as amount, filing type, and plaintiff
- **Case details** such as case number, relevant dates, and court contact information
- Relevant **document details** such as document type, recording number, and date

To see if this person has any lien or judgment records associated with their past, unlock their profile by ordering a Background Report today.

CONTACT INFO

Get full details (/billing/purchase_comp_report/?record_id=VjA9n-6f0gbtweJJ9f9ZzcxnsKiiUwqbjWc2JMZjFf0%3D)

4/4/2017
Case 2:17-cv-03521-SJF-SIL Document 30-11 Filed 08/13/19 Page 63 of 65 PageID #: 1660
8:18-cv-00127-LSC-SMB Doc # 106-2 Filed 08/12/19 Page 63 of 65 - Page ID # 1660

🔒

## Properties

Our **Property Ownership** records may contain over 70 different attributes on current and historical properties such as:

- **Basic property information** including address, size, year built, and description
- **Tax and assessment information** including assessed, tax, improvement, and total values; number of rooms and baths
- Current **owner details** including owner and seller, type of property, dates
- Related **mortgage** information including lender, amount, interest rate, and term

To see if this person owns any properties, businesses or guns, unlock their profile by ordering a Background Report today.

Get full details (/billing/purchase_comp_report/?record_id=VjA9n-6f0gbtweJJ9f9ZzcxnsKiiUwqbjWc2JMZjFf0%3D)

🔒

## Licenses

Our **Licenses and Permits** records may contain:

- **Professional license** details for all US states and territories including type, number, state, status, issue and expiration date
- **Pilot license** records issued by FAA
- **Permits** including hunting permits and concealed weapon permits

To see if this person has any licenses, unlock their profile by ordering a Background Report today.

Get full details (/billing/purchase_comp_report/?record_id=VjA9n-6f0gbtweJJ9f9ZzcxnsKiiUwqbjWc2JMZjFf0%3D)

**Questions or concerns? Get in touch:**

**(800) 991-3077 (tel:8009913077) | support@premium.whitepages.com (mailto:support@premium.whitepages.com)**

All rights reserved. © 2017 Whitepages

Whitepages is designed to help you find and connect with others. Whitepages is not a consumer reporting agency as defined by the **Fair Credit Reporting Act (/help#fcra)**. This means that you cannot use information presented in this website for evaluating a person's eligibility for employment, credit, insurance, housing, and other FCRA governed purposes. We do not verify or evaluate each piece of data, and we make no warranties or guarantees about the accuracy of the information in our Background Reports. You can learn more by accessing our **Terms of Service (/premium_terms_of_service)** and **Privacy Policy (/privacy_policy)**.

| CONTACT INFO | CRIMINAL RECORDS | BANKRUPTCIES | LIENS & JUDGMENTS | PROPERTIES | LICENSES |
|---|---|---|---|---|---|

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYSTA LEONA SUSMAN, as Legal Guardian of SHANE ALLEN LOVELAND, et al.<br><br>Plaintiffs,<br><br>v.<br><br>GOODYEAR TIRE & RUBBER COMPANY, et al.<br><br>Defendants. | CIVIL ACTION NO.: 2:17-cv-03521 |

## **PROPOSED ORDER**

**AND NOW**, this _____ day of _____, 2017, upon consideration of The Goodyear Tire & Rubber Company's motion of to transfer this action to the United States District Court for the District of Nebraska (ECF No. 30), it is **ORDERED** that said motion is **GRANTED**. The Clerk of the Court shall transfer this action to the United States District Court for the District of Nebraska and take all actions necessary to effect such transfer.


By the Court:


_____
Slomsky, J.

## CERTIFICATE OF SERVICE

I certify that on March 15, 2018, I served a true and correct copy of the foregoing Motion

upon the following counsel for Plaintiffs:


Daniel J. Sherry, Jr., Esquire
EISENBERG, ROTHWEILER, WINKLER, EISENBERG & JECK, P.C.
1634 Spruce Street
Philadelphia, PA  19103



DATED:  March 15, 2018                    /s/ Justin Kerner
                                          Justin Kerner

                                          *Attorney for Defendant,*
                                          *The Goodyear Tire & Rubber Company*