# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of Shane Allen Loveland, and JACOB SUMMERS,<br><br>Plaintiffs,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY,<br><br>Defendant. | Case No. 8:18CV127<br><br>**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

The Goodyear Tire & Rubber Company ("Goodyear") respectfully states as follows for its Motion for Partial Summary Judgment:

1. This is a products liability action arising from a one-vehicle accident which occurred on May 1, 2015 in Hall County, Nebraska.

2. Rysta Leona Susman, individually and as legal guardian of Shane Loveland, a passenger in the truck involved in the accident, and Jacob Summers, another passenger (collectively, "Plaintiffs"), claim the accident was caused by a defective tire mounted on the truck.

3. Plaintiffs have brought negligence, strict liability, and breach of implied warranty of merchantability claims against Goodyear, the manufacturer of the tire involved in this occurrence (hereinafter "Tire at Issue" or "Tire"). Plaintiffs seek punitive damages on each of their claims.

4. The Court should grant Goodyear partial summary judgment pursuant to Federal Rule of Civil Procedure 56 and Nebraska Civil Rule 56.1.

5. First, partial summary judgment is warranted on each of Plaintiffs' claims to the extent Plaintiffs maintain that the Tire was defective or unreasonably dangerous because of: (1) the

1

inner liner compound used in the Tire; (2) the cured gauge of the inner liner on the Tire; and (3) the oxidative agents that were used or should have been used in the skim coat and other compounds in the Tire. Plaintiffs' purported tire failure expert, David Southwell, admitted in his deposition that he cannot opine, and has not opined, to a reasonable degree of engineering certainty that any of these conditions of the Tire at Issue made it defective or unreasonably dangerous. Without expert testimony supporting each of these facets of Plaintiffs' claims, they fail on their face under settled Nebraska law.

6. Second, the Court should grant Goodyear partial summary judgment on Plaintiffs' breach of the implied warranty of merchantability claim. Under Nebraska law, this claim merges with Plaintiffs' strict liability claim and cannot stand on its own.

7. Third, the Court should grant Goodyear partial summary judgment on Plaintiffs' strict liability claim to the extent it is based on Goodyear's alleged failure to warn. In Nebraska, a plaintiff must establish the elements of a strict liability failure to warn claim via admissible expert testimony. For the reasons set forth in Goodyear's contemporaneously-filed Motion to Exclude Testimony from Plaintiffs' sole warnings expert, Lila F. Laux, Plaintiffs have not proffered admissible expert testimony on their warning claim and such claims cannot survive.

8. Even if Ms. Laux's testimony is held admissible by the Court, Plaintiffs' strict liability failure to warn claim fails because Ms. Laux has no criticism of Goodyear's warnings on tire aging, its product service bulletins on aging, or labeling on the Tire at Issue, at the time the Tire was manufactured in 1994. Nebraska law defines a product manufacturers duty to warn based on the date of manufacturer and sale, and does not recognize a post-sale duty to warn. Thus, Ms. Laux' testimony does not meet plaintiffs' burden on an alleged failure to warn. For these same reasons, Plaintiffs' warning claim is barred by Nebraska's state of the art statute,

3

Neb. Rev. St. § 25-21, 182.

9. Fourth, the Court should grant Goodyear summary judgment on Plaintiffs' request and/or claim for punitive damages, as Nebraska prohibits the award of punitive damages in all cases.

**WHEREFORE,** The Goodyear Tire & Rubber Company respectfully requests that the Court grant it partial summary judgment on each of Plaintiffs' claims to the extent Plaintiffs maintain that the Tire at Issue was defective or unreasonably dangerous because of: (1) the inner liner compound used in the Tire; (2) the cured gauge of the inner liner on the Tire; and (3) the oxidative agents that were used or should have been used in the skim coat and other compounds in the Tire; on Plaintiffs' breach of the implied warranty of merchantability claim; on Plaintiffs' strict liability claim to the extent based on a failure to warn; and on Plaintiffs' request and/or claim for punitive damages.

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

4

1810445v2

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served by electronic mail and U.S. mail, postage prepaid, this 12th day of August, 2019 to:

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorney for Plaintiffs*

　　　　　　　　　　　　　　　　　　　　　　/s/ Edward S. Bott, Jr.