*EXHIBIT D*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

RYSTA LEONA SUSMAN, both              )
individually and as Legal Guardian of  )
SHANE ALLEN LOVELAND, et al.,         )
                                       )
      Plaintiffs,                  )
                                       )    Case No. 8:18-cv-00127
v.                                     )
                                       )
THE GOODYEAR TIRE & RUBBER             )
COMPANY,                               )
                                       )
      Defendant.                   )

**PLAINTIFF, JACOB SUMMER'S RESPONSES TO THE GOODYEAR TIRE &**
**RUBBER COMPANY'S FIRST SET OF INTERROGATORIES**

COMES NOW, Plaintiff, Jacob Summers, by and through counsel, hereby serve his

responses to The Goodyear Tire & Rubber Company's First Set of Interrogatories.

**ANSWERS TO INTERROGATORIES**

**1.**    Please state the following information concerning you:

        (a)    Full name, address, place and date of birth, driver's license number (and issuing state), social security number, and any other names used by you;

        (b)    If you have ever been married, state the full name of each present or former spouse, the date of marriage to each spouse, the date on which each marriage ended, and the names, birth dates, and present addresses of each child had with each said spouse;

        (c)    Each and every address at which you resided in the past ten years including the dates of residence at each address and the names of all persons residing at each address;

        (d)    Whether you ever served in the Armed Forces of the United States or of a foreign country. If yes, identify the dates of service, branch of service, name and address of your last command or unit designation, and the name, rank, address, and telephone number of your last commanding officer;

        (e)    Your highest level of education and identify all schools or institutions where you have received education or training, identify the type of curriculum at each such school or institution and give your dates of attendance;

        (f)    All employers for whom you have worked during the ten (10) years prior to the occurrence giving rise to this lawsuit and the beginning and ending dates of each employment; your job title and a brief description of your

job duties for each employment; and your average monthly wages for each employment;

(g)     The name and job title of your immediate supervisor at Dandee Construction.

**ANSWER:**

Plaintiff objects to providing Social Security number.

1a.     Name:                   Jacob Scott Summers
        DOB:                    12/3/1991
        SSN:                    xxx-xx-
        Place of Birth:         Bottineau, North Dakota
        NDL:                    H13257261
        Address:                88 La Crosse Drive, #607
                                Kearney, Nebraska

1b.     Divorced – Brooklyn Johnson

1d.     No military experience.

1e.     High School Diploma

1f.     Casey's General Store – September 2017 (Current)
        Unemployed – Sept 2016 - 2017
        Jiffy Lube – April 2016 – Sept
        Dandee – December 2014 – May 2015 (Date of Accident)
        Creek Cold Storage – December 2011 – 2014

1g.     Chris Lees – Crew Boss
        Laborer

**2.**     Fully describe the occurrence giving rise to this lawsuit, including a description of what you were doing at the time of the occurrence, and what caused the occurrence.

**ANSWER:**

On or about May 1, 2015, I was on my way to a jobsite for Dandee Concrete Construction Co. I was a front seat passenger of a 2003 Chevrolet Silverado when it suffered a right rear tread separation as a result; the vehicle operator was unable to maintain a straight line of travel, left the roadway, crossed into the median resulting in a rollover.

**3.**     Please state the following with respect to both the vehicle and tires involved in the occurrence described in your Complaint:

(a)     For the tires on the vehicle at the time of the occurrence, identify the manufacturer, make, model, year of manufacture, line, size, D.O.T.

number, product identification number, serial number, and any other identifying numbers or information printed on these tires.

(b)   The mileage on the vehicle at the time it was purchased, at the time the Tire at Issue was installed, at the time the Companion Tire(s) was installed, and also at the time it was involved in the occurrence.

(c)   A history of the vehicle, including services performed on the vehicle, inspections performed on the vehicle, and whether the vehicle had been in any previous accidents, and if so, the nature and extent of the accident and the dates and locations thereof.

(d)   Identify whether the Tire at Issue or Companion Tire(s) had been involved in any previous accidents, and if so, the nature and extent of the accident and the dates and locations thereof.

(e)   Describe any service, repairs or inspection made to the Tire at Issue, Companion Tire(s), and wheels on which any tire was mounted before the occurrence that is the subject of this lawsuit.

(f)   Identify all defects in any product which you allege to be a cause of the occurrence or injuries in question.

(g)   State whether the vehicle or any of its components had been modified, altered, rebuilt or destroyed from the date of manufacture until the date of your injury, and if so, describe each modification, alteration, rebuild or destruction, and the individuals involved.

(h)   Identify all persons with knowledge of the existence of any of the information described by you in answer to the preceding subparagraphs to this interrogatory.

**ANSWER**:

At the time of this accident, the right rear tire on the vehicle was a Goodyear Wrangler HT, LT235/85R16 Load Range "E" bearing DOT MDORNJHVO244. Plaintiff does not have personal knowledge of any vehicle maintenance or tire history.  As for defects, see Plaintiffs' complaint and expert reports which will be produced pursuant to the Court's scheduling order.

**4.**   Describe all acts or omissions of The Goodyear Tire & Rubber Company and/or its related entities, which you allege to have contributed to causing the occurrence alleged in your Complaint and/or your injuries.

**ANSWER**:

See Plaintiffs' complaint and expert reports which will be produced pursuant to the Court's scheduling order.

**5.**   Describe all actions of all other defendants which you allege to have contributed to causing the occurrence alleged in your Complaint and your injuries.

**ANSWER**:
There are no other defendants.

3

**6.**     Describe your whereabouts and activities for the twenty-four (24) hours before the occurrence in question, and identify any alcohol, medication, or drugs ingested during this time.

**ANSWER**:

OBJECTION: Plaintiff, Jacob Summers, objects to relevance as he was not driving.

**7.**     Please state whether you were on any medication at the time of the occurrence in question. If so, please state:

        (a)    The name or type of medication;
        (b)    The injury, illness, condition, Complaint, or other reason for which the medication was prescribed or provided;
        (c)    The name and address of the physician or other healthcare provider who issued the prescriptions or provided the medications;
        (d)    The name and address of each pharmacy, clinic or hospital at which the prescriptions were filled or prescriptions obtained; and
        (e)    The approximate date you first received a prescription for such medication.

**ANSWER**:

OBJECTION: Plaintiff, Jacob Summers, objects to relevance as he was not driving.

**8.**     With respect to the injuries which are the subject of this lawsuit:

        (a)    Please describe all injuries you allege to have sustained. Please identify all physicians, hospitals or other entities which have treated you for your injuries.

        (b)    Please describe the extent of your recovery from the injuries and describe any ongoing problems you have as a result of these injuries.

        (c)    Please describe the effect your injuries have had upon your work, social, recreational, and family activities and relationships.

        (d)    Please list by amount and creditor all medical bills incurred as a result of the occurrence which is the subject of this lawsuit.

**ANSWER**:

    8a.    Neck was broken in 3 pieces
           2 rods 8 bolts – back of neck
           Steel plate/4 bolts – front of neck
           Torn abdominal aorta
           Punctured lung
           Shredded intestines, messed up stomach

> ¾ of intestines removed
> Fractured left hip/ankle
> 16 pints of blood transfusion
> Resuscitated on day of incident
> Compression fractures up and down spine.

8b.     Plaintiff is still in recovery.

8c.     Plaintiff is unable to sit or stand for long periods of time

8d.     Plaintiff will supplement.

9.     Have you had any illnesses, impairments, or injuries to the parts of the body injured in the occurrence described in the Complaint, either before or after the occurrence which is the subject of this lawsuit? If so, please state the following for each injury:

    (a)     the date sustained or suffered;
    (b)     the parts of the body involved;
    (c)     the nature or type;
    (d)     the name and address of each health care provider who treated or examined you.

**ANSWER**:

See response to Interrogatory 8.

10.     Have you submitted a claim or received any benefits through workers' compensation, through an insurance company, through your employer, or through any other entity with respect to the injuries which are the subject of this lawsuit? If so, please give the dates all such payments and benefits were received, the source of all such payments and benefits, and the amount of all such sources and benefits. If you still are receiving any benefits, please state when you expect them to cease. In addition, do you have any agreement with any entity with respect to any money you may receive in this lawsuit? If so, please describe such agreement.

**ANSWER**:

Yes, a worker's compensation claim has been submitted and Plaintiff had been receiving weekly pay check through Worker's Compensation.

11.     Have you returned to work subsequent to the occurrence referred to in this lawsuit? If so, state the dates of each employment, whether you worked at full duty or restricted duty and give the dates for each, and state whether you were working full or part-time.

**ANSWER**:

> Yes, Plaintiff is currently employed as a part-time gas station clerk.

**12.**   State any and all expenses or losses you claim resulted from the occurrence alleged in your Complaint. As to each such expense or loss, state the date(s) it was incurred, identify the name of the person or company to whom such amounts were paid or are owed and by whom, and the reason or purpose for each such expense. As to any alleged past or future income loss, state the basis for any such calculated loss and the identity of any witness or documents supporting same.

**ANSWER**:

> See Plaintiff's Original Complaint.  Plaintiffs will supplement with exact amounts.

**13.**   If you contend you suffered any conscious pain and suffering, including mental suffering, dread, fear, or the like, please describe in detail the exact nature and timing of such alleged suffering, the alleged duration, and please identify any witnesses or documents supporting your contentions.

**ANSWER**:

> See Plaintiff's Original Complaint.

**14.**   Please state whether you have ever pled guilty to or have ever been convicted of any crime (whether felony, misdemeanor, or ordinance violation) and, if so, please state the name of the crime, the location and designation of the court which had the case, the court or docket number assigned to the case, the date of the conviction or plea, and the sentence, if any, imposed.

**ANSWER**:

OBJECTION. Plaintiff, Jacob Summers, objects to this interrogatory to the extent that it is overly broad, unduly burdensome in that it seeks information regarding a broad range.

**15.**   For a period of ten (10) years prior to the occurrence alleged in your Complaint, please set forth a general description of your health including any changes that occurred during that period and state the name, address and telephone number of each physician or health care provider rendering treatment to you during that ten (10) year period.

**ANSWER**:

OBJECTION. Plaintiff, Jacob Summers, objects to this interrogatory to the extent that it is overly broad and not reasonably calculated to lead to admissible evidence. Subject to and without waiving stated objections and for a period of ten (10) years prior to the subject incident,

Plaintiff states: none.

**16.**     Identify every person known by plaintiff or plaintiff's attorney to have been a pre-occurrence, occurrence, or post-occurrence witness to the occurrence mentioned in the Complaint, including, but not limited to, any police, fire, paramedic or ambulance personnel, and as to each person identified provide a brief description of the knowledge they possess.

**ANSWER**:

Plaintiff has no knowledge of what the witnesses know. However, the following individuals may have information pertaining to incident:

Nebraska State Patrol – Investigated the Accident Scene
Rob Gibson/Mary Gibson – Eye Witnesses to the Scene
Any EMTs/First Responders – Responded to the Accident Scene

**17.**     Please identify all persons who have been interviewed by you or someone on your behalf concerning this lawsuit, and give the date of the interview and identify the person who conducted the interview.

**ANSWER**:

Plaintiff has no knowledge of anyone interviewed.

**18**.     Are you aware of any statement made by The Goodyear Tire & Rubber Company (or its employees or related entities) or any other defendant (or their employees) regarding the occurrence mentioned in the Complaint, whether oral, written or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph, or other recording, or transcription thereof, and if so, state the following:

        (a)     Date, place and time taken;
        (b)     Names and addresses of all persons connected with taking it;
        (c)     Names and addresses of all persons present at the time it was taken;
        (d)     Whether the statement was oral, written, shorthand, recorded, taped, etc.;
        (e)     Was it signed?
        (f)     Names and addresses of the persons or organizations under whose direction and upon whose behalf it was taken or made;
        (g)     Please attach an exact copy of the original of the statement, interview, report, film, or tape to your answers to these interrogatories; if oral, please state verbatim the contents thereof.'

**ANSWER**:

Plaintiff has no knowledge of any statement made by The Goodyear Tire & Rubber Company regarding this occurrence.

19. State whether there exist photographs, videotapes, or movies with respect to the product(s) or scene of the occurrence mentioned in the Complaint. If so, state the following:

        (a)    Describe each photograph, video or movie;

        (b)    State the date each was taken;

        (c)    State the name and address of the person taking each such photo, video or movie;

        (d)    State the name, address, employer, insurer, and job title of the person presently having control or custody of each photo, video or movie.

**ANSWER**:

See Plaintiffs' response to The Goodyear Tire & Rubber Company's First Request for Production #4.

20. Have you received any settlement monies or other thing of value from any person, company, firm, corporation, or association involved in this occurrence as a settlement, in whole or in part, of your claim, including, but not limited to any Medicare and/or Medicaid payments, or other payments made on your behalf, or anything whatever of value and, if your answer is in the affirmative, please state:

        (a)    The nature and amount of the payment (i.e. settlement money, Medicare payment, Medicaid payment, or the like);

        (b)    The name of the person, company, firm, corporation, or association, or other entity paying the amount and the name of the recipients;

        (c)    The date said amount was paid and/or received;

        (d)    Whether any forms or papers (settlement documents) were executed, excluding statements of the facts, and describe and identify the nature of any such papers or documents;

        (e)    If you do not possess or have access to the papers or forms (settlement documents) mentioned in (d) above, then state the name and address of the person, company, firm, corporation, or association that has possession of said papers or forms (settlement documents).

**ANSWER**:

Plaintiff has received no settlement monies.

21. State whether you have entered into a "Mary Carter" agreement with any person or entity with respect to the occurrence described in your Complaint or whether you have accepted a settlement from any person or entity but arranged that said defendant or entity would remain as a defendant in this lawsuit.

**ANSWER**:

> Plaintiff has not entered into a "Mary Carter" Agreement.

**22.**     Identify any statements, information and/or documents known to you and requested by any of the foregoing interrogatories and requests for production which you claim to be work product or subject to any common law or statutory privilege, and with respect to each interrogatory or request, specify the legal basis for the claim.

**ANSWER**:

> Plaintiffs assert the work product privilege.

**23.**     State each way in which you contend the Tire at Issue was defective in its design, manufacture, or warning.

**ANSWER:**

> See Plaintiffs' Complaint. Plaintiff will disclose all discoverable experts and accompanying materials pursuant to the scheduling order.

**24.**     Identify each person who the plaintiff(s) expects to call as an expert witness with respect to any aspect of the suit and, as to each expert, state the general nature of the subject matter on which the expert is expected to testify, the opinions and conclusions held by the expert, the expert's background and qualifications, and the expert's hourly fee.  [The expert's curriculum vitae may be attached to the interrogatory answers in lieu of stating the qualifications of the expert to give an opinion if such information is available on the expert's curriculum vitae.]

**ANSWER**:

> Plaintiff will disclose all discoverable experts and accompanying materials pursuant to the scheduling order.

**25.**     Identify by name, address, and field of expertise each non-retained expert witness, including a party, whom the plaintiff(s) expects to call at trial who may provide expert witness opinion testimony.  For purposes of this question, an expert witness is a witness qualified as an expert by knowledge, experience, training, or education giving testimony relative to scientific, technical or other specialized knowledge that will assist the trier of fact to understand the evidence.  [The non-retained expert's curriculum vitae may be attached to the interrogatory answers in lieu of stating the requested information if such information is available on the expert's curriculum vitae.]

**ANSWER**:

Plaintiff will disclose all discoverable experts and accompanying materials pursuant to the scheduling order.

Respectfully submitted,

**KASTER, LYNCH, FARRAR, & BALL, L.L.P.**

By: _____

Kyle Wayne Farrar *(Pro Hac Vice)*
Texas Bar No. 24038754
1010 Lamar, Suite 1600
Houston, TX 77002
(713) 221-8300 (Telephone)
(713) 221-8301 (Facsimile)
kyle@fbtrial.com

*and*

Paul Godlewski *(Pro Hac Vice)*
SCHEWEBEL, GOETZ & SIEBEN, P.A.
5120 IDS Center
80 S. 8th Street, #5120
Minneapolis, Minnesota 55402
612.377.7777
612.333.6311 (Fax)
pgodlewski@schwebel.com

*and*

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, Nebraska 68102
402.341.6000
402.341.8290 (Fax)
mcoyle@fraserstryker.com

***Attorneys for Plaintiffs***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was served by electronic mail and U.S. mail, postage prepaid, this 9th day of July, 2018 to:

Edward S. Bott, Jr.
GREENSFELDER, HEMKER & GALE, P.C.
10 South Broadway, Suite 2000
St. Louis, Mo. 63102
esb@greensfelder.com
*Attorneys for Defendant, The Goodyear Tire & Rubber Company*

Jennifer D. Tricker
BAIRD HOLM, LLP
1700 Farnam Street, Suite 1500
Omaha, Nebraska 68102
jtricker@bairdholm.com
*Attorneys for Defendant, The Goodyear Tire & Rubber Company*

Kyle W. Farrar

11

STATE OF _Nebraska_ )
                              ) SS
COUNTY OF _Buffalo_ )

## VERIFICATION

Jacob Summers, being first duly sworn on oath, deposes and states that he is a Plaintiff in the Rysta Leona Susman, both individually and as Legal Guardian of Shane Allen Loveland, et al. v. The Goodyear Tire and Rubber Company case, that he has read Plaintiff Jacob Summers' Answers to Defendant The Goodyear Tire & Rubber Company's Interrogatories, and the answers made herein are true, correct and complete to the best of his knowledge and belief.

_____
JACOB SUMMERS

Subscribed and sworn to before me this 9th day of July , 2018

_____
Notary Public

My Commission Expires:   08/17/2021

GENERAL NOTARY - State of Nebraska
LEESA M TAGGART
My Comm. Exp. August 17, 2021

1734367