# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of Shane Allen Loveland, and JACOB SUMMERS,<br><br>Plaintiffs,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY,<br><br>Defendant. | Case No. 8:18CV127<br><br>**DEFENDANT'S MOTION TO EXCLUDE PLAINTIFFS' FAILURE TO WARN EXPERT, LILA F. LAUX** |

The Goodyear Tire & Rubber Company ("Goodyear"), by and through undersigned counsel, hereby submits Defendant's Motion to Exclude Plaintiffs' Failure to Warn Expert, Lila F. Laux.

1. This is a products liability action arising from a one-vehicle accident which occurred on May 1, 2015 in Hall County, Nebraska.

2. Rysta Leona Susman, individually and as legal guardian of Shane Loveland, a passenger in the truck involved in the accident, and Jacob Summers, another passenger (collectively, "Plaintiffs"), claim the accident was caused by a defective tire mounted on the truck.

3. Plaintiffs' claims include a strict products liability failure to warn claim asserted in Count II: "Further, the subject tire was defective and unreasonably dangerous because it lacked adequate warnings to consumers and users about the dangers associated with tire aging irrespective of wear and use, including detreads." (Notice of Removal, Ex. 1 – Exhibits, Ex. D– Complaint (hereinafter, "Compl.") ¶ 25, ECF No. 1-1 at 24.)

4. Plaintiffs proffered one expert on this claim, Lila F. Laux, Phd ("Laux").

1

5. In her report of March 13, 2019, Laux advances three warnings-related opinions: (a) that Goodyear "should have provided a Product Service Bulletin to all tire repair shops and to all tire sales facilities recommending that all tires more than 10 years old be replaced or never driven at highway speeds"; (b) that "Goodyear should have provided the 'born date' on the tire on both sides of the sidewall"; and (c) that "[a]n adequate warning regarding tire aging would include the elements" in the prototype warning set out in her report.

6. These opinions do not meet the admissibility requirements of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 591 (1993). In evaluating Laux's opinions, the legal backdrop is that Nebraska law on products liability considers the actions of the defendant at the date of manufacture, not subsequently, and there is no post-sale duty to warn. *See Haag v. Bongers*, 589 N.W.2d 318, 328 (Neb.1999); *Anderson v. Nissan Motor Co., Ltd.*, 139 F.3d 599, 602 (8th Cir. 1998); *Vallejo v. Amgen, Inc.*, 2014 WL 4922901 *4 (D. Neb. Sept. 29, 2014).

7. During her deposition, Laux admitted: (a) she is not critical of Goodyear's failure to do these things when the Tire was manufactured in 1994; (b) that doing as she opines was not consistent with industry practice or the state of the art; (c) that she did not test or submit for peer review her proposed "warnings" or labeling changes; (d) that she generated the opinions solely for the purposes of legislation; (e) that she did not specifically prepare an alternative "born date" label and actually leaves it to Goodyear to generate one; and (f) that there is a specific methodology in her field of human factors to use in evaluating and preparing warnings, and that she did not follow it in this case. Additionally, her opinion that a "born date" should be located on both sidewalls of a tire in case the tire is installed with the manufacturing date facing inward are disconnected from the facts of this case as there is no dispute the Tire at Issue was mounted with the DOT number

2

containing the manufacturing date, facing outward.

8. This Court should exclude Laux's opinions for the reasons and authority set forth in Goodyear's accompanying brief, contemporaneously filed herewith. The opinions fail to assist the jury on the issues presented, are withdrawn by Laux herself, are nothing more than Laux's unsupported subjective beliefs, and/or or fail to satisfy the *Daubert* guideposts.

WHEREFORE The Goodyear Tire & Rubber Company respectfully requests that the Court grant its Motion to Exclude Plaintiffs' Plaintiffs' Failure to Warn Expert, Lila F. Laux and preclude her from offering any opinions in support of Plaintiffs' failure to warn claim which, necessarily, excludes her from offering any opinions at trial at all, and such other and further relief as the Court deems just and appropriate under the circumstances.

GREENSFELDER, HEMKER & GALE, P.C.

By:   /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

1810735

4

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and accurate copy of the foregoing was served by electronic mail and the Court's electronic filing system this 12th day of August, 2019 to:

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorney for Plaintiffs*

              /s/ Edward S. Bott, Jr.

5