*EXHIBIT D*

Filed in Buffalo District Court
*** EFILED ***
Case Number: D09CI190000158
Transaction ID: 0008503602
Filing Date: 04/12/2019 03:22:31 PM CDT

IN THE DISTRICT COURT OF BUFFALO COUNTY, NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Natural Mother of SHANE ALLEN LOVELAND, a Protected Person, SHANE ALLEN LOVELAND, a Protected Person by and through his Temporary Guardian and Conservator, JOHN SAUDER, and JACOB SUMMERS,<br><br>Plaintiffs,<br><br>v.<br><br>KEARNEY TOWING & REPAIR CENTER, INC., a Nebraska Corporation,<br><br>Defendant. | Case No. _____<br><br><br><br><br><br><br>**COMPLAINT** |

COME NOW the Plaintiffs, Rysta Leona Susman, individually and as natural mother of Shane Allen Loveland ("Plaintiff Susman"), Shane Allen Loveland ("Plaintiff Loveland"), by and through his Temporary Guardian and Conservator, John Sauder, along with Plaintiff Jacob Summers ("Plaintiff Summers") (collectively "Plaintiffs"), and for cause of an action against Defendant, Kearney Towing & Repair Center, Inc. ("Defendant Kearney Towing"), states and alleges as follows:

### I. THE PARTIES

1. Plaintiff Susman, is a resident of Franklin County, Nebraska and the mother of Shane Allen Loveland, a Protected Person.

2. Plaintiff Loveland is a protected, incapacitated adult child and is the ward of John Sauder, Temporary Guardian and Conservator. Plaintiff Loveland resides in Franklin County, Nebraska, with his mother, Plaintiff Susman.

3. Plaintiff Summers is a resident of Saline County, Nebraska.

4. Defendant Kearney Towing is a domestic Nebraska corporation, duly authorized to conduct business in the State of Nebraska, and regularly engages in the business of selling, inspecting, and installing automotive tires and automotive component parts, including but not limited to the tire at issue in the subject litigation.

## II. JURISDICTION & VENUE

5.     Pursuant to Neb. Rev. Stat. § 25-403.01, venue is proper in Buffalo County, Nebraska because Buffalo County is the principal office address of Defendant Kearney Towing and where the cause of action arose, and/or where the transaction or some part of the transaction leading to the cause of action against Defendant Kearney Towing occurred.

## III. FACTUAL BACKGROUND

6.     Plaintiffs incorporate by reference Paragraphs 1 through 5 above as though forth fully set forth herein.

7.     On or about May 1, 2015, Plaintiff Loveland and Plaintiff Summers were passengers in a 2003 Chevrolet Silverado SC1 pickup truck when the vehicle's right rear tire suffered a tread separation.  As a result of the tread separation, the vehicle operator was unable to maintain a straight line of travel and the Chevrolet Silverado left the roadway, crossed into the median and caused a rollover (the "accident").  As a result of the accident, Plaintiff Loveland sustained a significant permanent brain injury, along with other significant permanent personal injuries.  Plaintiff Summers also suffered significant permanent personal injuries.

8.     At the time of the accident, the right rear tire on the vehicle was a Goodyear Wrangler HT, LT235/85R16 Load Range "E" bearing DOT MDORNJHV0244 (hereinafter also referred to as the "accident tire" or "subject tire").  The tread of the accident tire separated from the carcass, leading directly to the loss of control of the Chevrolet Silverado SC1.

9.     Defendant Kearney Towing inspected, mounted, installed and balanced the used tires that were on the subject 2003 Chevrolet Silverado SC1 truck occupied by Plaintiff Loveland and Plaintiff Summers at the time of the accident.

10.    At the time Defendant Kearney Towing installed the used tires that were on the 2003 Chevrolet Silverado SC1 truck at the time of the accident, the tires were 20 years of age in that they were manufactured in 1994.

11.    At all times material to the accident, and all material times leading up thereto, Defendant Kearney Towing was acting through its agents, servants and/or

employees engaged in its routine business and acting within the scope of their employment.

## COUNT I
## NEGLIGENCE AGAINST DEFENDANT KEARNEY TOWING

12. Plaintiffs incorporate by reference Paragraphs 1 through 14 above as if set forth fully herein.

13. Defendant Kearney Towing holds itself out to the public as experts in tire inspections, auto inspections and automobile maintenance. Defendant Kearney Towing owes a duty to all customers and all individuals, including but not limited to the Plaintiffs. Defendant Kearney Towing is obligated to perform its work in a reasonably skilled and safe manner.

14. Defendant Kearney Towing breached its duties and was negligent in the manner in which they inspected the subject vehicle's used tires and by installing said used tires on the 2003 Chevrolet Silverado SC1 truck represented to Plaintiffs, and each of them, that the subject tire was safe, when, in fact, it was not in a reasonably safe condition for foreseeable users, including Plaintiffs.

15. Defendant Kearney Towing, its employees, and each of them, all of whom were working within the normal course and scope of their employment, were negligent in one or more of the following particulars, to-wit:

(a) Failing to properly inspect all of the tires on the subject vehicle, including the subject tire;

(b) Failing to properly assess and/or determine whether any of the tires, including the subject tire, exhibited signs of imminent tire failure, including belt-to-belt detachment;

(c) Failing to properly remove the tire from the vehicle so that it would not present a hazard to Plaintiffs and other individuals who would reasonably and expectedly come into proximity to the dangerous tire;

(d) Failing to properly and promptly bring all dangerous conditions present in the rear tires to the attention of Plaintiffs;

(e) Failing to properly and promptly warn Plaintiffs that the subject tire was unreasonably dangerous and would constitute a hazard to the driver of the subject vehicle, as well as any person who came into contact with the subject vehicle;

- 3 -

    (f)    Failing to properly determine and recommend that the subject tire be replaced;

    (g)    Failing to warn Plaintiffs of the age of the subject tire; and

    (h)    Failing to adequately or properly train or supervise its employees, agents, ostensible agents, and staff personnel, which resulted in a negligent inspection of the subject vehicle and tires.

16.    The negligence of Defendant Kearney Towing, as described above, was the direct and proximate cause of each Plaintiffs' catastrophic injuries, in that said negligent acts led to each Plaintiffs' damages in that they directly and in a natural and continuous sequence produced, contributed substantially or enhanced their injuries.

## COUNT II.
## BREACH OF CONTRACT AGAINST DEFENDANT KEARNEY TOWING

17.    Plaintiffs incorporate by reference Paragraphs 1 through 16 above as if set forth fully herein.

18.    Defendant Kearney Towing contracted to sell, install and assemble tires which would be fit for their intended use and to provide appropriate instructions for the use of said tires.

19.    Defendant Kearney Towing breached its contract as outlined above, including the covenant of good faith and fair dealing, and Plaintiffs were damaged as set forth herein.

WHEREFORE, Plaintiffs, and each of them, demand judgment in their favor against Defendant Kearney Towing in the following particulars, to-wit:

    1.    For medical bills and expenses incurred to date;

    2.    For medical bills and expenses to be incurred in the future;

    3.    For pain and suffering incurred to date;

    4.    For pain and suffering to be incurred into the future;

    5.    For lost wages incurred to date;

    6.    For lost wages to be incurred into the future;

7.  For the loss of earning capacity incurred to date;

8.  For the loss of earning capacity to be incurred into the future;

9.  For the loss of enjoyment of life incurred to date;

10. For the loss of enjoyment of life to be incurred into the future;

11. For the loss of the love, companionship, care and consortium of Plaintiff Loveland for and on behalf of Plaintiff Susman;

12. For general damages allowed by Nebraska law;

13. For special damages allowed by Nebraska law; and

14. For any other just and equitable relief which this honorable Court deems necessary.

A demand for trial by Jury is hereby requested on all claims herein in Buffalo County District Court or any other Court of competent jurisdiction.

DATED this 12th day of April, 2019.

        RYSTA LEONA SUSMAN, both individually and as Natural Mother of SHANE ALLEN LOVELAND, a Protected Person, SHANE ALLEN LOVELAND, a Protected Person by and through his Temporary Guardian and Conservator, JOHN SAUDER, and JACOB SUMMERS, Plaintiffs

By:  */s/ Michael F. Coyle*
     Michael F. Coyle, #18299
     FRASER STRYKER PC LLO
     500 Energy Plaza
     409 South 17th Street
     Omaha, NE 68102
     (402) 341-6000
     mcoyle@fraserstryker.com

     AND

- 5 -

Kyle W. Farrar, *Pro Hac Vice Pending*
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
(713) 221-8300
kyle@fbtrial.com

AND

Paul E. Godlewski, *Pro Hac Vice Pending*
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
(612) 344-0327
pgodlewski@schwebel.com

*Attorneys for Plaintiffs*

2101233 v1

- 6 -