**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of Shane Allen Loveland, and JACOB SUMMERS,<br><br>Plaintiffs,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY,<br><br>Defendant. | Case No. 8:18CV127<br><br>**REPLY BRIEF IN SUPPORT OF THE GOODYEAR TIRE & RUBBER COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## INTRODUCTION

In its opening papers, Goodyear moved for partial summary judgment on four points. After Goodyear filed its Motion for Partial Summary Judgment ("Motion"), the Court dismissed Plaintiffs' failure to warn claims pursuant to a joint stipulation, and denied Goodyear's Motion on Plaintiffs' failure to warn claims as moot. (ECF No. 124.) In their response to the Motion, Plaintiffs conceded that their breach of warranty claim merges into their strict liability claim under Nebraska law, such that Goodyear is entitled to judgment in its favor on that claim. (ECF No. 128 at 1.) Accordingly, the two disputed issues that remain before the Court are (1) Goodyear's motion for partial summary judgment on Plaintiffs' negligence and strict liability claims based on the inner liner compound used in the Tire; the cured gauge of the inner liner on the Tire; and the oxidative agents that were used or should have been used in the skim coat and other compounds in the Tire; and (2) Plaintiffs' request/claim for punitive damages.

**I. THE COURT SHOULD GRANT GOODYEAR PARTIAL SUMMARY JUDGMENT TO THE EXTENT PLAINTIFFS' CLAIMS ARE BASED ON AN ALLEGED DEFECT IN (1) THE INNER LINER COMPOUND USED IN THE TIRE; (2) THE CURED GAUGE OF THE INNER LINER ON THE TIRE; OR (3) THE OXIDATIVE AGENTS THAT WERE USED OR SHOULD HAVE BEEN USED IN THE SKIM COAT AND OTHER COMPOUNDS IN THE TIRE.**

In their Response, Plaintiffs contend Mr. Southwell has a sufficient basis to conclude the Tire's anti-oxidant properties were deficient and unreasonably dangerous, and so, Goodyear's Motion with respect to the three facets of Plaintiffs' claims at issue should be denied. This contention misconstrues the basis of Goodyear's Motion. Goodyear does not seek summary judgment to the extent Plaintiffs' claims rely on the use of Mr. Southwell's defect opinions in their entirety. Rather, Goodyear seeks summary judgment on Plaintiffs' negligence and strict liability claims to the extent these claims rely on an allegation of defect(s) in the inner liner compound, the cured gauge of the inner liner, or the oxidative agents used in the skim coat and other compounds.

In his deposition, Mr. Southwell definitively stated that he does not have an opinion that the Tire was defective or unreasonably dangerous due to the inner liner compound, cured gauge of the inner liner, or the oxidative agents used in the Tire. (Goodyear's Statement of Undisputed Material Facts at ¶¶ 22-24, ECF No. 108 at 3-7.) Thus, there is no genuine issue of material fact to present to the jury regarding whether these three conditions rendered the Tire defective or unreasonably dangerous, and Goodyear's Motion should be granted on this point.

**II. THE COURT SHOULD GRANT GOODYEAR SUMMARY JUDGMENT ON PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES BECAUSE NEBRASKA LAW APPLIES, AS EXPLAINED IN GOODYEAR'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO APPLY OHIO LAW REGARDING PUNITIVE DAMAGES (ECF NO. 126).**

Although Plaintiffs concede punitive damages are not recoverable under Nebraska law, they argue that under Pennsylvania's choice of law test and the procedure followed in *Fanselow v. Rice,* the Court should apply Ohio law because Ohio is Goodyear's home state. (ECF No. 128.) These issues are the subject of Plaintiffs' Motion to Apply Ohio Law Regarding Punitive Damages (ECF

No. 106). Goodyear has fully briefed the relevant facts and legal arguments in Goodyear's Brief in Opposition to Plaintiffs' Motion to Apply Ohio Law Regarding Punitive Damages. (ECF No. 126.) The Index and Exhibits in Support of Goodyear's Brief in Opposition are located in the Court's records as ECF No. 127 (Index) and ECF Nos. 127-1 – 127-16 (Exhibits A-P). As Goodyear's arguments in reply to Plaintiffs' response are already the subject of a pending Motion, rather than reiterate the arguments here, Goodyear hereby incorporates by reference the briefing and exhibits in support thereof in ECF Nos. 126, 127, and 127-1 – 127-16 as if fully set forth herein.

## CONCLUSION

For each of the foregoing reasons, Goodyear respectfully requests that the Court grant it partial summary judgment on (1) Plaintiffs' negligence and strict liability claims to the extent these claims are based on the inner liner compound used in the Tire; the cured gauge of the inner liner on the Tire; and the oxidative agents that were used or should have been used in the skim coat and other compounds in the Tire; (2) Plaintiffs' claim for breach of the implied warranty of merchantability; and (3) Plaintiffs' request/claim for punitive damages.

        GREENSFELDER, HEMKER & GALE, P.C.

        By:   /s/ Edward S. Bott, Jr.
        Edward S. Bott, Jr.
        Clark W. Hedger
        Juliane M. Rodriguez
        10 South Broadway, Suite 2000
        St. Louis, MO 63102
        (314) 241-9090
        Fax: (314) 345-5465
        esb@greensfelder.com
        ch1@greensfelder.com
        jrodriguez@greensfelder.com

1814550

       AND

       BAIRD HOLM LLP
       Jennifer D. Tricker (NE# 23022)
       1700 Farnam Street, Suite 1500
       Omaha, NE  68102-2068
       (402) 344-0500
       jtricker@bairdholm.com

       *Attorneys for The Goodyear Tire & Rubber Company*

1814550

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of Court and served on all attorneys of record via the CM/ECF filing system this 10th day of September, 2019 to:

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorney for Plaintiffs*

                                              /s/ Edward S. Bott, Jr.

1814550