IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RYSTA LEONA SUSMAN, Both individually and as Legal Guardian of Shane Allen Loveland; and JACOB SUMMERS | ) ) ) ) | CASE NO. 8:18CV127 |
| Plaintiff(s), | ) ) | |
| v. | ) ) | **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR** |
| THE GOODYEAR TIRE & RUBBER COMPANY | ) ) | **SUMMARY JUDGEMENT ON GOODYEAR'S AFFIRMATIVE** |
| Defendant(s). | ) | **DEFENSES** |

Plaintiffs file this Reply Brief in Support of their Motion for Summary Judgment regarding affirmative defenses raised by Defendant Goodyear Tire & Rubber Company. Goodyear only contests the defenses of misuse and intervening cause, but neither defense is supported by the record or by Nebraska law.

**ARGUMENT**

**II. Goodyear Cannot Show Unforeseeable Misuse which was a Proximate Cause of the Tire Failure.**

Goodyear argues its tire expert Joe Grant found the failed tire "demonstrated signs of overdeflected operation."[1] Goodyear blames the alleged overdeflected operation on unnamed "third-parties who used the Tires did not follow the directions and warnings Goodyear provided with respect to inflating tires."[2]

The first problem with this defense involves causation. A defendant must prove "misuse by the plaintiff was a proximate cause of his own injury." *Wedgewood v. U.S.*

---

[1] Goodyear's Response, Doc. 125, p. 14.
[2] *Id.*

1

*Filter/Whittier, Inc.*, 2011 WL 2150102, at *10 (Neb.App.2011). With no citation to the record, Goodyear claims that its tire expert, Joe Grant, "opined that the overdeflected operation of the Tire was a cause of the Tire's disablement."[3] In truth, Mr. Grant explicitly and repeatedly confirmed that overdeflected operation was not a proximate cause of the tire failure. For example, Mr. Grant testified as follows:

> I'm just telling you that during its entire life there has been some history of overdeflection, *didn't cause the tire to fail, it was not going to cause the tire to fail*, it was not going to cause the tire to fail but it's just not good for the tire, and it makes the tire more susceptible to things like road hazard impact damage.[4]

Mr. Grant further testified that the cause of the tire failure was an impact with an object in the road:

> Q. So you're telling me this under inflation in and of itself didn't cause the tread belt separation but this impact that didn't break the belts did?
>
> A. Yes, it definitely did. There is absolutely no other answer for why.[5]

Goodyear cannot assert the defense of misuse when Mr. Grant testified that the misuse at issue – overdeflected operation – did not and would not cause the tire to fail. Moreover, Goodyear must prove that it "could not reasonably have foreseen such a use." *Wedgewood*, 2011 WL 2150102 at *10. Here, Mr. Grant confirmed in deposition that Goodyear fully expects customers to operate the tires in an

---

[3] *Id.* at p. 15
[4] Exhibit 1, Deposition of Joe Grant, at 119:25-120:18.
[5] *Id.* at 130:10-15.

2

overdeflected condition, and he praised Goodyear's foresight in designing a robust tire from this standpoint:

> Q. When they build this tire do they expect the tread to wear?
>
> A. They do, they expect the tire tread wear.
>
> Q. Do they expect that some drivers are going operate the same over deflective?
>
> A. They do, but it still changes the tire and I will offer to you that Goodyear designed a really good tire from that standpoint because the tire wasn't failing, overall failing from it.[6]

Even if Mr. Grant had testified that overdeflected operation was a proximate cause, and even if Mr. Grant had testified that overdeflected operation was unforeseeable, Nebraska has never recognized third-party misuse as a defense to strict liability. *See, e.g., Jameson v. Liquid Controls Corp.*, 618 N.W.2d 637, 646, 260 Neb. 489, 500 (Neb.2000); *Wedgewood*, 2011 WL 2150102 at *10. Likely for this reason, Goodyear only plead misuse by Plaintiffs in its answer, not third parties. Here, it is undisputed Plaintiffs never operated or maintained the tire.

## II. Goodyear Cannot Show an Unforeseeable Intervening Cause which was a Proximate Cause of the Tire Failure.

Goodyear identifies two alleged intervening causes. First, Goodyear claims Kearney Towing & Repair Center, Inc. negligently installed the tire. Second, Goodyear claims Larry Blair negligently drove the vehicle during the accident. Both of these

---

[6] *Id.* at 149:14-22.

allegations are not unforeseeable intervening causes, but ordinary allegations of comparative fault. Yet Goodyear cannot defend Plaintiffs strict liability claim based on comparative fault. *Shipler v. General Motors Corp.*, 271 Neb. 194, 710 N.W.2d 807, 831 (2006). In *Shipler,* the Nebraska Supreme Court held "that the Legislature did not intend for the comparative negligence scheme to apply in actions based on strict liability after February 8, 1992." *Id.* at 831-32. The *Shipler* court held "[s]trict liability is an abandonment of the fault concept in product liability cases." For this reason, courts should exclude evidence of third-party negligence in an "action based on strict liability." *Id.* at 832. In any case, neither of the alleged intervening causes is supported by the evidence or Nebraska law, as shown below.

### A. Alleged Negligence by Kearney Towing & Repair Center, Inc.

The first intervening cause claimed by Goodyear is alleged third-party negligence by Kearney Towing. Goodyear alleges Kearney was negligent by "putting the Tire on the Vehicle, and negligently failing to remove the Tire from the Vehicle during a subsequent service appointment, and that these negligent acts and omissions constitute efficient intervening causes that insulate Goodyear from liability."[7]

Goodyear argues that Kearney was negligent in installing the tire because Kearney "knew or should have known the Tire's age."[8] Goodyear claims its expert Joe

---

[7] Goodyear's Response, Doc. 125, p. 10.
[8] *Id.* at p. 11.

Grant supports the idea Kearney acted negligently by "installing tires that are that old."[9] There are several problems with this argument, the first being that Goodyear has no evidence that installation of an old tire is negligent. In fact, Mr. Grant testified "there is no age limit, there is no warning from that perspective because it's much more complex than being able to just put a warning on the side of the tire."[10] Mr. Grant testified that Goodyear holds the position that "it's not the chronological age of the tire that's important, it's what's the overall condition of that particular tire."[11] Mr. Grant agreed with Goodyear:

> Q. Do you agree with that position, it's not necessarily the chronological age?
>
> A. Yeah, I do. Technically they are absolutely correct.[12]

Mr. Grant further testified that an old tire can be safe:

> Q. Just by age alone is there a problem with a 21-year-old tire if it's in perfect condition?
>
> A. You can't -- well, if it's in perfect condition, no. If it's been properly maintained, properly taken care of, realistically there isn't any real serious issue with it.[13]

Mr. Grant emphasized that the tire's age is not the issue, but rather the physical appearance of the tire. Mr. Grant testified that Goodyear is "more interested in people thoroughly inspecting the tire, thoroughly looking at the tire and determining

---

[9] *Id.* at p. 5.
[10] Exhibit 1, Deposition of Joe Grant, 19:25-20:3.
[11] *Id.* at 20:8-11.
[12] *Id.* at 20:17-20.
[13] *Id.* at 18:8-14.

5

whether or not the tire is in a good enough condition to be able to continue to be used in service."[14] Goodyear's allegation that Kearney should have removed the tire due to age is contradicted by its own expert.

Finally, Goodyear has no evidence the age of the tire is related to the accident. In fact, Mr. Grant testified that the age of the tire was not related to the failure:

> Q. But this age had nothing to do with this separation?
>
> A. No, it didn't.[15]

Even if the Court were to assume Kearney was negligent by installing a 20-year-old tire, and even if the Court were to ignore Mr. Grant's conclusion that age was not related to this tire failure, the defense would still fail because Goodyear has not offered evidence it was unable to foresee the installing of the tire. "An intervening act cuts off a tort-feasor's liability only when the intervening cause is not foreseeable." *Id.* A finding of foreseeability "does not require precision in foreseeing the exact hazard or consequence which happens." *Id.* Such a finding "is sufficient if what occurs is one of the kinds of consequences which might reasonably be foreseen." *Id.* Goodyear's motion contains only a conclusory statement that Goodyear "could not have reasonably foreseen" that a tire shop might install the 20-year-old tire.[16] This assertion is unsupported by any evidence in the record. To the contrary, old tires are frequently installed in used tire shops across America. Regardless of whether such

---

[14] *Id.* at 20:12-16
[15] *Id.* at 170:14-16.
[16] Goodyear's Response, Doc. 125, p. 11.

6

acts are negligent, it not so unusual as to be unforeseeable. As Mr. Grant testified, it is possible for a 20-year-old to be safe, making its installation foreseeable.

### B. Alleged Negligence by Larry Blair in Driving the Vehicle.

Goodyear next claims the driving of Larry Blair is an intervening cause that forecloses liability. In truth, Goodyear is describing the kind of garden variety negligence allegation made against every driver in every automotive injury case. Goodyear's identification of Mr. Blair's driving as an intervening cause is simply another way of restating comparative fault.

In any case, Goodyear completely ignores the primary basis for Plaintiffs' motion – that Mr. Blair was an agent of Plaintiffs' employer driving the vehicle to a worksite. Under Nebraska worker's compensation law, Goodyear cannot seek to apportion fault to Plaintiffs' employer. In examining this issue, the Nebraska Supreme Court stated: "[M]ost courts do not allow a third-party tort-feasor to seek contribution from or argue the comparative negligence of the employer. We agree with the majority rule." *Downey v. Western Community College Area*, 808 N.W.2d 839, 851–52, 282 Neb. 970, 984–85 (Neb. 2012). The Court noted that "[b]ecause employers are immune from lawsuits by their employees, most courts are unwilling to reduce the liability of third-party tort-feasors by amounts not recoverable by the employees themselves." *Id. at* 851. The Court held that "[t]o allow a court to apportion tort liability to an employer who, because of workers' compensation, is immune from tort liability is inconsistent with the rationale of [our prior] decisions." *Id.* at 852.

7

Ten years prior to *Downey,* a Nebraska federal court came to the opposite conclusion regarding "whether a third party may assert a contributory negligence crossclaim against an employer." *Windom v. FM Industries, Inc.*, 2002 WL 378525, at *3 (D.Neb. 2002). Yet in *Downey,* the Nebraska Supreme Court rejected this ruling as inconsistent with Nebraska law. *Downey*, 808 N.W.2d at 852 ("We disagree with the federal district court's analysis. We do not view the attempt to apportion liability to an employer immune from tort liability as meaningfully different from seeking contribution from an immune employer."). Instead, the court held Nebraska law maintains that "the defendant may not reduce his or her own liability by apportioning some of the fault to the employer." *Id.* at 853. Here, Goodyear cannot avoid liability by blaming Mr. Blair.

## CONCLUSION

Given the lack of supporting evidence for the elements of the above affirmative defenses, this Court should grant summary judgment in favor of Plaintiffs.

Respectfully submitted,

**KASTER, LYNCH, FARRAR, & BALL, L.L.P.**

By: /s/ Kyle Wayne Farrar
Kyle Wayne Farrar *(Pro Hac Vice)*
Kaster, Lynch, Farrar & Ball, LLP
Texas Bar No. 24038754
1117 Herkimer Street
Houston, TX 77008
(713) 221-8300 (Telephone)
(713) 221-8301 (Facsimile)

8

kyle@fbtrial.com

*and*

Paul Godlewski *(Pro Hac Vice)*
SCHEWEBEL, GOETZ & SIEBEN, P.A.
5120 IDS Center
80 S. 8th Street, #5120
Minneapolis, Minnesota 55402
612.377.7777
612.333.6311 (Fax)
pgodlewski@schwebel.com

and

Michael F. Coyle
Fraser Stryker Law Firm
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on September 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Edward S. Bott, Jr
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Ste 2000
St. Louis, MO 63102
esb@greensfelder.com
ch1@greensfelder.com
jrodriquez@greensfelder.com
Jennifer D. Tricker
1700 Farnam Street, Ste 1500
Omaha, NE 68102
jtricker@bairdholm.com

Attorneys for Defendant Goodyear Tire & Rubber Company