IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RYSTA LEONA SUSMAN, Both Individually and as Legal Guardian of Shane Allen Loveland; and JACOB SUMMERS,

Plaintiffs,

vs.

THE GOODYEAR TIRE & RUBBER COMPANY,

Defendant.

8:18CV127

ORDER

This matter is before the Court on Kearney Towing and Repair Center, Inc.'s ("Kearney") Petition to Intervene. ([Filing No. 95](#).) Kearney, a non-party, seeks to intervene for purposes of obtaining a modification to the Protective Order ([Filing No. 66](#)) entered in this case. Kearney also asks that the Court preclude Plaintiffs from deposing Kearney's corporate representatives in this case until a later time. Kearney's requests will be denied.

**BACKGROUND**

This lawsuit arises out of a motor vehicle accident that occurred on May 1, 2015. ([Filing No. 1](#).) Plaintiffs allege the accident was caused by a defective tire manufactured by Defendant. Plaintiffs have asserted claims of negligence, strict liability, and breach of implied warranty of merchantability against Defendant.

On or about April 12, 2019, Plaintiffs filed a separate lawsuit against Kearney in the District Court of Buffalo County, Nebraska (the "state court suit"). ([Filing No. 95-4](#).) The lawsuit

arises out of the same accident at issue in this case. The complaint in the state court suit alleges Kearney inspected, mounted, installed and balanced the tires that were on the motor vehicle involved in the accident. Plaintiffs contend Kearney was negligent in the inspection and installation of the tires and breached the contract for the sale, installation, and assembly of the tires. Defendant is not a party to the state court suit.

On June 19, 2018, the Court entered a Protective Order in this case. ([Filing No. 66](#).) The Protective Order identifies categories of confidential information and allows the parties to designate discovery materials falling within these categories as confidential by marking them as follows: "THIS DOCUMENT PRODUCED UNDER COURT ORDER FOR USE IN SUSMAN, ET AL. v. THE GOODYEAR TIRE & RUBBER COMPNAY, AND SHALL NOT BE USED FOR ANY OTHER PURPOSE WHATSOEVER." Defendant represents that it has used this confidentiality designation in the production of thousands of pages of documents related to certain types of tires, as well as the tire at issue in this case. ([Filing No. 100 at CM/ECF p. 3](#).)

## DISCUSSION

Kearney has moved to intervene pursuant to Federal Rule of Civil Procedure 24(b) in order to modify the Protective Order entered in this case. Kearney wants to modify the terms of the Protective Order to allow confidential materials produced in this case to be used in the state court suit. Kearney contends this change would reduce costs by preventing duplicative discovery.

"[P]ermissive intervention under Rule 24(b) is an appropriate procedural vehicle for non-parties seeking access to judicial records in civil cases." *[Flynt v. Lombardi](#),* 782 F.3d 963, 967 (8th Cir. 2015). *See also [AT&T Corp. v. Sprint, Corp.](#),* 407 F.3d 560, 562 (2d Cir. 2005) ("[P]ermissive intervention is the proper method for a nonparty to seek a modification of a protective order"); *[EEOC v. Nat'l Children's Ctr., Inc.](#),* 146 F.3d 1042, 1045 (D.C. Cir. 1998) ("[D]espite the lack of a clear fit with the literal terms of Rule 24(b), every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders"). A court's "decision to grant or deny a motion for permissive intervention is wholly discretionary." *[South Dakota v. U.S. Dep't of Interior](#),* 317 F.3d 783, 787 (8th Cir. 2003). "In exercising its discretion, the court must consider whether the

intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b).

The Court will not allow Kearney to intervene in this action. The parties have engaged in discovery under the terms of the Protective Order for over a year and Defendant has produced thousands of pages of documents that it has designated as confidential. These documents contain trade secret and proprietary information related to the design, manufacture, and testing of Defendant's tires, as well as information pertaining to prior claims and litigation involving Defendant. Defendant would be prejudiced by allowing Kearney to use these documents in a state court lawsuit to which Defendant is not a party. Although Kearney's interest in reducing expenses by eliminating duplicative discovery is legitimate, it does not outweigh Defendant's interest in protecting its confidential documents from use in a state court lawsuit in which it is not involved.

Kearney also requests that this Court preclude Plaintiffs from taking depositions of Kearney's corporate representatives in this case until Plaintiffs certify that they are ready to proceed with these depositions in the state court suit. Plaintiffs argue that such an order will protect Kearney's representatives from being deposed twice in lawsuits involving the same facts. This request will likewise be denied. This Court will not involve itself in coordinating its discovery deadlines with those in the state court suit. The deadline for completing depositions in this case is November 15, 2019. (Filing No. 119.) Moreover, not all facts relevant in the state court suit are relevant to this action. Kearney is not a defendant in this case and questioning in the state court action will largely focus on establishing Kearney's liability to Plaintiffs.

Accordingly,

**IT IS ORDERED:**

1. Kearney's Petition to Intervene (Filing No. 95) is denied in its entirety.

2. Kearney's Request for Oral Argument Concerning the Petition to Invervene (Filing No. 102) is denied as moot.

Dated this 16th day of September, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge