Filed in Buffalo District Court
*** EFILED ***
Case Number: D09CI190000158
Transaction ID: 0009422932
Filing Date: 09/25/2019 04:04:42 PM CDT

IN THE DISTRICT COURT OF BUFFALO COUNTY, NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as natural mother of SHANE ALLEN LOVELAND, a protected person, SHANE ALLEN LOVELAND, a protected person by and through his Temporary Guardian and Conservator, JOHN SAUDER, and JACOB SUMMERS,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>KEARNEY TOWING & REPAIR CENTER, INC., A NEBRASKA CORPORATION,<br><br>　　　　Defendant. | Case No: CI 19-0158<br><br>**THIRD-PARTY COMPLAINT AGAINST THE GOODYEAR TIRE AND RUBBER COMPANY** |

**COMES NOW**, Defendant/Third-Party Plaintiff, Kearney Towing & Repair Center, Inc. ("Kearney"), by and through its counsel of record, Engles, Ketcham, Olson, & Keith, PC, and for its Third-Party Complaint against The Goodyear Tire & Rubber Company ("Goodyear"), states and alleges as follows:

### I. PARTIES

1. Defendant/Third-Party Plaintiff, Kearney Towing & Repair Center, Inc. is a Nebraska corporation with is principle office address at 305 E 8th Street, Kearney, NE 68847.

2. At all times material Third-Party Defendant, Goodyear, was a foreign corporation, incorporated under the laws of the State of Ohio, with its principle place of business at 200 Innovation Way, Akron, OH 44316-0001.

3. Plaintiffs, Rysta Leona Susman individually and as natural mother of Shane Allen Loveland, a protected person, Shane Allen Loveland, a protected person by and through his Temporary Guardian and Conservator, John Sauder, and Jacob Summers, are residents of Buffalo County Nebraska.

4. On or about August 7, 2017, Plaintiffs filed a Complaint against Goodyear in the Court of Common Please of Philadelphia County, alleging claims of negligence, strict product liability, and breach of warranty arising from Goodyear's role in designing, manufacturing, selling, failing to warn, and marketing a tire that was allegedly

1

**EXHIBIT**
**Exhibit 3**

defective and allegedly caused a single vehicle accident on May 1, 2015 that resulted in Plaintiffs, Shane Loveland and Jacob Summers, sustaining personal injuries. Hereinafter this litigation is referred to as the "Goodyear litigation."

5. On or about April 12, 2019, Plaintiffs filed this suit against Kearney setting forth negligence and breach of contract causes of action in connection with Kearney's alleged installation of same tire that was allegedly involved in the same one-vehicle accident that occurred on May 1, 2015 that is the subject of the Goodyear litigation.

## II. JURISDICTION AND VENUE

6. At the request of Goodyear, the Goodyear litigation was removed to federal court.
7. At the request of Goodyear, the Goodyear litigation was transferred to the U.S. District Court of Nebraska.
8. Having maintained minimum contacts with the state of Nebraska and having purposefully availed themselves of the laws of this state for purposes of defending the Goodyear litigation, the District Court of Buffalo County, Nebraska has personal jurisdiction over Goodyear.
9. The District Court of Buffalo County, Nebraska has personal jurisdiction to the original parties to this litigation.
10. The District Court of Buffalo County, Nebraska has subject matter jurisdiction over this litigation and venue is appropriate in Buffalo County, Nebraska because the incident giving rise to the subject matter of the litigation occurred therein.

## III. FACTUAL BACKGROUND

11. Kearney has attached hereto and incorporates herein the Complaint filed by Plaintiffs in the Goodyear litigation and Goodyear's Answer to Plaintiffs Complaint from the Goodyear litigation.
12. Kearney continues to deny that any of its acts or omissions proximately caused Plaintiffs' injuries and/or damages.
13. Kearney continues to deny that it has any liability for Plaintiffs' injuries/damages for

the reasons set forth in Kearney's Answer to the Complaint.

14. However, to the extent that a fact-finder determines Kearney has liability for Plaintiffs' injuries/damages, Goodyear was part of a common enterprise or plan and acted in concert with Kearney to cause Plaintiffs' injuries/damages for reasons set forth in the pleadings filed herewith from the Goodyear litigation.

15. To the extent that a fact-finder determines Kearney has liability for Plaintiffs' injuries/damages, Goodyear was contributorily/comparatively negligent in causing Plaintiffs' injuries/damages for reasons set forth in the pleadings filed herewith from the Goodyear litigation.

16. To the extent that a fact-finder determines Kearney has liability for Plaintiffs' injuries/damages, Goodyear is a joint tortfeasor under Neb. Rev. Stat. §§ 25-21,185.10, 25-21,185.11, and 25-21,185.12; Goodyear is a joint tortfeasor for reasons set forth in the pleadings filed herewith from the Goodyear litigation.

### IV.    FIRST CAUSE OF ACTION – COMPARABLE FAULT

17. Kearney incorporates its allegations as contained in paragraphs 1 through 16 as if fully set forth herein.
18. To the extent that a fact-finder determines Kearney has liability for Plaintiffs' injuries/damages, Goodyear is jointly and severally liable for Plaintiffs' injuries/damages pursuant to Neb. Rev. Stat. §§ 25-21,185.10, 25-21,185.11, and 25-21,185.12.
19. To the extent that a fact-finder determines Kearney has liability for Plaintiffs' injuries/damages, Plaintiffs claims against Kearney shall be reduced by the amount of Goodyear's share of the obligation as determined by the trier of fact. See Neb. Rev. Stat. §§ 25-21,185.10, 25-21,185.11, and 25-21,185.12.

### V.    SECOND CAUSE OF ACTION - COMMON LAW INDEMNITY

20. Kearney incorporates its allegations as contained in paragraphs 1 through 19 as if fully set forth herein.

21. If Plaintiff recovers a judgment against Kearney, any liability of Kearney and resulting judgment will have arisen solely by the reason of the negligent acts and omissions of Goodyear, which were the sole proximate cause of Plaintiffs' damages.
22. Kearney continues to deny that it is liable to Plaintiffs in any amount, but if Plaintiffs recover a judgment herein against Kearney, Kearney, is entitled to indemnity from Goodyear for any and all amounts so recovered.

## VI.     THIRD CAUSE OF ACTION – COMMON LAW CONTRIBUTION

23. Kearney incorporates its allegations as contained in paragraphs 1 through 22 as if fully set forth herein.
24. The acts and omissions of Goodyear were the proximate cause of the damages allegedly sustained by Plaintiff.
25. If Plaintiff is entitled to recover any damages, such damages should be recovered from Goodyear.
26. In the event of a judgment for Plaintiff against Kearney, Kearney is entitled to contribution from Goodyear for an appropriate share of the amount of any such judgment based on the comparisons required by applicable Nebraska Law.

**WHEREFORE**, Defendant/Third-Party Plaintiff, Kearney Towing & Repair Center, Inc. prays that in the event Plaintiffs obtain a judgment herein against Kearney, a corresponding judgment for the amount of damages sustained by Plaintiffs be entered in favor of Kearney and against Goodyear. Alternatively, Kearney requests that fault be apportioned to Goodyear and any judgment rendered against Kearney be reduced based upon the comparisons required by applicable Nebraska law. Kearney further requests all costs and for such other and further relief as the Court may deem just and equitable.

KEARNEY TOWING & REPAIR CENTER, INC.,
A Nebraska Corporation, Defendant

By: _____
Stephen G. Olson, II, #18949
Kristina J. Kamler, #24082
ENGLES, KETCHAM, OLSON & KEITH, P.C.
1350 Woodmen Tower / 1700 Farnam Street
Omaha, Nebraska 68102
(402) 348-0900 / (402) 348-0904 (Facsimile)
solson@ekoklaw.com
kkamler@ekoklaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 25, 2019 a copy of the above and foregoing was electronically mailed to the following at the email address listed below:

| | |
|---|---|
| Michael F. Coyle<br>Fraser Stryker PC LLO<br>500 Energy Plaza<br>409 South 17th Street<br>Omaha, NE 68102<br>mcoyle@fraserstryker.com<br>**Attorney for Plaintiffs** | Skip Edward Lynch<br>Kaster Lynch Farrar & Ball LLP<br>1010 Lamar, Suite 1600<br>Houston, TX 77002<br>Skip@thetirelawyers.com<br>**Attorney for Plaintiffs** |
| Paul E. Godlewski<br>Schwebel Goetz & Sieben, P.A.<br>5120 IDS Center<br>80 S. 8th Street, #5120<br>Minneapolis, MN 55402<br>pgodlewski@schwebel.com<br>**Attorney for Plaintiffs** | Kyle Farrar<br>Farrar & Ball LLP<br>1010 Lamar, Suite 1600<br>Houston, TX 77002<br>Kyle@fbtrial.com<br>**Attorney for Plaintiffs** |

                /s/ Kristina J. Kamler

# Certificate of Service

I hereby certify that on Wednesday, September 25, 2019 I provided a true and correct copy of the Complaint-Third Party to the following:

Susman,Rysta,Leona represented by Coyle,Michael,F (Bar Number: 18299) service method: Electronic Service to mcoyle@fraserstryker.com

Loveland,Shane,Allen represented by Coyle,Michael,F (Bar Number: 18299) service method: Electronic Service to mcoyle@fraserstryker.com

Summers,Jacob, represented by Coyle,Michael,F (Bar Number: 18299) service method: Electronic Service to mcoyle@fraserstryker.com

Kearney Towing & Repair Center represented by Kristina J. Kamler (Bar Number: 24082) service method: Electronic Service to kkamler@ekoklaw.com

Signature: /s/ Olson,Stephen,G,II (Bar Number: 18949)