IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RYSTA LEONA SUSMAN, BOTH INDIVIDUALLY AND AS LEGAL GUARDIAN OF SHANE ALLEN LOVELAND; AND JACOB SUMMERS,<br><br>Plaintiff,<br><br>vs.<br><br>THE GOODYEAR TIRE AND RUBBER COMPANY,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 8:18CV127<br><br>**BRIEF IN SUPPORT OF KEARNEY'S RULE 59 MOTION TO ALTER OR AMEND; RULE 60 MOTION FOR RELIEF** |

On July 19, 2019, Kearney Towing and Repair Center, Inc. ("Kearney"), filed a Motion for Leave to file an Intervenor Complaint in this case. Kearney's Intervenor Complaint requested a modification to the Protective Order (Filing No. 66) entered in this case so that it could have access to documents produced by the parties in this case for use in a parallel case filed by Plaintiffs against Kearney in state court.

On September 16, 2019, this Court entered an Order denying Kearney's request. Doc. No. 134. In doing so, this Court held that Goodyear "would be prejudiced by allowing Kearney to use these documents [produced pursuant to the Protective Order] in a state court lawsuit <u>to which [Goodyear] is not a party</u>." Doc. No. 134 (emphasis added). The Court further acknowledged Kearney's legitimate interest in reducing expenses by eliminating duplicative discovery. But, <u>relying upon Goodyear's lack of involvement in the state court action</u>, held that Kearney's interest does not outweigh Goodyear's interest in protecting its confidential documents from use in the state court lawsuit.

In the interim, on August 29, 2019, Kearney filed a Motion for Leave to add Goodyear as a Third-party Defendant to the state court action. Ex. 1, Motion for Leave to file a Third-Party Complaint. On September 24, 2019, the motion was granted, and a Third-party Complaint has now been filed in the state court action against Goodyear. Ex. 2, Sept. 24, 2019 Order, Ex. 3 Third-Party Complaint. Kearney is in the process of serving the Third-Party Complaint upon Goodyear. Ex. 4, Summons. The Third-Party Complaint incorporates Plaintiffs' Complaint from this case and argues that Goodyear, not Kearney, is liable for Plaintiffs damages for the same reasons Plaintiffs allege Goodyear is liable for Plaintiffs' damages in this case. Ex. 3, Third-Party Complaint.

This motion was filed within the 28-day time limit for seeking an amendment to this Court's September 16, 2019 Order (Doc. No. 134) pursuant to Fed. R. Civ. P. 59. Relief from or modification of this Order is further warranted under Fed. R. Civ. P. 60(b) because Kearney's filing of a Third-Party Complaint against Goodyear in the state lawsuit is "newly discovered evidence that, with reasonable diligence, could not have been discovered" prior to the Court's September 16, 2019 Order on this Motion to Intervene. This new information substantially changes the analysis as to whether the Protective Order should be modified because Kearney will be seeking the production of documents from the source, here Goodyear.

**WHEREFORE** pursuant to Fed. R. Civ. P. 59 and Fed. R. Civ. P.60(b)(2), Kearney hereby asks that this Court amend its previous Order, Doc. No. 134. In doing so, Kearney requests that this Court re-evaluate Goodyear's interest in confidentiality, which is now substantially diminished given that Goodyear is now a party to the state court action. Kearney further notes that a Motion for a Protective Order has been filed in the state court action to address Goodyear's concerns. Ex. 2, Order. A hearing on that matter is stayed "pending the addition of Goodyear a s party to this case." Ex. 2, Order. The hearing was stayed to provide Goodyear with the opportunity to participate in the creation of a Protective Order for the state court action that appropriately and adequately protect Goodyear's interests in maintaining confidentiality. Nonetheless, a modification of this Protective Order is necessary and appropriate to ensure Plaintiffs and Goodyear are not caught in the conundrum of "serving two masters" concerning the production of their confidential information for both cases, an argument that was advanced by Plaintiffs' counsel in response to the Motion to Compel filed by Kearney and discussed in Ex. 2. Accordingly, Kearney renews its request that the Protective Order entered in this case, Doc. No. 66, be modified, allowing Kearney to have access to documents produced by Goodyear in this case for use in the state court action. Alternatively, Kearney requests that the Court modify its order in Doc. No. 134 so as to confirm that documents produced by Plaintiffs and/or Goodyer for this case pursuant to the Protective Order are not insulated by the Protective Order from legitimate discovery in the state case. See *In re Sancom, Inc., a South Dakota corporation v. Qwest Communications Corporation*, 2008 WL 5423480 at *4 (N.D. Iowa 2008) (Protective Orders only govern a recipient's use of confidential information; it does not insulate the source from further production in a collateral lawsuit).

Respectfully submitted,

KEARNEY TOWING & REPAIR CENTER, INC.,
A NEBRASKA CORPORATION

By: _____
Stephen G. Olson, II, #18949
Kristina J. Kamler, #24082
ENGLES, KETCHAM, OLSON & KEITH, P.C.
1350 Woodmen Tower
1700 Farnam Street
Omaha, Nebraska 68102
(402) 348-0900 (Telephone)
(402) 348-0904 (Facsimile)
solson@ekoklaw.com
kkamler@ekoklaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Michael F. Coyle
Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
mcoyle@fraserstryker.com
**Attorney for Plaintiff**

Paul E. Godlewski
Schwebel Goetz & Sieben, P.A.
5120 IDS Center
80 S. 8th Street, #5120
Minneapolis, MN 55402
pgodlewski@schwebel.com
**Attorney for Plaintiffs**

Skip Edward Lynch
Kaster Lynch Farrar & Ball LLP
1010 Lamar, Suite 1600
Houston, TX 77002
Skip@thetirelawyers.com
**Attorney for Plaintiffs**

Kyle Farrar
Farrar & Ball LLP
1010 Lamar, Suite 1600
Houston, TX 77002
Kyle@fbtrial.com
**Attorney for Plaintiffs**

William R. Ogden
1117 Herkimer Street
Houston, TX 77008
bill@fbtrial.com
**Attorney for Plaintiffs**

Edward S. Bott, Jr.
Clark Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
esb@greensfelder.com
chl@greensfelder.com
jrodriguez@greensfelder.com
**Attorneys for Defendant**

Jennifer D. Tricker
Woodmen Tower
1700 Farnam Street
Omaha, NE 68102
jtricker@bairdholm.com
**Attorney for Defendant**

/s/ Kristina J. Kamler