## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

RYSTA LEONA SUSMAN, both individually
and as Legal Guardian of Shane Allen
Loveland, and JACOB SUMMERS,

                Plaintiffs,

v.

THE GOODYEAR TIRE & RUBBER
COMPANY,

                Defendant.

Case No. 8:18CV127

**THE GOODYEAR TIRE & RUBBER COMPANY'S BRIEF IN OPPOSITION TO NON-PARTY KEARNEY TOWING & REPAIR CENTER, INC.'S RULE 59 MOTION TO ALTER OR AMEND; RULE 60 MOTION FOR RELIEF**

The Goodyear Tire & Rubber Company ("Goodyear") hereby submits its Brief in Opposition to Non-Party Kearney Towing & Repair Center, Inc.'s Rule 59 Motion to Alter or Amend and Rule 60 Motion for Relief (ECF No. 136).

On September 16, 2019, the Court denied Kearney's Petition to Intervene in this action. (ECF No. 134.) The Court acknowledged that the parties have engaged in discovery under the terms of the Protective Order for over a year, and Goodyear has produced thousands of pages of documents that it has designated as confidential trade secrets. (*Id.*) Moreover, the Court acknowledged that not all facts relevant in the state court suit are relevant to this action. (*Id.*)

After the Court issued its Order, Kearney served Goodyear with a third party complaint in the state court case. (*See* ECF No. 136-2.) Kearney now alleges that because Kearney filed a third-party complaint against Goodyear in the state court case, the Court should re-evaluate its denial of Kearney's motion. (ECF No. 137.) In the alternative, Kearney requests the Court modify its Order to confirm documents produced pursuant to the Protective Order are "not insulated by the Protective Order from legitimate discovery in the state court case." (ECF No.

137, *citing In re Sancom, Inc., a South Dakota Corporation v. Qwest Communications Corporation*, 2008 WL 5423480 (N.D. Iowa 2008)).  Kearney's current motion misconstrues *In re Sancom*[1] and, more importantly, seeks relief that is unnecessary, given the new facts Kearney has presented to the Court.

Now that Kearney has served Goodyear in the state court case, the need for modification of the Protective Order has been eliminated—Kearney can serve discovery directly on Goodyear as a party to the state court case.  Indeed, Kearney states that "a Motion for Protective Order has been filed in the state court action to address Goodyear's concerns," and the state court has stayed a hearing on the issue to provide Goodyear the opportunity to participate in the creation of a Protective Order.  (ECF No. 137.)  Additionally, counsel for Kearney has indicated to the undersigned counsel that Kearney is willing to enter into a Protective Order with Goodyear in the state court case that is identical to the Protective Order at issue here.  (*See* concurrently filed Declaration of Edward S. Bott, Jr., ¶ 2.)  Therefore, it would be unnecessary for Kearney to intervene in this action to access any documents from Goodyear that are relevant to the state court case.  To the extent Kearney's state court claims against Goodyear proceed, the parties can carry out discovery with Goodyear in the state court case, and this Court need not involve itself in a separate lawsuit.

WHEREFORE, Goodyear respectfully requests that the Court deny Non-Party Kearney's Rule 59 Motion to Alter or Amend and Rule 60 Motion for Relief.

---

[1] Kearney suggests that *In re Sancom* supports the proposition that this Court should modify the Protective Order entered in this case to confirm documents under this Protective Order can be produced in the state court case.  (ECF No. 137, p. 2.)  However, *In re Sancom* did not involve modification of a protective order; the court was ruling on a motion to compel subpoena responses.  *In re Sancom, Inc., a S. Dakota corporation v. Qwest Commc'ns Corp.*, No. 08MC75, 2008 WL 5423480, at *4 (N.D. Iowa Dec. 29, 2008) ("In the present case, Qwest is not requesting a modification of the Protective Agreements. Instead, in a separate case, Qwest is seeking production of the documents from the source, not from a party who received the documents pursuant to a protective order. *Cf. Jochims. v. Isuzu Motors, Ltd.*, 148 F.R.D. 624, 631 (S.D.Iowa 1993)").  Accordingly, this distinguishable, non-binding authority does not warrant modification of the Court's previous Order.

1820974

Dated: October 23, 2019          GREENSFELDER, HEMKER & GALE, P.C.


By: /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO  63102
(314) 241-9090
Fax:  (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE  68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served on all attorneys of record via the CM/ECF system this 23rd day of October, 2019.

/s/ Edward S. Bott, Jr.

1820974