IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RYSTA LEONA SUSMAN, BOTH INDIVIDUALLY AND AS LEGAL GUARDIAN OF SHANE ALLEN LOVELAND; AND JACOB SUMMERS, | ) ) ) ) ) | 8:18CV127 |
| Plaintiff, | ) ) | **REPLY BRIEF IN SUPPORT OF KEARNEY TOWING, INC.'S RULE 59 MOTION TO ALTER OR AMEND; RULE 60 MOTION FOR RELIEF** |
| vs. | ) ) ) | |
| THE GOODYEAR TIRE AND RUBBER COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

COMES NOW, Kearney Towing and Repair Center, Inc. ("Kearney"), pursuant to Fed. R. Civ. P. 59 and Fed. R. Civ. P.60(b)(2) and hereby Replies to Briefs filed by Plaintiffs and Goodyear in response to Kearney's Motion to Reconsider. See Doc. Nos. 138-141.

In Response to said Motion, Goodyear and Plaintiffs argue that the relief requested by Kearney is "unnecessary" because a similar protective order can and most likely will be entered in the state court case. This Motion is not just about Kearney having access to discovery materials produced by Goodyear in the federal case for the state court case. **It is also about Kearney having a fair and complete access to observe how Plaintiffs, Goodyear, and this Court are using the Confidential Materials in the federal case, which has now plainly presented itself as being an issue.** For example, Kearney should be allowed access to this Court's recent Order in Doc. No. 135, which has been labelled as "RESTRICTED" so that if the same issue re-presents itself in the state court action this Court's decision on the matter can provide the state court guidance and prevent disparate results as between the two nearly identical actions. The requested modification would also ensure Kearney has access to materials filed under "seal" as set forth in the Protective Order, Doc. No. 66 ¶ 14. Perhaps most importantly, the requested modification would ensure Kearney is allowed to be present in the courtroom when Confidential materials are introduced and discussed at the trial of this matter. See Doc. No. 66 ¶ 22 (allowing the Parties to petition the Court to close the courtroom to protect the Confidential materials introduced at trial).

As a reminder, Kearney's initial Petition in Intervention sought that the existing Protective Order in this case, Doc. No. 66, be modified to include the bolded language below:

1. Paragraph 1 of the Protective Order be modified as follows (new language is in bold):

> Applicability of Order. This Order will govern the handling of documents, depositions, deposition exhibits, interrogatory responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure or which is voluntarily produced without regard to the use of the Federal Rules of Civil Procedure by or from any party, person, or entity in connection with the Litigation (this information hereinafter referred to as "Discovery Material"). **"Litigation" or "action" includes the above referenced case, as well as the case titled:** *Susman, et. al. v. Kearney Towing & Repair Center,* **Case No. CI 19-0158.** As used herein "Producing Party" or "Disclosing Party" shall refer to the parties to **the Litigation** that give testimony or produce documents or other information, and "Receiving Party" shall refer to the parties to this action that receive such information...

See Doc. No. 95. This language would address the above noted issues and ensure Kearney has full and fair access to materials utilized in this case so that they can be utilized in the state court case.

Through their Briefs, Plaintiffs and Goodyear now concede that information from this Court's proceedings are relevant to the state court action that these Plaintiffs filed against Kearney and/or the Third-Party Complaint filed by Kearney against Goodyear. Moreover, Goodyear seemingly concedes that it is no longer prejudiced by giving Kearney access to the Confidential Information produced and utilized in this federal case. Kearney's need for the information still exists. That need was articulated by this Court when the Court confirmed "Kearney's interest in reducing expenses by eliminating duplicative discovery is legitimate." Kearney's interest in complete access to the materials from this case now plainly outweighs Goodyear's no longer existing interest in keeping Confidential materials from Kearney.

**WHEREFORE** Kearney hereby asks that the Court reconsider its previous order on Kearney's Petition in Intervention (Doc. No. 134). Kearney further requests that the Court modify Paragraph 1 of the Protective as follows (new language is in bold):

> Applicability of Order. This Order will govern the handling of documents, depositions, deposition exhibits, interrogatory responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure or which is voluntarily produced without regard to the use of the Federal Rules of Civil Procedure by or from any party, person, or entity in connection with the Litigation (this information hereinafter referred to as "Discovery Material"). **"Litigation" or "action" includes the above referenced case, as well as the case titled:** *Susman, et. al. v. Kearney Towing & Repair Center,* **Case No. CI 19-0158.** As used herein "Producing Party" or "Disclosing Party" shall refer to the parties to **the Litigation** that give testimony or produce documents or other information, and "Receiving Party" shall refer to the parties to this action that receive such information...

Kearney further requests any other relief the Court deems just and appropriate.

                                  Respectfully submitted,

                                  KEARNEY TOWING & REPAIR CENTER, INC., A NEBRASKA CORPORATION,

By: /s/ Stephen G. Olson, II
Stephen G. Olson, II, #18949
Kristina J. Kamler, #24082
ENGLES, KETCHAM, OLSON & KEITH, P.C.
1350 Woodmen Tower
1700 Farnam Street
Omaha, Nebraska 68102
(402) 348-0900 (Telephone)
(402) 348-0904 (Facsimile)
solson@ekoklaw.com
kkamler@ekoklaw.com

## CERTIFICATE OF SERVICE

       I hereby certify that on October 24, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Michael F. Coyle
Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
mcoyle@fraserstryker.com
**Attorney for Plaintiff**

William R. Ogden
1117 Herkimer Street
Houston, TX 77008
bill@fbtrial.com
**Attorney for Plaintiffs**

Paul E. Godlewski
Schwebel Goetz & Sieben, P.A.
5120 IDS Center
80 S. 8th Street, #5120
Minneapolis, MN 55402
pgodlewski@schwebel.com
**Attorney for Plaintiffs**

Edward S. Bott, Jr.
Clark Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
esb@greensfelder.com
chl@greensfelder.com
jrodriguez@greensfelder.com
**Attorneys for Defendant**

Skip Edward Lynch
Kaster Lynch Farrar & Ball LLP
1010 Lamar, Suite 1600
Houston, TX 77002
Skip@thetirelawyers.com
**Attorney for Plaintiffs**

Jennifer D. Tricker
Woodmen Tower
1700 Farnam Street
Omaha, NE 68102
jtricker@bairdholm.com
**Attorney for Defendant**

Kyle Farrar
Farrar & Ball LLP
1010 Lamar, Suite 1600
Houston, TX 77002
Kyle@fbtrial.com
**Attorney for Plaintiffs**

                                            /s/ Kristina J. Kamler