# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

RYSTA LEONA SUSMAN, both individually and as Legal Guardian of Shane Allen Loveland, and JACOB SUMMERS,

        Plaintiffs,

v.

THE GOODYEAR TIRE & RUBBER COMPANY,

        Defendant.

Case No. 8:18CV127

## THE GOODYEAR TIRE & RUBBER COMPANY'S MOTION TO CONTINUE TRIAL DATE, MOTION FOR SPECIAL SETTING, AND MOTION FOR MODIFICATION OF PROGRESSION ORDER

The Goodyear Tire & Rubber Company ("Goodyear") brings this motion seeking a continuance of the trial date of January 21, 2020 to allow time for mediation and the orderly completion of remaining pre-trial practice, a special setting for a new trial date to assist in scheduling multiple out-of-state and out-of-country witnesses, and modification of the Progression Order (ECF #77) to allow for motions in *limine* to be filed before the date of the final pretrial conference, and in support thereof states:

### MOTION TO CONTINUE TRIAL DATE

This is a complex product liability case currently scheduled for trial beginning January 21, 2020. The parties worked diligently on completion of discovery but required an extension of the Progression Order for the completion of certain

1

depositions. Those depositions are scheduled to be completed by the current deadline of November 15, 2019.

On June 18, 2019, following a telephone discovery conference with Magistrate Bazis, Goodyear was directed to produce a list of tread separation claims on load range E tires of the same size as the tire involved in this occurrence manufactured between 1992 - 1998. Goodyear produced that list which contained over 11,000 claims to plaintiffs. Notwithstanding the detailed claim information on the list and that the vast majority are small property damage claims, on July 12, 2019, plaintiffs filed a motion to compel directed to Goodyear seeking production of all claim files on all Goodyear load range E tires manufactured between 1992 – 1998 and involving claims of tread separation. On October 7, 2019, an Order was entered (ECF #135) calling for Goodyear to produce claims files on load range E tires manufactured between 1992 – 1998 by November 7, 2019. The efforts required to locate the historic claim files have been extensive and are ongoing.[1] Goodyear has advised plaintiffs that the claim files it is able to locate will be produced for inspection at Goodyear's headquarters in Akron, Ohio beginning November 4 and continuing on a rolling basis due to the voluminous nature of the documents being produced.

Plaintiffs have informed Goodyear that they will require copies of some or all of the claim file documentation to be sent to their Fed. R. Civ. Proc. Rule 26(a)(2) tire failure analysis witness, David Southwell, for his review and that they anticipate serving a supplemental disclosure by Southwell setting forth new subject matters of testimony

---

[1] Goodyear initially focused its search efforts on the over 11,000 claims involving the same size as the tire in this occurrence. An expanded search involving load range E tires other than the size at issue in the lawsuit indicates there may be 11,000 plus claims on which to search for any retained claim files. Goodyear will be asking for partial relief from the Order as it anticipates it will not be able to comply by November 7, 2019.

and new opinions based on the Goodyear claims documents. If such a disclosure is made and Southwell permitted to testify to the new subject matters and opinions, Goodyear will need a supplemental deposition of Southwell prior to trial.

The claims files were sought by plaintiffs to provide them with information they argue is necessary for them to attempt to satisfy their burden of proving substantial similarity of other claims on load range E tires. It is anticipated that plaintiffs will be seeking to introduce evidence on hundreds of claims made to Goodyear which involve claims of property damage or personal injury due to tread separations, and that they will attempt to do this in part through the testimony of Southwell. Goodyear will be objecting to the introduction of this evidence by motion in *limine*. Dealing with the issues surrounding the foundation for the introduction of this evidence will be exceedingly time consuming as it will require an individualized assessment of each occurrence.

Goodyear believes there is not sufficient time prior to the scheduled trial date to allow the Court or the parties adequate time to present and consider these evidentiary issues, while at the same time completing all of the other preparation necessary for trial.

Additionally, plaintiffs and Goodyear have expressed interest in attempting mediation. The parties have been in discussions on the choice of mediator and dates for mediation. Goodyear believes the best chance at getting this case resolved through settlement is by way of mediation. A date for mediation the first week of December is proposed but is not yet confirmed with all necessary participants.[2] If mediation is confirmed, the parties will want to focus their efforts on resolution of the case. If

---

[2] A Notice of Mediation pursuant to the Progression Order (ECF #77) will be provided.

mediation does not go forward the first week of December, it will likely not be able to be completed prior to the January 21, 2020 trial date.

Plaintiffs do not consent to a continuance of the trial date.

## MOTION FOR SPECIAL TRIAL SETTING

Following consultation with the Court's staff, Goodyear understands this case is evidently the third case on the Court's trial docket for January 21, 2020. One case is specially set first out on that date and the other is ahead of the Susman case on the Court trial docket.

Plaintiff has multiple Rule 26(a)(2) witnesses located in Australia, Colorado and Florida who will testify to the issues of liability and damages. Goodyear has multiple Rule 26(a)(2) witnesses located in North Carolina, Colorado, Tennessee and Nebraska, as well as company witnesses from Ohio, who will speak to these same issues.

Plaintiffs and Goodyear believe a special setting is preferred given the difficulties in scheduling trial availability of the various witnesses.

## MOTION FOR MODIFICATION OF PROGRESSION ORDER

The current Progression Order (ECF #77) sets this case for a final pretrial conference on December 30, 2019. Motions in *limine* are due January 14, 2020, just 7 days before trial.

Goodyear believes there will be multiple motions in *limine* on significant evidentiary issues and that some of these may require the presentation of evidence or argument. For instance, Goodyear does not believe the issues relevant to the decisions to admit or exclude the purported other similar occurrence evidence can be adequately presented in written documents alone and that the Court will benefit from oral presentations on the issues. Further, Goodyear will be filing a motion to exclude

evidence dealing with subsequent remedial measures pursuant to Fed. R. Evid. 407 and that again the court may benefit from argument on this motion. The Court's ruling on these, and other, motions will play a significant role in the admission of documentary evidence as well as testimony from previous depositions of former Goodyear employees and thus ruling on deposition designations may be tedious and time consuming.

Under the current Progression Order, the Court will have only 7 days before trial to consider these very complex and important evidentiary issues, and the parties will have no opportunity to learn of the Court's ruling until at or just days before trial which does not provide adequate time to take into account the Court's ruling and make adjustments to trial preparation and trial strategies.

## CONCLUSION

WHEREFORE, The Goodyear Tire & Rubber Company respectfully requests that the Court issue an Order: 1) continuing the trial from its January 21, 2020 setting; 2) setting the case for trial on a special setting where this case will be the first to go to trial on that date; and, 3) modify the Progression Order to allow for the filing of motions in *limine* sufficiently in advance of the pretrial conference for the court to consider all relevant evidence on the issues and be prepared to rule at or before the final pretrial. This motion is brought with due diligence based on recent changes to the case and is not brought for the purpose of delay.

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of Court and served on all attorneys of record via the CM/ECF filing system this 29th day of October, 2019 to:

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorney for Plaintiffs*

/s/ Edward S. Bott, Jr.

1822637