## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

RYSTA LEONA SUSMAN, Both Individually
and as Legal Guardian of Shane Allen Loveland;
and JACOB SUMMERS,

                 Plaintiffs,

   vs.

THE GOODYEAR TIRE & RUBBER
COMPANY,

                 Defendant.

**8:18CV127**

**ORDER**

This matter is before the Court on Kearney Towing and Repair Center, Inc.'s ("Kearney") Motion to Alter or Amend (Filing No. 136).

On September 16, 2019, the Court entered an order denying Kearney's motion to intervene. (Filing No. 134.)  Kearney sought to intervene for purposes of obtaining a modification of the Protective Order (Filing No. 66) entered in this case.  The proposed modification would allow Kearney to use documents designated as "confidential" under the Protective Order in a lawsuit pending in the District Court of Buffalo County, Nebraska ("state court lawsuit").  The state court lawsuit arises out of the same accident at issue in this case.

In denying Kearney's motion, the Court stated that Defendant would be prejudiced by allowing Kearney to use Defendant's confidential documents because Defendant was not a party to the state court lawsuit.  (Filing No. 134.)  The Court acknowledged the legitimacy of Kearney's interest in preventing duplicative discovery but found Kearney's interest did not outweigh

Defendant's right to protect its confidential documents from use in an action in which it was not involved. (*Id.*)

In the interim, on August 29, 2019, Kearney filed a motion for leave to add Defendant as a third-party defendant to the state court lawsuit. The state court granted the motion on September 24, 2019 (Filing No. 136-3), and a third-party complaint has been filed against Defendant in that suit. (Filing No. 136-4.) This Court is under the understanding that a protective order will be, or has been, entered in the state court lawsuit to protect Defendant's confidentiality interests in that suit.

Given the change in circumstances, this Court will modify its September 16, 2019 order to allow Kearney to permissively intervene in this case. Kearney's intervention will be *limited* to allowing it to view restricted filings in this action and to use those restricted filings in the state court lawsuit, *provided* access to those filings remain restricted in the state court lawsuit. To be clear, Kearney is subject to the terms of the Protective Order entered in this case and will be held accountable in this Court for violating its provisions. Kearney will not be allowed to participate at trial or any other proceedings in this case.

Accordingly,

**IT IS ORDERED** that the Motion to Alter or Amend (Filing No. 136) is granted, in part, as set forth above. The Clerk of Court is directed to modify the docket sheet to reflect that Kearney Towing and Repair Center, Inc. is an intervenor in this action.

Dated this 13th day of January, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge