IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE GOODYEAR TIRE & RUBBER COMPANY, <br><br> Defendant. | Case No. 8:18-cv-00127 |

## GOODYEAR'S MOTION IN LIMINE[1]

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, moves *in limine* for an order granting the following relief:

1. Precluding at trial any evidence, comment, argument, reference or innuendo regarding any private recall of tires, or any post-sale duty to recall as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403. Goodyear's Memorandum in Support of this Motion is being filed contemporaneously with this Motion.

2. Precluding at trial any evidence, comment, argument, reference or innuendo regarding "similar" accidents, claims, or lawsuits as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403 unless and until Plaintiffs lay a foundation for the admissibility of this evidence by demonstrating the substantial similarity between these categories of evidence and the evidence at issue in this case. Goodyear's Memorandum in Support of this Motion is being filed contemporaneously with this Motion.

---

[1] In this Motion, the term "Subject Tire" refers to LT235/85R16 Goodyear Wrangler HT Tires generally. The term "Tire at Issue" refers specifically to the Tire that was mounted on the truck involved in the accident, and which suffered the tread detachment which has given rise to this lawsuit.

1

3. Precluding at trial any evidence, comment, argument, reference or innuendo regarding other tires, other Goodyear tire models, and other tire failures as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403. Goodyear's Memorandum in Support of this Motion is being filed contemporaneously with this Motion.

4. Precluding Plaintiffs' expert David Southwell from wearing a lab coat at trial, handing out flashlights to the jurors at trial, and other improper interactions with the jury under Federal Rule of Evidence 611(1) and Local Rule 1.6(I). Goodyear's Memorandum in Support of this Motion is being filed contemporaneously with this Motion.

5. Precluding at trial any evidence, comment, argument, reference or innuendo regarding the Protective Order entered in this case (ECF No. 66) as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403. Goodyear's Memorandum in Support of this Motion is being filed contemporaneously with this Motion.

6. Precluding at trial any evidence, comment, argument, reference or innuendo regarding discovery in other litigation, unless otherwise stipulated by the parties, as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403. Goodyear's Memorandum in Support of this Motion is being filed contemporaneously with this Motion.

7. Precluding at trial any evidence, comment, argument, reference or innuendo regarding plant practices at Goodyear's Gadsden, Alabama facility in the event Plaintiffs characterize their belt alignment defect theory as a design defect, and evidence, comment, argument, reference or innuendo regarding plant practices at Goodyear's Gadsden, Alabama facility unrelated to belt alignment, in the event Plaintiffs characterize their belt alignment theory as a manufacturing defect, as irrelevant under Rule 402 and as unduly prejudicial, misleading, and

1836630

3

confusing under Rule 403. Goodyear's Memorandum in Support of this Motion is being filed contemporaneously with this Motion.

8. Precluding Plaintiffs' Expert David Southwell from opining or commenting on the truthfulness of witnesses and parties as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403. Goodyear's Memorandum in Support of this Motion is being filed contemporaneously with this Motion.

9. Precluding at trial any evidence, comment, argument, reference or innuendo regarding "adjustment data" as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403. Goodyear's Memorandum in Support of this Motion is being filed contemporaneously with this Motion.

10. Precluding at trial any evidence, comment, argument, reference or innuendo regarding Bridgestone/Firestone recalls and incidents as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403. Goodyear's Memorandum in Support of this Motion is being filed contemporaneously with this Motion.

11. Bifurcating the trial into liability and punitive damages phases and prohibiting Plaintiffs from offering punitive damages evidence during the liability phase of the trial pursuant to Ohio Revised Code Section 2315.21. Goodyear's Memorandum in Support of this Motion is being filed contemporaneously with this Motion.

12. Precluding at trial any evidence, comment, argument, reference or innuendo regarding Goodyear's investigation into "tread throws" involving Goodyear Load Range E Light Truck Tires because this information is protected by the self-critical analysis privilege. Goodyear's Memorandum in Support of this Motion is being filed contemporaneously with this Motion.

1836630

13. Precluding at trial any evidence, comment, argument, reference or innuendo regarding post-manufacture design changes to the Subject Tire as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403. Goodyear's Memorandum in Support of this Motion is being filed contemporaneously with this Motion.

14. Precluding at trial any evidence, comment, argument, reference or innuendo regarding opinions from Plaintiffs' Rehabilitation Expert, Craig Lichtblau, MD, relating to medical treatment Mr. Loveland will likely not need in the future as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403. Goodyear's Memorandum in Support of this Motion is being filed contemporaneously with this Motion.

15. Limiting Plaintiffs' Expert Witnesses' opinions and testimony to those subjects and opinions disclosed in their expert reports and deposition testimony pursuant to Federal Rules of Civil Procedure 26(a) and 37(a). Goodyear's Memorandum in Support of this Motion is being filed contemporaneously with this Motion.

16. Precluding Plaintiffs' Expert, David Southwell, from offering opinions at trial first disclosed during his deposition, but not included in his expert report pursuant to Federal Rules of Civil Procedure 26(a) and 37(a) and as irrelevant under Federal Rule of Evidence 402.

17. Precluding at trial any evidence, comment, argument, reference or innuendo regarding the National Highway Traffic Safety Administration's Preliminary Evaluation of Goodyear's Load Range E tires and Goodyear's Voluntary Replacement Program as irrelevant under Federal Rule of Evidence 402 and as unduly prejudicial, misleading, and confusing under Federal Rule of Evidence 403. Goodyear's Memorandum in Support of this Motion is being filed contemporaneously with this Motion.

1836630

18.     Precluding Plaintiffs from introducing the "Day In The Life Video Of Shane Loveland as irrelevant under Rule 402, inadmissible hearsay under Rule 802, and as unduly prejudicial, misleading, and confusing under Rule 403. Goodyear's Memorandum in Support of this Motion is being filed contemporaneously with this Motion.

19.     Exercising its supervisory power to keep any trade secrets and other commercially sensitive information and documents introduced at trial under seal, to close the courtroom when trade secret material or other commercially sensitive information is discussed or published to the jury, and to restrict non-parties from access to trade secret or commercially sensitive documents during and after trial. Goodyear's Memorandum in Support of this Motion is being filed contemporaneously with this Motion.

20.     Precluding at trial any evidence, comment, argument, reference or innuendo regarding Goodyear's corporate status, wealth, or power as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403.

21.     Precluding at trial any comment, argument, reference or innuendo regarding Goodyear having hired the best attorneys or experts who make a career out of coming to court to testify as unduly prejudicial, misleading, and confusing under Rule 403.

22.     Precluding at trial any comment, argument, reference or innuendo contrasting the wealth and power of the parties as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403.

23.     Precluding at trial any comment, argument, reference or innuendo that Goodyear is motivated by greed as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403.

1836630

24. Precluding at trial any comment, argument, reference or innuendo that the jury should send a message through its verdict or that the verdict will make Goodyear take notice or do the "right thing" as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403.

25. Precluding at trial any comment, argument, reference or innuendo regarding any collusion to distort the truth on the part of Goodyear and its witnesses as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403.

26. Precluding any comment, argument, reference or innuendo invoking the jury's self interest or what the verdict would mean to the jury personally as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403.

WHEREFORE, Goodyear respectfully requests that the Court grant the relief requested in this Motion and for such other and further relief as the Court deems just and appropriate under the circumstances.

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068

1836630

(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

7

1836630

8

**CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 4th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

                                       /s/ Edward S. Bott, Jr.