IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE GOODYEAR TIRE & RUBBER COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 8:18-cv-00127 ) ) ) ) ) ) ) |

**GOODYEAR'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE SEEKING TO LIMIT PLAINTIFFS' EXPERT WITNESSES' OPINIONS AND TESTIMONY TO THOSE SUBJECTS AND OPINIONS DISCLOSED IN THEIR <u>EXPERT REPORTS AND DEPOSITION TESTIMONY</u>**

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, submits its Memorandum in Support of its Motion in Limine Seeking to Limit Plaintiffs' Expert Witnesses' Opinions and Testimony to those Subjects and Opinions Disclosed in Their Expert Reports and Deposition Testimony.[1] In support of this Motion, Goodyear states as follows:

**ARGUMENT**

Rule 26(a)(2) governs the mandatory disclosure of expert testimony. Under this Rule, each party must disclose the identity of any expert witness that it may use at trial, along with a detailed written report prepared and signed by the witness, by the date ordered by the court. Fed. R. Civ. P. 26(a)(2). Each written report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). This full disclosure must be made "sufficiently in advance of trial [so] that opposing parties have a reasonable

---

[1] This Motion in Limine is subject to Goodyear's contemporaneously-filed Motion in Limine seeking to preclude Plaintiffs' purported tire failure expert, David Southwell, from offering opinions on whether Goodyear should have recalled the Tire at Issue and Goodyear's contemporaneously-filed Motion in Limine seeking to preclude Mr. Southwell from commenting on the truthfulness of witnesses and parties.

1

1833066v3

opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Rule 26 Advisory Committee Notes, 1993 Amendments.

The purpose of Rule 26(a)(2) is to eliminate "unfair surprise" to the opposing party. *Sylia-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995). If a party does not satisfy Rule 26(a)(2)'s disclosure requirements, the undisclosed expert or information is excluded under Rule 37(a) unless the failure was substantially justified or harmless. *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 703 (8th Cir. 2018). This is a "self-executing sanction for failure to make a disclosure as required by Rule 26(a), without need for a motion" for sanctions. *Id*. (quoting Rule 37 Advisory Committee Notes, 1993 Amendments). If a party fails to supplement an expert report, a court may order appropriate sanctions, including the granting of a new trial. *Tenbarge v. Ames Taping Tool Sys., Inc.*, 190 F.3d 862, 865 (8th Cir. 1999).

Here, under this authority, the Court should enter an order in limine forbidding Plaintiffs' experts from offering opinions not contained in their expert report or discussed during their depositions. This result is consistent with the intent and purpose of Rule 26(a), and courts grant motions in limine on this basis regularly. *E.g.*, *Winslow v. Gen. Motors Corp.*, No. 2:01CV76, 2003 WL 25676481, at *2–3 (E.D. Ark. Mar. 20, 2003); *see also Kuehl v. Sellner,* No. C14-2034, 2015 WL 5823369, at *2 (N.D. Iowa Oct. 1, 2015) ("[T]he expert witnesses will not be permitted to offer opinions which were not disclosed pursuant to Rule 26(a)(2)(C), or otherwise disclosed in their depositions.") This Court should follow suit and grant this Motion in Limine accordingly.

## CONCLUSION

For each of the foregoing reasons, Goodyear respectfully requests that the Court grant its Motion in Limine, and limit Plaintiffs' expert witnesses' opinions and testimony to those subject and opinions disclosed in their expert reports and deposition testimony.

2

1833066v3

3

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

3

1833066v3

**CERTIFICATE OF COMPLIANCE**

  I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 773 words.

                /s/ Edward S. Bott, Jr.

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 4th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

                /s/ Edward S. Bott, Jr.

1833066v3