IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE GOODYEAR TIRE & RUBBER COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 8:18-cv-00127 ) ) ) ) ) ) ) |

**GOODYEAR'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE SEEKING TO PRECLUDE PLAINTIFFS' PURPORTED TIRE FAILURE EXPERT, DAVID SOUTHWELL, FROM OFFERING OPINIONS AT TRIAL FIRST DISCLOSED DURING HIS DEPOSITION, BUT NOT INCLUDED IN HIS EXPERT REPORT**

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, submits its Memorandum in Support of its Motion in Limine Seeking to Preclude Plaintiffs' Purported Tire Failure Expert, David Southwell, from Offering Opinions at Trial First Disclosed During his Deposition, But Not Included in his Expert Report:

### INTRODUCTION

During his deposition, Plaintiffs' purported tire failure expert, David Southwell, testified that Goodyear should have recalled some or all Goodyear's Load Range E tires—presumably including the Tire at Issue[1]—following Goodyear's investigation, in the mid-1990s, into "tread throws" experienced by a small portion of Goodyear's Load Range E tires. Mr. Southwell developed this opinion before finishing his expert report in his case, but did not include the opinion

---

[1] In this Memorandum, the term "Subject Tire" refers to LT235/85R16 Goodyear Wrangler HT Tires generally. The terms "Tire at Issue" and "Tire" refers specifically to the Tire that was mounted on the truck involved in the accident, and which suffered the tread detachment which has given rise to this lawsuit.

1

in the report itself because he was not asked by Plaintiffs to comment on Goodyear's failure to issue a recall.

The Court should preclude Mr. Southwell from offering opinions and testimony regarding Goodyear's failure to recall the Tire, or other Load Range E tires, for two independent reasons. First, Mr. Southwell's opinions and testimony in this regard are irrelevant. Plaintiffs have not pleaded any claim based, in whole or in part, on Goodyear's failure to recall the Tire at Issue. Even if they had, Nebraska does not recognize a post-sale duty to warn about a product, or to recall a product.

Second, Mr. Southwell did not disclose this opinion in his expert report, despite his obligation to do so under Federal Rule of Civil Procedure 26. Under Federal Rule of Civil Procedure 37, this evidence should be excluded as a sanction for Plaintiffs' failure to insure that this opinion was included in Mr. Southwell's report.

## RELEVANT FACTUAL BACKGROUND

### I. Claims In The Lawsuit.

Plaintiffs' Complaint pleads claims against Goodyear for negligence, strict liability, and breach of warranty. (Compl., ECF No. 1-1, at 21-25.) None of these claims is based, in whole or in part, on Goodyear's failure to recall the Tire at Issue, or any other tire. (*See id.*) Plaintiffs have not amended, or sought to amend, their Complaint to include these allegations, or plead a claim based on Goodyear's failure to recall the Tire at Issue.

### II. Report And Testimony Of David Southwell.

At trial, Plaintiffs intend to offer testimony from their purported tire failure expert, David Southwell, to prove that the Tire at Issue suffered a disablement due to manufacturing and/or design defects. In his expert report, Mr. Southwell opined that the Tire at Issue was defective because (1) its

structural integrity was compromised due to thermo-oxidative degradation of the internal tire components, (2) its lateral belt was improperly displaced, and (3) Goodyear failed to include a nylon overlay or cap ply in the Tire's design. (Expert Report of David Southwell ("Southwell Rep."), ECF No. 109, Ex. B, at 30, § 12.) Mr. Southwell did not fault Goodyear for failing to recall the Tire in his report. (*Id.*)

Once Goodyear's initial deposition examination of Mr. Southwell concluded, Plaintiffs' counsel elicited testimony from Mr. Southwell regarding his criticism of Goodyear's failure to recall Load Range E tires, including, presumably, the Tire at Issue. (Tr. Dep. David Southwell ("Southwell Dep."), attached as Exhibit B, at 180:16-181:7.) Mr. Southwell admitted on further examination that he formed this opinion during his review of the documents he received regarding this case, before completion of his report, but did not include the opinion, because he "wasn't asked to comment on it." (*Id.* at 184:13-19.)

## ARGUMENT

**I.    The Court Should Exclude Mr. Southwell's Failure To Recall Opinion As Irrelevant.**

In federal courts, only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to show that the existence of a fact of consequence to the determination of the action is more likely or less likely. Fed. R. Evid. 401.

Here, Mr. Southwell's opinion that Goodyear should have recalled the Tire is not relevant to any claims in this case. First, Plaintiffs have not pleaded a claim based, in whole or in part, on Goodyear's failure to recall the Tire. Even if they had, Nebraska does not recognize a post-sale duty to warn, retrofit, or recall a product. *See Anderson v. Nissan Motor Co., Ltd.*, 139 F.3d 599 (8th Cir. 1998) (affirming dismissal of negligence claims based on post-sale duty to warn and duty

3

to retrofit because Nebraska would not impose such a duty); *Vallejo v. Amgen, Inc.*, No. 14-CV-60, 2014 WL 4922901, at *4 (D. Neb. Sept. 29, 2014).

Second, Plaintiffs have not established who owned the Tire before it was mounted on the Subject Tire. Plaintiffs, therefore, have not, and cannot, demonstrate that any recall that would have been issued would have removed the Tire from service. Again, this renders any opinion on whether or not Goodyear should have issued a recall irrelevant.

Third, for purposes of Plaintiffs' strict liability claim, the relevant period of time to judge the condition of the Tire at Issue is at the time it left Goodyear and entered the marketplace. *E.g.*, *Rahmig v. Mosley Mach. Co.*, 412 N.W.2d 56, 69 (Neb. 1987); *Stahlecker v. Ford Motor Co.*, 667 N.W.2d 244, 257–58 (Neb. 2003). Goodyear's decision not to recall the Tire has no bearing on whether the Tire was defective when it left Goodyear's possession and entered the marketplace.

Fourth, given the absence of post-sale duties to warn, retrofit, or recall a product in Nebraska, Goodyear's negligence must be judged—as with Plaintiffs' strict liability claim—at or before the time the Tire left Goodyear's possession and entered the marketplace. Whether an investigation conducted several years after the Tire was manufactured should have resulted in a recall thus has no bearing on whether Goodyear was negligent, in 1994, when it manufactured the Tire and the Tire entered the marketplace.

**II. The Court Should Exclude Mr. Southwell's Failure To Recall Opinion Under Federal Rule Of Civil Procedure 37 As A Sanction For Mr. Southwell's Failure To Include The Opinion In His Expert Report.**

Rule 26(a)(2) governs the mandatory disclosure of expert testimony. Under this Rule, each party must disclose the identity of any expert witness that it may use at trial, along with a detailed written report prepared and signed by the witness, by the date ordered by the court. Fed. R. Civ. P.

4

26(a)(2). Each written report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i).

If a party does not satisfy Rule 26(a)(2)'s disclosure requirements, the undisclosed expert or information is excluded under Rule 37(a) unless the failure was substantially justified or harmless. *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 703 (8th Cir. 2018). This is a "self-executing sanction for failure to make a disclosure as required by Rule 26(a), without need for a motion" for sanctions. *Id.* (quoting Rule 37 Advisory Committee Notes, 1993 Amendments). If a party fails to supplement an expert report, a court may order appropriate sanctions, including the granting of a new trial. *Tenbarge v. Ames Taping Tool Sys., Inc.*, 190 F.3d 862, 865 (8th Cir. 1999).

In determining what remedy to impose for a party's failure to comply with Rule 26, a court should consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Meyer v. Currie Tech Corp.*, 329 F.R.D. 228, 232 (D. Neb. 2018) (quoting *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008)).

To date, Plaintiffs have not offered an explanation for why they elicited recall-related opinions from Mr. Southwell during his deposition, but did not ask him to include any such opinions in his expert report. Following Mr. Southwell's deposition, Plaintiffs have not supplemented Mr. Southwell's report with his recall opinions, despite the fact that Mr. Southwell has since supplemented his report to offer opinions related to the Global Master Specification for the Tire at Issue. From these facts, one is nearly compelled to conclude that Plaintiffs' failure in this regard was inexcusable, if not willful.

Second, Goodyear was surprised by Mr. Southwell's recall opinion, and will be prejudiced if it is introduced at trial. As Plaintiffs have pleaded no recall-related claim, and as Goodyear's conduct following the manufacture of the Tire is irrelevant, Goodyear had no reason to expect that Mr. Southwell would offer this testimony. This failure also prejudiced Goodyear, as it had no opportunity to prepare to effectively depose Mr. Southwell on this opinion, and had no opportunity to consult its own experts regarding this opinion. *See Meyer*, 329 F.R.D. at 234.

Third, allowing Mr. Southwell to opine on recalls will disrupt the flow of the trial on a matter that has no relevance to the claims at issue. Goodyear will be forced to educate the jury on product recalls generally, what circumstances justify a recall, how a recall would have been conducted, and why it made the decision not to recall the Subject Tire. This will create a mini-trial on an issue that has no relevance to the case, will waste time, and will likely confuse the jury, making independently subject to exclusion under Federal Rule of Evidence 403.

Fourth, Plaintiffs will not be meaningfully prejudiced if this opinion is excluded from evidence at trial, given that it is, in all events, irrelevant. For all these reasons, the Court should preclude Mr. Southwell from offering any opinions at trial about Goodyear's failure to recall the Subject Tire. *See Meyer*, 329 F.R.D. at 234; *Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co.*, No. 4:13-CV-01043 SPM, 2015 WL 2176964, at *2 (E.D. Mo. May 8, 2015).

## CONCLUSION

For each of the foregoing reasons, Goodyear respectfully requests that the Court enter an Order precluding Mr. Southwell from offering opinions and testimony regarding Goodyear's failure to recall the Tire at Issue, or other Load Range E tires, and for such other and further relief as the Court deems just and appropriate under the circumstances.

6

GREENSFELDER, HEMKER & GALE, P.C.

By:   /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

7

1834802

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 1,976 words.

/s/ Edward S. Bott, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 4th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.

1834802