IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., <br><br>Plaintiffs, <br><br>v. <br><br>THE GOODYEAR TIRE & RUBBER COMPANY, <br><br>Defendant. | Case No. 8:18-cv-00127 |

**GOODYEAR'S MEMORANDUM IN SUPPORT OF ITS
MOTION IN LIMINE SEEKING EXCLUSION OF
ALL TESTIMONY, EVIDENCE OR COMMENT ON ANY OTHER TIRE**

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, submits its Memorandum in Support of its Motion in Limine Seeking Exclusion of All Testimony, Evidence or Comment on Any Other Tire:

**INTRODUCTION**

Goodyear anticipates that Plaintiffs may attempt to introduce evidence pertaining to tires other than the LT235/85R16 Goodyear Wrangler HT tire bearing DOT # MD0RNJHV244 manufactured by Goodyear and involved in the accident that resulted in this lawsuit. Any such evidence relating to other sizes, models, or designs of products is irrelevant, as different tire models are dissimilar from one another. Unless Plaintiffs can establish substantial similarity between the Tire involved in this lawsuit and other tires, any such evidence is inadmissible. Evidence concerning design and/or manufacturing issues involving tire models other than the LT235/85R16 Goodyear Wrangler HT tire is irrelevant, and its admission would be improper and

1

would pose substantial risk of prejudice to Goodyear. Accordingly, this evidence should be excluded.

## RELEVANT FACTUAL BACKGROUND

### I. The Subject Accident.

On May 1, 2015, Shane Loveland, and Jacob Summers were passengers in a 2003 Chevrolet Silverado SC1 pickup truck being operated by Larry Blair. (Compl. ¶ 10, ECF No. 1-1 at 21). They were all employees of Dandee Concrete Construction Company ("Dandee"), and Dandee owned the pickup truck. The accident happened at approximately 7:00 a.m., as the vehicle was traveling east on Interstate 80 near Kearney, Nebraska. Mr. Blair was traveling at 75-78 mph when the right rear tire (the "Tire" or "Tire at Issue[1]") mounted on the truck suffered a partial tread detachment without loss of air. Mr. Blair lost control of the vehicle, crossed the grass median between the I-80 east and westbound lanes of traffic, ultimately coming to rest on the northern shoulder to the westbound traffic lanes. The vehicle rolled over multiple times along this path and all occupants were ejected. At the time of the accident, none of the three occupants were wearing seatbelts. Mr. Loveland and Mr. Summers were injured in the accident and subsequently filed this lawsuit, alleging claims of strict liability and negligence.

### II. The Tire At Issue and Plaintiffs' Defect Theory.

The Tire at Issue is an LT235/85R16 Goodyear Wrangler HT tire bearing DOT # MD0RNJHV244, which identifies a tire manufactured by Goodyear at its Gadsden, Alabama plant during the 24th week of 1994. (Expert Report of David Southwell ("Southwell Rep."), ECF No. 109, Ex. B, at 5, § 3.a.)

---

[1] In this Memorandum, the term "Tire" or "Tire at Issue" refers to the specific Tire that was mounted on the truck involved in the accident, and which suffered the tread detachment which has given rise to this lawsuit. The term "Subject Tire" refers to LT235/85R16 Goodyear Wrangler HT Tires generally.

2

1835965

The Tire at Issue is classified as a Load Range E tire, which reflects the fact that it was designed to bear loads within the Load Range E classification. Load Range E tires include Goodyear Wrangler HT tires, and numerous other sizes and models of Goodyear tires. Load Range E tires are also made by all major tire manufacturers. (*See* NHTSA ODI Resume, attached as Exhibit I, at 2.)

Plaintiffs maintain that the Tire at Issue was defective in design because the Tire's construction did not incorporate a nylon overlay to reinforce the Tire's belt edge. (Southwell Rep., ECF No. 109, Ex. B, at 17-18.) Goodyear has stipulated and admits that it could have included a nylon overlay into the design of the Tire at Issue at the time of its manufacture, but denies that the Tire was defective in design due to the absence of a nylon overlay. Specifically, as Goodyear experts have testified, and as Goodyear will demonstrate at trial, nylon overlays do not eliminate or prevent tread separations. (*E.g.*, 11.5.19 Tr. J. Lawrence Deposition ("Lawrence Dep."), attached as Exhibit C, at 136:9-14; 5.9.19 Expert Report of Joseph L. Grant, attached as Exhibit N, at 20.)

## ARGUMENT

**I. The Court Should Exclude Evidence Referring to Any Other Tire Because it is Irrelevant and Unduly Prejudicial.**

    **A.    Federal Rules of Evidence 402 and 403.**

In federal courts, only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to show that the existence of a fact of consequence to the determination of the action is more likely or less likely. Fed. R. Evid. 401.

Even if it is relevant, evidence is not per se admissible. Rather, courts have the power to exclude relevant evidence from the jury's consideration if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Fed. R. Evid. 403. "Unfair prejudice under Rule 403 means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. Confusion of the issues warrants exclusion of relevant evidence if admission of the evidence would lead to litigation of collateral issues." *Firemen's Fund Ins. Co. v. Thien*, 63 F.3d 754, 758 (8th Cir. 1995).

## B.  The Court Should Exclude Evidence Referring to Other Tires Under Rule 402.

Evidence relating to other tires should be excluded because of the great degree of dissimilarity among different tire designs. As set forth in the Declaration of Joe Aull, other light truck tires sold by Goodyear are significantly different from the Goodyear Wrangler HT LT235/85R16. Specifically, two tires bearing the same Load Range E designation can differ with respect to their section width, aspect ratio, speed rating, and the size wheel to which they are mounted. Additionally, the tread patterns and weights are different and the belts and rubber compounds vary from one tire to the next. Also, many of the other tires are designed for and used for applications for which the Tire at Issue, the Goodyear Wrangler HT LT235/85R16, is not suited. (Declaration of Joseph Aull in Support of Goodyear's Opposition to Plaintiffs' Motion to Compel Claims File Information, ECF No. 97, Ex. 2, ¶¶ 8-18.)

The central issue in a product liability action is whether the specific product alleged to have caused the injury was defective when it left the defendant's control. *Rahmig v. Mosley Mach. Co.*, 412 N.W.2d 56, 69 (Neb. 1987). In this case, the product that Plaintiffs allege is defective is a Goodyear Wrangler HT, size LT235/85R16 Load Range E light truck tire, which was manufactured in mid-1994.

Plaintiffs should not be permitted to reference or present information relating to other tire models. Other courts in product liability litigation involving tires have addressed this issue. For example, in *Fowler v. Firestone Tire & Rubber Co.*, 92 F.R.D. 1 (N.D. Miss. 1980), the plaintiff

4

alleged that a Firestone SBR 500 tire on his car had a tread separation resulting in an accident. Fowler, as do Plaintiffs here with other Goodyear-made tires, sought to introduce evidence relating to SBR 500 tires in general. The court excluded this evidence and limited the proof to the particular tire and specification involved in the accident. In doing so, the court held "[c]onsideration of evidence regarding tires produced under different specifications of a time remote from the production of the accident tire would unnecessarily confuse the issue before the court." *Id.* at 4.

Similarly, in *Bright v. Firestone Tire & Rubber Co.*, 756 F.2d 19 (6th Cir. 1984), the plaintiff had an accident due to a tread separation of a Firestone tire. The trial court excluded a government report that concluded that Firestone SBR 500 tires had a poor safety record. The report had examined accidents and complaints and "relied heavily on data regarding the tire's adjustment ratio . . ." *Id.* at 22. The Sixth Circuit affirmed and determined "[s]howing that the public generally had more problems with the Firestone 500 than with other tires *does not prove that the particular tire involved in this case was defective*, and has nothing to do with whether a tire defect caused this particular accident." *Id.* at 23 (emphasis added).

Here, Goodyear anticipates that Plaintiffs will seek to introduce evidence regarding a number of different tires manufactured by Goodyear. Tires come in numerous different sizes, ranges, and specifications. They fail for numerous reasons unrelated to a defect. Thus, mere evidence of issues regarding dissimilar tires is inadmissible and not proof of any issues in the case. The central issue in Plaintiffs' claims against Goodyear is whether the Tire at Issue had a defect at the time it left Goodyear's control in the 24th week of 1994. Thus, evidence relating to different tires manufactured to different specifications at different times is irrelevant. Because evidence

regarding other tires is irrelevant and Plaintiffs will not be able to make a showing of similarity, this evidence should be excluded.

    C. **The Court Should Exclude Evidence Referring to Other Tires Under Rule 403.**

Even if Plaintiffs have evidence that meets the prerequisites to admissibility, this Court should nevertheless exclude it under Federal Rule 403 because it would be unduly prejudicial, would create collateral issues that will distract and mislead the jury, and would considerably lengthen the trial. The issue in this case is whether the Tire at Issue is defective. Evidence of other tires would distract the jury from the Tire at Issue by expanding the scope of the trial.

In *Staab v. Uniroyal Tire Co.*, the court granted the defendant tire manufacturer's motion in limine and excluded evidence of any tire other than the tire involved in the case. No. 91-4096-CV-W-2, 1994 WL 230634, at *1 (W.D. Mo. May 3, 1994). The court found under Federal Rule of Evidence 403 that "the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Id.* For the same reason, the court excluded evidence of other tire failures unless plaintiff first properly proved *substantial similarity*. The principles behind both issues are the same: The fact that an accident occurred is not proof of a defect; and all tires are not alike. The introduction of evidence regarding other tires is too prejudicial in tire cases because jurors, understandably as laypersons, tend to think of tires as uniform products. Goodyear would be forced to defend several tires, not just the Tire at Issue. Jurors may impermissibly conclude from this that because they are hearing evidence of a failure of a different tire, then the Tire at Issue is defective. *See, e.g., Drabik v. Stanley-Bostitch, Inc.*, 997 F.2d 496, 508 (8th Cir. 1993) (citing *Lewy v. Remington Arms Co.,* 836 F.2d 1104, 1108 (8th Cir. 1988)) (reversing and remanding for new trial where trial court denied motion in limine to exclude evidence of other injuries occurring through use of product because despite trial court's cautionary

instruction to jury regarding other incidents, the evidence had "a considerable unfair prejudicial effect on the jury").

Other courts have addressed this exact issue. For example, in *Johnson v. Ford Motor Company*, the plaintiffs' decedent was killed while driving her 1983 Ford Escort under rainy conditions. 988 F.2d 573, 579 (5th Cir. 1993). The plaintiffs sought to introduce evidence of other claims and lawsuits involving different model Ford vehicles and different model year Escorts. The Fifth Circuit upheld the trial court's exclusion of such evidence, finding that the probative value of evidence regarding different vehicle models and different model years is substantially outweighed by the unfair prejudice that would result to the defendant by its admission. *Id.* at 581.

To present evidence on other tires would needlessly confuse the jury. Members of the public, including jurors may hold the view that tires are uniform products which are no different from one another. The technical designs of different tire models, however, differ widely. Any "common sense" notion that all tires – even tires by a particular manufacturer – are more or less the same is not correct. The internal composition of each tire, the way it is designed and how it is produced differs considerably from tire to tire. Each model is designed and built to provide specific performance characteristics and must be exhaustively tested to verify that the tire meets the performance standards which were intended. (*See* Aull Decl., ECF No. 97, Ex. 2, ¶¶ 8-18.) Evidence on other models and other tire failures will inevitably cause the jurors to lose focus on the relevant issue—whether the Tire at Issue in this case was defective.

The admission of this evidence will also cause undue delay. Goodyear would have no choice but to defend the design and manufacture of those other tires. In short, the trial in the case would necessarily involve several other "mini-trials" concerning countless other tire designs and

7

countless other modes of failure. This is a considerable problem in admitting evidence regarding other tires. In *Wilson v. Bicycle South, Inc.,* the court affirmed a trial judge's refusal to allow evidence of the collapse of another wheel manufactured by defendants on the grounds that it was not probative because of the necessity for a considerable amount of extrinsic evidence to determine whether the incidents were sufficiently similar to meet the standards. 915 F.2d 1503, 1510 (11th Cir. 1990). The Eleventh Circuit explained:

> The cause of the alleged similar incident had never been established because that case settled out of court. The parties in the instant case vigorously dispute the actual cause, demonstrating that even had the trial court reached the issue of whether the two incidents were similar this issue would have required a trial within a trial.

*Id.* at 1510 n.10. The same problems of confusion and delay will exist here. Tire failures occur for numerous reasons unrelated to any defect. Plaintiffs' evidence of other tires would require a mini-trial as to the fault for each failure. If Plaintiffs are allowed to introduce this evidence, it will confuse the jury, raise collateral issues, and lengthen trial by days, wasting judicial resources. Thus, evidence of other tires should be excluded.

## CONCLUSION

For the foregoing reasons, Goodyear respectfully requests that this Court preclude Plaintiffs from introducing evidence of, and from making any comment, reference, argument, or innuendo regarding tires other than the Subject Tire.

8

1835965

GREENSFELDER, HEMKER & GALE, P.C.

By:   /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

9

1835965

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 2,593 words.

/s/ Edward S. Bott, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 4th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.

1835965