IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE GOODYEAR TIRE & RUBBER COMPANY, <br><br> Defendant. | Case No. 8:18-cv-00127 |

**GOODYEAR'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION IN LIMINE REGARDING SOUTHWELL ATTIRE
AND JUROR HAND-OUTS**

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, submits its Memorandum of Law in Support of Goodyear's Motion in Limine Regarding Southwell Attire and Juror Hand-Outs.

### INTRODUCTION

On information and belief, Plaintiffs' expert David Southwell has in a previous trial or trials attempted to misleadingly bolster his "demeanor credibility" with jurors through conduct such as wearing a "lab coat" to trial and handing out flashlights to jurors. Goodyear is not aware if Southwell intends to do so here, but if so Goodyear asks that the Court issue an order prohibiting these types of theatrics at trial, as well as improper interactions with the jury such as handing them flashlights or any other "tool."

### ARGUMENT

This Court has broad discretion to control and regulate the conduct of litigants, attorneys and witnesses during the trial process. *United States v. Hildebrand*, 928 F. Supp. 841, 844 (N.D.

1

Iowa 1996) ("There seems to be no disagreement among the federal courts that district judges have broad discretion in managing their dockets, including trial procedure and the conduct or pace of trials."). This includes controlling the manner in which evidence is presented at trial. *See* Fed. R. Evid. 611. Further, the fundamental goal of any trial is that it be fair, and tried on the admissible facts and evidence of the case rather than by other means. *Davidson v. Riley*, 44 F.3d 1118, 1122 (2d Cir.1995); *Bailey v. Sys. Innovation, Inc.*, 852 F.2d 93, 98 (3d Cir.1988) ("[F]airness in a jury trial, whether criminal or civil in nature, is a vital constitutional right."); *Chicago Council of Lawyers v. Bauer*, 522 F.2d 242, 248 (7th Cir.1975) ("[T]he right to a fair trial [is] guaranteed by the Sixth Amendment to criminal defendants and to all persons by the Due Process Clause of the Fourteenth Amendment").

The Court's power exists independently and inherently, but is likewise reflected in the Federal Rules of Evidence and the local rules of this Court. Federal Rule of Evidence 611(1) provides broadly that "[t]he court should exercise reasonable control over ***the mode*** and order of examining witnesses ***and presenting evidence*** so as to: (1) make those procedures effective for determining the truth." Additionally, NEGenR 1.6(I) reflects this District's requirement that a trial be fair, orderly and based on evidence and not theatrics, by limiting and regulating party behavior in front of the jury so that the focus remains on actual evidence and the truth seeking process. *See* NEGenR 1.6(I) (limiting attorneys movement throughout the court room in the presence of the jury by restricting them to counsel table and the lectern, and prohibiting references to witnesses by anything other than surnames).

The general purpose of these rules and powers applies here and should be exercised by prohibiting Southwell from engaging in the above-described theatrics, the sole purpose of which is to ingratiate the witness to the jurors based on hand outs and to bolster his credibility through

2

"scientific" garb. In *Munoz v. D.G.J. Transport, Inc.*, (District Court Dimmit County, Texas), Southwell, who wore a lab coat at trial and handed out flashlights to jurors, explained under cross examination that it was the type of dress he wore when previously employed by a tire company to examine tires, before he became a professional witness. (*Munoz* Transcript, attached as Exhibit M, at 121: 16-21.) These tactics offer no objectively substantive value or information at trial, and are employed solely to mislead the jury and to gain advantage based on impertinent perceptions and biases. The Court should exercise its inherent authority to prohibit these tactics.

## CONCLUSION

Goodyear requests that this Court enter an order instructing Plaintiffs and their attorneys that David Southwell not be permitted to appear in court wearing theatrical attire such as a lab coat and that Plaintiffs' counsel and Mr. Southwell not be permitted to improperly interact with jurors such as through the use of handouts including flashlights or other "tools."

1836554v3

GREENSFELDER, HEMKER & GALE, P.C.

By:   /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

4

1836554v3

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 936 words.

/s/ Edward S. Bott, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 4th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.

1836554v3