IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE GOODYEAR TIRE & RUBBER COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 8:18-cv-00127 ) ) ) ) ) ) ) |

**GOODYEAR'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PROHIBIT DAVID SOUTHWELL FROM OPINING ON TRUTHFULNESS OF WITNESSES AND PARTIES**

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, submits its Memorandum of Law in Support of Goodyear's Motion in Limine to Prohibit David Southwell from Opining on Truthfulness of Witnesses and Parties.

**INTRODUCTION**

Goodyear anticipates that Plaintiffs, their witnesses, or their lawyers will or may seek to introduce evidence, solicit testimony, engage in conduct, or make comment in the presence of the jury through their expert witness David Southwell that Goodyear lied to or mislead the National Highway Traffic Safety Administration ("NHTSA"). Goodyear requests an order that he be prohibited from doing so because any such testimony is beyond the pleadings, runs afoul of Federal Rules of Evidence 401, 402, 403, and 702, and invades the province of the jury to determine truthfulness and credibility of witnesses and parties.

**ARGUMENT**

In his report, Southwell dedicates a section to the opinion that Goodyear lied and/or

1

misled NHTSA through various correspondence regarding Load Range E tires. (*See* Southwell Report, ECF No. 109, Ex. B, at 28-29.). Goodyear requests an order prohibiting Southwell from offering any opinions and testimony on these issues. First, these opinions fail to satisfy the relevancy requirements and balancing standards of Rules 401, 402 and 403. Southwell's extraneous comments go to no element of any claim pled and are detached from Southwell's defect theories offered elsewhere in his report and testimony. To the extent these opinions and statements marginally go to any actual issue in the case, any such testimony by Southwell would be highly inflammatory and the prejudicial impact would significantly outweigh any probative value. As such it would violate Rule 403's admissibility standards.

Further, these statements constitute nothing more than his subjective, speculative opinion and are not properly the subject of expert witness testimony under Rule 702. Under the Rule 702/*Daubert* analysis it is well settled that the "subjective beliefs" of an expert are insufficient, unreliable and inadmissible. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993).

Additionally, it is well settled that truthfulness and credibility determinations are the province of the jury, and that one witness is not to comment on his belief in the truthfulness of the statement of another witness or party. *See United States v. Whitted*, 11 F.3d 782, 785–86 (8th Cir. 1993) (noting that expert's "opinion that sexual abuse has in fact occurred" is not ordinarily admissible, nor can an expert "pass judgment on the alleged victim's truthfulness in the guise of a medical opinion, because it is the jury's function to decide credibility").

Finally, in the Eighth Circuit, "[i]t is well settled that expert witnesses cannot . . . opine on the Parties' state of mind." *Lipp v. Ginger C L.L.C.*, No. 15-04257, 2017 WL 277613, at *4 (W.D. Mo. Jan. 1, 2017); *see also Sanders v. Studdard*, No.12-01069, 2014 WL 3487145, at *7 (W.D. Mo. Feb. 12, 2014) ("While a witness may testify as to his own state of mind, he is not

1836555

competent to testify as to the state of mind of others."). For each of these reasons, collectively and independently, the Court should prohibit Southwell from offering any testimony based on his opinions and subjective believe with regard to the truthfulness, state of mind, or accuracy of Goodyear's interactions with NHTSA as set forth in pages 28-29 of his report, or in any other way.

## CONCLUSION

Because Southwell's collateral opinions on these issues are irrelevant, confusing and prejudicial, and run afoul of the noted evidentiary rules, for each of the foregoing reasons, Goodyear requests that this Court enter an order precluding Plaintiffs from offering any evidence of, and from making any comment, reference, argument, or innuendo regarding this subject.

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

4

1836555

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 900 words.

/s/ Edward S. Bott, Jr.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 4th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.

1836555