IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY,<br><br>Defendant. | Case No. 8:18-cv-00127 |

### GOODYEAR'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE REGARDING IMMATERIAL PLANT PRACTICES

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, submits its Memorandum of Law in Support of Goodyear's Motion in Limine Regarding Immaterial Plant Practices.

### INTRODUCTION

Goodyear anticipates that Plaintiffs, their witnesses, or their lawyers will or may seek to introduce evidence, solicit testimony, engage in conduct, or make comment in the presence of the jury regarding immaterial and irrelevant plant practices at the Gadsden, Alabama Goodyear facility. Goodyear seeks an order prohibiting any such trial activity as it would rule afoul of Federal Rules of Evidence 401, 402 and 403 as set forth below.

### ARGUMENT

One of David Southwell's opinions in this case is that the Tire at Issue was defective due to poor belt alignment. As stated at page 20 of his report – "The significant inaccuracy in the location of the belts – resulting from poor manufacturing practices – which increased concentration of strain energy density and hence in-service fatigue of the tire structure." (hereinafter the "Belt Alignment

1

Opinion") (Report of David Southwell, ECF No. 109, Ex. B, at 20.) As written, he stated a manufacturing defect. However, when asked about this opinion during his deposition, Southwell could not commit as to whether he considered this to be a design defect or a manufacturing defect. (Tr. 3.28.19 Deposition of David Southwell ("Southwell Dep."), attached as Exhibit B, at 16:10–20:6.) Subsequent to his deposition, Southwell then submitted a "supplemental" report which appears to state that his Belt Alignment Opinion regards a human error/manufacturing defect, rather than a design defect. (Southwell Supplemental Report, attached as Exhibit A, at 2-3.)

Due to the potential ambiguity, to the extent Southwell takes the position that his Belt Alignment Opinion is one of design, rather than one of manufacturing, Goodyear asks that the Court issue an order to exclude all evidence regarding manufacturing practices at the Gadsden, Alabama plant as those manufacturing practices have no bearing on the design of the Tire at Issue. As such, any such evidence would fail the admissibility standards of Rules 401, 402 and 403.

Alternatively, to the extent Southwell takes the position that his Belt Alignment Opinion is a manufacturing defect opinion, Goodyear asks that the Court issue an order limiting all evidence, testimony, argument, comment or innuendo regarding manufacturing practices and conditions at the Gadsden plant specifically to only those practices directly performed for belt alignment. No testimony, evidence or argument regarding any other plant conditions or manufacturing practices at the Gadsden plant are germane to Southwell's belt alignment opinion, and their injection into this trial would fail the admissibility standards of Rules 401, 402 and 403.

## CONCLUSION

Because the foregoing subjects are irrelevant, confusing and prejudicial, for each of the foregoing reasons, Goodyear requests that this Court enter an order precluding Plaintiffs from introducing evidence of, and from making any comment, reference, argument or innuendo regarding

these immaterial plant practices and conditions, or, in the alternative, limiting all evidence, testimony, argument, comment or innuendo regarding manufacturing practices and conditions at the Gadsden plant specifically to only those practices directly performed for belt alignment.

GREENSFELDER, HEMKER & GALE, P.C.

By:     /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO  63102
(314) 241-9090
Fax:  (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE  68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

3

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 793 words.

/s/ Edward S. Bott, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 4th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.

4