IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., <br><br>Plaintiffs, <br><br>v. <br><br>THE GOODYEAR TIRE & RUBBER COMPANY, <br><br>Defendant. | Case No. 8:18-cv-00127 |

**GOODYEAR'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PROHIBIT USE OF DISCOVERY IN OTHER LITIGATION**

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, submits its Memorandum of Law in Support of Goodyear's Motion in Limine to Prohibit Use of Discovery in other Litigation.

### INTRODUCTION

Goodyear anticipates that Plaintiffs, their witnesses, or their lawyers will or may seek to introduce evidence, solicit testimony, engage in conduct, or make comment in the presence of the jury regarding discovery in other litigation. Goodyear seeks entry of an order prohibiting any such tactics. Such actions would violate the evidentiary requirements of Federal Rules of Evidence 401, 402 and 403 and deny Goodyear its right to a fair trial due to the risk of ambush and surprise.

### ARGUMENT

Goodyear seeks an order from the Court limiting the parties to the use of only discovery exchanged in this case, unless otherwise stipulated between the parties. The injection of discovery, including deposition testimony, from other cases gives rise to the questions of substantial similarity, mini-trials, relevance, and the balance between probative value and prejudicial impact briefed

1

thoroughly elsewhere in Goodyear's contemporaneously filed motions in limine regarding other accidents, claims, lawsuits, adjustment data, and the Firestone Recall, the arguments and authority in support of which are incorporated herein by reference.

Further, the discovery rules exist so that the parties may prepare for trial based on what was actually disclosed in a given case. As stated within this Circuit: A party "should not be permitted to present evidence that was not disclosed during discovery if that evidence should have been disclosed. This is not a discovery dispute: a document that was not (but should have been) produced during discovery cannot be introduced at trial." *Weitz Co., L.L.C. v. MacKenzie House, L.L.C.*, No. 07-0103, 2009 WL 10705142, at *2 (W.D. Mo. Dec. 2, 2009). To preserve judicial integrity and the constitutional right to a fair trial, discovery gamesmanship is not to be used in order to execute a trial by ambush. *Davis v. Marathon Oil Co.*, 528 F.2d 395, 404 (6th Cir.1975), *cert. denied*, 429 U.S. 823 (1976); *Nutt v. Black Hills Stage Lines, Inc.*, 452 F.2d 480, 483 (8th Cir.1971); *Woods v. Int'l Harvester Co.*, 697 F.2d 635, 639 (5th Cir.1983) ("[T]rial by ambush is not contemplated by the Federal Rules of Civil Procedure."). Further, discovery from other cases in other jurisdictions would have been subject to different jurisdictional authority, discovery rules, and judicial rulings. The fact that something was requested and permitted to be exchanged in another case has no bearing on whether it was requested here and, if requested, proper and not subject to valid objection.

Finally, reference to discovery in other cases, particularly deposition testimony, would be unfairly prejudicial to Goodyear due to the implication that Goodyear is a regular litigant. For each of the foregoing reasons, Goodyear request that the Court issue an order prohibiting the use of discovery had in other litigation unless otherwise jointly stipulated by the parties. Alternatively, to the extent testimony from other cases is used here, Goodyear requests that each of the other

deposition transcripts should be given an alpha-numeric designation in order to avoid poisoning the jury with references to the names of other lawsuits. In that way, a witness may be cross-examined using a given transcript without telling the jury that the transcript was taken in a different case. This ruling would also preclude any reference to the name of the other case (or the other litigants) in the body of the transcript which is read and/or used for cross-examination by plaintiffs' counsel.

## CONCLUSION

Because discovery from other litigation is irrelevant, confusing, prejudicial, and risks unfair surprise at trial for each of the foregoing reasons, Goodyear requests that this Court enter an order precluding Plaintiffs from introducing evidence of, and from making any comment, reference, argument or innuendo regarding the discovery had in other litigation and, if permitted, to employ the safeguards described herein.

GREENSFELDER, HEMKER & GALE, P.C.


By: /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

4

1836581

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 933 words.

                                                        /s/ Edward S. Bott, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 4th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

                                                        /s/ Edward S. Bott, Jr.

1836581