IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE GOODYEAR TIRE & RUBBER COMPANY, <br><br> Defendant. | Case No. 8:18-cv-00127 |

### GOODYEAR'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE REGARDING THE PROTECTIVE ORDER AND CONFIDENTIAL DESIGNATED DOCUMENTS

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, submits its Memorandum of Law in Support of Goodyear's Motion in Limine Regarding the Protective Order and Confidential Designated Documents.

### INTRODUCTION

Goodyear anticipates that Plaintiffs, their witnesses, or their lawyers will or may seek to introduce evidence, solicit testimony, engage in conduct, or make comments in the presence of the jury regarding the existence of a Protective Order in this case and that documents were produced on a confidential basis. Goodyear seeks an order that Plaintiffs be prohibited from discussing the Protective Order in this case and that Goodyear produced materials on a "confidential" basis as such conduct would violate the evidentiary standards of Federal Rules of Evidence 401, 402 and 403.

### ARGUMENT

The parties previously entered into a comprehensive Protective Order relating to all documents and information produced by Goodyear in this case. (ECF No. 66.) Goodyear is a large

1

1836590v2

2

corporation in the tire manufacturing business which is noted for its fierce competition. In anticipation of voluminous discovery, including the likely production of product development and design specifications as well as other proprietary and trade secret information, Goodyear requested and received a stipulation regarding a Protective Order relative to documents and information produced by Goodyear.

Pursuant to this Protective Order, most of the documents produced by Goodyear are protected and are to be treated as confidential. The vast majority of the documents were produced with a "confidential" stamp on them. The parties, their counsel, and their witnesses should be precluded from commenting on, making reference to, or seeking to admit evidence regarding the designation of documents as "confidential" pursuant to the Protective Order. Similarly, the parties, their counsel, and their witnesses should be precluded from commenting on, making reference to, or seeking to admit evidence regarding the existence of the Protective Order itself, which was entered by the Court, has no relevance to the issues for trial, and might be misinterpreted by the jury as having some significance other than the legitimate protection of Goodyear's trade secret and proprietary information.

Whether documents or other information were designated "confidential" pursuant to the Protective Order is wholly irrelevant to the jury's consideration of the product defect issues at the heart of this case, and any injection of the manner in which the documents were produced as ordered by the Court cannot possibly satisfy the relevance standards of Rules 401 and 402.

Further the practice would implicate, and be barred by, the balancing test required by Rule 403. If Plaintiffs attempt to inflame the jury through counsel's argument about the production of "confidential" documents, such argument is not evidence (let alone relevant evidence) and should be precluded. Similarly, if Plaintiffs seek to offer testimony regarding the designation of documents

as "confidential," such testimony is not relevant to any fact of consequence and should be excluded. Accordingly, even if testimony about "confidential" designations was remotely relevant to any issue (and it is not), the probative value of allowing such evidence would be substantially outweighed by the danger of misleading the jury and prejudicing Goodyear.

It would also be time-wasteful and inefficient under Rule 403. If such argument or evidence is heard by the jury, substantial time may be required to rebut any inference that production of documents as "confidential" pursuant to the terms of the Court's Protective Order is somehow improper or inappropriate. Such a presentation could include evidence—through declarations, transcripts, or submissions from the Court's file—of why the Court entered the Protective Order in the first instance. However, such evidence would not facilitate the resolution of any material fact.

Apart from these evidentiary issues, allowing such argument or evidence will undermine the Court's authority in entering the Protective Order and may allow Plaintiffs to improperly delegate that function to the jury. Plaintiffs have obtained the benefit of the Protective Order and cannot now have the jury re-litigate the entry of that Order. The Court—not the jury—issues and enforces pretrial orders and the jury should not be asked or allowed to undercut that responsibility, or to second guess the wisdom of it.

In addition, Goodyear requests that any confidentiality legend should be redacted from any document before it is published to the jury or entered into evidence, because there is a substantial risk that that the jury will be misled or confused—to Goodyear's prejudice—by the fact of such designation as well as the fact that some of these documents reference other lawsuits brought against Goodyear (an issue governed by Goodyear's contemporaneously-filed motion in limine regarding other incidents, claims and lawsuits, incorporated herein by reference). Redaction of the

"confidentiality" legends of documents before they are published to the jury or admitted at trial is necessary for other reasons, including avoiding jury confusion in a complicated trial. For example:

- Jurors, seeing that certain documents were "produced under court order," may erroneously infer that Goodyear refused to produce certain documents until it was compelled by the Court.

- Likewise, jurors may erroneously infer that the Court has singled out certain documents in particular (i.e., those "produced under Court Order") as especially worthy of the jury's attention.

- Seeing that certain documents have been stamped "Confidential," jurors may erroneously infer that Goodyear has attempted to keep these documents secret from Plaintiffs because they somehow support their claims—when in fact, Goodyear has voluntarily produced the documents in accordance with the Protective Order.

To avoid these confusing and prejudicial side shows, and for the same reasons that references to the designation of documents as "confidential" pursuant to the Protective Order should be precluded, all confidentiality legends should be redacted before any document is published to the jury or admitted into evidence.

## CONCLUSION

Because the existence of the Protective Order and the manner in which confidential materials were exchanged in this case is irrelevant, confusing, prejudicial, and risks unfair surprise at trial for each of the foregoing reasons, Goodyear requests that this Court enter an order precluding Plaintiffs from introducing evidence of, and from making any comment, reference, argument or innuendo regarding, these matters and to employ the safeguards described herein.

1836590v2

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

5

1836590v2

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 1,306 words.

/s/ Edward S. Bott, Jr.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 4th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.

1836590v2