IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY,<br><br>Defendant. | Case No. 8:18-cv-00127 |

**GOODYEAR'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE SEEKING EXCLUSION OF EVIDENCE OF "SIMILAR" ACCIDENTS, CLAIMS, OR LAWSUITS**

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, submits its Memorandum in Support of its Motion in Limine Seeking Exclusion of "Similar" Accidents, Claims, or Lawsuits:

**INTRODUCTION**

Goodyear anticipates that Plaintiffs may attempt to introduce evidence of other accidents, claims, or lawsuits for the purpose of showing that, because other accidents, claims or lawsuits exist, the Tire at Issue[1] is defective. Plaintiffs may attempt to offer this evidence by way of testimony from Plaintiffs' experts, through testimony of Goodyear witnesses, argument of Plaintiffs and their attorneys, and through documents and other evidence disclosed during the discovery process or obtained through other sources. Any such evidence should be excluded on multiple grounds. First, unless Plaintiffs establish substantial similarity between the other

---

[1] In this Memorandum, the term "Tire" or "Tire at Issue" refers specifically to the Tire that was mounted on the truck involved in the accident, and which suffered the tread detachment which has given rise to this lawsuit. The term "Subject Tire" refers to LT235/85R16 Goodyear Wrangler HT Tires generally.

1

accidents, claims, or lawsuits, and the accident at issue here, which they have not done and cannot do, the evidence is inadmissible under Federal Rules of Evidence 401 and 402.

Second, even if marginally relevant, this evidence should be excluded under Rule 403 because any probative value is substantially outweighed by the dangers of unfair prejudice and confusion of the issues. Third, the evidence should further be excluded because it is a waste of judicial time and resources. By attempting to introduce evidence relating to or derived from other accidents, claims, and lawsuits, Plaintiffs seek to convince a jury to find fault with Goodyear regardless of whether there is any evidence of defect in the Tire which is the focus of this litigation. If evidence of other accidents, claims, and lawsuits is admitted, Goodyear would have no choice but to effectively re-try each of those other unrelated accidents in the trial of this product liability case. Accordingly, this Court should exclude all evidence of other accidents and any claims or lawsuits arising therefrom.

## RELEVANT FACTUAL BACKGROUND

**I.     The Subject Accident.**

On May 1, 2015, Shane Loveland, and Jacob Summers were passengers in a 2003 Chevrolet Silverado SC1 pickup truck being operated by Larry Blair. (Compl. ¶ 10, ECF No. 1-1 at 21). They were all employees of Dandee Concrete Construction Company ("Dandee"), and Dandee owned the pickup truck. The accident happened at approximately 7:00 a.m., as the vehicle was traveling east on Interstate 80 near Kearney, Nebraska. Mr. Blair was traveling at 75-78 mph when the right rear tire (the "Tire" or "Tire at Issue") mounted on the truck suffered a partial tread separation without loss of air. Mr. Blair lost control of the vehicle, crossed the grass median between the I-80 east and westbound lanes of traffic, ultimately coming to rest on the northern shoulder to the westbound traffic lanes. The vehicle rolled over multiple times along this path and

all occupants were ejected. At the time of the accident, none of the three occupants were wearing seatbelts. Mr. Loveland and Mr. Summers were injured in the accident and subsequently filed this lawsuit, alleging claims of strict liability and negligence.

## II.     The Tire At Issue and Plaintiffs' Defect Theories.

The Tire at Issue is an LT235/85R16 Goodyear Wrangler HT tire bearing DOT # MD0RNJHV244, which identifies a tire manufactured by Goodyear at its Gadsden, Alabama plant during the 24th week of 1994. (Expert Report of David Southwell ("Southwell Rep."), ECF No. 109, Ex. B, at 5, § 3.a.) This tire was almost 21 years post the date of manufacture at the time of this accident.

The Tire at Issue is classified as a Load Range E tire, which reflects the fact that it was designed to bear loads within the Load Range E classification. Load Range E tires include Goodyear Wrangler HT tires, and numerous other sizes and models of Goodyear tires. Load Range E tires are also manufactured by ever major tire manufacturer. (*See* NHTSA ODI Resume, attached as Exhibit I, at 2.)

According to Plaintiffs' purported tire failure expert, David Southwell, the Tire at Issue experienced a partial tread separation immediately before the accident. (Southwell Rep., ECF No. 109, Ex. B, at 5-6.) The tread and the Tire's second belt became detached between the 180-degree mark and the 350-degree mark on the Tire, as measured on the opposite-serial side shoulder of the Tire. (*Id.*)

The present case does not involve a "thread throw" allegation in that the separation was not a complete detachment of the tread and top belt from the bottom belt and carcass of the tire, and because inspection by both Plaintiffs' expert and Goodyear's expert found that this separation initiated in a localized area and progressed through use to a partial detachment on the date of the

3

accident. The experts differ on the cause of the separation (defect v. impact) but not on the location where it began. (Tr. 3.28.19 Deposition of David Southwell ("Southwell Dep."), attached as Exhibit B, at 23:22-24:25; 5.9.19 Expert Report of Joe Grant ("Grant Rep."), attached as Exhibit N, at 7-8, 12-20.)

Southwell's defect theory is that this tire had "extensive" areas of thermal oxidative degradation. (Southwell Dep., Ex. B., at 13:8-13.) This thermal oxidative degradation was "age-related" and affected the body ply and skim coat. (*Id.* at 21:24-22:3.) This thermal oxidative degradation combined with belt placement increased stress to the tire causing a separation at the 340º area of the tire which progressed over time. (*Id.* at 23:22-24:25; 105:22-25; Southwell Rep., ECF No. 109, Ex. B., at 6.) Southwell further opines that there was good adhesion of the components at manufacture, but due to the thermal oxidative degradation the rubber between belts 1 and 2 lost its strength. (Southwell Dep., Ex. B., at 96:2-97:14.) The tread and top belt stopped tearing at the 150º location on the tire because there was either a separation at that point or from the bending back and forth as it hit the wheel well. (*Id.* at 108:1-109:13.)

This failure mode is distinguished from the failure mode that lead to the Load Range E investigation on several fronts. 1) It was a partial and not complete detachment of the tread and top belt; 2) it initiated at an identifiable localized area; 3) it did not involve the entire interface between belts 1 and 2 as good adhesion at the approximately 150º location caused the separation to stop and tear free; and 4) according to Southwell, extensive age-related thermal-oxidative degradation was a substantial contributor to the cause of the separation.

In his report, Plaintiffs' expert states he was "provided with information on thirty-one similar incidents. . . involving a tread and belt detachment resulting in loss of vehicle control." (Southwell Rep., ECF No. 109, Ex. B, at 27.) At his deposition, Plaintiffs' expert confirmed that

4

the only information he was provided on these incidents was the names of thirty-one lawsuits, and he did not have any other information about the underlying incidents giving rise to the lawsuits. (Southwell Dep., Ex. B, 137:20-140:9.)

Plaintiffs maintain that the Tire at Issue was defective in design because the Tire's construction did not incorporate a nylon overlay to reinforce the Tire's belt edge. (Southwell Rep., ECF No. 109, Ex. B, at 17-18.) Goodyear has stipulated and admits that it could have included a nylon overlay into the design of the Tire at Issue at the time of its manufacture, but denies that the Tire was defective in design due to the absence of a nylon overlay. Specifically, as Goodyear experts have testified, and as Goodyear will demonstrate at trial, nylon overlays do not eliminate or prevent tread separations. (*See, e.g.*, 11.5.19 Tr. J. Lawrence Deposition ("Lawrence Dep."), attached as Exhibit C, at 136:9-14; Grant Rep., attached as Ex. N, at 20.)

## ARGUMENT

**I.  Evidence of Other Accidents, Claims, and Lawsuits Must Be Excluded As Irrelevant, Prejudicial, and A Waste of Judicial Resources.**

**A.  Federal Rules of Evidence 402 and 403.**

In federal courts, only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to show that the existence of a fact of consequence to the determination of the action is more likely or less likely. Fed. R. Evid. 401.

In order for evidence of other accidents to be admissible, courts require the proponent of the evidence to prove the facts and circumstances of the other accident are "substantially similar" to the case at bar. *Adams v. Toyota Motor Corp.,* 867 F.3d 903, 911 (8th Cir. 2017), *as corrected* (Aug. 14, 2017). There is no hard rule as to what degree of similarity there must be to make the evidence admissible; rather, the appropriate focus is on all the circumstances surrounding the evidence, not any specific similarity. *Id.* Indeed, for evidence to be "substantially similar" and

5

therefore probative, the evidence must be of an accident of like character, occurring under substantially the same conditions, and it must be one resulting from the same cause. *See, e.g., Lovett ex rel. Lovett v. Union Pac. R. Co.,* 201 F.3d 1074, 1081 (8th Cir. 2000) (affirming district court's exclusion of evidence of four incidents involving Jeep Cherokees); *Hale v. Firestone Tire & Rubber Co.,* 756 F.2d 1322 (8th Cir. 1985) (reversing the court's admission of other accidents involving explosion separation of the rim where the fact that there was an explosion separation of the rim was the only similarity in the record); *Katzenmeier v. Blackpowder Prod., Inc.*, 628 F.3d 948, 950-51 (8th Cir. 2010) (affirming exclusion of other accidents involving firearm failures where the other firearms had been used under different circumstances—the other incidents occurred after shooting the firearm for years or a "couple hundred" times, while the firearm at issue failed the first time it was fired by plaintiff); *Novak v. Navistar Int'l Transp. Corp.*, 46 F.3d 844, 851 (8th Cir. 1995) (affirming trial court's exclusion of facts from other accident which plaintiff alleged was caused by same product defect in suit against tractor manufacturer because plaintiff did not establish it was a similar accident).

Moreover, even if it is relevant, evidence is not per se admissible. Rather, courts have the power to exclude relevant evidence from the jury's consideration if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice under Rule 403 means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. Confusion of the issues warrants exclusion of relevant evidence if admission of the evidence would lead to litigation of collateral issues." *Firemen's Fund Ins. Co. v. Thien*, 63 F.3d 754, 758 (8th Cir. 1995). "[E]vidence of other injuries may also raise extraneous controversial points, lead

6

to a confusion of issues, and present undue prejudice disproportionate to its usefulness." *Drabik v. Stanley-Bostitch, Inc.*, 997 F.2d 496, 508 (8th Cir. 1993).

> **B. Evidence of Other Accidents, Claims, and Lawsuits Must Be Excluded As Irrelevant Under Rule 402 Because Plaintiffs Have Not Shown Substantial Similarity Between Other Prior Accidents And The Accident At Issue In This Case.**

The issue for the jury to decide is whether the Tire at Issue contained a defect and whether it caused the accident. Evidence regarding other accidents, lawsuits, and claims bears no relevance to this issue. Indeed, to determine "substantial similarity," numerous factors must be considered, including but not limited to the type of vehicle involved in other accident; the model and size of the tire involved in the other accident; the age of the tire in the other accident; the driving history of the other vehicle/tire; the physical condition of the other tire; the maintenance history of the other tire; the weather at the time of accident; the skill of the driver involved in the other accident; whether the other driver was under the influence of drugs or alcohol; the type of failure which occurred to the other tire; and the speed of travel of the vehicle in the other accident.

Here, Plaintiffs have not met their burden to demonstrate substantial similarity. Despite Plaintiffs' expert's classification of thirty-one other incidents as "similar" in his expert report, he concedes in his deposition that the only information he had was the names of thirty-one lawsuits given to him by Plaintiffs' counsel. (Southwell Rep., ECF No. 109, Ex. B, at 27; Southwell Dep., Ex. B, at 137:20-140:9.) Plaintiffs have not offered any information on any of the factors listed above, among other critical items. In the end, to admit evidence of other accidents, a plaintiff must come forward with proof that other occurrences took place under circumstances that were substantially similar to the occurrence here. Plaintiffs have not met this burden, and this evidence should be excluded.

> **C.  Federal Rule of Evidence 403 Requires that Evidence of Other Accidents, Claims, and Lawsuits Should Be Excluded Because It Creates a Substantial Danger of Unfair Prejudice, Confusing the Issues, Misleading the Jury, and Undue Delay.**

Federal Rule of Evidence 403 states that the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

In the context of evidence of other accidents, the Eighth Circuit has explained that even if there are similarities between other accidents and the accident at issue, admission of other accidents "threatens to raise extraneous controversial issues, confuse the issues, and be more prejudicial than probative." *Lovett ex rel. Lovett v. Union Pac. R. Co.*, 201 F.3d 1074, 1081 (8th Cir. 2000); *see also Crump v. Versa Products, Inc.*, 400 F.3d 1104, 1109 (8th Cir. 2005) (affirming exclusion of 44 other incidents involving the allegedly defective ladder because although they also involved alleged hinge failure, they occurred after the date of the incident at issue or with the ladder in a different position); *Nelson v. Ford Motor Co.*, 150 F.3d 905, 908 (8th Cir. 1998) (affirming district court's exclusion of testimony regarding two other incidents of vehicles' scissor jack failures because probative value would have been outweighed by prejudicial impact).

These concerns are pertinent to the analysis in this case. First, the admission of evidence regarding other lawsuits and claims will be far more prejudicial than probative. The risk of unfair prejudice is significant because admission of other accident evidence would thrust upon Goodyear the burden of defending itself not only against the specific allegations related to the Tire at Issue, but also against the vague, incomplete, and unreliable hearsay allegations concerning other accidents or lawsuits. Because the tires from other accidents may no longer be available and the

8

persons involved were not identified or cannot be located, Goodyear would be denied the opportunity to develop critical evidence to refute Plaintiffs' claims.

Second, this evidence would also confuse the issues and mislead the jury. The average juror cannot distinguish among the vast differences between this lawsuit involving this particular Tire and other lawsuits and claims involving other tires. Each product liability lawsuit involving allegations of a tire defect is complex and technical with numerous factors that contribute to a tire failure and an automobile accident. If the jurors are forced to endure the volumes of evidence from other lawsuits and claims while trying to determine what is pertinent in this action, there is significant danger for confusion.

Plaintiffs' only goal in bombarding the jury with evidence of other lawsuits and claims is to mislead the jury into concluding that Goodyear must make defective products if they are sued on numerous other occasions. Introducing evidence of other lawsuits and claims will inevitably cause the jurors to lose focus of the issues in this case, i.e., whether the Tire at Issue was defective and whether it caused this accident. *See Drabik v. Stanley-Bostitch, Inc.*, 997 F.2d 496, 508 (8th Cir. 1993) (citing *Lewy v. Remington Arms Co.,* 836 F.2d 1104, 1108 (8th Cir. 1988)) (reversing and remanding for new trial where trial court denied motion in limine to exclude evidence of other injuries occurring through use of product because despite trial court's cautionary instruction to jury regarding other incidents, the evidence had "a considerable unfair prejudicial effect on the jury").

Third, the admission of this evidence will necessitate an undue consumption of time. If Plaintiffs are permitted to introduce evidence that Goodyear has been sued in other cases, Goodyear will have no choice but to rebut the improper inferences which are raised by such evidence. It is impossible to rebut such inferences without reviewing, in detail, the specific facts surrounding each such case. Goodyear will have no choice but to establish every factual detail of

9

the other cases. The weather at the time of the accident, whether it was day or night, whether alcohol or drugs were involved, the condition of the road, the condition of the car or truck, the condition of the tire, the maintenance and use history of the tire, the age of the tire, the speed of the vehicle at the time of the accident, the number of miles on the accident tire, the model of the accident tire, the size of the accident tire, the mode of tire failure (tread separation, sidewall blowout, puncture damage, etc.), the mileage on the accident vehicle, the experience of the accident driver, the number of passengers in the accident vehicle, whether there were any other vehicles involved in the accident, and so on. An examination of these issues in other accidents would lead to numerous "mini-trials" during this trial, all to evaluate the merits of matters that have nothing to do with the accident at issue in this case. This is a waste of judicial resources and a significant source of jury confusion, and this evidence should be excluded.

Thus, the Court should exclude all references to other lawsuits and claims due to the substantial danger of undue prejudice, confusing the issues, and misleading the jury.

## CONCLUSION

For each of the foregoing reasons, Goodyear respectfully requests that the Court enter an Order precluding Plaintiffs from introducing evidence of, and from making any comment, reference, argument or innuendo regarding other accidents, claims, and lawsuits without first establishing substantial similarity to the accident at issue.

GREENSFELDER, HEMKER & GALE, P.C.


By:   /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

11

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 3,302 words.

/s/ Edward S. Bott, Jr.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 4th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.

1835182v5