IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY,<br><br>Defendant. | Case No. 8:18-cv-00127 |

**GOODYEAR'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE SEEKING EXCLUSION OF ALL REFERENCES TO ANY SORT OF "PRIVATE" RECALL OF TIRES OR OTHER EVIDENCE REGARDING AN ALLEGED POST-SALE DUTY TO RECALL**

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, submits its Memorandum in Support of its Motion in Limine Seeking Exclusion of All References to a "Private" Recall or Alleged Post-Sale Duty to Recall:

## INTRODUCTION

This case arises out of a single-vehicle accident that occurred on May 1, 2015, at approximately 7:00 a.m. in the eastbound lanes on Interstate 80 near Kearney, Nebraska when the right rear tire (the "Tire" or "Tire at Issue") mounted on the truck suffered a partial tread separation without loss of air. At that time, Plaintiffs' coworker, Larry Blair, was driving the 2003 Chevrolet Silverado SC1 pickup truck, and Plaintiffs Shane Loveland, and Jacob Summers were passengers. None of the three occupants were wearing a seatbelt.

Blair, Loveland, and Summers were all employees of Dandee Concrete Construction Company ("Dandee"), and Dandee owned the pickup truck. At no time prior to the accident was

1

Blair, Loveland, Summers, or Dandee familiar with the service or maintenance history of the tires on the vehicle.

As the pickup truck traveled eastbound on I-80 at an estimated speed of 75-78 mph, it suffered a partial tread separation on its twenty-year-old right rear tire but did not lose air. Blair lost control of the vehicle, crossed the grass median between the I-80 east and westbound lanes of traffic, ultimately coming to rest on the northern shoulder to the westbound traffic lanes. The vehicle rolled over multiple times along this path and all three unbelted occupants were ejected and sustained injuries.

The Tire at Issue[1] is an LT235/85R16 Goodyear Wrangler HT tire bearing DOT # MD0RNJHV244, which identifies a tire manufactured by Goodyear at its Gadsden, Alabama plant during the 24th week of 1994.

Goodyear anticipates that during trial, Plaintiffs will attempt to suggest and otherwise argue that Goodyear had some sort of duty to conduct a recall of the LT235/85R16 Goodyear Wrangler HT tire, which they claim caused their injuries after the sale and delivery of the Tire. The law does not impose any such duty on a tire manufacturer such as Goodyear. Instead, the ability to impose such an obligation to recall a tire lies with the appropriate federal agency - in this case the National Highway Traffic Safety Administration ("NHTSA"). As such, any argument or evidence relating to an alleged post-sale duty to recall is entirely irrelevant and inappropriate, and must be excluded from trial. Moreover, despite the fact that NHTSA conducted a Preliminary Evaluation of Goodyear's Load Range E tires, including the LT235/85R16 Goodyear Wrangler HT tire at issue in this case, no finding of defect was made. As a result, the Tire at Issue has never

---

[1] In this Memorandum, the term "Tire" or "Tire at Issue" refers to the specific Tire that was mounted on the truck involved in the accident, and which suffered the tread detachment which has given rise to this lawsuit. The term "Subject Tire" refers to LT235/85R16 Goodyear Wrangler HT Tires generally.

1835535v4

been the subject of any recall campaign and hence, any suggestion of any recall by Plaintiffs will only serve to unduly prejudice Goodyear and confuse and mislead the jury.

## ARGUMENT

**I. The Court Should Exclude Evidence Referring to Or Implying a Post-Sale Duty to Recall Because it is Irrelevant and Unduly Prejudicial.**

**A. Federal Rules of Evidence 402 and 403.**

In federal courts, only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to show that the existence of a fact of consequence to the determination of the action is more likely or less likely. Fed. R. Evid. 401.

Even if it is relevant, evidence is not per se admissible. Rather, courts have the power to exclude relevant evidence from the jury's consideration if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice under Rule 403 means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. Confusion of the issues warrants exclusion of relevant evidence if admission of the evidence would lead to litigation of collateral issues." *Firemen's Fund Ins. Co. v. Thien*, 63 F.3d 754, 758 (8th Cir. 1995).

**B. The Court Should Exclude Evidence Referring to Or Implying a Post-Sale Duty to Recall Under Rule 402.**

The Court should exclude evidence referring to or implying a post-sale duty to recall because as a matter of law, no such duty has been pled and no duty exists. Plaintiffs cannot be permitted to argue or otherwise suggest that Goodyear had any sort of post-sale duty to recall the LT235/85R16 Goodyear Wrangler HT Tire at Issue in this case. Simply put, recalls are the exclusive province of the NHTSA. Indeed, there is no private cause of action in favor of

3

individuals with regard to matters under the regulation of the NHTSA. As explained by the Eighth Circuit in *Smith v. Firestone Tire & Rubber Co.,*

> Appellants provide no statute or case law to support their position that appellees were under a legal duty to recall the rims. While such a duty may have existed had the Department of Transportation ordered a recall, … no such notification of defect and remedy order had been given pertaining to these rims. Since no duty to recall was established, a fundamental prerequisite to establishing negligence was absent.

755 F.2d 129, 135 (8th Cir. 1985) (applying Missouri and federal law); *Horstmyer v. Black & Decker, (U.S.), Inc.*, 151 F.3d 765, 773 (8th Cir. 1998) ("in light of the fact that there is no recognized duty to recall [by statute, case law, or the mandate of an appropriate regulatory agency], we hold such a duty cannot arise as a result of Black & Decker's voluntary undertaking to recall certain of its miter saws").

In fact, no Nebraska court has imposed a general post-sale duty to warn on a manufacturer. *See e.g.*, *Anderson v. Nissan Motor Co.*, 139 F.3d 599, 602 (8th Cir. 1998) ("While the Nebraska Supreme Court has not ruled directly on either of these issues, general Nebraska products liability law leads us to conclude that the court would not impose either of the post-sale duties on product manufacturers."); *Vallejo v. Amgen, Inc.,* No. 8:14-CV-50-LSC, 2014 WL 4922901 (D. Neb. Sept. 29, 2014) (strict liability and negligent failure to warn claims are barred to the extent they allege post-sale duties to warn). In declining to adopt any such common law duty to recall, courts have concluded that "the duty to repair or recall is more properly a consideration for administrative agencies and the Legislature who are better able to weigh the benefits and costs involved in locating, recalling, and retrofitting products, as well as other economic factors affecting businesses and consumers." *See Gregory v. Cincinnati Inc.*, 538 N.W.2d 325 (Mich. 1995) (introduction of duty to recall theory and evidence was reversible error in negligent design case because there is no continuing duty to repair or recall under Michigan law).

4

Goodyear anticipates that Plaintiffs may attempt to raise the "recall" issue to suggest that Goodyear was negligent in failing to act reasonably following the sale of the Tire, and attempt to introduce evidence, argument, and/or propose a jury instruction to support this theory. Such evidence, argument, or instructions are, for a number of reasons, clearly inapplicable to this case. First, no such claim or theory is alleged by Plaintiffs in their Complaint. Second, as noted above, there was no recall of the tire and NHTSA never imposed on Goodyear a mandate to recall the Tire. Plaintiffs cannot suggest that Goodyear was somehow negligent in failing to conduct a post-sale recall of the Tire when no such claim has ever been set forth in their pleadings and where NHTSA never ordered a recall.

Because Goodyear had no post-sale duty to recall, any evidence or argument relating to such a nonexistent post-sale duty to recall or otherwise modify the Subject Tire is entirely irrelevant. Such evidence therefore, should properly be excluded under Federal Rule of Evidence 402.

    **C.**    **The Court Should Exclude Evidence Referring to Or Implying a Post-Sale Duty to Recall Under Rule 403.**

The Court should also exclude evidence referring to or implying a post-sale duty to recall under Rule 403. This tire has never been the subject of any recall. Any suggestion to the contrary by Plaintiffs will create a substantial danger of undue prejudice, confusing the issues, or of misleading the jury to believe that there either was a recall of the tire or, that there should have been. As one court explained:

> The central problem in a negligent design case in admitting postmanufacture evidence or imposing a postmanufacture duty to repair or recall is the possibility of taint or jury confusion with respect to any finding of negligence at the time of manufacture. Generally, before there can be any continuing duty—whether it be to warn, repair, or recall—there must be a defect or an actionable problem at the point of manufacture. If there is no defect or actionable problem at this point, then there can be no continuing duty to warn, repair, or recall. Hence, when that

5

distinction is not clearly presented, the potential for jury confusion is great, as well as the possibility of holding a manufacturer liable for postmanufacture improvements, which, as explained below, is contrary to Michigan law.

*Gregory v. Cincinnati Inc.*, 538 N.W.2d 325, 328 (Mich. 1995) (reversing trial court's judgment against manufacturer because "[p]ost manufacture evidence was irrelevant and served to taint any finding of negligence at the point of manufacture").

Accordingly, as there is no post-sale duty under Nebraska law, any such evidence should be excluded pursuant to Federal Rule 403. *See Anderson,* 139 F.3d 599, 602 (quoting *Rahmig v. Mosley Mach. Co.*, 412 N.W.2d 56, 82 (Neb. 1987)) ("requiring a plaintiff to prove feasibility or a practicable alternative but safer product in a negligent design case unnecessarily invites perilous and unfairly prejudicial evidence of post accident matters excludable under Neb. Evid. R. 407").

## CONCLUSION

For the foregoing reasons, Goodyear respectfully requests that this Court enter an Order barring Plaintiffs from introducing evidence of, and from making any comment, reference, argument or innuendo regarding Goodyear's alleged duty to recall the LT235/85R16 Goodyear Wrangler HT Tire, or that the Tire was or should have been the subject of any sort of recall.

1835535v4

GREENSFELDER, HEMKER & GALE, P.C.


By:    /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

7

1835535v4

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 1,993 words.

/s/ Edward S. Bott, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 4th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.

1835535v4