IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY,<br><br>Defendant. | Case No. 8:18-cv-00127 |

**GOODYEAR'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND REFERENCE TO BRIDGESTONE/FIRESTONE TIRE RECALLS AND INCIDENTS**

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, submits its Memorandum in Support of Goodyear's Motion in Limine to Exclude all Evidence and Reference to Bridgestone/Firestone Tire Recalls and Incidents.

### INTRODUCTION

In late 2000-2001, a large and highly publicized controversy and recall developed involving certain tires manufactured by Bridgestone/Firestone and the Ford Explorers on which they were mounted (hereinafter referred to generally as the "Firestone Recall"). It is anticipated that Plaintiffs may attempt to make reference to, or liken this case to, the Firestone Recall and surrounding circumstances and incidents. But there is no connection here to the Firestone Recall. This case involves allegations that a Load Range E light truck tire manufactured by Goodyear in mid-1994 and mounted on a 2003 Chevrolet Silverado SC1 pickup truck, was defective. It has nothing to do with Ford Explorers and nothing to do with Bridgestone/Firestone tires. Any attempt to invoke or refer to the Firestone Recall, in any way, would badly fail the admissibility standards employed by this Court.

1

Goodyear asks that the Court issue an order excluding any evidence of, and from making any comment, reference, argument or innuendo regarding, the Firestone Recall by any party, witness, or counsel. There are three reasons for this: (a) the Firestone Recall and surrounding controversy has no tendency to prove any fact at issue in this litigation and, accordingly, evidence or comment about that controversy is irrelevant pursuant to Federal Rules of Evidence 401 and 402; (b) due to the sensational, nationally publicized, and inflammatory nature of that controversy, evidence or comment regarding it would confuse and mislead the jury while unfairly prejudicing Goodyear and fail the balancing test required by Federal Rule of Evidence 403; and (c) none of the accidents involving the Bridgestone/Firestone tires are substantially similar to the accident at issue here. As plaintiffs' purported tire failure expert, David Southwell, has himself acknowledged, the failure mode on Firestone Wilderness AT tires is different and not relevant to the discussion on the Tire at Issue. (3.28.19 Tr. Deposition of David Southwell ("Southwell Dep."), attached as Exhibit B, at 174.)

**ARGUMENT**

**I.     The Firestone Recall is Irrelevant under Rules 401 and 402.**

Pursuant to Rule 402, "[i]rrelevant evidence is not admissible." Relevancy is not an inherent characteristic of evidence but exists as a relation between an item of evidence and a proposition sought to be proved. *See McCormick on Evidence*, 3rd, § 185. Rule 401 memorializes this concept by providing that evidence is only relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

The controversy surrounding the Firestone Recall is irrelevant to this case under Rule 402 via the analytical framework provided by Rule 401. This case involves a tire manufactured by

1836085v4

Goodyear in mid-1994 and a 2003 Chevrolet Silverado SC1 pickup truck. The Firestone Recall, and all it entails, has no relationship to the issues presented here. It regards a line of tires: (a) built for a different vehicle; (b) built by a different tire manufacturing company; (c) built during a different time frame; (d) involving a different tire design; (e) involving different manufacturing practices and procedures; and (e) involving a very specific defect claim not at issue in this case. Indeed, Plaintiffs' purported tire failure expert, David Southwell, concedes that the alleged defects are dissimilar:

> **Q:** [ ] And so in terms of evaluating whether there is any defect in the Wrangler HT tire, there is no relevance to the analysis or the comparisons to this Firestone Wilderness AT tire; do you accept that?
>
> **A:** Yes, in terms of the failure mode, I agree, yes.

(Southwell Dep., Ex. B, at 174:10-15.) Accordingly, evidence or any reference at all to the Firestone Recall is inadmissible and improper.

Courts considering the question have routinely reached the same conclusion. For example, in *Petersen v. Daimler Chrysler Corporation*, No.06-00108, 2011 WL 13076884, at *2 (D. Utah, June 1, 2011), the district court held under Rule 402 that "because the Firestone tires are not substantially similar to the Cooper tire at issue and were produced by a different manufacturer, the NHTSA evidence is not relevant to the issue of whether a defect exists in the Cooper tire."

Courts have reached similar results in cases involving different types of product recalls as well. For example, in *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.*, 175 F. Supp. 2d 881, 882-83 (W.D. La. 2001), the plaintiff's husband died from eating contaminated meat produced by Thorn Apple Valley, Inc. ("TAV") in a Michigan plant. Defendants moved in limine to exclude evidence of a product recall and subsequent closure of TAV's Arkansas plant that produced

3

those products. *See id.* In excluding that evidence, the court held that the evidence was irrelevant because it involved "an entirely different product, manufactured at an entirely different manufacturing facility." *Id.* at 888. The court further held that, even if the evidence was relevant, its prejudicial effect substantially outweighed any probative value, because "[s]uch evidence may carry great weight and may be viewed by the jury as convincing proof that the product was defective." *Id.* at 889. This is even more applicable in the present case because whereas the recall in *Verzwyvelt* involved TAV's own products, the tires involved in the Firestone Recall were not manufactured by Goodyear. *See also Jordan v. Gen. Motors Corp.* 624 F. Supp. 72, 77 (E.D. La. 1985) (excluding as irrelevant evidence of recall involving different model years and a different defect than that involved in the case).

As such, evidence regarding the Firestone Recall cannot yield facts "of consequence" in this action because it inherently cannot "make a fact more or less probable" in a patently dissimilar case.

## II.     The Firestone Recall Fails the Balancing Test of Rule 403.

If the Court deems evidence regarding the Firestone Recall irrelevant, the inquiry ends there and it is inadmissible by virtue of the prohibition contained in Rule 402. However, even if this Court were to find that evidence regarding the Firestone Recall does satisfy the relevancy standards of Rules 401 and 402, there is more to the inquiry. That evidence would nonetheless be inadmissible by virtue of the balancing test required by Rule 403. Rule 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403. The rule applies here on multiple levels.

4

If there were any shred of probative value to injecting the Firestone Recall into this case – and there is none – it would be dramatically outweighed by prejudice, confusion and the risk of misleading the jury. Courts to have considered the "Firestone question" have repeatedly rejected its admissibility under Rule 403. Again, in *Petersen*, 2011 WL 13076884, at *3, the court granted a second motion in limine excluding evidence regarding the "notorious" Firestone recall under Rule 403:

> Cooper filed a motion in limine to exclude evidence of the Ford Pinto and "other notorious product liability litigation," including references to litigation concerning Bridgestone/Firestone tire failures. Evidence of the "Pinto analogy" and the comparison to Bridgestone/Firestone tire failures made by Troy Cottles, Plaintiffs' designated expert witness on tire design, is not relevant. Moreover, such evidence is inadmissible under Rule 403 because the prejudice of such information outweighs any probative value it may have. Furthermore, contrary to Plaintiffs' contention, no jury instruction would fix the problematic nature of the evidence.

Numerous cases have reached the same conclusion, granting motions in limine to exclude evidence of the circumstances attendant to the Firestone Recall. *See Miller ex rel. Miller v. Ford Motor Co.*, No. 01-545, 2004 WL 4054843, at *15 (M.D. Florida, July 22, 2004) ("The Court concludes that evidence concerning accidents and recalls involving Firestone tire failures is not shown to be similar or relevant, that its prejudicial value exceeds any probative value, and that such evidence is not otherwise admissible in plaintiff's case-in-chief."); *Contreras v. Bridgestone/Firestone, Inc.*, No. 04-5423, 2007 WL 2909657, at *1 (E.D. Cal. October 4, 2007) (granting motion to "preclude evidence of the Firestone tire recall of Wilderness AT and ATX tires designed, manufactured and/or distributed by Firestone, evidence of the Ford vehicles involved in the Firestone recall and the related litigation."); *Bradley v. Cooper Tire & Rubber Co.*, No. 03-94, 2007 WL 4624613, at *4 (S.D. Miss. Aug. 3, 2007) ("Based on the record before the Court, it appears that the probative value of the recall would be minimal and substantially

5

outweighed by the risk of prejudice and confusion of the issues given the well-publicized nature of the recall.").

Moreover, injecting the Firestone Recall into this case would lead to undue delay and would be time wasted on collateral issues. Should evidence of or reference to the Firestone Recall come in, Goodyear would be forced to call witnesses and present evidence explaining the differences between the Tire at Issue and the recalled Bridgestone/Firestone tires, as well as differences between the Goodyear plant and equipment used to build the Tire at Issue and those used by Bridgestone/Firestone. Goodyear would also have to call Bridgestone/Firestone employees and representatives from the National Highway Transportation Safety Administration, if any could be located, to explain the investigation and the voluntary recall involving Bridgestone/Firestone tires.

Courts within this Circuit have made it clear that the risk of collateral "mini-trials" within a trial are to be avoided. Succinctly put by the Eighth Circuit Court of Appeals: "No judge wants to see one trial turn into several, especially when the one trial presents complex issues with which the jury may already be struggling." Olson v. Ford Motor Co., 481 F.3d 619, 624 (8th Cir. 2007); *see also BoDeans Cone Co., L.L.C. v. Norse Dairy Systems, L.L.C.*, 678 F. Supp. 2d 883, 885 (N.D. Iowa 2009) ("[T]he limited probative value of such evidence is substantially outweighed by the potential for confusing or misleading the jury or simply wasting time, as the case would necessarily be diverted into a minitrial."); *Zenergy, Inc. v. Statoil Oil & Gas LP*, No. 14-002, 2015 WL 11143141, at *2 (D.N.D Oct. 23, 2015) ("[E]ven if the evidence sought to be introduced by Zenergy arguably has relevance, any relevance is substantially outweighed by the dangers identified in Rule 403" and the "end result would be a series of mini-trials").

All of this would be to the substantial prejudice of Goodyear, and would serve only to

6

delay the trial and confuse/mislead the jury. Evidence of the Firestone Recall and related circumstances should be excluded.

### III. The Firestone Recall Cannot Satisfy the Requirement of Substantial Similarity.

The foregoing reasons for exclusion stand on their own as separate and independent bases on which to exclude evidence of the Firestone Recall. Additionally, to be admissible, evidence pertaining to other incidents must be supported by a showing of substantial similarity between the incident under consideration and the other incidents. *See Adams v. Toyota Motor Corp.,* 867 F.3d 903, 911 (8th Cir. 2017), *as corrected* (Aug. 14, 2017); *Lovett ex rel. Lovett v. Union Pac. R. Co.,* 201 F.3d 1074, 1081 (8th Cir. 2000); *Hale v. Firestone Tire & Rubber Co.,* 756 F.2d 1322 (8th Cir. 1985); *Katzenmeier v. Blackpowder Prod., Inc.*, 628 F.3d 948, 950-51 (8th Cir. 2010); *Novak v. Navistar Int'l Transp. Corp.*, 46 F.3d 844, 851 (8th Cir. 1995).[1] Because the tires, the vehicles, and the circumstances are all different, Plaintiffs plainly cannot show the requisite "substantial similarity" between the accidents involving Ford Explorers and Bridgestone/Firestone tires and the accident underlying this case.

### CONCLUSION

For each of the foregoing reasons, Goodyear respectfully requests that the Court enter an order precluding Plaintiffs from introducing evidence of, and from making any comment, reference, argument or innuendo regarding the Firestone Recall and circumstances related to it.

---

[1] Goodyear separately and concurrently files its Motion in Limine Seeking Exclusion of "Similar" Accidents, Claims, or Lawsuits, which contains a more robust discussion of the applicable "substantial similarity" requirements. In the interest of brevity and to avoid redundancy in multiple briefs, Goodyear incorporates by reference into the present motion the authority and argument contained there.

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

8

1836085v4

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 2,281 words.

/s/ Edward S. Bott, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 4th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.

1836085v4