IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE GOODYEAR TIRE & RUBBER COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 8:18-cv-00127 ) ) ) ) ) ) ) |

**GOODYEAR'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION IN LIMINE FOR MANDATORY BIFURCATION OF TRIAL INTO
LIABILITY AND PUNITIVE DAMAGES PHASES AND TO PROHIBIT
PLAINTIFFS FROM OFFERING PUNITIVE DAMAGES EVIDENCE
<u>DURING THE LIABILITY PHASE OF TRIAL</u>**

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, submits its Memorandum of Law in Support of Goodyear's Motion in Limine for Mandatory Bifurcation of Trial into Liability and Punitive Damages Phases and to Prohibit Plaintiffs from Offering Punitive Damages Evidence During the Liability Phase of Trial.

**INTRODUCTION**

On October 10, 2019, this Court issued an order denying Goodyear's motion for summary judgment on Plaintiffs' claims for punitive damages. (ECF No. 138.) The Court employed a choice of law analysis and determined that although Nebraska law would govern the underlying claims, Ohio law of punitive damages would apply which, in turn, would permit Plaintiffs to pursue their punitive damages claim under the laws of that state. Given the Court's ruling on the choice of law issue, and the application of Ohio's punitive damages law, bifurcation of the impending trial into

1

1836282v3

separate phases of liability and punitive damages is required.[1]

## ARGUMENT

### I. Trial Bifurcation is Mandatory.

Ohio Revised Code Section 2315.21 controls the procedure for bifurcation of a jury trial when there is a request for punitive damages under Ohio law. This is not a mere procedural question subject to a federal vs. state choice of law analysis. It is mandatory. The Supreme Court of Ohio holds that R.C. 2315.21 provides a ***substantive right to bifurcation*** and that upon the filing of a motion, bifurcation must follow. *See Havel v. Villa St. Joseph*, 963 N.E.2d 1270, 1276-79 (Ohio 2012) ("R.C. 2315.21(B) creates a substantive right to bifurcation in tort actions when claims for compensatory and punitive damages have been asserted. Thus, R.C. 2315.21(B) creates, defines, and regulates a substantive, enforceable right to separate stages of trial relating to the presentation of evidence for compensatory and punitive damages in tort actions" . . . "R.C. 2315.21(B) does more than set forth the procedure for the bifurcation of tort actions: it makes bifurcation mandatory.").

In order to invoke this substantive and mandatory right, a party is required to move the court for bifurcation of the liability/compensatory damages phase of the trial from the punitive damages phase. R.C. 2315.21(B). This is that motion.

Consequently, the trial here must be partitioned into these two phases (if the second phase is necessary). The first phase of the trial "shall relate only to the presentation of evidence, and a determination by the jury, with respect to whether the plaintiff is entitled to recover compensatory damages … from the defendant." R.C. 2315.21(B)(1)(a). In this phase, a plaintiff

---

[1] Goodyear respectfully maintains that the Court's ruling regarding the application of Ohio law to the punitive damages claim is in error. The present motion and memorandum are necessary offshoots of the Court's ruling, and should not in any way be interpreted as Goodyear waiving or abandoning its original position that Nebraska, rather than Ohio, punitive damages law applies. As such, the present motion is brought in the alternative to Goodyear's prior motion for summary judgment on punitive damages.

1836282v3

is limited to the presentation of evidence on which the jury is to determine whether a plaintiff has established his or her product liability claims.

Critically, during this initial phase neither party may present any evidence that relates to "whether the plaintiff is entitled to recover punitive damages … from the defendant." *Id*. The statute further instructs that the jury should return a general verdict. If that verdict is in favor of the plaintiff, the jury must also then answer interrogatories that specify the total compensatory damages recoverable. R.C. 2315.21(B)(2).

If the jury returns a verdict in favor of the plaintiff in the first phase of the trial, then and only then the trial proceeds to the second phase in which the parties may submit evidence, and the jury must decide, whether the plaintiff has satisfied Ohio's punitive damages standard. R.C. 2315(B)(1)(b).[2]

## II. All Evidence Pertinent to Punitive Damages Rather than Liability Must be Reserved for the Punitive Damages Phase in the Event the Jury Finds Goodyear Liable.

At this time Goodyear is not capable of ascertaining with particularity all types of evidence Plaintiffs intend to submit in order to seek and support an award of punitive damages. However, as noted above, both parties are explicitly prohibited from submitting evidence directed to punitive damages during the liability/compensatory damages phase of trial. Ohio generally defines the types of evidence which are to be reserved for the punitive damages phase of trial to that regarding whether "the manufacturer or supplier in question [ ] manifested a flagrant disregard of the safety of persons who might be harmed by the product in question." R.C. 2307.80(A). The statutory factors the Court/jury may consider in finding punitive damages

---

[2] The statute provides additional guidance and procedures for what follows if the jury determines that punitive damages are appropriate, which are not germane to the present motion which pertains to the initial step of bifurcation. However, among the additional steps to be taken if punitive damages may appropriately be awarded, the jury must also determine the amount of punitive damages to be awarded (R.C. 2315.21(D)(1)), subject to the Court's duty to reduce such an award in accordance with the statutory cap. R.C. 2315.21(D)(2).

1836282v3

should be awarded include, *inter alia*, "[t]he degree of the awareness of the manufacturer or supplier in question of that likelihood" and "[t]he profitability of the misconduct to the manufacturer or supplier in question." R.C. 2307.80(B)(2) and (3).

As such, Goodyear seeks an order from the Court prohibiting Plaintiffs, their witnesses and attorneys from attempting to admit any evidence on the punitive damages factors enumerated in R.C. 2307.80(B), or to make any argument, comment, reference, or innuendo during the liability phase of trial intended to inflame and prejudice the jury against Goodyear or which are only pertinent to punitive damages.

One such example that Goodyear anticipates Plaintiffs will attempt to submit during the liability phase is evidence of any type of cost analysis performed by Goodyear in designing tires, including whether to include a nylon cap-ply/overlay. R.C. 2307.80(B) explicitly places these economic considerations into the punitive damages phase of trial and, in any event, cost analysis has no bearing on performance and whether or not a product was defective and unsafe. A plaintiff may submit evidence that the inclusion or exclusion of a product component is defective as a matter of performance or safety without ever referring to the financial aspects of that consideration. Ohio law explicitly prohibits all parties from introducing evidence regarding punitive damages considerations during the initial liability trial phase. As noted above, this is a substantive right, not a procedural one.

## CONCLUSION

Goodyear requests that this Court enter an order bifurcating the trial as required pursuant to R.C. 2315.21 Goodyear further requests that this Court enter an order precluding Plaintiffs from introducing evidence of, and from making any comment, reference, argument or innuendo during the first phase of the trial, regarding matters which, under Ohio law, are to be reserved to the

4

1836282v3

punitive damages phase of trial in accordance with R.C. 2315.21, R.C. 2307.80 and related decisional authority.

        GREENSFELDER, HEMKER & GALE, P.C.

        By:   /s/ Edward S. Bott, Jr.
        Edward S. Bott, Jr.
        Clark W. Hedger
        Juliane M. Rodriguez
        10 South Broadway, Suite 2000
        St. Louis, MO 63102
        (314) 241-9090
        Fax: (314) 345-5465
        esb@greensfelder.com
        ch1@greensfelder.com
        jrodriguez@greensfelder.com

        AND

        BAIRD HOLM LLP
        Jennifer D. Tricker (NE# 23022)
        1700 Farnam Street, Suite 1500
        Omaha, NE 68102-2068
        (402) 344-0500
        jtricker@bairdholm.com

        *Attorneys for The Goodyear Tire & Rubber Company*

1836282v3

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 1,313 words.

/s/ Edward S. Bott, Jr.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 4th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.

1836282v3