IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RYSTA LEONA SUSMAN, Both individually and as Legal Guardian of Shane Allen Loveland; and JACOB SUMMERS | ) ) ) ) | **CASE NO.** 8:18CV127 |
| Plaintiff(s), | ) ) ) | |
| v. | ) ) | **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR** |
| THE GOODYEAR TIRE & RUBBER COMPANY | ) ) ) | **MOTION IN LIMINE ON CERTAIN EXPERT WITNESSES** |
| Defendant(s). | ) | |

Plaintiff brings the following Motion in Limine to exclude certain expert testimony, and would show the Court that experts Gray Beauchamp, Stephen Fenton, and Joseph Grant all seek to offer testimony on several invalid defenses. Specifically, these experts give opinions relating to the seat belt defense, comparative fault, substantial alteration, and misuse. Pursuant to this Court's summary judgment order and well-established case law, their testimony on these topics will be inadmissible in this case.

**UNDISPUTED FACTS**

1.  At the time of the incident, Shane Loveland and Jacob Summers were employed by Dandee Concrete Construction Company, Inc.[1]

2.  At the time of the incident, the non-party driver of the vehicle, Larry Blair, was also employed by Dandee.[2]

3.  Summers, Loveland, and Blair were in the course of their employment at the time of the incident. The incident occurred while the crew was driving to a jobsite.[3]

---

[1] Exhibit 1, Affidavit of Nicole Kustermann; Exhibit 2, Deposition of Jacob Summers, 16:8; 37:10.
[2] Exhibit 1, Affidavit of Nicole Kustermann; Exhibit 2, Deposition of Jacob Summers, 31:2-8.
[3] Exhibit 1, Affidavit of Nicole Kustermann; Exhibit 2, Deposition of Jacob Summers, 38:3-15.

1

4.      As shown in the affidavit of Nicole Kustermann on behalf of Farm Bureau, the incident was covered by the Nebraska Workers' Compensation Act, and there is a Workers' Compensation lien with an interest in the Plaintiffs' recovery from this case.[4]

5.      The failed tire was acquired by Dandee on June 10, 2014, eleven months prior to the incident.[5] It was in service for approximately 10,000 miles.[6]

## ARGUMENT

### I. Experts Gray Beauchamp and Stephen Fenton Opine on Inadmissible Defenses.

Gray Beauchamp and Stephen Fenton are both "Principal Engineers" employed by Kineticorp, a forensic engineering and visualization company. Both experts provided a crash reconstruction report based on an investigation conducted by Kineticorp. Both experts offer inadmissible opinions regarding invalid defenses.

#### A.     Seat Belt Defense

First, Mr. Fenton intends to testify about ejection from the vehicle and the fact that "none of the occupants of the Chevrolet were belted."[7] However, the Court has already ruled "Goodyear is precluded from offering evidence of seatbelt nonuse or misuse." (Doc. 138, p. 5). Any such testimony about seat belts or ejection cannot be admitted.

#### B.     Blaming Non-Party Driver Larry Blair

Both Mr. Fenton and Mr. Beauchamp criticize the actions of the driver, Larry Blair. For example, both experts opine the vehicle was speeding, and allege the truck was travelling three

---

[4] Exhibit 1, Affidavit of Nicole Kustermann.
[5] Exhibit 3, Kearney Towing Invoice, GY-DCC 0104.
[6] Exhibit 4, Farm Bureau Estimate of Record, Dandee 0000041.
[7] Exhibit 5, Beauchamp Report, p. 2; Exhibit 6, Fenton Report, p. 3.

2

miles per hour over the speed limit.[8] Both Mr. Fenton and Mr. Beauchamp also attempt to blame Larry Blair's driving responses during the incident.[9] This Court should exclude any such testimony about Mr. Blair's comparative fault because Goodyear's "defenses of comparative fault or contributory negligence…[were] deemed abandoned and will be dismissed." (Doc. 138, p. 5). Goodyear had the opportunity to address Mr. Blair's negligence in response to Plaintiff's summary judgment motion, but it elected not to do so.

Additionally, such arguments are impermissible because Mr. Blair was a co-worker of Shane Loveland and Jacob Summers, and their injuries from the incident were covered by worker's compensation payments.[10] Under such circumstances, Nebraska courts "do not allow a third-party tort-feasor to…argue the comparative negligence of the employer." *Downey v. Western Community College Area*, 808 N.W.2d 839, 851–52, 282 Neb. 970, 984–85 (Neb. 2012). At the time of this Court's summary judgment order, there was no evidence in the record about Worker's Compensation, and the Court noted that "Plaintiffs imply, but have not alleged, that Loveland and Summers were employed by Dandee and operating in the course of their employment" and that "this incident was covered by the Nebraska Workers' Compensation Act." (Doc. 138, p. 9). Now that such evidence is in the record, arguments relating to the negligence of Plaintiffs' employer should be excluded.

Even if the worker's compensation issue did not prevent arguing Mr. Blair's fault, it would still be precluded because arguments based in comparative fault are not permitted in Nebraska strict liability trials. In *Shipler*, the Nebraska Supreme Court "conclude[d] that the Legislature

---

[8] Exhibit 5, Beauchamp Report, p. 2; Exhibit 6, Fenton Report, p. 3. Yet according to the vehicle's "black box" crash data recorder, the vehicle reached a maximum speed of 74 miles per hour five seconds prior to the crash, one mile per hour under the speed limit. *See* Exhibit 7, Bosch Crash Data Retrieval.
[9] Exhibit 5, Beauchamp Report, p. 2; Exhibit 6, Fenton Report, p. 3.
[10] Exhibit 1, Affidavit of Nicole Kustermann; Exhibit 2, Deposition of Jacob Summers, p. 37-38.

3

intended to exclude the defense of contributory negligence in strict liability actions." *Shipler v. Gen. Motors Corp.,* 271 Neb. 194, 218, 710 N.W.2d 807, 830 (2006). In *Shipler,* the Court excluded any evidence about the negligence of a third-party driver, finding Nebraska law does not "provide for a comparison of negligence in an action for strict liability in tort." *Id.* at 831. Yet that is exactly what Goodyear would try to accomplish with either Mr. Fenton's or Mr. Beauchamp's testimony about Mr. Blair's fault. For all of these reasons, their testimony about seat belts and Mr. Blair's fault should be precluded.

## II.    Expert Joe Grant Opines on Inadmissible Defenses.

Goodyear also intends to offer testimony from Joe Grant, an expert in the tire industry. Mr. Grant has two opinions regarding inadmissible defenses. First, Mr. Grant intends to testify that Goodyear is not liable due to a substantial alteration to the tire. Second, Mr. Grant intends to testify that Goodyear is not liable due to misuse of the tire. As shown below, neither of these defenses remain valid.

### A.    Substantial Alteration

One of Mr. Grant's opinions alleges the tire is not defective due to substantial alteration, claiming "[t]he tire underwent a substantial change in its condition after it left Goodyear" because it suffered a "localized road hazard impact."[11] Mr. Grant places fault for the tire failure on "service conditions and abuses that changed its condition substantially after it left Goodyear."[12] Likewise, during his deposition, Goodyear corporate representative Jay Lawrence echoed Mr. Grant's assertion that "when a tire is impacted by something, whatever it may be, something within that tire changes or is altered such that the tire later fails as the result of a tread separation."[13]

---

[11] Exhibit 8, Report of Joe Grant, p. 12-13.
[12] *Id.*
[13] Exhibit 9, Deposition of Jay Lawrence, p. 152.

This Court dismissed the defense of substantial alteration in its summary judgment order. *See* Doc. #138, p. 20 ("Goodyear's affirmative defenses of comparative fault or contributory negligence, substantial alteration, assumption of risk, and efficient intervening cause, are dismissed."). Plaintiffs challenged Goodyear to produce evidence supporting its allegations about substantial alteration, but Goodyear failed to make the showing to survive summary judgment. A party cannot revive an abandoned defense which has been dismissed. As such, expert testimony in support of substantial alteration should be excluded.

Even if substantial alteration had not already been dismissed, such a defense seeks to blame the conduct of Plaintiffs' employer Dandee. Mr. Grant alleges an impact occurred while the vehicle was in the care of Dandee. During his deposition, Mr. Grant testified that "from a technical standpoint, you know, we're talking somewhere in the last anywhere from 500 miles maybe up to a couple thousand miles of what it may have taken previously before the final failure when this impact occurred."[14] Mr. Grant testified the impact "doesn't go back 10,000-miles or 30,000-miles."[15] The record establishes the tire was in the custody of Dandee for the previous 10,000 miles.[16] Therefore, because the alleged conduct was carried out by an employer covered under the Worker's Compensation Act, this argument is prohibited by the rule expressed in *Downey*, 808 N.W.2d at 851–52.

Additionally, an argument based on substantial alteration is also precluded because it is based in comparative fault. This Court dismissed Goodyear's defense of comparative fault. (Doc. 138, p. 5). Additionally, Nebraska law does not "provide for a comparison of negligence in an action for strict liability in tort." *Shipler*, 710 N.W.2d at 831.

---

[14] Exhibit 10, Deposition of Joe Grant, 122:2-6.
[15] *Id.* at 122:11-12.
[16] Exhibit 3, Kearney Towing Invoice, GY-DCC 0104; Exhibit 4, Farm Bureau Estimate of Record, Dandee 0000041.

### B. Misuse

As the Court expressed in its summary judgment order, "Goodyear's defense of misuse can be summarized as follows: (1) the tire was underinflated or overloaded, causing overdeflection; (2) the warnings and instructions provided by Goodyear made such use was unforeseeable; and (3) the overdeflection was a proximate cause of the tire's malfunction." (Doc. 138, p. 7). The misuse described by Goodyear would have been carried out by agents of Dandee. Plaintiff Jacob Summers testified that Dandee drivers such as Larry Blair had responsibility to maintain tire inflation during pre-trip inspections.[17] At the time of the summary judgment, there was no evidence in the record about Worker's Compensation, but now such evidence has been put before the Court.[18] Mr. Grant's opinion should be therefore excluded.

As this Court noted in its summary judgment order, Goodyear could be permitted under *Downey* to "claim that the employer was the sole cause of the accident." (Doc. 138, p. 8, citing *Downey*, 808 N.W.2d at 853). However, Goodyear has never alleged that misuse was the sole cause of the accident. In fact, Mr. Grant explicitly and repeatedly confirmed that overdeflected operation was not the sole cause of the tire failure. In its summary judgment order, this Court noted "Grant stated that this overdeflection alone did not cause the tire to fail." (*Id.*). For example, Mr. Grant testified as follows:

> I'm just telling you that during its entire life there has been some history of overdeflection, *didn't cause the tire to fail, it was not going to cause the tire to fail*, it was not going to cause the tire to fail but it's just not good for the tire, and it makes the tire more susceptible to things like road hazard impact damage.[19]

---

[17] Exhibit 2, Deposition of Jacob Summers, 32:6-25.
[18] Exhibit 1, Affidavit of Nicole Kustermann; Exhibit 2, Deposition of Jacob Summers, p. 37-38.
[19] Exhibit 10, Deposition of Joe Grant, at 119:25-120:18 (emphasis added).

Mr. Grant cannot testify about the defense of misuse when Mr. Grant admitted the misuse at issue – overdeflected operation – did not and would not cause the tire to fail on its own. As such, his opinions do not implicate Dandee's conduct as the sole cause. These arguments are therefore inadmissible under *Downey*.

Finally, Mr. Grant's argument about Dandee's alleged misuse is also precluded because it is based in comparative fault. This Court dismissed Goodyear's defense of comparative fault. (Doc. 138, p. 5). Additionally, Nebraska law does not "provide for a comparison of negligence in an action for strict liability in tort." *Shipler,* 710 N.W.2d at 831. For all of these reasons, Mr. Grant's opinion on misuse addresses an invalid defense.

## CONCLUSION

Because Gray Beauchamp, Stephen Fenton, and Joseph Grant all seek to offer certain inadmissible testimony on invalid defenses, Plaintiffs pray this Court excludes these opinions.

Respectfully submitted,

**KASTER, LYNCH, FARRAR, & BALL, L.L.P.**

By: _____

Kyle Wayne Farrar *(Pro Hac Vice)*
Wesley Todd Ball (*Pro Hac Vice)*
Kaster, Lynch, Farrar & Ball, LLP
Texas Bar No. 24038754
1117 Herkimer Street
Houston, TX 77008
(713) 221-8300 (Telephone)
(713) 221-8301 (Facsimile)
kyle@fbtrial.com
wes@fbtrial.com
*and*

Paul Godlewski *(Pro Hac Vice)*
SCHEWEBEL, GOETZ & SIEBEN, P.A.

7

5120 IDS Center
80 S. 8th Street, #5120
Minneapolis, Minnesota 55402
612.377.7777
612.333.6311 (Fax)
pgodlewski@schwebel.com

and

Michael F. Coyle
Fraser Stryker Law Firm
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on February 4, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Edward S. Bott, Jr
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Ste 2000
St. Louis, MO 63102
esb@greensfelder.com
ch1@greensfelder.com
jrodriquez@greensfelder.com

Jennifer D. Tricker
1700 Farnam Street, Ste 1500
Omaha, NE 68102
jtricker@bairdholm.com

*Attorneys for Defendant Goodyear Tire & Rubber Company*