IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 8:18-cv-00127 |
| v. | ) ) | |
| THE GOODYEAR TIRE & RUBBER COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**GOODYEAR'S OPPOSING BRIEF TO PLAINTIFFS'
OMNIBUS MOTION IN LIMINE**

The Goodyear Tire & Rubber Company ("Goodyear"), by and through undersigned counsel, hereby submits its Opposing Brief to Plaintiffs' Ominibus Motion in Limine.

**INTRODUCTION**

Goodyear does not oppose limited aspects of Plaintiffs' omnibus motion in limine. Those that Goodyear does oppose, however, have been raised without legal support, misstate what limited legal support Plaintiffs did provide, and/or misrepresent the underlying factual record by omission. Each is addressed separately and labeled according to how it appears in Plaintiffs' motion for ease of cross-referencing the arguments.

**ARGUMENT**

**I.     Warranty of the Tire (Plaintiffs' Brief Section III).**

Goodyear should be entitled to present evidence to the jury that it provides warranties to, among other reasons, express confidence in its products. Further, to the extent Plaintiffs attempt to inject adjustment data into this lawsuit, discussion of warranties (among countless other things as argued in Goodyear's previously filed motion in limine on that subject) will be required.

1

The purpose of motions in limine is not to "micromanage" trials without context as to "what the parties may or may not argue." *Lupescu v. Napolitano*, 2011 WL 1342996 at * 6 (N.D. Ill. April 6, 2011). Plaintiffs seek a blanket prohibition absent that context, and the Court should either deny the motion or reserve ruling. If Plaintiffs determine it is necessary, based upon how evidence of Goodyear warranties is presented, to guard against any speculative "confusion" with regard to what a warranty does and does not mean, they may inquire of Goodyear's witnesses, their own witnesses, and make argument to the jury based on the evidence. This is an issue of weight, not admissibility.

## II.     Comments about the Age of the Tire (Plaintiffs' Brief Section IV).

Plaintiffs know the fact that the Tire was twenty-one (21) years old at the time of the incident is damaging to their defect theories. So they have taken liberties with the record in an effort to prevent the jury from learning this significant fact. Plaintiffs' argument is that "Goodyear agrees that the age of the tire had nothing to do with this separation" and that, therefore, this Court should exclude all reference to age of the Tire from the date it was manufactured, to the date in was negligently placed on the incident vehicle by Kearney Towing, Inc., to the date of the incident, and all dates in between while it was being "misused" and "abused" by those in possession and control of it. But the record reveals that the age of the Tire is a pertinent fact for the jury's consideration in gaining a complete understanding of the causation theories in the case.

Plaintiffs cite only misleadingly selected portions of the testimony of Goodyear's tire expert Joe Grant to support their false premise that, to him, "a tire's age is not the issue." On the contrary, a review of his testimony shows that Goodyear has and will introduce evidence that the

2

age of the tire was a pertinent factor to analyzing causation. Notably, Plaintiffs do not cite to Grant's expert witness report at all. A review of the report shows why.

Grant's report dispels Plaintiffs' misrepresentation that Goodyear will not offer any evidence linking tire age to alternate causation theories. Grant's report states that given the Tire was approximately 21 years old at the time of the accident, and that its service life over this period is and remains unknown, the Tire should not have been installed on the subject vehicle or should have been removed prior to the incident. (Expert Witness Report of Joseph L. Grant ("Grant Report") at 22, attached hereto as Exhibit A.) The Grant Report further goes on to explain that: "The longer a tire is in service, the more opportunity that a tire may experience some type of service condition that with continued use may cause a tire failure." *Id*.

Grant then offers numerous attendant opinions regarding such "service conditions": (a) Grant observed evidence of over-deflected operation of the Tire; (b) over-deflected operation "can be caused by overloading, underinflation or a combination of both. Over-deflected operation increases the operating temperature of the tire . . . [and] can damage the tire, including degrading the physical properties of the rubber compounds and reducing a tire's resistance to separation especially at the belt edges."; (c) the physical evidence of over-deflected operation of the Tire includes rim line polishing to grooving on both sides of the Tire, multi-level radial tear lines on the serial side and opposite serial side belt edges, and the polished worn flanges on the wheel with some black rubber transfer; and (d) the "tire experienced detachment of a portion of the tread and top steel belt as a result of a localized road hazard impact and over-deflected operation." (Grant Report at 12-14, Exh. A.)

Grant's further testimony, when not cherry-picked, illustrates the link between tire age and tire service conditions. The testimony cited by Plaintiffs selectively relates to Plaintiffs'

counsel's improper hypotheticals as to whether age matters in a "perfect" tire. However, when testifying about any tire other than a so-called "perfectly maintained tire," Grant repeatedly stated that due to its age and the unknown service conditions of this used Tire, it should never have been installed by Kearney Towing, Inc., in the first place and, if installed, removed. As such it is pertinent to the alternate causation issues in this case addressed in Goodyear's contemporaneously filed Opposing Brief to Plaintiffs' Motion in Limine on Certain Expert Witnesses. This testimony appears over and over at various stages of his testimony. (*See* Deposition of Joseph Grant, May 31, 2019, 17:24 -p. 19:4; 168:3-. 170:2, attached hereto as Exhibit B.) Put another way, Plaintiffs argument is based on Grant's testimony regarding a hypothetically "perfectly maintained" tire, and not his testimony with regard to the used Tire actually at issue in this case. The motion should be denied.

Additionally, Nebraska law provides for a state of the art defense. Neb. Rev. Stat. § 25–21,182 provides in full:

> In any product liability action based upon negligent or defective design, testing, or labeling, proof establishing that such design, testing, or labeling was in conformity with the generally recognized and prevailing state of the art in the industry at the time the specific product involved in the action was first sold to any person not engaged in the business of selling such product shall be a defense. State of the art as used in this section shall be defined as the best technology reasonably available at the time.

*Id*.. Grant offers the opinion that the Tire did comply with the state of the art when it was manufactured in 1994. (Grant Report at p. 21, attached hereto as Exh. A.) The age of the Tire is pertinent for this reason as well.

Under the admissibility framework set forth in FRE 401, 402 and 403, evidence and testimony regarding the Tire's age is relevant and admissible. Nor did Plaintiffs ever move for its exclusion under FRE 702 despite being the subject of numerous points of expert witness

4

testimony. Though it is certainly damaging to the credibility of Plaintiffs' causation theories, and supports Goodyear's alternate causation theories, the age of the Tire is not "prejudicial" at all, let alone in a way that outweighs its probative value. It is simply part of the facts of the condition and status of the Tire during the pertinent events. It is not inherently inflammatory as engendering an emotion response, does not regard collateral matters, and is not inherently confusing or time wasteful for the jury to hear and consider. To the extent Plaintiffs believe they can use portions of Grant's testimony and report to mitigate against the impact of the 21 year-old used tire, they may do so. But that is a matter of weight and cross examination, not admissibility.

### III. Federal Motor Vehicle Safety Standards (FMVSS) (Section V, Plaintiffs' Brief).

The only authority to which Plaintiffs cite in support of its request that Goodyear be barred from "referencing any alleged compliance with Federal Motor Vehicle Safety Standards (FMVSS)" is 15 U.S.C. 1397(c). As a threshold matter, Plaintiffs' citation is incorrect both in reference and – in significant ways – text. 15 U.S.C. 1397(c) was repealed in 1994 by Pub.L. 103-272, § 7(b) and recodified *and rewritten* at 49 U.S.C. § 30103(e). Importantly, it now merely states that: "Compliance with a motor vehicle safety standard prescribed under this chapter does not exempt a person from liability at common law." *Id*. Plaintiffs' attempt to inject the now discarded additional language that "compliance with safety standards is not to be a defense or otherwise effect the rights of parties" must be rejected. It is no longer the law, nor has it been for almost 26 years.

Further, it is well settled (and clear from the plain language) that 49 U.S.C. § 30103(e) is not an evidentiary prohibition, but rather a savings statute prohibiting compliance with FMVSS from being invoked to preempt or provide a complete defense to a claim. Dispensing with the

5

same argument, the court in <u>Cone v. Hankook Tire Company, Ltd.</u>, 2017 WL 2371237 at *1 (W.D. Tenn. May 31, 2017) held as follows:

> Plaintiffs' reliance on the saving clause is misplaced. Nothing in the plain language of the statute or in the case law construing it suggests, as Plaintiffs argue, that the Act precludes a party from introducing evidence of its product complying with federal safety standards. The Act merely saves tort claims that may arise under the common law of the states even where the manufacturer has complied with federal safety standards.

*Id*.

Plaintiffs cite no other authority in support of their argument that Goodyear should be prohibited from introducing evidence of compliance with applicable government standards. Moreover, it would be inappropriate in any event as the evidence is pertinent to Neb. Rev. Stat. § 25–21,182 regarding the state of the art as well as Goodyear's right to present evidence of governmental compliance to the jury to avoid confusion and prejudice that would result from the jury questioning why Goodyear's satisfaction of governmental regulations was never noted.

Finally, and most conclusively, because this Court has held that Ohio's law of punitive damages will apply, Goodyear is entitled to invoke R.C. 2307.80(D(1) which provides, in full:

> If a claimant alleges in a product liability claim that a product other than a drug or device caused harm to the claimant, ***the manufacturer or supplier of the product shall not be liable for punitive or exemplary damages in connection with the claim if the manufacturer or supplier fully complied with all applicable government safety and performance standards***, whether or not designated as such by the government, relative to the product's manufacture or construction, the product's design or formulation, adequate warnings or instructions, and representations when the product left the control of the manufacturer or supplier, and the claimant's injury results from an alleged defect of a product's manufacture or construction, the product's design or formulation, adequate warnings or instructions, and representations for which there is an applicable government safety or performance standard.

*Id*. (emphasis added). Plaintiffs cannot, on the one hand, invoke Ohio punitive damages law and

6

then, on the other hand, deny Goodyear the substantive defenses provided by that law. The Court should deny the motion in limine for these reasons.

IV.     **Prejudicial Issues Relating to Drugs (Plaintiffs' Brief Section V).**

One element of Plaintiffs' motion on this subject is that Goodyear be precluded from introducing evidence or testimony regarding the fact that Jacob Summers had fake urine on him for the purpose of defeating drug tests. Goodyear asks that the Court to either deny Plaintiffs' motion or reserve ruling on this particular issue until trial because it goes to Summers' credibility and penchant for truthfulness, which may be explored pursuant to FRE 608(b). The rule permits cross examination regarding "specific instances of a witness's conduct . . . if they are probative of the character for truthfulness or untruthfulness." *Id.*; *see* comment to FRE 608 ("Particular instances of conduct, though not the subject of criminal conviction, may be inquired into on cross-examination of the principal witness himself or of a witness who testifies concerning his character for truthfulness. Effective cross-examination demands that some allowance be made for going into matters of this kind, but the possibilities of abuse are substantial. Consequently, safeguards are erected in the form of specific requirements that the instances inquired into be probative of truthfulness or its opposite and not remote in time.").

V.      **Plaintiffs Sued Kearney Towing, Inc. and Fault of Kearney Towing, Inc. (Plaintiffs' Brief Sections IX and X).**

Plaintiffs' motions on these two points are inherently linked and based on the same misplaced arguments. Therefore, Goodyear combines them. Plaintiffs raise two arguments, both of which transparently attempt to misapply the Court's prior rulings and Nebraska law: (a) the Court previously ruled that "Nebraska law does not recognize efficient intervening cause as an affirmative defense"; (b) "arguments about comparative fault are impermissible in Nebraska strict liability trials."

7

As to the first argument, Plaintiffs' cherry-pick the Court's order. While the Court ruled that Nebraska law does not recognize efficient intervening cause as an affirmative defense, it did not in any way rule, as an evidentiary matter, that Goodyear could not present testimony regarding the conduct of Kearney Towing, Inc. as a matter of causation. Instead, the portion of the Court's order upon which Plaintiffs seized merely states the Nebraska holdings providing that that arguments regarding the existence of efficient intervening cause should not appear as affirmative defense jury instructions because they are more appropriately covered within Plaintiffs' burden of proof on causation. *Id.* at 6, citing *Sacco v. Carothers*, 567 N.W.2d 299, 306 (Neb. 1997); and NJI2d Civ. 3.43. I.e, it is a question of form, not evidentiary substance.

To be clear, Goodyear is entitled to submit evidence and testimony regarding alternate causation regardless of whether or not it fits within the boundaries of any specific affirmative defense. Regardless of affirmative defenses, Goodyear may submit this evidence and testimony to defeat Plaintiffs' burden to establish the existence of no other efficient intervening cause. This is confirmed by the Court's ultimate holding – conspicuously absent from Plaintiffs' brief – that "Goodyear is free to argue that its own actions were not a proximate cause of Plaintiffs' injuries." *Id*. As such, this Court has already ruled that Goodyear may present evidence regarding alternate causes, albeit simply not in the firm of a jury-instructed "affirmative defense" of efficient, intervening cause.

Plaintiffs' second argument can be dispensed with easily as well. Plaintiffs argue that "comparative fault" is not available under Nebraska strict liability law, citing *Shipler v. General Motors Corp.*, 710 N.W.2d 807, 830 (Neb. 2006). First, this is not a comparative fault issue, it is an alternate causation issue and Goodyear is entitled to present it on Plaintiffs' prima facia burden regardless of comparative fault or any other affirmative defense. Second, Plaintiffs make no

8

reference to Nebraska's negligence law. While *Shipler* holds that a defendant in a strict liability case is not entitled to liability reductions and set offs on strict liability claims, it likewise recognizes that comparative fault is available in negligence actions. *Id.* Here, Plaintiffs are pursuing negligence claims in addition to strict product liability claims. As such, Nebraska law recognizes that evidence regarding comparative fault on Plaintiffs' negligence claims is admissible and not barred.

The second portion of Plaintiffs' argument regarding Kearney regards the fact that Plaintiffs are engaged in blatant claim-splitting and have elected to pursue their claims against Kearney in state court via *Susman v. Kearney Towing & Repair Center, Inc.*, District Court of Buffalo County, Nebraska. Plaintiffs cite no authority whatsoever holding that defendant in one case cannot refer to a companion case that exists entirely at the tactical election of a plaintiff to split that claim. Nor does any such authority exist. This Court should not countenance Plaintiffs' gamesmanship in using claim splitting to shield the truth from the jury that Plaintiffs are contemporaneously blaming multiple parties for their injuries. *See Sparkman Learning Ctr. v. Arkansas Dep't of Human Servs.*, 775 F.3d 993, 1000 (8th Cir. 2014) ("It is well established that claim-splitting is discouraged.") To do so would in effect be deception.

Goodyear is permitted to introduce evidence of this lawsuit and question witnesses about it in support of its alternative causation theories and defenses regarding the conduct of Kearney. Plaintiffs and plaintiffs' lawyers are bound by the rules of civil procedure and applicable codes of conduct to only file claims which they believe have merit. It would be grossly prejudicial to Goodyear to be precluded from introducing evidence of Plaintiffs' own supposedly sincere belief that Kearney caused their injuries, and the lawsuit they are pursuing to press that belief.

Plaintiffs' only cited legal argument against this is that Nebraska prohibits issues of

9

comparative fault in strict liability trials. But as noted above, the same cannot be said when negligence is claimed, as Plaintiffs have claimed it here.

## **CONCLUSION**

For each of the foregoing reasons, Goodyear requests that the Court enter an order denying Plaintiffs' omnibus motion in limine with regard to each portion of that motion discussed above.

Dated: February 11, 2020	GREENSFELDER, HEMKER & GALE, P.C.

By:	/s/ Edward S. Bott., Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO  63102
(314) 241-9090
Fax:  (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE  68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 3,137 words.

/s/ Edward S. Bott, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 11th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.