IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., <br><br>Plaintiffs, <br><br>v. <br><br>THE GOODYEAR TIRE & RUBBER COMPANY, <br><br>Defendant. | Case No. 8:18-cv-00127 |

### GOODYEAR'S OPPOSING BRIEF TO PLAINTIFFS' MOTION *IN LIMINE* ON CERTAIN EXPERT WITNESSES

The Goodyear Tire & Rubber Company ("Goodyear"), by and through undersigned counsel, hereby submits its Opposing Brief to Plaintiffs' Motion *in Limine* on Certain Expert Witnesses.

### INTRODUCTION

Plaintiffs' motion is smoke and mirrors. Plaintiffs misrepresent and mischaracterize the evidence and prior proceedings in an effort to bar Goodyear from presenting evidence of alternative causation which it is entitled to present to the jury as a matter of law. Plaintiffs attempt to put Goodyear's various alternate causation arguments in boxes labeled as affirmative defenses, and then argue that those affirmative defenses are no longer available. What Plaintiffs fail to appreciate, however, is that this Court has already ruled Goodyear may pursue any and all alternative causation theories available to it to defend against Plaintiffs' burden to establish that there is no other efficient intervening cause which caused their injuries. This alternative cause evidence and testimony may also be available by way of certain affirmative defenses, but its admission is not limited to those defenses.

1

**ARGUMENT**

I.  **Plaintiffs' Motion Regarding Beauchamp and Fenton Opinions.**

Plaintiffs argue that the Court should preclude Goodyear experts Gary Beauchamp and Stephen Fenton from testifying about: (a) the "seat belt defense"; and (b) "non-party driver Larry Blair." As a threshold matter, Goodyear will not contest the seatbelt issue due to Plaintiffs' stipulation conceding the 5% reduction under Neb. Rev. Stat. § 60-6,273 as interpreted by *Shipler v. Gen. Motors. Corp.*, 710 N.W.2d 807, 833 (Neb. 2006).

Plaintiffs' arguments as to "non-party driver Larry Blair" on the other hand seek to misapply this Court's prior rulings, misstate Nebraska law, and attempt to deny Goodyear substantive factual and scientific defenses to which it is entitled. The Court should deny Plaintiffs' motion on this subject for the following reasons.

Plaintiffs raise three arguments regarding Larry Blair (an employee of non-party Dandee Concrete Construction Company, Inc. (hereinafter "Dandee"). First, Plaintiffs assert that because this Court previously ruled Goodyear had "abandoned" the affirmative defenses of "comparative fault or contributory negligence" Goodyear cannot submit evidence regarding Larry Blair. (ECF No. 182 at 3.) This misrepresents the issues submitted to the Court during summary judgment proceedings which formed the basis of that ruling. Plaintiffs are attempting to shoehorn this issue into a ruling to which it does not apply.

Plaintiffs' motion for summary judgment on the issue of comparative fault and contributory negligence marks the origin of this issue. Plaintiff argued there that under Nebraska law "Goodyear cannot seek to ***apportion fault*** to Plaintiffs' employer," relying solely on *Downey v. Western Community College Area*, 808 N.W.2d 839, 851–52 (Neb. 2012). As this Court noted in its Order of October 10, 2019 (the "Order"): "In *Downey*, the court examined whether an

2

injured employee's employer was considered a 'released person' for purposes of Nebraska's comparative negligence statute." (ECF No. 138 at 8.) The *Downey* court was determining whether under Neb. Rev. Stat. § 25–21,185.11 the defendant was entitled a specific apportionment and reduction based on the following statutory language: "The claim of the claimant against other persons shall be reduced by the amount of the released person's share of the obligation as determined by the trier of fact." *Id*.

This is important. Plaintiffs' summary judgment motion was not directed at whether Goodyear, as a matter of factual and scientific causation defenses, could argue that the actions of others and not Goodyear caused Plaintiffs' injuries. It was, instead, directed at whether Goodyear could have the jury determine the specific apportionment of Dandee's negligence to reduce or set off Goodyear's liability under Nebraska's comparative negligence statutory scheme. Because Goodyear is not seeking any such statutory apportionment from Dandee as a tort-feasor jointly and severally liable to Plaintiffs, it did not argue against Plaintiffs' motion on that point. As such, this is the only discreet issue Goodyear "abandoned" under the Court's Order. The issues of a causation defense and a statutory contribution set-off are distinct.

Accordingly, Goodyear has not waived its arguments – discussed more below – that the cause of Plaintiffs' injuries was due to something other than Goodyear's design and manufacture of the Tire. Indeed, the Court explicitly held this in the Order, stating that "Goodyear is free to argue that its own actions were not a proximate cause of Plaintiffs' injuries." (ECF No. 138 at 6.) It is an absurd reading of the Court's Order that Goodyear is "free to argue" that it did not cause Plaintiffs' injuries, but forbidden from presenting evidence as to alternate causes. Plaintiffs' first argument fails as a misrepresentation, or miscomprehension, of the Court's prior ruling.

3

Before moving on to any further arguments, something must be emphasized here because it applies again and again below due to Plaintiffs' apparent belief that if Goodyear cannot submit a particularly named affirmative defense to the jury, it is necessarily prohibited from submitting evidence of alternate causation. This is inaccurate. Pursuant to Nebraska law and this Court's Order applying that law, Plaintiffs have the burden of establishing – as part of their *prima facia* cases on both negligence and strict liability – "that there was no efficient intervening cause." *Stahlecker v. Ford Motor Co.*, 667 N.W.2d 244, 253-254 (Neb. 2003); *see also* Order at ECF No. 138 at 6, citing *Sacco v. Carothers*, 567 N.W.2d 299, 306 (Neb. 1997); and NJI2d Civ. 3.43. Accordingly, all expert witness testimony and evidence Goodyear chooses to submit on issues of alternate causation, it may submit to disprove an element of Plaintiffs' *prima facia* case.

This is true irrespective of any additional affirmative defense which may apply and upon which the jury may be instructed. Throughout the present motion and the omnibus motion, Plaintiffs attempt repeatedly to deny Goodyear the right to introduce alternate causation evidence by compartmentalizing it within a specific affirmative defense, and then arguing that Goodyear may not pursue that affirmative defense for one reason or another. As briefed here and in opposition to Plaintiffs' omnibus motion in limine, Plaintiffs are wrong about which affirmative defenses to which Goodyear has access. But regardless of how the Court rules on those discrete issues, Goodyear may nonetheless put on competent evidence of alternate causation to negate the causation element of Plaintiffs' claims. This is so whether that conduct relates to that of Dandee, Larry Blair, Kearney Towing, Inc. ("Kearney"), any other prior owner of the Tire during its service history, a road hazard impact, or any other alternate theory of causation.

Plaintiffs' second argument is an extension of its first. Plaintiffs argue that Goodyear may not introduce evidence regarding Dandee/Blair's conduct because Nebraska's workers'

4

compensation law "does not allow a third-party tort-feasor to . . . argue the comparative negligence of the employer." (ECF No. 182 at 3.) Plaintiffs quote *Downey*, again, for this proposition. *Id.*; *Downey*, 808 N.W.2d at 851-852. But Plaintiffs ignore a second critical point of *Downey*.[1] Not only does *Downey* not foreclose a defendant like Goodyear from raising alternative causation defenses as discussed above, but in that case the Nebraska Supreme Court also explicitly carved out an exception to its comparative negligence rule. The exception is that despite Nebraska workers compensation law, a defendant may nonetheless argue that the employer's actions constitute the "sole proximate cause" of the alleged injury, therefore foreclosing all liability against the "third party tort-feasor" (i.e., Goodyear). As the Nebraska Supreme Court explained in recognizing this exception:

> If the employer's conduct was the sole proximate cause, then the defendant could not have caused the injury, which would negate the plaintiff's prima facie negligence case against that defendant. ***In other words, the defendant was not arguing that the employer is jointly liable with it, the defendant was arguing that it is not liable at all.*** So, in the light of *Steele* and our decision today, a defendant can point to the negligence of the employer and claim that the employer was the sole cause of the accident.

*Downey*, 808 N.W.2d at 853 (emphasis added). This Court recognized the exception in the Order, holding that the sole proximate cause argument remains available to Goodyear. (ECF No. 138 at 8.) As such, neither *Downey* nor this Court's rulings foreclose Goodyear's ability to argue alternate causation generally, or Dandee's sole proximate cause specifically.

Plaintiffs' third argument warrants less unraveling. First, this is one of many examples of what is discussed above with regard to Plaintiffs' attempt to compartmentalize alternate cause evidence under discrete affirmative defenses. All evidence regarding alternate causation,

---

[1] The first being that, as discussed above, *Downey*'s "comparative fault" holding regards only apportionment, and not the ability to present alternative causation defenses supported by expert witness testimony.

5

1838931

including the conduct of Dandee/Blair, is admissible by Goodyear to counter Plaintiffs' burden to establish that these things were not efficient intervening causes of their injuries. *See Stahlecker*, 667 N.W.2d at 253-254. So before addressing the affirmative defense of comparative fault, it must be emphasized that whether Goodyear may or may not argue comparative fault as an affirmative defense specifically, it may introduce all of this alternative causation evidence in any event in defending against an element of Plaintiffs' *prima facia* case.

Plaintiffs argue that "comparative fault" is not available under Nebraska strict liability law, citing *Shipler v. General Motors Corp.*, 710 N.W.2d 807, 830 (Neb. 2006). That is an accurate statement of the law with regard to strict liability, but these are alternate causation issues and are admissible for the reasons set forth above regardless of Nebraska comparative fault law. Additionally, Plaintiffs make no reference to Nebraska's negligence law. While *Shipler* holds that a defendant in a strict liability case is not entitled to liability reductions and set offs based on comparative negligence, it likewise recognizes that comparative fault is available in negligence actions. *Id*. Here Plaintiffs are pursuing negligence claims in addition to strict product liability claims. As such, Nebraska law recognizes that evidence regarding comparative fault on Plaintiffs' negligence claims is admissible and not barred. For these reasons, each of Plaintiffs' arguments fail and Goodyear requests that the Court deny Plaintiffs' motion on these issues.

## II.     Plaintiffs' Motion Regarding Grant's Opinions.

Plaintiffs also seek to preclude certain opinions of Goodyear's tire expert Joe Grant. Plaintiffs divide their arguments into two groupings. The first regards "substantial alteration" opinions. The second regards "misuse" opinions. Each will be addressed in turn.

### A.     Grant's "Substantial Alteration" Opinions.

6

1838931

Plaintiffs identify Grant's "substantial alteration" opinions as those causation opinions regarding: (a) road hazard impact damage to the Tire; and (b) "service conditions and abuses that changed [the Tire's] condition" after it left Goodyear. (ECF No. 182 at 4.) As necessary backdrop to the arguments that follow, the "tire service conditions" Plaintiffs target here are: (a) Grant observed evidence of over-deflected operation of the Tire; (b) over-deflected operation "can be caused by overloading, underinflation or a combination of both. Over-deflected operation increases the operating temperature of the tire . . . [and] can damage the tire, including degrading the physical properties of the rubber compounds and reducing a tire's resistance to separation especially at the belt edges."; (c) the physical evidence of over-deflected operation of the Tire includes rim line polishing to grooving on both sides of the Tire, multi-level radial tear lines on the serial side and opposite serial side belt edges, and the polished worn flanges on the wheel with some black rubber transfer; and (e) the "tire experienced detachment of a portion of the tread and top steel belt as a result of a localized road hazard impact and over-deflected operation." (ECF No. 125 at 5-6, ¶¶ 8-12, Goodyear's Expert Opinions and Disputed Facts Relevant to Goodyear's Affirmative Defenses and exhibits attached thereto.)

Plaintiffs raise three arguments in support of their request that this Court preclude these so-called "substantial alteration" opinions. They are reminiscent of Plaintiffs' arguments regarding Beauchamp and Fenton.

First, Plaintiffs rely on the Court's order dismissing "substantial alteration." Again, while it is true that the Court dismissed Goodyear's affirmative defense of "substantial alteration," the Court *did not* preclude Goodyear's ability to submit evidence and argue the following: (a) that causes other than Goodyear's manufacturing and design of the Tire caused the tread separation, and (b) that Dandee or some third party was the sole proximate cause of the

7

tread separation. The Order explicitly leaves these avenues open to Goodyear, as it must because it is Plaintiffs' burden as part of their *prima facia* case to establish that these things were not efficient intervening causes and Goodyear is entitled to present evidence to counter that element. *See* ECF No. 138 at 6, 8; *Stahlecker*, 667 N.W.2d at 253-254.

Plaintiffs' superficial reliance on "abandonment" would have one believe Goodyear conceded that it should be prohibited from introducing alternate causation arguments and evidence that road hazard impact and severe tire service conditions were the actual cause of the tread separation. The record reveals otherwise. So once again we must unravel Plaintiffs' misconstruction of the Court's Order and the summary judgment proceedings undergirding it.

At the summary judgment stage, Plaintiffs' "substantial alteration" argument had nothing whatsoever to do with Grant's opinions regarding impact damage or the service conditions in the Tire which caused the tread separation. Instead, Plaintiffs argued that the "substantial alteration defense exists to protect a manufacturer when a customer makes a modification to the product that could not be anticipated" and that Goodyear could not show "any alteration" to the Tire applicable to that particular doctrine. (ECF No. 105 at 8.)

Goodyear agreed with Plaintiffs that impact damage and the severe tire service conditions forming the basis for Grant's causation opinions did not fall within that doctrine and, instead, argued that they fell under the doctrines of misuse and efficient intervening cause. (ECF No. 125 at 13-14.) Plaintiffs argued the point in response, never once taking the position that these opinions and evidence were more properly characterized as "substantial alteration" rather than misuse and causation evidence. (ECF No. 132 at 1-3.) On the contrary, Plaintiffs specifically and only argued impact and the tire service conditions within the context of misuse. *Id*. Never as "substantial alteration."

8

It is Plaintiffs who failed to raise the "substantial alteration" argument they disingenuously and belatedly raise now. *See Lopez v. River Oaks Imaging & Diagnostic Group, Inc.*, 542 F.Supp.2d 653 n. 9 (S.D. Tex. 2008) ("failure to brief an argument in the district court waives that argument in that court"); *Medley v. City of Milwaukee*, 969 F.2d 312, 317 (7th Cir. 1992) (arguments not presented to the district court in response to summary judgment motions are waived). Plaintiffs cannot waive the argument during summary judgment proceedings, wait for the ruling on summary judgment, and then seek to permanently bar Goodyear's causation defenses by shoehorning them within a ruling that never considered the question to begin with. It is a cynical ploy without any support in the law or procedures of this Court. It should be rejected in order to preserve Goodyear's constitutional right to a full trial on the merits.

Second, Plaintiffs argue that because the road hazard impact and over-deflection/under-inflation tire service conditions "occurred while the vehicle was in the care of Dandee" – Plaintiffs' employer – Goodyear is barred from presenting this evidence at trial under Nebraska's workers compensation law as articulated in *Downey*.[2] The initial flaw in Plaintiffs' argument is that it wrongly assumes Grant's opinions are limited to the tire service conditions that degraded the Tire solely within the 11 months it was in the possession and control of Dandee. This is not Grant's opinion. (*See* Expert Report of Joseph Grant at 12-13, ¶ 4, attached as Exhibit A; Deposition of Joseph Grant, May 31, 2019, 118:18 - 119:15, attached as Exhibit B, "in the 21 year history of the tire there has been some overdeflection."). Therefore, Plaintiffs' attempt to bind his alternative cause opinions to Nebraska workers' compensation law must fail. As a result, these opinions and evidence are not barred by application of *Downey*.

---

[2] Plaintiffs again solely rely on *Downey* for this proposition. (ECF No. 182 at 5.)

Regardless, even looking to *Downey* the Court has already ruled under Nebraska law that *Downey* applies only to specific apportionment between joint tortfeasors and that "Goodyear is free to argue that its own actions were not a proximate cause of Plaintiffs' injuries." (ECF No. 138 at 6.) As such, without regard to the specifics of apportionment, Goodyear is unequivocally able to offer alternate causation testimony in its defense.

Were the law otherwise it would lead to absurd and inequitable results based on the random coincidence of ownership. For example, had the Tire been placed on Larry Blair's personal truck and the tread separation had occurred while he gave Plaintiffs a ride home from work, Goodyear would be permitted to present independent scientific opinion testimony supported by decades of studies and peer reviewed articles examining the mechanics of tread separations, over-deflection, resulting tire degradation and tire impact damage. But under Plaintiffs' tortured logic since the Tire is on Dandee's truck driven by Larry Blair, the trier of fact would be completely barred from considering the actual science and Goodyear would be left without objectively valid and widely supported alternative causation defenses.

This is not the law. The law in Nebraska is that the jury may not *apportion a specific percentage of fault to Dandee*. Not that the jury may never hear at all of the severe service conditions in the Tire and related road hazard impact which caused the tread to separate.

Further, this Court has already held that the trier of fact may find that Dandee was the sole proximate cause of the tread separation. (ECF No. 138 at 8 quoting *Downey*.) Goodyear will reserve the particulars of the sole proximate cause argument for the section below on misuse, because this is an opposition brief and that is the section in which Plaintiffs raise it. But it applies equally here to defeat Plaintiffs' motion on substantial alteration and is adopted and incorporated herein by reference.

10

Plaintiffs' third and fourth arguments are repetitious and have already been dispensed with above. The third is that these issues invoke comparative fault, which is an affirmative defense already dismissed by the Court. (ECF No. 182 at 5.) The fourth is that because, in Plaintiffs' erroneous view, Grant's opinions on road hazard impact and tire service conditions of over-deflection/underinflation invoke comparative fault. As such, Plaintiffs argue, the opinions are barred because Nebraska does not recognize comparative fault in strict liability actions. (ECF No. 182 at 5.) These arguments are without merit for the reasons stated at page 6, *supra*. For each of the foregoing reasons, this Court should deny Plaintiffs' motion with regard to Grant's opinions delineated above.

B.  Grant's "Misuse" Opinions.

Plaintiffs' final argument is that this Court should preclude all evidence and testimony regarding Grant's "misuse" opinions – which are the same alternate causation opinions Plaintiffs identified above as having been previously addressed as part of their "substantial alteration" arguments during summary judgment; i.e., road hazard impact damage, over-deflection, under-inflation, and resulting tire degradation. (ECF No. 182 at 6-7.) As such, Plaintiffs repeat the same arguments of inadmissibility under *Downey* and Nebraska's workers compensation law. They also again argue that strict product liability law does not permit comparative fault. For the reasons stated above, these arguments fail. As an additional reason, and as already held by this Court, "[m]isuse is a defense to strict liability and negligence." (ECF No. 138 at 7, citing *Erickson v. Monarch Indus., Inc.*, 347 N.W.2d 99, 108 (Neb. 1984)).

Plaintiffs do raise one new argument. Plaintiffs finally acknowledge the Court's holding under *Downey* that in addition to being permitted to generally submit this evidence as alternate causes to Plaintiffs' defect theories, Goodyear may also specifically ask the jury to find that Dandee

11

was the sole proximate cause of the tread separation. (ECF No. 182 at 6.) However, in acknowledging and addressing this holding, Plaintiffs fundamentally fail to understand and apply Nebraska's law of sole proximate cause.[3]

Here is how: Plaintiffs' entire argument is based on the premise that Grant opined the tire service conditions (over-deflection/under-inflation and the consequent damage to the Tire resulting from those misuses) was not the "sole" cause of the tread separation. In framing the argument, Plaintiffs seize on Grant's testimony and opinion that ultimately these conditions weakened the Tire to the point that the road hazard impact caused the tread separation. (ECF No. 182 at 6.) As noted in the excerpt quoted by Plaintiffs, Grant states that the "tire service conditions" did not independently cause the Tire's tread to separate, but rather that these misuse conditions damaged the Tire to the point that the tread separated upon road hazard impact. Ergo, Plaintiffs' argue without any citation to authority, that the misuse and resulting degradation in the Tire cannot be the "sole proximate cause" because they worked in conjunction with the road hazard impact to cause the Tire to fail. *Id.*

There is no dispute that it is in fact Grant's opinion that the misuse conditions and the road hazard impact operated together to cause the tread separation. In his report, Grant states that the "tire experienced detachment of a portion of the tread and top steel belt *as a result of a localized road hazard impact and overdeflected operation.*" (ECF No. 125 at 6, ¶ 12, citing to Grant's report at 13, attached thereto as Exhibit G (emphasis added).)

Plaintiffs assert this defeats Goodyear's ability to argue that Dandee was the sole proximate cause under *Downey*. Plaintiffs are wrong. *Downey* provides no analysis of Nebraska's law of

---

[3] As a threshold matter, and as noted above, Plaintiffs are mistaken that Grant's tire service condition opinions are limited to the time period during which Dandee possessed the Tire. It regards other potential owners and users as well as a matter of causation. As such, admission of this evidence is not limited by *Downey* in any event.

12

"sole proximate cause." It simply confirms Goodyear's right to present evidence and argue the issue. We must look elsewhere to determine what is, and is not, sole proximate cause in Nebraska. And when we do, we find Plaintiffs' conclusory argument does not hold water.

In Nebraska, an "intervening cause" can also be the "sole" proximate cause and both questions are questions of fact for the jury (rendering the present motion premature). *Looney v. Pickering*, 439 N.W.2d 467, 472 (Neb. 1989). In evaluating sole proximate cause, one must understand what is, and what is not, a "cause" under Nebraska law. In Nebraska a "condition" is not a "cause" for the purposes of evaluating intervening and proximate causation. *Knuth v. Singer*, 116 N.W.2d 291, 295 (Neb. 1962) ("An alleged cause of an accident may be merely a condition and not the real cause."); *Brown v. Nebraska Public Power Dist.*, 306 N.W.2d 167, 169 (Neb. 1981) ("A condition is not a proximate cause."). "Two acts of independent source are not concurrent in causing an injury if one of them merely furnishes a condition by which such injury is made possible, and later such injury occurs through the efficient, self-acting, and independent operation of the other." *Johnson v. Metropolitan Utilities Dist.*, 125 N.W.2d 708, 711 (Neb. 1964).

So what does Nebraska law recognize as being a condition rather than a cause? As the Nebraska Supreme Court held in *Brown*, the general rule is that "the activities of inanimate things are usually mere conditions and not causes." *Brown*, 306 N.W.2d at 170. In discussing this longstanding general rule, the Nebraska Supreme Court cited back to its prior holding in *Anderson v. Byrd*, 275 N.W. 825 (Neb. 1937). In *Anderson*, the court elaborated on the rationale behind the rule that "[t]he activities of inanimate things are usually mere conditions and not causes." *Anderson*, 275 N.W. at 826. The Nebraska Supreme Court somewhat poetically explained:

> In either event its impotence for harm or damage, as an innocuous, immobile instrumentality, must be manifest, since in both situations it simply presented a patent condition, and not an operating, efficient, or proximate cause, which can be said to contain by its activity, that

13

>potentiality for harm or damage, which furnishes the test upon which
>the rule of liability in this character of tort-feasance is predicated.

(*Id*.) Such is the rule applicable here, and it negates Plaintiffs' premature sole proximate cause argument.

As detailed above, Grant opines that the repeated and severe misuse and abuse by Dandee and or the previous owners and users of the Tire manifested as the woeful and dangerous service conditions of the Tire of over-deflection caused by under-inflation and/or overloading. These actions of Dandee and/or other previous owners of the Tire caused a degradation of the physical properties of the rubber compounds of the Tire and reduced the Tire's resistance to tread separation, including when impacting a road hazard.

Under Nebraska law, everything in the preceding paragraph is the proximate cause of the tread separation *except* the road hazard impact. The road hazard is an inanimate object or condition to which tort-feasor negligence and liability principles cannot be imputed, thereby leaving Dandee's or the Tire's prior owners' and user's negligent acts, misuses and abuses as the "sole" proximate cause under Nebraska law. As such, Plaintiffs' Motion as to Grant's "misuse" opinions fails under *Downey*, Goodyear is entitled to present evidence to the jury regarding Dandee's and other prior owners' and user's sole proximate cause, and seek a complete finding of non-liability due to these actions, all without regard to Dandee's status as Plaintiffs' employer.

## SUMMARY ARGUMENT

It must be re-emphasized that Plaintiffs' motion attempts to improperly restrict Goodyear's ability to put on alternate causation evidence and testimony to its ability to pursue specific affirmative defenses. This is not the law as briefed above and as already interpreted and applied by this Court. Plaintiffs have the burden of establishing – as part of their prima facia cases on both negligence and strict liability – "that there was no efficient intervening cause."

14

*Stahlecker*, 667 N.W.2d at 253-254; *see also* Order at ECF No. 138 at 6, citing *Sacco v. Carothers*, 567 N.W.2d 299, 306 (Neb. 1997); and NJI2d Civ. 3.43. Goodyear may submit all expert witness testimony and evidence available to it on issues of alternate causation as a matter of disproving an element of Plaintiffs' *prima facia* case.

This is true irrespective of any additional affirmative defense which may apply and upon which the jury may be instructed. Goodyear may argue and submit evidence and testimony on any and all of the following: (a) that the actions attributable to Kearney are efficient intervening causes precluding liability against Goodyear; (b) that the actions of Dandee/Blair with regard to maintaining the Tire and operating the vehicle constitutes conduct precluding liability against Goodyear, (c) that the tire service conditions developing in the Tire over its entire 21 year service life constitute alternate causation that precludes liability against Goodyear; (d) that the tire service conditions and a road impact join to preclude liability against Goodyear; (e) the evidence is likely to show that the road hazard impact is a condition rather than a cause; and (f) any combination of these or other evidence which defeat Plaintiffs' burden to establish that there was no other efficient intervening cause to their injuries. Some may be submitted by way of attending a specific affirmative defense, others submitted to defeat the elements of Plaintiffs' burden, and some may be submitted and argued as both. But in one form or another, Plaintiffs have no right under Nebraska law to preemptively preclude the jury from considering these and all other causation questions which go to their own burden to disprove alternative efficient intervening causes. It is then the province of the jury to make these causation determinations. *Zeller v. Howard Cty.*, 419 N.W.2d 654, 658 (Neb. 1988); *Hancock v. Paccar, Inc.*, 283 N.W.2d 25, 36 (Neb. 1979); *Certain Underwriters at Lloyd's v. S. Pride Trucking, Inc.*, 301 F. Supp. 3d 949, 958 (D. Neb.), *on reconsideration in part*, 331 F. Supp. 3d 956 (D. Neb. 2018); *Isla*

1838931

*Drinkwalter v. Frontera Produce Ltd*, No. 7:13CV5006, 2014 WL 12577029, at *5–6 (D. Neb. June 24, 2014); and *Looney v. Pickering*, 439 N.W.2d 467, 472 (Neb. 1989).

## **CONCLUSION**

For each and all of the foregoing, independent reasons this Court should deny Plaintiffs' motion which improperly and without legal support seeks to turn Nebraska's product liability law on its head by manipulating legal standards and this Court's prior rulings. Plaintiffs' motion seeks to deny a product manufacturer the most fundamental defense available in cases of this type – that causes other than the product's manufacture and design gave rise to the claims asserted.

Dated: February 11, 2020 GREENSFELDER, HEMKER & GALE, P.C.

By: /s/ Edward S. Bott., Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

16

1838931

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 4,937 words.

/s/ Edward S. Bott, Jr.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 11th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.

1838931