# EXHIBIT 4

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

04 FEB 10 PM 1:52

NORMA GARCIA, as Guardian
of Jorge Lizandro
Garcia, an incompetent
person,

       Plaintiff,

v.                        CASE NO. 8:99-CV-1611-T-17TGW

KELLY-SPRINGFIELD
TIRE COMPANY, a foreign
corporation, and THE GOODYEAR
TIRE & RUBBER COMPANY,
a foreign corporation,

       Defendants.

                      /

ORDER

This cause is before the Court on:

Dkt. 423  Motion in Limine to Exclude Evidence of
          Or Reference to "Adjustment Data"
Dkt. S-33  Response
Dkt. S-34  Depositions

Defendants requests the exclusion from evidence of, or any reference to, adjustment data collected by Defendant Goodyear.

"Adjustment data" is information sent to Goodyear by its dealers when the dealer "adjusts" a tire. An "adjustment" may occur for various reasons, including maintaining the goodwill of the customer, replacing tires which have abnormal wear or damage, and replacing tires which demonstrate purely cosmetic blemishes or other problems. Usually, a customer whose tire is adjusted is provided a new tire, and the customer is given a credit for the remaining tread life on the adjusted tire. Later, the dealer will advise Goodyear that it has "adjusted" a tire, and pass

470

Case No. 8:99-CV-1611-T-17TGW

through to Goodyear the credit given to the customer.

Goodyear maintains records of adjustment data which contain some coding for the general reason assessed by the dealer for granting the adjustment. The adjustment data does not include a report of the exact nature of the customer's complaint or the tire condition which prompted the adjustment, the cause of that condition, the effect of that condition on the tire's past performance, or the anticipated effect of the condition on the tire's future performance.

Defendant has filed its Motion in Limine because Plaintiff has identified as potential exhibits Goodyear's adjustment policies, Goodyear's adjustment rates from 1991 to 2000 for Wrangle AT ATS tires, as well as the deposition of Daniel Hammontree, and the exhibits thereto. Mr. Hammontree was the Leader of Goodyear's Light Tire Adjustment Team. In addition, Plaintiff has obtained Goodyear adjustment data for other tires, including the data produced to the National Highway Transportation Administration. Plaintiff has also obtained internal documents addressing tire adjustments in general.

Defendant argues that the adjustment data has very limited probative value on the issues to be decided in this case, whether the subject tire was defective and, if so, did the defective tire cause Plaintiff's injuries.

Defendant also requests the exclusion of the adjustment data because Plaintiff would be required to prove that each adjustment involving the same tire as the subject tire was operated in substantially similar driving conditions as the subject tire, and

2

Case No. 8:99-CV-1611-T-17TGW

that the adjusted tire failed due to a tread/belt condition resulting from similar alleged defects as those identified by Plaintiff's experts. Defendant argues that establishing the requisite foundation would result in inordinate delay in the proceedings, as well as unfair confusion and prejudice.

Plaintiff responds that there is testimony by Goodyear employees that one reason for collecting adjustment data is to determine if defects exist in the tires, and adjustment data in this case alerted Goodyear to the problem. Plaintiff further responds that Defendants' experts, Kessell and Gardner, admitted that the adjustment data in this case showed that 3% of Load Range E tires were returned for crown area separations, a significant rate. Plaintiff further notes that adjustment data prompted Goodyear's nationwide investigation into the reasons for tire failure of Load Range E tires, and NHTSA relied on adjustment data in conducting its own investigation. Plaintiff points out that the failure mode identified by the Goodyear investigation which was precipitated by the adjustment data is identical to the failure mode of the tire in this case. Plaintiff also argues that the adjustment data is relevant to the issue of Defendants' notice with respect to the separation problem afflicting the subject tire.

The Court has examined the attachments to Plaintiff's response, as well as the depositions filed under seal. After consideration, the Court concludes that the adjustment data is relevant and its probative value outweighs its prejudicial impact. Accordingly, it is

3

Case No. 8:99-CV-1611-T-17TGW

**ORDERED** that the Motion in Limine (Dkt. 423) is **denied.**

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 10th day of February, 2004.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

4

F I L E   C O P Y

Date Printed: 02/10/2004

Notice sent to:

    ___    A. Broaddus Livingston, Esq.
             Carlton Fields, P.A.
             P.O. Box 3239
             Tampa, FL  33601-3239

             8:99-cv-01611    jab

    ___    Michael McAllister, Esq.
             McAllister & Abromovitz
             340 E. Palm Lane Suite A-144
             Phoenix, AZ  85004

             8:99-cv-01611    jab

    ___    John C. Seipp Jr., Esq.
             Seipp, Flick & Kissane, P.A.
             Two Alhambra Plaza, Suite 800
             Miami, FL  33134-5214

             8:99-cv-01611    jab

    ___    Joseph W. Bonie, Esq.
             Law Office of Joseph W. Bonie
             537 Black Lion Dr. N.E.
             St. Petersburg, FL  33716

             8:99-cv-01611    jab

    ___    Timothy M. Cerio, Esq.
             GrayRobinson, P.A.
             201 N. Franklin St., Suite 2200
             P.O. Box 3324
             Tampa, FL  33601-3324

             8:99-cv-01611    jab

    ___    Michael J. Meksraitis, Esq.
             Michael J. Meksraitis, Chartered
             4202 W. El Prado Blvd.
             Tampa, FL  33629

             8:99-cv-01611    jab

    ___    Joseph J. Reiter, Esq.
             Lytal, Reiter, Clark, Fountain & Williams, LLP
             515 N. Flagler Dr., Suite 1000
             P.O. Box 4056
             West Palm Beach, FL  33402-4056

             8:99-cv-01611    jab

___ Lance C. Ivey, Esq.
Lytal, Reiter, Clark, Fountain & Williams, LLP
515 N. Flagler Dr., Suite 1000
P.O. Box 4056
West Palm Beach, FL 33402-4056

  8:99-cv-01611    jab

___ Hampton Keen, Esq.
Lytal, Reiter, Clark, Fountain & Williams, LLP
515 N. Flagler Dr., Suite 1000
P.O. Box 4056
West Palm Beach, FL 33402-4056

  8:99-cv-01611    jab

___ Donald R. Fountain Jr., Esq.
Lytal, Reiter, Clark, Fountain & Williams, LLP
515 N. Flagler Dr., Suite 1000
P.O. Box 4056
West Palm Beach, FL 33402-4056

  8:99-cv-01611    jab