# EXHIBIT 13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| KIM LOGAN, as Legal Guardian for JAMES O. GUMM, JR., | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | No. 5:10-CV-03-KSF |
| KENTUCKY CABINET FOR HEALTH & FAMILY SERVICES, | ) ) ) | ORDER |
| Intervening Plaintiff, | ) ) ) | |
| and | ) ) | |
| UNIVERSITY OF KENTUCKY & KENTUCKY MEDICAL SERVICES FOUNDATION, | ) ) ) ) | |
| Intervening Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| COOPER TIRE & RUBBER COMPANY, | ) ) | |
| Defendant. | ) | |

*** *** *** ***

Eight discovery-related motions currently pend in this case. *See* DE #109 (Motion to Extend Dispositive Motion Deadline); DE #110 (Motion for Leave to Supplement); DE #111 (Motion to Compel Compliance); DE #114 (Motion for Protective Order); DE #123 (Sealed Motion to Compel Deposition); DE #125 (Sealed Motion to Compel Production of Deponents); DE #127 (Sealed Motion for Judicial Determination); DE #134 (Motion to Compel). The parties briefed these motions fully, and the Court conducted a motions hearing on March 18, 2011. The

1

matters are now ripe for decision.[1]

For the reasons and on the terms described below, the Court **GRANTS** DE #109; **PARTIALLY GRANTS** and **PARTIALLY DENIES** DE #111, DE #114, DE #125, and DE #134; and **DENIES** DE #110, DE #123, and DE #127.

**I. Analysis of Motions**

The Court addresses each motion in sequence, with one exception. The parties' opposing motions (DE #114; DE #125) concerning Rule 30(b)(6) deposition practice will be addressed together because of overlapping content.

A. DE #109 Motion to Extend Dispositive Motion Deadline

Defendant moved to extend the dispositive motions deadline, arguing that the transcripts of depositions of Plaintiff's experts cannot be finalized in time for the parties to meet the current deadline. *See* DE #109 at 2. Plaintiff responded to indicate no opposition. *See* DE #112 (Response).

At the motions hearing, the parties advised that the depositions of all of Plaintiff's expert witnesses, except Troy Cottles, have been completed. However, the deposition of Cottles will not occur until March 29, 2011. (Incidentally, the Court approves this date.). Defendant discussed the transcript preparation time needed, and Plaintiff argued that the extension should be as limited as possible in an effort to maintain the current pretrial conference and trial dates. The Court advised that any change in the dispositive motions deadline will effect a change in those dates as well, and Logan acknowledged that the District Judge's schedule may require such

---

[1] The Court does not sanction either side for violating the pre-motion protocol with respect to discovery motions. However, all stand reminded of the telephonic conference requirement. Future lapses will be unlikely to receive grace.

alteration.

The Court grants the motion (DE #109) and extends the deadline for dispositive motions to April 18, 2011. Defendant must and is directed to plan in advance with respect to transcript preparation and receipt in order to meet that deadline.

Upon consultation with District Judge Forester, the Court also reschedules the pretrial conference and trial dates. The original pretrial date is cancelled. The Pretrial Conference will be held on July 12, 2011, at 1:00 p.m. in Lexington, Kentucky, and the Trial by Jury will commence on August 23, 2011 at 9:00 a.m. in Lexington, Kentucky.

B. DE #110 Motion for Leave to Supplement Expert Witness Disclosures

Defendant moved for a fifteen-day period of time to disclose additional expert opinions to contradict or rebut testimony from Plaintiff's experts yet to be deposed. *See* DE #110 at 2. Plaintiff responded in opposition, arguing that Cooper Tire already had sufficient remedy in the event the experts offered any new or otherwise previously undisclosed opinion testimony. *See* DE #113 at 2.

At the motions hearing, the Court questioned Defendant as to why a motion in limine (or other appropriate preclusive motion) would not be a sufficient remedy. Cooper Tire explained that such motions may be difficult to advance successfully and that, to ensure its rights, it believed that additional expert disclosure time must be provided. Plaintiff reiterated her position that existing remedies would be more than sufficient and represented that the only remaining witness, Troy Cottles, would not be offering any evidence outside of the materials already provided to Defendant.

Judge Forester imposed a carefully structured expert discovery model, with both initial

and rebuttal dates. The Court denies Cooper Tire's motion because the existing Rule 37 remedies prove sufficient. If Cottles offers any new or otherwise previously undisclosed opinion testimony, then Defendant may challenge whether the jury should hear such testimony. Mindful that the parties have requested multiple discovery extensions over time and that, as the parties continue to emphasize with gusto in their briefing, they have encountered each other multiple times in venues across the country, the Court expects that Cooper Tire possesses a good sense of what Cottles's testimony will be. Here, Judge Forester established a discovery process, which the parties have known and attempted to follow for some time, and that schedule required rebuttal expert disclosures by mid-September 2010. *See* DE #23 (Amended Scheduling Order). The Court will not, at this late stage, fundamentally alter that schedule by appending a special additional expert disclosure period. Again, should Cottles attempt to offer new opinions, Rule 37's preclusive remedy may apply to protect Cooper Tire.

C. DE #111 Motion to Compel Compliance with Protective Order, Secure Return of Confidential Materials, and for Other Appropriate Relief

Defendant moved to compel compliance by Plaintiff's counsel with the protective order in this case, secure return of any confidential materials kept in violation of that protective order, and receive economic or other sanctions based on Logan's counsel's alleged violations. *See* DE #111 at 1-2. Logan responded in opposition, emphasizing that Cooper Tire cannot determine when it received the deposition allegedly disclosed in violation of the protective order, that no confidential material or trade secrets have been used, and that the only dissemination at issue involves her counsel's filing of limited portions of a transcript in federal district court in Mississippi. *See* DE #126 (Response) at 2, 3, 5. Defendant replied to assert that Plaintiff's counsel indisputably violated the protective order. *See* DE #138 (Reply) at 2-3.

4

The Court does find that counsel for Plaintiff violated the order by filing deposition portions still under the "confidential material" designation. Plaintiff could not have known (and did not know) the transcript receipt date for the defense, which constitutes the trigger date. Logan arbitrarily and inaccurately utilized December 2 for calculation. That said, the Court accepts the affidavit of counsel's staff as the explanation for the decision.

On the other side, the defense's inability to prove when it received the transcript harms the persuasiveness of a party seeking strict enforcement.[2] Further, as stated at the hearing, the 45-day clock in the protective order must have meaning, so lapse of that period ends the temporary, blanket designation. Further, the portions disclosed did not include any of the portions Cooper later designated, meaning no harm resulted from Plaintiff's violation.

In this particular dynamic, the Court determines to award no monetary sanction at this time. However, Attorney Lynch shall, within ten days, file an affidavit confirming whether the Mississippi filing discussed in the briefing was the lone pre-designation dissemination of the transcript at issue. The affidavit further shall confirm whether Lynch actually relied on Ms. Mollett's analysis in terms of determining the propriety of filing the transcript portions in the Mississippi case. If the affidavit presents inconsistencies with respect to the version detailed at the hearing, the Court may revisit the sanction analysis.

---

[2] At the motions hearing, in response to questioning from the Court, Defendant proposed an agreed calculation for determining date of receipt in the future. Specifically, Cooper Tire suggested all parties add three days to the date on the court reporter's letter of transmittal to ascertain a definitive calculation.

At this time, the Court declines to require such a process. However, the Court has time and again admonished the parties to communicate, and the Court notes specifically that this issue should be one the parties can solve together themselves. Defendant advised that it now logs receipt of all deposition transcripts, so as to depositions conducted by the defense, the dates of receipt simply need to be shared among counsel.

The Court thus partially grants and partially denies DE #111, as phrased. Both parties must comply with protective order mechanics, and Plaintiff violated the terms here. However, for the reasons stated and on this record, the Court orders no additional relief pending receipt of Mr. Lynch's affidavit.

D. DE #114 Motion for Protective Order from Plaintiff's 30(b)(6) Deposition & DE #125 Sealed Motion to Compel Defendant to Produce Deponents

The parties filed opposing motions related to Plaintiff's Rule 30(b)(6) deposition of Cooper Tire. *See* DE #114; DE #125. First, Defendant sought a protective order, asserting that the Rule 30(b)(6) deposition notice tendered by Logan lacks reasonable particularity, seeks voluminous information that makes preparation essentially impossible, and requests cumulative and duplicative information. *See* DE #114 at 1-2. Plaintiff responded in opposition and moved to compel Cooper Tire's corporate representatives to appear, asserting that Defendant's objections constitute gamesmanship. *See* DE #124 (Response) at 1-2; DE #125 at 1-2. Defendant submitted a combined response to the motion to compel and reply in support of the protective order to reiterate its view that the deposition notice must be restricted to a more manageable focus. *See* DE #140 (Reply in Support of Protective Order and Response in Opposition to Motion to Compel).

The debate centers both on compliance with the Rule 30(b)(6) "reasonable particularity" designation and Rule 26(c) protective order principles. The Court has significant discretion to craft a discovery ruling in this context, taking into account the case history and claims, the discovery to date, the stage of discovery, the relative burdens/benefits of further discovery, concerns over duplication, and assessment of other opportunities that are/were available. *See* Fed. R. Civ. P. 26(b)(2)(C) & (c). Here, the Court has carefully listened to argument and

6

Case: 5:10-cv-00603-KSF-REW Doc #: 747 Filed: 03/22/13 Page: 57 of 19 - Page ID#: 1975
8:18-cv-00127-LSC-SMB Doc # 207-3 Filed: 02/11/20 Page 8 of 15 - Page ID # 4059

reviewed closely the extensive briefing.

The Court also has reviewed the underlying Complaint and sifted through the briefing to understand Plaintiff's case theory. The parties dueling assertions over discovery in other cases has relevance, if only marginally, to the resolution here. The Court does find it hard to believe that many surprises remain to be revealed or discovered between these familiar litigation teams.

Per Plaintiff's articulation – and as built upon characterizations from referenced Cooper documents – the case centers on the relationship of alleged tread/belt separation to the accident and any connection between product design and such separation. Cooper's understanding of and decisions with respect to engineering around that risk stand at the core of Plaintiff's case. Because Cooper arguably discussed the separation problem in fairly general terms, across multiple tire designs, the Court agrees that a restriction to only the GTS for the tire at issue would be artificial and would not align with Plaintiff's theory.

The Court, applying the Rule 30 and 26 standards, grants in part and denies in part each motion. The Court directs Defendant Cooper Tire to produce 30(b)(6) designee(s) to testify to information, in the stated categories, known or reasonably available to the organization:

1. The design of the subject tire,[3] including all design revisions generally from 1997-2007 and all design revisions, regardless of period, calculated by Cooper in any way to address tread/belt separation.

2. The adjustment data for the subject tire, related to tread/belt separation, in the period from 1997-2007.

3. The collection, assimilation, maintenance, and analysis of tire adjustment data in the period from 1997-2007 regarding tread/belt separation, for all

---

[3] Borrowing Cooper's language, from the Schimmoeller affidavit, the subject tire in this case is a Mastercraft Courser C/T tire, size LT305/70R16, manufactured to the specific Green Tire Specification 5708.

      P215/75 and larger passenger/RLT tires and equivalent low aspect ratio tires.[4]

4. Cooper's past and present knowledge concerning the cost of adding a nylon overlay (SNOW) and/or belt edge gumstrips (BEGS) to the subject tire. Further, Cooper's past and present knowledge concerning the cost of adding SNOW and/or BEGS to any P215/75 and larger passenger/RLT tires and equivalent low aspect ratio tires.

5. The marketing of the subject tire in the period from 1997-2007.

6.   A.  The efficacy and/or use of SNOW and/or BEGS, as tire design component(s), in addressing, reducing, or affecting the incidence of tread/belt separation for P215/75 and larger passenger/RLT tires and equivalent low aspect ratio tires. This category intentionally has no temporal limit.

     B.  The memoranda/exhibits attached by Plaintiff to DE #124, to wit, Exhibits 4 through 10.

7. Cooper Tire's manufacture of the subject tire during the period of 2000-04.

8. The subject plant during the period of 2000-04, relative to the manufacture of and quality control concerning the subject tire.

9. The Tire Durability Team, regardless of period or involved tire, related to any consideration, evaluation, assessment, and/or discussion of tread/belt separation, SNOW, and/or BEGS.

10. Cooper's past and current knowledge with respect to the theory that overdeflection/overloading/underinflation can cause tread/belt separation in any P215/75 and larger passenger/RLT tires and equivalent low aspect ratio tires.

11. Cooper's past and current knowledge with respect to the theory that impact damage can cause tread/belt separation in any P215/75 and larger passenger/RLT tires and equivalent low aspect ratio tires.

The Court finds that Plaintiff is entitled to Cooper's testimony as to these defined

---

[4] Again, this is largely Cooper language, here from CCLogan_K0001788, modified only to make clear that RLT tires of comparable size are included.

categories. The descriptions reflect consideration of all competing arguments under the operative rules.

The Court specifically rejects the corporate deposition as an authentication vehicle here, because of timing and the Rule 30(b)(6) objections. Plaintiff has leave to serve not more than 30 Rule 36 requests addressing "genuineness of any described documents." Plaintiff shall serve such requests within ten days of this Order, and the defense shall respond within 30 days after being served.

On these terms, then, the Court grants in part and denies in part DE #114 and DE #125.

E. DE #123 Sealed Motion to Compel Deposition of Heather Stahl

Plaintiff seeks to compel a deposition from Heather Stahl. She authored memoranda that Plaintiff deems significant in the case. However, Plaintiff did not identify Stahl as a requested deponent in the hard-fought motion concerning additional depositions. *See* DE #93 (resulting Order). Further, Plaintiff concedes awareness of Stahl, her role, and her identity at the time of that motion.

Counsel admits he made an erroneous assumption that Stahl's superior at Cooper would be able to testify about the subject matter. Still, in this context, Plaintiff could have identified the memoranda author as the safest choice in listing the coveted deponents. Given the discovery stage and the prior ruling, the Court denies DE #123, the motion to compel Stahl's deposition.

F. DE #127 Sealed Motion for Judicial Determination of Use of *Pierson* Exhibits

Plaintiff moved for a judicial determination regarding the status of records from an Arizona case, styled *Pierson v. Cooper Tire*, that have been filed into the instant case. *See* DE #127 at 6. According to Logan, the records in question can be acquired by anyone visiting the

Clerk of Court for the Maricopa County, Arizona Superior Court, in that state. *See id.* at 6-7. In turn, Defendant contends that the records fall under a protective order entered in that case and should, thus, not be retained or filed in other matters, such as the instant case. *See* DE #139 at 4.

At the motions hearing, counsel indicated that Plaintiff now has taken responsibility for mistakes with respect to the status of *Pierson* and records under protection in that case.

Subject records have been entered into the record in the instant case. To ensure those records remain protected here, the Court maintains Exhibits 11 and 12 to Plaintiff's Response Brief to Judge's Order Regarding Cooper Tire's Objection to Cross-Sectioning of Companion Tire (DE #71) as sealed. The Court takes no further action and thus denies DE #127.[5]

G. DE #134 Motion to Compel Discovery from Plaintiff and Other Miscellaneous Relief

Defendant moved to compel discovery, including continuation of the deposition of Plaintiff's experts George Nichols and Craig Lichtblau, chain of custody information for evidence, and further testimony from Plaintiff herself. *See* DE #134 at 1-2. Cooper Tire also sought "all other appropriate relief." *See id.* at 10. Plaintiff responded in opposition, arguing that she has gone out of her way to assist Cooper Tire and that these matters never should have been brought before the Court. *See* DE #143 (Response).

At the motions hearing, the parties advised that the depositions of Nichols and Lichtblau have now been completed, and Defendant persisted only in seeking expenses for reconvening the Lichtblau deposition. The Court denies that part of the motion to compel, finding that the parties

---

[5] Plaintiff imbedded this motion within a response to a defense motion. Such imbedding is not the proper manner of presenting a motion. The Court likely will ignore any future imbedded requests. The local rules require a motion to "state precisely the relief requested" and generally to be "accompanied by a supporting memorandum." *See* LR 7.1(a). Dropping a motion into a response brief is not compliant.

share responsibility for the initial deposition curtailment because of confusion about the length of time required. Plaintiff offered Cooper Tire an opportunity to reconvene the deposition by telephone or videoconference, and Defendant refused. While Cooper Tire properly finished the deposition in person, that was a choice and lessens the cause for expenses to be charged to Plaintiff. In this scenario, reflecting some of the typical administrative hurdles when dealing with experts, the Court sees no basis for an award against Plaintiff.

As to chain of custody information, Defendant advised that only a letter from counsel and a tow-truck receipt has been provided thus far, and Cooper Tire argued for verified responses that may be utilized as evidence. Plaintiff explained that his client possesses limited knowledge and noted that she has no burden to assemble an admissible exhibit for Defendant. Cooper Tire identified specific discovery requests to which it seeks full responses, and the Court agrees that Logan must provide appropriate responses to those requests. Accordingly, the Court grants part of the motion to compel and orders Plaintiff to respond fully to Interrogatory Two in the Defendant's second set of interrogatories (DE #134-15) and Interrogatory One in Cooper Tire's third set of interrogatories (DE #134-16). Plaintiff must respond under oath within ten days of the filing of this order.

Finally, regarding information about Plaintiff's retention of counsel, Defendant contended that a full history would be discoverable under the Rule 26 standard because such evidence may support cross-examination for bias or an argument regarding spoliation of evidence. Logan argued that any such information would be irrelevant and asserted that Cooper Tire just seeks to try to paint her in a bad light in front of the jury. The Court grants part of the motion to compel in this area. Specifically, Plaintiff will provide a verified response regarding

what date she first sought legal advice regarding the accident. Further, in response to the p. 71 question, Plaintiff must describe what, if anything, she personally has done; this duty to respond does not include revealing actions in consultation or under the direction of counsel. The Court denies the remainder of the matters sought, with respect to the deposition questions. The specifics of retention, including identity of lawyer(s) contacted would not appear relevant even as a matter of discovery. The Court authorizes the contact date disclosure only because it marginally informs any possible spoliation investigation. Plaintiff must provide the verified supplementation within ten days of the date of this Order.

Except as specifically granted, DE #134 otherwise is denied.

## II. Decisions & Objections

For the reasons and on the terms described, the Court **ORDERS** as follows:

(1) The Court **GRANTS** DE #109 and **EXTENDS** the dispositive motions deadline until April 18, 2011. In consultation with Judge Forester, the Court also **RESCHEDULES** the Pretrial Conference for **July 12, 2011, at 1:00 p.m.** and the Trial by Jury to commence on **August 23, 2011, at 9:00 a.m.**

(2) The Court **DENIES** DE #110 without prejudice to either party's right to seek appropriate relief if remaining discovery produces any previously undisclosed opinions.

(3) The Court **PARTIALLY GRANTS** DE #111 by finding that Plaintiff's counsel violated the protective order, but **PARTIALLY DENIES** the motion as to economic or other sanctions at this time. Attorney Lynch **SHALL**, **within ten days**, file an affidavit confirming whether the Mississippi filing discussed in the briefing was the lone pre-designation dissemination of the transcript at issue. The affidavit further **SHALL** confirm whether Lynch

actually relied on Ms. Mollett's analysis in terms of determining the propriety of filing the transcript portions in the Mississippi case.

(4) The Court **PARTIALLY GRANTS** and **PARTIALLY DENIES** DE #114 on the terms described.

(5) The Court **DENIES** DE #123, given the discovery stage and prior motion for leave to take depositions.

(6) The Court **PARTIALLY GRANTS** and **PARTIALLY DENIES** DE #125 on the terms described.

(7) The Court **DENIES** DE #127 as withdrawn. Relatedly, the Court **MAINTAINS** Exhibits 11 and 12 to Plaintiff's Response Brief to Judge's Order Regarding Cooper Tire's Objection to Cross-Sectioning of Companion Tire (DE #71) as sealed.

(8) The Court **PARTIALLY GRANTS** and **PARTIALLY DENIES** DE #134 on the terms described.

(9) The Court **ADMONISHES** the parties to ensure full and complete compliance with all terms of Judge Forester's Amended Scheduling Order, including the discovery mechanics outlined by the District Judge.

(10) The Court again **ADMONISHES** the parties to communicate and cooperate with each other. The instant flurry of motion practice reflects several matters that all parties agreed, in argument at the motions hearing, should never have required judicial involvement. The Court **EXPECTS** all attorneys to advocate and counsel reasonably in advancing the case to resolution

13

on behalf of their clients.[6]

The Court issues this Order resolving non-dispositive pretrial matters under 28 U.S.C. § 636(b)(1)(A). Any party objecting to this Order should consult the statute and Federal Rule of Civil Procedure 72(a) concerning its right of and the mechanics for reconsideration before the District Court. Failure to object waves a party's right to review.

This the 22d day of March, 2011.

Signed By:
Robert E. Wier
United States Magistrate Judge

---

[6] Incidentally, the Court notes that Plaintiff raised an alteration in tire-testing protocol. The Court had approved a protocol by prior order. *See* DE #85 (Order). The defense persists in the original objection, but does not contend that the protocol change itself is a basis for separate objection.