# EXHIBIT 14

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

**CIVIL ACTION NO. 10-003 JBC**

**KIM LOGAN, as Legal Guardian for
    JAMES O. GUMM, JR.,**                                    **PLAINTIFF,**

**V.**                               **ORDER**

**COOPER TIRE AND RUBBER COMPANY,**                          **DEFENDANT.**

\* \* \* \* \* \* \* \* \*

A jury trial was held in this matter on April 10, 2012. Prior to jury selection and after the jury was dismissed for the day, the court met with counsel to issue rulings on several pending motions and deposition designations. Wesley Ball, Bruce Kaster, and Fred Peters were present on behalf of the plaintiff Kim Logan. Justin McDonald, David Schaefer, Thomas Warburton, Lee Rosenthal, and John Goodman participated on behalf of the defendant Cooper Tire and Rubber Company. The proceeding was recorded by official court reporter Peggy Weber.

**IT IS ORDERED** as follows:

(1)    Defendant's motion in limine to preclude various irrelevant evidence from the liability portion of the trial (R. 430) is granted to a certain extent and otherwise denied. The motion is granted to the extent that evidence which goes solely to the plaintiff's damages is excluded from the liability phase of the trial. Evidence going to the cause of the accident is admissible during the liability phase, but evidence that goes only to the cause or extent of Mr. Gumm's injuries that resulted from the accident will be reserved for the trial on damages.
    In summary, the liability phase of the trial will be limited to whether the subject tire was defective in design or manufacture; whether the defect, if any, was a significant factor in causing the accident; whether Mr. Gumm was negligent in causing the accident; and the percentage of fault between the parties.
    The parties may state that Mr. Gumm was injured in the accident and that he has since died, but may state nothing further as to the extent of his injuries, except that he was a brain-injured quadriplegic. Witnesses may

1

testify as to vehicle placement and condition and Mr. Gumm's location and orientation post-accident for accident-reconstruction purposes. Witnesses may not testify as to the extent of Mr. Gumm's injuries or the treatment he received at the scene.

These are not the only lines which will be drawn between liability and damages, but they are illustrative of the points at which the court will draw the lines. Individual evidence such as documents and testimony will be measured as they arise.

Otherwise, the motion is denied.

(2) The plaintiff's sealed motion for judicial determination on the admissibility of factual testimony from Desmond Peglar (R. 431) is **DENIED** for reasons stated on the record and the testimony of Mr. Pegler is excluded.

Previously in this matter, this court excluded the deposition(s) of Mr. Peglar in their entirety because the witness had no personal knowledge of the facts relevant to the case and because of the conduct of plaintiff's counsel in disregarding U.S. Magistrate Robert E. Weir's "clear admonishment that the depositions were only to be taken of the deponents as lay witnesses." (R. 381)

(3) The defendant's oral motion to exclude witnesses Richard Adams and Desmond Peglar from trial is **GRANTED** pursuant to the court's order (R. 381) filed on November 2, 2011.

(4) The plaintiff's motion in limine to exclude irrelevant and prejudicial evidence of prior bad acts (R. 432) is **DENIED IN PART AND GRANTED IN PART**. The motion is denied to the extent that the mention of syringe injection drug use, medical drug history limited to 10 days before the accident, and the urinalysis and toxicology reports of Mr. Gumm are admissible. The motion is granted to the extent that Mr. Gumm's criminal drug history, driving history, and other criminal history are not admissible unless the plaintiff opens the door to the admission of such proof.

(5) The plaintiff's motion in limine to exclude Jenny Paige (R. 446) has two parts: 1) to exclude the witness altogether and 2) to prohibit testimony which contradicts prior testimony from Cooper's Rule 30(b)(6) witness. The motion to exclude Ms. Paige altogether as the corporate witness is **DENIED** because she was timely listed as a witness by the defendant. The motion to prohibit her testimony which contradicts prior testimony from Cooper's 30(b)(6) witness is **GRANTED** by agreement.

(6) The deposition testimony of David Craig is limited to the designation and scope as agreed upon by the parties on the record.

2

(7) Objections to testimony with regard to adjustment data, dissimilar tires and post-manufacture evidence are generally rejected because this evidence is relevant, supports the plaintiff's theory, is not unduly prejudicial and will not confuse the jury.

(8) The designated deposition testimony of Dale Schimmoeller taken on January 27, 2011, has been withdrawn by the plaintiff.
Signed on April 11, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

(9)