IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, Both individually and as Legal Guardian of Shane Allen Loveland; and JACOB SUMMERS<br>　　　　　Plaintiff(s), | CASE NO. 8:18CV127 |
| v. | |
| THE GOODYEAR TIRE & RUBBER COMPANY<br>　　　　　Defendant(s). | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO GOODYEAR'S MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND REFERENCE TO BRIDGESTONE/FIRESTONE TIRE RECALLS AND INCIDENTS**

Plaintiffs submit this Brief in Opposition to Goodyear's Motion in Limine to exclude all evidence and reference to the Bridgestone / Firestone recalls and incidents. Contrary to Goodyear's argument, the Firestone recalls are relevant to numerous issues in the case.

**ARGUMENT**

**I.    Goodyear's Expert Can be Cross-Examined about his Role in the Firestone Recall.**

Goodyear's tire expert, Joe Grant, was retained as an expert by Firestone in over one hundred cases involving Wilderness AT, ATX and ATX II tires that Firestone recalled for safety related defects in 2000 and 2001. He was designated as a "core expert" on behalf of the recall. As a "core expert" he had access to the facts for all of the tires in Firestone Complaints throughout the country. He repeatedly testified for years before the recall was announced that none of the tires were defective. After the recall, Grant had no choice but to maintain this same position. In every case in which Mr. Grant testified before and after the recall - as he does in this case - Mr. Grant blamed outside forces such as poor maintenance, underinflation, or impact damage for the

tread separation failures. To this day, Mr. Grant still testifies that the ill-fated Firestone tires show no signs of defects, even though Firestone's own independent management has publicly admitted to defects found by the government in those tires.

Goodyear knowingly chose Mr. Grant as its expert in this case with full knowledge of Mr. Grant's position regarding the Firestone tires and his opinions regarding product defects. Mr. Grant has testified continuously for Goodyear and other tire companies in the past, consistently blaming the consumer and defending the tire company no matter how poor its tire design. Mr. Grant was also involved in further Firestone recalls in which he defended Firestone to no end, even as Firestone finally admitted that its tires were defective and spent hundreds of millions of dollars to remove them from the roadways. All of these issues are fair game for cross-examination, because they give context to what Mr. Grant means when he speaks of a "defect." Further, Plaintiff is entitled to point out credibility and bias issues to the jury.

**II.      The Firestone Recalls are Relevant to Several Issues in the Case.**

In addition to Mr. Grant's credibility as an expert witness, the Firestone Recalls may arise in connection with the following issues at trial:

- Goodyear contends in this case that its tire complied with Federal standards, therefore, it was not defective. However, the Bridgestone/Firestone tires which were recalled also complied with applicable Federal standards.

- Goodyear contends in this case that tread separations do not cause accidents. A determination was made in conjunction with the Firestone investigation that tread separations *do* cause accidents.

- Goodyear contends in this case that because NHTSA did not order a recall of the tires in this case, the tire was not defective. A determination of defect was made in the Firestone situation, yet the government did not order a recall of those tires either.

- Goodyear contends in this case that nylon cap plies do not prevent separations. Firestone added a nylon cap ply to prevent separations in its tires.

- The tread separation failure rates for the Goodyear tire in this case is dramatically higher than the failure rate for the Firestone tires that were recalled.

- Most potential jurors will likely have heard of the Firestone problem and this issue will probably arise during jury selection.

This list is by no means exhaustive, and during a trial as complex and lengthy as this one, it is possible other unforeseen issues will arise. The rules of evidence are designed to allow the Court to deal with these issues as they arise at trial, and it would be impossible for the Court to make an informed blanket ruling before the presentation of the evidence begins.

In a nearly identical Goodyear trial involving a defective LRE tire, the U.S. District Court for the Middle District of Florida denied an identical motion in limine. In the attached order, the Court "conclude[d] it is premature to completely exclude any reference to the Bridgestone/Firestone controversy," noting the "defendant will have the opportunity to make objections at trial."[1] Like here, the court noted the plaintiff provided "instances where evidence of, or reference to, the Bridgestone controversy might be appropriate."[2] For these reasons, this Court should rule likewise, and deny Goodyear's Motion in Limine regarding the Firestone recalls.

Respectfully Submitted,

KASTER, LYNCH, FARRAR & BALL, L.L.P.

Dated: February 11, 2020    By_____
Kyle Wayne Farrar (Pro Hac Vice)
Texas Bar No. 24038754
Wesley Todd Ball (Pro Hac Vice)
1117 Herkimer Street

---

[1] *See* Exhibit 1 Order in *Garcia v. Goodyear*, p. 2.
[2] *Id.*

Houston, TX 77008
(713) 221-8300 (Telephone)
(713) 221-8301 (Facsimile)
Email: kyle@fbtrial.com

*and*

Paul E. Godlewski (#35567)
SCHWEBEL GOETZ & SIEBEN, P.A.
5120 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2246
612-377-7777 (Telephone)
612-333-6311 (Facsimile)
Email: pgodlewski@schwebel.com

*and*

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Ste. 500, Energy Plaza
Omaha, Nebraska 681025
(402) 341-6000 (Telephone)
(402) 341-8290 (Facsimile)
mcoyle@fraserstryker.com

## CERTIFICATE OF COMPLIANCE

      I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2013 and contains 1,019 words.

## CERTIFICATE OF SERVICE (CM/ECF)

      I HEREBY CERTIFY that on February 11, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Edward S. Bott, Jr
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Ste 2000
St. Louis, MO 63102
esb@greensfelder.com
ch1@greensfelder.com
jrodriquez@greensfelder.com

Jennifer D. Tricker
1700 Farnam Street, Ste 1500
Omaha, NE 68102
jtricker@bairdholm.com

*Attorneys for Defendant Goodyear Tire & Rubber Company*