IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, Both individually and as Legal Guardian of Shane Allen Loveland; and JACOB SUMMERS<br>                Plaintiff(s),<br><br>       v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY<br>                Defendant(s). | CASE NO. 8:18CV127 |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE FOR MANDATORY BIFURCATION OF TRIAL INTO LIABILITY AND PUNITIVE DAMAGES PHASES AND TO PROHIBIT PLAINTIFFS FROM OFFERING PUNITIVE DAMAGES EVIDENCE DURING THE LIABILITY PHASE OF TRIAL**

Comes now Plaintiffs and files this Brief in Opposition to Doc # 177, Goodyear's Motion in Limine For Mandatory Bifurcation of Trial Into Liability and Punitive Damages Phases And To Prohibit Plaintiffs From Offering Punitive Damages Evidence During The Liability Phase of Trial. For the foregoing reasons, Goodyear's motion should be denied.

### I.    FACTUAL BACKGROUND

On November 1, 2019, this Court held a telephonic conference on Goodyear's Motion to Continue Trial Date, Motion for Special Setting, and Motion for Modification of Progression Order [Doc. 145] wherein all parties announced ready for trial and thereafter agreed to a ten-day trial of this case rather than a fifteen-day trial as was originally set in this Court's Order Setting Final Schedule for Progression of Case [Doc. 77]. In Defendant's Motion to Continue Trial Date the issue of trial bifurcation was not raised even though at the date of Defendant's filing of said Motion the Court had entered its Order [Doc. 138] granting Plaintiffs' Motion to Apply Ohio Law

1

Regarding Punitive Damages. Furthermore in that conference, Defendant did not raise any sort of issue concerning trial bifurcation. Given what has since been agreed to and coordinated regarding trial logistics, Defendant's last minute bifurcation request, if granted, would ensure the trial of this matter is not completed within the previously agreed to ten-day period, thereby causing logistical issues concerning attorneys, expert, and witness schedules which would thereby require a continuance of this matter.

Moreover, Defendant's request to preclude admission of evidence concerning conduct relevant to punitive damages during the liability stage is simply not possible. Evidence probative of one claim is bilaterally probative of the other claim and vice versa. Even arguing it were possible to properly characterize and differentiate the probative value of each evidentiary fact into contrasting liability and punitive conduct categories, and it is not, doing so as Goodyear requests would cause a monumental loss of judicial resources in both time and expense. Goodyear's request would then require two trials consisting of two openings, two presentations of evidence, two closings, two charge conferences and two jury deliberations which would result in a monumental waste of judicial resources. Such a result is not warranted.

## II. LEGAL ARGUMENT

### A. This federal is not bound by the Ohio Supreme Court interpretation of Ohio Rev.Code Section 2315.21(B).

Goodyear's reliance on *Havel v. St. Joseph* in support of its contention this Court is mandatorily required to bifurcate this trial on the issue of liability and punitive is incorrect. As stated in *Patel Family Trust . et. al. v. Amco Insurance Co.*, 2012 WL 2883726, Ohio law does not, however, govern the question of whether bifurcation of proceedings is proper in a given case.[1]

---

[1] *See Patel Family Trust . et. al. v. Amco Insurance Co.,* 2012 WL 2883726 at 1.

"Just because the Ohio Supreme Court has interpreted Ohio Rev.Code section 2315.21(B) to provide a 'substantive' right to bifurcation does not mean that a federal court is bound by the characterization."[2] "Accordingly, numerous federal courts have found that Fed.R.Civ.P. 42(b) controls the issue of bifurcation in federal diversity cases despite the existence of state law or rule purporting to substantively govern bifurcation."[3] "A decision to bifurcate an action under Fed.R.Civ.P. 42(b) should be grounded in the facts and circumstances of each case."[4] This case does not warrant a bifurcation of the issues for the reasons stated herein above.

### B. Per Fed.R.Civ.P 42(b), Goodyear is not prejudiced absent bifurcation because evidence of punitive conduct is likewise relevant to the question of Goodyear's negligence and defect.

Where evidence on one issue is relevant to other issues that the movant seeks to bifurcate into a separate phase of the trial, the movant is not prejudiced, and the court does not abuse its discretion in declining to bifurcate the issues. *See Equal Employment Opportunity Comm'n v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir.1998); *see also Kuiper v. Givaudan, Inc*., 602 F.Supp.2d 1036, 1056 (N.D.Iowa 2009) ("Here, the court is not persuaded by [defendant's] assertions that it will be unfairly prejudiced if compensatory damages and punitive damages issues are tried in a single proceeding…[W]here evidence is relevant to all pertinent issues, the party against whom that evidence is offered is not prejudiced, and the court does not abuse its discretion by declining to bifurcate proceedings."); *Lee v. Overbey*, 2010 WL 143691, at *1 (W.D.Ark. 2010) ("The Court finds that judicial economy would not be served by bifurcating the damages phases of the trial, and that some evidence may be relevant to compensatory damages such as emotional distress, as

---

[2] *See Id.*
[3] *See id* at 2.
[4] See id *citing, Saxion v. Titan_C-Mfg. Inc*, 86 F.3d.553, 556 (6th Cir. 1996).

3

well as any punitive damages. Further, any prejudice can be avoided by instructing the jury it is not to consider Defendants' net worth when assessing compensatory damages."); *Estate of Thompson v. Kawasaki Heavy Indus., Ltd*., 933 F.Supp.2d. 1111, 1138 (N.D.Iowa 2013) (explaining the availability of a limiting instruction on punitive damages issue "will mitigate the potential prejudice, if there is any, from such evidence."); *Thompson v. First Interstate Information Systems, Inc*., 1992 WL 317572, at *5 (S.D.Iowa 1992) (Refusing to bifurcate punitives damages where "bifurcation would, in all likelihood, substantially increase the length of trial."); *Niver v. Travelers Indem. Co. of Ill.,* 430 F.Supp.2d 852, 872–73 (N.D.Iowa 2006) (declining to bifurcate where convenience, expedition and economy of resources were all served by having a single trial of all the issues). Here, the Court should deny Goodyear's Motion for the same reasons.

## CONCLUSION

For the reasons herein above, and because nothing Goodyear addresses in its motion rises to the level of a potential mistrial issue, Plaintiffs request the Court deny Goodyear's motion in full.

                    Respectfully Submitted,

                    KASTER, LYNCH, FARRAR & BALL, L.L.P.

Dated: February 11, 2020      By _____
                    Kyle Wayne Farrar (Pro Hac Vice)
                    Texas Bar No. 24038754
                    Wesley Todd Ball (Pro Hac Vice)
                    1117 Herkimer Street
                    Houston, TX 77008
                    (713) 221-8300 (Telephone)
                    (713) 221-8301 (Facsimile)
                    Email: kyle@fbtrial.com

                    *and*

Paul E. Godlewski (#35567)
SCHWEBEL GOETZ & SIEBEN, P.A.
5120 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2246
612-377-7777 (Telephone)
612-333-6311 (Facsimile)
Email: pgodlewski@schwebel.com

*and*

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Ste. 500, Energy Plaza
Omaha, Nebraska 681025
(402) 341-6000 (Telephone)
(402) 341-8290 (Facsimile)
mcoyle@fraserstryker.com

5

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2013 and contains 1,245 words.

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on February 11, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Edward S. Bott, Jr
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Ste 2000
St. Louis, MO 63102
esb@greensfelder.com
ch1@greensfelder.com
jrodriquez@greensfelder.com

Jennifer D. Tricker
1700 Farnam Street, Ste 1500
Omaha, NE 68102
jtricker@bairdholm.com

*Attorneys for Defendant Goodyear Tire & Rubber Company*