IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, Both individually and as Legal Guardian of Shane Allen Loveland; and JACOB SUMMERS<br>　　　　　　Plaintiff(s),<br><br>　　　v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY<br>　　　　　　Defendant(s). | CASE NO. 8:18CV127 |

**PLAINTIFFS' BRIEF IN OPPOSITION TO GOODYEAR'S MOTION IN LIMINE REGARDING THE PROTECTIVE ORDER AND CONFIDENTIAL DESIGNATED DOCUMENTS**

Plaintiffs submit this Brief in Opposition to Goodyear's Motion in Limine Regarding the Protective Order and Confidential Designated Documents. Goodyear's Motion in Limine should be denied because Goodyear failed to demonstrate how references to confidentiality designations is irrelevant or how it will mislead or confuse jurors. Further, Goodyear's request to redact any reference to confidentiality is unduly burdensome to Plaintiffs.

**ARGUMENT**

**I.　The Designation of Confidentiality is Relevant to Issues Relating to the Consumer Expectations Test.**

Goodyear incorrectly argues that the designation of confidentiality is irrelevant. However, the designation of confidentiality is in fact relevant to establishing the Consumer Expectations test. Most, if not all, of the confidential documents were in Goodyear's sole possession and were not publicly available to consumers. A material fact the jury may consider is if the product failed to meet the reasonable expectations of consumers, e.g. individual drivers or businesses like Dandee

1

Construction. Under this standard, if a product fails to meet the reasonable expectations of consumers, then a jury is allowed to infer the existence of a defect. *Rahmig v. Mosely Machinery Co.*, 412 N.W.2d 56 (Neb. 1987). The consumers' reasonable expectation of a product can be based on the information available to them at the time the product failed. Here, the confidential status of the documents is relevant to the consumers' reasonable expectation because Plaintiffs can point out that the average consumer, such as Dandee Construction, would not be privy to the information in the documents and would not have expectations outside of publicly available information.

## II. Goodyear's Request for Plaintiffs to Remove All Designations of Confidentiality is Unduly Burdensome.

In its Motion, Goodyear requests that any confidentiality legend be redacted from any document before it is published to the jury.[1] Plaintiffs have already made deposition cuts, which include documents designated as confidential. Further, Plaintiffs' designated over 400 exhibits containing thousands of pages of confidential documents. Goodyear seeks to unduly burden Plaintiffs' resources by spending an inordinate amount of time and money to redact any confidentiality legend on the eve of trial. Accordingly, Goodyear's request for Plaintiffs to remove all designations of confidentiality is unduly burdensome.

## III. The Designation of Confidentiality will not Mislead or Confuse Jurors.

Goodyear provides no evidence or case law supporting the allegation that the mere designation of confidentiality will mislead or confuse the jurors. Instead, Goodyear merely provides self-serving and speculative examples of what it believes a juror might think when they see a confidentiality designation. In one of the examples, Goodyear speculates that "jurors may erroneously infer that the Court has singled out certain documents in particular (*i.e.,* those

---

[1] *See* Goodyear MIL at p. 3.

'produced under Court Order') as especially worthy of the jury's attention."[2] However, Goodyear admits that the large majority of documents produced in litigation and designated as trial exhibits have been designated as confidential. As such, there is no risk that a jury will single out a few documents as more important than others solely based on the confidentiality designation when the large majority of documents contain the same designation.

## CONCLUSION

For the above reasons, Plaintiffs pray this Court denies Goodyear's Motion in Limine.

Respectfully Submitted,

KASTER, LYNCH, FARRAR & BALL, L.L.P.

Dated: February 11, 2020        By _____
Kyle Wayne Farrar (Pro Hac Vice)
Texas Bar No. 24038754
Wesley Todd Ball (Pro Hac Vice)
1117 Herkimer Street
Houston, TX 77008
(713) 221-8300 (Telephone)
(713) 221-8301 (Facsimile)
Email: kyle@fbtrial.com

*and*

Paul E. Godlewski (#35567)
SCHWEBEL GOETZ & SIEBEN, P.A.
5120 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2246
612-377-7777 (Telephone)
612-333-6311 (Facsimile)
Email: pgodlewski@schwebel.com

*and*

Michael F. Coyle
FRASER, STRYKER LAW FIRM

---

[2] *Id.* at p. 4.

3

>409 South 17th Street
>Ste. 500, Energy Plaza
>Omaha, Nebraska 681025
>(402) 341-6000 (Telephone)
>(402) 341-8290 (Facsimile)
>mcoyle@fraserstryker.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2013 and contains 804 words.

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on February 11, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Edward S. Bott, Jr
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Ste 2000
St. Louis, MO 63102
esb@greensfelder.com
ch1@greensfelder.com
jrodriquez@greensfelder.com

Jennifer D. Tricker
1700 Farnam Street, Ste 1500
Omaha, NE 68102
jtricker@bairdholm.com

*Attorneys for Defendant Goodyear Tire & Rubber Company*