IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RYSTA LEONA SUSMAN, Both                    CASE NO. 8:18CV127
individually and as Legal Guardian of
Shane Allen Loveland; and JACOB
SUMMERS
                    Plaintiff(s),

                    v.
THE GOODYEAR TIRE & RUBBER
COMPANY
                    Defendant(s).
_____

**PLAINTIFFS' BRIEF IN OPPOSITION TO GOODYEAR'S MOTION IN LIMINE TO
EXCLUDE EVIDENCE PURSUANT TO THE SELF-CRITICAL ANALYSIS
PRIVILEGE**

Plaintiffs submit this Brief in Opposition to Goodyear's Motion in Limine to exclude

evidence pursuant to the self-critical analysis privilege.

**ARGUMENT**

**I.      Ohio Law does not Recognize the Self-Critical Analysis Privilege.**

Goodyear asks the Court to take the radical step of adopting a privilege which has never

been adopted by any Ohio court. In support, Goodyear relies entirely on a Court of Appeals

decision from thirty years ago which analyzed a case assuming such a privilege could theoretically

exist under Ohio law, while concluding that even if Ohio law did allow the privilege, it would not

apply anyway. *Celebrezze, v. CECOS Internatl., Inc.,* 66 Ohio App. 3d 262, 266, 583 N.E.2d 1118,

1121 (1990). Nonetheless, Goodyear claims this Court can recognize the privilege because

*Celebrezze* held a court could apply a privilege based on "principles of common law as interpreted

by the courts of this state in the light of reason and experience." *Id.* at n. 2.

However, later that year, the Ohio Supreme Court clarified that in Ohio, a claim of privilege "must rest upon some specific constitutional or statutory provision." *Grandview Hosp. and Med. Center v. Gorman*, 51 Ohio St.3d 94, 95, 554 N.E.2d 1297, 1299 (Ohio 1990). Many years later, citing that decision, an Ohio federal court found the Ohio Supreme Court would not recognize the privilege:

> As Ohio has not codified the self-critical analysis privilege, and as there is no constitutional basis for the privilege, the Court finds that the Ohio Supreme Court would not adopt the privilege.

*Johnson v. Bay W. Paper Corp.,* C-1-04-91, 2005 WL 8161943, at *1 (S.D. Ohio Oct. 21, 2005). Likewise, the Ohio Court of Appeals recognized the lack of any basis for the privilege in a case involving a similar investigation into tire failures by Cooper Tire. *See Geggie v. Cooper Tire & Rubber Co.,* 5-05-01, 2005 WL 2179430, at *6 (Ohio Ct. App. Sept. 12, 2005) ("Appellant correctly points out that the self-evaluating privilege has yet to be recognized in Ohio.").

For over thirty years, no Ohio court has ever prevented discovery or excluded evidence on the grounds now sought by Goodyear. Under the current state of Ohio law, applying the self-critical analysis privilege to exclude evidence would be error since there is no statutory or constitutional basis for it to exist.

## CONCLUSION

For the reasons herein above, Plaintiffs request the Court deny Goodyear's Motion in Limine.

Respectfully Submitted,

KASTER, LYNCH, FARRAR & BALL, L.L.P.

Dated: February 11, 2020          By _____

Kyle Wayne Farrar (Pro Hac Vice)

Texas Bar No. 24038754
Wesley Todd Ball (Pro Hac Vice)
1117 Herkimer Street
Houston, TX 77008
(713) 221-8300 (Telephone)
(713) 221-8301 (Facsimile)
Email: kyle@fbtrial.com

*and*

Paul E. Godlewski (#35567)
SCHWEBEL GOETZ & SIEBEN, P.A.
5120 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2246
612-377-7777 (Telephone)
612-333-6311 (Facsimile)
Email: pgodlewski@schwebel.com

*and*

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Ste. 500, Energy Plaza
Omaha, Nebraska 681025
(402) 341-6000 (Telephone)
(402) 341-8290 (Facsimile)
mcoyle@fraserstryker.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2013 and contains 666 words.

<u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I HEREBY CERTIFY that on February 11, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Edward S. Bott, Jr
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Ste 2000
St. Louis, MO 63102
esb@greensfelder.com
ch1@greensfelder.com
jrodriquez@greensfelder.com

Jennifer D. Tricker
1700 Farnam Street, Ste 1500
Omaha, NE 68102
jtricker@bairdholm.com

*Attorneys for Defendant Goodyear Tire & Rubber Company*