IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, Both individually and as Legal Guardian of Shane Allen Loveland; and JACOB SUMMERS<br>    Plaintiff(s),<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY<br>    Defendant(s). | CASE NO. 8:18CV127 |

**PLAINTIFFS' BRIEF IN OPPOSITION TO GOODYEAR'S MOTION IN LIMINE REGARDING THE USE OF TRADE SECRETS AND OTHER CONFIDENTIAL, <u>PROPRIETARY INFORMATION AT TRIAL</u>**

Plaintiffs submit this Brief in Opposition to Goodyear's Motion in Limine regarding the use of trade secrets and other confidential, proprietary information at trial.

## INTRODUCTION

Goodyear seeks to close the courtroom and try the most crucial elements of this case in secret. Yet Goodyear cannot justify the radical step of a clandestine trial. Plaintiffs intend to introduce documents which are over twenty-five-years-old and cannot reasonably be construed as trade secrets. The true purpose of Goodyear's Motion is not to safeguard trade secrets, but rather to avoid public embarrassment about its conduct in the mid-1990s.

1

## ARGUMENT

### I. Closing the Trial Requires a Higher Showing than Protecting Discovery.

The standards for protection during discovery are drastically different that the standard for trial evidence, as the Ninth Circuit explained:

> It is important to emphasize the difference between the "compelling reasons" standard and the "good cause" standard…A "good cause" showing will suffice to seal documents produced in discovery. Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties.
>
> A "good cause" showing will not, without more, satisfy a "compelling reasons" test. Different interests are at stake with the right of access than with Rule 26(c).

*Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations omitted); *see also Level 3 Communications, LLC v. Limelight Networks, Inc.*, 611 F.Supp.2d 572, 589 (E.D.Va. 2009) (Documents protected by confidential discovery order "stood on a wholly different footing than exhibits … offered by a party into evidence at trial.") Under this standard, a greater showing is needed than that supporting the discovery order. Plaintiffs did not oppose a protective order during the discovery process, but sealing the trial is subject to a much higher standard, and it is not met here.

### II. Goodyear Cannot show a Compelling Need to Close the Courtroom and Seal the Transcript.

In order to seek protection for a trade secret, "the moving party demonstrates that public disclosure of the document or trade secret at issue will hurt its competitive position in the marketplace." (Doc. 179, p. 8). Yet Goodyear cannot show public access to the exhibits in this case will hurt its competitive position.

Most notably, the documents are very old. As the court stated in *UTStarcom, Inc.*, "time is not on [defendant's] side. Many of the [documents] are quite old at this point and are therefore

unlikely to hold any value for [defendant]." *UTStarcom, Inc. v. Starent Networks, Corp.*, 675 F.Supp.2d 854, 871 (N.D.Ill. 2009). The court noted that considering "how stale and out-dated many of these documents have become, the Court will not assume that [the documents] remain valuable." *Id.* As such, the court held that "for 'staleness' reasons alone, the Court would deny [defendant's] request to designate these documents trade secrets." *Id.* In *UTStarcom*, the documents were seven to ten years old. In this case, nearly all of the documents are over twenty-five-years-old.

The Eighth Circuit recognized that "[d]etermination of when trade secret information becomes stale cannot be made by reference to a bright line rule." *Synergetics, Inc. v. Hurst,* 477 F.3d 949, 958 (8th Cir. 2007). Nonetheless, it is difficult to imagine any competitor would gain substantial benefit from acquiring twenty-five-year-old tire testing and warranty documents. Tire technology has substantially evolved over a quarter-century. It is also notable that virtually every document offered by Plaintiffs in this case qualifies for the "Statements in Ancient Documents" exception to the hearsay rule. The documents are not merely stale, but ancient.

Goodyear is not trying to protect trade secrets; it is attempting to keep embarrassing facts hidden from public scrutiny. "Indeed, common sense tells us that the greater the motivation a corporation has to shield its operations, the greater the public's need to know." *Brown & Williamson Tobacco Co.*, 710 F.2d at 1181. Here, where the documents are exceptionally old, Goodyear's true motivation is transparent.

### III. The Presence of Trade Secrets does not Require Sealing the Proceedings.

While an exception to public access can exist for trade secrets, "[t]he existence of this exception does not mandate the closure of every trial that involves trade secrets." *Woven Electronics Corp. v. Advance Group, Inc*., 1991 WL 54118, at *6 (4th Cir. 1991). The various

3

Circuit Courts have made clear that they were "not announcing a blanket rule that the presence of trade secrets will in every case and at all events justify the closure of a hearing or trial." *Id.*; *see also In re Iowa Freedom of Information Council*, 724 F.2d 658, 664 (8th Cir. 1983) ("We do not wish to be understood as announcing a rule that the presence of trade secrets will in every case and at all events justify the closure of a hearing."); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1226, n. 4 (Fed. Cir. 2013) (Rejecting "a blanket rule that the 'compelling reasons' standard is necessarily met whenever a document contains a trade secret.")

Instead, "the court still must weigh the interests of the party who wishes to seal the trade secret against the interests of the public." *Id.* The importance of public access must be viewed in the context of the litigation, "with due regard to the unique facts involved in each case." *Woven Electronics Corp.*, 1991 WL 54118, at *6. Sealing is usually appropriate when the public has little if any vested interest, such a private contract dispute. However, the evidence in this lawsuit raises potential issues of highway safety, and the public right to access is far more consequential than concealing obsolete tire testing documents. As the Supreme Court declared in *Richmond Newspapers Inc.*, "[t]he crucial prophylactic aspects of the administration of justice cannot function in the dark; no community catharsis can occur if justice is 'done in a corner [or] in any covert manner.'" 448 U.S. 555 at 571. Given the age of the documents and the interests of an open trial, the Court should deny Goodyear's Motion.

## CONCLUSION

Because Goodyear cannot show a compelling need to seal proceedings relating to its twenty-five-year-old documents, the Court should deny the motion.

Respectfully Submitted,

KASTER, LYNCH, FARRAR & BALL, L.L.P.

4

Dated: February 11, 2020  By _____

Kyle Wayne Farrar (Pro Hac Vice)
Texas Bar No. 24038754
Wesley Todd Ball (Pro Hac Vice)
1117 Herkimer Street
Houston, TX 77008
(713) 221-8300 (Telephone)
(713) 221-8301 (Facsimile)
Email: kyle@fbtrial.com

*and*

Paul E. Godlewski (#35567)
SCHWEBEL GOETZ & SIEBEN, P.A.
5120 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2246
612-377-7777 (Telephone)
612-333-6311 (Facsimile)
Email: pgodlewski@schwebel.com

*and*

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Ste. 500, Energy Plaza
Omaha, Nebraska 681025
(402) 341-6000 (Telephone)
(402) 341-8290 (Facsimile)
mcoyle@fraserstryker.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2013 and contains 1,294 words.

<u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I HEREBY CERTIFY that on February 11, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Edward S. Bott, Jr
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Ste 2000
St. Louis, MO 63102
esb@greensfelder.com
ch1@greensfelder.com
jrodriquez@greensfelder.com

Jennifer D. Tricker
1700 Farnam Street, Ste 1500
Omaha, NE 68102
jtricker@bairdholm.com

*Attorneys for Defendant Goodyear Tire & Rubber Company*