IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, Both individually and as Legal Guardian of Shane Allen Loveland; and JACOB SUMMERS<br>    Plaintiff(s),<br><br>   v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY<br>    Defendant(s). | CASE NO. 8:18CV127 |

## PLAINTIFFS' BRIEF IN OPPOSITION TO GOODYEAR'S GENERAL MOTIONS IN LIMINE

Plaintiffs submit this Brief in Opposition to Goodyear's Motions in Limine which were not accompanied by separate memoranda.

### ARGUMENT

**Motion in Limine 20: Goodyear's Wealth and Corporate Status.**

First and foremost, Defendant failed to timely seek bifurcation of punitive damages.[1] Now, on the eve of trial, Defendant has moved for emergency leave, in an attempt to salvage its mistake, and untimely seeks to bifurcate punitive liability and damages in this case. The current live pleadings in this case stand identical to the parties' pleadings at the time of the Court's deadline for the parties to amend pleadings. Therefore, Plaintiffs must produce evidence to support all claims which they have brought against Defendant. This includes Plaintiffs' claim for punitive damages. Not only is Defendant's net worth relevant to satisfy a prima facie case of punitive damages, said evidence is essential for Plaintiffs' to satisfy their burden. Additionally, the test

---

[1] For a more detailed discussion please refer to Plaintiffs' Brief in Opposition to Defendant's Motion to Bifurcate.

under FRCP 403 requires the evidence's probative value be substantially outweighed by the danger of unfair prejudice. Here, there is no prejudice, the evidence is highly probative, as it goes directly to support Plaintiffs' claim for punitive damages.

As this Court is aware, Plaintiffs seek punitive damages under Ohio's punitive damage award statute. In analyzing this issue of a Defendant's net worth and other federal courts' decisions related to evidence of wealth to support a punitive damage finding, the United States District Court for the Northern District of Ohio found (1) bifurcation was not appropriate, and (2) the ease of instructing the jury to consider a defendant's wealth, only should they determine punitive liability, is far lesser of a burden than potentially recalling a jury to deliberate a punitive award. The court explained:

> This Court agrees that evidence of FWT's financial resources is irrelevant to the issue of liability, and its introduction before a liability determination presents a potential risk of prejudice. But this Court does not agree that the punitive damages claim should be bifurcated. The jury can be instructed that evidence of FWT's wealth is relevant only to the issue of punitive damages, which the jury may or may not reach during its deliberations, and that such evidence must not influence the jury in its determination of liability. Further, the conduct of Defendant in this case is relevant not only to compensatory but also punitive liability, and the jury determining compensatory liability would be perfectly positioned to determine whether punitive damages are also appropriate. Juries regularly decide issues under different burdens of proof, and this Court is not convinced the jury will be confused if asked to determine whether Hitzeman has proved the predicate elements of a punitive damages claim by clear and convincing evidence.

*Hitzeman v. FWT, LLC*, 2017 WL 10901029, at *1 (N.D.Ohio 2017); *see also Kuiper v. Givaudan, Inc.*, 602 F.Supp.2d 1036, 1056 (N.D.Iowa 2009) ("Here, the court is not persuaded by [defendant's] assertions that it will be unfairly prejudiced if compensatory damages and punitive damages issues are tried in a single proceeding…[W]here evidence is relevant to all pertinent issues, the party against whom that evidence is offered is not prejudiced, and the court does not

abuse its discretion by declining to bifurcate proceedings."); *Lee v. Overbey*, 2010 WL 143691, at *1 (W.D.Ark. 2010) ("The Court finds that judicial economy would not be served by bifurcating the damages phases of the trial, and that some evidence may be relevant to compensatory damages such as emotional distress, as well as any punitive damages. Further, any prejudice can be avoided by instructing the jury it is not to consider Defendants' net worth when assessing compensatory damages."); *Estate of Thompson v. Kawasaki Heavy Indus., Ltd.*, 933 F.Supp.2d. 1111, 1138 (N.D.Iowa 2013) (explaining the availability of a limiting instruction on punitive damages issue "will mitigate the potential prejudice, if there is any, from such evidence."); *Thompson v. First Interstate Information Systems, Inc*., 1992 WL 317572, at *5 (S.D.Iowa 1992) (Refusing to bifurcate punitives damages where "bifurcation would, in all likelihood, substantially increase the length of trial."). Here, the Court should deny Goodyear's Motion for the same reasons.

**Motion in Limine 21: The Best Attorneys or Experts**

Plaintiffs hereby stipulate that no comment, argument, reference or inuendo will be made regarding Defendant having hired the best attorneys. With regards to Defendant's experts, Plaintiffs fully intend to elicit evidence that Defendant has hired experts, each of whom hold themselves out as the best experts in their respective fields. Defendant's experts have been hired by the auto/auto-component manufacturing industry in hundreds, if not thousands, of cases. This evidence and testimony will be used to impeach the credibility of each witness, thus creating significant probative value. The probative value is in no way substantially outweighed by any dangers of unfair prejudice.

**Motion in Limine 22: Contrasting Wealth and Power of Parties**

Plaintiffs are young Nebraskan citizens who were working manual labor jobs at the time of the subject incident. As a result of the subject incident, both Plaintiffs sustained catastrophic

and life changing injuries. On the other hand, Defendant is the largest American tire manufacturer, publicly traded on the NASDAQ, with a market cap of 2.5 trillion dollars.[2] Plaintiffs merely being present in the courtroom would fall under Defendant's logic of unfair prejudice. The probative value of the jury understanding the truth as to Goodyear's resources is in no way substantially outweighed by any unfair prejudice. The jury will be given the law and will have taken an oath to follow it.

**Motion in Limine 23: Goodyear is Motivated by Greed**

The evidence will show prior to manufacturing the subject tire, Defendant became aware of a significantly dangerous issue with its Load Range E tires. The evidence will also show that Goodyear failed to take adequate steps to promptly address its dangerously growing problem, Defendant instead continued making hundreds of thousands of suspect tires. Goodyear is in the business of selling tires for profit. The only explanation for Defendant's actions would be financially motivated. Defendant has failed to develop any evidence to the contrary. Defendant's motives are relevant and probative to the jury. Additionally, Defendant fails to articulate any potential unfair prejudice that this limine instruction would protect it from.

**Motion in Limine 24: Jury Should Send a Message.**

In regards to Defendant's corporate conduct in this case, instructing the jury to "send a message" during argument would neither be unwarranted or clearly injurious, as held in Billingsley v. City of Omaha 277 F.3d 990, 997 (8th Cir. 2002). Also, consistent with *Harris*, Plaintiffs' counsel will stipulate that all argument will entail a summarization of the facts, and an articulation of proper inferences therefrom. *Harris v. Steelweld Equipment Co., Inc*., 869 F.2d 396, 406 (C.A.8

---

[2] Nasdaq Key Trading Data; February 11, 2020, 11:12 am cst.

(Mo.),1989). Lastly, the jury will be instructed at the onset of trial that statements made by the attorneys are not evidence, and that a verdict shall be based solely on the evidence presented.

**Motion in Limine 25: Collusion to Distort the Truth.**
**Motion in Limine 26: Jury's Self-Interest.**

In Motions in Limine No. 25 & 26, Goodyear seeks a limine instruction to prevent Plaintiffs from making any comment, argument, reference or innuendo regarding "collusion to distort the truth on the part of Defendant and its witnesses;" as well as "invoking the jury's self-interest or what a verdict would mean to the jury personally." Defendants offer absolutely no argument or discussion for how the above-mentioned areas of argument would be irrelevant. Defendant also fails to provide any explanation as to what dangers of unfair prejudice exist, within these points of address. Instead, Defendant makes a blanket assertion that the probative value is prejudicial, misleading, and confusing under Rule 403. Regardless of Defendant's failure to provide analysis in No.'s 25 and 26, Plaintiffs will stipulate that all comments and arguments will be relevant, probative, and will not violate the golden shoes rule, or any Rule of Evidence or Civil Procedure.

Respectfully Submitted,

KASTER, LYNCH, FARRAR & BALL, L.L.P.

Dated: February 11, 2020      By_____
Kyle Wayne Farrar (Pro Hac Vice)
Texas Bar No. 24038754
Wesley Todd Ball (Pro Hac Vice)
1117 Herkimer Street
Houston, TX 77008
(713) 221-8300 (Telephone)
(713) 221-8301 (Facsimile)
Email: kyle@fbtrial.com

*and*

Paul E. Godlewski (#35567)

SCHWEBEL GOETZ & SIEBEN, P.A.
5120 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2246
612-377-7777 (Telephone)
612-333-6311 (Facsimile)
Email: pgodlewski@schwebel.com

*and*

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Ste. 500, Energy Plaza
Omaha, Nebraska 681025
(402) 341-6000 (Telephone)
(402) 341-8290 (Facsimile)
mcoyle@fraserstryker.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2013 and contains 1,607 words.

<u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I HEREBY CERTIFY that on February 11, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Edward S. Bott, Jr
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Ste 2000
St. Louis, MO 63102
esb@greensfelder.com
ch1@greensfelder.com
jrodriquez@greensfelder.com

Jennifer D. Tricker
1700 Farnam Street, Ste 1500
Omaha, NE 68102
jtricker@bairdholm.com

*Attorneys for Defendant Goodyear Tire & Rubber Company*