# EXHIBIT 6

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

04 FEB 27 PM 2:55

NORMA GARCIA, as Guardian
of Jorge Lizandro
Garcia, an incompetent
person,

       Plaintiff,

v.                     CASE NO. 8:99-CV-1611-T-17TGW

KELLY-SPRINGFIELD
TIRE COMPANY, a foreign
corporation, and THE GOODYEAR
TIRE & RUBBER COMPANY,
a foreign corporation,

       Defendants.
_____/

ORDER

This cause is before the Court on:

Dkt. 442  Motion in Limine to Exclude Evidence of
         NHTSA Investigation PE00046 and
         Evidence of a Recall
Dkt. S-36 Response

Defendants move the Court to preclude Plaintiff from referring to, commenting upon, or otherwise attempting to introduce at trial any and all evidence that the subject tire or that Goodyear Load Range E tires have been "recalled," or any evidence pertaining to the National Highway traffic Safety Administration ("NHTSA") investigation of certain Goodyear Load Range E tires (PE00046).

Defendants argue that the NHTSA investigation is irrelevant, unduly prejudicial and confusing, and any mention of the word "recall" is unduly prejudicial.

488

Case No. 8:99-CV-1611-T-17TGW

In November, 2000, NHTSA initiated a preliminary evaluation (PE00046) of certain Goodyear Load Range E tires. During the preliminary investigation, Goodyear produced confidential information, such as information relating to customer complaints, lawsuits and claims, as well as technical data and adjustment data for Load Range E tires. NHTSA closed the investigation on March 1, 2002 without issuing a recall, without making a finding of defect in any of the tires under investigation, and without a finding of a defect in the subject tire.

Defendants argue that other courts have found that permitting the introduction of evidence of the NHTSA investigation would cause needless confusion and undue delay. See, Bright v. Firestone Tire & Rubber Co., 756 F.2d 19, 22 (6th Cir. 1984); Fowler v. Firestone Tire & Rubber Co., 92 F.R.D. 1, 2 (N.D. Miss 1980); Johnson v. Ford Motor Co., 988 F.2d 573 (5th Cir. 1983). Defendants argue that the jury would be inordinately confused by official nature of the preliminary evaluation of Goodyear Load Range E tires, and could erroneously conclude that the investigation was somehow evidence of a defect in this tire. Defendants also argue that the NHTSA information is hearsay.

Defendants argue that the use of the term "recall" in relation to the subject tire, or Goodyear Load Range E tires in general should be precluded, because there was no recall, and it would be unduly prejudicial to imply that there was a recall. Defendants argue that NHTSA did not make a finding of defect, and did not mandate a recall. Contemporaneously with the closure of the NHTSA investigation, Defendant Goodyear initiated a tire replacement program, voluntarily replacing certain Load Range E tires. The subject vehicle and tire do not fall within the scope

2

Case No. 8:99-CV-1611-T-17TGW

of the replacement program.

Plaintiff responds that the evidence Defendants seek to exclude is probative of the existence of a defect in the subject tire, and the probative value does not outweigh any prejudicial impact. The NHTSA investigation included Load Range E tires under multiple tire lines for the model years 1991 to 1999, based on the need to investigate "tire blowout or tread separation failure." The NHTSA investigation included the tire in this case, and Defendants have acknowledged that the investigation included the subject tire. Plaintiff argues that Defendants elected to voluntarily replace problem tires with tires manufactured with a nylon cap overlay. Plaintiff's design defect theory is that the tire should have included a nylon cap overlay. Plaintiff argues that the subject tire failed from a separation identical to the separation that caused the NHTSA investigation, and identical to the separation Defendants decided to prevent with the installation of the nylon cap ply.

Plaintiff argues that the NHTSA investigation is relevant, and the evidence of the investigation is not prohibited by the hearsay rule, because it constitutes an admission, and falls within exceptions to the hearsay rule. Plaintiff further argues the Rule 403 does not compel the exclusion of the evidence.

After consideration, the Court concludes that the evidence is relevant, and may be an admission or admissible under exceptions to the hearsay rule. In addition, the Court finds that there will be an adequate opportunity to dispel any jury confusion, and therefore Rule 403 does not compel exclusion. Accordingly, it is

3

Case No. 8:99-CV-1611-T-17TGW

**ORDERED** that the Motion in Limine (Dkt. 442) to Exclude Evidence of NHTSA Investigation and Evidence of Recall is **denied**

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 27th day of February, 2004.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

F I L E   C O P Y

Date Printed: 03/01/2004

Notice sent to:

   ___   A. Broaddus Livingston, Esq.
          Carlton Fields, P.A.
          P.O. Box 3239
          Tampa, FL  33601-3239

          8:99-cv-01611     bls

   ___   Michael McAllister, Esq.
          McAllister & Abromovitz
          340 E. Palm Lane Suite A-144
          Phoenix, AZ  85004

          8:99-cv-01611     bls

   ___   John C. Seipp Jr., Esq.
          Seipp, Flick & Kissane, P.A.
          Two Alhambra Plaza, Suite 800
          Miami, FL  33134-5214

          8:99-cv-01611     bls

   ___   Joseph W. Bonie, Esq.
          Law Office of Joseph W. Bonie
          537 Black Lion Dr. N.E.
          St. Petersburg, FL  33716

          8:99-cv-01611     bls

   ___   Timothy M. Cerio, Esq.
          GrayRobinson, P.A.
          201 N. Franklin St., Suite 2200
          P.O. Box 3324
          Tampa, FL  33601-3324

          8:99-cv-01611     bls

   ___   Michael J. Meksraitis, Esq.
          Michael J. Meksraitis, Chartered
          4202 W. El Prado Blvd.
          Tampa, FL  33629

          8:99-cv-01611     bls

   ___   Joseph J. Reiter, Esq.
          Lytal, Reiter, Clark, Fountain & Williams, LLP
          515 N. Flagler Dr., Suite 1000
          P.O. Box 4056
          West Palm Beach, FL  33402-4056

          8:99-cv-01611     bls

___ Lance C. Ivey, Esq.
Lytal, Reiter, Clark, Fountain & Williams, LLP
515 N. Flagler Dr., Suite 1000
P.O. Box 4056
West Palm Beach, FL  33402-4056

8:99-cv-01611    bls

___ Hampton Keen, Esq.
Lytal, Reiter, Clark, Fountain & Williams, LLP
515 N. Flagler Dr., Suite 1000
P.O. Box 4056
West Palm Beach, FL  33402-4056

8:99-cv-01611    bls

___ Donald R. Fountain Jr., Esq.
Lytal, Reiter, Clark, Fountain & Williams, LLP
515 N. Flagler Dr., Suite 1000
P.O. Box 4056
West Palm Beach, FL  33402-4056

8:99-cv-01611    bls