IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RYSTA LEONA SUSMAN, Both individually and as Legal Guardian of Shane Allen Loveland; and JACOB SUMMERS

        Plaintiff(s),

v.

THE GOODYEAR TIRE & RUBBER COMPANY

        Defendant(s).

CASE NO. 8:18CV127

_____

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE ON CERTAIN EXPERT TESTIMONY**

Plaintiffs submit this Reply Brief to Goodyear's Response to Plaintiffs' Motion in Limine on certain expert testimony.

**ARGUMENT**

**I.  Testimony from Mr. Beauchamp and Mr. Fenton on the Fault of Mr. Blair.**

Goodyear claims "Plaintiffs' summary judgment motion was not directed at whether Goodyear…could argue that the actions of others and not Goodyear caused Plaintiffs' injuries." (Doc. 195, p. 3). This is actually the definition of comparative fault. In summary judgment, Goodyear abandoned its defense of comparative fault. (Doc. 138, p. 5). As such, the defense of comparative fault was dismissed. (*Id.* at p. 20).

Now Goodyear argues its arguments about comparative fault are not an affirmative defense, but "a causation defense." (Doc. 196, p. 3). Goodyear claims that "whether Goodyear may or may not argue comparative fault as an affirmative defense specifically, it may introduce all of this alternative causation evidence in any event." (*Id.* at p. 6). In other words, Goodyear

argues the defense is unavailable, but the evidence remains admissible. Yet this merely side-steps the unavailability of the defense. For instance, in the *Shipler* case, where comparative fault was found to be unavailable, the trial court acted properly in "refusing to admit *evidence* of Long's and Shipler's negligence." *Shipler v. Gen. Motors Corp.*, 710 N.W.2d 807, 832 (Neb. 2006) (emphasis added).

The exclusion of evidence in *Shipler* is directly on point. In that case, the defendant was not permitted to offer evidence of the third-party's actions as an "alternative causation issue." Much like here, the defendant in *Shipler* sought to admit evidence that the accident was actually caused by the driver's "negligent control of the [vehicle]." *Id.* at 824. However, the defendant in *Shipler* was not allowed to side-step the unavailability of a comparative negligence defense by arguing the driver's negligence "goes to causation." Instead, the evidence was excluded. Goodyear's interpretation would render the burdens on affirmative defenses meaningless.

Goodyear next claims it is permitted to blame the actions of third parties based on a quote from the Court's summary judgment order in which the Court stated that "Goodyear is free to argue that its own actions were not a proximate cause of Plaintiffs' injuries." (Doc. 195, p. 8). Goodyear confuses "its own actions" with the actions of others. While Goodyear may argue its own conduct was not a proximate cause, this does not give free license to argue the actions of third parties were the proximate cause. Such an argument is the essence of comparative fault, and that defense has been dismissed.

Additionally, even if the above reasons did not compel exclusion, such evidence regarding Mr. Blair's negligence would also be inadmissible under *Downey* due to the Worker's Compensation Act. As this Court noted, when fault is alleged against Plaintiffs'

employer, the evidence can only be admitted if the conduct of the employer was "the sole cause of the accident." (Doc. 138, p. 8). Here, Goodyear makes no attempt to argue Mr. Blair's fault is the sole cause. Indeed, Goodyear hopes to blame Mr. Blair, Kearney Towing, and Dandee Construction for all contributing to Plaintiffs' injuries in various ways. Since Mr. Blair's fault is not alleged to be the sole cause, evidence of his negligence is not admissible under *Downey*.

Finally, Goodyear claims it is unfair that its ability to blame third parties is limited by who owns the truck. Goodyear complains that it could introduce evidence regarding the fault of a private driver, but not Plaintiffs' co-worker. However, Goodyear is not allowed to admit evidence blaming Plaintiffs' employer because Plaintiffs were not allowed to blame their employer either. What would truly be unfair is if Goodyear was permitted to blame this incident on Plaintiffs' employer when Plaintiffs were unable to bring a suit making the same allegation.

## II.     Testimony from Mr. Grant on Impact Damage.

Goodyear did not respond to Plaintiffs' summary judgment motion regarding substantial alteration. Goodyear claims that "at the summary judgment stage, Plaintiffs' 'substantial alteration' argument had nothing whatsoever to do with Grant's opinions regarding impact damage." (Doc. 196, p. 9). The reality is that Plaintiffs brought a motion alleging there was no substantial alteration of any kind. It was up to Goodyear to argue what was included in its affirmative defense of substantial alteration. It chose not to do so.[1]

---

[1] Likewise, Plaintiffs' summary judgment motion did not identify any particular form of misuse. It was Goodyear who pointed solely to "overdeflection" as misuse in its Response. Impact damage was never argued in Goodyear's Response.

Even though Goodyear's witnesses have been careful to state impact damage in terms of substantial alteration, Goodyear now claims "that impact damage…fell under the doctrines of misuse and efficient intervening cause." (Doc. 196, p. 8). Yet impact damage was never argued in any part of Goodyear's summary judgment response, and it has never been portrayed as misuse. Goodyear is simply wrong when it claims that "Plaintiffs specifically and only argued impact…within the context of misuse." (*Id.*). Plaintiffs never mentioned impact at all in their motion or their reply. (*See* Doc. 105 and 132). And Goodyear never argued impact damage was misuse in its response. (Doc. 125, p. 13-14). Indeed, Goodyear's summary judgment response specifically states the misuse was only overdeflection:

> Goodyear has adduced sufficient evidence…the Tire at Issue had been misused before the accident by a third party. Specifically, Goodyear's tire expert, Joe Grant, has opined that the Tire exhibited evidence of, and failed in part due to, overdeflected operation (underinflation, overloading or both). Overdeflected operation constitutes misuse under Nebraska law and Goodyear has come forward with sufficient evidence to submit this defense to the jury. (*Id.* at p. 13).

Later in Goodyear's summary judgment response, it likewise limits the issue to overdeflection, and never mentions impact damage:

> Goodyear has introduced evidence that the Tire was misused … Specifically, Goodyear's tire expert, Joe Grant, has opined that the Tire at Issue demonstrated signs of overdeflected operation … Overdeflected operation can occur when a tire is overloaded, or if it is underinflated, or a combination of both. (*Id.* at p. 14).

Because the law requires that misuse must be unforeseeable, Goodyear then presented evidence that customers had been warned about "the weight and pressure requirements of the Tire." (*Id.* at p. 15). Goodyear argued it "was entitled to have its warnings and instructions followed and, as such, it was not reasonably foreseeable that the Tire would be misused in this

way." (*Id.*). In its summary judgment order, this Court agreed, noting that "the tire at issue included the load and inflation pressure on the sidewall on the tire" and that "[t]he Nebraska Supreme Court has stated that a 'seller is entitled to have his due warnings and instructions followed.'" (Doc. 138, p. 8). Therefore, overdeflection was found to be unforeseeable.

Because Goodyear never even mentioned impact in response to summary judgment, no such evidence was ever offered regarding impact damage. In fact, such evidence would be impossible to produce because no such warnings about impact damage were given. Thus, Goodyear could not show that road hazard impacts were unforeseeable. In fact, road hazard impacts are extremely common and foreseeable. Yet none of this matters because all of these arguments should have been made at summary judgment. If Goodyear contended impact constituted misuse, it was obligated to produce evidence in support of that defense. It failed to do so because that evidence does not exist. Therefore, whether impact damage is framed as substantial alteration or misuse, it is inadmissible pursuant to this court's summary judgment ruling.

Finally, Goodyear does not dispute that under Mr. Grant's impact theory, the impact occurred somewhere from 500 miles up to a couple thousand miles prior to failure. During this time, the tire was in the exclusive care of Dandee. Therefore, because the alleged conduct was carried out by an employer covered under the Worker's Compensation Act, this argument is prohibited by the rule expressed in *Downey*, 808 N.W.2d at 851–52.

## II. Mr. Grant's Testimony on Overdeflection.

When Goodyear was challenged on summary judgment to produce evidence of misuse, Goodyear pointed solely to overdeflection. As this Court noted, "[t]he defense of misuse only requires that the defendant show the misuse was 'a' proximate cause of [the plaintiff's] injury

(as opposed to being 'the' proximate cause of the injury-causing accident)." (Doc. 138, p. 7). However, when the misuse has been committed by Plaintiffs' employer, the analysis changes. In such a case, such misuse can only be admitted if the conduct of the employer was "the sole cause of the accident." (*Id.* at p. 8). This Court pointed out that even Goodyear agrees "this overdeflection alone did not cause the tire to fail." (*Id.*). As such, overdeflection cannot be the sole cause.

Goodyear now contends that overdeflection and impact should be treated as a combined form of misuse which actually forms the sole cause. Goodyear argues the tire failed solely from "these misuse conditions." (Doc. 196, p. 9). Yet as shown above, Goodyear never argued or proved that impact damage constitutes misuse. Goodyear never offered evidence showing that impact was unforeseeable, that impact had been warned against, or that it was a cause of the failure. Goodyear abandoned the impact theory at summary judgment because it could not meet its burdens with any evidence.

Instead, Goodyear now argues "the road hazard is an inanimate object or condition to which tort-feasor negligence and liability principles cannot be imputed," and that the overdeflection is actually "the 'sole' proximate cause." (Doc. 196, p. 14). This argument obviously contradicts Goodyear's position that impact damage constitutes misuse. In addition, Mr. Grant's report clearly places blame on Dandee for failing to remove the tire following the impact, casting the issue as negligence. Goodyear's last-minute attempt to re-frame the failure to remove a tire with impact damage as a faultless, inanimate event is contracted by Mr. Grant's opinion. This new "sole" cause argument does not hold water. As Goodyear previously acknowledged in its summary judgment response, overdeflection was merely 'a' proximate cause, not the 'sole' proximate cause. Now that the record contains evidence that the workers

compensation statute applies to this claim, this evidence is inadmissible pursuant to this Court's summary judgment order. (See Doc. 138, p. 9).

## CONCLUSION

For the above reasons, this Court should grant Plaintiffs' Motion in Limine regarding these certain expert opinions.

Respectfully Submitted,

KASTER, LYNCH, FARRAR & BALL, L.L.P.

Dated: February 18, 2020      By_____
Kyle Wayne Farrar (Pro Hac Vice)
Texas Bar No. 24038754
Wesley Todd Ball (Pro Hac Vice)
1117 Herkimer Street
Houston, TX 77008
(713) 221-8300 (Telephone)
(713) 221-8301 (Facsimile)
Email: kyle@fbtrial.com
*and*

Paul E. Godlewski (#35567)
SCHWEBEL GOETZ & SIEBEN, P.A.
5120 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2246
612-377-7777 (Telephone)
612-333-6311 (Facsimile)
Email: pgodlewski@schwebel.com

*and*

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Ste. 500, Energy Plaza
Omaha, Nebraska 681025
(402) 341-6000 (Telephone)
(402) 341-8290 (Facsimile)
mcoyle@fraserstryker.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2013 and contains 1,978 words.

CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on February 18, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Edward S. Bott, Jr
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Ste 2000
St. Louis, MO 63102
esb@greensfelder.com
ch1@greensfelder.com
jrodriquez@greensfelder.com

Jennifer D. Tricker
1700 Farnam Street, Ste 1500
Omaha, NE 68102
jtricker@bairdholm.com

*Attorneys for Defendant Goodyear Tire & Rubber Company*