IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RYSTA LEONA SUSMAN, Both        CASE NO. 8:18CV127
individually and as Legal Guardian of
Shane Allen Loveland; and JACOB
SUMMERS
              Plaintiff(s),


           v.
THE GOODYEAR TIRE & RUBBER
COMPANY
              Defendant(s).
_____

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR OMNIBUS MOTION LIMINE**

Plaintiffs submit this Reply Brief to Goodyear's Response to Plaintiffs' Omnibus Motion in Limine.

**ARGUMENT**

**I.    Warranty of the Tire.**

Goodyear's Response claims it should be allowed to disclose the warranty period because the company uses warranties to "express confidence in its products." (Doc. 195, p. 1). Yet Goodyear's confidence in its products has no relevance to any issue in dispute. Last week, an Alabama federal court faced an identical motion in limine, and it ruled that a warranty period should be excluded in a products liability lawsuit:

> Plaintiff seeks to exclude evidence pertaining to the alleged express warranty period of the RNS4G buckle … [T]he court agrees with Plaintiff that testimony concerning the five-year express warranty period for the RNS4G buckle is irrelevant to the issue to be tried. As such, the motion as it related to the express warranty period is GRANTED.

1

*Easterling v. Ford Motor Co.,* 2:14-CV-2353-JEO, 2020 WL 607207, at *10–11 (N.D. Ala. Feb. 7, 2020); *see also Sharp Bros. Contracting Co. v. Am. Hoist & Derrick Co.,* 714 S.W.2d 919, 922 (Mo. App. W. Dist. 1986) ("Under strict liability, the expiration of the warranty term is irrelevant."). This Court should rule likewise. Disclosure of the warranty period is likely to cause confusion and prejudice, and Goodyear cannot show why it should be admitted.

## II.  Comments about the Age of the Tire.

Plaintiffs' counsel takes issue with the idea that quotations were "cherry-picked," "misleadingly selected," or part of a "misrepresentation." (Doc. 195, p. 2-3). Goodyear claims "[t]he testimony cited by Plaintiffs selectively relates to Plaintiffs' counsel's improper hypotheticals," but there was nothing hypothetical about Mr. Grant's unequivocal rejection of any role played by age in this specific tire failure. As shown in Plaintiffs' Motion, Mr. Grant was asked: "But this age had nothing to do with *this* separation?" His response: "No, it didn't." Nothing here has been misrepresented.

In other Goodyear litigation, it is advantageous for the company to be able to claim age is not related to tire failures in any way. As such, expert witnesses like Mr. Grant must consistently testify that age plays no role, since they could be impeached in other cases. Goodyear's attorneys have no such concern. While Mr. Grant will testify age played no role, Goodyear's attorneys will seek at every opportunity to blame the failure on the age of the tire. This type of strategy should not be permitted. As Mr. Grant testified, "it's not the chronological age of the tire that's important," but in this trial the age of the tire could become a substantial source of prejudice if Goodyear's counsel are permitted to make insinuations about the role played by age in the failure. As such, the prejudicial effect justifies an order limiting such comments.

### III.   Federal Motor Vehicle Safety Standards.

First, Goodyear's Response claims "the evidence is pertinent to Neb. Rev. Stat. § 25–21,182 regarding the state of the art." (Doc. 195, p. 6). However, it has been held in this district that meeting minimum standards is not evidence regarding state of the art. This is because "[t]he Nebraska statute providing for this defense, Neb.Rev.Stat. § 25–21,182 defines 'state of the art' as 'the best technology reasonably available at the time.'" *Meisner v. Patton Elec. Co., Inc.,* 781 F. Supp. 1432, 1443 (D. Neb. 1990). State of art is not established by compliance with "*minimum* standards" because "proof of compliance with these standards…is not necessarily proof of 'the best technology reasonably available at the time' or proof as to what warnings the rest of the space heater industry was using at the time." *Id.* at 1443–44 (emphasis in original).

Alternatively, Goodyear argues it is "entitled to invoke RC 2307.80(D)(1)," an Ohio statute which bars punitive damages when the manufacturer proves it complied with an applicable government standard. (Doc. 195, p. 6). There are two problems with this argument. First, two Ohio federal courts construed a parallel provision -- R.C. 2307.80(C)(1)(a), which insulates drug and device manufacturers against punitive damages based on compliance with an applicable safety standard -- to be an affirmative defense. *Burdine v. Stryker Corp*., 766 F. Supp. 2d 837, 838 (N.D. Ohio 2011); *Williams v. Novartis Pharm. Corp*., 15 F. Supp. 3d 761, 766 (S.D. Ohio 2014). Thus, the "defendant has the burden of pleading and proving" compliance with applicable regulations. *Burdine*, 766 F. Supp. 2d at 838. Goodyear failed to plead or prove this affirmative defense.

The second problem with Goodyear's argument is that the Ohio statute requires the defendant to prove "[t]he claimant's injury results from an alleged defect…for which there is

3

an applicable government safety or performance standard." R.C. 2307.80(D)(1). Here, Goodyear has never offered any such evidence. In fact, the only evidence before the Court shows the regulatory agency – NHTSA – concluded FMVSS lab testing did not test a tire's ability to withstand tread separations. As a result, new testing was recently added to FMVSS tire certification to address this defect. Likewise, Goodyear's internal documents show it was aware lab testing did not address the issue. In its Response, Goodyear ignored this evidence, and it offered no evidence of its own. As such, reference to FMVSS should be excluded.

## IV.    Prejudicial Issues Relating to Drugs.

Goodyear seeks to cross-examine Mr. Summers about the bottle of fake urine found at the accident scene, arguing the issue "goes to Summers' credibility and penchant for truthfulness." (Doc. 195, p. 7). Goodyear cannot point to any authority allowing the cross-examination of a witness for truthfulness based on their possession of an instrument which could be used in a deceptive act. Goodyear's theory is that Mr. Summers should be impeached based on deceptively adulterating an employment drug test. Yet Mr. Summers' possession of the fake urine confirms a simple fact – he had not used it. Mr. Summers' possession of the fake urine shows only that he may have been contemplating a deceptive act. Goodyear seeks to unfairly impeach Summers despite lacking any *actus reus* for deceptive conduct. Because Goodyear cannot show that possession of fake urine is itself a dishonest act, and because the potential for prejudice is high, the Court should exclude any reference to the fake urine.

## V.    Fault and Lawsuit against Kearney Towing, Inc.

With respect to Kearney Towing, Goodyear seeks to argue comparative fault, arguing that "comparative fault is available in negligence actions." (Doc. 195, p. 9). The problem with this argument is that the Court dismissed "Goodyear's affirmative defenses of comparative

4

fault or contributory negligence…" (Doc. 138, p. 20). Goodyear cannot now revive the defense of comparative fault.

Goodyear argues that dismissal of its comparative fault defense does not prohibit evidence of comparative fault because "Goodyear is entitled to submit evidence and testimony regarding alternate causation regardless of whether or not it fits within the boundaries of any specific affirmative defense." (Doc. 195, p. 8). Goodyear claims "this is not a comparative fault issue, it is an alternate causation issue." (*Id.*). Goodyear argues the defense is unavailable, but the evidence remains admissible. Yet this conflicts with common sense and case law. For instance, in the *Shipler* case*,* where comparative fault was found to be unavailable, the trial court acted properly in "refusing to admit *evidence* of Long's and Shipler's negligence." *Shipler v. Gen. Motors Corp.*, 710 N.W.2d 807, 832 (Neb. 2006) (emphasis added). In *Shipler*, the defendant was not permitted to offer evidence of the third-party's actions as an "alternative causation issue." Goodyear's interpretation would render the burdens on affirmative defenses meaningless.

Goodyear next claims it is permitted to blame the actions of third parties based on a quote from the Court's summary judgment order in which the Court stated that "Goodyear is free to argue that its own actions were not a proximate cause of Plaintiffs' injuries." (Doc. 195, p. 8). Goodyear confuses "its own actions" with the actions of others. While it may argue its own conduct was not a proximate cause, this does not give free license to argue the actions of third parties were the proximate cause. Such an argument is the essence of comparative fault, and that defense has been dismissed.

Not only should Goodyear be prohibited from offering evidence which blames Kearney, Goodyear shows no reason why it should be able to refer to Plaintiffs' lawsuit against

Kearney. Goodyear claims it should be able to inform the jury of Plaintiffs' suit against Kearney in what Goodyear calls "the tactical election of a plaintiff to split that claim." (Doc. 195, p. 9). In truth, there was no tactical election. When evidence of Kearney's potential liability was revealed, the deadline amendment had already passed in this case. In any case, the fact that Plaintiffs sued Kearney is not probative of anything. Likewise, the fact that Plaintiffs sued Goodyear is not probative of anything. The only purpose of referring to Plaintiffs' lawsuit against Kearney is to raise the question of Kearney's fault to the jury. Since Goodyear's comparative defense was abandoned, any such reference would be especially improper.

## CONCLUSION

For the above reasons, this Court should grant Plaintiffs' Omnibus Motion in Limine.

Respectfully Submitted,

KASTER, LYNCH, FARRAR & BALL, L.L.P.

Dated: February 18, 2020        By_____
Kyle Wayne Farrar (Pro Hac Vice)
Texas Bar No. 24038754
Wesley Todd Ball (Pro Hac Vice)
1117 Herkimer Street
Houston, TX 77008
(713) 221-8300 (Telephone)
(713) 221-8301 (Facsimile)
Email: kyle@fbtrial.com

*and*

Paul E. Godlewski (#35567)
SCHWEBEL GOETZ & SIEBEN, P.A.
5120 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2246

612-377-7777 (Telephone)
612-333-6311 (Facsimile)
Email: pgodlewski@schwebel.com

*and*

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Ste. 500, Energy Plaza
Omaha, Nebraska 681025
(402) 341-6000 (Telephone)
(402) 341-8290 (Facsimile)
mcoyle@fraserstryker.com

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2013 and contains 1,769 words.

<u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I HEREBY CERTIFY that on February 18, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Edward S. Bott, Jr
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Ste 2000
St. Louis, MO 63102
esb@greensfelder.com
ch1@greensfelder.com
jrodriquez@greensfelder.com

Jennifer D. Tricker
1700 Farnam Street, Ste 1500
Omaha, NE 68102
jtricker@bairdholm.com

*Attorneys for Defendant Goodyear Tire & Rubber Company*