**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., | ) | |
| Plaintiffs, | ) | Case No. 8:18-cv-00127 |
| v. | ) | |
| THE GOODYEAR TIRE & RUBBER COMPANY, | ) | |
| Defendant. | ) | |

**GOODYEAR'S REPLY IN SUPPORT OF ITS GENERAL MOTIONS IN LIMINE**[1]

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, submits its Reply in Support of its General Motions in Limine:

## ARGUMENT

### I. Motion in Limine 20: Evidence of Goodyear's Corporate Status, Wealth, and Power.

Plaintiffs' Opposition to this Motion rests on or recites arguments made in their Opposition to Goodyear's Motion in Limine for Mandatory Bifurcation of Trial into Liability and Punitive Damages Phases and to Prohibit Plaintiffs from Offering Punitive Damages Evidence During the Liability Phase of Trial. Goodyear has filed a Reply in support of that Motion contemporaneously with the instant Reply, and the resolution of that briefing should resolve some or all of the issues presented here.

If the Court denies Goodyear's request for bifurcation however, this Motion in Limine (i.e., the Motion relating to argument or evidence about Goodyear's corporate status, wealth, and power) remains live in part, and, in that instance, the Court should forbid Plaintiffs from making

[1] In this Motion, the term "Subject Tire" refers to LT235/85R16 Goodyear Wrangler HT Tires generally. The term "Tire at Issue" refers specifically to the Tire that was mounted on the truck involved in the accident, and which suffered the tread detachment which has given rise to this lawsuit.

any arguments about Goodyear's corporate status, wealth, or power until it presents a submissible case on the availability of punitive damages. Otherwise, information that is irrelevant if this showing cannot be made will come before the jury and prejudice Goodyear for all the reasons set forth in Goodyear's bifurcation briefing.

## II. Motion in Limine 21: Best Attorneys and Experts.

Plaintiffs have stipulated that they will make no argument about Goodyear's attorneys. This resolves the first aspect of this Motion in Limine.

As to the second aspect, Plaintiffs maintain that they should be able to impeach Goodyear's experts based on the fact that they hold themselves out as the best experts in their field. (ECF No. 230 at 3.) Plaintiffs have cited no evidence in support of their assertion that Goodyear's experts hold themselves out or describe themselves in this way. Without any evidence in the record, the Court should forbid Plaintiffs from making any arguments on this score (including during opening statement or closing argument) unless and until any individual expert characterizes himself or herself, on the stand, as the best expert in his or her field. Without testimony from a witness on this score, there is no basis for argument or evidence on this subject, and any such argument or evidence would necessarily be irrelevant and unduly prejudicial.

The remainder of Plaintiffs' arguments in Opposition to this Motion deal with issues Goodyear did not raise, and therefore merit no additional consideration from the Court.

## III. Motion in Limine 22: Contrasting the Wealth and Power of the Parties.

Plaintiffs maintain that contrasting the wealth and power of Plaintiffs on one hand, and Goodyear on the other, is a permissible subject for argument and testimony, which will be evident to the jury in all events. Whether or not this disparity will, in fact, be evident to the jury is beside the point. The parties' relative wealth and power is wholly irrelevant to any issue in this case, and

any argument emphasizing this distinction will, therefore, necessarily be geared towards encouraging the jury to render a verdict on an improper basis. Plaintiffs have cited nothing to the contrary, and the Court should grant Goodyear's Motion in Limine on this point accordingly.

**IV. Motion in Limine 23: Goodyear Is Motivated By Greed.**

Plaintiffs maintain that they should be allowed to argue that Goodyear was motivated by greed as regards the Tire at Issue because it became aware of a significantly dangerous issue with its Load Range E tires before it manufactured the Tire at Issue. Plaintiffs, of course, offer no evidentiary support for this assertion, as it is false. Given the strong prejudice flowing from unsubstantiated allegations of greed, the Court should forbid Plaintiffs from making arguments or comments on this matter before presenting evidence from which a jury could reasonably conclude that Goodyear had this pre-manufacture knowledge.

Needless to say, Goodyear's post-manufacture conduct—whether it demonstrates greed or not—is not probative on the condition of the Tire at the time of manufacture, or on Goodyear's negligence at the time of its manufacture. Thus, this evidence is per se inadmissible on the issue of liability, and if the Court bifurcates the trial, at the very least, must be excluded from the liability phase of the trial, and from opening and closing argument during that phase. If the court does not bifurcate the trial, this evidence should not come in until Plaintiffs make a submissible case of punitive damages.

**V. Motion in Limine 24: Jury Should Send A Message.**

Plaintiffs cite two cases in support of their position that they should be allowed to argue to the jury that they should send a message to Goodyear. The first, *Billingsley v. City of Omaha*, 277 F.3d 990, 997 (8th Cir. 2002), is irrelevant, as it does not deal with an argument made to the jury that it should send a message to the defendant. The second, *Harris v. Steelweld Equip. Co.*, 869

F.2d 396, 398 (8th Cir. 1989), does not contain the stipulations Plaintiffs reference that they will agree to. It also did not deal meaningfully with the propriety of asking a jury to send a message, because the Eighth Circuit concluded that any argument on this score was waived by not bringing it to the trial court's attention. Thus, neither of the cases Plaintiffs cite support their argument.

The cases that have actually decided this issue have held that asking the jury to send a message generally is inappropriate when punitive damages aren't at issue. *E.g.*, *Cazares v. Frugoli*, No. 13 CV 5626, 2017 WL 4150719, at *5 (N.D. Ill. Sept. 19, 2017). Thus, if the Court bifurcates the trial into liability and punitive damages phases, at the very least, Plaintiffs should be prohibited from making any arguments about sending a message during opening statements or closing argument in the liability phase of the trial, if not altogether.

**VI. Motion in Limine 26: Juror's Self-Interest.**

In the Eighth Circuit, "[a]lthough wide latitude is accorded counsel in argument, care must be taken to avoid any appeal to the self-interest or prejudice of the jury." *Brinlee v. United States*, 496 F.2d 351, 355 (8th Cir. 1974). Notwithstanding this directive, according to their Opposition, Plaintiffs plan to appeal to the jury's self-interest anyway. Under *Brinlee*, Plaintiffs should be forbidden from engaging in this conduct.

WHEREFORE**,** Goodyear respectfully requests that the Court grant the relief requested in this Motion and for such other and further relief as the Court deems just and appropriate under the circumstances.

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/ Edward S. Bott, Jr.

Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 1,353 words.

/s/ Edward S. Bott, Jr.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 18th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1117 Herkimer St.
Houston, TX 77008
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.