IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE GOODYEAR TIRE & RUBBER COMPANY, <br><br> Defendant. | Case No. 8:18-cv-00127 |

### REPLY BRIEF IN SUPPORT OF GOODYEAR'S MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE AND REFERENCE TO BRIDGESTONE/FIRESTONE TIRE RECALLS AND INCIDENTS

The Goodyear Tire & Rubber Company ("Goodyear"), by and through undersigned counsel, hereby submits its Reply Brief in Support of Goodyear's Motion in Limine to Exclude all Evidence and Reference to Bridgestone/Firestone Tire Recalls and Incidents.

### ARGUMENT

The overwhelming weight of authority precludes this highly prejudicial evidence and argument regarding the wholly unrelated Bridgestone/Firestone recalls (the "Firestone Recall") Despite this weight of authority, plaintiff raises two argument for general admissibility. First, that the Court should ignore this authority and instead follow an unreported and conclusory order out of the Middle District of Florida in *Garcia v. Kelly-Springfield Tire Co.*, et al, Case No. 8:99-CV-1611-T-17TGW. Second, that the Firestone Recall is potentially relevant to several issues in this case despite the fact that it regards a different tire model, manufactured by a different company, involving a different make and model vehicle, with unrelated defect allegations. Plaintiffs also argue that they should be permitted to invoke the Firestone Recall to impeach the credibility of

1

1840087

Goodyear's tire expert, Joe Grant. Each argument will be addressed briefly in turn.

I. **This Court Should Not Follow *Garcia*.**

The *Garcia* order attached by Plaintiffs contains no legal rationale for the Court's ruling, nor adequately describes the arguments with which that court was faced. It merely defers the decision on admission to a later date and does not at all stand for the proposition that any evidence regarding the Firestone Recall would be or was admitted. The order, for whatever its worth, does not apply here where the facts and legal issues are clearly presented for the Court and ripe for determination based on the same rationale used time and time again by courts around the nation excluding this highly inflammatory and wholly irrelevant matter. *See Petersen v. Daimler Chrysler Corporation*, 2011 WL 13076884 (D. Utah, June 1, 2011); *Contreras v. Bridgestone/Firestone, Inc.*, 2007 WL 2909657 (E.D. Cal. October 4, 2007); *Bradley v. Cooper Tire & Rubber Co.*, 2007 WL 4624613 (S.D. Miss. August 3, 2007).

It is telling that outlier *Garcia* is the only case to which Plaintiffs cite. Indeed, four (4) months after issuing the superficial order, the *Garcia* court issued a detailed ruling precluding the use of the Firestone Recall in *Miller ex rel. Miller v. Ford Motor Co.*, 2004 WL 4054843 (M.D. Florida, July 22, 2004):

> The Court concludes that evidence concerning accidents and recalls involving Firestone tire failures is not shown to be similar or relevant, that its prejudicial value exceeds any probative value, and that such evidence is not otherwise admissible in plaintiff's case-in-chief.

*Id*. at *15.

Moreover, there is an internal oddity within the court's rulings in *Garcia* which further calls into question what was presented in connection with the attached order. Elsewhere here Plaintiffs cite to a different order in *Garcia* which suggests that the court ultimately would not

2

permit any reference to the Firestone Recall. This is the *Garcia* order Plaintiffs attached as Exhibit 12 to their Brief in Opposition to Goodyear's Motion in Limine Seeking Exclusion of All Testimony, Evidence or Comment on Any Other Tire. (ECF No. 207 at 6-8.)

In that order, the *Garcia* court held that the plaintiff could only offer evidence of other tires "if the design and manufacture of those models is substantially similar to the model at issue." *Id*. at 8. Accordingly, even the rulings in *Garcia* operate to exclude all reference to the Firestone Recall as there is no dispute that it regards tires that are not "substantially similar to the tire at issue." Moreover, this second order brings *Garcia* in line with every other decision located to have considered the question. As the court held in *Peterson*, evidence of the Firestone Recall was inadmissible "because the Firestone tires are not substantially similar to the Cooper tire at issue and were produced by a different manufacturer [ ]." *Peterson*, 2011 WL 13076884 at *2.

## II. Plaintiffs' "Relevance" Arguments Lack Merit.

As a threshold matter, Plaintiffs' relevance arguments overlook that FRE 403 includes prejudice in the balance. Even if in theory evidence of the Firestone Recall were "relevant" – and it is not – any such relevance would be outweighed by the drastic prejudice of likening the present case to perhaps the most notorious tire recall and related series of defect cases in the history of the United States.

Regardless, the six theoretical relevancies Plaintiffs cite are either misstatements of Goodyear's defenses in order to mislead this Court or are issues that can be addressed on cross without any reference specifically to the Firestone Recall, or both. For example, if Goodyear, as Plaintiffs suggest, defends the Tire at Issue on the basis that no tire model passing federal standards can ever be defective (which it will not argue), then Plaintiffs can inquire whether

3

there are any instances known to the witness in which a tire passing such standards was later found to be defective. There is no reason, other than to inflame and arouse the prejudices of the jury, to specifically reference that the Firestone Recall is one such instance. Lastly, Plaintiffs' final point that some jurors "likely will have heard of the Firestone problem" and that it "may arise during jury selection" is without consequence to admissibility of evidence. It is a matter for *voir dire*.

### III. Controlling Authority Prohibits Plaintiffs From Using The Firestone Recall To Impeach Expert Witnesses.

Without citation to authority, Plaintiffs argue that they may use the Firestone Recall to impeach Goodyear's tire expert witness, Joe Grant. This lack of citation to authority is not surprising. Controlling authority is to the contrary.

The 8th Circuit Court of Appeals considered the question of using other incidents as a basis to impeach expert witness credibility in *Drabik v. Stanley-Bostitch, Inc.*, 997 F.2d 496 (8th Cir. 1993). The court explained that it was "trouble[d]" by the trial court permitting a party to impeach expert witness credibility with evidence of other incidents when "there was no showing that these other accidents occurred under substantially similar circumstances" and "at least some of the accidents described involved products other than" the product at issue. *Id*. at 508. The court considered a prior ruling in which it had permitted a very limited reference in cross examination to stand, holding that the prior case should be and was limited to its facts because "we see great danger in over-interpreting this limited exception." *Id*. at 509. The court explained that the expert "was testifying as to his opinions, and any qualified expert must be entitled to do that without having to rebut extraneous evidence of dissimilar accidents." *Id*.

Ultimately the court held:

> An expert would not be able to render an opinion without having to

4

> address a litany of other accidents that may or may not be even remotely like the accident at issue. This simply places too big a burden on defendants. The general rule of limiting the admission of other accident evidence to those events which were substantially similar ensures that the focus of the trial stays on the specific type of accident forming the basis of the case. [ ] ***[I]mpeachment evidence involving other injuries should be limited to those which are substantially similar.***

*Id.* (emphasis added). *Drabik* remains controlling authority in the 8th Circuit today. Because Plaintiffs cannot establish substantial similarity between this case and the Firestone Recall incidents, it cannot "Trojan Horse" inflammatory questions, evidence and argument regarding that subject under the guise of "impeachment" evidence.

## CONCLUSION

For each of the foregoing reasons and those briefed previously, Goodyear requests that this Court enter an order instructing Plaintiffs and their witnesses and attorneys, not to mention, refer to, ask about, or convey in any manner, either directly or indirectly, during opening statements/closing arguments or any other stage of trial, or solicit in any other manner, argument or statements regarding the Firestone Recall and circumstances related to it.

5

GREENSFELDER, HEMKER & GALE, P.C.

By:   /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 1,595 words.

/s/ Edward S. Bott, Jr.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 18th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1117 Herkimer St.
Houston, TX 77008
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.

1840087