IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE GOODYEAR TIRE & RUBBER COMPANY, <br><br> Defendant. | Case No. 8:18-cv-00127 |

**REPLY BRIEF IN SUPPORT OF GOODYEAR'S MOTION IN LIMINE TO EXCLUDE EVIDENCE PURSUANT TO THE SELF CRITICAL ANALYSIS PRIVILEGE**

The Goodyear Tire & Rubber Company ("Goodyear"), by and through undersigned counsel, hereby submits its Reply Brief in Support of Goodyear's Motion in Limine to Exclude Evidence Pursuant to the Self Critical Analysis Privilege.

**ARGUMENT**

As anticipated, Plaintiffs do not contest that, with regard to the Tread Throw Investigation, Goodyear satisfies the elements of the self-critical analysis privilege as stated under Ohio law. *See State, ex rel. Celebrezze, v. CECOS Internatl., Inc.*, 583 N.E.2d 1118, 1120 (Ct. App. Ohio 1990) (stating and discussing elements). Instead, Plaintiffs cite two cases which they claim stand for the proposition that this Court, applying Ohio law,[1] cannot recognize the self-critical analysis privilege. Plaintiffs argument is incorrect, as a review of Ohio law reveals.

As a threshold matter, Plaintiffs mischaracterize the holding in *Celebrezze*, which Goodyear cited to establish that under Ohio law a court can recognize the self-critical analysis privilege. It is important to the rest of the legal analysis that this mischaracterization be

---
[1] Plaintiffs also do not contest that Ohio law applies to the question of privilege.

1

1840091

corrected. Plaintiffs state that the Ohio Court of Appeal in *Celebrezze* "held a court could apply a privilege based on 'principles of common law as interpreted by the courts of this state in the light of reason and experience.'" The mischaracterization here is that the *Celeberezze* court did not merely "hold" that Ohio courts have the authority to recognize privileges based on common law. It was quoting the codified text of Ohio Evid. R. 501, which unequivocally confirms that authority as a matter of statute.

This is important because Plaintiffs then cite to *State ex rel. Grandview Hosp. and Medical Center v. Gorman*, 554 N.E.2d 1297, 1299 (Ohio 1990) for its holding that "[p]rivilege must rest upon some specific constitutional or statutory provision." Plaintiffs characterize the *Grandview* holding as a "clarification." This is not so. That had been the law of Ohio for at least 35 years prior to *Grandview*, well prior to *Celebrezze*. Moreover, it has no bearing on any court's ability to recognize the self-critical analysis privilege under Ohio law. This is so because, as correctly noted in *Celebrezze* as a matter of codified Ohio law, Evidence Rule 501 permits Ohio courts to recognize and apply common law privileges. This satisfies the "statutory provision" requirement of *Grandview*.

Plaintiffs' tortured interpretation of the Ohio Supreme Court's holding in *Grandview* would lead to the conclusion that Ohio courts are completely without the authority to recognize common law privileges. This is the "rule" Plaintiffs ask this Court to adopt. But it is not the rule. First, if it were, it would render a nullity the plain language in Evidence Rule 501 which explicitly grants courts the authority to recognize common law privileges. Interpreting Ohio statutes, courts will not adopt an interpretation which renders the language to be without meaning or effect. *State ex rel. Carna v. Teays Valley Local School Dist. Bd. of Edn.*, 967 N.E.2d 193 (Ohio 2012) ("No part [of the statute] should be treated as superfluous unless that is

2

manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative.").

Second, Ohio courts remain free to, and do, apply common law privileges. A review of post-*Grandview* Ohio case law reveals dozens of decisions in which Ohio courts, including the Ohio Supreme Court, recognize, apply, and even create new common law privileges. *See State ex rel. Dann v. Taft*, 848 N.E.2d 472, 484 (Ohio 2006) (***creating*** a gubernatorial communications privilege for Ohio law); *Sullins v. Raycom Media, Inc.*, 996 N.E.2d 553, 563 (Ct. App. Ohio 2013) (recognizing Ohio common law qualified privilege to defamation claims); and *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 824 N.E.2d 990, 994 (Ohio 2005) (under Ohio law some portions of attorney client privilege doctrine are statutory, and some are common law creations).[2]

## CONCLUSION

A court applying Ohio law has the authority to recognize common law privileges, including the self-critical analysis privilege. Plaintiffs' argument – their sole argument – is legally unsound. Plaintiffs make no argument that the self-critical analysis privilege is bad policy, or that if the elements are satisfied that Ohio courts would not recognize the privilege. Nor do they cite to any Ohio case stating that the state's courts would not recognize the privilege if it applied, such as in the present circumstances in which it is not contested that all three elements are satisfied. For these reasons, and for the reasons previously briefed, this Court should grant Goodyear's motion.

---

[2] Plaintiffs are correct that the federal district court in *Johnson v. Bay West Paper Corp.*, 2005 WL 8161943 (S.D. Ohio October 21, 2005) held, wrongly, that because Ohio had not "codified" the self-critical analysis privilege, Ohio law could not adopt it. The court misread and misapplied Ohio law which, as shown here, very clearly permits via "codified" authority Ohio courts to create, recognize, adopt and apply a variety of common law privileges.

3

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

4

1840091

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 1,022 words.

                                                                                   /s/ Edward S. Bott, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 18th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1117 Herkimer St.
Houston, TX 77008
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

                                                                                   /s/ Edward S. Bott, Jr.