IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE GOODYEAR TIRE & RUBBER COMPANY, <br><br> Defendant. | Case No. 8:18-cv-00127 |

**GOODYEAR'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE REGARDING THE USE OF TRADE SECRETS AND OTHER CONFIDENTIAL, PROPRIETARY INFORMATION AT TRIAL**

The Goodyear Tire & Rubber Company Inc. ("Goodyear"), by its attorneys, submits its Reply in Support of its Motion in Limine Regarding the use of Trade Secrets and Other Confidential Information at Trial:

**ARGUMENT**

Plaintiffs oppose Goodyear's request to maintain the confidentiality of its trade secrets and other confidential, proprietary information at trial on three grounds.

First, Plaintiffs question Goodyear's motives in seeking relief in the first instance, arguing that Goodyear is not actually concerned about trade secrets and confidentially, but is really seeking to save itself the embarrassment of public disclosure of alleged problems with its Load Range E tires. Plaintiffs have offered no factual support for this argument whatsoever—nor can they, as it is nonsensical.

This lawsuit, along with Plaintiffs' defect and negligence allegations, is a matter of public record; other lawsuits involving Goodyear's Load Range E tires, which make defect and negligence allegations, are matters of public record; this Court's pre-trial rulings, and the pre-trial rulings of other courts overseeing Load Range E-related lawsuits, are matters of public record; the National

1839879

Highway Transportation Safety Administration's Preliminary Evaluation of Goodyear's Load Range E Tires is a matter of public record; Goodyear's Voluntary Replacement Program is a matter of public record; and many documents Goodyear submitted to NHTSA, and communications between Goodyear and NHTSA about Load Range E tires, are matters of public record.

As all this information is already in the public domain, and has been for 20 years in some instances. It is difficult—if not impossible—to conceive how the highly-technical documents specifically at issue here—tire specifications, testing information, and warranty and adjustment information—would subject Goodyear to any additional, incremental "embarrassment" in the marketplace beyond what the long-time, public availability of the NHTSA Evaluation and the filings of and rulings in Load Range E litigation have already caused. Embarrassment, or fears of embarrassment, simply isn't in play here, as that horse has left the barn.

In reality, the only entities that could understand and make use of the specific categories of documents and information for which Goodyear is seeking protection are Goodyear's competitors. This is the only concern that motivated Goodyear's Motion in the first instance, as set forth in the Declaration of Joseph Aull supporting Goodyear's Motion, which Plaintiffs have not contradicted. The Court should reject Plaintiffs' attempt to mischaracterize Goodyear's motives accordingly.

Second, Plaintiffs maintain that none of the documents and information at issue can constitute trade secrets, or otherwise be subject to protection, because they are old. Plaintiffs miss the mark on this point too. To begin, this argument flies in the face of common sense, common experience, and a mountain of precedent. The formula for Coca-Cola, for example, dates back to the 1890s, yet, to this day, courts refer to this formula as the textbook example of a trade secret deserving of protection, despite its age. *E.g.*, *Quick Point Pencil Co. v. Aronson*, 567 F.2d 757, 765 (8th Cir. 1977), *rev'd on other grounds*, 440 U.S. 257 (1979); *Coca-Cola Bottling Co. of Shreveport v. Coca-*

*Cola Co.*, 107 F.R.D. 288, 289 (D. Del. 1985). Age alone, in other words, is not sufficient to destroy an otherwise valid trade secret, or to lessen the competitive harm a trade secret holder will suffer if its secrets are disclosed to its competitors.

Plaintiffs' primary cases in support of their "staleness" arguments—*UTStarcom, Inc. v. Starent Networks, Corp.*, 675 F. Supp. 2d 854, 863 (N.D. Ill. 2009) and *Synergetics, Inc. v. Hurst*, 477 F.3d 949, 957–58 (8th Cir. 2007)—don't hold to the contrary. In fact, while *UTStarcom* did note that the trade secrets at issue in that case were "old," and unlikely to hold any value, it reached this conclusion, in substantial part, because the party seeking protection did "not present the Court with evidence suggesting [the documents at issue] still retain value." 675 F. Supp. 2d at 871-72. Similarly, in *Synergetics*, the Eighth Circuit did not establish a bright line rule on when a trade secret becomes stale; instead, it concluded that a "[d]etermination of when trade secret information becomes stale cannot be made by reference to a bright line rule and necessarily requires fact specific consideration." 477 F.3d at 958.

The situation here is completely different from that in *UTStarcom* and *Synergetics*. Here, Joe Aull, a declarant with personal knowledge and an engineer with long experience at Goodyear, has explained precisely why the trade secrets and other information at issue are still valuable despite their age, and why their disclosure will harm Goodyear in the marketplace. For example, in his declaration, Mr. Aull explained that "Goodyear's tire design process is evolutionary, with each new tire design drawing on Goodyear's vast experience and millions of dollars invested in prior designs and tests." (ECF No. 181-12 at 6, ¶ 18.) Moreover, Aull explained that "designs for discontinued tires are useful as part of that evolutionary process, both to Goodyear and Goodyear's competitors. Learning what designs are not optimal can be as valuable as learning optimal design features [and] Goodyear's design experience is a unique asset that gives it a competitive advantage." (*Id.*)

Mr. Aull offered similar testimony regarding information about Goodyear's testing, research and development, and quality system information. Its testing protocols and design targets are not known to its competitors, nor are its test records and memoranda discussing test results. (*Id.* ¶ 20.) Disclosure of this information to Goodyear's competitors, even if it is old, could allow them to eliminate, reduce, or change their own testing, learn from testing Goodyear has done, but they have not, or use this information for promotional purposes against Goodyear. (*Id.*)

Mr. Aull also offered similar testimony regarding adjustment date and warranty information. Goodyear's competitors could glean information about Goodyear's warranty and adjustment processes irrespective of the age of the information, and change their own policies to meet those established by Goodyear, and neutralize the competitive advantage this process, and the information gathered in the process, provides to Goodyear over its competitors. (*Id.* ¶¶ 22-25.)

In sum, Goodyear has come forward with specific, un-contradicted testimony establishing the continued value of all the documents and information at issue in Goodyear's Memorandum. Plaintiffs have offered no factual or opinion evidence to the contrary. Plaintiffs have similarly left unchallenged every other fact set forth in Mr. Aull's declaration, which establishes the documents and information at issue as trade secrets or other confidential and proprietary information deserving of protection. Thus, the only facts before the Court demonstrate that the documents and information at issue are trade secrets or otherwise protectable. On the basis, the Court should grant Goodyear's Motion.

Plaintiffs' last attack focuses on the standard applicable to Goodyear's Motion. They maintain that trade secrets and confidential/proprietary information are never per se sealed at trial, and that the age of the documents, and the public's interest in the lawsuit trumps Goodyear's interest in the secrecy of its trade secrets. On the first point, Goodyear agrees—indeed, it acknowledged as

much in its Memoranda, and noted the discretionary nature of the Court's inquiry into whether it should seal documents and information introduced at trial.

On the second point, Plaintiffs are simply wrong. Plaintiffs have not, for example, explained why the publically-available information mentioned above—NHTSA's Evaluation, filings and rulings from other cases etc.—is insufficient to lessen the public's interest in the actual documents at issue here. Plaintiffs have similarly failed to identify what specific information the public would glean from the specific documents and information at issue in the Memoranda, that they couldn't otherwise glean from the information in the public domain. Plaintiffs' arguments on this score, in other words, are wholly conclusory, and merit little consideration.

Through Joe Aull's declaration, Goodyear has established that the disclosure of the documents or trade secrets at issue will hurt its competitive position in the marketplace. *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 664 (8th Cir. 1983). This showing—which again, is un-contradicted as a factual matter—is sufficient to afford the Court the discretion to grant the relief Goodyear seeks. *Id.*; *Sec. Nat'l Bank of Sioux City, Iowa v. Abbott Labs.*, No. C 11-4017, 2014 WL 12603512, at *1 (N.D. Iowa Mar. 3, 2014). For all the reasons set forth above, and in Goodyear's original Memorandum on this subject, the Court should exercise its discretion to protect Goodyear's trade-secret and other confidential information at trial.

## CONCLUSION

For the foregoing reasons, Goodyear respectfully requests that the Court enter an order in limine protecting the confidentiality of trade secrets and other proprietary business information to be introduced as evidence at trial. Documents designated confidential under the Protective Order should not be admitted as a group exhibit, or otherwise entered into the court record unnecessarily. If admitted into evidence, such documents or transcripts should be maintained under seal. If trade

secrets are the subject of trial testimony, Goodyear respectfully requests that the Court take appropriate action to restrict access to such testimony by persons not involved in the proceedings. In the event the trade secret nature of the documents or testimony is questioned Goodyear asks the Court to maintain their confidentiality until such time as the objections can be ruled upon.

        GREENSFELDER, HEMKER & GALE, P.C.

        By:    /s/ Edward S. Bott, Jr.
        Edward S. Bott, Jr.
        Clark W. Hedger
        Juliane M. Rodriguez
        10 South Broadway, Suite 2000
        St. Louis, MO 63102
        (314) 241-9090
        Fax: (314) 345-5465
        esb@greensfelder.com
        ch1@greensfelder.com
        jrodriguez@greensfelder.com

        AND

        BAIRD HOLM LLP
        Jennifer D. Tricker (NE# 23022)
        1700 Farnam Street, Suite 1500
        Omaha, NE 68102-2068
        (402) 344-0500
        jtricker@bairdholm.com

        *Attorneys for The Goodyear Tire & Rubber Company*

1839879

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 1,821 words.

/s/ Edward S. Bott, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 18th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1117 Herkimer St.
Houston, TX 77008
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.

1839879