IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY,<br><br>Defendant. | Case No. 8:18-cv-00127 |

**GOODYEAR'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE SEEKING EXCLUSION OF EVIDENCE RELATING TO NHTSA'S PRELIMINARY EVALUATION INTO GOODYEAR'S LOAD RANGE E TIRES AND GOODYEAR'S RESULTING VOLUNTARY REPLACMENT PROGRAM[1]**

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, submits its Reply in Support of its Motion in Limine Seeking Exclusion of Evidence Relating to NHTSA's Preliminary Evaluation Into Goodyear's Load Range E Tires and Goodyear's resulting Voluntary Replacement Program:

**ARGUMENT**

**I.    NHTSA's Preliminary Evaluation Is Irrelevant.**

In their Opposing Brief, Plaintiffs make two arguments supporting the relevance of NHTSA's Evaluation: (1) Goodyear's purported admission of the relevance of NHTSA-related documents in opposing Plaintiffs' Motion to Compel production of certain claim files (ECF No. 96); and (2) the fact of the Evaluation itself is probative on the issue of whether the Tire at Issue

---

[1] In this Memorandum, the term "Subject Tire" refers to LT235/85R16 Goodyear Wrangler HT Tires generally. The terms "Tire at Issue" and "Tire" refers specifically to the Tire that was mounted on the truck involved in the accident, and which suffered the tread detachment which has given rise to this lawsuit.

1

1839574

was defective. The Court should reject each argument in turn, and conclude that the Evaluation is irrelevant to any issue in this case.

Plaintiffs' first argument mischaracterizes Goodyear's position in prior briefing on Plaintiffs' motion to compel claim files. To be clear, Goodyear did not concede the relevance or admissibility at trial of the NHTSA Evaluation, or any document submitted to NHTSA related to Goodyear's Load Range E investigation. Rather, in its opposing brief, Goodyear noted that it had produced to Plaintiffs in this case claims reports and other information Goodyear previously produced to NHTSA, but argued that that even with this information, Plaintiffs could not establish the relevance of the claims files they sought. (ECF No. 96 at 5.)

Critically, in this brief, Goodyear specifically noted that its Load Range E investigation "found no evidence of defects in design, workmanship, or materials in Load Range E tires." (ECF No. 96 at 8.) It similarly noted that NHTSA declined to mandate a recall of any Load Range E tires. (*Id.* at 9.) These two positions—and Goodyear's overarching position that Plaintiffs failed to demonstrate the relevance of the claims files they sought in their Motion (*Id.* at 5, 9)—put the lie to the notion that Goodyear admitted the relevance or admissibility of the NHTSA evaluation, or any documents submitted to NHTSA.

In any event, discoverability and admissibility are not the same thing, and conceding discoverability by producing documents does not amount to an implied admission that the documents produced are admissible at trial. *See*, *e.g.*, *Damgaard v. Avera Health,* 108 F. Supp. 3d 689, 699 (D. Minn. 2015) (noting that "discoverability and admissibility, of course, are entirely separate issues, with the former far broader than the latter"); *Burke v. Ability Ins. Co.*, 291 F.R.D. 343, 348 (D.S.D. 2013) ("The federal rules distinguish between discoverability and admissibility of evidence. Therefore, the rules of evidence assume the task of keeping out incompetent,

2

unreliable, or prejudicial evidence at trial. These considerations are not inherent barriers to discovery, however.")

Plaintiffs' second argument supporting the relevance of NHTSA's Evaluation fairs no better. NHTSA never found that the Tire at Issue, the Subject Tire, or any other Goodyear Load Range E tire was defective. Thus, simple logic confirms that NHTSA's Evaluation, which reached no conclusion on the existence of a defect, is not probative on the existence of a defect in the Subject Tire. If anything, given NHTSA's statutory and regulatory obligations to identify defects and mandate recalls when defects are found, the closure of NHTSA's Evaluation without a finding of a defect tends to support the absence of a defect, not its existence.

Plaintiffs' position on relevance isn't bolstered by their citation of Judge Kovachevich's unpublished order denying a Goodyear motion in limine in *Garcia v. Kelly-Springfield Tire Company*, Case No. 99-1611, Slip Opinion, at *1 (M.D. Fla. Feb. 27, 2004). That order contains no independent examination of the relevance of the NHTSA Evaluation—Judge Kovachevich merely identified the parties' arguments and decided, without discussion, that NHTSA's Evaluation was relevant.

To be clear, Judge Kovachevich did not cite a single case supporting her position or explain her rationale, and Plaintiffs haven't identified any other authority supporting their position from any other state or federal court in the country. Given the bedrock failure of logic underpinning Judge Kovachevich's order in *Garcia,* the absence of authority supporting Judge Kovachevich's opinion, and Plaintiffs' failure to identify any other authority supporting their position, the Court should reject Plaintiffs' invitation to follow Judge Kovachevich into error, and conclude that the NHTSA Evaluation is, in fact, irrelevant to the claims and defenses in this case. This information should be excluded from trial accordingly.

3

1839574

## II.     Goodyear's Voluntary Replacement Program Is Irrelevant.

Plaintiffs' argument supporting the relevance of evidence of Goodyear's Voluntary Replacement Program ("Program") rests on a false premise—namely, that the Tire at Issue was part of the Program. It wasn't. As such, evidence of the Program is not probative of any disputed fact in this case, and the Court should exclude it accordingly.

The Program focused on LT245 tires—a different size tire than the Tire at Issue, an LT235 tire. (ECF No. 181-10 at 1-2.) The only LT235 tires that fell under the Program were those installed as original equipment on pre-1992 Ford 15-passenger vans. (*Id.* at 2; ECF No. 204-4 at 23.) As the Tire at Issue was manufactured in 1994, it was not original equipment on a pre-1992, Ford 15-passenger vans. Plaintiffs, moreover, have come forward with no evidence suggesting that the Tire at Issue, or any other tires on the Subject Vehicle at the time of the accident at issue, was ever mounted on a 15-passenger van at any time between its manufacture and the time it was placed on the Subject Vehicle. Thus, the undisputed evidence demonstrates that the Tire at Issue was not subject to the Program.

More to the point, and Plaintiffs' protestations notwithstanding, the Program indisputably grew out of NHTSA's consumer advisory about its concern for the increased rollover risk of 15-passenger vans. (ECF No. 181-9 at 2; ECF No. 181-10 at 1.) NHTSA determined that "these vans are more prone to roll over following a tread separation than many other vehicles using Load Range E tires because of the vans' size and handling characteristics." *Id.* Thus, NHTSA's concern—and the Program—were based on a perception about the ***combined risk*** posed by placing LRE tires on a subset of vehicles that were already prone to rollovers. As the Subject Vehicle is not within the limited subset of vehicles prompting NHTSA's concerns, this is yet further evidence that the Program is irrelevant.

4

None of the cases Plaintiffs cite in their opposing brief change this analysis. To begin, the primary cases upon which Plaintiffs rely—*Manieri v. Volkswagenwerk A.G.*, 376 A.2d 1317, 1321 (N.J. Super. Ct. App. Div. 1977) and *Fields v. Volkswagen of Am., Inc.*, 555 P.2d 48, 52 (Okla. 1976—dealt with recalls. As no recall was issued here, these cases are distinguishable on this basis alone, and the Court should reject them as persuasive authority. These cases are independently distinguishable for additional reasons too.

*Manieri* is distinguishable for at least two additional reasons. First, in *Manieri*, the plaintiff did not seek to introduce the recall letters sent by the defendant to prove the existence of a defect; instead, plaintiff offered the letter to show that the defect at issue existed while it was under the defendant's control. *Manieri*, 376 A.2d at 1323. Here, of course, Goodyear is not disputing that the Tire at Issue did not have an overlay when it was manufactured. Thus, the primary theory and factual dispute supporting admissibility in *Manieri* is absent here.

Second, the defect at issue in *Manieri* was precisely the same defect at issue in the recall letters plaintiff sought to admit. *Id.* at 1322, 1324. Here, because the Tire at Issue was not original equipment on pre-1992 Ford 15-passenger vans, and because it was never otherwise placed on a 15-passenger van, the purported defect at issue in this lawsuit is different from the issue that prompted the rollout of the Program. Under *Manieri*, "[w]here the plaintiff's theory does not depend upon the defect described in the letter the recall evidence is clearly irrelevant." *Id.* at 1323. *Mainieri*'s holding thus demonstrates the irrelevance of the Program to the issues in dispute in this case.

*Fields* is distinguishable for similar reasons. First, *Fields* involved a purported manufacturing defect the existence of which the parties disputed. 555 P.2d at 58. The recall letter was deemed admissible in that case because it constituted "some evidence that the defect existed at

5

1839574

the time the product left the manufacturer." *Id.* (internal quotation marks omitted). Here, Plaintiffs intend to offer evidence of the Program to prove a design, rather than a manufacturing defect, and the parties agree that the design element at issue—a nylon overlay or cap ply—was not part of the design of the Tire. Thus, the justification for admitting the recall evidence in *Fields* is absent here.

Second, the defect at issue in *Fields* was the same as the defect that prompted the recall. *Id.* This is not the case here, for the reasons set forth above. Under *Fields*, "[i]f the defect mentioned in the recall letter is not the defect claimed to have caused the accident then the letter is irrelevant and inadmissible." *Id.* at 58. Again, Plaintiffs' own authorities demonstrate the irrelevance and inadmissibility of evidence of the Program. This Court should follow suit and rule accordingly.

### III. Admission Of Evidence Of The NHTSA Evaluation And The Program Will Be Unfairly Prejudicial And Will Confuse And Mislead The Jury.

As set forth above, evidence of the NHTSA Evaluation and the Program is not probative on any fact in dispute. But even if the Court should disagree, it should still exclude this evidence under Federal Rule of Evidence 403, because its probative value will be substantially outweighed by unfair prejudice to Goodyear, and the likelihood that this evidence will confuse and mislead the jury.

Plaintiffs' opposition brief, in fact, makes Goodyear's unfair prejudice and other Rule 403 arguments for it. In their factual background section, Plaintiffs characterize communications between NHTSA and Goodyear, a 2002 press release Goodyear issued related to the NHTSA Evaluation, and various documents Goodyear created in the course of its Load Range E investigation. Without any factual support whatsoever—and without any citations to the statutes and regulations governing NHTSA or evaluations performed under its auspices—Plaintiffs further

6

1839574

maintain that "Goodyear decided to spare itself the pain of an impending recall, and instead opted to voluntarily replace the 'problem' tires." (ECF No. 202 at 3.)

The danger of unfair prejudice from introduction of this evidence, and Plaintiffs' arguments about this evidence, is real and apparent. Goodyear did not issue a recall, NHTSA neither suggested nor mandated a recall, NHTSA did not find a defect in any Load Range E tire, and the Program related to a product/vehicle combination that isn't at issue here. If the jury hears this evidence anyway, they may wrongly conclude that Goodyear did issue a recall, that NHTSA mandated a recall, that NHTSA's Evaluation, by itself, is evidence that Goodyear did something wrong, that the Program is evidence that Goodyear did something wrong, or that the Tire at Issue was subject to the Program when it was not. Goodyear will be unfairly prejudiced if the jury reaches any of these conclusions, and the danger that they will reach these conclusions substantially outweighs any probity the NHTSA Evaluation or the Program has on the issue of the defect in the Tire.

Plaintiffs' characterizations and rhetoric in their opposition brief also demonstrate that if NHTSA-related evidence comes in at trial, a mini-trial on NHTSA issues will be necessary. The jury will have to be informed about what NHTSA is, what its Office of Defects Investigation ("ODI") is, what authority NHTSA and ODI possess, the nature and extent of NHTSA's and ODI's investigative powers, the nature and extent of NHTSA's/ODI's Evaluation here, the nature of compromises that can and cannot be reached between NHTSA and a product manufacturer, the nature and extent of NHTSA's consumer advisory regarding Ford 15-passenger vans, the differences between Ford 15-passenger vans and the Subject Vehicle, and the differences between the consequences of a disablement of a tire on a 15-passenger van and the disablement of a tire on

7

1839574

a pickup truck. All this information will distract the jury from the primary issues in this case, waste time, cause confusion, or otherwise mislead the jury.

Fundamentally, the critical issues in this case with respect to Goodyear are (1) whether the Tire was defective or unreasonably dangerous; (2) whether Goodyear was negligent; and (3) whether Goodyear's acts or omissions, or the alleged defect in the Tire, caused Plaintiffs' injuries. Plaintiffs can make their case, such as it is, on these issues without putting the jury through a detailed and confusing critique of Goodyear's Load Range E Investigation or introducing any evidence of NHTSA's evaluation, in the course of a mini-trial on these issues. Plaintiffs should focus on these issues, and not rehash investigations and evaluations that concluded nearly 20 years ago.

## CONCLUSION

For each of the foregoing reasons, Goodyear respectfully requests that the Court enter an Order barring Plaintiffs from introducing evidence of, and from making any comment, reference, argument or innuendo regarding, NHTSA's Preliminary Evaluation into Goodyear Load Range E tires and Goodyear's Voluntary Replacement Program as irrelevant, inadmissible hearsay, and as unduly prejudicial and likely to confuse or mislead the jury.

GREENSFELDER, HEMKER & GALE, P.C.

By:   /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

9

1839574

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 2,503 words.

/s/ Edward S. Bott, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 18th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1117 Herkimer St.
Houston, TX 77008
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.

1839574