IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY,<br><br>Defendant. | Case No. 8:18-cv-00127 |

## GOODYEAR'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE SEEKING TO EXCLUDE OPINIONS FROM PLAINTIFFS' REHABILITATION EXPERT, CRAIG LICHTBLAU, M.D., RELATING TO MEDICAL TREATMENT MR. LOVELAND WILL LIKELY NOT NEED IN THE FUTURE AND RELATED DOCUMENTS

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, submits its Reply in Support of its Motion in Limine Seeking to Exclude Opinions from Plaintiffs' Rehabilitation Expert, Craig Lichtblau, M.D., Relating to Medical Treatment Mr. Loveland Will Likely Not Need in the Future and Related Documents:

## ARGUMENT

**I.　Concessions and Representations in Plaintiffs' Opposition.**

In their Opposition, Plaintiffs represent to Goodyear and to the Court that, at trial, Dr. Lichtblau will not assign costs to any complication identified on page 2 of their Opposition, or any other complication that Dr. Lichtblau has characterized as random or speculative. (ECF No. 225 at 2.)[1] Plaintiffs similarly represent that they will not argue that Mr. Loveland should be awarded money in future medical expenses related to any of these potential complications. (*Id.*)

---

[1] The picture Plaintiffs pasted on Page 2 of their Opposition comes from page 4 of the Continuation of Care section of Dr. Lichtblau's report, which can be found at ECF No. 181-6 at 8.

1

Based on these representations and concessions, the Court should preclude Dr. Lichtblau from opining on the costs of treating any of these complications should Mr. Loveland ultimately experience them. This preclusion should cover, at a minimum, Dr. Lichtblau's testimony that the cost of these complications would be between $1M and $4M, in addition to the costs he has already attributed to Mr. Loveland's future medical needs. (Tr. 4.8.19 Deposition of Craig Lichtblau ("Lichtblau Depo."), attached as Exhibit I, at 52:15-25; 57:15-58:7.)

On this same basis, the Court should preclude Dr. Lichtblau from testifying to the jury that his Continuation of Care opinions are reasonable because they exclude costs associated with these complications. As Plaintiffs have conceded the inadmissibility of this cost information, they should not be able to use Dr. Lichtblau's decision to exclude these costs from his ultimate conclusions to bolster the reasonableness of his other opinions.

## II.   Arguments in Goodyear's Memorandum Plaintiffs Failed to Address.

In their Opposition, Plaintiffs did not address a subset of Goodyear's Motion—i.e., the admissibility of the cost information Dr. Lichtblau provided for services, treatment, and testing he believes Mr. Loveland may need on a "prn" or "as needed" basis for the remainder of his life, but which Mr. Loveland probably will not need. A representative section of the Continuation of Care section of Dr. Lichtblau's Report detailing tests Dr. Lichtblau thinks Mr. Loveland may but likely won't need, the period of time over which they might be necessary, how often they might be necessary, and how much they will cost is set forth below:

<u>Diagnostic Tests</u>:

| | | | |
|---|---|---|---|
| Electroencephalogram | Life | Prn | 871.00 |
| EKG | Life | Prn | 41.00 |
| Echocardiogram | Life | Prn | 763.-876.00 |
| MRI of Brain | Life | Prn | 641.-1,156.00 |
| MRI - Lumbar<br>    Hips/Pelvis | Life | Prn | 642.00<br>629.00 ea |

(ECF No. 181-6 at 6.)

Based on Plaintiffs' concessions about their intentions with respect to cost information related to potential complications Mr. Loveland might suffer in the future, the Court should conclude that testimony about the costs of the above-identified testing—and the other "prn" services, testing, and care identified in Goodyear's original Memorandum that Dr. Lichtblau has admitted Mr. Loveland will likely not need—is inadmissible, and preclude Plaintiffs from offering any testimony about these costs at trial.

For these same reasons, and under the law cited in Goodyear's original Memorandum, the Court should preclude Plaintiffs from offering into evidence any portion of Dr. Licthblau's report identifying these tests, services, and care, or any demonstrative or other exhibit containing this information, or specific sections from Dr. Lichtblau's report.

**III. The Court Should Exclude All Evidence of Complications Mr. Loveland Likely Will Not Suffer, and All Care, Treatment, or Services He Likely Will Not Need.**

In their Opposition, Plaintiffs maintain that Dr. Lichtblau should still be able to testify about complications Mr. Loveland might suffer for two reasons: (1) this information is relevant to Mr. Loveland's life expectancy and (2) this information is relevant to Mr. Loveland's mental anguish and distress. (ECF No. 225 at 2.) Neither of these arguments is persuasive.

3

1839870

First, at his deposition, Dr. Lichtblau testified that he reduced Mr. Loveland's life expectancy by four years based on the peer-reviewed literature relating to the loss of life expectancy associated with catastrophic injuries like Mr. Loveland's. (Lichtblau Depo., Ex. I, at 20:22-21:6; 43:7-14; 46:2-16.) When asked if specific complications would decrease Mr. Loveland's life expectancy beyond four years, and if so, by how much, Dr. Lichtblau stated as follows: "All I can say is, I'm going to concede in a court of law that he does have a reduction based on the fact that he had a severe traumatic brain injury and its four years. That I'll concede to. More than that, or modifying that, I can't do that." (*Id.* at 44:6-20.)

While noting that he "can't say it's more probable than not that he's going to have" the complications identified in Dr. Lichtblau's report, if Mr. Loveland does suffer these complications, Dr. Lichtblau "wouldn't say it's going to reduce his life expectancy anymore. I would just say that it's going to make his life miserable." (*Id.* at 47:4-13.) Again, as to these remaining specific complications, and how much their occurrence would reduce Mr. Loveland's life expectancy, Dr. Lichtblau testified that any such reduction would be accounted for in his 4-year decrease opinion from the literature, or that the complications were too improbable to meaningfully affect his opinions on Mr. Loveland's life expectancy. (*Id.* at 47:14-50:18.)

Dr. Lichtblau's testimony thus undermines Plaintiffs' first argument completely. Dr. Lichtblau relies on the scientific literature to opine on Mr. Loveland's loss of life expectancy, and has testified already that he has not, and cannot, make additional modifications to his life-expectancy opinions based on the downside risk on life expectancy presented by specific complications that probably will not occur. Thus, any discussion of these specific complications would be irrelevant to Dr. Lichtblau's life expectancy opinions by his own admission.

4

Plaintiffs' second argument fails as well. As a matter of Nebraska substantive law, damages for future pain and suffering can only awarded when the plaintiff establishes with reasonable certainty that he will experience this pain and suffering in the future. *E.g.*, *Johnsen v. Taylor*, 99 N.W.2d 254, 263 (Neb. 1959); *see also Renne v. Moser*, 490 N.W.2d 193, 200 (Neb. 1992). Thus, in *Renne*, the plaintiff's expert's opinion on the permanency of the plaintiff's condition, which the expert admitted was speculation, prevented plaintiffs from "submitting to the jury any question about permanency of the [condition] and [plaintiff's] future damages, including medical expenses, regarding the injury." 490 N.W.2d at 201. Simply put, an award of damages of any kind "cannot be based on mere speculation or possibility." *Edmonds v. IBP, Inc.*, 479 N.W.2d 754, 757 (Neb. 1992).

These principles govern here. Dr. Lichtblau cannot testify about the pain and suffering Mr. Loveland will experience because of these complications, or the potential of these complications, because he has already admitted that, individually, these complications more likely than not won't happen, and, thus, that attributing a monetary value to them would be speculative. Under *Johnson*, *Renne*, and *Edmonds*, this admission makes testimony about these complications inadmissible. But even if it weren't, allowing Dr. Lichtblau to offer opinions on Mr. Loveland's future pain and suffering based on opinions that are inherently speculative, would necessary prejudice Goodyear and confuse or mislead the jury, and could result in an award of damages in Mr. Loveland's favor the law does not allow.

## CONCLUSION

For each of the foregoing reasons, Goodyear respectfully requests that the Court grant its Motion in Limine, and preclude Plaintiffs from offering any testimony from Dr. Lichtblau or any other witness, or making any other comment, reference, argument, or innuendo about, any

5

condition or complication, or the cost of any such condition or complication, that Mr. Loveland will likely not suffer in the future. Similarly, the Court should preclude Plaintiffs from offering any testimony from Dr. Lichtblau or any other witness, or making any other comment, reference, argument, or innuendo about, any medical care Mr. Loveland will more likely than not, not receive in the future.

GREENSFELDER, HEMKER & GALE, P.C.

By:   /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 1,587 words.

/s/ Edward S. Bott, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 18th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1117 Herkimer St.
Houston, TX 77008
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.