## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 8:18-cv-00127 |
| v. | ) ) | |
| THE GOODYEAR TIRE & RUBBER COMPANY, | ) ) ) | |
| Defendant. | ) | |

**GOODYEAR'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE SEEKING EXCLUSION OF THE DAY IN THE LIFE VIDEO OF SHANE LOVELAND**

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, submits its Reply in Support of its Motion in Limine Seeking Exclusion of the Day in the Life Video of Shane Loveland:

### ARGUMENT

In their Response, Plaintiffs represent that, in order to address Goodyear's hearsay and unfair prejudice concerns with the Day in the Life Video of Shane Loveland, "they will agree to offer the video without any audio." (ECF No. 222 at 1.) Why Plaintiffs say they "will agree" to remove the audio isn't clear; they either agree, or don't agree. Regardless, their agreement (or their willingness to agree) is a concession that the statements made on the Video are, in fact, inadmissible hearsay and that no audio should be included on any subset of the Video ultimately shown to the jury. *See Thompson v. TRW Auto. U.S., LLC,* No. 2:09-CV-1375-JAD-PAL, 2014 WL 2612271, at *3 (D. Nev. June 11, 2014). Accordingly, if the Court decides any portion of the Video may be shown to the jury, it should be shown without audio.

1

Plaintiffs' agreement to remove the audio from the Video, however, does not resolve all the other impediments to the Video's admissibility.   Namely, even without audio, the Video still contains scenes that are plainly inadmissible, in that they do not reflect Mr. Loveland's day-to-day life.   These scenes include the following: (1) pictures of the Tire at Issue on the Subject Vehicle; (2) video of Interstate 80 and the accident scene; (3) pictures of the accident scene and Mr. Loveland at the accident scene; (4) written transcriptions of bystanders' 911 calls that play on the Video concurrently with the audio of these calls; (5) pictures and video of Mr. Loveland before the accident; (6) pictures of Mr. Loveland in the hospital following the accident; and (7) interviews with Mr. Loveland's mother and sister.

Again, because these scenes do not show the very thing the Video purports to show—i.e., a day in the life of Shane Loveland—they are inadmissible.   *See Bannister v. Town of Noble, Okl.*, 812 F.2d 1265, 1269 (10th Cir. 1987).

Video clips of Mr. Loveland receiving therapy, even without audio, present similar problems.   First, footage of therapists talking, as opposed to footage of these therapists actively providing therapy to Mr. Loveland, does not show Mr. Loveland's day-to-day life—it shows unidentified people talking.   This footage would do nothing more than confuse the jury, and should be excluded for this reason alone under Federal Rule of Evidence 403.

Second, and perhaps more importantly, Plaintiffs have not presented any evidence that Mr. Loveland is currently receiving any of the therapy, or types of therapy, shown in the Video. Indeed, the evidence adduced in discovery suggests that Mr. Loveland is not currently receiving any of the therapy shown in the Video.   Plaintiffs had the opportunity to present contrary evidence in their Response, but opted not to do so.   The time has now passed.   Thus, the Court has no basis whatsoever to conclude that Mr. Loveland is currently receiving this therapy, or that the scenes of

2

him receiving therapy several years ago accurately portray Mr. Loveland's day-to-day life today. Again, this renders these portions of the Video inadmissible. *See id.*

Plaintiffs, in sum, had the ability to put together an accurate and admissible day-in-the-life video, but they chose not to do so. The Video they did put together was rife with inappropriate content and material, and offering to play the Video without audio does not solve these problems. Given Plaintiffs' approach to Video in the first instance, neither the Court nor Goodyear should be burdened any further on this score with reviewing another video without audio, or a truncated version of the video made pursuant to any concessions Plaintiffs might make in the future. The Court, therefore, should grant Goodyear's Motion in Limine in its entirety.

## CONCLUSION

For each of the foregoing reasons, Goodyear respectfully requests that the Court enter an Order barring Plaintiffs from introducing the "Day in the Life video of Shane Loveland," or any iteration of that Video, into evidence at trial.

3

1839864

GREENSFELDER, HEMKER & GALE, P.C.


By: ___/s/ Edward S. Bott, Jr._____
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO  63102
(314) 241-9090
Fax:  (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE  68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

4

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations.  This document was prepared using Microsoft Word 2010 and contains 968 words.

/s/ Edward S. Bott, Jr.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 18th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1117 Herkimer St.
Houston, TX 77008
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.

5

1839864