IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., <br><br>    Plaintiffs, <br><br>v. <br><br>THE GOODYEAR TIRE & RUBBER COMPANY, <br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 8:18-cv-00127 |

**GOODYEAR'S MEMORANDUM IN SUPPORT OF ITS
MOTION IN LIMINE SEEKING EXCLUSION OF
<u>ALL TESTIMONY, EVIDENCE OR COMMENT ON ANY OTHER TIRE</u>**

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, submits its Reply in Support of its Motion in Limine Seeking Exclusion of All Testimony, Evidence or Comment on Any Other Tire.

**I.   Goodyear's Post-Manufacture Investigation into Tread Separations in Tires Other Than the Subject Tire is Irrelevant.**

The Tire at Issue in this case was manufactured in June 1994. Contrary to Plaintiffs' contention, Goodyear's investigation into tread separations did not begin until 1995, *after* the manufacture of the Tire at Issue.[1] (Tr. 12.4.2001 Deposition of Beale Robison ("Robinson Dep."), attached as Exhibit J, at p. 25; 47 (GY_Susman_09054, GY_Susman_09076); *see also* Plaintiffs' Motion to Compel, ECF No. 94, at 2.) The investigation began when Goodyear noted that complete 360 degree tread separations were occurring in Load Range E tires. (Robinson Dep., Ex.

---

[1] Plaintiffs supply a single page from a deposition of former Goodyear employee Richard Olsen for this proposition, but the page does not support Plaintiffs' assertion. The lack of support from the exhibits supplied by Plaintiffs is a common theme throughout the factual background in their briefing. One of the exhibits does support the flaws in Plaintiffs' timeline—in September of 1995, Goodyear noted that crown separation adjustments on light truck tires had increased over the past (12) months—from the time period of September 1994 through September 1995. (*See* ECF No. 207-3, GY_Susman_26899, at 1.) This increase was discovered after the manufacture of the Tire at Issue.

1

J, at 88-89 (GY_Susman_09117-09118.)) In most of these cases, there was no evidence of heat-related failure. (*Id.*)

Here, Plaintiffs' expert David Southwell admits that the Tire at Issue experienced a partial tread separation, not a complete tread separation. (Southwell Report, ECF No. 109-2, Ex. B, at 5-6.) Joseph Grant, an expert in tire design, manufacture, and failure analysis, also inspected the Tire at Issue. During his inspection, Mr. Grant observed evidence of overdeflected operation of the Tire, which increases the temperature of a tire. (Grant Report, ECF No. 127-7, Ex. G, at 13-14.) The investigation into the evidence of partial separation and heat-related failure in the Tire at Issue is distinguished from the unique failure mode that led to Goodyear's investigation. (ECF No. 172, at 4.)

Despite Plaintiffs' contention, Goodyear does not consider all Load Range E tires substantially similar in its "day-to-day business purposes." (ECF No. 205, at 3.) At Goodyear and in the tire industry generally, load range designations are not indicative of the similarity of tires. Load Range E tires that are produced from different specifications are not considered "similar tires." (Declaration of Joseph Aull in Support of Goodyear's Opposition to Plaintiffs' Motion to Compel Claims File Information, ECF No. 97, Ex. 2, ¶ 9.)

Goodyear's Load Range E investigation included tires of various sizes, models, and construction. Plaintiffs' proposed evidence regarding investigation into tires of other sizes and models[2] is not probative of whether 20 years after its manufacture, the partial tread separation of the Tire on Plaintiffs' employer's work truck resulted from a design defect rather than over deflection and impact damage. Moreover, any such relevance would be far outweighed by the

---

[2] Goodyear further elaborates on the reasons why Plaintiffs have not established the substantial similarity between other tires and the Tire at Issue in its concurrently filed Reply in Support of its Motion in Limine Seeking Exclusion of Similar Accidents, Claims, or Lawsuits. To avoid redundancy, Goodyear incorporates by reference into the present reply the argument and factual record contained there.

2

1839878

serious prejudice that would result from admission of this evidence. Accordingly, the evidence should be excluded.

## II.     Plaintiffs' cases relied on are inapposite.[3]

Plaintiffs blatantly misrepresent the unpublished, two-page *Garcia* opinion attached to their motion. (*Compare* ECF No. 205, at 7, and ECF No. 207-12.) Plaintiffs represent that Judge Kovachevich denied the *Garcia* motion because Goodyear's investigation included tires that were identical or substantially similar to the tire. (ECF No. 205, at 7.) This was not the Court's ruling. First, a review of the opinion reveals Plaintiffs quote from a summary of the *Garcia* plaintiff's argument in response to the motion, not from the Court's holding. Second, Plaintiffs' misleading quote conveniently omits a very important piece of information: "Plaintiff responds that. . . Goodyear investigated the tread throw problem with Load Range E tires, and included tires that were identical or substantially similar to that tire, *which failed in the same manner and exhibited the same failure mechanism as the tire in this case*." (ECF 207-12, at 2. (emphasis added)). Third, the order contains no independent examination as to the accuracy of the plaintiff's position quoted by Plaintiffs here. There is no citation to a single case supporting Plaintiffs' position or the ruling. The order simply states "[a]fter consideration, the Court concludes that evidence of other tires is admissible if the design and manufacture of those models is substantially similar to the model at issue." (ECF 207-12, at 2.) In so ruling, Judge Kovachevich recognized that the *Garcia* plaintiff was required to establish substantial similarity prior to the admission of evidence regarding tires other than the model at issue. Plaintiffs here must establish the investigation into tread separation of other Load Range E tires meets the substantial similarity standard. They have not done so.

---

[3] Goodyear addresses Plaintiffs' misunderstanding of *Yang v. Cooper Tire & Rubber Co.* in its separately and concurrently filed Reply in Support of its Motion in Limine Seeking Exclusion of Similar Accidents, Claims, or Lawsuits. In the interest of brevity and to avoid redundancy in multiple briefs, Goodyear incorporated by reference into the present reply the authority and argument contained there.

3

1839878

**CONCLUSION**

For the foregoing reasons, Goodyear respectfully requests that this Court enter an Order barring Plaintiffs from introducing evidence of, and from making any comment, reference, argument, or innuendo regarding tires other than the Subject Tire.

GREENSFELDER, HEMKER & GALE, P.C.

By:   /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 1,031 words.

/s/ Edward S. Bott, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 18th day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1117 Herkimer St.
Houston, TX 77008
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.

1839878