IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY,<br><br>    Defendant. | Case No. 8:18-cv-00127 |

**GOODYEAR'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE SEEKING EXCLUSION OF ALL REFERENCES TO ANY SORT OF "PRIVATE" RECALL OF TIRES OR OTHER EVIDENCE REGARDING AN <u>ALLEGED POST-SALE DUTY TO RECALL</u>**

The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, submits its Reply in Support of its Motion in Limine Seeking Exclusion of All References to a "Private" Recall or Alleged Post-Sale Duty to Recall:

### **INTRODUCTION**

Plaintiffs' opposition brief provides six pages of "factual" narrative that fail to address the basis for Goodyear's Motion in Limine. Not only is this narrative largely unsupported by the very documents which Plaintiffs cite, but it has no bearing on the well-settled factual and legal issues in Goodyear's Motion. Plaintiffs have not and cannot plead a negligent failure to recall claim. Plaintiffs have not and cannot dispute that the Tire at Issue was not subject to a recall. Plaintiffs have not and cannot dispute that the Tire at Issue was not subject to the Voluntary Replacement Program. Instead, they attempt to distort the issues and distract the Court by referring to the Voluntary Replacement Program as a "recall" or a "voluntary recall." These references are unsupported by the evidence, and, if Plaintiffs make similar references at trial, will only serve to

1

prejudice the jury. There are no facts in this case which would allow Plaintiffs to refer to a "recall," and any reference or argument regarding a recall should be prohibited.

## ARGUMENT

**I.     The Tire at Issue was not part of the Voluntary Replacement Program.**

As is explained more thoroughly in Goodyear's Motion in Limine Seeking Exclusion of Evidence Relating to NHTSA's Preliminary Evaluation and Goodyear's Resulting Voluntary Replacement Program, Goodyear sponsored a short-term, limited Voluntary Replacement Program ("Program") for Goodyear's size LT245/75R16 Load Range E tires installed on 15-passenger vans and on ambulances, based on NHTSA's concern and Consumer Advisory regarding the propensity of those vans to roll over in an accident. (*See* ECF No. 174 at 4.)  The Voluntary Replacement Program was for the LT245/75R16 tire because it was the original equipment tire on post-1992 Ford 15-passenger vans, the focus of NHTSA's advisory campaign. (*Id.* at 5.)  Pre-1992 model year Ford 15-passenger vans were equipped with LT235/85R16 tires as original equipment. (*Id.*) For owners of pre-1992 15-passenger vans, Goodyear provided free replacement of the specific tire.

The only LT235 tires that fell under the Program were those installed as original equipment on pre-1992 Ford 15-passenger vans. The Tire at Issue was manufactured in 1994, such that it was not original equipment on a pre-1992, Ford 15-passenger van. Plaintiffs have set forth no evidence to suggest the Tire at Issue was ever mounted on a 15-passenger van. Moreover, the Program indisputably grew out of NHTSA's consumer advisory about its concern for the increased rollover risk *of 15-passenger vans*, as the vans were more prone to roll over following a tread separation due to the vans' size and handling characteristics. (ECF No. 181-9 at 2; ECF No. 181-10 at 1.) The Program and the roll over risk it addressed are irrelevant to the Tire at Issue.

## II. The Voluntary Replacement Program was not a recall, and the Tire at Issue was not subject to a recall.

More importantly, the Voluntary Replacement Program was not a recall. Plaintiffs nevertheless repeatedly refer to this program as a "recall" throughout their brief. As Plaintiffs are well aware, in a recall, all products of a particular model or models are replaced or repaired. NHTSA declined to mandate a recall of any Load Range E tires, including the Subject Tire. (ECF No. 96 at 9.) Regardless of whether Plaintiffs can present evidence of the Voluntary Replacement Program at trial[1], there is no post-sale duty as a matter of law, and no duty arises as a result of a voluntary replacement. (ECF No. 173 at 4.) Plaintiffs ignore this law and cite to a single case to suggest Goodyear's voluntary replacement of tires other than the Subject Tire invoked the gratuitous undertaking doctrine. (ECF No. 210 at 8.) Plaintiffs' only case, *Brown v. Davis,* involved a negligence claim against a truck driver, and just as it does not apply here, the Eighth Circuit found the doctrine was inapplicable in *Brown.* No. 15-1009, 2016 WL 711294 (8th Cir. Feb. 23, 2016) ("This [i]s not however a 'gratuitous undertaking' case."). The doctrine is not applicable to product liability cases, as the Eighth Circuit has specifically stated a duty cannot arise from a voluntary undertaking to recall. *See Horstmyer v. Black & Decker, (U.S.), Inc.*, 151 F.3d 765, 773 (8th Cir. 1998) ("in light of the fact that there is no recognized duty to recall [], we hold such a duty cannot arise as a result of Black & Decker's voluntary undertaking to recall"). Tellingly, until Plaintiffs' Opposition, there has been no pleading alleging a negligent failure to recall or a duty arising from a gratuitous undertaking. These issues have not been presented to the Court, are not put at issue in the pleadings, and have no evidentiary or legal basis to be presented to the jury.

---

[1] This issue is the subject of another motion in limine. (*See* ECF No. 174.)

3

1840538

## CONCLUSION

For each of the foregoing reasons, Goodyear respectfully requests that the Court enter an Order precluding Plaintiffs from introducing evidence of, and from making any comment, reference, argument or innuendo regarding a recall or failure to recall the LT235/85R16 Goodyear Wrangler HT Tire.

                    GREENSFELDER, HEMKER & GALE, P.C.

                    By:    /s/ Edward S. Bott, Jr.
                    Edward S. Bott, Jr.
                    Clark W. Hedger
                    Juliane M. Rodriguez
                    10 South Broadway, Suite 2000
                    St. Louis, MO 63102
                    (314) 241-9090
                    Fax: (314) 345-5465
                    esb@greensfelder.com
                    ch1@greensfelder.com
                    jrodriguez@greensfelder.com

                    AND

                    BAIRD HOLM LLP
                    Jennifer D. Tricker (NE# 23022)
                    1700 Farnam Street, Suite 1500
                    Omaha, NE 68102-2068
                    (402) 344-0500
                    jtricker@bairdholm.com

                    *Attorneys for The Goodyear Tire & Rubber Company*

1840538

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 1,160 words.

                                                /s/ Edward S. Bott, Jr.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 21st day of February, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1117 Herkimer St.
Houston, TX 77008
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

                                                /s/ Edward S. Bott, Jr.

1840538