# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, Both individually and as Legal Guardian of Shane Allen Loveland; and JACOB SUMMERS<br>　　　　　Plaintiff(s),<br><br>　　v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY<br>　　　　　Defendant(s). | CASE NO. 8:18CV127 |

## PLAINTIFFS' PROPOSED JUDICIAL VOIR DIRE

1. Have you or anyone close to you had any training in or worked in any area involving insurance, insurance claims or other claims for personal injury?

2. Have you or anyone close to you had any training in or worked in any area involving tire design manufacture, testing, or sales? If any yes. Please briefly describe where the work or training occurred including employer and your duties.

3. Which of you work for, have ever worked for or have close friends or relatives that have ever worked for Goodyear Tire and Rubber Co.?

4. Are there any of you that supply goods or services to any company that designs, manufactures or sells tires?

5. Which of you feel there should be limits on the amount of damages in a civil lawsuit despite what the evidence may show or the instructions that will be given to you by the court?

6. Have you, any member of your family, or any close friends ever been employed by or connected with the legal profession as an attorney, judge, legal secretary, paralegal, court reporter, or court employee? If so, please describe the employment or connection, when the employment or connection occurred, and whether the employment or connection still exists.

7. This is a very serious case. Do you feel that there is any reason whatsoever that you could not be fair to both sides in this case?

8. Since I may not have asked the kind of question-perhaps about some past experience or certain beliefs that you hold-that would have raised a question in your mind, let me ask this. If you were seated at either one of these tables, would there be any reason why you would not want yourself as a juror in this case?  That is, at this time, would you feel comfortable being at either table or having someone like yourself as a juror?

9. This is a case in which we all feel great sympathy for the plaintiffs.  However, I (the judge) will instruct you that you are not to base your decision in this case on sympathy. Mrs. Susman does not want your sympathy.  Which of you would not be able to follow my instructions on sympathy?

10. Does anybody in the panel know anybody else on the jury panel?

11. Do you know of any information about yourself, your friends, your life expectations, your feelings, your opinions, or anything of that nature which you believe we should know in order to make a judgment as to whether you are a juror best suited to hear this case?  If any of you would like to discuss any such reasons, thoughts or feelings privately, we could request permission to do so in chambers out of the presence of other jurors.