**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **RYSTA LEONA SUSMAN, Both Individually and as Legal Guardian of Shane Allen Loveland; and JACOB SUMMERS,**<br><br>               **Plaintiffs,**<br><br>     **vs.**<br><br>**THE GOODYEAR TIRE & RUBBER COMPANY,**<br><br>               **Defendant.** | **8:18CV127**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Motions in Limine filed by Defendant Goodyear Tire & Rubber Co. (Goodyear), ECF No. 160, and by Plaintiffs Rysta Leona Susman, individually and as legal guardian of Shane Allen Loveland, and Jacob Summers, ECF Nos. 180 and 185. For the following reasons, the motions will be granted in part as follows.

## DISCUSSION

Goodyear presents twenty-six motions in limine listed in one document, ECF No. 160. Plaintiffs present eleven motions in limine, ten of which are listed in ECF No. 185 and one of which is listed in ECF No. 180. It is clear there was little to no consultation between the parties because, despite the overwhelming length of the briefs and evidentiary submissions,[1] the parties often fail to specify what evidence is contested and

---

[1] The motions have been argued in almost sixty briefs totaling over 400 pages and thousands of pages of exhibits.

express uncertainty as to whether the opposing party seeks to offer such evidence.  Each motion is addressed in turn below.

## I.    Goodyear's Motions in Limine

### A.  Evidence Regarding Any Private Recall or Post-Sale Duty to Recall

Goodyear moves to preclude at trial any evidence, comment, argument, reference, or innuendo regarding any private recall of tires, or any post-sale duty to recall, as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403.  Goodyear argues that this evidence is irrelevant because under Nebraska law there is no post-sale duty to recall and that to the extent it might be relevant, any probative value is substantially outweighed by the risk of undue prejudice.

Plaintiffs claim that this evidence is relevant because the model of tire at issue was subject to Goodyear's voluntary replacement program.  The National Highway Transportation Safety Administration (NHTSA) investigation and the voluntary replacement program are not the subjects of this motion.[2]  Goodyear's narrow request in this motion is to preclude Plaintiffs from arguing that Goodyear had a post-sale duty to recall.  Plaintiffs have agreed not to offer similar evidence.  *See* Pls.' Br., ECF No. 231 at Page ID 4627 ("Mr. Southwell will not allege there was a post-sale duty to recall, nor suggest that Goodyear should have recalled the tire.").  Plaintiffs do not object to the subject matter of this motion and it will be granted as to references to a post-sale duty to recall.

### B.  Evidence of Other Similar Incidents

---

[2]  *See infra* discussion of Goodyear's Motion 17, National Highway Transportation Safety Administration and Voluntary Replacement Program.

Goodyear moves to preclude at trial any evidence, comment, argument, reference, or innuendo regarding other similar incidents, claims, or lawsuits as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403 unless and until Plaintiffs lay a foundation for the admissibility of this evidence by demonstrating the substantial similarity between these categories of evidence and the evidence at issue in this case.

"Evidence of prior accidents is admissible only if the proponent of the evidence shows that the accidents occurred under circumstances substantially similar to those at issue in the case at bar." *Adams v. Toyota Motor Corp.*, 867 F.3d 903, 911 (8th Cir. 2017) (quoting *Hale v. Firestone Tire & Rubber Co.*, 756 F.2d 1322, 1332 (8th Cir. 1985)). Although they must be substantially similar, other incidents need not "occur in precisely the same manner in order to qualify as being substantially similar." *Id.* (quoting *Joy v. Bell Helicopter Textron, Inc.*, 999 F.2d 549, 554 (D.C. Cir. 1993)).

There are no "hard and fast rules as to what degree of similarity there must be to make the evidence admissible." *Id.* (quoting *Henwood v. Chaney*, 156 F.2d 392, 397 (8th Cir. 1946)). However, several cases serve as examples of what is and is not permissible.

In *Hale*, the district court allowed the plaintiffs to introduce evidence of incidents involving the same type of rim at issue without any restriction as to the circumstances or dates of the incidents. *Hale*, 756 F.2d at 1332. The *Hale* plaintiffs introduced a list of 210 incidents they claimed to be similar to the one at issue—the only similarity being that the rim was the same design and suffered an explosive separation. *Id.* The Eighth Circuit held that it was an "insufficient showing of similarity" where "the only similar circumstance indicated in the record [wa]s the explosive separation of the wheel rim." *Id.*

In *Ahlberg v. Chrysler Corp.*, 481 F.3d 630 (8th Cir. 2007), the plaintiffs attempted to introduce "evidence of previous lawsuits and consumer complaints concerning accidents involving Chrysler vehicles that lacked [brake-shift interlock] devices." *Id.* at 637. The trial judge excluded evidence of other incidents unless the incident involved: "(1) a Jeep or Dodge truck with an automatic transmission manufactured between 1990 and 1999, (2) with a key left in the ignition, and (3) a child under age four." *Id.* The plaintiffs argued on appeal that this standard was too strict. The Eighth Circuit affirmed, finding that it had previously upheld stricter standards. *Id.* (citing *Lovett v. Union Pac. R.R.*, 201 F.3d 1074 (8th Cir. 2000) ("The district court required that evidence of other accidents (1) involve a 1985 [Jeep] Cherokee, (2) in a collision with a locomotive, (3) at a railroad crossing, (4) resulting in the Cherokee rolling over, (5) in a similar topographical area, (6) at similar speeds . . . ."); *Lewy v. Remington Arms Co.*, 836 F.2d 1104 (8th Cir. 1988) (reversing the admission of prior accidents involving a different model of rifle than the model at issue)).

Relevance and similarity are not the only considerations. The Court must also be keenly aware of "the potential dangers of admitting such evidence" such as its tendency to "obscure from the liability case of the plaintiffs, or overcome the jury's focus . . . ." *Adams*, 867 F.3d at 914 (internal quotations omitted). Admission of an overly broad range of evidence, even if relevant, could mislead and distract the jury.

The motion will be granted as follows. Plaintiffs may introduce evidence of incidents that are substantially similar to the incident at issue. Evidence that is substantially similar, for purposes of this trial, is that which: (1) involved an LT235/85R16 Goodyear Wrangler HT tire manufactured between 1992 and 1998; (2) that experienced

a partial or complete tread separation; (3) on a vehicle that was traveling between 70 and 80 miles per hour.  All other evidence of similar incidents will be excluded.

### C.  Evidence of Other Tires

Goodyear moves to preclude at trial any evidence, comment, argument, reference, or innuendo regarding other tires, other Goodyear tire models, and other tire failures as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403.  Plaintiffs argue that such evidence is relevant to show that this alleged design defect existed throughout a class of tires and that Goodyear was aware of the defect when the tire at issue in this case was manufactured.  The relevance and admissibility of this evidence is unclear at this time, and this motion is denied without prejudice to reassertion at trial.

### D.  Southwell Attire and Juror Interactions

Goodyear moves to preclude Plaintiffs' expert David Southwell from wearing a lab coat at trial, handing out flashlights to the jurors at trial, and other improper interactions with the jury under Federal Rule of Evidence 611(1) and NEGenR 1.6(i).

Plaintiffs agree that if it is necessary for any reason for a witness to approach the jury, Plaintiffs will address the matter with the Court outside the presence of the jury.  The Court will not preclude witnesses, in limine, from wearing particular attire.  This motion will be denied in part, as moot, with regard to witness contact with the jury, and will be denied as to Southwell's attire.

### E.  Evidence of the Protective Order and Confidentiality

Goodyear moves to preclude at trial any evidence, comment, argument, reference, or innuendo regarding the Protective Order entered in this case, ECF No. 66, as irrelevant

under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403. Further, Goodyear moves to redact the "confidential" designation from any evidence that may be shown to the jury.

Plaintiffs argue the designation of confidentiality is relevant with respect to the reasonable expectation of a consumer using the tire based on the information available to the public at the time. Yet the designation of confidentiality for purposes of discovery does not necessarily show what was available to the public at the time of the incident, and Plaintiffs' relevance argument is unpersuasive.

Plaintiffs also argue that it would be unduly burdensome to redact this designation from thousands of pages of evidence that were marked confidential by Goodyear in discovery. The Court agrees. Therefore, Goodyear's motion will be granted in part. Plaintiffs will be precluded from making reference to the Protective Order or to Goodyear's designation of evidence as confidential, but Plaintiffs will not be required to redact the evidence produced by Goodyear to remove such references.

*F. Discovery in Other Litigation*

Goodyear moves to preclude at trial any evidence, comment, argument, reference, or innuendo regarding discovery in other litigation, unless otherwise stipulated by the parties, as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403. Plaintiffs have indicated that they do not intend to offer any discovery materials or depositions from other litigation that has not been specifically disclosed in this case. If Plaintiffs intend to do so, they will approach the bench. It also appears that the parties have reached an agreement regarding the use of certain depositions taken in

prior cases and will redact the case names from these transcripts. Therefore, this motion will be denied as moot.

### G. Gadsden, Alabama, Plant Practices

Goodyear moves to preclude at trial any evidence, comment, argument, reference, or innuendo regarding plant practices at Goodyear's Gadsden, Alabama, facility in the event Plaintiffs characterize their belt-alignment-defect theory as a design defect or manufacturing defect. Goodyear contends such evidence and argument is irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403.

Plaintiffs have agreed not to offer any evidence or make any comment regarding immaterial and irrelevant plant practices at the Gadsden facility and that all such testimony will be relevant to the opinions of Plaintiffs' expert. Plaintiffs have further indicated that should they wish to inquire about plant practices beyond the scope of their expert's opinions, they will approach the bench. Therefore, this motion is denied as moot.

### H. Southwell Testimony on Truthfulness of Witnesses and Parties

Goodyear moves to preclude Plaintiffs' expert, David Southwell, from opining or commenting on the truthfulness of witnesses and parties as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403. Goodyear further argues in its brief that any testimony by Southwell suggesting that Goodyear lied to or misled NHTSA is beyond the pleadings, runs afoul of Federal Rules of Evidence 401, 402, 403, and 702, and invades the province of the jury to determine truthfulness and credibility of witnesses and parties.

Goodyear does not contest that Plaintiffs may, through their expert, introduce evidence and argue disputed facts. This motion seeks only to preclude Southwell from

testifying as to the subjective intent of Goodyear and its witnesses. "It is well settled that expert witnesses cannot draw legal conclusions or opine on the Parties' state of mind." *Lipp v. Ginger C, L.L.C.*, No. 2:15-cv-04257-NKL, 2017 WL 277613, at *4 (W.D. Mo. Jan. 19, 2017). Therefore, the motion will be grant, precluding Southwell from testifying in the presence of the jury as to Goodyear's state of mind regarding whether Goodyear intentionally lied to or misled NHTSA.

### I. Adjustment Data

Goodyear moves to preclude at trial any evidence, comment, argument, reference, or innuendo regarding adjustment data as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403.

"Adjustments" are credits toward the price of a new tire that a dealership or Goodyear provides to a customer in response to a complaint about a tire the customer purchased. Such information is categorized generally, and an adjustment categorized as "CA" or "crown area" could include a tread throw, partial tread separation, or other issue with the crown area of the tire. Goodyear states that adjustments are made to promote customer satisfaction and may be unrelated to actual defects and, therefore, this evidence is irrelevant and unduly prejudicial.

Plaintiffs argue this information is a reliable indicator of tire performance. According to Plaintiffs, Goodyear's former chief engineer, Beale Robinson, testified "[t]hey probably are one of the better sources of information as far as how the product is performing in the field that we would have." Pls.' Br., ECF No. 199 at Page ID 3650.[3]

---

[3] Plaintiffs cite to Exhibit 5 of their Evidentiary Index filed in support of this brief, but the transcript cited does not contain this quote.

Plaintiffs also argue that according to Goodyear's internal documents, "[d]amage [c]laims strongly follow adjustments for ALL RLT Tires in Gadsden." *Id.* (quoting Ex. 7, ECF No. 200-7 at Page ID 3685).  More specifically, the document reflects that "[a]s expected, damage claims follow crown area adjustments very closely." *Id.* (quoting Ex. 7, ECF No. 200-7 at Page ID 3685).

The relevance and admissibility of this evidence is not yet clear. Therefore, the motion will be denied without prejudice to reassertion at trial.

### *J.  Bridgestone/Firestone Recalls*

Goodyear moves to preclude at trial any evidence, comment, argument, reference, or innuendo regarding Bridgestone/Firestone recalls and incidents as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403.  In 2000-2001, there was a public controversy and recall surrounding Bridgestone/Firestone tires and Ford Explorers on which they were mounted.

Plaintiffs offer six purposes for which they intend to offer this evidence:

- Goodyear contends in this case that its tire complied with Federal standards, therefore, it was not defective. However, the Bridgestone/Firestone tires which were recalled also complied with applicable Federal standards.

- Goodyear contends in this case that tread separations do not cause accidents. A determination was made in conjunction with the Firestone investigation that tread separations do cause accidents.

- Goodyear contends in this case that because NHTSA did not order a recall of the tires in this case, the tire was not defective. A determination of defect was made in the Firestone situation, yet the government did not order a recall of those tires either.

- Goodyear contends in this case that nylon cap plies do not prevent separations. Firestone added a nylon cap ply to prevent separations in its tires.

- The tread separation failure rates for the Goodyear tire in this case is dramatically higher than the failure rate for the Firestone tires that were recalled.

- Most potential jurors will likely have heard of the Firestone problem and this issue will probably arise during jury selection.

Pls.' Br., ECF No. 218 at Page ID 4565–66. It is unclear whether the probative value, if any, of this evidence for any of these purposes is substantially outweighed by the risk of unfair prejudice. Therefore, this motion is denied without prejudice to reassertion at trial.

### K. Bifurcation of Liability and Punitive Damages

Goodyear moves to bifurcate the trial into liability and punitive damages phases and to prohibit Plaintiffs from offering punitive damages evidence during the liability phase of the trial pursuant to Ohio Revised Code section 2315.21. Section 2315.21 creates a mandatory bifurcation scheme in tort actions, whereby the first phase of trial is limited to the presentation of evidence and determination by the jury of liability and compensatory damages, and, if there is an affirmative finding in the first phase, the second phase includes the determination of punitive and exemplary damages.

In *EEOC v. HBE Corp.*, 135 F.3d 543 (8th Cir. 1998), the Eighth Circuit determined that Federal Rule of Civil Procedure 42(b) governs decisions of bifurcation over conflicting state law. *Id.* at 543 (finding Fed. R. Civ. P. 42(b) controls over a Missouri law requiring bifurcation) (citing Fed. R. Civ. P. 1; *Hanna v. Plumer*, 380 U.S 460, 473–64 (1965)). Under Rule 42(b), a district court may, in its discretion, "order a separate trial of one or more separate issues . . . [f]or convenience, to avoid prejudice, or to expedite and economize . . . ." Fed. R. Civ. P. 42(b). In deciding whether to bifurcate issues for purposes of trial under Rule 42(b), "district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results, and

10

possibilities for confusion." *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201–02 (8th Cir. 1990) (citing Fed. R. Civ. P. 42(b); *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1042 (8th Cir. 1983)).

The primary factor to consider is risk of prejudice. *See Kuiper v. Givaudan, Inc.*, 602 F. Supp. 2d 1036, 1055 (N.D. Iowa 2009) ("[T]he key issue is whether bifurcation is necessary to avoid prejudice." (citing *Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir. 2000))). To determine whether there is a risk of prejudice, courts must first "evaluate the parties' claims and defenses." *Bliss v. BNSF Ry. Co.*, No. 4:12CV3019, 2013 WL 5570231, at *16 (D. Neb. Oct. 9, 2013) (citing *Koch*, 704 F.2d at 1042). In *Bliss*, the court found it appropriate to bifurcate trial of punitive damages because most of the evidence of the case was focused on a claim that did not permit punitive damages. *Id.* To find otherwise would have "open[ed] the door to areas of evidence and argument that [we]re not relevant to the claim that w[ould] predominate the trial time." *Id.* Goodyear does not argue that any of Plaintiffs' claims are limited to recovery of only compensable damages.

In a defective-design claim, on the other hand, much of the same evidence that would be used to prove punitive damages is used to prove liability. *Estate of Thompson v. Kawasaki Heavy Indus., Ltd.*, 933 F. Supp. 2d 1111, 1137–38 (N.D. Iowa 2013). "Because a defective design claim requires consideration of whether or not the risks of the product 'could have been reduced or avoided by the adoption of a reasonable alternative design,' it follows that [the defendant's] decision-making process . . . is relevant to the 'design defect' claim." *Id.* (citing Restatement (Third) of Torts: Products Liab. § 2(b)). Therefore, much of the same evidence is used to prove both liability and punitive damages in such a claim.

The only evidence identified that is arguably admissible solely for the issue of punitive damages is evidence of Goodyear's financial resources. Any risk of this evidence being used impermissibly, however, can be mitigated by instructing the jury that evidence of Goodyear's wealth is only to be considered if and when the jury reaches the issue of punitive damages. *See Hitzeman v. FWT, LLC*, No. 3:16 CV 736, 2017 WL 10901029, at *1 (determining that although evidence of financial resources is irrelevant to liability, the risk of prejudice is solved by a jury instruction and does not require bifurcation). The presentation of this evidence does not warrant a separate trial on punitive damages.

Goodyear also claims that it would be too difficult to instruct the jury on separate standards of proof. However, "[j]uries regularly decide issues under different burdens of proof," *Hitzeman*, 2017 WL 10901029, at *1, and with proper instruction, the jury in this case will be able to do the same.

Finally, Goodyear argues that interests of judicial economy warrant trying the issues separately. If the jury finds that Goodyear has no liability, the punitive damages phase of the trial will not be held. However, as noted, only one possible piece of evidence has been identified that would be introduced during that phase. The possible time saved by not presenting this evidence does not merit the likely net increased time spent on a second round of argument and instruction and second jury deliberation.

Therefore, the Rule 42(b) factors weigh in favor of trying the issue of punitive damages with the rest of the case. This motion will be denied.

### L. *Self-Critical Analysis Privilege*

Goodyear moves to preclude at trial any evidence, comment, argument, reference, or innuendo regarding Goodyear's investigation into "tread throws" involving Goodyear

Load Range E Light Truck Tires because this information is protected by the self-critical analysis privilege.

Under Federal Rule of Evidence 501, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Goodyear argues that Ohio law governs the issue of privilege in this case, and that under Ohio law, this Court should apply the "self-critical analysis" privilege considered in *State ex rel. Celebrezze v. CECOS Int'l, Inc.*, 583 N.E.2d 1118 (Ohio Ct. App. 1990). Assuming, without deciding, Ohio law applies to the issue of privileges, such a privilege has yet to be recognized by Ohio courts. *Id.* at 266 n.3 ("[W]e note that Ohio courts have apparently not adopted the idea of a self-evaluative privilege."); *see also Geggie v. Cooper Tire & Rubber Co.*, No. 5-05-01, 2005 WL 2179430, at *6 (Ohio Ct. App. Sept. 12, 2005) ("[T]he self-evaluating privilege has yet to be recognized in Ohio."). This Court will not recognize a privilege that has yet to be recognized by Ohio courts, and this motion will be denied.

### M. Post-Manufacture Design Changes

Goodyear moves to preclude at trial any evidence, comment, argument, reference, or innuendo regarding post-manufacture design changes to the Subject Tire as irrelevant under Rule 402, as unduly prejudicial, misleading, and confusing under Rule 403, and as a subsequent remedial measure under Rule 407. Goodyear modified the design of the LT235/85R16 Goodyear Wrangler HT tire after the tire at issue in this case was manufactured, but before the tread separation involving Loveland and Summers.

The evidence cannot be excluded under the current iteration of the rule. In 1997 the advisory committee amended Rule 407 for the explicit purpose of "clarify[ing] that the rule applies only to changes made after the occurrence that produced the damages giving

rise to the action." Fed. R. Evid. 407 advisory committee's note to 1997 amendment. The committee also states that "evidence of measures taken by the defendant prior to the event causing injury or harm do not fall within the exclusionary scope of Rule 407 *even if they occurred after the manufacture or design of the product*." *Id.* (emphasis added) (citing *Chase v. Gen. Motors Corp.*, 856 F.2d 17, 21–22 (4th Cir. 1988)). Therefore, the evidence is not excluded under Rule 407. The relevance and admissibility of the evidence under Rules 402 and 403 are not yet clear. Therefore, the motion will be denied as it relates to Rule 407, and denied without prejudice to reassertion at trial regarding Rules 402 and 403.

### N. Rehabilitative Treatment

Goodyear moves to preclude at trial any evidence, comment, argument, reference, or innuendo regarding opinions from Plaintiffs' rehabilitation expert, Craig Lichtblau, MD, relating to medical treatment Loveland likely will not need in the future as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403.

Dr. Lichtblau, in his report, lists several potential treatments for complications Loveland may experience in the future. Ex. F, ECF No. 181-6. Dr. Lichtblau did not include the costs for these treatments in his final estimate for future medical care. He also testified in his deposition that he "can't say it's more probable than not that [Loveland is] going to have" the complications he identified, nor that they are "going to reduce his life expectancy anymore." Ex. I, ECF No. 250-9 at Page ID 5068. Dr. Lichtblau did testify, however, that these complications would make Loveland's life "miserable." *Id.* Plaintiffs

argue that this evidence will not be introduced to show the cost of future medical treatment, but to show Loveland's pain and suffering.[4]

The Eighth Circuit permitted a similar use of evidence in *Trapp v. 4-10 Inv. Corp.*, 424 F.2d 1261 (8th Cir. 1970). In *Trapp*, the district court permitted the expert physician to testify that there was a ten percent chance that a certain medical treatment would be necessary. The Eighth Circuit stated:

> A physician may testify as to the probability, even though it be slight, as to the future risk of injury or surgery based upon the present disability involved. Such risk is a medical fact and may be relevant if for no other purpose than to establish a basis for compensable anxiety of an injured party.

*Id.* at 1267–68 (citing *Baylor v. Tyrrell*, 131 N.W.2d 393 (Neb. 1964); *Teegarden v. Dahl*, 138 N.W.2d 668 (N.D. 1965)). The *Trapp* court, however, found that it was error for the district court to permit the plaintiff to use this evidence to prove the expenses and resulting total disability from that treatment, because it "was not proven as a matter of reasonable certainty or probability that [the treatment] would occur . . . ." *Id.* at 1268.

Goodyear's motion will be denied in part as moot, because Plaintiffs do not intend to offer Dr. Lichtblau's testimony to prove future medical costs. The motion otherwise will be denied.

### O.  Limiting Plaintiffs' Expert Testimony to Reports

Goodyear moves to limit Plaintiffs' expert witnesses' opinions and testimony to those subjects and opinions disclosed in their expert reports and deposition testimony pursuant to Federal Rules of Civil Procedure 26(a) and 37(a). Plaintiffs have agreed that

---

[4] Plaintiffs also argue that this evidence is admissible to prove a reduction in Loveland's life expectancy. However, Dr. Lichtblau specifically stated to the contrary. Ex. I, ECF No. 250-9 at Page ID 5068.

any witnesses seeking to offer expert testimony should be limited to subject matters which were disclosed in either their Rule 26 report or their deposition. Therefore, this motion will be denied as moot.

### P. Limiting Southwell's Testimony to Report

Goodyear moves to preclude Plaintiffs' expert, David Southwell, from offering opinions at trial first disclosed during his deposition, but not included in his expert report, pursuant to Federal Rules of Civil Procedure 26(a) and 37(a) and as irrelevant under Federal Rule of Evidence 402. Plaintiffs have agreed that Southwell will not testify that Goodyear had a duty to recall the tire. Any testimony by Southwell regarding post-sale information and conduct will be offered by Plaintiffs only to show the tire was defective at the time of its design. Therefore, this motion will be denied as moot.

### Q. NHTSA Evaluation and Voluntary Replacement Program

Goodyear moves to preclude at trial any evidence, comment, argument, reference, or innuendo regarding NHTSA's preliminary evaluation of Goodyear's Load Range E tires and Goodyear's Voluntary Replacement Program as irrelevant under Federal Rule of Evidence 402 and unduly prejudicial, misleading, and confusing under Federal Rule of Evidence 403.

Under the Motor Vehicle Safety Act (Safety Act), 49 U.S.C. § 30101 *et seq.*, and the regulations promulgated thereunder, 49 C.F.R. pt. 554, NHTSA has the authority to investigate and enforce compliance with the Safety Act and any defects in violation thereof. On November 21, 2000, NHTSA began a preliminary evaluation regarding Goodyear's Load Range E tires. NHTSA ended its investigation in March of 2002. It did not mandate that Goodyear recall any of its tires, and declined to state that any model did

or did not have defects. NHTSA did recommend that Goodyear voluntarily replace LT245/75R16 Load Range E tires on fifteen-passenger vans manufactured on or after 1992, and LT235/85R16 Load Range E tires installed on fifteen-passenger vans manufactured before 1992. Goodyear contends that NHTSA based this recommendation on a concern for increased rollover risk—not due to any defect in the tires.

Plaintiffs argue this information is relevant and admissible because Goodyear argued it was relevant during a discovery dispute. The standards of "discoverability and admissibility, of course, are entirely separate issues, with the former far broader than the latter." *Damgaard v. Avera Health*, 108 F. Supp. 3d 689, 699 (D. Minn. 2015). Goodyear opposed the motion to compel discovery of its claims files, stating that Plaintiffs did not need the claims files because any potentially relevant information contained in those files could be found in NHTSA's investigation files that had already been disclosed. This is not an admission of relevance or admissibility by which Goodyear or the Court must be bound for purposes of trial.

Goodyear argues that this evidence is irrelevant because the tire at issue in this case was not subject to the replacement program. The only tires of the same model that were involved in the replacement program were LT235/85R16 Load Range E tires that were installed on fifteen-passenger vans manufactured before 1992. The tire at issue here was manufactured in 1994.

In *Manieri v. Volkswagenwerk A.G.*, 376 A.2d 1317 (N.J. Super. Ct. App. Div. 1977), the court determined that "if a defect contributing to or causing the accident is the defect that is the subject of the recall letter, then the letter would be some evidence that the defect existed at the time the product left the manufacturer." *Id.* at 1323; *see also*

*Barry v. Manglass*, 389 N.Y.S.2d 870, 876 (N.Y. App. Div. 1976) (finding that the relevancy of the recall letters outweighed possible prejudice because they were relevant to establish that the defect existed at the time the vehicle left the hands of the manufacturer); *Fields v. Volkswagen of America, Inc.*, 555 P.2d 48, 58 (Okla. 1976) ("[I]f a defect contributing to or causing the accident is the defect that is the subject of the recall letter, then the letter would be some evidence that the defect existed at the time the product left the manufacturer."). The voluntary replacement program replaced tires that did not have a nylon cap. This is the design defect asserted by Plaintiffs. Therefore, this evidence has some relevance.

The Court next must consider whether the probative value of this evidence is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Relevancy for purposes of Rule 401 is not the same as probative value for purposes of Rule 403. *See Old Chief v. United States*, 519 U.S. 172, 183 (1997). In *Old Chief*, the Court stated that "what counts as the Rule 403 'probative value' of an item of evidence, as distinct from its Rule 401 'relevance,' may be calculated by comparing evidentiary alternatives." *Id.* In *Old Chief*, the defendant's proffered stipulation was conclusive evidence of one of the elements of the case against him and did not carry the same dangers of unfair prejudice as the government's proffered evidence.

Here, although the evidence is relevant, Goodyear intends to stipulate that the tire at issue did not have a nylon cap when it was manufactured and left Goodyear's possession. Evidence of NHTSA's investigation and the voluntary replacement program could prejudice Goodyear by allowing the jury to draw inferences about an investigation that reached no conclusion regarding whether the tire was defective. Further, it would be

misleading to the jury to introduce evidence that Goodyear was subject to investigation by a federal agency when the evidence is being offered only for the purpose of showing that the tire lacked a nylon cap when it was manufactured. For these reasons, this motion will be granted.

### R. Day in the Life Video

Goodyear moves to preclude Plaintiffs from introducing the "Day in the Life" video of Shane Loveland as irrelevant under Rule 402, inadmissible hearsay under Rule 802, and as unduly prejudicial, misleading, and confusing under Rule 403. Plaintiffs have agreed to remove the audio from the video to address any hearsay issues.

Plaintiffs have not made clear what parts of the video they intend to show, and after review, it appears that some portions of the video may be admissible with the audio removed. This motion will be denied without prejudice to reassertion at trial.

### S. Trade Secrets

Goodyear asks the Court to exercise its supervisory power to keep any trade secrets and other commercially sensitive information and documents introduced at trial under seal, to close the courtroom when trade-secret material or other commercially sensitive information is discussed or published to the jury, and to restrict non-parties from access to trade-secret or commercially sensitive documents during and after trial. Specifically, Goodyear asks the Court to keep trade secrets and commercially sensitive information introduced at trial under seal, to close the courtroom when trade-secret material or other commercially sensitive information is discussed or published to the jury, and to restrict non-parties from access to trade secret or commercially sensitive documents during and after trial.

In *In re Iowa Freedom of Information Council*, 724 F.2d 658 (8th Cir. 1983), the Eighth Circuit declined to "announc[e] a rule that the presence of trade secrets will in every case and at all events justify the closure of a hearing." *Id.* at 664. Goodyear seeks this protection for all documents marked confidential. The documents marked confidential are those which Goodyear "in good faith reasonably believes" to "contain[] non-public . . . confidential information, including trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information . . . ." Order, ECF No. 66 at Page ID 725–26. The motion does not specifically direct the Court to which potential exhibits Goodyear wishes to protect. Nor does it indicate when the evidence may be discussed. The Court will not clear the courtroom intermittently throughout the course of the trial. This motion will be denied without prejudice to reassertion at trial, at which point Goodyear may move and argue for such protective measures it believes the evidence in question should be afforded.

### T. Goodyear's Wealth and Corporate Status

Goodyear moves to preclude at trial any evidence, comment, argument, reference, or innuendo regarding its corporate status, wealth, or power as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403. This information is relevant to the issue of punitive damages. *See Hitzeman*, 2017 WL 10901029, at *1 ("[E]vidence of FWT's wealth is relevant only to the issue of punitive damages."). The Court finds that a jury instruction on this topic limiting the jury's consideration of this evidence to its consideration, if any, on punitive damages, will protect Goodyear from undue prejudice. This motion will be denied.

### U. The Best Attorneys or Experts

Goodyear moves to preclude at trial any comment, argument, reference, or innuendo that it has hired the best attorneys or experts who make a career out of coming to court to testify as unduly prejudicial, misleading, and confusing under Rule 403.

Plaintiffs stipulate not to make any comment, argument, reference, or innuendo that Goodyear has hired the best attorneys. The Court does not see a risk of prejudice to Goodyear if Plaintiffs argue that Goodyear has the best experts. Should this issue arise at trial, the parties may pose objections. This motion will be denied without prejudice to reassertion at trial.

### V.  Contrasting Wealth and Power of the Parties

Goodyear moves to preclude at trial any comment, argument, reference, or innuendo contrasting the wealth and power of the parties as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403. The disparity in wealth and power will be obvious to the jury to some extent. Any such argument made directly on this point during trial is subject to objection and will be resolved at that time. This motion is denied without prejudice to reassertion at trial.

### W.  Goodyear is Motivated by Greed

Goodyear moves to preclude at trial any comment, argument, reference, or innuendo that Goodyear is motivated by greed as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403. Without knowing the extent or form of the arguments Plaintiffs will make, the admissibility of such evidence is unclear. This motion is denied without prejudice to reassertion at trial.

### X.  Jury Should Send a Message

Goodyear moves to preclude at trial any comment, argument, reference, or innuendo that the jury should send a message through its verdict or that the verdict will make Goodyear take notice or do the right thing as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403. As Goodyear's brief states, "asking the jury to send a message generally is inappropriate when punitive damages aren't at issue." Def.'s Br., ECF No. 241 at Page ID 4943 (citing *Cazares v. Frugoli*, No. 13 CV 5626, 2017 WL 4150719, at *5 (N.D. Ill. Sept. 19, 2017)). Punitive damages are at issue here, and the motion will be denied.

### Y. Collusion to Distort the Truth

Goodyear moves to preclude at trial any comment, argument, reference, or innuendo regarding any collusion to distort the truth on the part of Goodyear and its witnesses as irrelevant under Rule 402 and as unduly prejudicial, misleading, and confusing under Rule 403. Goodyear does not brief or argue this issue. This motion is denied subject to reassertion at trial.

### Z. Jury's Self-Interest

Goodyear moves to preclude at trial any comment, argument, reference, or innuendo invoking the jury's self-interest or what the verdict would mean to the jury personally as irrelevant under Rule 402 and as unduly prejudicial, misleading and confusing under Rule 403. "Although wide latitude is accorded counsel in argument, care must be taken to avoid any appeal to the self-interest or prejudice of the jury." *Brinlee v. United States*, 496 F.2d 351, 355 (8th Cir. 1974). This motion will be granted.

## II.  Plaintiffs' Motions in Limine

### A. Scene Photos Suggesting Seatbelt Nonuse

Plaintiffs move to exclude any photographs of the scene of the incident which show the occupants on the ground near the vehicle, suggesting ejection and seatbelt nonuse. Defendants do not oppose this motion and it will be granted.

B. *Criminal History of Shane Loveland and Jacob Summers*

Plaintiffs move to preclude reference at trial to any criminal history or record of prior conviction of Shane Loveland and Jacob Summers. Defendants do not oppose this motion and it will be granted.

C. *Warranty of the Tire*

Plaintiffs move to exclude any argument or reference to Goodyear's warranty for the tire as irrelevant under Rule 402 and because of risk of undue prejudice and risk of misleading the jury under Rule 403. Because Plaintiffs are not alleging any breach of warranty claims, they argue references to the warranty period will only confuse the jury. Specifically, they argue that a juror may believe that a tire is not defective if a tread separation occurs beyond the warranty period.

Goodyear claims that this evidence may be necessary to rebut evidence Plaintiffs intend to offer. The relevance and admissibility of this evidence is unclear at this time, and this motion will be denied without prejudice to reassertion at trial.

D. *Comments About the Age of the Tire*

Plaintiffs seek to exclude any argument or reference suggesting it is improper to use a twenty-year-old tire, or any suggestions that the tire failed due to its age. In support, Plaintiffs cite to Goodyear's expert, Joseph Grant, who testified that Goodyear's position is "it's not the chronological age of the tire that's important, it's what's the overall condition of that particular tire." Ex. 2, ECF No. 187-2 at Page ID 3441. When Grant was asked if

it was true that "age had nothing to do with this separation[,]" Grant answered, "No, it didn't." *Id.* at Page ID 3442.

Goodyear argues that Plaintiffs misstate Grant's testimony. Grant stated in his report that the "performance and durability of any steel belted radial tire is dependent on the service conditions that the tire is exposed to in its use or application throughout the life of the tire." Ex. A, ECF No. 198-1 at Page ID 3626. Goodyear argues that it is not possible to fully describe the service conditions of the tire without mentioning how long it has been in service.

Goodyear also argues that under Nebraska law, the year the tire was manufactured is relevant for purposes of the "state-of-the-art defense." Under Nebraska law:

> In any product liability action based upon negligent or defective design, testing, or labeling, proof establishing that such design, testing, or labeling, was in conformity with the generally recognized and prevailing state of the art in the industry at the time the specific product was first sold to any person not engaged in the business of selling such product shall be a defense. State of the art as used in this section shall be defined as the best technology reasonably available at the time.

Neb. Rev. Stat. § 25-21,182. The timeframe relevant to this defense is not when the tire was manufactured, but when it was "first sold to any person not engaged in the business of selling" tires. *Id.* To the extent, if any, this motion seeks to exclude Goodyear from making any references to the year the tire at issue was first sold to any person not engaged in the business of selling tires, it is denied. To the extent the age of the tire may be relevant or admissible for any other reason, this motion is denied without prejudice to reassertion at trial.

### E. Federal Motor Vehicle Safety Standards

Plaintiffs seek to preclude Goodyear from referencing any alleged compliance with the Federal Motor Vehicle Safety Standards (FMVSS), 49 C.F.R. pt. 571. or making any inference that the federal government certified the safety of the tire.

Under federal law, "[c]ompliance with a motor vehicle safety standard . . . does not exempt a person from liability at common law." 49 U.S.C. § 30103(e). This clause, however, is a savings clause, included in the statute in order to prevent the statute from preempting "state common law claims that seek to impose tort liability on those who have complied with a Safety Act standard." *Harris v. Great Dane Trailers, Inc.*, 234 F.3d 398, 400 (8th Cir. 2000); *see also Cone v. Hankook Tire Co.*, No. 14-1122-STA-egb, 2017 WL 2371237, at *1 (W.D. Tenn. May 31, 2017) ("Plaintiffs' reliance on the saving clause is misplaced. Nothing in the plain language of the statute or in the case law construing it suggests, as Plaintiffs argue, that the Act precludes a party from introducing evidence of its product complying with federal safety standards. The Act merely saves tort claims that may arise under the common law of the states even where the manufacturer has complied with federal safety standards.").

Goodyear further argues that this evidence is admissible because, under Ohio law:

> If a claimant alleges in a product liability claim that a product other than a drug or [medical] device cause harm to the claimant, the manufacturer or supplier of the product shall not be liable for punitive or exemplary damages in connection with the claim if the manufacturer or supplier fully complied with all applicable government safety and performance standards, whether or not designated as such by the government . . . .

Ohio Rev. Code 2307.80(D)(1). This is an affirmative defense, however, which must be pleaded. *See Burdine v. Stryker Corp.*, 766 F. Supp. 2d 837, 838 (N.D. Ohio 2011) (finding a parallel statute with the same exception for drugs and medical devices is an affirmative defense that "[t]he defendant has the burden of pleading and proving . . . .").

Goodyear cannot assert an affirmative defense at the trial stage for the first time. *Clark v. Martinez*, 295 F.3d 809, 815 (8th Cir. 2002) ("A party generally waives an affirmative defense if it fails to assert the defense in its responsive pleadings. Further, a party may be banned from advancing theories that are not identified in the pretrial order.") (citing Fed. R. Civ. P. 8(c), 16(e); *Papio Keno Club, Inc. v. City of Papillion*, 262 F.3d 725, 729 (8th Cir. 2001); *Myers v. John Deere Ltd.*, 683 F.2d 270, 273 (8th Cir. 1982)) (internal quotations omitted). This affirmative defense was not pled and is not mentioned in the Pretrial Order, ECF No. 238. Therefore, Goodyear may not assert it. The relevancy and admissibility of this evidence for any other purpose, however, is unclear at this time and this motion will be denied without prejudice to reassertion at trial.

### F. Prejudicial Issues Relating to Drugs

Plaintiffs move to exclude matters relating to drug use. At the time of the accident, Plaintiff Summers was carrying a container of false urine, presumably for use in defeating drug urinalysis. This false urine was found at this scene and is referenced in the Nebraska State Patrol Crash Reports, which Goodyear proposes to introduce. Plaintiffs also move to exclude reference to blood tests of the driver of the vehicle, Larry Blair, which show the presence of THC.

Goodyear only objects insofar as it might wish to cross-examine Summers, or any witness testifying to Summers's truthfulness, regarding the false urine. Goodyear argues that this is permitted under Federal Rule of Evidence 608(b) which permits cross examination of specific instances of conduct "if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about."

This evidence is not probative as to Summers's character for truthfulness. Summers possessed the false urine, but he had not taken any steps to mislead or deceive law enforcement with it. To the extent that his contemplation of a deceptive act may be probative of his character for truthfulness, the Court finds that it is substantially outweighed by the risk of unfair prejudice. Summers is not just a potential witness, who could only be embarrassed by such evidence, but he is a party to the case. Admission of this evidence could lead the jury to find against him for improper reasons. Therefore, this motion is granted.

### G. Prejudicial References in Medical Records and Employment Records

Plaintiffs move to preclude reference at trial to the following items in Plaintiffs' medical and employment records: worker's compensation, lack of seat belt use, drug use, evidence of Shane Loveland's blood alcohol content, child support payments, and credit card garnishments. Plaintiffs request that any exhibit offered at trial and containing these references be redacted. Defendants do not oppose these requests and they will be granted.

### H. Collateral Source Benefits

Plaintiffs move to prohibit any reference or suggestion that Plaintiffs have received, have been entitled to receive, will receive, or will become entitled to receive, benefits of any kind from a collateral source, including but not limited to: (a) benefits from collateral insurance coverage; (b) services furnished without charge; (c) compensation for time not worked; (d) Social Security or pensions; (e) worker's compensation benefits; (f) Medicare or Medicaid benefits; and (g) any other governmental or charity benefits. Defendants do not oppose this motion and it will be granted.

*I. & J.  Lawsuit and Fault of Kearney Towing*

Plaintiffs move to exclude any reference to their lawsuit against Kearney Towing, Inc., and any reference that Kearney Towing is at fault.  Plaintiffs argue that comparative fault defenses are not permitted in strict liability cases, *Shipler v. Gen. Motors Corp.*, 710 N.W.2d 807, 830 (Neb. 2006), and that pursuant to the Court's earlier Memorandum and Order, ECF No. 138, a defense of efficient intervening cause is not permitted.

Plaintiffs' comparative fault argument is misplaced.  It is true that the Court deemed Goodyear's comparative fault defense abandoned and dismissed in the Court's Memorandum and Order dated October 10, 2019, ECF No. 138 at Page ID 2722. However, comparative fault, otherwise referred to as contributory negligence, serves to "diminish proportionately the amount awarded as damages for an injury attributable to the claimant's contributory negligence . . . ."  *Connelly v. City of Omaha*, 816 N.W.2d 742, 756 (Neb. 2012) (quoting Neb. Rev. Stat. § 25-21,185.09 and referring to this statute as "Nebraska's comparative fault statute[]").  The evidence at issue does not relate to contributory negligence of the Plaintiffs.

The evidence relates whether the incident leading to the Plaintiffs' injuries was caused by Kearney Towing rather than Goodyear.  Plaintiffs cite to the Court's earlier Memorandum and Order, which stated, "Nebraska law does not recognize efficient intervening cause as an affirmative defense, that affirmative defense is dismissed."  ECF No. 138 at Page ID 2723.  This, however, was in reference to *Sacco v. Carothers*, 567 N.W.2d 299 (Neb. 1997), in which the Nebraska Supreme Court instructed trial courts applying Nebraska law to "discontinue the practice of separately instructing juries on 'efficient intervening cause' in favor of the more direct and clear instructions based on the

concept of proximate or concurring cause . . . ." *Id.* at 306 (citing NJI2d Civ. 3.43. Evidence of Kearney Towing's conduct may be relevant to show that Goodyear's conduct was not the proximate cause of Plaintiffs' injuries. The risk of unfair prejudice is unclear at this time; therefore, this motion will be denied without prejudice to reassertion at trial.

### K. Expert Testimony on Certain Defenses

Plaintiffs seek to preclude Goodyear's expert, Stephen Fenton, from testifying about seatbelt misuse or nonuse. This request is uncontested by Goodyear and conforms with the Court's previous rulings. It will be granted.

Plaintiffs also seek to preclude Goodyear's expert witnesses from testifying as to any alternative causes of Plaintiffs' injuries. Plaintiffs argue that Goodyear's affirmative defense of comparative fault was dismissed, and that, under Nebraska law, a party cannot assert contributory negligence against a plaintiff's employer due to the Nebraska Workers' Compensation Act. *Downey v. W. Cmty. Coll. Area*, 808 N.W.2d 839, 851–52 (Neb. 2012). Goodyear does not seek to apportion a percentage of its own liability to Dandee Construction Company due to the actions of Larry Blair, the driver, who like Summers and Loveland was employed by Dandee. Goodyear intends to offer the evidence to disprove the element of causation. "A third-part tortfeasor may not 'reduce his or her own liability by apportioning some of the fault to the employer,' but 'a defendant can point to the negligence of the employer and claim that the employer was the sole cause of the accident.'" Memorandum and Order, ECF No. 138 at Page ID 2725 (quoting *Downey*, 808 N.W.2d at 853). As stated above, comparative fault and contributory negligence are means by which a defendant can seek to apportion its own liability in proportion with another party's fault. Neb. Rev. Stat. § 25-21,185.09; *Connelly*, 816 N.W.2d at 756.

Goodyear intends to present this evidence to show an intervening cause. An intervening cause is "an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." *Sacco*, 567 N.W.2d at 305–06. The Nebraska Supreme Court found the term "intervening cause" to be a "highly unsatisfactory term." *Id.* at 306. Instead, under Nebraska law, the question is one of proximate cause. *Id.* Proximate cause is that which "produces a result in a natural and *continuous* sequence, and without which the result would not have occurred." *Id.* (emphasis in original) (citing *Union Pac. R.R. Co. v. Kaiser Agric. Chem. Co.*, 425 N.W.2d 872 (Neb. 1988)). If there is a force that intervenes to break the continuous nature of the defendant's conduct, the element of proximate cause cannot be met. *Id.* "Proving the lack of an efficient intervening cause is a part of the burden of the party attempting to prove causation. If that is so, then, of course, this is not an affirmative defense." NJI2d Civ. 3.43 Comment & Authorities.

### 1. Larry Blair

Plaintiffs seek to exclude evidence by Goodyear's expert witnesses, Stephen Fenton and Gray Beauchamp, criticizing the actions of Larry Blair, the driver of the vehicle. Fenton and Beauchamp have previously testified that Blair was speeding and that he acted unreasonably in response to the tread separation. This evidence, Plaintiffs argue, is impermissible contributory negligence evidence against Dandee in violation of *Shipler*, *Downey*, and the Court's prior ruling.

Goodyear does not intend to offer this evidence for the purpose of attributing a percentage of its fault to Dandee. It intends to offer the evidence to show an alternative theory of causation. Therefore, the motion will be is denied.

### 2. *Substantial Alteration*

Plaintiffs seek to exclude expert testimony by Joseph Grant stating that the tire was not defective because it was substantially altered after leaving Goodyear's possession. Goodyear abandoned substantial alteration as an affirmative defense. Yet this evidence may support a theory of alternative causation, and the motion will be denied.

### 3. *Misuse*

Plaintiff seek to exclude expert testimony by Grant stating that the tire was misused after leaving Goodyear's possession. In addition to arguing that this is improper comparative-fault evidence, Plaintiffs seek to exclude this evidence because Grant did not argue that misuse was the sole cause of the incident.

The evidence at issue has an admissible purpose—establishing an alternate theory of causation. Whether Goodyear is entitled to a jury instruction on the affirmative defense of misuse will depend on the evidence and arguments submitted in the course of the trial. For now, this motion will be denied.

Accordingly,

IT IS ORDERED:

1.  Goodyear's Motions in Limine, ECF No. 160, are granted in part in accordance with this Memorandum and Order;

2.  Plaintiffs' Motion in Limine on Certain expert Witnesses, ECF No. 180, is granted in part in accordance with this Memorandum and Order;

3. Plaintiffs' Motions in Limine, ECF No. 185, are granted in part in accordance with this Memorandum and Order; and

4. These motions are otherwise denied, denied as moot, or denied without prejudice in accordance with this Memorandum and Order.

Dated this 5th day of March 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge