# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE GOODYEAR TIRE & RUBBER COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 8:18-cv-00127 |

## GOODYEAR'S MOTION TO PRECLUDE PLAINTIFFS' PURPORTED TIRE FAILURE EXPERT, DAVID SOUTHWELL, FROM OFFERING OPINIONS FIRST DISCLOSED IN HIS MARCH 4, 2020 SECOND SUPPLEMENTAL EXPERT REPORT AT TRIAL

The Goodyear Tire & Rubber Company ("Goodyear") respectfully states as follows for its Motion to Preclude Plaintiffs' Purported Tire Failure Expert, David Southwell, from Offering Opinions First Disclosed in his March 4, 2020 Second Supplemental Expert Report at Trial:

1. On March 4, 2020, Plaintiffs served the Second Supplemental Expert Report of their purported tire failure expert, David Southwell.

2. In this Report—filed nearly 12 months after Plaintiffs' March 14, 2019 deadline to serve their expert reports—Mr. Southwell opines that 3,300 separate tire failures identified in claims files Goodyear produced in discovery are substantially similar to the accident and tire failure at issue here, and thus demonstrate the existence of a defect in the Subject Tire.

3. The Court should bar Mr. Southwell from offering these opinions at trial for two reasons.

4. First, Mr. Southwell's opinions on substantial similarity do not meet the threshold for admissibility established in this Court's March 5, 2020 Memorandum and Order disposing of

the parties' Motions in Limine.

5. Namely, Mr. Southwell's substantial similarity opinions do not relate only to LT235/85R16 Wrangler HT tires and do not account for the speed of the vehicle at issue in each of the 3,300 incidents, and are thereby inadmissible per the Court's Order.

6. Second, the Court should preclude introduction of Mr. Southwell's belatedly-disclosed opinions pursuant to Federal Rule of Civil Procedure 37 as a sanction for Plaintiffs' failure to comply with their disclosure obligations under Federal Rule of Civil Procedure 26 and this Court's Final Progression Order.

**WHEREFORE,** Goodyear respectfully requests that the Court enter an order barring Mr. Southwell from introducing at trial any opinions contained in his Second Supplemental Expert Report.

GREENSFELDER, HEMKER & GALE, P.C.


By: ___/s/ Edward S. Bott, Jr._____
Edward S. Bott, Jr.
Clark W. Hedger
Robert L. Duckels
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
rld@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

3

1844536

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 6th day of March, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1117 Herkimer St.
Houston, TX 77008
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

                                                  /s/ Edward S. Bott, Jr.

1844536