*EXHIBIT D*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RYSTA LEONA SUSMAN, both )
individually and as Legal Guardian of )
SHANE ALLEN LOVELAND, et al., )
)
    Plaintiffs, )
) Case No. 8:18-cv-00127
v. )
)
THE GOODYEAR TIRE & RUBBER )
COMPANY, )
)
    Defendant. )

**THE GOODYEAR TIRE & RUBBER COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

The Goodyear Tire & Rubber Company ("Goodyear"), by and through its counsel, for its Objections and Responses to Plaintiffs' Second Requests for Production of Documents, states as follows:

**PRELIMINARY STATEMENT**

Goodyear hereby incorporates by reference its Preliminary Statement contained in Goodyear's Objections and Responses to Plaintiffs' First Requests for Production of Documents as if fully stated herein.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** Please produce the Global Master Specifications in effect at the time of the subject tire's manufacture.

**RESPONSE:** Goodyear objects to this Request to the extent it seeks information that contains confidential information, proprietary information, and/or trade secrets. Goodyear further objects to this Request because it is overly broad, unduly burdensome, and imposes a burden or expense that outweighs its likely benefit to the extent it seeks documents and information unrelated to the

1

1787018

Tire at Issue. Moreover, to require Goodyear to produce all Global Master Specifications in effect at the time of the Subject Tire's manufacture without limiting the request to such specifications related to the defect theories at issue in this matter would be overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Goodyear states that should Plaintiff narrow this request to specific Global Master Specifications related to issues and defect theories implicated in this case, Goodyear will search for such specifications and produce them if available.

**REQUEST FOR PRODUCTION NO. 2:** Please produce any and all documents related to the document retention policies at Goodyear.

**RESPONSE:** Goodyear objects to this Request to the extent it seeks information that contains confidential information, proprietary information, and/or trade secrets. Goodyear further objects to this Request because the term "the document retention policies" is not defined, vague and ambiguous, such that Goodyear is incapable of forming a meaningful response to the Request as phrased. Goodyear further objects to this Request because it is overly broad, unduly burdensome, imposes a burden or expense that outweighs its likely benefit, and seeks information that is neither relevant to the claims and defenses in this case nor proportional to the needs of the case as Plaintiffs have not, to Goodyear's knowledge, made claims that relevant documents have not been retained or have been spoliated. Goodyear further objects to this Request as overly broad and unduly burdensome to the extent it asks Goodyear for "any and all documents related to the document retention policies" without reasonable limitations in scope, either as to relevant subject matter or time frame. Goodyear further objects to this Request to the

extent it seeks material that is subject to the attorney-client privilege and/or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 3:** Please produce all claims files for Goodyear LRE Light Truck Tires from 1985-2000.

**RESPONSE:** Goodyear objects to this Request to the extent it seeks information that contains confidential information, proprietary information, trade secrets, and/or information subject to a duly entered Protective Order. Goodyear further objects to this Request because it is overly broad and unduly burdensome in that it is not reasonably limited in scope, either as to subject matter or time. Goodyear further objects to this Request to the extent it seeks documents and information unrelated to the Subject Tire. The Subject Tire was manufactured pursuant to a unique specification. This Request seeks information pertaining to different and dissimilar tires which were made to different design and manufacturing specifications, were built at different plants, built at different times, or designed for different applications; and therefore seeks documents and/or information concerning tires that are not substantially similar to the Tire at Issue. Goodyear further objects to this Request on the grounds that Plaintiffs have not limited the scope of this Request to the Tire at Issue, the Subject Tire Scope, or issues and alleged defect theories at issue in this case. Goodyear further objects to this Request on the grounds that it seeks information regarding prior lawsuits without regard to whether there was any similarity whatsoever between other occurrences and the occurrence in this case much less the "substantial similarity" the law requires. Goodyear further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the consulting expert privilege.

3

1787018

Subject to and without waiving the foregoing objections, Goodyear refers Plaintiffs to the claims report previously produced in this matter, GY_Susman_1402-GY_Susman_2152. By responding to this Request, Goodyear makes no admissions or representations regarding the similarity between incidents disclosed and the occurrence giving rise to this litigation.

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

4

1787018

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and accurate copy of the foregoing was served by electronic mail and U.S. mail, postage prepaid, this 11th day of March, 2019 to:

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorney for Plaintiffs*

5

1787018