## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of SHANE ALLEN LOVELAND, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 8:18-cv-00127 |
| v. | ) ) | |
| THE GOODYEAR TIRE & RUBBER COMPANY, | ) ) ) | |
| Defendant. | ) | |

### GOODYEAR'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

The Goodyear Tire & Rubber Company ("Goodyear") submits its Proposed Jury Instructions[1] and Verdict Forms and requests that the Court instruct the jury in this case in accordance with these instructions:

---

[1] Consistently with NECivR. 51.1(c), deletions from the relevant pattern instructions are in parentheses and additions are underscored.

1842959

**GOODYEAR'S INSTRUCTION NO. 1**

**I.     Plaintiffs' Negligence Claim**

(This case involves (*here state date, place, and nature of occurrence*).)

**A.     ISSUES**

(The) Plaintiff**s**, Rysta Leona Susman, legal guardian of Shane Allen Loveland, and Jacob Summers, individually, claim that the defendant, The Goodyear Tire & Rubber Company, (was negligent) failed to use reasonable care to see that the tire was safe for the use for which it was manufactured and designed in one or more of the following ways:

- Designed the tire without a nylon overlay; and

- Manufactured the tire with steel belts out of tolerance.

(The) Plaintiff**s** also claim that they were injured as a result of (that negligence) this failure to use reasonable care, and seek a judgment against (the defendant) Goodyear for their damage.

(The defendant) Goodyear denies that it failed to use reasonable care and further denies that the plaintiffs were injured as a result of any such failure by (defendant) Goodyear.

**B.     BURDEN OF PROOF**

Before the plaintiff**s** can recover against (the defendant) Goodyear on their claim that Goodyear failed to use reasonable care to see that the tire was safe for the use for which it was manufactured and designed, the plaintiff**s** must prove, by the greater weight of the evidence, each and all of the following:

1. That the tire was manufactured, designed, and sold by (the defendant) Goodyear;

(2. That the plaintiff is (*here insert appropriate description; as discussed in the Comment, below*);)

1842959

2. That (the defendant) <u>Goodyear</u> failed to use reasonable care to see that the <u>tire</u> was safe for the use for which <u>it</u> was <u>manufactured and designed</u>;

3. That this failure to use reasonable care to see that the <u>tire</u> <u>was</u> safe for the use for which <u>it was manufactured and designed</u> was a proximate cause of some damage to the plaintiff<u>s</u>; and

4. The nature and extent of that damage.

## C.    EFFECT OF FINDINGS

((*If there will not be any affirmative defense instructions, then the following two paragraphs constitute Part C of this instruction:*)

(If the plaintiff has not met this burden of proof, then your verdict must be for the defendant.

(On the other hand, if the plaintiff has met this burden of proof, then your verdict must be for the plaintiff.)

((*If there will be affirmative defense instructions, then the following two paragraphs constitute Part C of this instruction:*))

If (the) plaintiff<u>s</u> <u>have</u> *not* met this burden of proof, then your verdict must be for (the defendant) <u>Goodyear</u>.

On the other hand, if the plaintiff<u>s</u> (*has*) <u>*have*</u> met this burden of proof, then you must consider (the defendant's) <u>Goodyear's</u> ((*here insert a statement of defendant's affirmative defenses*)) <u>affirmative defenses of state of the art and misuse</u>.

## II.    (Defendant's) <u>Goodyear's</u> Defenses.

### A.    <u>STATE OF THE ART</u>

#### i.    <u>Issues.</u>

3

1842959

In defense to the plaintiffs' claim that the ((*design, testing, labeling*)) <u>design</u> of the ((*product*)) <u>tire</u> was defective, (the defendant) <u>Goodyear</u> claims the (*design, testing, labeling*) <u>design</u> of the ((*product*)) <u>tire</u> conformed with the state of the art.

### ii.      Burden of Proof

In connection with this defense, the burden is upon (the defendant) <u>Goodyear</u> to prove, by the greater weight of the evidence, that the ((*design, testing, labeling*)) <u>design</u> and of the (*product*) <u>tire</u> conformed with the generally recognized and prevailing state of the art in the industry ((if the date of the first sale to one not engaged in the business of reselling such products is not in issue, then here insert the words "on" followed by the date; otherwise insert the words ". . . at the time you find that the *(product)* was first sold by the defendant [to any person not engaged in the business of selling such (*product*)]").) <u>at the time you find that the tire was first sold by Goodyear.</u>  "State of the art" means the best technology reasonably available at the time.

### iii.      Effect of Findings

If (the defendant) <u>Goodyear</u> has proved this defense by the greater weight of the evidence, then ((*he, she, it*)) <u>it</u> is not liable for any defect in the ((*design, testing, labeling*)) <u>design</u> of the (product) <u>tire</u> ([and your verdict will be for the defendant].)

### B.      MISUSE

### i.      Issues.

In defense to the plaintiffs' claim <u>that Goodyear failed to use reasonable care to see that the tire was safe for the use for which it was manufactured and designed,</u> Goodyear claims that (the plaintiff misused the (*product*) (*here insert a statement of the claimed misuse*) <u>the tire was misused prior to the accident.   Specifically, Goodyear alleges that (1) the tire was underinflated and/or overloaded during its operation, causing overdeflection; (2) the warnings and instructions</u>

1842959

provided by Goodyear made such use unforeseeable; and (3) the overdeflection was a proximate cause of the accident.

(The plaintiff admits (*here state what plaintiff admits, by pleading or otherwise, if anything*))

The plaintiffs (denies) deny ((*here state what the plaintiff denies*)) the tire was misused.

### ii.      Burden of Proof

In connection with this claim that (the plaintiff misused the (*product*)) the tire was misused, the burden is on (the defendant) Goodyear to prove by the greater weight of the evidence each and all of the following:

1. (That the plaintiff used the (*product*) (*in one or more of the ways, as* claimed by the defendant) That the tire was used as claimed by the Goodyear;

2. That (the defendant) Goodyear could not reasonably have foreseen such a use of the (*product*) tire; and

3. That this misuse (by the plaintiff) was a proximate cause of ((*his, her, its*) plaintiffs' (own) ((*injury, damage*)) injuries.

### iii.      Effect of Findings

If (the defendant) Goodyear has met this burden of proof, then your verdict must be for (the defendant) Goodyear, and this is true even if you find that the plaintiffs have met their burden of proof.

If (the defendant) Goodyear has not met this burden of proof, you must disregard the defense of misuse.

1842959

Authority:    NJI2d 2.01 Statement of the Case—Negligence (MODIFIED); NJI2d Civ. 3.02 Definition of Negligence (MODIFIED); NJI2d Civ. 11.10—Negligence Liability of Manufacturer or Supplier—Failure to Use Reasonable Care To See That the Goods Are Safe for Intended Use—Burden of Proof (MODIFIED); NJI2d Civ. 11.31—Liability of Manufacturer or Supplier—The "State of the Art" Defense (MODIFIED); NJI2d Civ. 11.25—Strict Liability of Manufacturer—Misuse As a Defense (MODIFIED); *Hilt Truck Line, Inc. v. Pullman, Inc.*, 382 N.W.2d 310, 313 (Neb. 1986) (misuse as an affirmative defense to negligence); *Wedgewood v. U.S. Filter/Whittier, Inc.*, No. A-09-1280, 2011 WL 2150102, at *10 (Neb. Ct. App. May 31, 2011) (misuse elements); *Keaschall v. Altec Indus., Inc.*, No. 4:14CV3070, 2017 WL 3084393, at *7 (D. Neb. July 19, 2017) (misuse need only be "a" proximate cause, need not be "the" proximate cause); *Carlson v. Freightliner LLC*, 226 F.R.D. 343, 358 (D. Neb. 2004) (third party misuse as a valid affirmative defense in Nebraska).

_____ given
_____ given (as modified)
_____ refused
_____ withdrawn

1842959

## GOODYEAR'S INSTRUCTION NO. 2

Any party who has the burden of proving a claim or defense must do so by the greater weight of the evidence.

The greater weight of the evidence means evidence sufficient to make a claim more likely true than not true. ([*It does not necessarily mean a greater number of witnesses or exhibits.*])

Any party is entitled to the benefit of any evidence tending to establish a claim or defense, even though such evidence was introduced by another.

If the evidence upon a claim or defense is evenly balanced, or if it weighs in favor of the other party, then the burden of proof has not been met.

Authority:     NJI2d 2.12A Burden of Proof—Greater Weight of the Evidence Defined

_____ given
_____ given (as modified)
_____ refused
_____ withdrawn

7

1842959

## GOODYEAR'S INSTRUCTION NO. 3

A proximate cause is a cause that produces a result in a natural and continuous sequence, and without which the result would not have occurred.

To show that Goodyear's conduct was a proximate cause of some of the damage to Shane Allen Loveland and Jacob Summers, plaintiffs must prove that there was no new and independent act, which is itself a proximate cause of the accident, between Goodyear's alleged failure to use reasonable care to see that the tire was safe for the use for which it was manufactured and designed and the accident that Goodyear might not have reasonably foreseen as a consequence of its original alleged failure to reasonable care to see that the tire was safe for the use for which it was manufactured and designed.

Authority:   NJI2d 3.41 Proximate Cause (MODIFIED); *Stahlecker v. Ford Motor Co.*, 667 N.W.2d 244, 248 (Neb. 2003).

_____ given
_____ given (as modified)
_____ refused
_____ withdrawn

8

1842959

## GOODYEAR'S INSTRUCTION NO.4

(The defendant) <u>Goodyear</u> claims that ((*insert name of or phrase identifying nonparty third person's*)) <u>Larry Blair's</u> conduct was the only proximate cause of the ((*occurrence, accident, collision, fall, et cetera*)) <u>accident</u>.  By doing so, (the defendant) <u>Goodyear</u> is simply denying that ((his, her its)) <u>its</u> conduct was a proximate cause of the ((*occurrence, accident, collision, fall et cetera*)) <u>accident</u>.  Remember, the plaintiff<u>s</u> must prove that (the defendant's) <u>Goodyear's</u> (negligence) <u>alleged failure to use reasonable care to see that the tire was safe for the use for which it was manufactured and designed</u>, was a proximate cause of the ((*occurrence, accident, collision, fall et cetera*)) <u>accident</u>.

(The defendant) <u>Goodyear</u> claims that ((*insert name of or phrase identifying nonparty third person's*)) <u>Kearney Towing and Repair Center, Inc.'s</u> conduct was the only proximate cause of the ((*occurrence, accident, collision, fall, et cetera*)) <u>accident</u>.  By doing so, (the defendant) <u>Goodyear</u> is simply denying that its conduct was a proximate cause of the ((*occurrence, accident, collision, fall et cetera*)) <u>accident</u>.  Remember, the plaintiffs must prove that (the defendant's) <u>Goodyear's</u> (negligence) <u>alleged failure to use reasonable care to see that the tire was safe for the use for which it was manufactured and designed</u>, was a proximate cause of the ((*occurrence, accident, collision, fall et cetera*)) <u>accident</u>.


Authority:    NJ2D  Civ.  3.44  Proximate  Cause—Conduct  of  Nonparty  third  Person. (MODIFIED)

_____ given
_____ given (as modified)
_____ refused
_____ withdrawn

1842959

**GOODYEAR'S INSTRUCTION NO. 5**

Where the independent negligent acts or failures to act of more than one person combine to proximately cause the same ((*injury, damage*)) <u>injury</u>, each such act or failure to act is a proximate cause, and each such person may be held responsible for the entire ((*injury, damage*)) <u>injury</u>.  This is true though some may have been more negligent than others. It is no defense that all those who might have been held responsible are not parties to this case.  ([It is no defense that all those whom might have been held responsible are not parties to this case.])

Authority:      NJI2d Civ. 3.42 Concurring Cause (MODIFIED)

_____ given
_____ given (as modified)
_____ refused
_____ withdrawn

1842959

**GOODYEAR'S INSTRUCTION NO. 6**

Negligence is doing something that a reasonable careful person would not do under similar circumstances, or failing to do something that a reasonably careful person would do under similar circumstances.

Authority:      NJI2d Civ. 3.02 Definition of Negligence

_____ given
_____ given (as modified)
_____ refused
_____ withdrawn

1842959

**GOODYEAR'S INSTRUCTION NO. 7**

**I.      Plaintiffs' Strict Liability Claim.**

**A.      ISSUES.**

(This case involves (*here state date, place, and nature of occurrence).*)

The plaintiffs, Rysta Leona Susman, as legal guardian of Shane Allen Loveland, and Jacob Summers, individually, claim ((here insert a statement of the plaintiff's claims against the defendant, including a statement of the claims regarding the product's defects and a statement that the plaintiff claims to have suffered damages as a result of the alleged defect)) <u>that the tire which was on the truck driven by Larry Blair at the time of the accident was defective and unreasonably dangerous at the time it was designed, manufactured and sold by Goodyear, in that the tire</u>:

-   <u>Was designed without a nylon overlay, and</u>

-   <u>Was manufactured with steel belts that were aligned out of tolerance.</u>

The plaintiffs seek a judgment against (the defendant) <u>Goodyear</u> for ((*his, her, its*)) <u>their</u> damages.

<u>The parties agree that the Goodyear designed, manufactured, and distributed the tire at issue in this lawsuit.</u>

(The defendant)    <u>Goodyear</u> denies <u>that the tire was defectively designed or manufactured</u>.  <u>Goodyear further denies that the tire was unreasonably dangerous at the time it was designed, manufactured, and distributed. Goodyear maintains that the tire was designed in compliance with the state-of-the-art at the time of its sale.</u>

**B.      BURDEN OF PROOF.**

Before the plaintiffs can recover against (the defendant) <u>Goodyear</u>, the plaintiffs must

1842959

prove, by the greater weight of the evidence, each and all of the following:

1. That (the defendant) Goodyear placed the ((*product*)) tire in question on the market;

2. That, at the time the ((*product*)) tire left (the defendant's) Goodyear's possession, it was defective in one or more of the ways claimed by the plaintiffs;

3. That this defect made the ((*product*)) tire unreasonably dangerous for its intended use, or for any use (the defendant) Goodyear could have reasonably foreseen;

4. That this defect was a proximate cause of some damage to the plaintiffs; and

5. The nature and extent of that damage.

### C.  EFFECT OF FINDINGS

((*If there will not be any affirmative defense instructions, then the following two paragraphs constitute Part C of this instruction:*)

(If the plaintiff has not met this burden of proof, then your verdict must be for the defendant.

(On the other hand, if the plaintiff has met this burden of proof, then your verdict must be for the plaintiff.)

((*If there will be affirmative defense instructions, then the following two paragraphs constitute Part C of this instruction:*))

If ((the)) plaintiffs have *not* met this burden of proof, then your verdict must be for (the defendant) Goodyear.

On the other hand, if the plaintiffs (*has*) have met this burden of proof, then you must consider (the defendant's) Goodyear's affirmative defenses of state of the art and misuse.

### II.  (Defendant's) Goodyear's Defenses.

### A.  STATE OF THE ART

13

1842959

### i.      Issues.

In defense to the plaintiff~~s~~' claim that the ((*design, testing, labeling*)) <u>design</u> of the ((*product*)) <u>tire</u> was defective, (the defendant) <u>Goodyear</u> claims the ((*design*, *testing, labeling*)) <u>design</u> of the ((*product*)) <u>tire</u> conformed with the state of the art.

### ii.      Burden of Proof

In connection with this defense, the burden is upon (the defendant) <u>Goodyear</u> to prove, by the greater weight of the evidence, that the ((*design, testing, labeling*)) <u>design</u> of the ((*product*)) <u>tire</u> conformed with the generally recognized and prevailing state of the art in the industry ((if the date of the first sale to one not engaged in the business of reselling such products is not in issue, then here insert the words "on" followed by the date; otherwise insert the words ". . . at the time you find that the *(product)* was first sold by the defendant [to any person not engaged in the business of selling such *(product)*]").) <u>at the time you find that the tire was first sold by Goodyear.</u>  "State of the art" means the best technology reasonably available at the time. "State of the art" means the best technology reasonably available at the time.

### iii.      Effect of Findings

If (the defendant) <u>Goodyear</u> has proved this defense by the greater weight of the evidence, then ((*he, she, it*)) <u>it</u> is not liable for any defect in the ((*design, testing, labeling*)) <u>design</u> of the (product) <u>tire.</u> ([and your verdict will be for the defendant].)

## B.      MISUSE

### i.      Issues.

In defense to the plaintiffs' <u>strict liability</u> claim, (the defendant) <u>Goodyear</u> claims that (the plaintiff misused the (*product*) (*here insert a statement of the claimed misuse*)) <u>the tire was misused prior to the accident</u>.      <u>Specifically, the defendant alleges that (1) the tire was</u>

14

1842959

underinflated and/or overloaded, causing overdeflection; (2) the warnings and instructions provided by Goodyear made such use unforeseeable; and (3) the overdeflection was a proximate cause of the accident.

(The plaintiff admits (*here state what plaintiff admits, by pleading or otherwise, if anything*))

The plaintiffs (denies) deny ((*here state what the plaintiff denies*)) the tire was misused.

### ii.     Burden of Proof

In connection with this claim that (the plaintiff misused the (*product*)) the tire was misused, the burden is on (the defendant) Goodyear to prove by the greater weight of the evidence each and all of the following:

1. (That the plaintiff used the (*product*) (*in one or more of the ways,*) That the tire was used as claimed by (the defendant) Goodyear;

2. That (the defendant) Goodyear could not reasonably have foreseen such a use of the (product) tire, and

3. That this misuse (by the plaintiff) was a proximate cause of ((*his, her, its*) plaintiffs' (own) ((*injury, damage*)) injuries.

### iii.     Effect of Findings

If (the defendant) Goodyear has met this burden of proof, then your verdict must be for (the defendant) Goodyear, and this is true even if you find that the plaintiffs have met their burden of proof.

If (the defendant) Goodyear has not met this burden of proof, you must disregard the defense of misuse.

1842959

Authority:    NJI2d Civ. 11.20 Strict Liability of Manufacturer—Issues and Burden of Proof (MODIFIED); NJI2d 2.01 Statement of the Case—Negligence (MODIFIED); NJI2d Civ. 11.31—Liability of Manufacturer or Supplier—The "State of the Art" Defense (MODIFIED); NJI2d Civ. 11.25—Strict Liability of Manufacturer—Misuse As a Defense (MODIFIED);

_____ given
_____ given (as modified)
_____ refused
_____ withdrawn

1842959

**GOODYEAR'S INSTRUCTION NO. 8**

In deciding whether plaintiffs have proved the second and third facts required for their strict liability claim, you must determine whether the tire was defective in its manufacture or design, and whether the tire was unreasonably dangerous for its intended use or for any use the Goodyear could have reasonably foreseen.

A product is defective in its manufacture if it differs from the manufacturer's intended result or if it differs from apparently identical products from the same manufacturer.

A product is defective in its design if it fails to perform as safely as an ordinary consumer would expect when it is used in a manner either intended by the manufacturer or reasonably foreseeable by the manufacturer.

A product is unreasonably dangerous if it creates a risk of harm beyond that which would be contemplated by the ordinary foreseeable user.

Authority:     NJI2d Civ. 11.21Strict Liability of Manufacturer—Definition of Defect—Manufacture; NJIIJ2d Civ. 11.22 Strict Liability of Manufacturer—Definition of Defect—Design; NJI2d Civ. 11.24 Strict Liability of Manufacturer—Definition of Unreasonably Dangerous. (MODIFIED)

_____ given
_____ given (as modified)
_____ refused
_____ withdrawn

17

1842959

## GOODYEAR'S INSTRUCTION NO. 9

There are ((here insert number of plaintiffs)) <u>two</u> plaintiffs in this lawsuit.

Their interests are the same. If you find in favor of one of them, you must find in favor of ((both, all)) <u>both</u> of them. If you find against one of them, you must find against ((both, all)) <u>both</u> of them.

((You should decide the case of each plaintiff separately as if it were a separate lawsuit. Unless a specific instruction states that it applies to a specific plaintiff, the instructions apply to each plaintiff.))

Authority:       NJI2d Civ. 2.20 Multiple Plaintiffs

_____ given
_____ given (as modified)
_____ refused
_____ withdrawn

18

1842959

**GOODYEAR'S INSTRUCTION NO. 10**

If you return a verdict for the plaintiffs on one or both claims (Claim I: Negligence or Claim II: Strict Liability), then you must go to Instruction No. __

If you return a verdict for Goodyear on both claims, please complete Verdict Form _____.

Authority:      No specific authority.  Instruction offered for purposes of clarity.

_____ given
_____ given (as modified)
_____ refused
_____ withdrawn

1842959

**GOODYEAR'S INSTRUCTION NO. 11**

If you return a verdict for the plaintiffs <u>on one or both claims (Claim I: Negligence or Claim II: Strict Liability)</u>, then you must determine how much money will fairly compensate (the plaintiff) <u>Shane Allen Loveland and Jacob Summers</u> for (*his, her*) <u>their</u> injuries.

I am about to give you a list of the things you may consider in making this decision. From this list, you must only consider those things you decide were proximately caused by (defendant's) <u>Goodyear's</u> (negligence) <u>failure to use reasonable care to see that the tire was safe for the use for which it was manufactured and designed</u> or <u>by the defective condition of the tire</u>:

1. The nature and extent of the injury, including whether the injury is temporary or permanent and whether any resulting disability is partial or total;

2. The reasonable value of the medical, hospital, nursing, and similar care and supplies reasonably needed by and actually provided to (the plaintiff) <u>Shane Allen Loveland and to Jacob Summers</u> and reasonably certain to be needed and provided in the future;

3. The wages (salary, profits, reasonable value of the working time) (the plaintiff) <u>Shane Allen Loveland and Jacob Summers</u> (has) <u>have</u> lost because of (*his, her*) (*inability, diminished ability*) <u>their</u> <u>inability</u> to work;

4. The reasonable value of the earning capacity (the plaintiff) <u>Shane Allen Loveland</u> is reasonably certain to lose in the future; <u>and</u>

5. The physical pain and mental suffering (the plaintiff) <u>Shane Allen Loveland and Jacob Summers</u> (has) <u>have</u> experienced and (is) <u>are</u> reasonably certain to experience in the future;

(6. The plaintiff's (*husband's*, *wife's*) loss of consortium. Consortium means those things to which a person is entitled by reason of the marriage relationship. It includes affection,

1842959

love, companionship, comfort, assistance, services, moral support, and the enjoyment of (*sexual*, *conjugal*) relations.)

Remember, throughout your deliberations you must not engage in any speculation, guess, or conjecture.

Authority:   NJI2d Civ. 4.01 General Instruction on Damages in a Tort Action Where Joint and Several Liability is *Not* an Issue.

_____ given
_____ given (as modified)
_____ refused
_____ withdrawn

1842959

**GOODYEAR'S INSTRUCTION NO. 12**

The law forbids you to return a verdict determined by chance. You may not, for instance, agree in advance that each juror will state an amount to be awarded in damages, that all of those amounts will be added together, that the total will be divided by the number of jurors, and that the result will be returned as the jury's verdict. A verdict determined by chance is invalid.

Authority:      NJI2d Civ. 4.02 Verdict Determined by Chance—Quotient Verdict

_____ given
_____ given (as modified)
_____ refused
_____ withdrawn

1842959

**GOODYEAR INSTRUCTION NO. 13**

There is evidence before you from life expectancy tables. This evidence may assist you in determining probable life expectancy. This is only an estimate based on average experience. It is not conclusive. You should consider it along with any other evidence bearing on probable life expectancy, such as evidence of health, occupation, habits, and the like.

Authority:      NJI2d Civ. 4.12 Mortality Tables—Personal Injury Cases

_____ given
_____ given (as modified)
_____ refused
_____ withdrawn

1842959

**GOODYEAR INSTRUCTION NO. 14**

If you decide that the plaintiffs (is) are entitled to recover damages for any future losses, then you must reduce those damages to their present cash value. You must decide how much money must be given to the plaintiffs today to compensate (*him, her*) them fairly for (*his, her*) their future losses.

Authority:      NJI2d Civ. 4.12 Mortality Tables—Personal Injury Cases

_____ given
_____ given (as modified)
_____ refused
_____ withdrawn

1842959

## VERDICT FORM A

We the jury find against the plaintiffs Rysta Leona Susman, as legal guardian of Shane Allen Loveland, and Jacob Summers and in favor of the defendant The Goodyear Tire & Rubber Company.

_____ Foreperson

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Authority:      NJI2d Civ. 5.02 Verdict Form 5.02: Tort Action of a Kind to Which Contributory Negligence is an Allowable Defense but in Which It Is Not Submitted to the Jury and Where Joint and Several Liability Is an Issue (MODIFIED)

_____ given
_____ given (as modified)
_____ refused
_____ withdrawn

1842959

**VERDICT FORM B**

We the jury find in favor of the plaintiffs Rysta Leona Susman, as legal guardian of Shane Allen Loveland and Jacob Summers and against the defendant The Goodyear Tire & Rubber Company on the following claims:

[Check all that apply]

_____ Claim I: Negligence
_____ Claim II: Strict Liability

The Plaintiffs' damages are assessed as follows:

|  | Shane Allen Loveland | Jacob Summers |
|---|---|---|
| Past medical expenses | _____ | _____ |
| Past loss of earnings | _____ | _____ |
| Past pain and suffering | _____ | _____ |
| Future medical expense | _____ | |
| Future loss of earnings | _____ | |
| Future pain and suffering | _____ | _____ |
| Disability | _____ | |

_____ Foreperson
_____
_____
_____
_____
_____
_____
_____
_____
_____

26

1842959

_____

_____

Authority:     NJI2d Civ. 5.02 Verdict Form 5.02: Tort Action of a Kind to Which Contributory Negligence is an Allowable Defense but in Which It Is Not Submitted to the Jury and Where Joint and Several Liability Is an Issue (MODIFIED)

_____ given
_____ given (as modified)
_____ refused
_____ withdrawn

27

1842959

**GOODYEAR'S INSTRUCTION NO. 15**

(1.  GENERAL.)  (Because you found that the plaintiff (is are) entitled to compensatory damages against the defendant).  If you find for Plaintiffs and award actual damages, you must now consider whether Goodyear is liable for punitive damages. (you will separately award punitive damages.)

(2.  MALICE; FRAUD; OR PRINCIPAL'S AUTHORIZATION, PARTICIPATION, OR RATIFICATION.)  Punitive damages may be awarded against (the defendant) Goodyear as a punishment to discourage others from committing similar wrongful acts. You are not required to (award) find Goodyear liable for punitive damages to the plaintiffs, and you may not do so unless you find that the plaintiffs (has) have met (his/her/its) their burden to prove by clear and convincing evidence that (the)

(*Use appropriate alternative[s]*)

((A) defendant's actions demonstrated actual malice;)

 **or**

((B) defendant's actions demonstrated aggravated or egregious fraud.)

(**(or)**)

((C) (defendant) Goodyear, as principal or master, knowingly (authorized) (participated in) (ratified) authorized the actions or omissions of an agent or servant that demonstrated actual malice. ((actual malice) ([aggravated] [egregious] fraud))

(3. ACTUAL MALICE.) "Actual Malice" necessary for an award of punitive damages is

(*(Use appropriate alternative[s])*)

((A)) a state of mind characterized by hatred, ill will, or a spirit of revenge;

 **or**

28

1842959

((B)) a conscious disregard for the rights and safety of another person that has a great probability of causing substantial harm.

(4. SUBSTANTIAL) "Substantial" means major or significant and not trifling or small.

(5. AGGRAVATED OR EGREGIOUS FRAUD. Fraud is "aggravated" if it is accompanied by the existence of malice or ill will. Fraud is "egregious" if the fraudulent wrongdoing is particularly gross or malicious.)

(6. DAMAGES TO NON-PARTIES (ADDITIONAL).) Evidence was introduced that ((*insert name[s] of defendant[s]*)) <u>Goodyear's</u> conduct has resulted in harm to persons other than ((*insert name[s] of plaintiff[s]*)) <u>Shane Allen Loveland and Jacob Summers</u>. You should consider this evidence only for the purpose of helping you decide whether (*insert name[s] of defendant[s]*)) <u>Goodyear</u> showed a conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm. However, you are not to punish ((*insert name[s] of defendant[s]*)) <u>Goodyear</u> for the direct harm (his/her/its) <u>its</u> alleged misconduct caused to other persons.

(7. DEFENDANT'S OUT-OF-STATE CONDUCT (ADDITIONAL). Evidence was introduced of ((insert name[s] of defendant[s])) <u>Goodyear's</u> conduct in ((another state)) other states. You should consider this evidence only for the purpose of helping you decide whether ((insert name[s] of defendant[s])) <u>Goodyear</u> showed a conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm. However, you are not to punish ((insert name[s] of defendant [s])) <u>Goodyear</u> for the direct harm (his/her/its) <u>its</u> alleged misconduct caused to other persons.

(8. PRINCIPAL AND AGENT. OJI-CV Chapter 423.)

(9. EMPLOYER AND EMPLOYEE. OJI-CV Chapter 537.)

1842959

(10.  CLEAR AND CONVINCING EVIDENCE. OJI-CV 303.07; R.C. 2315.21(D)(4))

(1.  CLEAR AND CONVINCING.)  "Clear and Convincing" means that the evidence must produce in your minds a firm belief or conviction about the ((facts to be proved)) truth of the matter. It must be more than evidence that simply outweighs or overbalances the evidence opposed to it.

((11. AMOUNT OF PUNITIVE DAMAGES. If you award punitive damages, it should be presumed that the plaintiff has been made whole for his/her/its injuries by the award of compensatory damages. In determining the amount of punitive damages, you may consider all of the following:

(A) the harm caused was physical as opposed to economic;

(B) the tortious conduct evinced an indifference or a reckless disregard of the health or safety of others;

(C) the target of the conduct had financial vulnerability;

(D) the conduct involved repeated actions or was an isolated incident; and

(E) the harm was a result of intentional malice, trickery or deceit, or mere accident. The amount you award should be fair and reasonable and should not be influenced by passion or prejudice.))

(12. ATTORNEY FEES. If you decide that the defendant is liable for punitive damages, you must also decide whether the defendant is liable for the reasonable attorney fees of counsel employed by the plaintiff in the prosecution of this action.)

((A) JUDGE DETERMINES FEES. If you decide that the defendant is liable for attorney fees, the court will determine the amount.

1842959

(B) JURY DETERMINES FEES. In deciding what is a reasonable amount, you may consider all of the following:

(1) the time and labor involved in maintaining the litigation;

(2) the novelty, complexity, and difficulty of the questions involved;

(3) the professional skill required to perform the necessary legal services;

(4) the experience, reputation, and ability of the attorneys; and

(5) the miscellaneous expenses of the litigation. Additional factors to consider are the fee customarily charged in the locality for similar legal services, the amount involved, and the results obtained.))

In defense to the plaintiffs' claim for punitive damages, Goodyear claims it fully complied with all applicable government safety and performance standards related to the Tire's manufacture and design.  Plaintiffs deny that Goodyear complied with applicable government regulations, and contend that Goodyear fraudulently withheld from an applicable government agency information it knew to be relevant to the harm Plaintiffs allegedly suffered.

In connection with Goodyear's defense to Plaintiffs' claim for punitive damages, the burden is on Goodyear to prove by a preponderance of evidence that it fully complied with all applicable government safety regulations.  Plaintiffs, in turn, bear the burden to prove, by a preponderance of the evidence, that Goodyear fraudulently withheld from an applicable government agency information it knew to be relevant to the harm Plaintiffs allegedly suffered.

For purposes of this instruction, "preponderance of the evidence" means  the greater weight of the evidence; that is, evidence that you believe because it outweighs in your mind the evidence opposed to it. A preponderance means evidence that is more probable, more persuasive,

1842959

or of greater probative value. You must weigh the quality of the evidence. Quality may or may not be identical with quantity. ((the greater number of witnesses)).

For purposes of this instruction, "fraud" means a civil wrong.  It is a deception practiced with a view to gaining an unlawful or unfair advantage.

If Goodyear has proved this defense by a preponderance of the evidence then it shall not be liable for punitive damages.  If Plaintiffs prove by a preponderance of the evidence that Goodyear fraudulently withheld from an applicable government agency information it knew to be relevant to the harm Plaintiffs allegedly suffered, then you should not consider Goodyear's defense that it fully complied with all applicable government safety and performance standards related to the Tire's manufacture and design.

Authority:     1 OJI-CV 315.37, 1 CV Ohio Jury Instructions 315.37 (MODIFIED); 1 OJI-CV 303.07, 1 CV Ohio Jury Instructions 303.07 (MODIFIED); Ohio Rev. Code Ann. § 2307.80(D)(1) (MODIFIED); 1 OJI-CV 207.05 (MODIFIED); 1 OJI-CV 449.01 (MODIFIED)

_____ given
_____ given (as modified)
_____ refused
_____ withdrawn

1842959

**VERDICT FORM C**

((A) PUNITIVE DAMAGES.) We, the jury, find that the plaintiff<u>s</u> _____ (is) <u>are</u>

_____ (is) <u>are</u> not entitled to an award of punitive damages.

(Punitive Damage Amount $ _____)

_____ Foreperson

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(At least six (6) members of the jury must agree in order to reach a verdict on this issue.)

(B) ATTORNEY FEES We, the jury, find attorney fees _____ should _____

should not be awarded against the defendant.

_____

_____

_____

_____

_____

_____

_____

33

1842959

_____

At least six (6) members of the jury must agree in order to reach a verdict on this issue.

(C) ATTORNEY FEES ATTORNEY FEES (OPTIONAL) We, the jury, find attorney fees _____ should _____ should not be awarded against the defendant. Amount of Attorney Fees $ _____

_____

_____

_____

_____

_____

_____

_____

_____

At least six (6) members of the jury must agree in order to reach a verdict on this issue.)

Authority:    1 OJI-CV 315.37, 1 CV Ohio Jury Instructions 315.37 (MODIFIED); Ohio Rev. Code Ann. § 2307.80 (MODIFIED)

_____ given
_____ given (as modified)
_____ refused
_____ withdrawn

34

1842959

GREENSFELDER, HEMKER & GALE, P.C.

By: ____/s/ Edward S. Bott, Jr._____
Edward S. Bott, Jr.
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Suite 2000
St. Louis, MO  63102
(314) 241-9090
Fax:  (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
jrodriguez@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE  68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

35

1842959

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court and served upon all attorneys of record using the CM/ECF system this 10th day of March, 2020.

Kyle W. Farrar
KASTER, LYNCH, FARRAR & BALL, LLP
1117 Herkimer St.
Houston, TX 77008
kyle@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
80 South 8th Center
5120 IDS Center
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
FRASER, STRYKER LAW FIRM
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.

1842959