## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RYSTA LEONA SUSMAN, Both individually and as Legal Guardian of Shane Allen Loveland; and JACOB SUMMERS | ) ) ) ) | CASE NO. 8:18CV127 |
| Plaintiff(s), | ) ) ) | |
| v. | ) ) | **PLAINTIFFS' PROPOSED JURY INSTRUCTIONS** |
| THE GOODYEAR TIRE & RUBBER COMPANY | ) ) | |
| Defendant(s). | ) | |

# INSTRUCTION NO. 1.

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits;

3. Any facts that have been stipulated—that is, formally agreed to by the parties; and

4. Any facts that have been judicially noticed—that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;

2. Objections to questions;

3. Any testimony I told you to disregard; and

4. Anything you may have seen or heard about this case outside the courtroom.

NJI2d Civ. 1.02 Evidence

**INSTRUCTION NO. 2.**

There are two kinds of evidence, direct and circumstantial.

Direct evidence is either physical evidence of a fact or testimony by someone who has first-hand knowledge of a fact by means of his or her senses. Circumstantial evidence is evidence of one or more facts from which another fact can logically be inferred .

The law makes no distinction between these two kinds of evidence, and a fact may be proved by either direct evidence or circumstantial evidence or both.

NJI2d Civ. 1.31 Direct and Circumstantial Evidence

**INSTRUCTION NO. 3.**

A witness who has special knowledge, skill, experience, training, or education in a particular area may testify as an expert in that area. You determine what weight, if any, to give to an expert's testimony just as you do with the testimony of any other witness. You should consider the expert's credibility as a witness, the expert's qualifications as an expert, the sources of the expert's information, and the reasons given for any opinions expressed by the expert.

NJI2d Civ. 1.42 Expert Testimony

**INSTRUCTION NO. 4.**

During the trial, testimony was presented to you by deposition. Such testimony is under oath and is entitled to the same fair and impartial consideration you give other testimony.

NJI2d Civ. 1.44 Evaluation of Deposition Evidence

## INSTRUCTION NO. 5.

This case arises out of a motor vehicle rollover which occurred on May 1, 2015. At the time of the incident, Plaintiffs Shane Loveland and Jacob Summers were passengers in a pickup truck when the vehicle's right rear tire suffered a disablement. As a result of the disablement, the vehicle left the roadway, crossed into the median and rolled over, crossing the opposite lanes. Plaintiffs allege that that as a result of this rollover, Loveland sustained significant brain injuries, and Summers suffered significant personal injuries.

At the time of the incident, the right rear tire on the vehicle was a Goodyear Wrangler HT, LT235/85R16 Load Range "E" bearing DOT # MD0RNJHV244 (hereinafter the "Subject Tire"). The Subject Tire was designed and manufactured by Defendant Goodyear Tire & Rubber Company (hereinafter "Goodyear").

The plaintiffs claim Goodyear failed to use reasonable care to see that the Subject Tire was safe for the use for which it was made.

The plaintiffs further claim Goodyear's Subject Tire was sold with a design defect that made it unreasonably dangerous for the use for which it was made.

The plaintiffs further claim that they were injured as a result of the negligence of Goodyear and the defective nature of the product and seek a judgment against Goodyear for their damages.

In defense of the plaintiffs' claim, Goodyear denies that it failed to use reasonable care in designing the Subject Tire.

Goodyear further denies the Subject Tire was defective in design, or unreasonably dangerous.

Goodyear claims that plaintiff misused the Subject Tire and that said misuse was a proximate cause of the accident. Further, defendant claims that it could not have reasonably

foreseen the plaintiff's misuse.

Plaintiffs deny the Defendant's allegations that the Subject Tire was misused or that such misuse was a proximate cause of the accident.

Created using form at:

NJI2d Civ. 11.20 Strict Liability of Manufacturer—Issues and Burden of Proof

# INSTRUCTION NO. 6.

## Plaintiff's Claim of Negligence

Before the plaintiff can recover against the defendant, on his claim that the defendant was negligent in failing to use reasonable care to see that its Subject Tire was safe for the use for which it was made, the plaintiff must prove, by the greater weight of the evidence, each and all of the following:

(1) The defendant failed to use reasonable care to see that the Subject Tire was safe for the use for which it was made;

(2) The failure to use reasonable care to see that the Subject Tire was safe for the use for which it was made was a proximate cause of some damage to the plaintiff; and

(3) The nature and extent of that damage.

NJI2d Civ. 11.10 Negligence Liability of Manufacturer or Supplier—Failure to Use Reasonable Care to See That the Goods Are Safe for Intended Use—Burden of Proof

# INSTRUCTION NO. 7.

Negligence is doing something that a reasonably careful person would not do under similar circumstances, or failing to do something that a reasonably careful person would do under similar circumstances.

NJI2d Civ. 3.02 Definition of Negligence

## INSTRUCTION NO. 8.

A person may assume that every other person will use reasonable care and will obey the law until the contrary reasonably appears.

NJI2d Civ. 3.01 Right to Assume Another's Reasonable Care

# INSTRUCTION NO. 9.

Plaintiff's Claims of Strict Liability

Before the Plaintiffs can recover against the defendant on his claims that defendant's Subject Tire was unreasonably dangerous because of a defective design or a defective manufacture, the Plaintiffs must prove, by the greater weight of the evidence, each and all of the following:

(1) That, at the time the Subject Tire left the defendant's possession, it was defective in its design or defective in its manufacture;

(2) That this defect made the Subject Tire unreasonably dangerous for its intended use, or any use the defendant could have reasonably foreseen;

(3) That this defect was a proximate cause of some damage to the plaintiff; and

(4) The nature and extent of that damage.

NJI2d Civ. 11.20 Strict Liability of Manufacturer—Issues and Burden of Proof – II – Burden of Proof

**INSTRUCTION NO. 10.**

A product is defective in its design if it fails to perform as safely as an ordinary consumer would expect when it is used in a manner either intended by the manufacturer or reasonably foreseeable by the manufacturer.

NJI2d Civ. 11.22 Strict Liability of Manufacturer—Definition of Defect—Design

## INSTRUCTION NO. 11.

A product is defective in its manufacture if it differs from the manufacturer's intended result or if it differs from apparently identical products from the same manufacturer.

NJI2d Civ. 11.21 Strict Liability of Manufacturer—Definition of Defect—Manufacture

## INSTRUCTION NO. 12.

A product is unreasonably dangerous if it creates a risk of harm beyond that which would be contemplated by the ordinary foreseeable user.

NJI2d Civ. 11.24 Strict Liability of Manufacturer—Definition of Unreasonably Dangerous

# INSTRUCTION NO. 13.

A proximate cause is a cause that produces a result in a natural and continuous sequence, and without which the result would not have occurred.

NJI2d Civ. 3.41 Proximate Cause

# INSTRUCTION NO. 14.

Effect of Findings

If the plaintiff has not met the burden of proof on any of his claims, then your verdict must be for the defendant.

On the other hand, if the plaintiff has met this burden of proof for at least one of his claims, then you must consider the defendant's affirmative defense(s).

NJI2d Civ. 11.20 Strict Liability of Manufacturer—Issues and Burden of Proof – III – Effect of Findings, referring to form at NJI2d Civ. 2.01.

## INSTRUCTION NO. 15.

Any party who has the burden of proving a claim must do so by the greater weight of the evidence. The greater weight of the evidence means evidence sufficient to make a claim more likely true than not true. It does not necessarily mean a greater number of witnesses or exhibits. Any party is entitled to the benefit of any evidence tending to establish a claim, even though such evidence was introduced by another. If the evidence upon a claim is evenly balanced, or if it weighs in favor of the other party, then the burden of proof has not been met.

NJI2d Civ. 2.12A Burden of Proof—Greater Weight of the Evidence Defined

## INSTRUCTION NO. 16.

If you return a verdict for the plaintiffs, then you must decide how much money will fairly compensate the plaintiffs for their injury.

I am about to give you a list of the things you may consider in making this decision. From this list, you must only consider those things you decide were proximately caused by the defendant's negligence:

(1) The nature and extent of the injury, including whether the injury is temporary or permanent (and whether any resulting disability is partial or total);

(2) The reasonable value of the medical (hospital, nursing, and similar) care and supplies reasonably needed by and actually provided to the plaintiff (and reasonably certain to be needed and provided in the future);

(3) The wages, salary, profits, reasonable value of the working time the plaintiff has lost because of his inability or diminished ability to work;

(4) The reasonable value of the earning capacity the plaintiff is reasonably certain to lose in the future;

(5) The physical pain and mental suffering the plaintiff has experienced (and is reasonably certain to experience in the future).

NJI2d Civ. 4.01 General Instruction on Damages in a Tort Action Where Joint and Several Liability Is Not an Issue

# INSTRUCTION NO. 17.

If you find that Shane Allen Loveland and Jacob Summers are entitled to compensatory damages against the Goodyear Tire & Rubber Company, you must also consider whether you will separately award punitive damages.

## BASIS FOR PUNITIVE DAMAGES

Punitive damages may be awarded against the defendant as a punishment to discourage others from committing similar wrongful acts. You are not required to award punitive damages to Shane Allen Loveland and Jacob Summers, and you may not do so unless you find that Shane Allen Loveland and Jacob Summers have met their burden to prove by clear and convincing evidence that:

1) Goodyear's actions demonstrated malice;

   **or**

2) Goodyear's actions demonstrated aggravated or egregious fraud;

   **or**

3) Goodyear, as principal or master, knowingly authorized, participated in, or ratified the actions or omissions of an agent or servant that demonstrated actual malice or aggravated or egregious fraud.

"Malice" means a conscious disregard for the rights and safety of another person that has a great probability of causing substantial harm.

Fraud is "aggravated" if it is accompanied by the existence of malice or ill will. Fraud is "egregious" if the fraudulent wrongdoing is particularly gross or malicious

"Substantial" means major or significant and not trifling or small.

"Clear and convincing" means that the evidence must produce in your minds a firm belief or conviction about the facts to be proved. It must be more than evidence that simply outweighs or overbalances the evidence opposed to it.

## AMOUNT

If you award punitive damages, it should be presumed that the plaintiff has been made whole for his/her/its injuries by the award of compensatory damages. In determining the amount of punitive damages, you may consider all of the following:

(A) the harm caused was physical as opposed to economic;

(B) the tortious conduct evinced an indifference or a reckless disregard of the health or safety of others;

(C) the target of the conduct had financial vulnerability;

(D) the conduct involved repeated actions or was an isolated incident; and

(E) the harm was a result of intentional malice, trickery or deceit, or mere accident.

The amount you award should be fair and reasonable and should not be influenced by passion or prejudice.

## ATTORNEY FEES

If you decide The Goodyear Tire & Rubber Company is liable for punitive damages, you must also decide whether they are liable for the reasonable attorney fees of counsel employed by Shane Allen Loveland and Jacob Summers in the prosecution of this action. If you decide that defendant is liable for those attorney fees, the court will determine the amount.

Ohio Jury Instructions:
OJI-CV 315.37 – Punitive Damages: certain tort actions
OJI-CV 303.07 – Clear and Convincing Evidence