IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RYSTA LEONA SUSMAN, Both    )    **CASE NO.** 8:18CV127
individually and as Legal Guardian of    )
Shane Allen Loveland; and JACOB    )
SUMMERS    )
           Plaintiff(s),    )
   )
   )    **PLAINTIFFS' MOTION**
       v.    )    **IN LIMINE AS TO GOODYEAR'S**
THE GOODYEAR TIRE & RUBBER    )    **OBJECTIONS TO PLAINTIFFS'**
COMPANY    )    **DEPOSITION DESIGNATIONS**
         Defendant(s).    )

Plaintiffs file this Motion in Limine in response to Goodyear's Objections to Plaintiffs'

Deposition Designations and would state as follows:

Goodyear in its objections[1] to Plaintiffs' deposition designations object to the depositions

of Richard J. Olsen, Beale A. Robinson, Ray Young, Joseph Zekoski and Keith Trarez[2] in their

entirety as not relevant to the issue of whether the subject tire was defective or whether Goodyear

was negligent in the design or manufacture of the subject tire. Goodyear terms these objections as

their "General Objections."

First and foremost, Goodyear's General Objections go against the spirit of the agreement

that the parties had with regards to the use of these former Goodyear employees' depositions and

their use at trial. On January 30, 2019, Counsel for Plaintiffs sent a letter to Goodyear's counsel

advising of their intent to depose certain former Goodyear employees[3]. Richard J. Olsen, Beale A.

Robinson, Ray Young, Joseph Zekoski and Keith Trarez were all included in Plaintiffs' list of

---

[1] See Exhibit 1 for index of objections; Goodyear's Objections to Plaintiffs' Deposition Designations and Counter-Designations

[2] Plaintiffs' have delivered to the Court marked deposition transcript of Richard Olsen, Beale A. Robinson, Ray Young, Joseph Zekoski and Keith Trarez that identify Plaintiffs' intended deposition designation and Goodyear's objection on the face of the transcript.

[3] See Exhibit 2 – Letter dated January 30, 2019

desired deponents. A discussion was held on February 7, 2019 in which counsel for Goodyear suggested that rather than deposing the six individuals requested in Plaintiffs' January 30, 2019 letter, the depositions taken in prior litigation and produced in this case be used instead with Goodyear preserving all objections as if the depositions had been taken in this case [4].

Now on the eve of trial, well past the point of the close of discovery, rather than honor the agreement made, Goodyear seeks to exclude all of the depositions not because they are irrelevant but because the testimony and documents discussed are damning to Goodyear. They could not be more relevant. They were taken as fact witnesses with special knowledge about the very issue this case revolves around, the catastrophic failure of identical Load Range E tires, the very make, model and size of the subject tire in this case.

Goodyear objects that because the testimony and documents relate to the issue of the Load Range E "tread throw" issue initiated in 1995, shortly after the subject tire's manufacture, it has no relevance to that facts at issue here. This argument is disingenuous at best. As the documents and testimony will show, Goodyear's Load Range E tires began to fail, via partial and full tread separation, at an alarming rate in 1995. The tires that were failing were manufactured from 1992 through and including the year the subject tire was manufactured. This testimony is clearly relevant to the facts at issue here. [5]

Goodyear objects that the witnesses testified in their individual capacity and not as corporate representatives. The individuals were deposed as former Goodyear employees who were paramount to the investigation of Goodyear's tread throw problem.

- Richard Olsen during his time at Goodyear was a chief engineer, manager of light truck tire development, manager of tire test engineering, customer engineering

---

[4] See Exhibit 3 -- February 14, 2019 letter and Exhibit 4 -- February 19, 2019
[5] See Plaintiffs' Trial Brief for a more detailed summary of the Load Range E tread throw history.

group (adjustments) and was copied on numerous A-team, ACT team documents. These teams were created to investigate Goodyear's Load Range E tread throw problem, the same "problem" seen in the subject tire.

- Beale A. Robinson during his time at Goodyear was technology chief for light truck tires; actively participated in the Tread Throw Team, Crown Integrity Team and ACT Team. He authored many of the documents regarding the investigation of Goodyear's Load Range E tread throw problem.

- Ray Young during his time at Goodyear was a chief compounder in the light truck tire engineering department and was a member of the one of the teams that investigated Goodyear's Load Range E tread throw problem.

- Joseph Zekoski during his time at Goodyear was a chief engineer in truck and passenger tire development, manager of light truck development, director of tire technologies for North America and was a Sponsor of the A-Team and ACT Team.

- Keith Trarez during his time at Goodyear was a tire design engineer, worked in the radial light truck tire department and was actively involved in the A-Team.

The deponents that Plaintiffs have designated testimony from had first-hand knowledge regarding Goodyear's tread throw problem, Goodyear's years long investigation into the problem, and Goodyear's fix for the tread throw problem. Their testimony is incredibly relevant to whether the subject tire is defective in design or manufacture and whether Goodyear was negligent because they were some of the key members put in place by Goodyear during the time that tires identical to the subject tire were failing in the exact same manner as the subject tire failed in this case.

As such, Plaintiffs pray this Court overrule Goodyear's objections to Plaintiffs' deposition designations for the reasons stated above.

Respectfully submitted,

**KASTER, LYNCH, FARRAR, & BALL, L.L.P.**

By:_____

Kyle Wayne Farrar *(Pro Hac Vice)*
Wesley Todd Ball (*Pro Hac Vice*)
Kaster, Lynch, Farrar & Ball, LLP
Texas Bar No. 24038754
1117 Herkimer Street
Houston, TX 77008
(713) 221-8300 (Telephone)
(713) 221-8301 (Facsimile)
kyle@fbtrial.com
wes@fbtrial.com
*and*

Paul Godlewski *(Pro Hac Vice)*
SCHEWEBEL, GOETZ & SIEBEN, P.A.
5120 IDS Center
80 S. 8th Street, #5120
Minneapolis, Minnesota 55402
612.377.7777
612.333.6311 (Fax)
pgodlewski@schwebel.com

and

Michael F. Coyle
Fraser Stryker Law Firm
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on March 10, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Edward S. Bott, Jr
Clark W. Hedger
Robert L. Duckels
10 South Broadway, Ste 2000
St. Louis, MO 63102
esb@greensfelder.com
ch1@greensfelder.com
rld@greensfelder.com

Jennifer D. Tricker
1700 Farnam Street, Ste 1500
Omaha, NE 68102
jtricker@bairdholm.com

*Attorneys for Defendant Goodyear Tire & Rubber Company*