IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RYSTA LEONA SUSMAN, BOTH INDIVIDUALLY AND AS LEGAL GUARDIAN OF SHANE ALLEN LOVELAND; AND JACOB SUMMERS,<br><br>Plaintiff,<br><br>vs.<br><br>THE GOODYEAR TIRE AND RUBBER COMPANY,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 8:18CV127<br><br>**RULE 45(c) MOTION TO QUASH SUBPOENA COMMANDING RYAN SCARLETT, CO-OWNER OF KEARNEY TOWING AND REPAIR CENTER, INC., TO APPEAR FOR AND PRESENT TESTIMONY AT THE TRIAL OF THIS MATTER** |

## I.    BACKGROUND

1. This lawsuit arises out of a motor vehicle accident that occurred on May 1, 2015. Doc. No. 134.

2. Plaintiffs allege the accident was caused by a defective tire manufactured by Defendant, Goodyear Tire and Rubber Company ("Goodyear"). Doc. No. 134.

3. On or about April 12, 2019, Plaintiffs filed a separate lawsuit against Kearney Towing and Repair Center, Inc. ("Kearney") in the District Court of Buffalo County, Nebraska. Doc. No. 134.

4. This Court has previously ruled upon Kearney's role in this federal court lawsuit, providing: "Kearney will not be allowed to participate at trial or any other proceedings in this case." Doc. No. 150.

## II.    FACTS

5. On October 15, 2019, Kearney's co-owner and representative, Ryan Scarlett ("Scarlett"), appeared for a videotaped deposition in response to a subpoena issued upon Kearney by Goodyear. Ex. 4, Subpoena for October 15, 2019 deposition and Ex. 5, Scarlett Deposition Excerpts.

6. Said deposition was taken in Kearney, Nebraska where Scarlett resides and is employed. Ex. 5, Scarlett Deposition, 5:7-8.

7. On or about March 3, 2020, Goodyear's counsel contacted the undersigned indicating that they wished to issue a subpoena commanding Scarlett's appearance at the trial of this matter in Omaha, Nebraska. Ex. 6, Email.

8. Counsel for Kearney objected on several basis, all of which are discussed below. Ex. 6, Email.

9. Goodyear's counsel made no further attempts to resolve these objections without court intervention; rather, on March 10, 2020 Goodyear served a subpoena upon Scarlett commanding him to appear for trial in Omaha, Nebraska from March 23-27, 2020. Ex. 1, Subpoena.

10. Kearney, Nebraska is 185 miles from Omaha, Nebraska, the proposed place of trial. Ex. 2, Map and mileage estimate and Ex. 3, Scarlett Affidavit.

11. If required to comply with the March 10, 2020 subpoena, Scarlett would be unable to perform his job duties at Kearney, resulting in approximately $25,000 in lost revenue for this small business. Ex. 3, Affidavit.

12. If required to comply with the March 10, 2020 subpoena, Scarlett would lose approximately $1,825 in wages. Ex. 3, Affidavit.

13. If required to comply with the March 10, 2020 subpoena, Scarlett would incur expenses for food, lodging, parking, ect. that he would not otherwise incur and that he would estimate to exceed $1,000. Ex. 3, Affidavit.

14. The March 10, 2020 subpoena included a check for $252, representing just one day of witness fees and one trip worth of mileage. *Id.*

15. The subpoena served upon Mr. Scarlett did not include a copy of Fed. R. Civ. 45(c) and (d).

### III. LAW/ANALYSIS

Fed. R. Civ. P. 45(c)(1) provides "a subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

Not even employees of parties, can be required to attend a trial beyond the geographical limits of Fed. R. Civ. P. 45(c)(1)(A). See Fed. R. Civ. P. 45(c)(1) Adv. Comm. Notes (2013); see also *Havens v. Mar. Cornmc'ns/Land Mobile, LLC,* No. 11-993, 2014 WL 2094035, at * 1 (D.N.J. May 20, 2014) ("A straightforward application of the rule mandates that

subpoenas issued to California residents who work in California and do not regularly transact business in person in New Jersey . . . cannot compel them to appear for a trial in New Jersey"); *Greene v. Drobocky*, No. 1:12-CV-00078-TBR, 2014 WL 12726539, at *2 (W.D. Ky. Aug. 27, 2014) ("subpoenas served on individual employees who are not corporate officers [of a party], and who reside outside the geographic scope of Rule 45, must be quashed.") See also Fed. R. Civ. P. 43 Adv. Comm. Notes (1996) ("ordinarily depositions, including video depositions, provide a superior means [superior to contemporaneous transmission from another court] of securing the testimony of a witness who is beyond the reach of a trial subpoena). Perhaps more importantly, Rule 45(d)(3)(A)(i)-(iv) mandates that the court, on timely motion, quash any subpoena that: (i) fails to provide a reasonable time to comply, (ii) purports to compel compliance beyond the geographical limits specified in Rule 45(c), or (iv) subjects person to an undue burden. See *HCAPS Conroe Affiliation Inc. v. Angelica Textile Servs. Inc.*, No. 3:15-MC-60-N-BN, 2015 WL 3867923, at *3 (N.D. Tex. June 22, 2015) (quashing a subpoena requesting the appearance of a non-party witness beyond the geographical limits of the rule). Section A of Fed. R. Civ. P. 45(d)(3) is not discretionary because the next section (section B) grants the court discretion to quash or modify the subpoena in certain circumstances. See Fed. R. Civ. P. 45(d)(3)(B) and *HCAPS Conroe Affiliation Inc.*, 2015 WL 3867923, at *3.

### IV. ANALYSIS

**A. The March 10, 2020 subpoena must be quashed because it requires travel beyond the geographical limits of 45(c)**

Neither Scarlett, nor Kearney, are a party to this federal lawsuit. In fact, this Court has already confirmed that Kearny is not allowed to participate at trial. Doc. No. 150. Accordingly, Scarlett cannot be subpoenaed or compelled to provide testimony more than 100 miles from his residence or place of business. On its face, the subpoena violates this rule. Scarlett lives and works more than 180 miles away from Omaha, the place of trial. Ex. 5, deposition, p. 5 and 7. Scarlett would incur substantial expense if command to appear – it would cost him more than half of one week of his wages for hotel, food, parking, and other expenses, just to attend the trial for five days as commanded in the March 10, 2020 subpoena. Ex. 3, Affidavit. Accordingly, the subpoena must be quashed under Fed. R. Civ. P. 45(d)(3)(A)(ii).

**B. The March 10, 2020 subpoena must be quashed because it imposes an undue burden upon Scarlett**

Scarlett and Kearney would undoubtedly incur an undue burden and substantial expense if Scarlett were commanded to attend the trial of this matter. While Goodyear tendered a check in the amount of $252, this accounts for only one day of witness fees and mileage for only one trip to Omaha. Given that Goodyear has commanded Scarlett's appearance for five days, they've have not even tendered the required witness fees to secure five days of Scarlett's attendance at trial. In reality, the expense incurred by Scarlett would go well beyond the $252 tendered by Goodyear. Kearney, which Scarlett co-owns with another partner, would lose approximately $25,000 in revenue associated with Scarlett's absence. Scarlett himself would lose approximately $1,825 in wages due to his absence from work. Scarlett would incur expenses in excess of $1,000 for lodging, food, parking and other expenses associated attending trial in Omaha for five days. Such expense is an undue burden for Scarlett – it is more than half of one week worth of his wages. The burden is undue, given the fact that Scarlett, as a representative of Kearney, has already complied with a subpoena and provided videotaped deposition for this case. Scarlett and Kearney have already incurred lost revenues and wages associated with Scarlett's absence from work to provide that videotaped testimony for this case. Scarlett should not be compelled to incur additional losses, beyond those he has already incurred in good faith, so that Goodyear can present his testimony in a live format. This is particularly persuasive in light of the comments to Fed. R. Civ. P. 43, which make it clear that deposition testimony is the preferred method for securing trial testimony of witnesses who are beyond the geographic scope of Rule 45. Accordingly, the subpoena served upon Scarlett on March 10, 2020 must be quashed pursuant to Fed R. Civ. P. 45(d)(3)(A)(iv) as it imposes and undue burden upon Scarlett and his employer, Kearney.

**C. The March 10, 2020 subpoena must be quashed because it does not allow a reasonable time for compliance.**

Goodyear's first attempt to arrange Kearney Towing's appearance a trial occurred less than two weeks from the date trial was scheduled to commence. Goodyear did not provide a draft of the subpoena or details as when they expected Scarlett to appear for trial. Goodyear also made no further effort to resolve Kearney's concerns as to the proposed subpoena for trial testimony. Goodyear served the subpoena in Exhibit 1 less than two weeks from the date they want Scarlett to appear in Omaha, more than 180 miles from his home and place of employment, and commands that he do so for five consecutive days. This does not allow Kearney a reasonable amount of time to make arrangements for Scarlett's absence from his work or his home life; nor does it allow him a reasonable amount of time to review his prior deposition and prepare his trial testimony. Accordingly, Goodyear failed to allow a reasonable time to comply with the subpoena as required by Fed. R. Civ. P. 45(d)(3)(A)(i) and, therefore, the March 10, 2020 subpoena must be quashed.

### D. This Subpoena did not comply with the form requirements of Fed. R. Civ. P. 45(a)(1)(A)(iv) and should, therefore, be quashed.

Fed. R. Civ. P. 45(a)(1)(A)(iv) requires that a copy of Fed. R. Civ. P. 45(d) and (e) be sent with a subpoena. This subpoena did not include a copy of Fed. R. Civ. P. 45(d) and (e) when served upon Scarlett. Accordingly, the March 10, 2020 subpoena should be quashed for failure to comply with the form requirements of Fed. R. Civ. P. 45.

### V. CONCLUSION

For the reasons stated herein, Scarlett and Kearney respectfully request that the Court quash a subpoena served upon Ryan Scarlett, the co-owner of Kearney on March 10, 2020. Pursuant to Fed. R. Civ. P. 45(d) Mr. Scarlett further requests the payment of reasonable attorney's fees associated with the filing of this Motion. They further request any other relief the Court deems just and necessary.

Respectfully submitted,

KEARNEY TOWING & REPAIR CENTER, INC., A NEBRASKA CORPORATION

By: _____
Stephen G. Olson, II, #18949
Kristina J. Kamler, #24082
ENGLES, KETCHAM, OLSON & KEITH, P.C.
1350 Woodmen Tower
1700 Farnam Street
Omaha, Nebraska 68102
(402) 348-0900 (Telephone)
(402) 348-0904 (Facsimile)
solson@ekoklaw.com
kkamler@ekoklaw.com

## CERTIFICATE OF COMPLIANCE WITH NeCivR 7.1(e)

By signing below, I hereby certify that this Brief complies with the word limits set forth in NECivR 7.1(d). This Brief contains 2009 words based upon Microsoft Word's word-count function, which was applied to include all text, including the caption, headings, footnotes, and quotations.

/s/ Kristina J. Kamler

# CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Michael F. Coyle
Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
mcoyle@fraserstryker.com
**Attorney for Plaintiff**

Paul E. Godlewski
Schwebel Goetz & Sieben, P.A.
5120 IDS Center
80 S. 8th Street, #5120
Minneapolis, MN 55402
pgodlewski@schwebel.com
**Attorney for Plaintiffs**

Skip Edward Lynch
Kaster Lynch Farrar & Ball LLP
1010 Lamar, Suite 1600
Houston, TX 77002
Skip@thetirelawyers.com
**Attorney for Plaintiffs**

Kyle Farrar
Farrar & Ball LLP
1010 Lamar, Suite 1600
Houston, TX 77002
Kyle@fbtrial.com
**Attorney for Plaintiffs**

William R. Ogden
1117 Herkimer Street
Houston, TX 77008
bill@fbtrial.com
**Attorney for Plaintiffs**

Edward S. Bott, Jr.
Clark Hedger
10 South Broadway, Suite 2000
St. Louis, MO 63102
esb@greensfelder.com
chl@greensfelder.com
**Attorneys for Defendant**

Jennifer D. Tricker
Woodmen Tower
1700 Farnam Street
Omaha, NE 68102
jtricker@bairdholm.com
**Attorney for Defendant**

　　　　　　　　　　　　　　　　　　　　　　　_/s/  Kristina J. Kamler_