| | |
|---|---|
| **From:** | Kristina Kamler |
| **To:** | Jennifer Tricker |
| **Cc:** | Libbie Kaup; Cameron Finke; Steve Olson |
| **Subject:** | RE: Susman v. Goodyear - Motion to Stay |
| **Date:** | Tuesday, March 3, 2020 9:37:00 AM |

Jennifer,

Thank you for reaching out and starting a conversation about Goodyear's request for my client's appearance at the trial of this matter.

At this point, our position is that we will object to and move to quash any subpoena seeking the appearance of Kearney Towing's representatives/employees at trial of the federal case. The Court's recent Order on our Motion to Intervene made it clear that Kearney Towing is not allowed to participate at the trial of this matter. See Doc. No. 150. Accordingly, Kearney Towing, is not a party to the federal lawsuit and cannot be subpoenaed to provide testimony more than 100 miles from their residence or place of business. See Fed. R. Civ. P. 45(c). Kearney Towing's business and the residences of its representatives/employees are more than 170 miles from Omaha. In addition, we believe this request is unduly burdensome, cumulative, and duplicative of the testimony already provided by Kearney Towing during their depositions on October 15, 2019. Given that this is the first time Goodyear has made an attempt to arrange Kearney Towing's appearance a trial that starts in two weeks, we question whether any subpoena would allow Kearney Towing's representatives/employees a reasonable time to comply with it. These are not people waiting around for the opportunity to testify at a federal trial; they have a small business to run and families to tend to, along with a host of other obligations. Overall, this proposed subpoena violates Fed. R. Civ. P. 45 by imposing an undue burden on Kearney Towing's representatives/employees who have already lost a day of wages/income associated with providing deposition testimony for the federal lawsuit (at Goodyear's request); they would lose much more than an additional day of wages if required to travel more than 150 miles and appear for trial over the course of several days. Under Fed. R. Civ. P. 45(d), we would request reasonable attorney's fees and other expenses associated with your issuance of the subpoena and our need to file a Motion to Quash the same. I would further note that under Fed. R. Civ. P. 45(d)(3) none of these are negotiable or "gray areas" – the Court "must quash or modify" any subpoena that requires a person to comply beyond the geographical limits of rule 45(c), fails to allow a reasonable time to comply, or subjects a person to an undue burden.

Given the information above, I don't believe it is appropriate to accept service of a subpoena on behalf of my client, Kearney Towing, at this time. But, if you still intend to issue a subpoena please send a copy of the same to me. If there is some other way to resolve this matter that addresses this concerns, please feel free to email or call me.

Kristina J. (Pfeifer) Kamler
Attorney at Law
Engles, Ketcham, Olson & Keith P.C.
1700 Farnam Street
Woodmen Tower, Suite 1350
Omaha, NE 68102
(402) 938-4883 direct line



EXHIBIT
Exhibit 6

(402) 348-0900 operator line
(402) 348-0904 fax

NOTICE: The information in this e-mail and any files attached are intended only for the addressee and may contain attorney - client confidential or privileged material or work product. If you believe you have received this communication in error, please notify the sender by return e-mail or notify the sender at one of the above telephone numbers. Any interception, review, retransmission, dissemination, or other use of this information by persons or entities other than the intended recipient is expressly prohibited.

**From:** Jennifer Tricker <jtricker@bairdholm.com>
**Sent:** Monday, March 2, 2020 5:15 PM
**To:** Kristina Kamler <kkamler@ekoklaw.com>
**Cc:** Libbie Kaup <ekaup@bairdholm.com>; Cameron Finke <cfinke@bairdholm.com>
**Subject:** RE: Susman v. Goodyear - Motion to Stay

Kristina,
With respect to the federal lawsuit, Goodyear will be sending a trial subpoena to Ryan Scarlett of Kearney Towing.
While we can certainly have it served, when I know there is counsel, I like to provide notice and the opportunity to accept service on the client's behalf.
Would you like to accept service or should I have him served directly?
Thanks,


**Jennifer D. Tricker**
Baird Holm LLP
1700 Farnam Street
Suite 1500
Omaha, NE 68102-2068
www.bairdholm.com

402.636.8348 Direct Dial Phone
402.344.0588 Fax
jtricker@bairdholm.com



This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.

**From:** Kristina Kamler <kkamler@ekoklaw.com>

**Sent:** Thursday, December 5, 2019 10:57 AM
**To:** Jennifer Tricker <jtricker@bairdholm.com>
**Cc:** Steve Olson <solson@ekoklaw.com>
**Subject:** RE: Susman v. Goodyear - Motion to Stay

Good morning Jennifer,

As I understand Goodyear's current position, my client would have to relitigate discovery issues that have already been decided in the federal court case, regardless of whether we agree to the proposed stay or not. My client gets no benefit in delaying the inevitable discovery dispute. And, frankly, Goodyear's argument that it will be time consuming to respond to Kearney's discovery requests is illogical. It takes minutes to copy materials that have already been sent to Plaintiff to jump drive and send them over us. It takes minutes for Goodyear to open the doors to its storage room so that I can inspect the same materials that Plaintiff has been allowed to inspect for the federal Goodyear case. Goodyear has already reviewed these materials for the federal case prior to sending them to or giving access to Plaintiff; there is no need for Goodyear to take more time to review them a second time.

I also understand Goodyear's position as wanting to apply holdings and findings from the trial of the federal case (although not the discovery holdings) to the state court action, but not wanting any Kearney representative to be able to observe the trial of the federal court case. This is also not acceptable to my client and I doubt that the holdings of federal court case can be applied against Kearney in any way given that res judicata and collateral estoppel only apply against parties to the prior litigation.

If I am mistaken as to these understandings, please let me know.

Furthermore, my client has an interest in having this matter promptly resolved. Discovery for this case involves more than obtaining information from just Goodyear. For example, we intend to take Plaintiffs' depositions, inspect the truck, inspect the tires, depose Mr. Bueser, depose physicians, and continue subpoenaing information from third-parties. I don't see how that type of discovery affects Goodyear in any way, other than possibly presenting a situation where Goodyear may need more than one attorney to handle both cases. I'm not aware of any rule that would suggest that a lack of sufficient staffing is a reason to stay the state court action, particularly in light of the case progression standards that we are suppose to be trying to achieve.

Again, we remain willing to enter into a Protective Order to address Goodyear's concerns and we have no intention of purposefully scheduling discovery to make things difficult for Goodyear attend. We've demonstrated good faith by extending the current deadline for Goodyear's discovery responses by 30 days and we purposefully crafted our discovery requests to seek all materials Goodyear produced in the federal court case to curb the burdens Goodyear has in responding to our discovery requests. So, we cannot agree to stay this entire case at this time and we expect Goodyear to act in good faith in responding to our discovery requests.

If you believe there is some other way to resolve this issue, I am open to discussing those

suggestions.

Kristina J. (Pfeifer) Kamler
Attorney at Law
Engles, Ketcham, Olson & Keith P.C.
1700 Farnam Street
Woodmen Tower, Suite 1350
Omaha, NE 68102
(402) 938-4883 direct line
(402) 348-0900 operator line
(402) 348-0904 fax

NOTICE: The information in this e-mail and any files attached are intended only for the addressee and may contain attorney - client confidential or privileged material or work product. If you believe you have received this communication in error, please notify the sender by return e-mail or notify the sender at one of the above telephone numbers. Any interception, review, retransmission, dissemination, or other use of this information by persons or entities other than the intended recipient is expressly prohibited.

---

**From:** Jennifer Tricker <jtricker@bairdholm.com>
**Sent:** Monday, December 2, 2019 9:16 AM
**To:** Kristina Kamler <kkamler@ekoklaw.com>
**Subject:** RE: Susman v. Goodyear - Motion to Stay

Kristina,
Thank you for providing Goodyear a 30-day extension to respond to Kearney Towing's discovery requests.

Ideally, as you and I have attempted, the parties will reach an agreement on Goodyear's Motion to Continue the state court case pending the outcome of the federal trial and we will be able to file that motion jointly/unopposed. I look forward to working with you further on those discussions.

Jennifer

**Jennifer D. Tricker**
Baird Holm LLP
1700 Farnam Street
Suite 1500
Omaha, NE 68102-2068
www.bairdholm.com

402.636.8348 Direct Dial Phone
402.344.0588 Fax
jtricker@bairdholm.com



This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.

---

**From:** Kristina Kamler [mailto:kkamler@ekoklaw.com]
**Sent:** Monday, November 18, 2019 6:33 PM
**To:** Jennifer Tricker
**Subject:** Re: Susman v. Goodyear - Motion to Stay

Hi Jen,

I have to visit with my client about this and would like the text of your proposed motion/reasoning before I do. Could you please send your draft motion & supporting brief so we can consider the request.

Thanks!

Kristina

Sent from my iPhone

On Nov 18, 2019, at 4:18 PM, Jennifer Tricker <jtricker@bairdholm.com> wrote:

> Hi Kristina,
> Goodyear is going to file a Motion to Stay the state court lawsuit pending an outcome in the federal court lawsuit. Generally, not only are the parties gearing up for trial in March on the same set of facts and actively defending two lawsuits on the same accident at the same time is burdensome, but we think that an outcome in the federal court lawsuit could affect the state court lawsuit.
>
> Plaintiffs' counsel has no objection to the filing of such a motion. Does your client object?
>
> Please advise. Feel free to give me a call if you want to chat about this at further length.
>
> Thanks,
> Jennifer
>
>
> **Jennifer D. Tricker**
> Baird Holm LLP
> 1700 Farnam Street
> Suite 1500
> Omaha, NE 68102-2068
> www.bairdholm.com
>
> 402.636.8348 Direct Dial Phone
> 402.344.0588 Fax
> jtricker@bairdholm.com



Baird Holm LLP

This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.

**From:** Kristina Kamler [mailto:kkamler@ekoklaw.com]
**Sent:** Friday, October 11, 2019 1:39 PM
**To:** Jennifer Tricker; Kimberly Prchal
**Subject:** RE: Susman v. Goodyear - Notice and Subpoenas for Oct. 15 Depositions

Yes. We received them and will be there.

**From:** Jennifer Tricker <jtricker@bairdholm.com>
**Sent:** Friday, October 11, 2019 1:28 PM
**To:** Kimberly Prchal <kprchal@bairdholm.com>; Kristina Kamler <kkamler@ekoklaw.com>
**Subject:** RE: Susman v. Goodyear - Notice and Subpoenas for Oct. 15 Depositions

Hi Kristina,
Because of the flurry of emails over the last few weeks and in looking towards next week, I just wanted to confirm that you received these subpoenas and that you/your clients will appear on Tuesday.
Thanks and have a great weekend!
Jennifer

**Jennifer D. Tricker**
Baird Holm LLP
1700 Farnam Street
Suite 1500
Omaha, NE 68102-2068
www.bairdholm.com

402.636.8348 Direct Dial Phone
402.344.0588 Fax
jtricker@bairdholm.com



Baird Holm LLP

This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and

delete this message. Thank you.

---

**From:** Kimberly Prchal
**Sent:** Wednesday, September 18, 2019 1:16 PM
**To:** kkamler@ekoklaw.com
**Cc:** Jennifer Tricker
**Subject:** Susman v. Goodyear - Notice and Subpoenas for Oct. 15 Depositions

Ms. Kamler, attached are the notices and subpoenas for the Oct. 15 depositions in the referenced matter.

*Kimberly J. Prchal*
Paralegal
Baird Holm LLP
1700 Farnam Street
Suite 1500
Omaha, NE 68102-2068
402.636.8307 Direct Dial Phone
402.344.0588 Fax
kprchal@bairdholm.com

This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.