# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of Shane Allen Loveland, and JACOB SUMMERS,<br><br>Plaintiffs,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY,<br><br>Defendant. | Case No. 8:18CV127<br><br>**GOODYEAR'S MOTION TO AMEND ANSWER TO INCLUDE OHIO STATUTORY DEFENSE TO PUNITIVE DAMAGES CLAIM** |

The Goodyear Tire & Rubber Company ("Goodyear"), by and through undersigned counsel, hereby submits Goodyear's Motion to Amend Answer to Include Ohio Statutory Defense to Punitive Damages Claim.

1. On October 10, 2019 this Court issued an order, over Goodyear's arguments, that it would apply Ohio law of punitive damages to this case. (ECF No. 138 at 14-20.) At the time of this ruling, the time for amending pleadings had passed nearly a year prior, as had the deadline to conduct fact and witness discovery. (ECF 77, pleading amendment deadline of 11/13/18, final discovery deadline 7/10/19).

2. Under the Court's progression order, the parties were to submit summary judgment motions by August 12, 2019. (*Id*.) Goodyear moved for summary judgment on punitive damages because Nebraska law does not recognize that remedy. (ECF No. 108.) Plaintiffs opposed Goodyear's motion, and for the first time at any point in the litigation, asserted that Ohio punitive damages law should apply. (ECF No. 106.) The potential for any aspect of Ohio's punitive damages law to apply here was not raised until nearly a year after the

1

deadline for amending pleadings, and after discovery had been closed for several months.

3. Though the Court's October 2019 order held that Ohio punitive damages would apply, Plaintiffs did not formally amend their complaint to include a claim for punitive damages under Ohio law, which is purely statutory, nor did Goodyear respond with amended pleadings to formally cite to that same statutory scheme by way of defense. The parties have simply proceeded in good faith under the Court's order.

4. During briefing on the parties' motions in limine, in which Plaintiffs moved that evidence of Goodyear's compliance with applicable federal governmental standards be precluded, a portion of Goodyear's opposing argument was based on submitting evidence of compliance with governmental standards in support of R.C. 2307.80(D)(1).

5. Ohio Revised Code 2307.80(D(1) provides, in full:

> If a claimant alleges in a product liability claim that a product other than a drug or device caused harm to the claimant, the manufacturer or supplier of the product shall not be liable for punitive or exemplary damages in connection with the claim if the manufacturer or supplier fully complied with all applicable government safety and performance standards, whether or not designated as such by the government, relative to the product's manufacture or construction, the product's design or formulation, adequate warnings or instructions, and representations when the product left the control of the manufacturer or supplier, and the claimant's injury results from an alleged defect of a product's manufacture or construction, the product's design or formulation, adequate warnings or instructions, and representations for which there is an applicable government safety or performance standard.

*Id.*

6. On March 5, 2020, the Court issued an order denying Plaintiffs' motion to preclude evidence of compliance with federal standards but, *sua sponte*,[1] additionally held that because Goodyear had not explicitly pled R.C. 2307.80(D)(1) as an "affirmative defense" that

---

[1] Plaintiffs, having successfully advocated for application of Ohio's punitive damages law, have never argued that Goodyear was foreclosed from relying on R.C. 2307.80(D)(1).

2

issue was not in the case. (ECF No. 263 at 25-26).

7. Goodyear respectfully requests that this Court grant it leave to amend its answer to include the protections afforded by R.C. 2307.80(D)(1). The motion and requested relief are consistent with the plain language of Federal Rule of Civil Procedure 15 and because the parties have throughout the litigation included issues of governmental compliance in discovery, expert witness reports, and expert witness testimony. They have already litigated the issue by consent regardless of the formal state of the present pleadings.

8. Under the circumstances, it would be unjust and unduly prejudicial to deny Goodyear the sole additional defense provided to it by Ohio's punitive damages statute over a technicality that did not even first become ripe until a few months ago and following the close of discovery. Particularly given that the parties have litigated the substance of that issue throughout the pendency of the lawsuit and it is, and always was, substantively and factually part of the case.

9. Additionally, and without the need for amendment, Goodyear's previously and generally asserted "state of the art" affirmative defense adequately covers R.C. 2307.80(D)(1) despite not explicitly referencing it.

10. Pursuant to the requirements of Local Rule 15.1 a copy of the proposed Goodyear Tire & Rubber Company's Second Amended Answer and Affirmative Defenses to Complaint. The new matter is set forth at paragraph 19 on page 6, and reads: "Plaintiffs' claims for punitive damages under Ohio law are barred by R.C. 2307.80(D)(1) because Goodyear complied with the applicable standards as set forth in that statute."

11. Pursuant to Local Rule 15.1 Goodyear states that it conferred with opposing counsel in writing, and counsel does not oppose Goodyear's request to amend. As such, the motion complies with Federal Rule of Civil Procedure 15(1)(2) which provides that: "In all other

cases, a party may amend its pleading only with *the opposing party's written consent* or the court's leave."

WHEREFORE Goodyear requests that this Court grant the present motion and permit it leave to amend its responsive pleading to formally include R.C. 2307.80(D)(1) as a defense to Plaintiffs' Ohio law punitive damages claim.

        GREENSFELDER, HEMKER & GALE, P.C.

        By:   /s/ Edward S. Bott, Jr.
        Edward S. Bott, Jr.
        Clark W. Hedger
        Robert L. Duckels
        10 South Broadway, Suite 2000
        St. Louis, MO 63102
        (314) 241-9090
        Fax: (314) 345-5465
        esb@greensfelder.com
        ch1@greensfelder.com
        rld@greensfelder.com

        AND

        BAIRD HOLM LLP
        Jennifer D. Tricker (NE# 23022)
        1700 Farnam Street, Suite 1500
        Omaha, NE 68102-2068
        (402) 344-0500
        jtricker@bairdholm.com

        *Attorneys for The Goodyear Tire & Rubber Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that I have on this 11th day of March, 2020, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Kyle W. Farrar (*pro hac vice*)
Wesley Todd Ball (*pro hac vice*)
KASTER, LYNCH, FARRAR & BALL, LLP
1117 Herkimer St.
Houston, TX 77008
kyle@fbtrial.com
wes@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
5120 IDS Center
80 South 8th Street
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
Brian J. Fahey
FRASER, STRYKER PC LLO
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com
bfahey@fraserstryker.com

*Attorneys for Plaintiffs*

                                                                             /s/ Edward S. Bott, Jr.

1845055