# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, both individually and as Legal Guardian of Shane Allen Loveland, and JACOB SUMMERS,<br><br>Plaintiffs,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY,<br><br>Defendant. | Case No. 8:18CV127<br><br>**GOODYEAR'S BRIEF IN SUPPORT OF ITS MOTION TO AMEND ANSWER TO INCLUDE OHIO STATUTORY DEFENSE TO PUNITIVE DAMAGES CLAIM** |

The Goodyear Tire & Rubber Company ("Goodyear"), by and through undersigned counsel, hereby submits Goodyear's Brief in Support of its Motion to Amend Answer to Include Ohio Statutory Defense to Punitive Damages Claim.

## INTRODUCTION

This Court recently ruled, *sua sponte*, that because Goodyear did not formally submit an "affirmative defense" invoking the protections of Ohio's statutory provisions regarding punitive damages in products liability claims, it has waived those protections. Goodyear therefore moves for leave to formally amend its responsive pleading to include R.C. 2307.80(D)(1) as a defense to Plaintiffs' punitive damages claim. As explained below, granting the motion is consistent with Federal Rule of Civil Procedure 15 and because, regardless of form, the parties have by consent litigated the factual issues undergirding R.C. 2307.80(D)(1).

Under the circumstances, it would be unjust and unduly prejudicial to deny Goodyear the sole additional defense provided to it by Ohio's punitive damages statute over a technicality that did not ripen until a few months ago following the close of discovery. Particularly given that the

1

parties have litigated the substance of that issue throughout the pendency of the lawsuit and it is, and always was, substantively and factually part of the case. The only risk of prejudice to any party lies in denying application of R.C. 2307.80(D)(1) to Goodyear, and it would be severe.

## PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

### I. Procedural History.

On October 10, 2019 this Court issued an order, over Goodyear's arguments, that it would apply Ohio law of punitive damages to this case. (ECF No. 138 at 14-20.) At the time of this ruling, the time for amending pleadings had passed nearly a year prior, as had the deadline to conduct fact and witness discovery. (ECF No. 77, pleading amendment deadline of 11/13/18, final discovery deadline 7/10/19).

Under the Court's progression order, the parties were to submit summary judgment motions by August 12, 2019. (*Id*.) Goodyear moved for summary judgment on punitive damages because Nebraska law does not recognize that remedy. (ECF No. 108.) Plaintiffs opposed Goodyear's motion, and for the first time at any point in the litigation, asserted that Ohio punitive damages law should apply. (ECF No. 106.) The potential for any aspect of Ohio's punitive damages law to apply here was not raised until nearly a year after the deadline for amending pleadings, and after discovery had been closed for several months.

Though the Court's October 2019 order held that Ohio punitive damages would apply, Plaintiffs did not formally amend their complaint to include a claim for punitive damages under Ohio law, which is purely statutory, nor did Goodyear respond with amended pleadings to formally cite that same statutory scheme by way of defense. The parties have simply proceeded under the Court's order in good faith.

During briefing on the parties' motions in limine, Plaintiffs moved that evidence of Goodyear's compliance with applicable federal governmental standards be precluded. (ECF No. 186 at 4-5.). Plaintiffs did not argue that Goodyear had waived any defenses in this regard. A portion of Goodyear's argument in opposition was based on submitting evidence of compliance with governmental standards in support of R.C. 2307.80(D)(1). (ECF No. 195 at 5-7.)

Ohio Revised Code 2307.80(D(1) provides, in full:

> If a claimant alleges in a product liability claim that a product other than a drug or device caused harm to the claimant, the manufacturer or supplier of the product shall not be liable for punitive or exemplary damages in connection with the claim if the manufacturer or supplier fully complied with all applicable government safety and performance standards, whether or not designated as such by the government, relative to the product's manufacture or construction, the product's design or formulation, adequate warnings or instructions, and representations when the product left the control of the manufacturer or supplier, and the claimant's injury results from an alleged defect of a product's manufacture or construction, the product's design or formulation, adequate warnings or instructions, and representations for which there is an applicable government safety or performance standard.

*Id*.

On March 5, 2020, the Court issued an order denying Plaintiffs' motion to preclude evidence of compliance with federal standards but, *sua sponte*,[1] additionally held that because Goodyear had not explicitly pled R.C. 2307.80(D)(1), that defense was not in the case. (ECF No. 263 at 25-26).

## II. The Parties have Litigated the Issue of Governmental Compliance throughout the Case.

As evidenced by the parties' inclusion of Goodyear's compliance with governmental standards in their competing motion in limine pleadings, the parties have litigated the issue by

---

[1] Plaintiffs, having successfully advocated for application of Ohio's punitive damages law, have never argued that Goodyear was foreclosed from relying on R.C. 2307.80(D)(1).

3

consent throughout. Indeed, it was Plaintiffs' expert witness, David Southwell, who first injected the issue of Goodyear's compliance with governmental standards by attempting to argue through his deposition testimony that such compliance was only of limited value. (Deposition of David Southwell at 54:20 – 56:12, attached as Exhibit A.) That deposition was given on March 28, 2019. Subsequently, on May 9, 2019, Goodyear submitted the expert witness report of Joseph Grant which prominently included, as his second conclusion, that:

> The subject tire was appropriately designed, manufactured, tested and stamped in compliance with applicable federal regulations and industry standards governing tires. The stated purpose of these regulations is to protect the public against unreasonable risk of accidents involving motor vehicles or motor vehicle equipment including tires. These safety regulations include both performance and tire identification or labeling standards.

(Grant Expert Witness report at 12, ¶ 2, previously filed at ECF No. 197-1.) Plaintiffs' counsel then specifically highlighted Grant's cited conclusion, and spent several pages of testimony cross-examining him on it during his deposition. (Deposition of Joseph Grant at 145:21 – 148:22, attached as Exhibit B.) Indeed, Plaintiffs' own motion to preclude evidence of governmental compliance cites to and attaches multiple exhibits regarding the Federal Motor Vehicle Safety Standards ("FMVSS"), illustrating that the issue has always been in the case. (ECF No. 186 at 4-5.)

## ARGUMENT

### I. Plaintiffs do not Oppose Leave to File the Amendment.

Undersigned counsel conferred in writing with opposing counsel, and as noted in the motion accompanying the brief counsel does not oppose the motion for leave to file the amendment. As such, the motion complies with Federal Rule of Civil Procedure 15(a)(2) which provides that: "In all other cases, a party may amend its pleading only with ***the opposing party's***

4

*written consent* or the court's leave."

## II. The Federal Rule 15 Standard Calls for Liberality and Supports Granting this Motion.

To the extent the above referenced consent is insufficient, Rule 15 manifests a permissive and flexible standard to elevate substance over form in the interests of justice. Rule 15(a) provides that: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Underscoring the flexible framework, Rule 15(b) even permits amendment both during and after the completion of trial. Rule 15(b)(1) provides:

> If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits.

Further, Rule 15(b)(2) provides for the amendment of pleadings when the issue raised has been expressly or impliedly litigated by the consent of the parties:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

(*Id*.)

In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court set forth the factors a court should consider in applying the "freely" given/permitted standards of Rule 15:

> In the absence of any apparent or declared reason – *such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment*, etc. – the

leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182 (emphasis added).

The Eighth Circuit has likewise explained that flexibility and general permissiveness should be applied to requests to amend the pleadings. As the Eighth Circuit explained in *Klipsch, Inc. v. WWR Technology, Inc.*, 127 F.3d 729, 732 (8th Cir. 1997) while citing to the *Foman* standard "Amendments to pleadings should be allowed with liberality [ ]." Moreover, "delay alone is not reason in and of itself to deny leave to amend." *Sanders v. Clemco Industries*, 823 F.2d 214, 216-17 (8th Cir. 1987) ("only limited circumstances justify a district court's refusal to grant leave to amend pleadings").

In *Klipsch* the Eighth Circuit permitted the defendant leave to file the affirmative defense of *res judicata* as an amendment to its answer ***after*** the plaintiff had moved for summary judgment, summary judgment briefing had concluded (in which defendant first asserted the defense in any pleading), and nearly a full month after the hearing on summary judgment had been held. *Klipsch*, 127 F.3d at 732; *see also Clark v. Martinez*, 295 F.3d 809, 815-816 (8th Cir. 2002) (permitting civil defendant to amend post-trial to include affirmative defense of self-defense because testimony had previously made it clear that self-defense was an issue in the case). The standard heavily favors that leave be granted, both on the face of the rule and the controlling authority interpreting and applying it.

### III.     The *Foman* Exceptions Do Not Apply.

Applying these standards make clear that this Court should grant Goodyear's motion to amend its answer to assert R.C. 2307.80(D)(1) as a defense to Plaintiffs' punitive damages claim. None of the exceptions to the black letter rule favoring liberality apply. First, there was no "undue" delay, particularly given the holdings from the Eighth Circuit cited above which involve

6

far greater concerns with timeliness (including wholly after-the-fact amendments). Ohio punitive damages law did not enter this case until after discovery closed. Goodyear was on no notice prior to that time that Ohio law would apply on this narrow question, and the resulting hybridization of Nebraska and Ohio law here is novel. Goodyear should not be punished for failing to preemptively divine this event. Moreover, neither party amended their pleadings to assert any specific provisions of Ohio's punitive damage law but rather simply followed along with the Court's directive that Ohio law would apply. This led to Goodyear citing R.C. 2307.80(D)(1) in opposition to Plaintiffs' very first attempt to preemptively bar evidence directly relevant to it. Once the Court *sua sponte* stated it believed invocation of the statute to be waived based on a timeliness analysis (a standard rejected by the Eighth Circuit authority cited above), Goodyear promptly filed this motion for leave to amend.

Based on this same record, the *Foman* exceptions of "bad faith or dilatory motive on the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed" do not apply. Bad faith cannot apply because both Goodyear and Plaintiffs explicitly included the issue of compliance with governmental safety laws and regulations throughout the case. And Goodyear can hardly be considered guilty of a "dilatory motive" when over its own objections Ohio punitive damages only ripened as an issue following the close of discovery and dispositive motion briefing. Since that time, Goodyear cited to R.C. 2307.80(D)(1) at the first opportunity to rebut and issue first raised by Plaintiffs. Further, the *Foman* exception regarding repeated failure to cure deficient prior amendments does not apply.

The next *Foman* exception is undue prejudice to the opponent of the amendment. It is the opponent's burden to carry this exception, but Plaintiffs cannot do so on the record regardless for the following reasons: (a) there is no dispute that Goodyear's compliance with government

7

standards was part of the discovery in this case; (b) Plaintiffs were the first to raise the issue via expert witness testimony; (c) Goodyear's expert included it as a prominent conclusion in his report prior to deposition; (d) Plaintiffs' counsel then cross-examined Goodyear's expert on his opinion during his deposition; and (e) Plaintiffs were so thoroughly aware of its fundamental role in Goodyear's defense that they attempted via motions in limine to exclude all evidence regarding governmental compliance (while not including the argument that Goodyear should be barred from pursuing the issue due to a technical failure to amend its answer).

Goodyear is the only party who could be prejudiced by the Court's ruling on this motion is Goodyear. This Court ruled that Ohio punitive damages law will apply in the case, but has already denied Goodyear's ability to avail itself of a "substantive" element of that law via bifurcation. If this motion is not granted, Goodyear will likewise be denied the only statutory defense that Ohio's scheme includes for product liability defendants facing a punitive damages claim. In effect, the global impact of the Court's punitive damages rulings will be to permit Plaintiffs to pursue them under Ohio law, but deny Goodyear the numerous substantive rights Ohio provides defendants such as Goodyear. Such a result would be wholly inequitable and deeply prejudicial to Goodyear. Indeed, R.C. 2307.80(D)(1) provides a complete defense to punitive damages that Goodyear would be unable to invoke if this motion is denied.

The final *Foman* exception to the liberality rule is the futility of the amendment. It does not apply here as Goodyear has ample admissible evidence to establish that it complied with the applicable governmental safety standards. Indeed, this factor illustrates a pre-existing prejudice from which Goodyear already suffers. Had it known prior to summary judgment that Ohio punitive damages law would apply, Goodyear no doubt would have moved for summary judgment on the issue at the time, thereby safeguarding itself entirely from the inflammatory

impact punitive damages-related evidence may have on the jury during trial. None of the *Foman* exceptions apply.

## IV. Goodyear's Previously Pled State of the Art Affirmative Defense Adequately Covers R.C. 2307.80(D)(1).

In addition to and regardless of the foregoing arguments, Goodyear's previously pled affirmative defenses adequately covered R.C. 2307.80(D)(1). This is likely why both Plaintiffs and Goodyear had already been litigating the issue of governmental compliance prior to the close of discovery. In its First Amended Complaint, Goodyear pled the following as an affirmative defense: "Plaintiffs' claims are limited and/or barred because the tire at issue was in conformity with the generally recognized state of the art at the time that it was designed, manufactured, inspected, packaged, labeled, and sold." (ECF No. 72 at 6, ¶ 17.)

Though the affirmative defense does not explicitly cite R.C. 2307.80(D)(1), it does provide generally that Goodyear's defenses included that the Tire at Issue was designed, manufactured and labeled in accordance with prevailing standards at the time of manufacture. This is consistent with R.C. 2307.80(D)(1) which also concerns a product's compliance with standards governing "manufacture," "design" and "warnings." Under Ohio law, "state of the art" testimony explicitly includes "industry standards." *See Steinfurth v. Armstrong World Industries*, 500 N.E.2d 409, 411 (Ohio Ct. App. 1986). As such, as a matter of pleading, the matter was sufficiently, albeit generally, in the case without need to amend. *See Zotos v. Lindbergh School Dist.*, 121 F.3d 356 (8th Cir. 1997) ("[W]hile a limitations defense must 'be asserted in a responsive pleading,' it 'need not be articulated with any rigorous degree of specificity,' and is 'sufficiently raised for purposes of Rule 8 by its bare assertion'" and that though "boilerplate language does not cite the specific statute applicable here, it nevertheless satisfies the requirement of [Rule] 8(c) that affirmative defenses be pleaded.") (collecting cases for the same

9

proposition).

## CONCLUSION

For the foregoing reasons, Goodyear requests that this Court grant the present motion to permit it leave to amend its responsive pleading to formally include R.C. 2307.80(D)(1) as a defense to Plaintiffs' Ohio law punitive damages claim.

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/ Edward S. Bott, Jr.
Edward S. Bott, Jr.
Clark W. Hedger
Robert L. Duckels
10 South Broadway, Suite 2000
St. Louis, MO 63102
(314) 241-9090
Fax: (314) 345-5465
esb@greensfelder.com
ch1@greensfelder.com
rld@greensfelder.com

AND

BAIRD HOLM LLP
Jennifer D. Tricker (NE# 23022)
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
(402) 344-0500
jtricker@bairdholm.com

*Attorneys for The Goodyear Tire & Rubber Company*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2010 and contains 2,981 words.

/s/ Edward S. Bott, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 11th day of March, 2020, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Kyle W. Farrar (*pro hac vice*)
Wesley Todd Ball (*pro hac vice*)
KASTER, LYNCH, FARRAR & BALL, LLP
1117 Herkimer St.
Houston, TX 77008
kyle@fbtrial.com
wes@fbtrial.com

Paul E. Godlewski
SCHWEBEL, GOETZ & SIEBEN, P.A.
5120 IDS Center
80 South 8th Street
Minneapolis, MN 54402
pgodlewski@schwebel.com

Michael F. Coyle
Brian J. Fahey
FRASER, STRYKER PC LLO
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102
mcoyle@fraserstryker.com
bfahey@fraserstryker.com

*Attorneys for Plaintiffs*

/s/ Edward S. Bott, Jr.

1845045