IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYSTA LEONA SUSMAN, Both individually and as Legal Guardian of Shane Allen Loveland; and JACOB SUMMERS<br>    Plaintiff(s),<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY<br>    Defendant(s). | CASE NO. 8:18CV127 |

**PLAINTIFFS' BRIEF IN OPPOSITION TO GOODYEAR'S MOTION TO PRECLUDE PLAINTIFFS' PURPORTED TIRE FAILURE EXPERT, DAVID SOUTHWELL, FROM OFFERING OPINIONS FIRST DISCLOSED IN HIS MARCH 4, 2020 SECOND SUPPLEMENTAL REPORT AT TRIAL**

Plaintiffs submits this brief in Opposition to Goodyear's Motion to Preclude Plaintiffs' Purported Tire Failure Expert, David Southwell, From Offering Opinions first Disclosed in His March 4, 2020 Second Supplemental Report at Trial:

**BACKGROUND**

In June 2019, it was Goodyear's position "that the documents it has produced in this case provide plaintiffs with all of the relevant claims information plaintiffs need to be able to present their case to the court or the jury," including "a spreadsheet over 600 pages in length containing information on personal injury, property damage, and lawsuit claims involving load range E tires through the 1990s."[1] Plaintiffs agreed, and they informed

---

[1] *See* Exhibit 1 Joint Email to Magistrate Bazis dated June 10, 2019

1

Goodyear they intended to support their design defect case by using the tire failures on the claims spreadsheet as evidence of other similar incidents.

Goodyear refused to concede the claims spreadsheet it produced was sufficient for this purpose. Therefore, knowing Goodyear would aggressively oppose any offer of similar incidents, Plaintiffs sought to acquire the underlying claims files so they that they could collect as much information available. Once again, Goodyear refused, and Plaintiffs brought a motion to compel. In that motion once again Goodyear's was informed that Plaintiffs intended to rely on the incidents on Goodyear's spreadsheet when offering evidence of similar incidents.

The Court granted the motion to compel, but Goodyear informed Plaintiffs that "the sheer volume of physical files coupled with the fact that the files contained former claimants and/or plaintiffs' confidential personal and/or health information made a blanket production impracticable." (ECF No. 242, p. 2). As such, Plaintiffs did not have any access to claims files prior to November 2019, and they production of the claims files have been proceeding on a rolling basis since that time. Plaintiffs worked diligently to collect, copy and undertake review of nearly one hundred boxes containing 4,600 individual claims totaling over 180,000 pages. (ECF No. 266, p. 6). Plaintiffs had a team of ten reviewers working almost full time to accomplish the review in time for trial.

As the review approached completion, Plaintiffs once again indicated their intention rely on the other incidents, and on February 11, 2020, they identified 2,276 incidents which had been verified at that time, while indicating that the remaining incidents would be identified as soon as possible. (ECF No. 213, p. 1.). A week later, in its reply brief,

2

Goodyear did not complain about untimely disclosure or express surprise about the list. Goodyear knew Plaintiffs had been reviewing the claims files with the intention of submitting a final list of the other incidents to be offered at trial.

As shown below, a supplemental report from Mr. Southwell is substantially justified under these circumstances. The information was not in Plaintiffs possession any time sooner due to Goodyear's refusal to produce it. Yet even if the disclosure was untimely, there is no surprise, as Goodyear has long been aware of the incidents and Plaintiffs' intention to use the incidents at trial. Exclusion is not appropriate, especially considering the importance of the evidence. Finally, the evidence shows that speed has no relationship to tread separations, making a speed range of 70-80mph arbitrary. Plaintiffs ask the Court to allow Mr. Southwell to offer other incidents consistent with the criteria in his supplemental report.

## ARGUMENT

### I.  A Supplemental Report from Mr. Southwell is Substantially Justified.

Federal Rule of Civil Procedure 37(c)(1) provides two exceptions to the general rule excluding evidence that a party seeks to offer but has failed to timely disclose. The first exception prevents exclusion of the evidence when the failure to timely disclose is substantially justified.

Mr. Southwell relied on a team of independent contractors to review and verify the enormous volume of information. They have worked diligently to review a staggering amount of information. Prior to this Court's order on motions in limine, Plaintiffs had already limited their offer of other incidents to the same tire size simply because it would

3

be impossible to review the claims files for all LRE tires by the time of the trial. In the response to Goodyear's Motion in Limine, Plaintiffs noted their "evidence of other similar incidents at trial will not include all Load Range E tires, but only those involving…the same size tire which failed in this case." (ECF No. 213, p. 4). Plaintiffs noted the limited scope was "due to time limitations." (*Id*).

Plaintiffs did not wish to rely on any accidents for which there was documentation in the claims files showing it was not actually appropriate for this case. Upon production of those files, it was necessary to ensure the foundational documents for these incidents did not contradict the assertions being made. An individual review of the claims files was a matter of a due diligence. Even if no new pertinent information was revealed, which is not the case here, a party is justified in reviewing the relevant discovery before rendering a final opinion. This is especially true when the information was recently produced, when the underlying incidents were known to the opposing party, and when Plaintiffs long ago expressed their intention to rely on these incidents.

Having secured additional information through the motion to compel, it was reasonable to review and verify the files before identifying a final list of similar incidents to be offered at trial. Goodyear has known about the list of similar incidents since last summer, and the final list being offered after review of the claims files is a smaller subset of that original list. Plaintiffs were justified in submitting a supplemental expert report following that review.

## II. The Other Incidents are not a Surprise.

Rule 37 does not allow exclusion when the nondisclosure is harmless. The purpose of exclusion is to eliminate unfair surprise. *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011). In *Doe,* the Eighth Circuit reversed a trial court's Rule 37 exclusion when the offering party had not acted in bad faith and the opposing party could have discovered the evidence through reasonable diligence. *Id.* Here, Goodyear already knew of the other incidents, and it has known since July 2019 that Plaintiffs intended to use those incidents at trial as substantially similar.

Now that Plaintiffs have reviewed the underlying files and verified the incidents, they have decreased the number of incidents they seek to offer, and they are now armed to discuss these incidents with more information if the need arises, based on information Goodyear possessed. There are no new incidents, and indeed there are less incidents being relied upon than Plaintiffs originally informed Goodyear in July 2019. None of this information can be characterized as a surprise, nor can Goodyear be surprised by its intended purpose at trial.

A similar situation arose during a trial in a Minnesota medical device MDL where the defendant's expert relied on videotaped airflow study despite the fact his report "had not disclosed his intention to use the video." *Gareis v. 3M Co.,* CV 16-4187 (JNE/DTS), 2018 WL 5307824, at *4 (D. Minn. Oct. 26, 2018). Exclusion was denied because "Plaintiffs knew about the video," having reviewed it at an earlier hearing and having referenced it in a motion. *Id.*

5

Likewise, in a medical malpractice case before the Eighth Circuit, a doctor relied on x-rays at trial, but he never disclosed he would rely on the x-rays in his expert report. Nonetheless, the court found the defendant was aware of the x-rays and "was on notice that [the expert] might rely on these x-rays during his trial testimony." *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). Here, Goodyear was certainly aware Plaintiffs would rely on these incidents at trial. Where the opposing party was aware of the underlying data and its intended purpose, the expert's reliance on that data is not a surprise.

### III. The Evidence is Unusually Important.

In addition to considering whether there is any "surprise and prejudice to the opposing party," the court must also consider the importance of the information or testimony." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). In this case, the evidence is crucial. As this Court stated last year, "[e]vidence that the defect alleged . . . has manifested itself on other occasions is arguably the single most important category of evidence available to the plaintiff in a defective design product case." (Doc. 135, p. 5, *quoting* Yang, 2014 WL 502959, at *4). As such, this fact is paramount.

Even in normal circumstances, "exclusion of evidence is a harsh penalty and should be used sparingly." *ELCA Enters. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190 (8th Cir.1995). Here, where the evidence is fundamental to a strict liability claim, and where Goodyear has long known of the incidents and their purpose as evidence, it would unjust to order exclusion.

## CONCLUSION

Through this process, Goodyear has always known Plaintiffs intended to rely on the incidents Goodyear identified in June 2019. Now having undertaken the gargantuan task of reviewing the claims files, it should come as no surprise to Goodyear that Plaintiffs would provide a final list of those incidents. This evidence is crucially important, and Plaintiffs therefore ask the Court to allow them to present other similar incidents based on the criteria in Mr. Southwell's supplemental report.

          Respectfully Submitted

          KASTER, LYNCH, FARRAR & BALL, L.L.P.

Dated: March 12, 2020      By_____
          Kyle Wayne Farrar (Pro Hac Vice)
          Texas Bar No. 24038754
          Wesley Todd Ball (Pro Hac Vice)
          1117 Herkimer Street
          Houston, TX 77008
          (713) 221-8300 (Telephone)
          (713) 221-8301 (Facsimile)
          Email: kyle@fbtrial.com

          *and*

          Paul E. Godlewski (#35567)
          SCHWEBEL GOETZ & SIEBEN, P.A.
          5120 IDS Center
          80 South Eighth Street
          Minneapolis, Minnesota 55402-2246
          612-377-7777 (Telephone)
          612-333-6311 (Facsimile)
          Email: pgodlewski@schwebel.com

          *and*

          Michael F. Coyle
          FRASER, STRYKER LAW FIRM

409 South 17th Street
Ste. 500, Energy Plaza
Omaha, Nebraska 681025
(402) 341-6000 (Telephone)
(402) 341-8290 (Facsimile)
mcoyle@fraserstryker.com

**CERTIFICATE OF COMPLIANCE**

       I hereby certify that this brief complies with NECivR 7.1(d)(3) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word 2013 and contains 1,841 words.

<u>CERTIFICATE OF SERVICE (CM/ECF)</u>

       I HEREBY CERTIFY that on March 12, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Edward S. Bott, Jr
Clark W. Hedger
Juliane M. Rodriguez
10 South Broadway, Ste 2000
St. Louis, MO 63102
esb@greensfelder.com
ch1@greensfelder.com
jrodriquez@greensfelder.com

Jennifer D. Tricker
1700 Farnam Street, Ste 1500
Omaha, NE 68102
jtricker@bairdholm.com

*Attorneys for Defendant Goodyear Tire & Rubber Company*